IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHARLES YOUNG,<br><br>    Plaintiff,<br><br>v.<br><br>ERICKSON, *et al.*,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT MOUNTAIN LAND COLLECTIONS' MOTION TO DISMISS<br><br>Case No. 2:23-CV-420 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Mountain Land Collections' ("MLC") Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.[1] The Court will grant the Motion.

I. BACKGROUND

Plaintiff Charles Young incurred a debt for past due medical debt on June 28, 2022.[2] Thereafter, the debt was assigned to Defendant MLC, and it obtained a judgment against Young. After obtaining its judgment, MLC obtained a Writ of Execution on July 29, 2022.[3] MLC subsequently hired constables, as directed in the Writ, to collect the debt from Plaintiff and to otherwise represent MLC's interests.[4]

On June 28, 2023, Plaintiff filed the underlying Fair Debt Collection Practices Act ("FDCPA") action against Defendant MLC as well as Utah County Constable, LLC, Utah Process, Inc., individual constables, and unnamed individual defendants. Plaintiff alleges that he

---

[1] Docket No. 13.

[2] Docket No. 9 ¶¶ 34–37.

[3] *Id.* ¶¶ 38–39.

[4] *Id.* ¶ 40.

is a "consumer"[5] as defined by the FDCPA, and Defendant MLC is a "debt collector"[6] who violated the FDCPA by sending collection letters, engaging in communications that did not contain a notice of Plaintiff's rights and demanded payment within ten days without allowing the required 30-day validation period,[7] and making unlawful threats, through the hired constables.

Defendant MLC moves to dismiss all claims against it under Fed. R. Civ. P. 12(b)(1), (6), arguing that (1) "[t]he constables' actions were within their statutory authority and therefore Plaintiff's claims fail" as a matter of law; and (2) "because MLC cannot control how the constables do their job, it cannot be held vicariously liable for their actions in any event."[8]

## II.  STANDARD OF REVIEW

The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.[9] A motion to dismiss under Rule 12(b)(1) can take one of two forms: (1) facial attacks "challeng[ing] the sufficiency of the complaint, requiring the district court to accept the allegations in the complaint as true," or (2) factual attacks, "challeng[ing] the facts upon which subject matter jurisdiction depends."[10] With factual attacks, "the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence under

---

[5] 15 U.S.C. § 1692a(3).

[6]  *Id.* § 1692a(6).

[7] *See id.* § 1692g.

[8] Docket No. 13, at 2.

[9] *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted).

[10] *Paper, Allied–Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.,* 428 F.3d 1285, 1292 (10th Cir. 2005).

Rule 12(b)(1)."[11] With facial attacks, the Court applies "the same standards under Rule 12(b)(1) that are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action."[12]

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[13] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[14] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[15] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[16]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[17] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[18]

---

[11] *Id.*

[12] *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

[13] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[16] *Id.* (quoting *Twombly*, 550 U.S. at 557).

[17] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[18] *Iqbal*, 556 U.S. at 679 (internal quotation marks and citations omitted).

III.  DISCUSSION

Because Plaintiff's Complaint reads as "an unadorned, the-defendant-unlawfully harmed-me accusation[,]"[19] rather than "a claim to relief that is plausible on its face,"[20] the Court grants Defendant MLC's Motion to Dismiss and dismisses each claim against it for the reasons discussed below.

A.  *Rooker-Feldman*

MLC's jurisdictional argument is based on the *Rooker-Feldman* doctrine.[21] In his Amended Complaint, Plaintiff makes certain claims about the validity of the underlying debt. However, "[t]here is a distinction between the validity of a debt and the validity of the actions taken to collect on that debt."[22] Here, Plaintiff's claims are based on the acts taken to collect his debt. Therefore, *Rooker-Feldman* does not bar his claims.[23]

B.  *Fair Debt Collection Practices Act Claim*

To establish a violation of the FDCPA, "a plaintiff must prove four elements: (1) the plaintiff is a 'consumer' under [15 U.S.C.] § 1692a(3); (2) the debt at issue arose out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant is a debt collector under [15 U.S.C.] § 1692a(6); and (4) through its acts or omissions, the defendant violated the FDCPA."[24]

---

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[20] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[21] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

[22] *McMurray v. Forsythe Fin., LLC*, No. 21-4014, 2023 WL 5938580, at *1 n.2 (10th Cir. Sept. 12, 2023).

[23] *Id.*

[24] *Tavernaro v. Pioneer Credit Recovery, Inc.*, 43 F.4th 1062, 1067 (10th Cir. 2022) (citations omitted).

The third and fourth elements of the FDCPA claim are at issue. MLC argues that Plaintiff fails to allege sufficient facts to support a claim that (1) MLC is a debt collector under 15 U.S.C. § 1692a(6); and (2) through its acts or omissions, MLC violated the FDCPA.[25]

First, Plaintiff's allegations that MLC is a debt collector are largely conclusory.[26] The only specific factual allegations relate to Plaintiff's debt and the assignment of it to MLC.[27] These allegations indicate MLC is the creditor, not a debt collector. In *Henson v. Santander Consumer USA Inc.*,[28] the Supreme Court held that a purchaser of a defaulted debt does not fall within the definition of a debt collector.[29] Here, MLC took assignment of and sued Plaintiff for past due debt.[30] Because MLC was the purchaser of the debt, it does not fall within the definition of a debt collector.

