Christopher S. Hill (9931)
David P. Gardner (10096)
Zachary C. Lindley (17261)
**KIRTON McCONKIE**
36 South State Street, #1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
chill@kmclaw.com
dgardner@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Defendants Michael W. Erickson,*
*Rob Kolkman, Utah Process, Inc., and Constable Kolkman LLC*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL W. ERICKSON; UTAH COUNTY CONSTABLE'S OFFICE; ROB KOLKMAN; OFFICE OF THE UTAH COUNTY CONSTABLE, LLC; UTAH PROCESS INC.; CONSTABLE KOLKMAN LLC; MOUNTAIN LAND COLLECTIONS; and JOHN DOES 1-5,<br><br>      Defendants. | **CONSTABLE DEFENDANTS' RESPONSE TO SHORT FORM DISCOVERY MOTION**<br><br>Case No. 2:23-cv-00420-TS<br><br>District Judge: Ted Stewart<br><br>Magistrate Judge: Cecilia M. Romero |

## ARGUMENT

Plaintiff seeks purported information concerning "*thousands*" (emphasis added) of unrelated matters without supporting the relevancy.

Information concerning anyone, or any matter, beyond that related *directly to Plaintiff* cannot assist him. *See Powell v. Computer Credit, Inc.*, 975 F. Supp. 1034, 1039 (S.D. Ohio 1997)

1

("[T]he Court should consider the debt collector's noncompliance *as to the individual plaintiff only, and not to others who may have been subject to the debt collector's noncompliance*) (emphasis added) (citations omitted); *see also Cusumano v. NRB, Inc.*, No. 96 C 6876, 1998 WL 673833, at *2 (N.D. Ill. Sept. 23, 1998) (unpublished) ("practices regarding persons *other than the plaintiff*" not relevant) (emphasis added).  The volume of material sought is thus wildly disproportionate.

Further, per *Sexton v. Poulsen & Skousen P.C.*, 372 F. Supp. 3d 1307 (D. Utah 2019), constables are deemed "officers of the state," *i.e.*, endowed "with the authority to conduct official actions on behalf of a court that other private individuals cannot legally perform," and are "*excluded from the definition of 'debt collector' under the FDCPA*."  *Sexton*, 372 F. Supp. 3d at 1316 (emphasis added).[1]  Thus, "regularity" of conduct is irrelevant.  To prove Constable Defendants are debt collectors, Plaintiff can only try and show they were acting outside of "the performance of [their] official duties[,]" in executing the subject writ of execution *against Plaintiff*. 15 U.S.C § 1692a(6)(C).  Discovery into any purported conduct unrelated to direct interaction with Plaintiff has no bearing on that issue.[2]

Finally, Plaintiff raises but fails to specify his dispute concerning "denials and defenses" information withheld—he cites generally, "See Answer."  Interrogatory No. 20 and Request for Production No. 26 pertain to affirmative defenses, though not cited to in Plaintiff's Motion.  In any

---

[1] *Sexton*—Plaintiff's counsel's own case—renders *Wadas* (cited by Plaintiff) inapposite as *Wadas* did not analyze constables' exemptions.

[2] This is true for Plaintiff's fraud claims as well, which only pertain to Constable Defendants' purported conduct *directed to Plaintiff*.  Plaintiff makes no showing how performance of duties in other cases "proves" motive, opportunity, intent, or any of the other state of mind issues summarily claimed.

4883-1820-2815.v3

event, these overbroad and vague equivalents to contention requests are improper, disproportionate, and constitute multiple supernumerary demands.. *See*, *e.g.*, *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) ("Contention interrogatories . . . that ask for 'each and every fact' and application of law to fact that supports the party's allegations, are an abuse of the discovery process because they are overly broad and unduly burdensome").

DATED this 17th day of May, 2024.

**KIRTON McCONKIE**

*/s/ David P. Gardner*
Christopher S. Hill
David P. Gardner
Zachary C. Lindley
*Attorneys for Defendants Michael W. Erickson,*
*Rob Kolkman, Utah Process, Inc., and Constable*
*Kolkman LLC*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May, 2024, a true and correct copy of the

forgoing **CONSTABLE DEFENDANTS' RESPONSE TO SHORT FORM DISCOVERY**

**MOTION** was served on the following by the method indicated below:

Eric Stephenson (9779)                          (  ) U.S. Mail, Postage Prepaid
STEPHENSON LAW FIRM                     (X) E-filing
250 North Red Cliffs Drive, 4B #254     (  ) Overnight Mail
St. George, UT 84790                            (  ) Facsimile
ericstephenson@utahjustice.com

Chad Pehrson                                          (  ) U.S. Mail, Postage Prepaid
KUNZLER BEAN & ADAMSON             (X) E-filing
50 W. Broadway, 10th Floor                  (  ) Overnight Mail
Salt Lake City, UT 84101                       (  ) Facsimile
cpehrson@kba.law

David A. Grassi, Jr.                               (  ) U.S. Mail, Postage Prepaid
Chad V. Echols                                      (X) E-filing
FROST ECHOLS, LLC                           (  ) Overnight Mail
224 Oakland Ave.                                  (  ) Facsimile
Rock Hill, SC 29730
david.grassi@frostechols.com
chad.echols@frostechols.com

*/s/ Mary Adamson*

4