Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| CHARLES YOUNG, | **MOTION FOR JUDICIAL NOTICE** |
|---|---|
| Plaintiff, | |
| vs. | Case Number: 2:23-cv-00420 |
| ROB KOLKMAN, CONSTABLE KOLKMAN LLC, *et al.*, | Judge: Ted Stewart |
| | Magistrate Judge: Cecilia M. Romero |
| Defendants. | |

Plaintiff respectfully requests this Court to take judicial notice of indisputable facts pursuant to Rule 201 of the Federal Rules of Evidence and pursuant to its inherent authority. These facts establish that constables are not authorized by Utah law to engage in debt collection activities, and any such conduct was both unauthorized and criminal.

1. The constables were not exempt from the statutory registration and bonding requirements required of all persons engaged in debt collection activity.

2. Engaging in debt collection activity without the required registration and bond was a criminal violation of Utah law.

3. Utah law does not authorize constables to engage in traditional debt collection activity.

4. The Writ of Execution in this case did not authorize the constables to engage in traditional debt collection activities.

## STANDARD OF REVIEW

A court may take judicial notice of any "fact that is not subject to reasonable dispute because it: (1) is generally known within the trial courts territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[1] "Judicial notice permits a judge to accept a matter as proved without requiring the party to offer evidence of it."[2] "The court may take judicial notice at any stage of the proceeding," and must take judicial notice if a party requests it and supplies the court with the necessary information."[3]

## ARGUMENT

I. CONSTABLES WERE NOT EXEMPT FROM STATUTORY REGISTRATION AND BONDING REQUIREMENTS AND ENGAGING IN DEBT COLLECTION ACTIVITY WITHOUT MEETING THOSE REQUIREMENTS IS A CRIMINAL VIOLATION

At all relevant times to this case, Utah law expressly prohibited any person from engaging in debt collection activities without first registering with the State of Utah as a debt collector and obtaining a surety bond.[4] While the law provided several exceptions for attorneys, banks, trust companies, and insurance companies, constables were not among those exempted.

---

[1] Fed. R. Evid. 201
[2] *United States v. Estep*, 760 F.2d 1060, 1063 (10th Cir. 1985) (*internal quotation marks omitted*).
[3] Fed. R. Evid. 201
[4] Utah Code Ann. §§ 12-1-1 and 12-1-8 (*repealed 2023*)

### Statutory Requirements for Debt Collectors

Under Utah law;

"No person shall conduct a collection agency, collection bureau, or collection office in this state, or engage in this state in the business of soliciting the right to collect or receive payment for another of any account, bill, or other indebtedness, or advertise for or solicit in print the right to collect or receive payment for another of any account, bill, or other indebtedness, unless at the time of conducting the collection agency, collection bureau, collection office, or collection business, or of advertising or soliciting, that person or the person for whom he may be acting as agent, is registered with the Division of Corporations and Commercial Code and has on file a good and sufficient bond as hereinafter specified."[5]

Notably, this statutory prohibition extended beyond actively engaging in debt collection—even merely taking an assignment to collect was prohibited without first obtaining registration and a bond.[6]

### Constables are not Exempt from the Registration and Bond Requirements

Utah law's clear language applies to all "persons" engaged in debt collection unless explicitly exempted.[7] The only exceptions provided in the statute were for attorneys, banks, trust companies, and insurance companies.[8] All other persons were required to comply with the registration and bond requirements.[9]

---

[5] Utah Code Ann. § 12-1-1 (*repealed 2023*); *See also* Utah Code Ann. § 12-1-8 (*repealed 2023*)
[6] Utah Code Ann. § 12-1-8 (*repealed 2023*)
[7] Utah Code Ann. §§ 12-1-1, 12-1-7, and 12-1-8 (*repealed 2023*)
[8] Utah Code Ann. § 12-1-7 (*repealed 2023*)
[9] Utah Code Ann. § 12-1-7 (*repealed 2023*)

Because constables are not included in the list of exceptions, they were subject to the same registration and bonding requirements as any other debt collector.

**Criminal Consequences for Noncompliance**

Utah law did not merely prohibit unregistered and unbonded persons from engaging in debt collection—it criminalized such conduct:

> "Any person, member of a partnership, or officer of any association or corporation who fails to comply with any provision of this title is guilty of a class A misdemeanor."[10]

Accordingly, engaging in debt collection activity without the required registration and bond was not just a regulatory violation—it was a criminal offense.

