Christopher S. Hill (9931)
David P. Gardner (10096)
Zachary C. Lindley (17261)
**KIRTON McCONKIE**
36 South State Street, #1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
chill@kmclaw.com
dgardner@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Defendants Michael W. Erickson,*
*Rob Kolkman, Utah Process, Inc., and Constable Kolkman LLC*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CHARLES YOUNG,<br><br> Plaintiff,<br><br>v.<br><br>MICHAEL W. ERICKSON; UTAH COUNTY CONSTABLE'S OFFICE; ROB KOLKMAN; OFFICE OF THE UTAH COUNTY CONSTABLE, LLC; UTAH PROCESS INC.; CONSTABLE KOLKMAN LLC; MOUNTAIN LAND COLLECTIONS; and JOHN DOES 1-5,<br><br> Defendants. | **CONSTABLE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR JUDICIAL NOTICE**<br><br>Case No. 2:23-cv-00420-TS<br><br>District Judge: Ted Stewart<br><br>Magistrate Judge: Cecilia M. Romero |

Defendants Michael W. Erickson ("Erickson"), Utah Process, Inc., Rob Kolkman and Constable Kolkman LLC ("Kolkman") (collectively, "Constable Defendants"), by and through counsel, respectfully submit this Objection to Plaintiff's Motion for Judicial Notice (Dkt. No. 55).

Plaintiff's Motion for Judicial Notice is a veiled attempt at summary judgment and should

1

be denied in its entirety.[1]  At the very least, if the Court is not inclined to deny the Motion outright (it should for the brief reasons stated herein), Constable Defendants are entitled to be heard (FED. R. EVID. 201(e)) and/or Constable Defendants should be given a full briefing schedule as permitted under Rule 56 to present arguments.

First, Plaintiff's Motion is purportedly based on Rule 201 of the Federal Rules of Evidence, but Rule 201 does not apply to the substance of Plaintiff's Motion.  Specifically: "This rule governs judicial notice of an adjudicative fact only, not a legislative fact." FED. R. EVID. 201(a).  Plaintiff's entire argument is based on purported ***nonadjudicative*** facts.  "Adjudicative facts are simply the facts of the particular case. Legislative facts, on the other hand, are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." (*Id.* at Advisory Committee Notes Subdivision (a) (1972).)  "While judges use judicial notice of 'propositions of generalized knowledge' in a variety of situations: determining the validity and meaning of statutes, formulating common law rules, deciding whether evidence should be admitted, assessing the sufficiency and effect of evidence, all are essentially nonadjudicative in nature." (*Id.* at Advisory Committee Notes Subdivision (b) (1972).)

Plaintiff's purported arguments are based entirely on interpretation of legislative facts, i.e. the validity and meaning of statutes, *etc.*  He conclusorily assumes, for example, that Constable Defendants are subject to "statutory registration and bonding requirements" because he argues they are "debt collectors," but fails entirely to discuss why he believes they are debt collectors—

---

[1] Even more, the parties have pending cross motions for summary judgment in this case that deal specifically with the issues the form the basis of Plaintiff's Motion.

or more importantly, how and where the law deems Constable Defendants debt collectors, ***which is interpretation of legislative facts***.  He also asks this Court to take "judicial notice" of Rule 64E, 69A, 69B,  and Utah Code § 17-22-2.5, but that requires the Court to interpretate legislative language, without ever having taken any evidence, including through testimony, cross-examination, rebuttals, etc., which is wholly improper and against Rule 201.  *See* FED. R. EVID. 201, Advisory Committee Notes Subdivision (b) (1972) (holding that "[t]he key to a fair trial is opportunity to use the appropriate weapons (rebuttal evidence, cross-examination, and argument) to meet adverse materials that come to the tribunal's attention … The rule proceeds upon the theory that these considerations call for dispensing with traditional methods of proof only in clear cases.")

