Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| CHARLES YOUNG, | **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDICIAL NOTICE** |
|---|---|
| Plaintiff, | |
| vs. | |
| ROB KOLKMAN, CONSTABLE KOLKMAN LLC, *et al*., | Case Number: 2:23-cv-00420 |
| | Judge: Ted Stewart |
| Defendants. | Magistrate Judge: Cecilia M. Romero |

Plaintiff respectfully submits this Reply Memorandum in support of his request for this Court to take judicial notice of indisputable facts pursuant to Rule 201 of the Federal Rules of Evidence and pursuant to its inherent authority.

ARGUMENT

Plaintiff's request properly seeks a finding of judicial notice in accordance with Rule 201 of the Federal Rules of Evidence. It is not an attempt, veiled or otherwise, to obtain summary judgment. Plaintiff is simply asking this Cout to recognize well-established and indisputable adjudicative facts as appropriate under Rule 201.

Under Fed. R. Evid. 201(b), a court may take judicial notice of facts that are "generally known" within the court's jurisdiction, or "can be accurately and readily determined from sources whose accuracy cannot reasonably be

questioned."[1] That includes statutes, regulations, and prior court decisions such as those cited in Plaintiff's request. "That the courts are allowed to take judicial notice of statutes is unquestionable."[2]

The facts at issue are adjudicative facts. Plaintiff is not asking for this Court to explore the legislative process, evaluate the validity of any statute, or inject its own legal reasoning into the statutes at issue. Rather, Plaintiff requests judicial notice of adjudicative facts—specific, undisputed realities about what Utah law requires and whether Defendants' actions conformed to those requirements. Judicial notice is appropriate because these facts are readily verifiable from statutory text and prior court decisions that have already applied these rules to similar circumstances. Plaintiff is simply asking this court to apply existing, undisputed legal provisions to the actions of specific individuals and their conduct at issue in this case. These facts concern "the immediate parties—who did what, where, when, how, and with what motive or intent."[3]

And it bears emphasizing that in opposing the request, even Defendants did not deny any of the facts at issue or attempt to explain how the facts at issue could be reasonably challenged. For that reason alone, Defendants' opposition fails. Their failure to articulate any meaningful dispute over the facts asserted as indisputable, demonstrates exactly why judicial notice is appropriate.

For the same reason, Defendants' request for a briefing akin to summary judgment is also improper, wasteful of judicial resources, and would needlessly

---

[1] Fed. R. Evid. 201
[2] *United States v. Coffman*, 638 F.2d 192, 194 (10th Cir. 1980); *See also Waldo v. Ocwen Loan Servicing, LLC,* No. 2:10cv928, 2011 U.S. Dist. LEXIS 152050 ¶ 6 (D. Utah Sep. 28, 2011) (holding that "court orders and docket sheets are exactly the type of documents that are typically judicially noticed.")
[3] Fed. R. Evid. 201(a) (advisory committee's note to 1972 proposed rules)

delay this matter. Judicial notice does not require extended briefing. Indeed, that is the point of Rule 201, to improve judicial economy by recognizing indisputable facts.

Whether the constables are debt collectors under the FDCPA is also irrelevant to judicial notice of the facts requested. Although it is obvious that the constables conducted themselves in precisely the same way as any other debt collector, whether constables are debt collectors under the FDCPA is not at issue in the present request. It is a red-herring to argue otherwise. Plaintiff is not seeking that determination at this time. She is merely asking this Court to recognize that traditional debt collection methods are not included in the constable's codified official duties.

Defendants' reliance on the *Sexton* case is also misplaced and should not distract this Court from the true issues. In *Sexton v. Poulson*, the court determined that constables are normally considered an "officer of the state" under the FDCPA but despite that characterization, they are nonetheless considered to be debt collectors and subject to liability under the Fair Debt Collection Practices Act when they step outside their normal role of serving legal process as they did here. "In sum, because there is evidence that the constable defendants exceeded their authority under the order of restitution and the writ of execution, they are not entitled to summary judgment under the officer of the state exemption to liability under 15 U.S.C. § 1692a(6)(C)."[4] That finding changes nothing with regard to the request for judicial notice but rather it perfectly tracks other rulings by this Court in other cases that support the requested finding of judicial notice.

