Kyle C. Thompson (11242)
J. Tyler Martin (14082)
Ryan L. Anderson (18670)
**GORDON REES SCULLY MANSUKHANI, LLP**
15 West South Temple, Suite 1600
Salt Lake City, UT 84101
Telephone: (801) 204-9990
Facsimile: (385) 282-7590
kcthompson@grsm.com
tmartin@grsm.com
rlanderson@grsm.com

*Attorneys for Defendants Rob Kolkman and Constable Kolkman LLC*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL W. ERICKSON, UTAH COUNTY CONSTABLE'S OFFICE., ROB KOLKMAN, CONSTABLE KOLKMAN LLC, *et al.*<br><br>Defendants | **KOLKMAN DEFENDANTS' RESPONSE TO DEFENDANT ERICKSON'S MOTION TO CONTINUE TRIAL**<br><br>Civil No.: 2:23-cv-00420-TS-CMR<br><br>Judge Ted Stewart<br>Magistrate Judge Cecilia M. Romero |

Defendants Rob Kolkman and Constable Kolkman LLC (the "Kolkman Defendants") hereby response to Defendant Michael Erickson's ("Defendant Erickson") Motion to Continue Trial (Docket No. 72) and voice their agreement with Defendant Erickson that, under the circumstances presented, the trial currently scheduled for February 17-20, 2026 should be continued in order for Defendant Erickson to have an opportunity to meaningfully participate through counsel in the trial of this action, including by being able to submit his pre-trial disclosures and to provide input with respect to the jury instructions, special jury verdict form, and voir dire to be used at trial.

The Kolkman Defendants disagree with Plaintiff's contention, made in his January 26, 2025 response to Defendant Erickson's request for the continuance of the trial (Docket No. 74), that Defendant Erickson should be subject to pre-trial deadlines, such as the deadlines for submission of pretrial disclosures and for exchange of proposed jury instructions and of a proposed special jury verdict form, that passed immediately prior to his counsel's filing. Precluding Defendant Erickson from proposing jury instructions and a form of verdict may prejudice him from fully participating in the trial, but the other parties, including Plaintiff, would not be prejudiced by his participation in those trial activities, especially since, as of today, the Kolkman Defendants and Plaintiff have not yet met and conferred concerning their own respective jury instructions and special jury verdict form.

Plaintiff also has raised his concern that the trial only be continued if he can be assured that Defendants will coordinate on filings on motions in limine, presumably to ensure judicial economy. Obviously, the Kolkman Defendants cannot bind Defendant Erickson. That said, the Kolkman Defendants have no objection to working with Defendant Erickson to ensure that motions in limine are reasonably coordinated in an effort to avoid duplicative filings and briefing. For the reasons set forth above, as well as in Defendant Erickson's motion for continuance and Plaintiff's response thereto, trial of this action should be continued to a date that is workable for each of the parties.

DATED this 26th day of January 2026

                                            **GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Ty Martin*
J. Tyler Martin
Kyle Thompson

Case 2:23-cv-00420-TS-CMR   Document 75   Filed 01/26/26   PageID.1135   Page 3 of 3