IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CHARLES YOUNG,

Plaintiff(s),

vs.

MICHAEL W. ERICKSON et al,

Defendant(s).

TRIAL ORDER

Civil No. 2:23cv00420 TS

The final pretrial conference in this matter is scheduled for April 7, 2026 at 10:00 a.m.

This case is set for a 4-day trial to begin on April 20, 2026 at 8:30 a.m. The attorneys are expected to appear in Court at 8:00 a.m. on the first day of trial for a brief pre-trial meeting.

Counsel are instructed as follows:

**1. Court-Imposed Deadlines**

The deadlines described in this order cannot be modified or waived in any way by a stipulation of the parties. Any party that believes an extension of time is necessary **must** make an appropriate motion to the Court.

**2. Pretrial Order**

At the pretrial conference, Plaintiff is to file a joint proposed pretrial order which has been approved by all counsel. The pretrial order should conform generally to the pretrial order that is available on the United States District Court for the District of Utah website at https://www.utd.uscourts.gov/forms/all-forms.

In addition to the provisions in the final pretrial order thus called for, the following special provisions will apply:

(a) The statement of uncontroverted facts called for in Section 3 of the General Form of the Pretrial Order shall be in narrative form. Such facts shall be considered substantive evidence in the case and shall be marked as Exhibit 1. Upon commencement of the trial, Exhibit 1 shall be read into evidence. Except as set forth in Exhibit 1, no further evidence as to the agreed facts may be entered into the record at trial.

(b) In reference to Section 7 of the General Form of the Pretrial Order, regarding all witnesses that propose to be expert witnesses, the parties are directed to append to Exhibit 1 copies of the curriculum vitae of each such expert. Absent specific leave of Court, the expert may not present more than five minutes of professional qualification. It is anticipated that in most cases, the parties will stipulate to expertise, although in appropriate cases, voir dire or cross-examination of an expert's qualification may be permitted; said examination may go beyond the direct oral testimony as to qualification.

3. **Jury Instructions**

The Court has adopted its own standard general jury instructions, copies of which may be obtained from the Court's website at https://www.utd.uscourts.gov/senior-judge-ted-stewart. The procedure for submitting proposed jury instructions is as follows:

(a) The parties must serve their proposed jury instructions on each other **at least thirty (30) days before trial**. **At least twenty-one (21) days before trial**, the parties must meet and confer **in person** in order to agree on a single set of instructions, to the extent possible. If any party is unable or unwilling to meet and confer in person, it should be brought to the Court's attention immediately.

(b) If the parties cannot agree upon one complete set of final instructions, they may submit separately those instructions that are not agreed upon. However, it is not enough for the parties to merely agree upon the general instructions and then each submit their own set of substantive instructions. The parties must meet, confer, and agree upon the wording of the substantive instructions for the case to the fullest extent possible.

(c) The joint proposed instructions (along with the proposed instructions upon which the parties have been unable to agree) must be filed with the Court **at least fourteen (14) days before trial**. All proposed jury instructions must be in the following format:

(i) Each proposed instruction should be labeled and numbered at the top center of the page to identify the party submitting the instruction (e.g., "Joint Instruction No. 1" or "Plaintiff's

                Instruction No. 1"), and include a citation to the authority that forms the basis for it.

        (ii)    A copy of the proposed instructions shall be emailed to chambers as a Word or WordPerfect document. Chamber's email is utdecf_stewart@utd.uscourts.gov. Include the case number in the email subject line.

    (d)    Each party should file its objections, if any, to jury instructions proposed by any other party **no later than seven (7) days before trial**. Any such objections must recite the proposed instruction in its entirety and specifically highlight the objectionable language contained therein. The objection should contain both a concise argument why the proposed language is improper and citation to relevant legal authority. Where applicable, the objecting party must submit, in conformity with paragraph 3(c)(i) - (ii) above, an alternative instruction covering the pertinent subject matter or principle of law. Any party may, if it chooses, submit a brief written reply in support of its proposed instructions **no later than five (5) days before trial**.

    (e)    All instructions should be short, concise, understandable, and neutral statements of law. Argumentative instructions are improper and will not be given.

    (f)    Modified versions of statutory or other form jury instructions (e.g., Federal Jury Practice and Instructions) are acceptable. A modified jury instruction must, however, identify the exact nature of the modification made to the form instruction and cite the Court to authority, if any, supporting such a modification.

## 4. Special Verdict Form

The procedure outlined for proposed jury instructions will also apply to special verdict forms.

## 5. Number of Jurors

Pursuant to Federal Rule of Civil Procedure 48, the jury must have a least six (6) and no more than twelve (12) members. At the final pretrial conference, the parties should be prepared to discuss the number of jurors they would like empaneled for the trial. The Court will not empanel any alternate jurors.

### 6. Requests for Voir Dire Examination of the Venire

The Court's standard voir dire is available on the Court's website. The parties may request that, in addition to its usual questions, the Court ask additional specific questions to the jury panel. Any such request should be submitted in writing to the Court and served upon opposing counsel **at least seven (7) days before trial**.

### 7. Trial Briefs

Each party should file a Trial Brief **no later than seven (7) days before trial**. Such brief shall include a list of all witnesses to be called and a short statement as to the substance of that witness' anticipated testimony.

