Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>    Plaintiff,<br><br>vs.<br><br>ROB KOLKMAN, CONSTABLE KOLKMAN LLC, MICHAEL ERICKSON, and JOHN DOES 1-5,<br><br>    Defendants. | **JOINT PROPOSED INSTRUCTIONS AND PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**<br><br>Case Number: 2:23-cv-00420-TS<br>Judge: Ted Stewart |

Plaintiff respectfully submits the following proposed jury instructions. Instructions 1 through 24 are this Court's stock instructions. The remaining instructions are Plaintiff's proposals.

25. Clear and Convincing Evidence

26. Nature of the Case

27. Plaintiff's Contentions – Fair Debt Collection Practices Act

28. Plaintiff's Contentions – Fraud

29. Utah Debt Collection Agency Registration Requirement

30. Utah Debt Collection Agency Attorney Representation Requirement

31. Fair Debt Collection Practices Act – Introduction

32. Strict Liability Standard

33. Least Sophisticated Consumer Standard

34.    False Representations or Implications of State Affiliation or Approval

35.    False Representation of the Character, Amount, or Legal Status of the Debt (15 U.S.C. § 1692e(2)(A))

36.    False Representation of the Services Rendered or Compensation Available (15 U.S.C. § 1692e(2)(B))

37.    False Representations or Implications of Property Seizures (15 U.S.C. § 1692e(4))

38.    Threats of Unlawful or Unintended Action (15 U.S.C. § 1692e(5))

39.    False Representations or Implications of Loss of Legal Protection (15 U.S.C. § 1692e(6))

40.    False Governmental Approval (15 U.S.C. § 1692e(9))

41.    False Representations or Deceptive Means (15 U.S.C. § 1692e(10))

42.    Failure to Provide "Mini-Miranda" Warnings (15 U.S.C. § 1692e(11))

43.    False Representations or Implication that Documents are Legal Process (15 U.S.C. § 1692e(13))

44.    Use of any False Business, Company, or Organization Name (15 U.S.C. § 1692e(14))

45.    Collection of any Amount Not Authorized or Permitted (15 U.S.C. § 1692f(1))

46.    Threats or Criminal Means (15 U.S.C. § 1692d(1))

47.    Validation of Debts (15 U.S.C. § 1692g(a))

48.    Harassment, Oppression, or Abuse (15 U.S.C. § 1692d)

49.    False, Deceptive, or Misleading Representations (15 U.S.C. § 1692e)

50.    Unfair or Unconscionable Means (15 U.S.C. § 1692f)

51.    Elements of Fraud

52.    Duty to Speak the Whole Truth

53.    Concealment or Fraudulent Nondisclosure

54.    Established Facts

55.    Actual Damages

56.    Statutory Damages under the Fair Debt Collection Practices Act

57.    Punitive Damages – Introduction

58.    Punitive Damages – Factors to Consider in Determining the Amount of Damages

59.    Punitive Damages – Reprehensibility

DATED 4/6/2026                          Eric Stephenson

                                        *Attorney for the Plaintiff*

JOINT INSTRUCTION NO. 1

It will be your duty to find from the evidence what the facts are. You, and you alone, are the judges of the facts. You will then have to apply to those facts the law as the Court will give it to you. You must follow that law whether you agree with it or not.

Nothing the Court may say or do during the course of the trial is intended to indicate nor should be taken by you as indicating what your verdict should be.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given in the instructions of the Court.

Senior Judge Ted Stewart, Stock Civil Jury Instructions

JOINT INSTRUCTION NO. 2

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other things received into the record as exhibits, and any facts the lawyers agree or stipulate to, or that the Court may instruct you to find.

Certain things are not evidence and must not be considered by you.  I will list them for you now:

1.  Statements, arguments and questions by lawyers are not evidence.

2.  Objections to questions are not evidence.  Lawyers have an obligation to their clients to make an objection when they believe evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the Court's ruling on it.  If the objection is sustained, ignore the question.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.  Testimony that the Court has excluded or told you to disregard is not evidence and must not be considered.

4.  Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom.

Senior Judge Ted Stewart, Stock Civil Jury Instructions

JOINT INSTRUCTION NO. 3

This is a civil case.  Plaintiff has the burden of proving his case by what is called the preponderance of the evidence.  That means Plaintiff has to produce evidence which, considered in the light of all the facts, leads you to believe that what Plaintiff claims is more likely true than not.  To put it differently, if you were to put Plaintiff's and Defendant's evidence on opposite sides of the scales, Plaintiff would have to make the scales tip somewhat on his side.  If Plaintiff fails to meet this burden, the verdict must be for Defendant.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt.  That requirement does not apply to a civil case and you should therefore put it out of your mind.

