David P. Gardner (10096)
**KIRTON McCONKIE**
301 North 200 East, Suite 3A
St. George, UT 84770
Telephone: (435) 574-5672
dgardner@kmclaw.com

*Attorneys for Defendant Michael W. Erickson*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ROB KOLKMAN, CONSTABLE KOLKMAN, LLC, and MICHAEL ERICKSON,<br><br>　　　　Defendants. | **DEFENDANT MICHAEL ERICKSON'S PROPOSED JURY INSTRUCTIONS**<br><br>Case No. 2:23-cv-00420-TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

COMES NOW Defendant Michael W. Erickson, by and through his counsel of record, and submits the following Proposed Jury Instructions.

DATED this 6th day of April 2026.

　　　　　　　　　　　　　　　　KIRTON McCONKIE

　　　　　　　　　　　　　　　　*/s/ David Gardner*
　　　　　　　　　　　　　　　　David P. Gardner
　　　　　　　　　　　　　　　　*Attorneys for Defendant Michael W. Erickson*

## CERTIFICATE OF SERVICE

I hereby certify that on 4/6/2026, I served the foregoing DEFENDANT MICHAEL ERICKSON'S PROPOSED JURY INSTRUCTIONS to counsel of record through email.

*/s/ David P. Gardner*

**DEFENDANT ERICKSON'S PROPOSED INSTRUCTION NO. __.**

**FDCPA**

**DEFINITION OF A DEBT COLLECTOR**

A "debt collector" is defined by the FDCPA as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debt, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another."

**DEFENDANT ERICKSON'S PROPOSED INSTRUCTION NO. __.**

**DEFINTION OF A JUDGMENT**

Under Utah law, a judgment is defined as a final, enforceable determination by a court that specifically adjudicates the rights of the parties and clearly states what relief is granted or denied. A valid judgment must be set out in a separate document, signed by a judge, filed with the clerk, and recorded in the docket. The judgment must be sufficiently definite and certain to be susceptible of enforcement, specifying what the prevailing party shall receive and what the losing party is required to do, pay, or discharge.

Ellinwood v. Bennion, 73 Utah 563 (1929).

**DEFENDANT ERICKSON'S PROPOSED INSTRUCTION NO. __.**

**DEFINITION OF WRIT OF EXECUTION**

A writ of execution is a post-judgment enforcement tool that allows creditors to seize and sell a debtor's property to satisfy court-ordered monetary judgments or property delivery orders. Under Utah state law, a writ of execution is available to seize property following entry of a final judgment requiring payment of money or delivery of property. The scope of property subject to execution includes both tangible and intangible assets, real and personal property, and the right to property whether due or to become due. Execution serves as the mechanism to carry the court's decree into effect, authorizing a sheriff or other office to levy on the debtor's assets to satisfy the debt.

URCP 64E
Cougar Canyon Loan, LLC v. Cypress Fund, LLC, 466 P.3d 171 (2020).

## DEFENDANT ERICKSON'S PROPOSED INSTRUCTION NO. __.

## AUTHORITY OF CONSTABLES

Under Utah law, constables have broad authority when executing judgments, including the power to seize property, conduct sales, and collect proceeds to satisfy court-ordered debts. Constables are classified as "officers" under Utah Civil Procedure rules and can execute writs of execution on both real and personal property.  Their authority extends to levying on non-exempt property in the defendant's possession or control, conducting constable sales, and interacting with third parties during the execution process.  This broad definition grants constables the same execution authority as sheriffs when properly authorized by the court.  Constables executing judgments have substantial power to seize and dispose of property.  They can obtain writs of execution to seize property in the possession or under the control of the defendant following entry of a final judgment or order requiring the delivery of property of the payment of money.  A constable, pursuant to a writ of execution, may levy upon the non-exempt property and sell it at a sheriff's sale.

URCP 64
Applied Medical Technologies v. Eames, 44 P.3d 699 (2002).
Alarm Protection Technology, LLC v. Crandall, 491 P.3d 928 (2021).
Larsen v. Associates Financial Service Co, Inc., 564 P.2d 1128 (1978).

**DEFENDANT ERICKSON'S PROPOSED INSTRUCTION NO. __.**

**STATUTORY FRAMEWORK UNDER UTAH CODE ANN. § 17-72-304**

Under Utah Code Ann. § 17-72-304 the following fees "shall" be charged:

(a) for serving a notice, rule, order, subpoena, garnishment, summons, or summons and complaint, or garnishee execution, or other process by which an action or proceeding is commenced, on each defendant, including copies when furnished by plaintiff, $20;

(b) for taking or approving a bond or undertaking in any case in which he is authorized to take or approve a bond or undertaking, including justification, $5;

(c) for a copy of any writ, process or other paper when demanded or required by law, for each folio, 50 cents;

(d) for serving an attachment on property, or levying an execution, or executing an order of arrest or an order for the delivery of personal property, including copies when furnished by plaintiff, $50;

