Mark A. Nickel (14082)
J. Tyler Martin (13551)
Ryan L. Anderson (18670)
**GORDON REES SCULLY MANSUKHANI, LLP**
15 W South Temple, Suite 1600
Salt Lake City, UT 84101
Telephone: (801) 204-9989
Facsimile: (385) 282-7590
mnickel@grsm.com
tymartin@grsm.com
randerson@grsm.com

*Attorneys for Defendants Constable Kolkman, LLC, and Rob Kolkman*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>   Plaintiff,<br><br>v.<br><br>ROB KOLKMAN; CONSTABLE KOLKMAN LLC; UTAH COUNTY CONSTABLE'S OFFICE, OFFICE OF THE UTAH COUNTY CONSTABLE, and JOHN DOES 1-5,<br><br>   Defendants. | **ROB KOLKMAN'S AND CONSTABLE KOLKMAN LLC'S PROPOSED VERDICT FORM**<br><br>Case No. 2:23-cv-00420-TS<br>Judge: Ted Stewart<br>Magistrate Judge: Cecilia M. Romero |

Defendants, Rob Kolkman and Constable Kolkman LLC (collectively, "Constable Defendants"), by and through their counsel of record submit the following Proposed Verdict Form

DATED this 6th day of April, 2026.

Gordon Rees

*/s/ J. Tyler Martin*
Mark A. Nickel
J. Tyler Martin
*Attorneys for Defendants Rob Kolkman and Constable Kolkman LLC*

CERTIFICATE OF SERVICE

I hereby certify that on 6th day of April I served the foregoing Verdict Form to all parties' counsel of record through email.

_J. Tyler Martin_____

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CHARLES YOUNG,<br><br>      Plaintiff,<br><br>v.<br><br>ROB KOLKMAN, CONSTABLE KOLKMAN, LLC, and MICHAEL ERICKSON,<br><br>      Defendants. | **VERDICT FORM**<br><br>Case No. 2:23-cv-00420-TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

**VERDICT**

We, the jury, answer the questions submitted to us as follows:

**Count 1, FDCPA**

1. Did the Defendant, Michael Erickson, attempt to collect a debt from Plaintiff, Charles Young?

    Yes _____        No _____

    If your answer to Question No. 1 is "Yes," please proceed to Question No. 2. If your answer to Question No. 1 is "No," please proceed to Question No. 6.

2. Did the Defendant, Michael Erickson, violate the Fair Debt Collection Practices Act in attempting to collect a debt from Charles Young?

    Yes _____        No _____

    If your answer to Question No. 2 is "Yes," please proceed to Question No. 3. If your answer to Question No. 2 is "No," please proceed to Question No. 6.

3. Was any violation of the Fair Debt Collection Practices Act a proximate cause of damages to Plaintiff, Charles Young?

    Yes _____        No _____

    If your answer to Question No. 3 is "Yes," please proceed to Question Nos. 4 and 5. If your answer to Question No. 3 is "No," please proceed to Question No. 6.

4. What amount do you award to Plaintiff, Charles Young, for statutory damages against Defendant, Michael Erickson, under the FDCPA (not to exceed $1,000.00)?

$_____

5. What amount do you award to Plaintiff, Charles Young, for actual damages against Defendant, Michael Erickson?

$_____

6. Did the Defendant, Rob Kolkman, attempt to collect a debt from Plaintiff, Charles Young?

   Yes _____           No _____

   If your answer to Question No. 6 is "Yes," please proceed to Question No. 7. If your answer to Question No. 6 is "No," please proceed to Question No. 11.

7. Did the Defendant, Rob Kolkman, violate the Fair Debt Collection Practices Act in attempting to collect a debt from Charles Young?

   Yes _____           No _____

   If your answer to Question No. 7 is "Yes," please proceed to Question No. 8. If your answer to Question No. 7 is "No," please proceed to Question No. 11.

8. Was any violation of the Fair Debt Collection Practices Act a proximate cause of damages to Plaintiff, Charles Young?

   Yes _____           No _____

   If your answer to Question No. 8 is "Yes," please proceed to Question Nos. 9 and 10. If your answer to Question No. 8 is "No," please proceed to Question No. 11.

9. What amount do you award to Plaintiff, Charles Young, for statutory damages against Defendant, Rob Kolkman, under the FDCPA (not to exceed $1,000.00)?

   $_____

10. What amount do you award to Plaintiff, Charles Young, for actual damages against Defendant, Rob Kolkman?

   $_____

**Count 2, Fraud**

11. Did the Defendant, Michael Erickson, make any intentional misrepresentations of important facts that Plaintiff, Charles Young, relied on?

   Yes _____           No _____

12. Did the Defendant, Michael Erickson, intentionally hide important information from the Plaintiff, Charles Young, while trying to collect the debt?

   Yes _____           No _____

If your answers to Question Nos. 11 or 12 is "Yes," please proceed to Question No. 13.  If your answers to Question Nos. 11 and 12 is "No," please proceed to Question No. 14.

13. What amount do you award to Plaintiff, Charles Young, for actual damages proximately caused by fraud against Defendant, Michael Erickson?

$_____

14. Did the Defendant, Rob Kolkman, make any intentional misrepresentations of important facts that Plaintiff, Charles Young, relied on?

Yes _____            No _____

15. Did the Defendant, Rob Kolkman, intentionally hide important information from the Plaintiff, Charles Young, while trying to collect the debt?

Yes _____            No _____

If your answers to Question Nos. 14 or 15 is "Yes," please proceed to Question No. 16.  If your answers to Question Nos. 14 and 15 is "No," please proceed to sign the Verdict.

16. What amount do you award to Plaintiff, Charles Young, for actual damages proximately caused by fraud against Defendant, Rob Kolkman?

$_____

Date: _____        Presiding Juror: _____