Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

---

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>    Plaintiff,<br><br>vs.<br><br>ROB KOLKMAN, *et al*.<br><br>    Defendants. | **PRETRIAL ORDER**<br><br>Case Number: 2:23-cv-00420-TS<br>Judge: Ted Stewart |

This matter having come before this Court on April 7, 2026 at a pretrial conference held before the Honorable Ted Stewart, pursuant to Rule 16; and Eric Stephenson having appeared as counsel for the Plaintiff, David Gardner having appeared as counsel for Michael Erickson, and Tyler Martin having appeared as counsel for the Kolkman Defendants, the following action was taken:

1.      JURISDICTION. This is an action for violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.) and fraud. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331, § 1367, and 15 U.S.C. § 1692k(d) which grant the United States District Courts jurisdiction to hear this action without regard to the amount in controversy. The jurisdiction of this Court is not disputed and is hereby determined to be present.

VENUE. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and transactions giving rise to Plaintiff's claims occurred within this federal judicial district and because the Defendant's conduct business and reside in the State of Utah within the meaning of 28 U.S.C. § 1391(b) and (c). Venue is laid in the Central Division of the District of Utah pursuant to 28 U.S.C. § 125(2).

2.      GENERAL NATURE OF THE CLAIMS OF THE PARTIES

        a.      Plaintiff's Claims: Plaintiff alleges that Defendants Constables engaged in a pattern of deceptive, misleading, and unlawful conduct in attempting to collect a purported debt, including misrepresenting the nature and amount of the debt, threatening actions they could not legally take, falsely implying governmental authority, and using communications designed to mislead and coerce payment, invoking or exploiting the mantle of constable authority to lend false credibility to their collection efforts, while also failing to provide required statutory notices and attempting to collect unauthorized amounts. Plaintiff further alleges that this conduct was fraudulent, including false representations regarding the right to seize and sell property, use of unregistered collection activities, and use of entities as alter egos to facilitate the scheme.

        b.      Defendant's Claims: Defendants are Constables who claim they were executing a writ and judgment on Plaintiff and dispute Plaintiff's claims.

3.    UNCONTROVERTED FACTS. The following facts are established by admissions in the pleadings, by order pursuant to Fed. R. Civ. P. 56(d), or by stipulation of counsel:

a.    Defendants are constables and were provided a writ and judgment against the Plaintiff.

b.    The Defendants in this case—Michael Erickson, Rob Kolkman, and Constable Kolkman LLC—are debt collectors for purposes of this case under the Fair Debt Collection Practices Act. None of them were registered as debt collectors with the State of Utah at the time they communicated with the Plaintiff.

4.    CONTESTED ISSUES OF FACT. The contested issues of fact remaining for decision are:

a.    Whether Defendants communications or conduct were false, misleading, deceptive, unfair, or unconscionable.

b.    Whether Defendants communications or conduct created a false impression of governmental authority.

c.    Whether Defendants' use or invocation of constable authority in connection with debt collection created a false, misleading, deceptive, unfair, or unconscionable impression of governmental authority.

d.    Whether Defendants were authorized to engage in the debt collection activities at issue.

e.    Whether Defendants communications or conduct were threats they did not intend to take or were not lawful to be taken.

f.    Whether Defendants collected or attempted to collect amounts not authorized by the agreement or permitted by law.

g.    Whether Defendants communications or conduct was malicious or taken in reckless disregard for Plaintiff's rights.

h.    Whether Defendants provided the notices and disclosures required by the Fair Debt Collection Practices Act.

i.    Whether Plaintiff suffered damages because of Defendants communications or conduct.

5.    CONTESTED ISSUES OF LAW. The contested issues of law, in addition to those implicit in the foregoing issues of fact, are:

a.    Whether Defendants communications or conduct violated the Fair Debt Collection Practices Act.

b.    Whether Defendants communications or conduct constitute fraud.

c.    Whether any violation of the Fair Debt Collection Practices Act or fraud caused damages to Plaintiff, and the nature and extent of any such damages.

