Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG, <br><br> Plaintiff, <br><br> vs. <br><br> ROB KOLKMAN *et al*., <br><br> Defendants. | **MOTION FOR JUDICIAL NOTICE** <br><br> Case Number: 2:23-cv-00420-TS <br> Judge: Ted Stewart |

Plaintiff respectfully requests this Court to take judicial notice of the contents of certain Utah statutes and administrative rules pursuant to Rule 201 of the Federal Rules of Evidence.

STANDARD OF REVIEW

A court may take judicial notice of any "fact that is not subject to reasonable dispute because it: (1) is generally known within the trial courts territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[1] "Judicial notice permits a judge to accept a matter as proved without requiring the party to offer evidence of it."[2] "The court may take judicial notice at any stage of the proceeding," and must take judicial notice if a party requests it and supplies the court with the necessary information."[3] Courts routinely take judicial notice of

---

[1] Fed. R. Evid. 201
[2] *United States v. Estep*, 760 F.2d 1060, 1063 (10th Cir. 1985) (*internal quotation marks omitted*).
[3] Fed. R. Evid. 201(b)-(d)

1

statutes and administrative regulations. "That the courts are allowed to take judicial notice of statutes is unquestionable."[4]

ARGUMENT

Utah Code Ann. § 34A-2-401(2) addresses responsibility for compensation and medical expenses arising out of work-related injuries. The statute provides that such expenses are to be borne by the employer and its workers' compensation insurance carrier and not the employee. The contents of this statute are not subject to reasonable dispute and are capable of accurate and ready determination from an official source.

Utah Admin. Code R612-300-7 governs billing practices for medical services related to workers' compensation claims. The rule addresses whether and under what circumstances a medical provider may bill an injured worker directly for such services. The contents of this administrative rule are likewise not subject to reasonable dispute and are appropriate for judicial notice.

Plaintiff does not ask the Court to resolve any disputed factual issue. Instead, Plaintiff requests that the Court take judicial notice of the existence and contents of Utah statutes and regulations. These legal provisions are authoritative sources of law and are not subject to reasonable dispute. Because the statutes and regulations are fixed, authoritative, and readily verifiable from sources whose accuracy cannot reasonably be questioned, judicial notice is appropriate under Federal Rule of Evidence 201.

---

[4] *United States v. Coffman*, 638 F.2d 192, 194 (10th Cir. 1980)

REQUESTED INSTRUCTION

Plaintiff respectfully requests that the Court instruct the jury as follows: Under Utah law, medical expenses arising from a work-related injury are generally the responsibility of the employer and its workers' compensation insurance carrier rather than the injured employee when the treatment is compensable under the workers' compensation system.

Plaintiff further requests that this instruction be read to the jury at the appropriate time during trial.

CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court take judicial notice of Utah Code Ann. § 34A-2-401(2) and Utah Admin. Code R612-300-7 and instruct the jury consistent with the governing Utah law.

DATED 04/08/2026                    /s/ Eric Stephenson
                                    *Attorney for the Plaintiff*

— 4 —

CERTIFICATE OF SERVICE

I hereby certify that on 4/3/2026 I served the foregoing MOTION FOR JUDICIAL NOTICE to Defendants' counsel of record through this Court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*