## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL W. ERICKSON, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [85] PLAINTIFF'S EMERGENCY MOTION TO COMPEL CONTACT INFORMATION OR ACCEPTANCE OF SUBPOENAS**<br><br>Case No. 2:23-cv-00420-TS-CMR<br><br>District Judge Ted Stewart<br><br>Chief Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff Charles Young's (Plaintiff) Motion to Compel Contact Information or Acceptance of Subpoenas (Motion) (ECF 85). Defendants filed no response, and the time to do so has now passed (*see* ECF 96). Having carefully considered the relevant filings and case law, the court finds that oral argument is unnecessary and decides this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court enters the following Memorandum Decision and Order.

### I.     BACKGROUND

The trial in this case is set for April 20, 2026 (ECF 95). Plaintiff has identified Corey Revill (Mr. Revill) and Andrea Croft (Ms. Croft) (collectively, the Witnesses) as witnesses who are expected to testify at trial, but they have not yet been served with trial subpoenas (ECF 85 at 1). According to Plaintiff, the Witnesses are represented by Tyler Martin and Ryan Anderson (collectively, Witness Counsel), who are also counsel for Defendants Rob Kolkman and Constable Kolkman LLC (*see id.*). Plaintiff asserts that he has contacted Witness Counsel to obtain the Witnesses' contact information so they could serve the subpoenas but has not received a response

(*id*. at 2). With the trial date approaching, Plaintiff filed the present Motion asking the court to order Witness Counsel to provide the current addresses and phone numbers for the Witnesses, or, if not, to accept service of the subpoenas on their behalf (*id*. at 1).

To support their request, Plaintiff cites *Berry v. Constable Kolkman LLC*, No. 2:24-cv-00705-HCN-DAO, a related case in which Ms. Croft was also expected to be a witness and was represented by the same Witness Counsel (*id*. at 2). In that case, Witness Counsel accepted service of deposition notices for Ms. Croft (*id*., citing the Motion for Sanctions, *Berry*, No. 2:24-cv-00705-HCN-DAO (ECF 58)). Plaintiff argues that if the Witnesses' contact details cannot be provided, the court should require Witness Counsel to accept service, as they have previously accepted service on behalf of witnesses they represent (*see id*. at 1–2).

## II.    DISCUSSION

Rule 26 requires a party to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information[.]" Fed. R. Civ. P. 26 (a)(1)(A)(i). This obligation extends beyond initial disclosures, as Rule 26 requires parties to supplement disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect[.]" Rule 26(e)(1)(A). Here, the requested information falls within the scope of Rule 26 and should have been disclosed once it was known that the Witnesses had relevant information. The reason for the lack of earlier disclosure is unclear.

Even though this information should have been disclosed under Rule 26, the court retains the authority to ensure the orderly and efficient administration of trial. The Supreme Court has held that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (citing *Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153

(1936)); *see also* Rule 16(c)(2)(P) (indicating that the court may take measures to manage pre-trial proceedings to "facilitate[e] in other ways the just, speedy, and inexpensive disposition of the action.")). Based on these principles, the court finds Plaintiff's request for contact information justified. The court therefore orders Witness Counsel to provide the last-known contact information for the Witnesses so subpoenas can be served.

Plaintiff alternatively requests that Witness Counsel be required to accept service of trial subpoenas on behalf of the Witnesses. Plaintiff provides no authority permitting the court to compel counsel to accept service of a subpoena on behalf of a represented witness. Moreover, the fact that Witness Counsel has accepted service in the past is not sufficient for the court to conclude that it should be compelled to do so now. More importantly, the court does not find that such relief is necessary to facilitate the orderly disposition of this action.

As discussed above, Witness Counsel is required to disclose the Witnesses' last known contact information. With that information, Plaintiff can effect service of trial subpoenas through the ordinary means. Although Rule 45 does not impose a specific deadline for service of a trial subpoena, it requires that a subpoena allow a reasonable time for compliance. *See* Rule 45(d)(3)(A)(i). Given the upcoming trial date, prompt disclosure of contact information will permit Plaintiff to effect service within a reasonable time. Accordingly, the court declines to require Witness Counsel to accept service. The court finds that providing Plaintiff with the Witnesses' contact information is sufficient to allow Plaintiff to timely serve subpoenas and secure the Witnesses' attendance at trial.

### III.    CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED in part and DENIED in part as set forth above. IT IS FURTHER ORDERED that

within twenty-four (24) hours of the entry of this Order, Defendants Rob Kolkman and Constable

Kolkman LLC, through counsel, shall provide Plaintiff the last known contact information for

Corey Revill and Andrea Croft, including their addresses and telephone numbers,

no later than April 10, 2026.

IT IS SO ORDERED.

DATED this 9 April 2026.

Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah