David P. Gardner (10096)
Zachary C. Lindley (17261)
**KIRTON McCONKIE**
301 North 200 East, Suite 3A
St. George, UT 84770
Telephone: (435) 574-5672
dgardner@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Defendant Michael W. Erickson*

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>  Plaintiffs,<br><br>v.<br><br>ROB KOLKMAN, CONSTABLE KOLKMAN, LLC, and MICHAEL ERICKSON,<br><br>  Defendant. | **DEFENDANT MICHAEL ERICKSON'S TRIAL BRIEF**<br><br>Case No. 2:23-cv-00420-TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

Pursuant to the Court's January 28, 2026 Trial Order, and in anticipation of the scheduled trial set to begin in this case on April 20, 2026, Defendant Michael W. Erickson ("Mr. Erickson"), by and through counsel, hereby respectfully submits this Trial Brief.

### INTRODUCTION

"To avoid having people coming to my house and take mine and other people's things and sell them for my bills." That is why *Plaintiff chose* to make payments to Defendants in this case. Could Defendants have disregarded Plaintiff's preference entirely, barged into his residence, removed items of his personal property, and sold them to satisfy the judgment against him? Absolutely. Did

they? Absolutely not. Why? Because that was not the right thing to do; plain and simple. It is frankly perplexing that Plaintiff brought this lawsuit against Defendants when *he was the one* who wanted to make payments in lieu of Defendants taking and selling his property. It is even more perplexing that he admitted during his deposition in this case that the payment plan facilitated by Defendants was "preferable" to "having [his] personal property sold," yet continues to push his exaggerated narrative of some purported bad faith.

Defendants are confident the jury will view Defendants' conduct in this case as not only the preferred method for anyone against whom a money judgment has been entered, but also the method specifically *preferred and requested by Plaintiff in this case*. There was simply no fraud and no violations of the Fair Debt Collection Practices Act (FDCPA).[1]

**ANTICIPATED FACTS TO BE PRESENTED AT TRIAL**

Mr. Erickson references and incorporates the Uncontroverted Facts and Contested Issues of Fact Sections set forth in the parties' joint proposed Pretrial Order (as amended), which was delivered to the Court on April 7, 2026 by Plaintiff.

**WITNESSES**

Mr. Erickson intends to call himself as a witness at trial, and Plaintiff. Mr. Erickson shall testify concerning his interactions with Plaintiff in this case, including all communications, as well as his execution of the underlying Writ of Execution.

---

[1] Mr. Erickson maintains his position set forth in the summary judgment briefing in this case that Defendants are excluded from the definition of "debt collector" under the FDCPA as "officers," and were in the performance of their official duties at all times.

## POSITIONS AT TRIAL

### I.    Mr. Erickson's Conduct Aligns with the Intent of Both the FDCPA, URCP 64E, and URCP 69A.

Under the FDCPA, "debt collectors cannot use false, deceptive, or misleading representations, or unfair or unconscionable means in attempting to collect a debt." *Tavernaro v. Pioneer Credit Recovery, Inc.*, 43 F.4th 1062, 1067 (10th Cir. 2022) (citing 15 U.S.C. §§ 1692 *et seq.*). The purpose of FDCPA is to thwart  "abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Comparatively, the overall intent of Rule 64E of the Utah Rules of Civil Procedure is to obtain the judgment amount from the judgment debtor. *See generally* Utah R. Civ. P. 64E. Importantly, under Rule 69A of the Utah Rules of Civil Procedure, constables, as officers, "must" first seize property based on the "[d]ebtor's preference," *i.e.*, "*as the defendant may indicate*." Utah R. Civ. P. 69A(a) (emphasis added).

The evidence at trial will show that Mr. Erickson's conduct was in line with the intent of the FDCPA, Rule 64E, and Rule 69A. Specifically, Mr. Erickson's evidence will show that rather than forcing himself into Plaintiff's home, taking his personal items, and selling them, Mr. Erickson allowed Plaintiff to choose a payment plan option *which Plaintiff admits that he preferred*. The evidence will show that no reasonable consumer would ever construe Mr. Erickson's conduct as anything but reasonable and preferred, and far from "unfair," "unconscionable," or the like. In the end, whether the property subject to the underlying Writ of Execution was obtained involuntarily through force or voluntarily by *Plaintiff choosing* to make periodic payments, the evidence will show that Plaintiff's personal property (*i.e.*, "cash") was obtained for satisfaction of the judgment amount against him, and Plaintiff's claims are entirely baseless. *See, e.g.*, *Hill v. Whitlock Oil Services, Inc.*, 450 F.2d 170, 174 (10th Cir. 1971) (ruling that while neither "levy" nor "seize" were defined in the

subject statute, the "fact that [judgment creditor] did not go on the land and take actual possession is not pertinent").

## II.    Mr. Erickson Included Fees as Permitted by Law and Intended to Carry out a Sale of Personal Property as Represented.

