David P. Gardner (10096)
Zachary C. Lindley (17261)
**KIRTON McCONKIE**
301 North 200 East, Suite 3A
St. George, UT 84770
Telephone: (435) 574-5672
dgardner@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Defendant Michael W. Erickson*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG, <br><br> Plaintiffs, <br><br> v. <br><br> ROB KOLKMAN, CONSTABLE KOLKMAN, LLC, and MICHAEL ERICKSON, <br><br> Defendant. | **MOTION IN LIMINE TO EXCLUDE EVIDENCE UNRELATED TO PLAINTIFF** <br><br> Case No. 2:23-cv-00420-TS <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Cecilia M. Romero |

Defendants Michael W. Erickson, Rob Kolkman, and Constable Kolkman, LLC (collectively "Defendants"), by and through counsel, hereby respectfully submits this Motion in Limine to Exclude Evidence Unrelated to Plaintiff.

### RELIEF REQUESTED AND GROUNDS

Based on the Court's October 15, 2024 Order on Plaintiff's previously filed Short Form Discovery Motion, as well as under both Rules 402 and 403 of the Federal Rules of Evidence, Defendants respectfully request that this Court exclude all evidence, including both proposed exhibits and testimony, concerning any individual or information unrelated to Plaintiff in this matter. In his

4910-2832-7838.v1

previously filed Short Form Discovery Motion, Plaintiff sought to compel Defendants to produce information (generally, but not limited to) concerning "other collections." *See* ECF No. 36. After briefing and argument, the Court succinctly ruled: "[I]nformation related to Defendants' collection practices as to parties not named in this suit is not relevant." *See* ECF No. 54 at 7-8.

**ARGUMENT**

**I.     Evidence Unrelated to Plaintiff Should be Excluded as Irrelevant as The Court Already Ruled.**

The Court rightfully rejected Plaintiff's attempts to discover purported evidence unrelated to Plaintiff under a much broader fact discovery standard and should now summarily exclude any such evidence at trial under a narrower trial standard. At trial, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. After reviewing the briefing from the parties in this case on Plaintiff's previously filed Short Form Discovery Motion (ECF No. 36), the Court aptly found that generally any information unrelated to Plaintiff specifically in this case is "irrelevant." *See* ECF No. 54 at 7-8. That ruling came under a much broader fact discovery standard, which provides that "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Therefore, where trial requires that evidence be admissible, admissible evidence must be "relevant," and the Court already found that any information unrelated to Plaintiff is "irrelevant," all such evidence should be excluded.

Specifically, for example (but not limited to), such evidence may include:

- Financial transactions between Defendants and any other individual;

- Communications between Defendants and any other individual;

- Writs concerning any other individual;

- Collection efforts by Defendants concerning any other individual;

2

- Any agreements between Defendants and any other individual; and

- Cases, whether pending or resolved, concerning Defendants and any other individual.

**II.      Evidence Unrelated to Plaintiff, if Admitted, Will Be Unfairly Prejudicial to Defendants and the Jury Will Be Misled.**

If Plaintiff is able to introduce evidence unrelated to him, Defendants will be unfairly prejudiced, and the jury will be misled. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice [and] misleading the jury[.]" Fed. R. Evid. 403.

Specifically, exposing the jury to information concerning other individuals other than Plaintiff may cause the jury to draw unreasonable and unfair inferences against Defendants. How Defendants purportedly acted with other individuals has no bearing on how Defendants purportedly acted with Plaintiff, nor can it assist Plaintiff in his claims in this case, but the jury may not see it that way. Therefore, Defendants would be unfairly prejudiced and the evidence should be excluded.

Further, a jury will not be able to distinguish what is and is not relevant to the determination of liability in this case if information unrelated to Defendants is introduced. As a simple example, and as the Court aptly pointed out in its March 26, 2025 Order on the parties' Motions for Summary Judgment: "Although the record indicates that the Constable Defendants have never made a sale in any other debt collection action, that does not mean that they did not intend to do so here. And, that MLC never received information regarding a sale does not mean that a sale wasn't possible." *See* ECF No. 58 at 13. If presented with unrelated information to Plaintiff, the jury may blur relevant and irrelevant information and be misled into thinking everything is relevant, or worse, that something relevant is irrelevant.

4910-2832-7838.v1

DATED this 13th day of April, 2026.

KIRTON McCONKIE

*/s/ David Gardner*
David P. Gardner
Zachary C. Lindley
*Attorneys for Defendant Michael W. Erickson*

4

4910-2832-7838.v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of April, 2026, I caused to be served the foregoing

**MOTION IN LIMINE TO EXCLUDE EVIDENCE UNRELATED TO PLAINTIFF** on all

parties and counsel of record via the Court's electronic filing system.


KIRTON McCONKIE

*/s/ David Gardner*
David P. Gardner
*Attorneys for Defendant Michael W. Erickson*

4910-2832-7838.v1