David P. Gardner (10096)
Zachary C. Lindley (17261)
**KIRTON McCONKIE**
301 North 200 East, Suite 3A
St. George, UT 84770
Telephone: (435) 574-5672
dgardner@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Defendant Michael W. Erickson*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>Plaintiffs,<br><br>v.<br><br>ROB KOLKMAN, CONSTABLE KOLKMAN, LLC, and MICHAEL ERICKSON,<br><br>Defendant. | **MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE CONCERNING PLAINTIFF'S CLAIM FOR COMPENSATORY DAMAGES (GENERAL AND SPECIFIC)**<br><br>Case No. 2:23-cv-00420-TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

Defendants Michael W. Erickson, Rob Kolkman, and Constable Kolkman, LLC (collectively "Defendants"), by and through counsel, hereby respectfully submits this Motion in Limine to Exclude Certain Evidence Concerning Plaintiff's Claim for Compensatory Damages (General and Specific).

### RELIEF REQUESTED AND GROUNDS

Based on the facts and arguments set forth herein, Defendants respectfully respect that the Court exclude evidence concerning Plaintiff's claim for compensatory damages (general and specific)

4928-9169-0911.v1

in this case, as Plaintiff has not and cannot provide anything more than mere assertions of emotional distress and "personal injury" as a purported result of Defendants' conduct in this case.

## ARGUMENT

Plaintiff's only supporting evidence for his claim for compensatory damages in this case is his own self-serving testimony, which falls well short of the requisite level of proof. It has been uniformly held that "mere assertions" of emotional distress, without supporting detail, are insufficient to carry a plaintiff's burden. *See Morgan v. Secretary of Housing and Urban Development*, 985 F.2d 1451, 1459 (10th Cir. 1993) (rejecting an award for emotional distress holding that "[m]ore than mere assertions of emotional distress are required"). More specifically, testimony that distress "could" result from certain conduct, as opposed to evidence that it "did" result, is insufficient to establish causation. *See Gregory & Swapp, PLLC v. Kranendonk*, 424 P.3d 897, 909 (2018). "To prove damages, [a] plaintiff must prove … the fact of damages." *Atkin Wright & Miles v. Mountain States Telephone and Telegraph Co.*, 709 P.2d 330, 336 (Utah 1985). "This means that the plaintiff must provide evidence that 'do[es] more than merely give rise to speculation that damages in fact occurred; it must give rise to a reasonable probability that the plaintiff suffered damage as result of [the alleged wrongdoing].'" *See Kranendonk*, 424 P.3d at 897, 909, *supra.* Generic statements such as feeling "devastated" or "upset," without linking those reactions to the defendant's specific conduct, cannot support an award of emotional distress damages. *Id.*

Plaintiff's claim for compensatory damages in this case is wholly speculative. Specifically, Plaintiff alleged in his Complaint simply: "As a result of Defendant's conduct, Plaintiff incurred attorney's fees and costs, made multiple monthly payments to the Defendants that he was not required to pay, and he suffered concrete and actual personal injury damages." *See* ECF No. 26 at ¶ 216. When

2

asked at his deposition whether he could expand on what he meant by "personal injury," this is how his response unfolded:

> Q. 2016 also alleges that, "[a]s a result of [Defendant's conduct], you suffered concrete and actual personal injury damages." Can you tell me the nature of that personal injury you're claiming there?
> A. My mental health, my pride, my –
> Q. Have you received any treatment for that?
> A. Every day.
> Q. From what provider?
> A. Myself, my literature. I don't know. My books. Self-help, podcasts, counseling sessions.
> Q. When did those counseling sessions start?
> A. I'm not sure. Probably started October 25, 2020.
> Q. Is it fair to say that they're related to the injury and not –
> A. *Fair to say they're related to everything*. My whole life, what's left of it.

Plaintiff's Depo. Transcript at 96:18 – 97:10 (emphasis added). Plaintiff fails to tie any of his purported "personal injury" he claims to have sustained to any conduct of the remaining Defendants in this case. Even more, he admitted in his deposition that the purported "counseling sessions" he went to as treatment for his purported "personal injury" (he has provided zero evidence showing he in fact went to any such counseling) started in "October 25, 2020." *Id.* The underlying Writ of Execution in this case was not issued until July 29, 2022, *nearly two years later*.

Plaintiff has no supporting evidence for his claim for compensatory damages, other than his own testimony, which is itself unhelpful because Plaintiff claims his emotional distress is "*related to everything*," his "*whole life*," and not specifically to Defendants' purported conduct in this case. Plaintiff has also failed to produce/disclose any medical records in this case that would support any purported medical bills incurred for his purported emotional distress he claims to have experienced. Further, Plaintiff's failure to produce any medical records has precluded Defendants' ability to raise

alternative causes for Plaintiff's alleged distress and injuries. Therefore, claims for any compensatory damages should be excluded as pure speculation.

DATED this 13th day of April, 2026.

KIRTON McCONKIE

*/s/ David Gardner*

David P. Gardner
Zachary C. Lindley
*Attorneys for Defendant Michael W. Erickson*

4

4928-9169-0911.v1

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of April, 2026, I caused to be served the foregoing **MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE CONCERNING PLAINTIFF'S CLAIM FOR COMPENSATORY DAMAGES (GENERAL AND SPECIFIC)** on all parties and counsel of record via the Court's electronic filing system.

KIRTON McCONKIE

*/s/ David Gardner*
David P. Gardner
*Attorneys for Defendant Michael W. Erickson*

5

4928-9169-0911.v1