David P. Gardner (10096)
Zachary C. Lindley (17261)
**KIRTON McCONKIE**
301 North 200 East, Suite 3A
St. George, UT 84770
Telephone: (435) 574-5672
dgardner@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Defendant Michael W. Erickson*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>    Plaintiffs,<br><br>v.<br><br>ROB KOLKMAN, CONSTABLE KOLKMAN, LLC, and MICHAEL ERICKSON,<br><br>    Defendant. | **MOTION IN LIMINE TO EXCLUDE CERTAIN OF PLAINTIFF'S FACT WITNESSES**<br><br>Case No. 2:23-cv-00420-TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

Defendants Michael W. Erickson, Rob Kolkman, and Constable Kolkman, LLC (collectively "Defendants"), by and through counsel, hereby respectfully submits this Motion in Limine to Exclude Certain of Plaintiff's Fact Witnesses.

### RELIEF REQUESTED AND GROUNDS

Pursuant to Rules 402, 403, 601, and 602 of the Federal Rules of Evidence and the arguments set forth herein, and in anticipation of the witness list that Defendants presume Plaintiff will provide in this case, Defendants respectfully ask that the Court exclude the following proposed fact witnesses for Plaintiff: Jason Besendorfer; Elizabeth Hernandez; Tara Peretto; Heidi Cordero; Heather Cox;

4921-5611-1007.v1

Olson Associates PLLC; Thomas Kendall; Lacey Cherrington; and any other proposed fact witness that is unrelated to the parties and claims in this case.[1]

**ARGUMENT**

The fact witnesses, which Defendants presume Plaintiff will/may call at trial based on the representations thus far, should be excluded because they lack the required personal knowledge and any information they may have is wholly irrelevant.

First, the Court has already ruled expressly in this case (even under a much more liberal fact discovery standard) that "information related to Defendants' collection practices as to parties not named in this suit is not relevant." *See* ECF No. 54 at 7-8. The same holds true for any purported testimony that may come from individuals who are not named in this action, nor who even know who Plaintiff is for that matter. At trial, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Any purported evidence unrelated to Plaintiff in this matter is irrelevant, as the Court has already ruled, and is therefore inadmissible, which includes testimony from Plaintiff's proposed fact witnesses identified herein.

Second, even if the Court had not already ruled that any information unrelated to Plaintiff was irrelevant in this case, Plaintiff's proposed fact witnesses identified herein lack the requisite personal knowledge to testify at trial. Under Rule 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Each of the proposed fact witnesses has no personal knowledge of the circumstances surrounding *Plaintiff's claims* in this case, nor Defendants' purported conduct *related directly to*

---

[1] Upon the Court's request, Defendants can produce pages from Plaintiff's deposition testimony in which he admits that he does not even know these individuals.

2

*Plaintiff*. This is further supported by the fact that the proposed fact witnesses listed by Plaintiff are all parties against Defendants in their own respective pending lawsuits in this District. *See*, *e.g.*, Case No. 2:24-cv-00557 (Besendorfer), Case No. 1:23-cv-00025 (Peretto), Case No. 2:23-cv-00756 (Cordero), Case No. 2:23-cv-00772 (Hernandez), Case No. 1:24-cv-00098 (Cox). As for Olson Associates PLLC, this entity has nothing to do with Plaintiff's claims against Defendants in this matter, nor with Defendants' purported conduct related directly to Plaintiff, and also therefore lacks personal knowledge.

Third, and finally, and notwithstanding the foregoing, Rule 403 of the Federal Rules of Evidence allows the Court to exclude evidence if its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, allowing fact witnesses to come and testify in front of the jury concerning matters wholly unrelated *directly to Plaintiff* in this case will (1) cause unfair prejudice to Defendants because the jurors' belief/perception of Defendants may be inflamed if they hear unvetted, unsupported claims about events that have nothing to do with Plaintiff, (2) confuse and mislead the jury by causing them to believe that Defendants' interactions with anyone other than Plaintiff have any bearing on Plaintiff's claims in this case, and (3) waste the Court's, the parties', the jurors', and even the proposed fact witnesses' time, by having them come down to the courthouse to listen/give testimony on purported information that has nothing to do with Plaintiff's claims.

Accordingly, Defendants respectfully request that the Court exclude the proposed fact witnesses identified herein, as well as any other proposed fact witness that is unrelated to the parties and claims in this case.

4921-5611-1007.v1

DATED this 13th day of April, 2026.

KIRTON McCONKIE

*/s/ David Gardner*
David P. Gardner
Zachary C. Lindley
*Attorneys for Defendant Michael W. Erickson*

4

4921-5611-1007.v1

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of April, 2026, I caused to be served the foregoing

**MOTION IN LIMINE TO EXCLUDE CERTAIN OF PLAINTIFF'S FACT WITNESSES**

on all parties and counsel of record via the Court's electronic filing system.

KIRTON McCONKIE

*/s/ David Gardner*
David P. Gardner
*Attorneys for Defendant Michael W. Erickson*

5

4921-5611-1007.v1