David P. Gardner (10096)
Zachary C. Lindley (17261)
**KIRTON McCONKIE**
301 North 200 East, Suite 3A
St. George, UT 84770
Telephone: (435) 574-5672
dgardner@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Defendant Michael W. Erickson*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>　　Plaintiffs,<br><br>v.<br><br>ROB KOLKMAN, CONSTABLE KOLKMAN, LLC, and MICHAEL ERICKSON,<br><br>　　Defendant. | **MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING PRE-WRIT OF EXECUTION EVENTS INCLUDING VALIDITY OF UNDERLYING DEBT**<br><br>Case No. 2:23-cv-00420-TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

Defendants Michael W. Erickson, Rob Kolkman, and Constable Kolkman, LLC (collectively "Defendants"), by and through counsel, hereby respectfully submits this Motion in Limine to Exclude Evidence Concerning Pre-Writ of Execution Events Including Validity of Underlying Debt.

### RELIEF REQUESTED AND GROUNDS

Based on the facts and arguments set forth herein, including Rules 402 and 403 of the Federal Rules of Evidence, Defendants respectfully request that the Court exclude pre-writ of execution events, including evidence on whether the underlying debt was valid to begin with. Specifically, the underlying Writ of Execution in this case was issued on July 29, 2022. Any event, including the debt

4899-9429-7759.v1

itself and the circumstances surrounding the debt, have no bearing on Defendants' actions in this case and should be excluded.

## ARGUMENT

Pre-writ of execution events and the validity of the underlying debt are wholly irrelevant and evidence concerning the same should be excluded. At trial, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402.

First, Defendants had nothing to do with obtaining the judgment against Plaintiff for the underlying debt nor did they have anything to do with obtaining the subsequent Writ of Execution in this case. Plaintiff, on June 3, 2024, dismissed (with prejudice) his claims against prior defendant Mountain Land Collections LLC ("Mountain Land"). Mountain Land was the only party that had anything to do with pre-writ of execution events and the underlying debt in this case. As Plaintiff has alleged in this case: "*After it obtained the Writ of Execution*, Mountain Land Collections referred the alleged debts to Michael Erickson and Utah County Constable's Office (Erickson Defendants)[.]" ECF No. 26 at ¶ 98 (emphasis added). He also alleged: "Mountain Land later recalled the debt from the Erickson Defendants *and then* assigned it to Rob Kolkman and Constable Kolkman, LLC (Kolkman Defendants)[.]" *Id.* at ¶ 99 (emphasis added). Defendants were simply not involved before the Writ was issued.

Second, constables are not attorneys and have no obligation to verify whether a writ of execution, issued by the court, is valid, and certainly have no obligation to verify whether an underlying debt forming the basis of a writ of execution is valid. Constables are appointed to "attend the justice courts within the constable's county[,]" "execute, serve, and return all process directed or delivered to the constable[,]" "serve any process throughout the state," and "carry out all other

2

functions associated with a constable[.]" Utah Code Ann. § 17-78-603. They have and had no duty or obligation to review the validity of the underlying debt, nor to question the court's issuance of the underlying Writ of Execution in this case.

Third, and finally, if the Court does determine that such information is relevant (it is not), and Plaintiff is able to introduce evidence concerning any pre-writ events, including whether the underlying debt was valid in the first place, Defendants may be unfairly prejudiced, as the jury will necessarily be misled into believing that Defendants are in fact responsible for verifying both the validity of the debt and the Writ itself, which is not the case. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice [and] misleading the jury[.]" Fed. R. Evid. 403. Furthermore, the jury will be confused into thinking they should consider conduct and events that have nothing to do with the remaining Defendants in this case. The court may also exclude evidence that may "confus[e] the issues[.]" *Id.* Mountain Land is out of the case, and it was the only party that had anything to do with the validation of the debt and the issuance of the Writ.

Accordingly, the Court should exclude pre-writ evidence and any evidence concerning the validity of the underlying debt.

DATED this 13th day of April, 2026.

KIRTON McCONKIE

*/s/ David Gardner*
David P. Gardner
Zachary C. Lindley
*Attorneys for Defendant Michael W. Erickson*

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of April, 2026, I caused to be served the foregoing **MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING PRE-WRIT OF EXECUTION EVENTS INCLUDING VALIDITY OF UNDERLYING DEBT** on all parties and counsel of record via the Court's electronic filing system.

KIRTON McCONKIE

*/s/ David Gardner*
David P. Gardner
*Attorneys for Defendant Michael W. Erickson*

4899-9429-7759.v1