David P. Gardner (10096)
Zachary C. Lindley (17261)
**KIRTON McCONKIE**
301 North 200 East, Suite 3A
St. George, UT 84770
Telephone: (435) 574-5672
dgardner@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Defendant Michael W. Erickson*

---

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CHARLES YOUNG, <br><br> Plaintiffs, <br><br> v. <br><br> ROB KOLKMAN, CONSTABLE KOLKMAN, LLC, and MICHAEL ERICKSON, <br><br> Defendant. | **MOTION IN LIMINE TO BIFURCATE CLAIM FOR PUNITIVE DAMAGES** <br><br> Case No. 2:23-cv-00420-TS <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Cecilia M. Romero |

Defendants Michael W. Erickson, Rob Kolkman, and Constable Kolkman, LLC (collectively "Defendants"), by and through counsel, hereby respectfully submits this Motion in Limine to Bifurcate Claim for Punitive Damages.

**RELIEF REQUESTED AND GROUNDS**

Pursuant to Rule 42 of the Federal Rules of Civil Procedure and Rule 403 of the Federal Rules of Evidence, Defendants respectfully request that this Court bifurcate Plaintiff's claim for punitive damages from liability so as to not taint the jury decision-making. In preparing the Pretrial Order, Plaintiff presented a draft Pretrial Order which contained the following assertion of purported fact

from Plaintiff: "Over the years, the Defendants collected well over $3,500,000 from debtors in lieu of holding public auctions of their personal property." As a result, Defendants necessarily file this Motion to ensure that any such purported evidence, and anything similar—if the Court believes it to be relevant in the first place, which Defendants argue it is not (*see* concurrent Motion in Limine on Evidence Unrelated to Plaintiff)—be bifurcated from the underlying issue of liability, as it may only, if at all, go to the issue of punitive damages.

## ARGUMENT

This Court has broad discretion to bifurcate proceedings which it should exercise here. Under Rule 42, the Court may, for "convenience, to avoid prejudice, or to expedite and economize," "order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). It is common for a court to bifurcate trials involving punitive damages to "avoid placing evidence of a defendant's net worth before the jury in the main trial as liability is being considered." *PMG, Inc. v. Lockheed Martin Idaho Techs. Co.*, No. CV-02-539-E-BLW, 2006 WL 1207609, at *2 (D. Idaho Apr. 27, 2006) (unpublished).

Bifurcation is necessary here to avoid unfair prejudice to Defendants. Bifurcation is appropriate "where the issues are separable, meaning '[a]lthough the same witnesses may testify in both phases, the issues and testimony are different.'" *Boulder Falcon, LLC v. Brown*, 2024 WL 4564580 at *6 (D. Utah Oct. 24, 2024) (unpublished) (internal citations omitted). One of the primary issues for punitive damages is the defendant's "relative wealth" or financial condition. *Lawrence v. Intermountain, Inc.*, 2010 UT App 313, ¶ 18, 243 P.3d 508.

Here, neither Plaintiff's claim for violation of the FDCPA nor his claim for fraud require proof of Defendants' wealth or financial condition. Specifically, for Plaintiff's claim under the FDCPA,

4902-9013-0334.v2

Plaintiff must prove that: "(1) the plaintiff is a 'consumer' under [the Act]; (2) the debt at issue arose out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant is a debt collector under [the Act]; and (4) through its acts or omissions, the defendant violated [the Act]." *Tavernaro v. Pioneer Credit Recovery, Inc.*, 43 F.4th 1062, 1067 (10th Cir. 2022); *see also Maynard v. Cannon*, 401 F. App'x 389, 393 (10th Cir. 2010); *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). For Plaintiff's claim for Fraud, Plaintiff must show: "(1) a representation; (2) concerning a presently existing material fact; (3) which was false; (4) which the representor either (a) knew to be false, or (b) made recklessly, knowing that he [or she] had insufficient knowledge upon which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his [or her] injury and damage." *CounselNow, LLC v. Deluxe Small Business Sales Inc.*, 430 F.Supp.3d 1247, 1257 (D. Utah 2019) (internal citation and quotation omitted). Thus, any attempt by Plaintiff to introduce evidence as to Defendants' wealth and financial condition in attempting to prove liability would be irrelevant.

Not only that, but it would unfairly prejudice Defendants as it would confuse the jury into believing his wealth is relevant, when it is not, which may also taint the jury's decision. Courts have found that a defendant's financial condition can taint a jury's decision and weigh in favor of bifurcation. *See*, *e.g.*, *Adams v. Murakami* (1991) 54 Cal. 3d 105, 121-122 ("[E]vidence of his financial condition could be introduced with the likely result that it would inflame the passion and prejudice of the jury to tip their judgment in favor of liability[]"). *Id.*

Accordingly, Defendants respectfully request that the Court bifurcate the issue of punitive damages to avoid any potential for unfair prejudice to them in this case.

4902-9013-0334.v2

DATED this 13th day of April, 2026.

KIRTON McCONKIE

*/s/ David Gardner*
David P. Gardner
Zachary C. Lindley
*Attorneys for Defendant Michael W. Erickson*

4

4902-9013-0334.v2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of April, 2026, I caused to be served the foregoing

**MOTION IN LIMINE TO BIFURCATE CLAIM FOR PUNITIVE DAMAGES** on all parties

and counsel of record via the Court's electronic filing system.

KIRTON McCONKIE

*/s/ David Gardner*
David P. Gardner
*Attorneys for Defendant Michael W. Erickson*

5

4902-9013-0334.v2