Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG, <br><br> Plaintiff, <br><br> vs. <br><br> ROB KOLKMAN *et al*., <br><br> Defendants. | **PLAINTIFF'S TRIAL BRIEF** <br><br> Case Number: 2:23-cv-00420-TS <br> Judge: Ted Stewart |

Plaintiff submits the following Trial Brief in accordance with this Court's Pretrial Order.

## NATURE OF THE CASE

Charles Young was injured at work in April 2020. His medical providers failed to properly bill his employer's workers' compensation carrier. Those unpaid bills were later assigned to Mountain Land Collections, which sued Young, obtained a default judgment for $5,362.08, and retained Defendants—private constables Michael Erickson and Rob Kolkman—to collect.

The Defendants did not execute the Writ of Execution, seize property, or conduct a sale. Instead, they sent collection letters demanding Plaintiff pay them to stop an execution sale. Each letter bore a law enforcement badge and was formatted to resemble court-issued documents. One of those letters—a "Notice of Sale"—explicitly stated that Young's personal property would be sold at a public auction at his home on September 30, 2022 at 12:40 p.m., unless Young paid to

stop it. No sale was ever scheduled, noticed, or held. The Defendants never intended to conduct one.

In reliance of the Notice of Sale, Young contacted the constables and told them he had been injured, had not worked in two years, and was going through foreclosure. They did not stop. Instead, they collected at least four payments totaling $400 that Young had to borrow to pay. Defendants also added and retained fees they never earned and failed to provide the disclosures required by the FDCPA.

This Court has already determined that Defendants qualify as debt collectors under the FDCPA, that negotiating payment arrangements falls outside the scope of constable authority, and that the bona fide error defense does not apply.[1] The remaining issues for trial are whether Defendants violated the FDCPA, whether they committed fraud, and the measure of Plaintiff's damages.

CLAIMS

**Count I: Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.**

Plaintiff alleges that Defendants used false, deceptive, coercive, and misleading representations in attempting to collect a debt; threatened actions they did not intend to take; misrepresented the character, amount, and legal status of the debt; falsely stated or implied government affiliation and official legal process; failed to provide required disclosures, including the Mini-Miranda warning and validation notice; collected amounts not authorized by law; and engaged in harassing or oppressive conduct.

---

[1] Memorandum Decision at 7 and 9 (ECF No. 58)

— 3 —

The FDCPA contains a list of *per se* violations. That list, however, is non-exhaustive, as the FDCPA generally forbids collectors from engaging in any unfair, deceptive, harassing, abusive, or unconscionable behavior.[2]

**Count II: Fraud**

Plaintiff alleges that Defendants knowingly misrepresented material facts—including their authority, the nature of their communications, and the amounts allegedly owed—to induce payment. Young relied on those representations and suffered damages as a result.

## ESTABLISHED LAW OF THE CASE

The Court's prior rulings have resolved several issues that should not be revisited at trial:

Defendants are debt collectors under 15 U.S.C. § 1692a(6).[3] The jury should be instructed accordingly.

Defendants exceeded the scope of their authority and do not fall within the FDCPA's state officer exemption.[4]

The bona fide error defense does not apply.[5] As the Supreme Court explained in *Jerman v. Carlisle*, 559 U.S. 573, 604–05 (2010), the defense does not apply to mistakes of law. Even if it did, the defense does not apply because Defendants had no procedures in place to ensure FDCPA compliance.

---

[2] *See* 15 U.S.C. § 1692 *et seq.*
[3] Memorandum Decision at 9 (ECF No. 58)
[4] *Id.*
[5] *Id.*

KEY FACTUAL ISSUES FOR THE JURY

The case turns on a straightforward set of factual questions.

Whether any of Defendants' letters or other communications contained false, deceptive, or misleading representations—including the use of a law enforcement badge, court-like formatting, and threats of seizure and sale that were never intended to occur.

Whether Defendants failed to provide required FDCPA disclosures, including the Mini-Miranda warning required by 15 U.S.C. § 1692e(11) or the validation notice required by 15 U.S.C. § 1692g(a).

