Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>Plaintiff,<br><br>vs.<br><br>ROB KOLKMAN, *et al.*<br><br>Defendants. | MOTION IN LIMINE<br><br>*(Allocation)*<br><br>Case Number: 2:23-cv-00420-TS<br>Judge: Ted Stewart |

Plaintiff moves in limine for an order precluding any argument, evidence, or verdict form that requires or allows the jury to allocate or apportion damages among Defendants and instead directing that any damages determination be made on a unified basis.

### ARGUMENT

The jury should not be permitted to apportion actual or statutory damages among Defendants, as such an approach is contrary to governing law, unsupported by the evidence, and would cause prejudice and confusion.

The Fair Debt Collection Practices Act is a strict liability statute. A debt collector violates the Act when prohibited conduct occurs, regardless of intent.[1] And multiple courts have expressly held that "[a]pportionment is not a proper defense to an FDCPA claim."[2] Liability does not turn on comparative fault and the statute does not incorporate any framework for allocating fault among

---

[1] 15 U.S.C. § 1692k(a); *Young v. NPAS, Inc.*, 361 F. Supp. 3d 1171, 1188 (D. Utah 2019)
[2] *Nyberg v. Portfolio Recovery Assocs., LLC*, No. 3:15-cv-01175-PK, 2016 U.S. Dist. LEXIS 71897, at *19, (D. Or. June 2, 2016) (*citing Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-CV-03323-LHK, 2012 U.S. Dist. LEXIS 41080, at * 11 (N.D. Cal. Mar. 26, 2012))

multiple actors. Nor does it provide a mechanism for dividing a single injury into separate components. Requiring the jury to allocate damages would improperly import a comparative fault regime into a statutory scheme where none exists. Even if allocation were theoretically available in some cases, it requires a non-speculative evidentiary basis, which is entirely absent here.

The evidence establishes a single, continuous course of conduct carried out by all Defendants resulting in indivisible injuries. Actual damages under the FDCPA include emotional distress, humiliation, and mental anguish.[3] Here, every communication bore the same law enforcement mantle, used the same format, and conveyed the same threats. One group initiated the conduct while the other continued it without change. None of the communications contained the disclosures required by the FDCPA. Both groups also made the same false representations and both collected payments from Plaintiff.

The resulting harm is indivisible. Plaintiff experienced a single, sustained course of fear, intimidation, and humiliation—not separate injuries attributable to different Defendants. Where multiple defendants contribute to a single, indivisible injury, the law imposes joint and several liability rather than requiring an artificial division of harm. Where an injury is indivisible, allocation requires an evidentiary basis sufficient to permit a rational division of the harm.[4] No such basis exists here. No witness has apportioned the harm. No expert has offered an allocation. No evidence in the record distinguishes the impact of one Defendant's conduct from another's. Any attempt to divide this injury would be inherently speculative and unsupported by the record.

---

[3] *McCollough v. Johnson, Rodenburg & Lauinger, L.L.C.*, 637 F.3d 939, 957 (9th Cir. 2011)
[4] *Steffensen v. Smith's Mgmt. Corp.*, 862 P.2d 1342, 1347–48 (Utah 1993) (allocation is a factual question that must be supported by evidence in the record)

Any allocation theory is also waived. It was not pled, was not pursued in discovery, and was not preserved in the pretrial order. As a result, there is no evidentiary record to support any allocation theory. Raising it for the first time through a verdict form is untimely.[5] Had the issue been raised earlier, Plaintiff would have conducted discovery directed to it and developed the record accordingly. Introducing it now deprives Plaintiff of that opportunity and results in substantial prejudice by allowing Defendants to benefit from a theory they never disclosed while preventing Plaintiff from developing rebuttal evidence.

Requiring the jury to divide damages would also create unnecessary complexity and a significant risk of confusion and inconsistent verdicts. This case involves a unified course of conduct that caused a single injury. The verdict form should reflect that reality. It should not require the jury to manufacture distinctions the evidence does not support.

Defendants' proposed verdict forms illustrate the problem. The Kolkman Defendants submitted a verdict form containing 71 questions. It asks the jury to separately determine whether each of five Defendants attempted to collect a debt, communicated with Plaintiff, violated the FDCPA, and committed fraud— repeating the same eight liability questions five times.[6] It then requires the jury to award actual damages individually against each Defendant with an express instruction that damages awarded against one "may not be awarded against any other Defendant." It further requires separate punitive damages determinations for each Defendant each conditioned on the individual actual damages finding. Erickson's proposed form follows the same structure.

---

[5] *Bimbo Bakeries USA, Inc. v. Sycamore*, 2018 U.S. Dist. LEXIS 208837, at *11 (D. Utah Dec. 10, 2018) (theories not pursued during the litigation are forfeited)
[6] Exhibit P-1 Kolkman's Proposed Verdict Form

A jury navigating this form must answer identical questions about identical conduct five separate times, then divide a single emotional injury into five separate damages awards without any evidentiary basis for doing so. The risk of confusion, inconsistency, and juror fatigue is obvious. The case involves a unified course of conduct that caused a single injury. The verdict form should reflect that reality. It should not require, invite, or otherwise allow the jury to manufacture distinctions the evidence does not support.

CONCLUSION

For these reasons, Plaintiff respectfully requests an order precluding any argument, evidence, or verdict form that requires the jury to allocate or apportion damages among Defendants, and requiring a single, undivided damages determination consistent with the evidence and governing law.

DATED 4/13/2026

/s/ Eric Stephenson
*Attorney for the Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on 4/13/2026 I served the foregoing MOTION IN LIMINE to Defendants' counsel of record through this court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*