Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

---

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>Plaintiff,<br><br>vs.<br><br>ROB KOLKMAN, *et al.*<br><br>Defendants. | **MOTION IN LIMINE**<br><br>*(Altruistic Intentions)*<br><br>Case Number: 2:23-cv-00420-TS<br>Judge: Ted Stewart |

Plaintiff moves in limine for an order precluding Defendants from arguing or implying to the jury that establishing payment plans was a less harmful or more beneficial alternative to seizing and selling Plaintiff's property or that their decision to pursue payment arrangements was somehow justified, reasonable, or in Plaintiff's best interest.

ARGUMENT

Defendants are expected to argue that by soliciting, negotiating, and collecting payments rather than seizing and selling Young's personal property, they were doing him a favor—that their collection method was somehow kinder, more practical, or less destructive than the alternative authorized by the Writ. That argument is legally incorrect, irrelevant, factually misleading, confusing, prejudicial, and would invite the jury to excuse conduct that federal law and this Court have already determined was unlawful.

The FDCPA is both a strict liability and remedial statute.[1] It is therefore irrelevant whether Defendants' collection methods were less destructive than carrying out the execution. As a remedial strict liability statute, the FDCPA does not grade violations on a curve based on how harmful a defendant's chosen collection method was compared to other options they considered. Liability under the FDCPA turns on whether a defendant's conduct violated the statute—not on whether the defendant believes it could have behaved worse. Whether soliciting payment arrangements was less disruptive to Young than a forced property sale is not a fact of consequence to any claim or defense in this case. The argument is therefore irrelevant under Federal Rule of Evidence 401 and should be excluded on that basis alone.

The argument is also already foreclosed by this Court's prior ruling determining that creating payment plans did not fall within the authority granted to constables under Utah law, and that by doing so, the Constable Defendants exceeded the scope of their lawful authority.[2] Allowing Defendants to argue that their unauthorized conduct was preferable to executing the Writ would directly contradict that ruling and invite the jury to second-guess this Court's legal determination. That would be improper, confusing, and prejudicial.

The premise of the argument—that Defendants chose payment plans to spare Young the hardship of a property seizure—is also factually false, not supported by the record, and is contradicted by Defendants' own testimony. Erickson himself confirmed the Defendants' collection system was designed to

---

[1] *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010)(*citing* 15 U.S.C. § 1692k; *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010)); *Johnson v. Riddle*, 305 F.3d 1007, 1117 (10th Cir. 2002); *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1175-76 (9th Cir. 2006)

[2] *Young v. Kolkman, et al.*, No. 2:23-cv-420-TS-CMR, 2025 U.S. Dist. LEXIS 57625, ¶ 8 (D. Utah Mar. 25, 2025)

avoid sales primarily because forced sales yielded only a fraction of the property's value, making them inefficient from a collection standpoint.[3] Kolkman similarly confirmed the rate of payments collected when engaging in standard collection methods was also higher, more profitable, and more efficient than property sales.[4] In other words, Defendants pursued payment arrangements because it was better for their business, not because it was better for Young.[5] Allowing Defendants to reframe a self-serving collection strategy as an act of generosity would misrepresent the record and mislead the jury.

More fundamentally, the choice Defendants claim to have made on Young's behalf was never theirs to make. The Writ commanded them to seize and sell. Utah law authorized nothing else.[6] Defendants had no legal authority to decide that a different collection method would be more beneficial to the debtor and to act on that decision. Framing an unauthorized business decision as altruism does not make it lawful and presenting it that way to the jury would be misleading, confusing, and prejudicial under Federal Rule of Evidence 403.

The prejudicial effect is substantial while the probative value is nonexistent. For starters, the argument has no probative value and is contradicted by the facts. On the other hand, permitting Defendants to argue that their collection method was less harmful than the alternative would invite the jury to weigh the relative destructiveness of two collection approaches when the only question before it is whether Defendants violated the FDCPA. That comparison is not only irrelevant to liability—it risks generating sympathy for Defendants based

---

[3] Erickson Dep. 80:12-81:14
[4] Kolkman Second Dep. 38:5-19, 59:21-60:8, 80:16-81:21
[5] Kolkman Second Dep. 97:13-98 (confirming that 95 percent of the debtors who receive their Notice of Sale end up making a payment.)
[6] Utah Code Ann. § 17-25-1(1)(b); Utah R. Civ. P. 64; Utah R. Civ. P. 64E; Utah R. Civ. P. 69A; Utah R. Civ. P. 69B

on conduct this Court has already ruled was unauthorized, confusing the issues, and distracting the jury from the claims it must actually decide.

CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests an order precluding Defendants from arguing or implying that establishing payment plans with Young was a less harmful, more beneficial, or otherwise justified alternative to executing the Writ of Execution, or that their decision to pursue payment arrangements rather than seize and sell Young's property was reasonable, altruistic, or in any way favorable to Plaintiff.

DATED 1/13/2026                          /s/ Eric Stephenson
                                         *Attorney for the Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on 1/13/2026 I served the foregoing MOTION IN LIMINE to Defendants' counsel of record through this court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*