Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG, <br><br> Plaintiff, <br><br> vs. <br><br> ROB KOLKMAN, *et al*. <br><br> Defendants. | **MOTION IN LIMINE** <br><br> *(Collection Authorization)* <br><br> Case Number: 2:23-cv-00420-TS <br> Judge: Ted Stewart |

Plaintiff moves in limine for an order precluding Defendants from arguing or implying to the jury that the Writ of Execution or any other authority authorized their collection activities, including sending collection letters, negotiating payment arrangements, contacting debtors by telephone, or collecting periodic payments.

## ARGUMENT

Defendants are expected to argue at trial that the Writ of Execution or some other legal authority gave them authority to do what they did—that collecting payments from Young was simply a means of satisfying the judgment they were authorized to enforce. That argument is factually false, legally foreclosed, and would mislead the jury about the scope of what the Writ and the law actually permitted.

The Writ of Execution at issue directed the constables to "seize and sell enough of the judgment debtor's non-exempt property . . . to satisfy that amount."[1] That is the full extent of its authorization. As this Court held in a materially identical case involving these same constables, the Writ's command to "collect the judgment" must be read in light of what follows—the directive to "sell"—and the rules governing such writs. It "does not confer freestanding and unfettered authority to collect the judgment by any means the constable wishes."[2]

Utah law confirms that holding. The statutes and rules governing constables authorize only the seizure and sale of property to satisfy a judgment.[3] Mailing collection letters, negotiating payment plans, calling debtors, and accepting installment payments are nowhere authorized—not by the Writ, not by Utah statute, and not by the Utah Rules of Civil Procedure. No statutory authority anywhere states that a constable may "enter into payment plans and accept payments from judgment debtors."[4]

This Court's own March 25, 2025 ruling confirmed the same. The Court found that the Constable Defendants established payment plans with debtors, sent collection letters, and contacted debtors by telephone—and that "creating payment plans does not fall within the authority granted to constables under Utah law."[5] That determination is the law of this case.

---

[1] Exhibit P-1 Writ of Execution
[2] *Campbell v. Olson Associates P.C.*, No. 2:23-cv-00914-DBB-DAO, 2024 U.S. Dist. LEXIS 130190 ¶¶ 7-8 (D. Utah July 23, 2024)
[3] Utah Code Ann. § 17-25-1(1)(b); Utah R. Civ. P. 64; Utah R. Civ. P. 64E; Utah R. Civ. P. 69A; Utah R. Civ. P. 69B
[4] *Campbell*, 2024 U.S. Dist. LEXIS 130190 ¶¶ 6-7
[5] *Young v. Kolkman, et al.*, No. 2:23-cv-420-TS-CMR, 2025 U.S. Dist. LEXIS 57625, ¶ 8 (D. Utah Mar. 25, 2025)

The argument that the Writ authorized Defendants' conduct fails for an additional and independent reason—they never executed it. Under Utah law, a writ of execution is executed by "serving the writ and a description of the property on the person holding the property and taking the property into custody."[6] The Constable Defendants never did any of that. They never seized property, never scheduled a sale, and never took any of the steps required to lawfully execute the Writ.[7] They simply used it as leverage to extract payments they had no authority to collect. Defendants cannot simultaneously claim the Writ authorized their conduct and that they never carried out what the Writ actually commanded.

Whether the Writ authorized Defendants' collection activities is a legal question already resolved against them. Permitting Defendants to re-argue that question to the jury would improperly invite the jury to reconsider a legal determination that is not theirs to make. It is therefore irrelevant under Federal Rule of Evidence 401 and should be excluded under Federal Rule of Evidence 403 because any marginal probative value is substantially outweighed by the risk of jury confusion, unfair prejudice to Plaintiff, and waste of time on a settled legal issue. Indeed, relitigating a settled legal question through jury argument is itself the kind of confusion and waste of time Rule 403 is designed to prevent.

CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests an order precluding Defendants from arguing or implying that the Writ of Execution or any

---

[6] Utah R. Civ. P. 69A(c)(4)
[7] Admis. Nos. 70-74

other legal authority authorized any of their collection activities, including sending collection letters, negotiating or establishing payment plans, contacting Young by telephone, or collecting periodic payments.

DATED 1/13/2026                    /s/ Eric Stephenson
                                   *Attorney for the Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on 1/13/2026 I served the foregoing MOTION IN LIMINE to Defendants' counsel of record through this court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*