Second, even if MLC was a debt collector, the only allegations that would be potential FDCPA violations relate to acts taken by the constables. And, while courts have allowed vicarious liability claims under the FDCPA,[31] Plaintiff's vague allegations of an agency relationship are conclusory.[32] Without any factual allegations to support these conclusory allegations, this is insufficient.[33]

---

[25] Docket No. 13, at 9–11.

[26] Docket No. 9 ¶¶ 20–24.

[27] *Id.* ¶¶ 34, 38.

[28] 582 U.S. 79 (2017).

[29] *Id.* at 83.

[30] Docket No. 9, at ¶ 34.

[31] *See, Oei v. N. Star Cap. Acquisitions*, LLC, 486 F.Supp.2d 1089, 1095–96 (C. D. Cal 2006) ("Courts routinely hold debt collectors vicariously liable under the FDCPA").

[32] Docket No. 9 ¶¶ 25–26, 94, 108, 159–61.

[33] *See Escano v. Concord Auto Protect, Inc.*, No. 22-2096, 2023 WL 4247703, at *4 (10th Cir. 2023) (finding conclusory allegations insufficient to support finding an agency relationship under the Telephone Consumer Protection Act).

Plaintiff has failed to allege sufficient facts to support an FDCPA claim against MLC. The Court will therefore dismiss the FDCPA claim without prejudice. Plaintiff has requested leave to amend. Fed. R. Civ. P. 15(a)(2) requires that the court "freely give leave when justice so requires." While it appears doubtful that Plaintiff will be able to adequately allege that MLC is itself a debt collector, the Court will allow Plaintiff the opportunity to amend to include sufficient allegations regarding MLC and its relationship with the constables, if Plaintiff so chooses.

C. *Utah Consumer Sales Practice Act Claim*

"To establish a [Utah Consumer Sales Practice Act ("UCSPA")] claim, a plaintiff must demonstrate that (1) a supplier (2) in connection with a consumer transaction (3) engaged in a deceptive act or practice."[34] A plaintiff must also "establish that the defendant knowingly or intentionally engaged in deceptive acts or practices."[35] However, "[the UCSPA] does not apply to: an act or practice required or specifically permitted by or under federal law, or by or under state law . . . ."[36]

MLC moves to dismiss Plaintiff's UCSPA claim on the grounds that (1) the UCSPA does not apply here because constables are permitted by Utah law to serve Writs of Execution and to seize and sell property in satisfaction of the writ; and (2) the constables are not MLC's agents.[37] MLC points out that "Utah law expressly permits constables to serve Writs of Execution, and to

---

[34] *Lawrence v. First Fin. Inv. Fund V, LLC*, 336 F.R.D. 366, 383 (D. Utah 2020) (internal quotation marks and citation omitted).

[35] *Id.* (internal quotation marks and citation omitted).

[36] Utah Code Ann. § 13-11-22(1)(a).

[37] Docket No. 13, at 12–13.

seize and sell personal property in satisfaction of the writ . . . [and] are also permitted to postpone such sales."[38]

Plaintiff counters with the circular argument that "[n]one of the illegal conduct complained of herein was 'required or specifically permitted' by law."[39] Regardless, Plaintiff's claim under the UCSPA suffers from the same defects as the FDCPA claim. The only allegation in the Complaint specific to MLC is that "[b]y hiring the constable [d]efendants to make false threats, deceptive communications, act as law enforcement officers under color of state law, and commit other violations of federal and state law, [MLC] was attempting to subvert the prohibitions and requirements of the UCSPA."[40] The other allegations focus on the actions taken by the constables,[41] and, as stated, the allegations of an agency relationship between MLC and the constables are conclusory.

Plaintiff has failed to allege sufficient facts to support a UCSPA claim against MLC. The Court will grant the dismissal of the UCSPA claim without prejudice. As stated, Fed. R. Civ. P. 15(a)(2) requires that the court "freely give leave when justice so requires." Therefore, the Court will allow amendment to address the lack of sufficient allegations if Plaintiff so chooses and is able to plausibly do so.

D. Unjust Enrichment Claim.

"An unjust enrichment claim has three elements: (1) a benefit conferred on one person by another; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance

---

[38] *Id.* at 12.

[39] Docket No. 15, at 7.

[40] Docket No. 9 ¶ 226.