**Judicial Notice is Appropriate**

Given that Utah law required registration and bonding for all non-exempt persons engaged in debt collection and did not exempt constables from those requirements, this Court should take judicial notice pursuant to Rule 201 that the constables were not excluded or otherwise exempt from the registration and bonding requirements of Utah law.[11] This Court should also take judicial notice that engaging in debt collection activity without the required registration and bond was not just a regulatory violation—it was a criminal offense.[12] These facts "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[13]

---

[10] Utah Code Ann. § 12-1-6 (*repealed 2023*)
[11] Utah Code Ann. §§ 12-1-1, 12-1-7, and 12-1-8 (*repealed 2023*)
[12] Utah Code Ann. § 12-1-6 (*repealed 2023*)
[13] Fed. R. Evid. 201(b)(2)

## II. UTAH LAW DOES NOT AUTHORIZE CONSTABLES TO ENGAGE IN DEBT COLLECTION ACTIVITY

Constables are process servers—nothing more. Their authority comes solely from statutory provisions, and as previously noted by this Court, "[n]o statutory authority states that a constable may 'enter into payment plans and accept payments from judgment debtors….'"[14] On the contrary, the constable's official duties are statutorily limited to; (1) attending justice courts within their appointed city or county; (2) executing, serving, and returning legal process within their appointed city or county; and (3) serving process throughout the state.[15] Constables may also evict tenants and execute writs to seize and dispose of property when properly authorized by a court of law.[16]

Under the law, a constable's or sheriff's only official duty with regard to a writ of execution is to enforce the writ as issued by the court.[17] If a debtor wants to negotiate a payment plan, or make partial payments toward the judgment, that must be done through the creditor or the court, not with a constable or sheriff. While there is no authority that allows a constable to engage in debt collections, "[b]oth the Utah Rules of Civil Procedure and the specific Writ at issue *do* specify how a constable is to collect a judgment: by seizing and selling personal property. And indeed, the duties given to constables under the Utah Code include only executing, serving, and returning legal process."[18]

---

[14] *Campbell v. Olson Associates P.C.*, No. 2:23-cv-00914-DBB-DAO, 2024 U.S. Dist. LEXIS 130190, ¶ 7 (D. Utah July 23, 2024); *Peretto v. Erickson*, No. 1:23-cv-00025-DBB-DBP, 2024 U.S. Dist. LEXIS 24611 ¶¶ 14-15 (D. Utah Feb. 12, 2024); *Sexton v. Poulsen & Skousen P.C.*, 372 F. Supp. 3d 1307, 1318 (D. Utah 2019) (holding that because the constables exceeded the scope of their authority under the writ of execution, they were not acting within their official duties.)
[15] Utah Code Ann. § 17-25-1
[16] Utah Code Ann. §§ 17-25a-3(2), 78B-6-812(1), (3); Utah R. Civ. P. 64(a)(7), (d)
[17] Utah R. Civ. P. 64E, 69A, and 69B; Utah Code Ann. § 17-25-1(b) and (2)
[18] *Peretto v. Erickson*, No. 1:23-cv-00025-DBB-DBP, 2024 U.S. Dist. LEXIS 24611 ¶ 15 (D. Utah Feb. 12, 2024) (*emphasis in original*)

Because the constables' official duties are statutorily limited by Utah law, it is appropriate for this Court to take judicial notice of the boundaries of those official duties.

**Rule 64E**

Writs of execution are primarily governed by Rule 64E. Under the Rule, "[a] writ of execution is available **to seize property** in the possession or under the control of the defendant following entry of a final judgment or order requiring the delivery of property or the payment of money."[19] Once the property is seized, the Rule then allows the debtor to request a hearing to contest the seizure.[20] Then, if the court determines that the writ was properly issued and the property seized is not exempt from seizure, the court must enter an order directing the sale to occur.[21] When the writ is challenged, the sale cannot be held "until the court has decided upon the issues presented at the hearing."[22]

When the debtor doesn't request a hearing, the constable or sheriff has no discretion, they are required to proceed with the sale. "If a reply is not filed, **the officer shall proceed to sell or deliver the property**."[23] In other words, the rule provides no authority for constables or sheriffs to solicit collection contacts, negotiate payments, collect payments from debtors, or set up payment plans.