Even if Rule 201 did somehow apply to the substance of Plaintiff's Motion (it does not), his arguments fall well short of the heightened standard for what merits judicial notice. Specifically, the Advisory Committee Notes to Rule 201 state that: "This rule is consistent with Uniform rule 9(1) and (2) which limit judicial notice of facts to those 'so universally known that they cannot reasonably be the subject of dispute,' those 'so generally known or such common notoriety within the territorial jurisdiction of the court that they cannot reasonably be the subject of dispute,' and those 'capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy."  FED. R. EVID. 201, Advisory Committee Notes Subdivision (b) (1972).

There is nothing "so generally known" in this case that the Court can take judicial notice. Despite arguments from Plaintiff to the contrary, none of what Plaintiff argues applies to Constable Defendants because they are not ***debt collectors***—this is a clear and certainly reasonable dispute in this case.  Plaintiff cites no law or support for any assertion that Constable Defendants are debt

collectors or those "engag[ed] in debt collection," and therefore, subject to the rules and statutes cited and interpreted by Plaintiff. In fact, and more importantly, the Utah federal court has already determined that constables, as a matter of law, are deemed "officers of the state," *i.e.*, endowed "with the authority to conduct official actions on behalf of a court that other private individuals cannot legally perform," and therefore, are "***excluded from the definition of 'debt collector' under the FDCPA***." *Sexton v. Poulsen & Skousen P.C.*, 372 F. Supp. 3d 1307, 1316 (D. Utah 2019) (emphasis added).

Even more, this Court, in rejecting Plaintiff's overbroad and irrelevant discovery requests for information concerning anyone other than Plaintiff, stated:

> As pointed out by Defendants, the relevant question as it pertains to Plaintiff's claims is whether Defendants are immune from liability under the FDCPA. *See Sexton*, 372 F. Supp. 3d at 1316. That question turns on whether Defendants were collecting a debt in the performance of their official duties as constables. *See id.* At the hearing, Plaintiff agreed with the court that Defendants could be immune from suit as to their conduct related to Plaintiff while not retaining that same level of immunity for acts or debt collection practices that Defendants performed relative to unrelated third parties. ***Indeed, while the information sought might assist Plaintiff in establishing that Defendants are "debt collectors," this does not seem to be a question that is at issue in this case***. Rather, in their response to the Motion, Defendants only assert that they are immune from suit under the FDCPA because "debt collectors," under the statute, do not include "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties" (ECF 39 at 2). *See also* 15 U.S.C. § 1692a(6)(C). The parties also have pending cross-motions for summary judgment on the exception issue (*i.e.*, if Defendants are immune from suit under the FDCPA), and it is therefore not clear why the Outstanding Requests are still relevant as to the FDCPA claim. As to the FDCPA claim, based on these assertions, the arguments presented, and case law relied on by the parties, the court agrees with Defendants that information related to Defendants' collection practices as to parties not named in this suit is not relevant.

(Dkt. No. 54) (emphasis added.)

Based on the foregoing, and respectfully, this Court should deny Plaintiff's Motion in its

entirety. At the very least, this Court should allow the parties to brief the matter as one for summary judgment.

DATED this 3rd day of March, 2025.

                                  **KIRTON McCONKIE**

                                  */s/ David P. Gardner*
                                  Christopher S. Hill
                                  David P. Gardner
                                  Zachary C. Lindley
                                  *Attorneys for Defendants Michael W. Erickson,*
                                  *Rob Kolkman, Utah Process, Inc., and Constable*
                                  *Kolkman LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2025, a true and correct copy of the forgoing **CONSTABLE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR JUDICIAL NOTICE** was served on the following by the method indicated below:

| | |
|---|---|
| Eric Stephenson (9779)<br>STEPHENSON LAW FIRM<br>250 North Red Cliffs Drive, 4B #254<br>St. George, UT 84790<br>ericstephenson@utahjustice.com | ( ) U.S. Mail, Postage Prepaid<br>(X) E-filing<br>( ) Overnight Mail<br>( ) Facsimile |

*/s/ Mary Adamson*