---

[4] *Sexton v. Poulsen & Skousen P.C.*, 372 F. Supp. 3d 1307, 1318 (D. Utah 2019)

For example, in *Peretto v. Erickson*, this Court found that while there is no authority that allows a constable to engage in debt collections, "[b]oth the Utah Rules of Civil Procedure and the specific Writ at issue *do* specify how a constable is to collect a judgment: by seizing and selling personal property. And indeed, the duties given to constables under the Utah Code include only executing, serving, and returning legal process."[5]

In *Campbell v. Olson Associates P.C.,* this Court similarly held that a constable's authority comes solely from statutory provisions, and that "[n]o statutory authority states that a constable may 'enter into payment plans and accept payments from judgment debtors….'"[6] Whether the constables are "officers of the state" is therefore wholly irrelevant to the issue of taking judicial notice of the limitations on the constables' statutory duties.

**Fact Number One: The constables were not exempt from the statutory registration and bonding requirements required of all persons engaged in debt collection activity.**

When the events of this case occurred, Utah law expressly prohibited any person from engaging in debt collection activity without first registering with the State and obtaining a $10,000.00 bond.[7] This prohibition was so broad even merely taking an assignment to collect was prohibited without first obtaining registration and a bond.[8] Constables were not exempted from those requirements.[9]

---

[5] *Peretto v. Erickson*, No. 1:23-cv-00025-DBB-DBP, 2024 U.S. Dist. LEXIS 24611 ¶ 15 (D. Utah Feb. 12, 2024) (*emphasis in original*)

[6] *Campbell v. Olson Associates P.C.*, No. 2:23-cv-00914-DBB-DAO, 2024 U.S. Dist. LEXIS 130190, ¶ 7 (D. Utah July 23, 2024); *Peretto v. Erickson*, No. 1:23-cv-00025-DBB-DBP, 2024 U.S. Dist. LEXIS 24611 ¶¶ 14-15 (D. Utah Feb. 12, 2024); *Sexton v. Poulsen & Skousen P.C.*, 372 F. Supp. 3d 1307, 1318 (D. Utah 2019) (holding that because the constables exceeded the scope of their authority under the writ of execution, they were not acting within their official duties.)

[7] Utah Code Ann. §§ 12-1-1 and 12-1-8 (*repealed 2023*)

[8] Utah Code Ann. § 12-1-8 (*repealed 2023*)

[9] Utah Code Ann. §§ 12-1-1, 12-1-7, and 12-1-8 (*repealed 2023*)

This Court must therefore take judicial notice that constables were not exempt from the registration and bonding requirements. This Court does not need to delve into the legislative process to determine the origin or validity of those requirements to simply notice what the law plainly required. This is a textbook example of why judicial notice exists.

**Fact Number Two: Engaging in debt collection activity without the required registration and bond was a criminal violation of Utah law.**

Like the other facts requested, this fact cannot be reasonably disputed and was not disputed by the Defendants in their opposition.[10] At the time of the events of this case, it was a crime to engage in debt collections without the required registration and bond. "Any person, member of a partnership, or officer of any association or corporation who fails to comply with any provision of this title is guilty of a class A misdemeanor."[11] It is therefore appropriate to take judicial notice of this indisputable and undisputed fact.