### 8. Motions in Limine

All motions in limine are to be filed with the Court at **least seven (7) days before trial**, unless otherwise ordered by the Court. Responses are to be filed **at least five (5) days before trial**, unless otherwise ordered by the Court. Motions in limine are limited to three (3) pages in length. Replies are not permitted.

### 9. Deposition Designations

If the parties intend to use deposition testimony, they should exchange deposition designations to each other **at least seven (7) days before trial**. Any disputed designation should be brought to the Court's attention as soon as possible, but **no later than 24 hours before it is to be used**.

### 10. Exhibit Lists/Marking Exhibits

All parties are required to prepare an exhibit list for the Court's use at trial. The list contained in the pretrial order will not be sufficient; a separate list must be prepared. Plaintiff should list their exhibits by number; defendants should list their exhibits by letter. The required form for exhibit and witness lists is available on the Court's website at https://www.utd.uscourts.gov/forms/all-forms. Questions regarding the preparation of such lists may be directed to Ryan Robertson, the courtroom deputy, at Ryan_Robertson@utd.uscourts.gov or 801-524-6617. All parties are required to pre-mark their exhibits to avoid taking up court time during trial for such purposes.

In addition, all parties are required to submit copies of their exhibits for the Court's use during trial on two (2) separate USB flash/thumb drives.

**A copy of each parties' exhibit and witness lists, on the Court's standard form, should be emailed to utdecf_Stewart@utd.uscourts.gov at least the day before trial.**

11. **Witness Lists**

All parties are required to prepare **separate** witness lists for the Court's use at trial. The list contained in the pretrial order will not be sufficient. Do not combine the witness list with an exhibit list. The required form for exhibit and witness lists is available on the Court's website at https://www.utd.uscourts.gov/forms/all-forms. Questions regarding the preparation of such lists may be directed to Ryan Robertson, the courtroom deputy, at Ryan_Robertson@utd.uscourts.gov or 801-524-6617.

**A copy of each parties' exhibit and witness lists, on the Court's standard form, should be emailed to utdecf_Stewart@utd.uscourts.gov at least the day before trial.**

12. **Courtroom Technology**

If counsel wish to use the courtroom evidence system, they should contact Ryan Robertson, the courtroom deputy, at Ryan_Robertson@utd.uscourts.gov or 801-524-6617 **at least seven (7) days before trial**, to schedule an appointment to become familiar with the technology to be used during trial. Trial counsel and support staff are expected to familiarize themselves with the system and arrange any additional technological needs.

13. **In Case of Settlement**

Pursuant to DUCivR 41-1, the Court will tax all jury costs incurred as a result of the parties' failure to give the Court adequate notice of settlement. If the case is settled, counsel must advise the jury administrator or a member of the Court's staff directly by means of a personal visit, a phone call, or by email. Leaving a voicemail is insufficient notice.

14. **Courtroom Conduct**

The Court has established the following rules for the conduct of counsel at trial:

(a) Please be on time for each Court session. **Counsel must be present at 8:00 a.m. on the first morning of trial, for a brief pre-trial meeting**. In most cases, trial will be conducted from 8:30 a.m. until 1:30 p.m., with two short (fifteen minute) breaks. Trial engagements take precedence over any other business. If you have matters in other courtrooms, arrange in advance to have them continued or have an associate handle them for you.

     (b)     Stand as court is opened, recessed or adjourned.

     (c)     Stand when the jury enters or retires from the courtroom.

     (d)     Stand when addressing, or being addressed by the Court.

     (e)     In making objections and responding to objections to evidence, counsel should state the legal grounds for their objections with reference to the specific rule of evidence upon which they rely. For example, "Objection . . . irrelevant and inadmissible under Rule 402." or "Objection . . . hearsay and inadmissible under Rule 802."

     (f)     Sidebar conferences are discouraged. Most matters requiring argument should be raised during recess. Please plan accordingly.

     (g)     Counsel need not ask permission to approach a witness in order to **briefly** hand the witness a document or exhibit.

     (h)     Address all remarks to the Court, not to opposing counsel, and do not make disparaging or acrimonious remarks toward opposing counsel or witnesses. Counsel shall instruct all persons at counsel table that gestures, facial expressions, audible comments, or any other manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.

     (i)     Refer to all persons, including witnesses, other counsel, and parties, by their surnames and NOT by their first or given names.

     (j)     Only one attorney for each party shall examine, or cross-examine, each witness. The attorney stating objections during direct examination shall be the attorney recognized for cross examination.

     (k)     Offers of, or requests for, a stipulation shall be made out of the hearing of the jury.

     (l)     When not taking testimony, counsel will remain seated at counsel table throughout the trial unless it is necessary to move to see a witness. Absent an emergency, do not leave the courtroom while court is in session. If you must leave the courtroom, you do not need to ask the Court's permission. Do not confer with or visit with anyone in the spectator section while court is in session.

Messages may be delivered to counsel table provided they are delivered with no distraction or disruption in the proceedings.

DATED this _28th_ day of January, 2026.

BY THE COURT:

TED STEWART
United States District Judge