Senior Judge Ted Stewart, Stock Civil Jury Instructions

JOINT INSTRUCTION NO. 4

The Jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony.  You should take into consideration their demeanor upon the witness stand, their apparent intelligence or lack of intelligence, their means of knowledge of the facts testified to, the interest, if any, which any witness may have in the outcome of this trial, the prejudice or motives, or feelings of revenge, if any, which have been shown by the evidence.  In so doing, you may take into consideration all of the facts and circumstances in the case and give such weight as you think the same are entitled to, in light of your experience and knowledge of human affairs.

Senior Judge Ted Stewart, Stock Civil Jury Instructions

JOINT INSTRUCTION NO. 5

During the trial it may be necessary for me to talk with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Senior Judge Ted Stewart, Stock Civil Jury Instructions

JOINT INSTRUCTION NO. 6

Next, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone, including fellow jurors, or permit anyone to discuss it with you.  Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case.   Not talking about this case means not talking about it in any way, including by Internet, e-mail, text message and instant communication devices or services, such as cell phones, Blackberrys, iPhones, or electronic social networking websites or blogs including Google, Facebook, Twitter, My Space, Linkedin, YouTube, and so on.

Second, do not read or listen to anything touching on this case in any way. Do not watch or listen to any news reports concerning this trial on television or on the radio, and do not read any news accounts of this trial in a newspaper, on the Internet, or on any instant communication device, again including Facebook, Twitter, and so on.  If anyone should try to talk to you about it, bring it to the Court's attention promptly.

Third, do not do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in.  Keep an open mind until you start your deliberations at the end of the case.

Senior Judge Ted Stewart, Stock Civil Jury Instructions

JOINT INSTRUCTION NO. 7

At the end of trial, you must make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Senior Judge Ted Stewart, Stock Civil Jury Instructions

JOINT INSTRUCTION NO. 8

The trial will now begin.  First, each side may make an opening statement. An opening statement is neither evidence nor argument; it is an outline of what that party intends to prove, offered to help you follow the evidence.

Next, Plaintiff will present his witnesses and defendant may cross-examine them.  Then Defendants will present their witnesses and Plaintiff may cross-examine them.

After that, the attorneys will make their closing arguments to summarize and interpret the evidence for you and the Court will give you instructions on the law.

You will then retire to deliberate on your verdict.


Senior Judge Ted Stewart, Stock Civil Jury Instructions

JOINT INSTRUCTION NO. 9

MEMBERS OF THE JURY:

Now that you have heard the evidence, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law to the facts as you find them from the evidence in the case.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court.  Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence of the case.

You are to disregard any evidence offered at trial and rejected by the Court.  You are not to consider questions of counsel as evidence.  You are not to consider the opening statements and the arguments of counsel as evidence.  Their purpose is merely to assist you in analyzing and considering the evidence presented at trial.

The Court did not by any words uttered during the trial or in these instructions give or intimate, or wish to be understood by you as giving or intimating, any opinions as to what has or has not been proven in this case or as to what are or are not the facts of the case.

Senior Judge Ted Stewart, Stock Civil Jury Instructions

JOINT INSTRUCTION NO. 10

Plaintiff Charles Young has the burden of proving his claim by a preponderance of the evidence.  To prove by a preponderance of the evidence means to prove something is more likely so than not so.  It does not mean the greater number of witnesses or exhibits.  It means the evidence that has the more convincing force when taken on the whole compared to the evidence opposed to it.  It means the evidence that leads you the jury to find that the existence of the disputed fact is more likely true than not true.

Any finding of fact you make must be based on probabilities, not possibilities.  A finding of fact must not be based on speculation or conjecture.

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find" or "if you determine," I mean that you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

In determining whether any disputed fact has been proven by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits.

If a party fails to meet its burden of proof, or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must resolve the question against the party who has the burden of proof on that issue and in favor of the opposing party.

Senior Judge Ted Stewart, Stock Civil Jury Instructions

JOINT INSTRUCTION NO. 11

The fact that I have instructed you on damages does not mean that I am indicating that you should award any – that is entirely for you, the jury, to decide.

Any damages you award must have a reasonable basis in the evidence. They need not be mathematically exact, but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guesswork.

The burden is upon Plaintiff to prove the existence and amount of his damages and that his damages were caused by the acts of Defendant.  You are not permitted to award speculative damages.


Senior Judge Ted Stewart, Stock Civil Jury Instructions (Modified)

JOINT INSTRUCTION NO. 12

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the complaint of Plaintiff, and the answer thereto of Defendant.  You are to perform this duty without bias or prejudice as to any party.  Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion.  Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

Senior Judge Ted Stewart, Stock Civil Jury Instructions

JOINT INSTRUCTION NO. 13

Unless you are otherwise instructed, the evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

Unless you are otherwise instructed, anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

Senior Judge Ted Stewart, Stock Civil Jury Instructions

JOINT INSTRUCTION NO. 14

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case.  One is direct evidence – such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence – the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the Jury find the facts in accordance with the preponderance of all evidence in the case, both direct and circumstantial.