(e) for taking and keeping possession of and preserving property under attachment or execution or other process, the amount the court orders to a maximum of $15 per day;

(f) for advertising property for sale on execution, or any judgment, or order of sale, exclusive of the cost of publication, $15;

(g) for drawing and executing a sheriff's deed or a certificate of redemption, exclusive of acknowledgment, $15, to be paid by the grantee;

(h) for recording each deed, conveyance, or other instrument affecting real estate, exclusive of the cost of recording, $10, to be paid by the grantee;

(i) for serving a writ of possession or restitution, and putting any person entitled to possession into possession of premises, and removing occupant, $50;

(j) for holding each trial of right of property, to include all services in the matter, except mileage, $35;

(k) for conducting, postponing, or canceling a sale of property, $15;

(l) for transporting a prisoner to and from prison to attend court proceedings in a civil case, $2.50 for each mile necessarily traveled, up to a maximum of 100 miles;

(m) for receiving and paying over money on execution or other process, as follows:

7

(i) if the amount collected does not exceed $1,000, 2% of this amount, with a minimum of $1; and

(ii) if the amount collected exceeds $1,000, 2% on the first $1,000 and 1-1/2% on the balance; and

(n) for executing in duplicate a certificate of sale, exclusive of filing it, $10.

The fees allowed for the levy of execution and for advertising shall be collected from the judgment debtor as part of the execution in the same manner as the sum directed to be made.

When traveling generally to serve notices, orders, process, or other papers, $2.50 may be received for each mile necessarily traveled, in going only, computed from the courthouse for each person served, to a maximum of 100 miles.

Only one mileage fee may be charged if any two or more papers are required to be served in the same action or proceeding at the same time and at the same address.

If it is necessary to make more than one trip to serve any notice, order, process, or other paper, no more than two additional milage charges may be collected.

Utah Code Ann. § 17-72-304.

**DEFENDANT ERICKSON'S PROPOSED INSTRUCTION NO. __.**

**STATUTORY FRAMEWORK UNDER UTAH CODE ANN. § 17-78-602**

Under Utah Code Ann. § 17-78-602, to qualify as a constable, an individual shall be certified as a special function peace officer in the state. A constable shall:

(a) avoid all conflicts of interest; and

(b) maintain a public office and be accessible to the public and to the court during the hours the court is open.

In cases where it appears in any court of record that the sheriff is a party, or where an affidavit is filed with the clerk of the court stating partiality, prejudice, consanguinity, or interest on the part of the sheriff, the clerk of the court shall direct process to any constable of the county, whose duty it shall be to execute it in the same manner as if the constable were sheriff.

Utah Code Ann. § 17-78-602

**DEFENDANT ERICKSON'S PROPOSED INSTRUCTION NO. __.**

**STATUTORY FRAMEWORK UNDER UTAH CODE ANN. § 17-78-603**

Under Utah Code Ann. § 17-78-603, a constable, contracted or appointed, shall:

> (a) attend the justice courts within the constable's county when required by contract or court order; and

> (b) execute, serve, and return all process directed or delivered to the constable by a judge of the justice court serving the county, or by any competent authority within the limits of this section.

A constable, contracted or appointed, may:

> (a) serve any process throughout the state; and

> (b) carry out all other functions associated with a constable.

Utah Code Ann. § 17-78-603

**DEFENDANT ERICKSON'S PROPOSED INSTRUCTION NO. __.**

**STATUTORY FRAMEWORK UNDER UTAH CODE ANN. § 17-78-604**

Under Utah Code Ann. § 17-78-604, constables may, for the constable's own use, collect as compensation in civil matters the same fees as those specified for sheriffs in Utah Code Ann. § 17-72-304.

Constable fees that exceed the amounts in Utah Code Ann. § 17-72-304 are recoverable:

> (a) by the constable only if the constable has received prior approval for the increased fee from the party requesting the service; and

> (b) by prevailing party as a cost of the action only if the court finds the service and increased fee are justifiable.

Utah Code Ann. § 17-78-604

**DEFENDANT ERICKSON'S PROPOSED INSTRUCTION NO. __.**

**STATUTORY FRAMEWORK UNDER UTAH CODE ANN. § 17-78-607**

Under Utah Code Ann. § 17-78-607, while performing a duty described in Utah Code Ann. § 17-78-603, a constable shall prominently display a badge or other visible form of credentials and identification identifying:

> (a) the individual as a constable;

> (b) the individual's name; and

> (c) the county for which the constable is appointed or contracted.

If a constable serves process, the constable shall:

> (a) verbally communicate to the person being served that the constable is a constable; and

> (b) print on the first page of each document served:

>> (i) the constable's name and identification as a constable;

>> (ii) the county for which the constable is appointed; and

>> (iii) a business phone number for the constable.

If a constable wears a uniform, the uniform shall be clearly marked with the word "constable" on the uniform shirt and, if applicable, the jacket.

Utah Code Ann. § 17-78-607

12