6.    EXHIBITS

a.    Plaintiff's exhibits:
1.    Application for Writ of Execution
2.    Billing Statements from Mountain Land Collections
3.    Call List from Mountain Land Collections
4.    Collection Letter from Mountain Land Collections
5.    Collection Notes from Mountain Land Collections
6.    Constables Return

7.    Debtor Contact List from Mountain Land Collections

8.    Default Judgment

9.    Notice of Judgment

10.    Summons Return

11.    Transaction List

12.    Writ of Execution

13.    Notice of Sale Exemplars

14.    Complaint

15.    Collection Letter 2022 08 18

16.    Collection Letter 2022 09 13

17.    Collection Letter 2022 09 23

18.    Collection Letter 2022 10 25

19.    Collection Letter 2022 11 29

20.    Collection Letter 2022 12 28

21.    Collection Letter 2023 02 27

22.    Collection Letter 2023 02 27

23.    Receipts of Payments Plaintiff made to the Defendants

24.    Collection Notes from the Defendants

25.    Notice of Sale and other letters (Besendorfer)

26.    Notice of Sale and other letters (Hernandez)

27.    Notice of Sale and other letters (Cox)

28.    Notice of Sale and other letters (Peretto)

29.    Notice of Sale and other letters (Cordero)

30.    Plaintiff's summary exhibit of Square Payments Register (to be offered pursuant to Fed. R. Evid. 1006)

31.  Documents from Mountain Land Collections v. Charles Young, Case No. 229102019

32.  Publicly available online records, listings, and search results from platforms where sales or auctions of property are ordinarily advertised, relating to Defendants' alleged sales in this and other matters, including evidence reflecting the absence of any advertised sale of Plaintiff's property and the absence of advertised sales in other similar matters involving Defendants.

33.  Documents produced in discovery by any party

34.  Documents obtained through subpoenas

35.  Deposition transcripts and exhibits

36.  Business records and records of regularly conducted activity

37.  Documents used for impeachment or rebuttal

Plaintiff reserves the right to supplement or amend this exhibit list, including to add exhibits for impeachment, rebuttal, or as otherwise permitted by the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Court's rulings. Plaintiff also reserves the right to use all versions of documents that have multiple versions, including versions that Defendants altered during discovery. Plaintiff may offer summary exhibits pursuant to Fed. R. Evid. 1006. The underlying documents have been produced in discovery and will be made available for inspection and use at trial.

    b.    Defendants' exhibits:

        1.    Writ of Execution

        2.    Account history Information (including payments) for Plaintiff;

        3.    Account Notes;

        4.    Judgment against Plaintiff

        5.    Notice of Sale

        6.    Mountain Land Collections letters of 4/15/2021, 5/15/2021, 6/6/2021, 9/10/2021, 11/10/2021.

        7.    Mountain Land Collections letters re: Epic Emergency Physicians, Utah Valley Emergency Physicians,

        8.    Mountain Land Summons/Complaint/Notice of Entry of Judgment

        9.    8/2022 Michael Erickson Letter with Writ of Execution

        10.    9/3/2022 Constable's Office Notice of Proposed Sale of Property and Notice of Sale.

        11.    Michael W. Erickson, Letter re: Sale of Property and Notice of Sale

        12.    10/25/2022 Michael W. Erickson, Letter re: Payment

        13.    2/27/2023 New Constable Letter re: Rob Kolkman

        14.    2/27/2023 Letter re: Payment

    c.    Exhibits by third parties: None.

    d.    Exhibits received in evidence and placed in the custody of the clerk may be withdrawn from the clerk's office upon signing of

receipts therefor by the respective parties offering them. The exhibits shall be returned to the clerk's office within a reasonable time and in the meantime shall be available for inspection at the request of the other parties.

e.      Exhibits identified and offered that remain in the custody of the party offering them shall be made available for review by the offering party to any other party to the action that requests them in writing.

f.      Except as otherwise indicated, the authenticity of received exhibits has been stipulated but they have been received subject to objections, if any, by an opposing party at the trial as to their relevancy and materiality. If other exhibits are to be offered, the necessity for which reasonably cannot now be anticipated, they will be submitted to opposing counsel at least ten days prior to trial.