First, Utah Code § 17-72-304 permits fees including: (1) $50 "for … executing an … order for the delivery of personal property" (*Id.* at (2)(d)); (2) "$2.50 for each mile" up to "100 miles" for service (*Id.* at (5)(a)(i)); (3) $15 for "advertising property for sale on execution" as well as for "postponing" or "canceling a sale of property" (*Id.* at (2)(f) and (k)); and (4) 2% of the first $1,000 of the judgment amount and 1.5% for the remaining balance of the judgment amount (*Id.* at (2)(m)). Furthermore, constable fees may exceed those set forth in Utah Code § 17-72-304 if "the constable has received prior approval for the increased fee from the party requesting the service[.]" Utah Code § 17-78-604.

The evidence will show that each of the foregoing fees were earned in this case, and therefore, lawfully charged. Specifically, the evidence will show that Defendants lawfully earned $50 for service, $105 for mileage, $88.13 for commission based on a judgment amount exceeding $1,000, and $15 for setting, and then cancelling, the sale of property. Even more, and as the Court has already pointed out, the evidence will show that these fees are both permitted under Utah law, and also "do not violate the FDCPA."

Second, it is undisputed that the FDCPA prohibits debt collectors from representing or implying "that nonpayment of any debt will result in . . . the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action" or "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §§ 1692e(4), (5).

However, the evidence at trial will show that Defendants were lawfully permitted to set a sale of personal property, and also that Defendants intended to carry out such sale in the event payments were not made as Plaintiff agreed (and preferred). Plaintiff assumes that the specific date and time on the notices received were deceiving and false because Defendants did not in fact intend on holding such sale, but the evidence will show otherwise. While the date and time on the notices was set, Defendants had every right to move forward, reschedule, or even cancel the noticed sale while payments continued. The bottom line is that the evidence will show that Defendants did in fact intend on carrying out a sale in the event Plaintiff failed to make the payments *he preferred to make* in lieu of taking and selling his property against his will.

### III.    Plaintiff's Damages are Entirely Speculative and Not Connected in Any Way to Mr. Erickson's Purported Conduct.

Plaintiff's only supporting evidence for his claim for compensatory damages in this case is his own self-serving testimony, which falls well short of the requisite level of proof. It has been uniformly held that "mere assertions" of emotional distress, without supporting detail, are insufficient to carry a plaintiff's burden. *See Morgan v. Secretary of Housing and Urban Development*, 985 F.2d 1451, 1459 (10th Cir. 1993) (rejecting an award for emotional distress holding that "[m]ore than mere assertions of emotional distress are required"). More specifically, testimony that distress "could" result from certain conduct, as opposed to evidence that it "did" result, is insufficient to establish causation. *See Gregory & Swapp, PLLC v. Kranendonk*, 424 P.3d 897, 909 (2018). "To prove damages, [a] plaintiff must prove … the fact of damages." *Atkin Wright & Miles v. Mountain States Telephone and Telegraph Co.*, 709 P.2d 330, 336 (Utah 1985). "This means that the plaintiff must provide evidence that 'do[es] more than merely give rise to speculation that damages in fact occurred; it must give rise to a reasonable probability that the plaintiff suffered damage as result of [the alleged

5

wrongdoing].'" *See Kranendonk*, 424 P.3d at 897, 909, *supra.* Generic statements such as feeling "devastated" or "upset," without linking those reactions to the defendant's specific conduct, cannot support an award of emotional distress damages. *Id.*

If allowed to present evidence as to damages (Defendants have filed a Motion in Limine on this point), the evidence will show that Plaintiff's claim for compensatory damages in this case is wholly speculative. Specifically, he fails to tie any of his purported "personal injury" he claims to have sustained to any conduct of the remaining Defendants in this case—who were not part of the case until after the Writ of Execution was issued. The evidence will also show that Plaintiff has no supporting evidence for his claim for compensatory damages, other than his own testimony, which is itself unhelpful because he claims his emotional distress is "*related to everything*," his "*whole life*," and not specifically to Defendants' purported conduct in this case.

**CONCLUSION**

Based on the foregoing, Mr. Erickson is confident the jury will find that his conduct in this case was proper, and in fact, *was preferred by Plaintiff and is preferred generally by all judgment debtors*—who would rather have their property taken and sold? The jury will also find that Plaintiff has not been damaged in this case by Mr. Erickson's purported conduct, and as the evidence will show, Plaintiff cannot even recall what Mr. Erickson's conduct was other than the written letters, which he only recalls from reading them in this case.

DATED this 13th day of April, 2026.

KIRTON McCONKIE

*/s/ David Gardner*
David P. Gardner
Zachary C. Lindley
*Attorneys for Defendant Michael W. Erickson*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of April, 2026, I caused to be served the foregoing

**DEFENDANT MICHAEL ERICKSON'S TRIAL BRIEF** on all parties of record through the

Court's electronic filing system.

KIRTON McCONKIE

*/s/ David Gardner*
David P. Gardner
*Attorneys for Defendant Michael W. Erickson*