Whether Defendants collected or attempted to collect amounts not agreed to by the Plaintiff or permitted by law, including various fees and charges Defendants added to the debt.

Whether Defendants' conduct or communications constitute fraud under Utah law.

The nature and amount of Plaintiff's damages, including statutory damages, actual damages, and punitive damages.

DAMAGES

**Statutory damages**

The FDCPA permits up to $1,000 in statutory damages.[6] In determining the amount, the jury must consider the frequency and persistence of noncompliance, its nature, and the extent to which it was intentional.[7] Here, Defendants sent seven letters over seven months, none of which included required disclosures. They also made the same false, misleading, deceptive, and fraudulent

---

[6] 15 U.S.C. § 1692k(a)(2)(A)
[7] 15 U.S.C. § 1692k(b)(1)

representations in well-over 10,000 other cases. In doing so, collected more than $3.5 million from debtors over the years.

**Actual damages**

Young paid $400 he did not owe—funds he borrowed while unable to work. He also suffered emotional distress, including fear and anxiety caused by repeated letters threatening action by individuals presenting themselves as law enforcement. Emotional distress damages are recoverable under the FDCPA and may be supported by the plaintiff's testimony alone.[8]

**Punitive damages**

Under Utah law, "punitive damages may be awarded only if compensatory or general damages are awarded and it is established by clear and convincing evidence that the acts or omissions of the tortfeasor are the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others."[9] The list of factors in assessing the amount of punitive damages that must be considered include the following: (i) the relative wealth of the defendant; (ii) the nature of the alleged misconduct; (iii) the facts and circumstances surrounding such conduct; (iv) the effect thereof on the lives of the plaintiff and others; (v) the probability of future recurrence of the misconduct; (vi) the relationship of the parties; and (vii) the amount of actual damages awarded.[10]

Here, those factors weigh in Plaintiff's favor and are supported by his claim for fraud as the evidence will show that Defendants' conduct was not

---

[8] *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 957 (9th Cir. 2011)
[9] Utah Code Ann. § 78B-8-201(1)(a)
[10] *Crookston v. Fire Insurance Exchange*, 817 P.2d 789, 808 (Utah 1991)

isolated, was malicious, negatively affected Plaintiff's life and others, has a substantial probability of reoccurring, and because of the disparity in the power structure between constables and debtors. Through Kolkman's Square account alone, more than $3.1 million was collected from debtors between January 2023 and March 2025 without a single public auction being conducted. This evidence bears directly on reprehensibility, the most important factor in assessing punitive damages.[11]

WITNESSES

Plaintiff anticipates calling the following witnesses:

Charles Young is the Plaintiff. He will testify regarding his injury, his understanding that workers' compensation should cover the bills, his communications with Mountain Land, the constable letters, the Notice of Sale, his September 19, 2022 call with Defendants during which he told them he was injured, had not worked in two years, and was facing foreclosure, the payments he made, and the impact of Defendants' conduct.

Tara Peretto is a pattern witness. She will testify to receiving materially similar letters and threats from Defendants and the effect of those communications.

Elizabeth Hernandez is a pattern witness. She will testify to receiving materially similar letters and threats from Defendants and the effect of those communications.

---

[11] *BMW of N. Am., Inc. v. Gore,* 517 U.S. 559, 576–77 (1996); *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 419 (2003); *Westgate Resorts v Consumer Protection Group*, LLC, 285 P.3d 1219, 1222-1223 (Utah 2012)

Kendall Thomas is a pattern witness. He may testify to receiving materially similar letters and threats from Defendants and the effect of those communications.

Heidi Cordero is a pattern witness. Ms. Cordero is unavailable to appear in person due to distance and health limitations. Plaintiff intends to present relevant portions of her deposition testimony pursuant to Fed. R. Civ. P. 32(a)(4)(B)-(C).