[41] *See e.g.*, *id.* ¶¶ 219, 225 ("Defendants knowingly and intentionally violated statutes . . . ."; "Defendants each participated, allowed, concealed, ratified, and benefitted from the UCSPA violations perpetrated by their fellow Defendants.").

or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value."[42]

Plaintiff's allegations supporting an unjust enrichment claim against MLC are too vague to assert a plausible claim. Plaintiff alleges that he "paid amounts to the Defendants and thus conferred a benefit upon Defendants they were not entitled to receive."[43] Neither this nor any other allegation specifies which defendants were paid an amount they were not entitled to receive, and there are not sufficient facts to support the remaining elements of the unjust enrichment claim.

There are no factual allegations in Plaintiff's Complaint to support that MLC was unjustly enriched. To the extent the unjust enrichment claim is based on the underlying debt, it would be barred by the *Rooker-Feldman* doctrine. However, to the extent it is based on allegations of additional fees and costs that Defendants were not entitled to obtain, it is not. Therefore, the Court will dismiss the unjust enrichment claim, but will do so without prejudice to allow Plaintiff to attempt to plead more specific factual allegations.

E. Fraud Claim

Fed. R. Civ. P. 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The rule requires a complaint to state, with particularity, "the time, place and contents of the false representation, the identity of

---

[42] *Howard v. Manes*, 2013 UT App 208 ¶ 30, 309 P.3d 279 (internal quotation marks and citation omitted).

[43] Docket No. 9 ¶ 238.

Courier

the party making the false statements and the consequences thereof."[44] Rule 9(b) does not allow plaintiffs to "lump[] defendants together in making accusations of fraud."[45] Allowing such pleading would defeat the particularity requirement.

The Complaint fails to meet the pleading standard required under Rule 9(b). Plaintiff lumps together the alleged conduct of all the defendants in the allegations pertaining to his fraud claim. Therefore, Plaintiff has failed to allege sufficient facts to support a fraud claim against MLC. The Court will dismiss the fraud claim without prejudice. Fed. R. Civ. P. 15(a)(2) requires that the court "freely give leave when justice so requires." Therefore, the Court will allow amendment to address the lack of sufficient allegations if he so chooses and is able to plausibly do so.

F. *Invasion of Privacy Claim*

"[I]n order to establish a claim of intrusion upon seclusion, the plaintiff must prove two elements by a preponderance of the evidence: (1) that there was 'an intentional substantial intrusion, physically or otherwise, upon the solitude or seclusion of the complaining party,' and (2) that the intrusion 'would be highly offensive to the reasonable person.'"[46]

Here, there are no allegations that MLC did anything to intrude upon Plaintiff's seclusion. Any allegations supporting an invasion of privacy claim are attributable to the constables, and the allegations of the agency relationship between MLC and the constables are conclusory. Further, without more specific allegations concerning what actions the constables

---

[44] *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991)).

[45] *Bolden v. Culture Farms, Inc.*, No. 85-4297, 1989 WL 160469, at *2 (D. Kan. Nov. 21, 1989) (collecting cases).

[46] *Stien v. Marriott Ownership Resorts, Inc.*, 944 P.2d 374, 378 (Utah Ct. App. 1997) (quoting *Turner v. Gen. Adjustment Bureau, Inc.*, 832 P.2d 62, 67 (Utah Ct. App. 1992)).

took, Plaintiff has failed to allege that their conduct would be highly offensive to the reasonable person.

The Court will dismiss the invasion of privacy claim against MLC without prejudice. Fed. R. Civ. P. 15(a)(2) requires that the court "freely give leave when justice so requires." Therefore, the Court will allow amendment to address the lack of sufficient allegations if Plaintiff so chooses and is able to plausibly do so.

G. Civil Rights Act Claim

"Title 42 U.S.C. § 1983 provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.'"[47] A § 1983 claim requires a "constitutional violation[] committed under color of state law or by state action."[48] MLC itself is not a state actor. Plaintiff's claims rely on the theory that MLC conspired or colluded with the constables, who it alleges were acting under color of state law.

"A private party who conspires with a state official is acting under color of state law. In addition, a private person can be considered a state actor for § 1983 purposes if he and a state official acted in concert in effecting a particular deprivation of constitutional rights."[49]

Plaintiff asserts that the constables exceeded their authority under state law. However, "[a] claim that a defendant misused or abused a state statute does not state a claim under § 1983."[50] Also, even if Plaintiff's allegations of the actions of the constables amounted to a §

---

[47] *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) (quoting 42 U.S.C. § 1983)

[48] *Rowell v. King*, 234 F. App'x 821, 824 (10th Cir. 2007) (citation omitted).

[49] *Id.* (internal quotation marks and citation omitted).

[50] *Id.* at 825 (citation omitted); *see also Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1209 (10th Cir. 2005).

1983 violation, the allegations of an agency relationship between the constables and MLC are conclusory.

Plaintiff has failed to allege insufficient facts supporting a § 1983 claim. The Court will dismiss the § 1983 claim with prejudice.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 13) is GRANTED. Plaintiff is allowed thirty (30) days to amend his Complaint as specified.

DATED this 8th day of January, 2024.

BY THE COURT:

_____
Ted Stewart
United States District Judge