**Rule 69A**

The limitations of a constable's authority under the Utah Code and the mandates of Rule 64E to seize and sell the debtor's property are further confirmed

---

[19] Utah R. Civ. P. 64E (*emphasis added*)
[20] Utah R. Civ. P. 64E(d)
[21] *Id*.
[22] *Id*.
[23] Utah R. Civ. P. 64E(d)(3) (*emphasis added*)

by Rule 69A of the Utah Rules of Civil Procedure, which requires constables and sheriffs to seize property rather than negotiate payments when executing a judgment.[24] "Unless otherwise directed by the writ, the officer must seize property as follows…."[25] The rule then specifies the precise limits of how the property must be seized, thus emphasizing that judgment enforcement is done through property seizure, not collection of periodic partial payments.[26]

For example, when there is more property than necessary to satisfy the judgment, the debtor may indicate a preference on what property is seized. If no preference is indicated, the constable or sheriff is required to seize personal property first before they may seize real property.[27] When they encounter personal property that is not too big, bulky, or costly to take into custody, "personal property **must be seized** by serving the writ and a description of the property on the person holding the property and **taking the property into custody**."[28]

Like Rule 64E, Rule 69A does not provide any option for constables or sheriffs to negotiate payment plans, accept payments, or otherwise act as a debt collector.[29] Instead, it strictly limits their role to enforcing judgments only by seizing personal property in preparation of selling that property at a public auction.[30] If a debtor wants to negotiate a payment plan, that must be done through the creditor or the court, not with the constables or sheriff. A constable's or sheriff's only official duty is to enforce the writ as issued by the court.

---

[24] Utah R. Civ. P. 69A
[25] Utah R. Civ. P. 69A
[26] *Id.*
[27] Utah R. Civ. P. 69A(a)
[28] Utah R. Civ. P. 69A(c)(4)(*emphasis added*)
[29] Utah R. Civ. P. 69A
[30] Utah R. Civ. P. 69A(c)(4); Utah R. Civ. P. 69B

**Rule 69B**

Rule 69B also reinforces the statutory mandate to seize and sell property by providing detailed instructions on how property sales must be conducted. Under the Rule, the seizure and sale of property is the only proper method of judgment enforcement.[31]

Among other things, the rule mandates the posting and publication of public notice of a sale,[32] requires the sheriff or constable to sell only the amount of property needed to satisfy the judgment,[33] and prohibits the constable or sheriff from having any personal interest in the sale.[34] Rule 69B also requires the constable or sheriff to accept the highest bid and, if requested by the debtor, to account for the proceeds of the sale.[35]

The Rule also notably requires the constable or sheriff to deliver the property to the purchaser[36] along with "a certificate of sale describing the property and stating that all right, title, and interest the defendant had in the property is transferred to the purchaser."[37] The funds are then remitted to the judgment creditor and, if any surplus funds are obtained from the sale, the constable or sheriff must return those funds to the debtor.[38]

By outlining a strict, step-by-step process that constables and sheriffs must follow, Rule 69B reinforces Utah's statutory mandate that their role is limited to

---

[31] *Campbell v. Olson Associates P.C.*, No. 2:23-cv-00914-DBB-DAO, 2024 U.S. Dist. LEXIS 130190 ¶¶ 6-7 (D. Utah July 23, 2024) (*internal references omitted*)(holding that no statutory authority exists that authorizes a constable to 'enter into payment plans and accept payments from judgment debtors…'")
[32] Utah R. Civ. P. 69B(b)
[33] Utah R. Civ. P. 69B(d)
[34] *Id*.
[35] Utah R. Civ. P. 69B(e)
[36] Utah R. Civ. P. 69B(h) and (j)
[37] Utah R. Civ. P. 69B(h)
[38] Utah R. Civ. P. 69B(e)

serving process and seizing and selling property—not engaging in traditional debt collection practices such as negotiating payments or pursuing debtors like a collection agency.

**Utah Code Ann § 17-22-2.5**

The Utah Code also specifies specific limits on the amounts a sheriff or constable may charge when executing writs of execution. The list is comprehensive, and as expected, does not provide for any amounts a constable or sheriff can charge for collecting periodic payments, negotiating payment plans, or taking partial payments on behalf of other debt collectors.[39] It does however, establish multiple costs a sheriff or constable may charge for executing writs of execution properly.