**Fact Number Three: Utah law does not authorize constables to engage in traditional debt collection activity.**

Plaintiff is not asking this Court to explore the legislative process or interpret the meaning of any of the authority at issue. She is asking this Court to read that authority and acknowledge it does not authorize constables to engage in collection calls, mail collection letters, negotiate payment plans, accept partial payments in lieu of seizing and selling property, or engage in any other traditional debt collection activity. There is no need for this Court to take any evidence, hear testimony, or review any other legal authority to make that determination. All it must do is read the law and Rules identified and enter judicial notice since what is

---

[10] *See* Memorandum in Opposition to Motion for Judicial Notice (ECF No. 56)
[11] Utah Code Ann. § 12-1-6 (*repealed 2023*)

not authorized is accurately and readily determined from that authority and cannot be reasonably questioned.[12] Again, even Defendants don't question that Utah law does not authorize constables to engage in traditional debt collection activity.[13]

Rules 64E, 69A, 69B and Utah Code Ann. § 17-22-2.5 govern the seizure and sale of property under a writ of execution and they do not authorize constables to engage in traditional debt collection methods in lieu of the mandated seizure and sale. Instead, this authority strictly limits how constables are permitted to enforce a writ of execution which is "by seizing and selling personal property."[14] Mailing collection letters, soliciting partial payments, negotiating payment arrangements, calling debtors to make payment arrangements, and other similar standard collection methods are never even hinted at let alone authorized by this authority. The absence of such authorization is "accurately and readily determined" from simply reading that authority.[15] This Court can therefore take judicial notice of the boundaries of those statutorily created official duties.

Rule 64E commands the constables to sell the Plaintiff's property after first seizing it and giving notice of the seizure. "If a reply is not filed, **the officer shall proceed to sell or deliver the property**."[16] Rule 64E also clarifies that the purpose of a writ of execution is "**to seize property**…."[17]

Rule 69A requires the seizure and sale of property and sets forth the limitations on how that property may be seized. "Unless otherwise directed by the

---

[12] Fed. R. Evid. 201
[13] Memorandum in Opposition to Motion for Judicial Notice (ECF No. 56)
[14] *Peretto v. Erickson*, No. 1:23-cv-00025-DBB-DBP, 2024 U.S. Dist. LEXIS 24611 ¶ 15 (D. Utah Feb. 12, 2024) (*emphasis in original*)
[15] Fed. R. Evid. 201
[16] Utah R. Civ. P. 64E(d)(3) (*emphasis added*)
[17] Utah R. Civ. P. 64E (*emphasis added*)

writ, the officer must seize property as follows…."[18] The Rule even mandates that "personal property **must be seized** by serving the writ and a description of the property on the person holding the property and **taking the property into custody**."[19]

Rule 69B reinforces the statutory mandate to seize and sell property by providing detailed instructions on how property sales must be advertised, posted, and conducted.[20] Rule 69B also mandates how the proceeds of the sale must be distributed.[21]

Utah Code Ann § 17-22-2.5 sets forth the various fees a constable or sheriff may charge for carrying out the execution sale. Notably absent from the statute is any allocation or authorization for any fees a constable or sheriff can collect for acting as a surrogate debt collector on behalf of other debt collectors.[22]

Under the plain language of the Rules and statutes governing writs of execution, there is no authorization of any kind that would allow constables to engage in traditional debt collection methods. That is confirmed in previous rulings by this Court holding that a writ of execution "does not confer freestanding and unfettered authority to collect the judgment by any means the

---

[18] Utah R. Civ. P. 69A
[19] Utah R. Civ. P. 69A(c)(4)(*emphasis added*)
[20] Utah R. Civ. P. 69B; *Campbell v. Olson Associates P.C.*, No. 2:23-cv-00914-DBB-DAO, 2024 U.S. Dist. LEXIS 130190 ¶¶ 6-7 (D. Utah July 23, 2024) (internal references omitted)(holding that no statutory authority exists that authorizes a constable to 'enter into payment plans and accept payments from judgment debtors…'")
[21] Utah R. Civ. P. 69B
[22] Utah Code Ann § 17-22-2.5

constable wishes."[23] On the contrary, "the duties given to constables under the Utah Code include only executing, serving, and returning legal process."[24]

> "Rule 64E of the Utah Rules of Civil Procedure authorizes constables to serve and execute writs of execution, which permits the holder to seize property from another. Likewise, Rule 69A and 69B govern the seizure and sale of property pursuant to a duly authorized writ. Thus, the statutes governing constables in Utah clearly provide a limited scope of authority. **No statutory authority states that a constable may 'enter into payment plans and accept payments from judgment debtors**…'"[25]

Even the Defendants do not contest the existence or scope of these codified mandates and limitations or how they govern the constables' conduct.[26] Judicial notice is therefore appropriate.