Senior Judge Ted Stewart, Stock Civil Jury Instructions

JOINT INSTRUCTION NO. 15

In determining the weight to be given to an opinion expressed by any witness who did not testify as an expert witness, you should consider his or her credibility, the extent of his or her opportunity to perceive the matters upon which his or her opinion is based and the reasons, if any, given for it.  You are not required to accept such an opinion but should give it the weight to which you find it entitled.

Senior Judge Ted Stewart, Stock Civil Jury Instructions

JOINT INSTRUCTION NO. 16

During the trial of this case, certain testimony has been presented to you by way of a deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.  The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in writing under oath or by video played on the screens before you.  Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by the jury, in so far as possible, in the same way as if the witness had been present, and had testified from the witness stand.

Senior Judge Ted Stewart, Stock Civil Jury Instructions

JOINT INSTRUCTION NO. 17

You, as jurors, are the sole judges of the credibility of witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witnesses, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all of the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor and manner while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

Senior Judge Ted Stewart, Stock Civil Jury Instructions

JOINT INSTRUCTION NO. 18

It is the duty of the attorney on each side of the case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not show prejudice against any attorney or his or her client because the attorney has made objection.

Upon allowing testimony or other evidence to be introduced over the objection of any attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of any such evidence. As stated before, the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely, and may draw no inference from the wording of it or speculate as to what the witness would have said if he or she had been permitted to answer any question.

Senior Judge Ted Stewart, Stock Civil Jury Instructions

JOINT INSTRUCTION NO. 19

During the course of the trial, I have occasionally asked questions of a witness.  Do not assume that I hold any opinion on the matters to which my questions may relate.  The Court may ask a question simply to clarify a matter – not to help one side of the case or hurt another side.

Senior Judge Ted Stewart, Stock Civil Jury Instructions

JOINT INSTRUCTION NO. 20

Upon retiring to the jury room you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

The verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors for the mere purpose of returning a unanimous verdict.

Remember at all times, you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the

exclusive duty and responsibility of the jury.  As I have told you many times, you are the sole judges of the facts.

The Court has prepared a verdict form for your convenience.  You are instructed that your answers to the interrogatories on the verdict form must be consistent with the instructions I have given you and with each other.

When you have reached a unanimous agreement as to your verdict, your foreperson will fill in, date and sign the verdict form upon which you have unanimously agreed.  When you have reached unanimous agreement as to your verdict, the foreperson shall inform the court security

Senior Judge Ted Stewart, Stock Civil Jury Instructions

JOINT INSTRUCTION NO. 21

A copy of these instructions will also accompany you to the jury room. Do not write on the instructions.  Do not concern yourselves with the number of the instructions, their sequence, or any gap in numbering.  Instructions are numbered only for clerical convenience while the Court prepares the instructions.

Senior Judge Ted Stewart, Stock Civil Jury Instructions

JOINT INSTRUCTION NO. 22

If it becomes necessary during your deliberations to communicate with the Court, you may send a note through the court security officer, signed by your foreperson or by one or more jurors.  No member of the jury should attempt to communicate with the Court by any means other than a signed writing; and the Court will never communicate with any member of the jury on any subject touching the merits of the case, otherwise than in writing or orally here in open court.

You will note from the oath the court security officer will take that he or she, as well as any other person, is also forbidden to communicate in any way with any juror about any subject touching the merits of the case.

Bear in mind also that you are not to reveal to any person – not even to the Court – how the jury stands numerically or otherwise until you have reached a unanimous verdict

Senior Judge Ted Stewart, Stock Civil Jury Instructions

JOINT INSTRUCTION NO. 23

The attitude and conduct of jurors at the outset of their deliberations are matters of considerable importance. It is rarely productive or good for a juror, upon entering the jury room, to make an emphatic expression of his or her opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, his or her sense of pride may be aroused, and he or she may hesitate to recede from an announced position if shown that it is wrong.

Senior Judge Ted Stewart, Stock Civil Jury Instructions

JOINT INSTRUCTION NO. 24

During your deliberations, you are able as a group to set your own schedule for deliberations.  You may deliberate as late as you wish or recess at an appropriate time set by yourselves.  You may set your own schedule for lunch and dinner breaks.

However, I do ask that you notify the court by a note when you plan to recess for the evening.


Senior Judge Ted Stewart, Stock Civil Jury Instructions

JOINT INSTRUCTION NO. 25
**Clear and Convincing Evidence**

Plaintiff's cause of action for fraud must be proved by a higher level of proof called "clear and convincing evidence." When I tell you that a party must prove something by clear and convincing evidence, I mean that the party must persuade you, by the evidence, to the point that there remains no serious or substantial doubt as to the truth of the fact.

Proof by clear and convincing evidence requires a greater degree of persuasion than proof by a preponderance of the evidence but less than proof beyond a reasonable doubt.

I will tell you specifically which of the facts must be proved by clear and convincing evidence.