7.      WITNESSES

a.      In the absence of reasonable notice to opposing counsel to the contrary:

      i.      Plaintiff will call as witnesses:

           1.    Charles Young

      ii.      Plaintiff may call as witnesses:

           1.    Jason Besendorfer

           2.    Elizabeth Hernandez

           3.    Tara Peretto

           4.    Heidi Cordero

           5.    Heather Cox

6.   John Sindt

7.   Michael Erickson

8.   Rob Kolkman

9.   Constable Kolkman LLC

10.  Cory Revill

11.  Andrea Croft

12.  Lacey Cherrington

13.  Mountain Land Collections LLC

14.  Olson Associates PLLC

iii.  Plaintiff may use the following depositions at trial for any purpose permitted under Fed. R. Civ. P. 32 and the Federal Rules of Evidence, including impeachment, and as substantive evidence to the extent permitted:

1.   The depositions of Rob Kolkman (*Cordero v. Kolkman et al.*, Case No. 2:23-cv-00756) and *Hernandez v. Kolkman et al.*, Case No. 2:23-cv-00772)

2.   The deposition of Constable Kolkman LLC (*Cordero v. Kolkman et al.*, Case No. 2:23-cv-00756)

3.   The deposition of Michael Erickson (*Berry v. Kolkman et al.*, Case No. 2:24-cv-00705)

4.   The deposition of John Sindt (*Berry v. Kolkman et al.*, Case No. 2:24-cv-00705)

5.   The deposition of Lacey Cherrington (*Peretto v. Erickson et al.*, 1:23-cv-00025)

6. The Rule 30(b)(6) deposition of Chip Shaner on behalf of Olson Associates PLLC (*Cordero v. Kolkman et al.*, Case No. 2:23-cv-00756)

7. The Rule 30(b)(6) deposition of Mark Olson on behalf of Olson Associates PLLC (*Cordero v. Kolkman et al.*, Case No. 2:23-cv-00756)

8. The Rule 30(b)(6) deposition of Quinn Kofford on behalf of Mountain Land Collections LLC

9. The deposition of Heidi Cordero (*Cordero v. Kolkman et al.*, Case No. 2:23-cv-00756)

Plaintiff reserves the right to designate specific portions of these depositions as necessary and to use deposition testimony for impeachment, rebuttal, or any other purpose permitted by the Federal Rules.

b. In the absence of reasonable notice to opposing counsel to the contrary:

i. Defendant Erickson will call as witnesses:

1. Michael Erickson

ii. Defendant Erickson may call as witnesses: None.

iii. Defendant Erickson will use the following depositions:

1. The deposition of Charles Young.

c. In the absence of reasonable notice to opposing counsel to the contrary:

i. The Kolkman Defendants will call as witnesses:

1. Rob Kolkman

ii. The Kolkman Defendants may call as witnesses:

          1.     Corey Revill

          2.     Mountain Land Collections

          3.     Olson & Associates

    iii.    The Kolkman Defendants will use the following depositions:

          1.     Rob Kolkman

          2.     Corey Revill

d.    In the event that witnesses other than those listed are to be called to testify at the trial, a statement of their names, addresses, and the general subject matter of their testimony will be served upon opposing counsel and filed with the court at least ten days prior to trial. This restriction shall not apply to rebuttal witnesses whose testimony, where required, cannot reasonably be anticipated before the time of trial.

8.    REQUESTS FOR INSTRUCTIONS. If the case is to be tried before a jury, requests for instructions to the jury and special requests for voir dire examination of the jury shall be submitted to the court pursuant to DUCivR 51-1. Counsel may supplement requested instructions during trial on matters that could not reasonably be anticipated prior to trial.

9.    AMENDMENTS TO PLEADINGS. There were no requests to amend pleadings.

10.    DISCOVERY. Further discovery is limited to Defendants providing the addresses of those witnesses they represent but have thus far refused to provide their addresses for service of subpoenas.

11.    TRIAL SETTING.

a. The case was set for trial with a jury on April 20, 2026 at 8:30 a.m. at the United States District Court for the District of Utah, located at 351 South West Temple St, Salt Lake City, Utah 84101.

12. POSSIBILITY OF SETTLEMENT. Possibility of settlement is considered poor.

DATED _____          BY THE COURT:


_____
*Ted Stewart*
*United States District Judge*

The foregoing proposed pretrial order (prior to execution by the court) is hereby adopted this 7th day of April, 2026.


/s/ Eric Stephenson
_____
Eric Stephenson
*Counsel for Plaintiff Charles Young*


/s/ David Garder (electronically signed with permission)
_____
David Gardner
*Counsel for Defendant Michael Erickson*


/s/ Tyler Martin (electronically signed with permission)
_____
Tyler Martin
*Counsel for Defendants Rob Kolkman and Constable Kolkman LLC*