Andrea Croft was an employee of both Defendants. She will be examined about day-to-day collection practices, mailing letters, phone calls with debtors, processing payments, to what extent property sales were ever prepared for or conducted, the constables' lack of FDCPA compliance, and other similar matters.

Michael Erickson is a Defendant. He will be examined regarding his collection practices, communications with Young and other debtors, the September 19, 2022 telephone call during which Young disclosed that he had been injured, had not worked in two years, and was facing foreclosure, the fees assessed, his authority under the writ, to what extent he conducted any property sales, his lack of FDCPA compliance, and other similar matters.

Corey Revill was an employee of both Defendants. He will be examined about day-to-day collection practices, mailing letters, phone calls with debtors, processing payments, to what extent property sales were ever prepared for or conducted, the constables' lack of FDCPA compliance, and other similar matters.

Rob Kolkman is a Defendant. He will be examined regarding his collection practices, communications with Young and other debtors, the September 19, 2022 telephone call during which Young disclosed that he had been injured, had not worked in two years, and was facing foreclosure, the fees

assessed, his authority under the writ, to what extent he conducted any property sales, his lack of FDCPA compliance, and other similar matters.

Quinn Kofford is the corporate representative of Mountain Land Collections. His firm engaged both constables to collect debts and may be examined regarding his firm's relationship with Defendants, expectations concerning writs of execution, number of debts it assigned to the constables to collect, the number of property sales actually conducted, and other similar matters.

EXHIBITS

Plaintiff's exhibits are identified in his Pretrial Disclosures and will be submitted in accordance with the Court's Trial Order. All exhibits have been produced in discovery or relied upon during the case. Plaintiff reserves the right to use additional exhibits for impeachment.

APPLICABLE LAW

The FDCPA is considered a strict liability statute that "does not ordinarily require proof of intentional violation."[12] "Proof of one violation is sufficient to support a finding of summary judgment in favor of the Plaintiff in an FDCPA action."[13]

The Fair Debt Collection Practices Act is also considered a remedial statute and therefore "it should be construed liberally in favor of the consumer."[14] "[T]he Act is 'extraordinarily broad' and must be enforced as written, even when eminently sensible exceptions are proposed in the face of innocent and/or de

---

[12] *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010)(*citing* 15 U.S.C. § 1692k; *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010))
[13] *Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 62 (2nd Cir.1993); *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D.Conn.1990)
[14] *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002)

minimis violations."[15] Such broad construction is necessary, "so as to effect its

purpose."[16] The applicable standard in determining whether an act or

communication violates the FDCPA is therefore described as the least

sophisticated consumer test.[17] Under that standard, "any lender-debtor

communications potentially giving rise to claims under the FDCPA . . . should be

analyzed from the perspective of the least sophisticated debtor."[18]

Fraud under Utah law requires clear and convincing proof that a defendant

made a representation of presently existing material fact that was false, that the

defendant knew it was false or made the representation recklessly without

sufficient knowledge, that it was made to induce the other party to act, that the

other party reasonably relied on the representation, and that the reliance caused

damage.[19]

ESTIMATED LENGTH OF TRIAL

Plaintiff anticipates presenting his case-in-chief in approximately two days

or less. The full trial, including Defendants' case, closing arguments, and jury

deliberations, are expected to fit within the Court's allotted time.

DATED 4/10/2026                    /s/ Eric Stephenson
                                   *Attorney for the Plaintiff*

---

[15] *Blevins v. Hudson & Keyse, Inc.,* 395 F.Supp.2d 655, 658 (S.D. Ohio 2004) (referring to *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir.1992))
[16] *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)
[17] *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993); *see also Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1329 (D. Utah 1997)
[18] *Brown*, 464 F.3d at 454
[19] *Pace v. Parrish*, 122 Utah 141, 144-45, 247 P.2d 273, 274–75 (1952)

— 10 —

CERTIFICATE OF SERVICE

I hereby certify that on 4/10/2026 I served the foregoing PLAINTIFF'S TRIAL BRIEF to Defendants' counsel of record through this Court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*