For example, sheriffs and constables may charge a $20.00 fee for serving the writ of execution,[40] a fee of $15.00 per day for taking and keeping possession of seized property,[41] a $15.00 fee for advertising property for sale on execution.[42] and a $15.00 fee for conducting, postponing, or cancelling a sale of property.[43] They may even collect a commission when they conduct the sale as required.[44] Notably absent from the statute is any allocation or authorization for any fees a constable or sheriff can collect for engaging in traditional debt collection processes such as soliciting payments, negotiating payment plans, and collecting partial payments.

---

[39] Utah Code Ann. § 17-22-2.5
[40] Utah Code Ann. § 17-22-2.5 (a)
[41] Utah Code Ann. § 17-22-2.5 (e)
[42] Utah Code Ann. § 17-22-2.5(f)
[43] Utah Code Ann. § 17-22-2.5(k)
[44] Utah Code Ann. § 17-22-2.5(m)

**Writ of Execution**

Even if Utah law were ambiguous or discretionary (which it is not), the specific Writ of Execution in this case also did not authorize constables to engage in traditional debt collection activities. Under the plain language of the Writ, the constables were "You are directed to **seize and sell** enough of the judgment debtor's non-exempt property…to satisfy that amount."[45] As is evident from the plain language of the Writ of Execution, it did not—and given the statutory limitations discussed previously could not—authorize anyone to engage in traditional collection activities such as mailing collection letters, soliciting payment arrangements, negotiating payment plans, or accepting partial monthly payments. Under its plain language, the only authorization the Writ of Execution granted was authority to "**seize and sell**" Plaintiff's non-exempt personal property to satisfy the judgment.[46]

As this Court noted in a similar case,

"the text of the Writ of Execution is unambiguous when read in light of the statutes and rules discussed previously. It commands the constable "to collect the judgment, . . . and to sell enough of Defendant(s) non-exempt personal property . . . to satisfy the same. The order to "collect the judgment" must be read in light of what follows ("to sell") and rules governing such writs; **it does not confer freestanding and unfettered authority to collect the judgment by any means the constable wishes."**[47]

---

[45] Exhibit P-1 Writ of Execution (*emphasis added*)
[46] Exhibit P-1 Writ of Execution
[47] *Campbell v. Olson Associates P.C.,* No. 2:23-cv-00914-DBB-DAO, 2024 U.S. Dist. LEXIS 130190 ¶¶ 7-8 (D. Utah July 23, 2024) (*emphasis added*)

Under the plain language of the Writ of Execution, it is without question that "the only authority conferred by the Writ was to seize and sell personal property."[48]

**Mountain Land Collections**

Mountain Land Collections hired the constables but, like Utah law, they did not authorize the constables to engage in any traditional debt collection processes.[49]

> Q. Since this case has been filed, is it fair to say that it's come to your attention the constables are collecting for you by sending collection letters?
>
> A. Yes.
>
> Q. And that is contrary to your prior expectation, is it not?
>
> A. Yes.[50]
>
> …
>
> Q. Is it fair to say, then, that you disapprove of the way they [the constable Defendants] collected this [debt] on your behalf?
>
> A. It raised concerns.
>
> Q. And I know we've gone over this, but I want to be certain that it's crystal clear.
>
> So you never told the constables, "Collect these debts by sending letters."?[sic]
>
> You never told them to do that?

---

[48] *Peretto v. Erickson*, No. 1:23-cv-00025-DBB-DBP, 2024 U.S. Dist. LEXIS 24611, ¶ 14 (D. Utah Feb. 12, 2024)
[49] Mountain Land Collections Dep. 63:1-7 and 66:23-67:16
[50] Mountain Land Collections Dep. 66:23-67:6

A. That is correct.[51]

When asked about a specific collection letter, Mountain Land again confirmed it did not authorize any traditional debt collection that the law also doesn't allow.

Q. This letter says, "Please call my office within 10 days to make arrangements to pay the judgment to avoid the sale of your non-exempt personal property.", correct?