**Fact Number Four: The Writ of Execution in this case did not authorize the constables to engage in traditional debt collection activities.**

It is also indisputable and readily determined that the specific Writ of Execution at issue did not authorize the constables to engage in traditional debt collection activities. Under its plain language, the constables were "directed to **seize and sell** enough of the judgment debtor's non-exempt property…to satisfy that amount."[27] They were not commanded or authorized to do anything else, such as mailing collection letters, soliciting payment arrangements, negotiating

---

[23] *Campbell v. Olson Associates P.C.,* No. 2:23-cv-00914-DBB-DAO, 2024 U.S. Dist. LEXIS 130190 ¶¶ 7-8 (D. Utah July 23, 2024)
[24] *Peretto v. Erickson*, No. 1:23-cv-00025-DBB-DBP, 2024 U.S. Dist. LEXIS 24611, ¶ 15 (D. Utah Feb. 12, 2024) (*referring to* Utah Code § 17-25-1(1)(b))
[25] *Campbell v. Olson Associates P.C.*, No. 2:23-cv-00914-DBB-DAO, 2024 U.S. Dist. LEXIS 130190 ¶¶ 6-7 (D. Utah July 23, 2024) (*internal references omitted*)(*emphasis added*)
[26] *See* Memorandum in Opposition to Motion for Judicial Notice (ECF No. 56)
[27] Exhibit P-1 Writ of Execution (*emphasis added*)

payment plans, or collecting partial monthly payments.[28] That command to "seize and sell" the Plaintiff's property and the lack of any authorization to take any other action tracks the Rules and statutes at issue that clarify the only thing constables are authorized to do is to seize and sell the property.[29] It is therefore proper for this Court to take judicial notice that the Writ directed the constables to "seize and sell" Plaintiff's property.[30] Under the plain language of the Writ of Execution, it is without question that "the only authority conferred by the Writ was to seize and sell personal property."[31]

Mountain Land's expectation that the constables would "[e]xecute on the writ of execution" rather than engaging in traditional debt collection conduct echoed the statutory requirement, and the command set forth in the Writ of Execution, to seize and sell Plaintiff's property rather than authorizing any traditional debt collection activities.[32]

## CONCLUSION

Defendants never contested the scope or effect of the Rules and statutes at issue. That alone establishes that judicial notice is proper on these issues since even Defendants concede the facts at issue are all "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[33]

Nowhere in the Rules—or any other provision of Utah law—is a constable or sheriff authorized to solicit payments, negotiate payment plans,

---

[28] *See* Writ of Execution
[29] Exhibit P-1 Writ of Execution
[30] Exhibit P-1 Writ of Execution (*emphasis added*)
[31] *Peretto v. Erickson*, No. 1:23-cv-00025-DBB-DBP, 2024 U.S. Dist. LEXIS 24611, ¶ 14 (D. Utah Feb. 12, 2024)
[32] Mountain Land Collections Dep. 57:20-22
[33] Fed. R. Evid. 201

accept direct or periodic payments from debtors, or otherwise act as a collection agent. The same is true under the Writ of Execution issued by the Court. This Court should therefore take judicial notice as requested.

DATED 3/10/2025                    <u>Eric Stephenson                    </u>
                                    *Attorney for the Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on 3/10/2025 I served the foregoing REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDICIAL NOTICE to all counsel of record through this Court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*