**References**
MUJI CV118
*Essential Botanical Farms, LC v. Kay*, 2011 UT 71
*Jardine v. Archibald*, 279 P.2d 454 (Utah 1955)
*Greener v. Greener*, 212 P.2d 194 (Utah 1949)
*See also*, *Kirchgestner v. Denver & R.G.W.R. Co.*, 233 P.2d 699 (Utah 1951)

PLAINTIFF'S INSTRUCTION NO. 26
**Nature of the Case**

In this case the Plaintiff Charles Young seeks damages from the Defendants for violating the federal Fair Debt Collection Practices Act and for fraud.

Defendants deny liability for their conduct.

This case involves natural persons and several companies. The fact that some parties are companies should not play any part in your deliberations. You must decide this case as if it were between individuals. Each company in this matter is considered a person for all purposes in this case and all persons are equal before the law. A Defendant may be liable even if acting together with others or through a business entity.

**References**
MUJI CV103

PLAINTIFF'S INSTRUCTION NO. 27
**Plaintiff's Contentions**
**Fair Debt Collection Practices Act**

Plaintiff contends that the Defendants violated the Fair Debt Collection Practices Act in the following particulars:

1.  Defendants falsely represented the character, amount, or legal status of the debt in their communications with Plaintiff in violation of 15 U.S.C. § 1692e(2)(A).

2.  Defendants used false representations and deceptive means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

3.  Defendants sought to collect an amount that was not authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

4.  Defendants failed to include a notice in a written communication that the communication was from a debt collector in violation of 15 U.S.C. § 1692e(11).

5.  Defendants did not send the written notice required by 15 U.S.C. § 1692g(a) within five days of their initial communication in violation of 15 U.S.C. § 1692g(a).

6.  Defendants used the threat of criminal means to harm the Plaintiff's reputation or property in violation of 15 U.S.C. § 1692d(1).

7.  Defendants used false representations or implications that they were vouched for by the State of Utah in violation of 15 U.S.C. § 1692e(1).

8.  Defendants made false representations about the services rendered or compensation they may lawfully receive for the collection of a debt in violation of 15 U.S.C. § 1692e(2)(B).

9.  Defendants made representations or implications that nonpayment of the debt would result in the seizure, garnishment, attachment, or sale of any property or wages of the Plaintiff when such action was not lawful or intended in violation of 15 U.S.C. § 1692e(4).

10. Defendants threatened to take action that could not be legally taken or was not intended to be taken in violation of 15 U.S.C. § 1692e(5).

11. Defendants made false representations or implications that a sale, referral, or other transfer of an interest in the debt would cause Plaintiff to lose his claims or defenses to payment of the debt or become subject to practices prohibited by the Fair Debt Collection Practices Act in violation of 15 U.S.C. § 1692e(6).

12. Defendants used or distributed written communications that simulated or was falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval in violation of 15 U.S.C. § 1692e(9).

13. Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt in violation of 15 U.S.C. § 1692d.

14. Defendants used false, deceptive, or misleading representations or means in connection with the collection of the debt in violation of 15 U.S.C. § 1692e.

15. Defendants used unfair or unconscionable means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.

16. Defendants' fraud also constitute *per se* violations of the Fair Debt Collection Practices Act.

Defendants deny Plaintiff's contentions.

PLAINTIFF'S INSTRUCTION NO. 28
**Plaintiff's Contentions**
**Fraud**

Plaintiff contends that the Defendants committed fraud in the following particulars:

1. Defendants operated a collection agency and collected debt when they were not registered as a debt collector by the State of Utah as required by law.

2. Defendants used coercive, unlawful, deceptive, and manipulative methods to collect money from the Plaintiff.

3. Defendants falsely represented they had a sale of Plaintiff's personal property scheduled.

4. Defendants falsely represented they had a legal right to seize and sell Plaintiff's property.

5. Defendants used their companies as their alter egos.

6. Defendants made other false representations to the Plaintiff.

7. Defendants added amounts to the debt that they were never allowed to include.

8. Plaintiff contends that Defendants committed fraud in other ways through the conduct, representations, omissions, and threats Defendants used to collect and attempt to collect a debt.

Defendants deny Plaintiff's contentions.

PLAINTIFF'S INSTRUCTION NO. 29
**Utah Debt Collection Agency Registration Requirement**

Under Utah law no person can operate a collection agency, collection bureau, or collection office, or engage in the business of debt collection without having a registration on file with the Utah Division of Corporations and Commercial Code at the time of conducting that business. This includes soliciting business collecting debt, receiving an assignment of a debt for collections, and bringing suit as an assignee of the debt.

Any person, member of a partnership, or officer of any association or corporation operating a collection agency who fails to comply with this requirement is guilty of a class A criminal offense.