A. That's what it says, yes.

Q. And that's not something you authorized the constables to say on your behalf?

A. No.

Q. And you didn't know they were saying that until you saw this letter today?

A. That's correct.[52]

Then, when it found out the constables were engaging in debt collection, Mountain Land immediately terminated their association.[53] In other words, Mountain Land's expectation that the constables would "[e]xecute on the writ of execution" rather than engaging in traditional debt collection conduct echoed the statutory requirement, and the command set forth in the Writ of Execution, to seize and sell Plaintiff's property rather than authorizing any traditional debt collection activities.[54]

---

[51] Mountain Land Collections Dep. 66:23-67:16
[52] Mountain Land Collections Dep. 74:18-75:2
[53] Mountain Land Collections Dep. 66:23-67:16
[54] Mountain Land Collections Dep. 57:20-22

**Judicial Notice is Appropriate**

As discussed above, every source of authority that governs the constables' conduct in executing writs of execution required the constables to take the property into their possession and sell that property to satisfy the judgment. Rule 64E establishes that the seizure and sale of the debtor's property is the sole mechanism for enforcing a writ of execution, Rule 69A further mandates the seizure of property, Rules 64 and 69B outline the details of how the seizure and sale must be conducted and how the property seized must be accounted and inventoried. Even the Writ of Execution and Mountain Land commanded the constables to seize the property by taking it into their possession and to then sell it at a public auction rather than authorizing any debt collection activity.[55]

None of those mandates, limitations, or grants of authority provide any legal basis for sheriffs or constables to engage in traditional debt collection activities in place of seizing and selling property as required by law. If the Utah Rules of Civil Procedure intended to allow constables to negotiate payments or accept partial payments from debtors, it would be explicitly stated in these Rules. Instead, the Rules create a structured process and mandate the seizure and sale of property.

Nothing in Utah law authorizes constables to engage in debt collection activity. On the other hand, "[b]oth the Utah Rules of Civil Procedure and the specific Writ at issue *do* specify how a constable is to collect a judgment: by seizing and selling personal property. And indeed, the duties given to constables

---

[55] Exhibit P-1 Writ of Execution

under the Utah Code include only executing, serving, and returning legal process."[56]

> "Rule 64E of the Utah Rules of Civil Procedure authorizes constables to serve and execute writs of execution, which permits the holder to seize property from another. Likewise, Rule 69A and 69B govern the seizure and sale of property pursuant to a duly authorized writ. Thus, the statutes governing constables in Utah clearly provide a limited scope of authority. **No statutory authority states that a constable may 'enter into payment plans and accept payments from judgment debtors**…'"[57]

Accordingly, this Court should take judicial notice that Utah law does not authorize constables to engage in traditional debt collection activity and that the Writ of Execution similarly did not authorize the constables to engage in traditional debt collection activities.

## CONCLUSION

The Utah Code and Utah Rules of Civil Procedure explicitly outline the methods by which a constable may enforce a judgment. Under the law, a constable or sheriff is required to seize and sell property to satisfy a judgment. Nowhere in the Rules—or any other provision of Utah law—is a constable or sheriff authorized to solicit payments, negotiate payment plans, accept direct payments from debtors, or otherwise act as a collection agent. The same is true under the Writ of Execution issued by the Court and provided by the law firm who obtained the Writ.

---

[56] *Peretto v. Erickson*, No. 1:23-cv-00025-DBB-DBP, 2024 U.S. Dist. LEXIS 24611, ¶ 15 (D. Utah Feb. 12, 2024) (*emphasis in original*) (*referring to* Utah Code § 17-25-1(1)(b))
[57] *Campbell v. Olson Associates P.C.*, No. 2:23-cv-00914-DBB-DAO, 2024 U.S. Dist. LEXIS 130190 ¶¶ 6-7 (D. Utah July 23, 2024) (*internal references omitted*)(*emphasis added*)

– 15 –

This Court should therefore take judicial notice of the four following facts:

1. The constables were not exempt from the statutory registration and bonding requirements required of all persons engaged in debt collection activity.

2. Engaging in debt collection activity without the required registration and bond was a criminal violation of Utah law.

3. Utah law does not authorize constables to engage in traditional debt collection activity.

4. The Writ of Execution in this case did not authorize the constables to engage in traditional debt collection activities.

DATED 2/17/2025                                    Eric Stephenson
                                                   *Attorney for the Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on 2/17/2025 I served the foregoing MOTION FOR JUDICIAL NOTICE to all counsel of record through this Court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*