**References**
Utah Code Ann. § 12-1-1
Utah Code Ann. § 12-1-6
Utah Code Ann. § 12-1-8

PLAINTIFF'S INSTRUCTION NO. 30
**Utah Debt Collection Agency Attorney Representation Requirement**

Under Utah law all legal processes, pleadings, and court representations made by a collection agency, collection bureau, or collection office shall be prepared and conducted by a duly licensed attorney.

Any person, member of a partnership, or officer of any association or corporation operating a collection agency who fails to comply with this requirement is guilty of a class A criminal offense.

**References**
Utah Code Ann. § 12-1-1
Utah Code Ann. § 12-1-6
Utah Code Ann. § 12-1-8

**PLAINTIFF'S INSTRUCTION NO. 31**
**Fair Debt Collection Practices Act**
**Introduction**

Plaintiff brings this action against Defendants based on 15 U.S.C. § 1692, *et seq.*, a federal law commonly known as the Fair Debt Collection Practices Act, which for convenience, I will refer to as the "FDCPA."

The FDCPA was originally enacted by Congress in 1978, and has been amended and broadened several times since then. In passing the FDCPA Congress made several findings and declared its purpose for enacting the statute. Those Congressional findings and declarations of purpose are as follows:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

In evaluating whether any violations of the Fair Debt Collection Practices Act occurred, you should keep these Congressional findings and purpose in mind. As the jury, it is your obligations to sustain and promote those same considerations.

You must also keep in mind that whether Plaintiff owed the debt alleged to be due is not a factor in this proceeding. Regardless of whether Plaintiff owed the debt or not, Defendants must comply with the law in all respects. Accordingly, you may not consider whether or not the Plaintiff is indebted to the Defendants or anyone else when determining whether Defendants violated the Fair Debt Collection Practices Act. The law protects all consumers equally whether they owe a debt or not.

I will now introduce you to the specific sections of the Fair Debt Collection Practices Act Plaintiff contends the Defendants violated.

**References**

15 U.S.C. § 1692

*Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982)

PLAINTIFF'S INSTRUCTION NO. 32
**Strict Liability Standard**

The Fair Debt Collection Practices Act is a strict liability statute. This means that a debt collector violates the Act whenever its conduct falls within any of the prohibited categories, regardless of whether the debt collector intended to violate the law or knew its conduct was unlawful.

You do not need to find that the Defendants intended to violate the Fair Debt Collection Practices Act. You need only find that the prohibited conduct occurred.

**References**
15 U.S.C. § 1692k(a)
*Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008)
*Young v. NPAS, Inc.,* 361 F. Supp. 3d 1171, 1188 (D. Utah 2019)
*Clark v. Capital Credit & Collection Servs. Inc*., 460 F.3d 1162, 1175 (9th Cir. 2006)

PLAINTIFF'S INSTRUCTION NO. 33
**Least Sophisticated Consumer Standard**

In determining whether the Defendants communications violated the Fair Debt Collection Practices Act you must apply the "least sophisticated consumer" standard. This law was not made for the protection of experts, but for the public— that vast multitude which includes the ignorant, the unthinking and the credulous, and the fact that a false or misleading statement may be obviously false or misleading to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced.

In reaching your determination of whether Defendants' communications are false or deceptive you must view them not through your own eyes but through the eyes of the "least sophisticated consumer."

**References**
*Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993)
*Ditty v. CheckRite, Ltd.*, 973 F.Supp. 1320, 1329 (D. Utah 1997)
*Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)

PLAINTIFF'S INSTRUCTION NO. 34
**False Representations or Implications of State Affiliation or Approval
15 U.S.C. § 1692e(1)**

The Fair Debt Collection Practices Act strictly prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

Making a false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof violates this section.

**References**
15 U.S.C. § 1692e(1)
Utah Code Ann. § 12-1-1 *et seq*.

PLAINTIFF'S INSTRUCTION NO. 35
**False Representation of the Character, Amount, or Legal Status of the Debt**
**15 U.S.C. § 1692e(2)(A)**

The Fair Debt Collection Practices Act strictly prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

Making false representations about the character, amount, or legal status of any debt violates this section.

**References**
15 U.S.C. § 1692e(2)(A)

PLAINTIFF'S INSTRUCTION NO. 36
**False Representation of the Services Rendered or Compensation Available**
**15 U.S.C. § 1692e(2)(B)**

The Fair Debt Collection Practices Act strictly prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

Making false representations of any services rendered or compensation which may be lawfully received by a debt collector for the collection of a debt violates this section.

**References**
15 U.S.C. § 1692e(2)(B)

PLAINTIFF'S INSTRUCTION NO. 37
**False Representations or Implication of Property Seizures**
**15 U.S.C. § 1692e(4)**

The Fair Debt Collection Practices Act strictly prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action, violates this section.

**References**
15 U.S.C. § 1692e(4)

PLAINTIFF'S INSTRUCTION NO. 38
**Threats of Unlawful or Unintended Action**
**15 U.S.C. § 1692e(5)**

The Fair Debt Collection Practices Act strictly prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

The threat to take any action that cannot legally be taken or that is not intended to be taken violates this section.

Where the clear import of the collection communication is that the Defendants have already taken action or are about to do so and that such action can only be averted by payment of the debt, the debt collector's failure to take the threatened action violates the FDCPA. In evaluating whether the debt collector made any unlawful or unintended threats you are to analyze the allegation from the viewpoint of the least sophisticated consumer or debtor, which I explained to you earlier.

**References**
15 U.S.C. § 1692e(5)
*Wilhelm v. Credico, Inc.*, 519 F.3d 416 (8th Cir. 2008)
*Brown v. Card Serv. Ctr.*, 464 F.3d 450 (3d Cir. 2006)
*United States v. Nat'l Fin. Servs., Inc.,* 98 F.3d 131 (4th Cir. 1996)
*Pipiles v. Credit Bureau, Inc.*, 886 F.2d 22, 25–26 (2d Cir. 1989)
*Crossley v. Lieberman*, 868 F.2d 566, 571 (3d Cir. 1989)
*Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1227–1228 (9th Cir. 1988)

PLAINTIFF'S INSTRUCTION NO. 39
**False Representations or Implications of Loss of Legal Protection**
**15 U.S.C. § 1692e(6)**

The Fair Debt Collection Practices Act strictly prohibits any false representations or implications that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to—

(A) lose any claim or defense to payment of the debt; or

(B) become subject to any practice prohibited by this subchapter.

Representing or implying that a consumer loses any legal protections or rights as a result of an assignment or transfer of the debt to the debt collector violates this section.

**References**
15 U.S.C. § 1692e(6)

PLAINTIFF'S INSTRUCTION NO. 40
**False Government Approval**
**15 U.S.C. § 1692e(9)**

The Fair Debt Collection Practices Act strictly prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval violates this section.

**References**
15 U.S.C. § 1692e(9)

PLAINTIFF'S INSTRUCTION NO. 41
**False Representations or Deceptive Means**
**15 U.S.C. § 1692e(10)**

The Fair Debt Collection Practices Act strictly prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer violates this section.

**References**
15 U.S.C. § 1692e(10)

PLAINTIFF'S INSTRUCTION NO. 42
**Failure to Provide "Mini-Miranda" Warnings**
**15 U.S.C. § 1692e(11)**

The Fair Debt Collection Practices Act strictly prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

The failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose violates this section.

The failure to disclose in subsequent communications that the communication is from a debt collector also violates this section.

**References**
15 U.S.C. § 1692e(11)

PLAINTIFF'S INSTRUCTION NO. 43
**False Representations or Implication that Documents are Legal Process**
**15 U.S.C. § 1692e(13)**

The Fair Debt Collection Practices Act strictly prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

The false representation or implication that documents are legal process violates this section.

**References**
15 U.S.C. § 1692e(13)

PLAINTIFF'S INSTRUCTION NO. 44
**Use of any False Business, Company, or Organization Name**
**15 U.S.C. § 1692e(14)**

The Fair Debt Collection Practices Act strictly prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization violates this section.

**References**
15 U.S.C. § 1692e(14)

PLAINTIFF'S INSTRUCTION NO. 45
**Collection of any Amount Not Authorized or Permitted**
**15 U.S.C. § 1692f(1)**

The Fair Debt Collection Practices Act strictly prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law violates this section.

**References**

15 U.S.C. § 1692f(1)

PLAINTIFF'S INSTRUCTION NO. 46
**Threats or Criminal Means**
**15 U.S.C. § 1692d(1)**

The Fair Debt Collection Practices Act strictly prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person violates this section.

**References**
15 U.S.C. § 1692d(1)

PLAINTIFF'S INSTRUCTION NO. 47
**Validation of Debts**
**15 U.S.C. § 1692g(a)**

The Fair Debt Collection Practices Act requires debt collectors to notify the consumer and provide certain information as follows:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

The failure to provide any of these notices within five days of the debt collectors' initial communication violates this section of the FDCPA.

**References**
15 U.S.C. § 1692g(a)

PLAINTIFF'S INSTRUCTION NO. 48
**Harassment, Oppression, or Abuse**
**15 U.S.C. § 1692d**

The Fair Debt Collection Practices Act strictly prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

Accordingly, any harassment, oppression, or abuse that occurs in connection with the collection of a debt violates this section.

**References**
15 U.S.C. § 1692d

PLAINTIFF'S INSTRUCTION NO. 49
**False, Deceptive, or Misleading Representations**
**15 U.S.C. § 1692e**

The Fair Debt Collection Practices Act strictly prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

Accordingly, the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt violates this section.

**References**
15 U.S.C. § 1692e

PLAINTIFF'S INSTRUCTION NO. 50
**Unfair or Unconscionable Means**
**15 U.S.C. § 1692f**

The Fair Debt Collection Practices Act strictly prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt.

Accordingly, the use of any unfair or unconscionable means to collect or attempt to collect a debt violates this section.

**References**
15 U.S.C. § 1692f

PLAINTIFF'S INSTRUCTION NO. 51
**Elements of Fraud**

Plaintiff claims that Defendants defrauded him by making false representations and omissions of material fact that caused him harm. To succeed in this claim, Plaintiff must prove each of the following by clear and convincing evidence:

1. Defendants made a false statement about an important fact; and

2. either Defendants made the statement knowing it was false, or they made the statement recklessly and without regard for its truth; and

3. Defendants intended that Plaintiff would rely on the statement; and

4. Plaintiff reasonably relied on the statement; and

5. Plaintiff suffered damages as a result of relying on the statement.

**References**
MUJI CV1801
*Cardon v. Jean Brown Research*, 2014 UT App 35, 327 P.3d 22
*Yazd v. Woodside Homes Corp.*, 143 P.3d 283 (Utah 2006)
*Armed Forces Insurance Exchange v. Harrison*, 70 P.3d 35 (Utah 2003)
*Gold Standard, Inc. v. Getty Oil Co.*, 915 P.2d 1060 (Utah 1996)
*Taylor v. Gasor, Inc.*, 607 P.2d 293 (Utah 1990)
*Dilworth v. Lauritzen*, 18 Utah 2d 386, 424 P.2d 136 (1967)
*Child v. Hayward*, 16 Utah 2d 351, 400 P.2d 758 (1965)
Fraud and Deceit, AmJur 2d, Section 209

PLAINTIFF'S INSTRUCTION NO. 52
**Duty to Speak the Whole Truth**

If Defendants made any statement, then they had a duty to tell the truth about the matter, to make a fair disclosure, and to prevent a partial statement from being misleading or giving a false impression.

**References**
MUJI CV1807
Fraud and Deceit, AmJur 2d, Section 209

PLAINTIFF'S INSTRUCTION NO. 53
**Concealment or Fraudulent Nondisclosure**

Fraud may be committed by concealment or nondisclosure as well as by affirmative misrepresentation.

A party who makes a statement has a duty to disclose additional material facts necessary to prevent that statement from being misleading. A party who knows that another is acting under a mistaken belief also has a duty to disclose the truth when fairness requires it.

To establish that Defendants committed fraud by concealment or nondisclosure, Plaintiff must prove the following by clear and convincing evidence:

1. Defendants failed to disclose or concealed one or more important facts;
2. Defendants knew those facts or acted with reckless disregard for whether they were true;
3. Plaintiff did not know and could not reasonably have discovered the concealed facts;
4. Defendants had a duty to disclose those facts; and
5. Defendants' failure to disclose was a substantial factor in causing Plaintiff's damages.

A duty to disclose arises when a party makes a partial or misleading statement, when a party knows the other is acting under a material misunderstanding, or when one party occupies a position of trust or superior knowledge over the other.

**References**
MUJI CV1811
*Yazd v. Woodside Homes Corp.*, 143 P.3d 283, 286 (Utah 2006)
*Armed Forces Ins. Exch. v. Harrison*, 70 P.3d 35, 40 (Utah 2003)

PLAINTIFF'S INSTRUCTION NO. 54
**Established Facts**

The following facts have been previously established as true for purposes of this trial. This means that you must accept the fact as true.

1.  The Defendants are debt collectors under the Fair Debt Collection Practices Act.

2.  None of the Defendants were registered as debt collectors with the State of Utah when they communicated with the Plaintiff.

3.  The alleged debt in this case arises from medical care Plaintiff received because of being injured at work. It was therefore for personal, family, or household purposes.

4.  Under Utah law, Plaintiff was not responsible for payment of those medical expenses because they arose out of a work injury.

5.  Over the years, Defendants collected well-over $3,500,000.00 from debtors.

**References**
MUJI CV125

PLAINTIFF'S INSTRUCTION NO. 55
**Actual Damages**

If you find in favor of the Plaintiff in this case, you must determine an appropriate amount of actual damages to fairly compensate the Plaintiff as a result of the Defendants' conduct. There is no exact standard to apply but the award should be fair in light of the evidence. Actual damages not only include any out-of-pocket expenses but also damages for personal humiliation, embarrassment, mental anguish, and emotional distress.

You must determine a fair and adequate award of these items through the exercise of your judgment and experience in the affairs of the world after considering all the facts and circumstances presented during the trial of this case.

**References**
*Smith v. Law Offices of Mitchell N. Kay*, 124 F.R. 182 (Del. 1991)
Eleventh Circuit Pattern Jury Instructions (Civil) Adverse Employment Action Claims Instructions 4.1, 4.2, 4.3, 4.4, 4.5, 4.9 (2013 Edition)
*McCollough v. Johnson, Rodenburg & Lauinger, L.L.C.*, 637 F.3d 939, 957 (9th Cir. 2011)
*In re Maxwell*, 281 B.R. 101(Bankr. D. Ma. 2002)
*In re Littles*, 75 B.R. 241, 242 (Bankr. E.D. Pa. 1987)

PLAINTIFF'S INSTRUCTION NO. 56
**Statutory Damages under the Fair Debt Collection Practices Act**

In addition to actual damages, and regardless of whether actual damages are awarded, the jury may award statutory damages under the Fair Debt Collection Practices Act in an amount not to exceed $1,000.00.

In determining the amount of statutory damages to be awarded, whether $1.00 or up to and including $1,000.00, the Act provides that the jury shall consider among other relevant factors, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which noncompliance was intentional.

**References**
15 U.S.C. § 1692k(b)(1)

PLAINTIFF'S INSTRUCTION NO. 57
**Punitive Damages – Introduction**

In addition to compensatory damages, Plaintiff also seeks to recover punitive damages against Defendants. Punitive damages are not intended to compensate Plaintiff for his loss. They are intended to punish a wrongdoer for extraordinary misconduct and to discourage others from similar conduct.

Punitive damages may only be awarded if Plaintiff has proven by clear and convincing evidence that Defendants' conduct was:

1. willful and malicious; OR,

2. intentionally fraudulent; OR,

3. manifested a knowing and reckless indifference toward, or a disregard of, the rights of the Plaintiff or others.

**References**
MUJI CV2026
Utah Code § 78B-8-201(1)(a)
*Westgate Resorts v Consumer Protection Group, LLC*, 285 P.3d 1219, 1222-1223 (Utah 2012)
*Daniels v. Gamma W. Brachytherapy, LLC*, 2009 UT 66, 221 P.3d 256
*State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003)
*Hall v. Walmart Stores, Inc.*, 959 P.2d 109 (Utah 1998)
*BMW of N. Am. Inc. v. Gore*, 517 U.S. 559, 568 (1996)
*Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 19-20 (1991)
*Johnson v. Rogers*, 763 P.2d 771, 773 (Utah 1988)
*Gleave v. Denver & Rio Grande W. R. Co.*, 749 P.2d 660 (Utah Ct. App. 1988)
*Biswell v. Duncan*, 742 P.2d 80, 84 (Utah Ct. App. 1987)
*Behrens v. Raleigh Hills Hospital*, 675 P.2d 1179 (Utah 1983)
*Bundy v. Century Equipment, Inc.*, 697 P.2d 754, 759 (Utah 1984)

PLAINTIFF'S INSTRUCTION NO. 58
**Punitive Damages – Factors to Consider in Determining the Amount of Damages**

Punitive damages should be awarded in the amount necessary to fulfill the two purposes of punitive damages: to punish past misconduct and to discourage future misconduct. Your decision should not be arbitrary. The amount must be reasonable and bear some relationship to the Plaintiff's harm.

In determining the amount of punitive damages, you may also consider any evidence regarding the following factors:

1. the wealth or financial condition of the Defendants;

2. the nature of the misconduct;

3. the facts and circumstances surrounding the misconduct;

4. the effect of Defendants' conduct on the Plaintiff;

5. the probability of future reoccurrence of the misconduct toward Plaintiff or others;

6. the relationship of the parties; and

7. the amount of compensatory damages awarded.

**References**
MUJI CV2029; CV2027
Utah Code § 78B-8-201(2)
*State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 426 (2003)
*Cooper Indus., Inc. v. Leatherman Tool Group, Inc*. 532 U.S. 424, 440-42 (2001)
*BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 580-83 (1996)
*Crookston v. Fire Insurance Exchange*, 817 P.2d 789, 811 (Utah 1991)
*Westgate Resorts v Consumer Protection Group, LLC*, 285 P.3d 1219, 1222-1223 (Utah 2012)

PLAINTIFF'S INSTRUCTION NO. 59
**Punitive Damages – Reprehensibility**

In determining the amount of punitive damages that should be awarded, you should consider the reprehensibility of Defendants' conduct. Greater reprehensibility may justify a higher punitive damage award while lesser reprehensibility may justify a lower amount.

When determining the degree of reprehensibility, you may consider the following:

1. whether the harm caused was physical as opposed to economic;

2. whether the conduct showed an indifference to or a reckless disregard for the health or safety of others;

3. whether the target of the conduct was financially vulnerable;

4. whether the conduct involved repeated actions or was an isolated incident; and

5. whether the harm was the result of intentional malice, trickery, or deceit, rather than mere accident.

**References**
MUJI CV2030; CV2031
*BMW of N. Am., Inc. v. Gore,* 517 U.S. 559, 576–77 (1996)
*State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 419 (2003)
*Westgate Resorts v Consumer Protection Group*, LLC, 285 P.3d 1219, 1222-1223 (Utah 2012)