Christopher S. Hill (9931)
David P. Gardner (10096)
Zachary C. Lindley (17261)
**KIRTON McCONKIE**
36 South State Street, #1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
chill@kmclaw.com
dgardner@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Defendants Michael W. Erickson,*
*Rob Kolkman, Utah Process, Inc., and Constable Kolkman LLC*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>    Plaintiffs,<br><br>v.<br><br>MICHAEL W. ERICKSON; UTAH COUNTY CONSTABLE'S OFFICE; ROB KOLKMAN; OFFICE OF THE UTAH COUNTY CONSTABLE, LLC; UTAH PROCESS INC.; CONSTABLE KOLKMAN LLC; MOUNTAIN LAND COLLECTIONS; and JOHN DOES 1-5,<br><br>    Defendants. | **CONSTABLE DEFENDANTS'**<br>**RESPONSES TO REQUESTS FOR**<br>**ADMISSIONS**<br><br>Case No. 2:23-cv-00420-TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendants Michael W. Erickson ("Erickson"), Utah Process, Inc., Rob Kolkman and Constable Kolkman LLC ("Kolkman") (collectively, "Constable Defendants"), by and through counsel, hereby submit their Responses to Plaintiff Charles Young's ("Plaintiff") Requests for Admission (collectively, "Requests," and each individually, a "Request") as follows:

1

4892-7110-2093.v1

1.      These responses are made solely for purposes of the above-captioned action. Each response is given subject to the specific objections set forth below with all objections reserved and subject to interposition at the time of the final hearing.

2.      Discovery is on-going in this matter. As such, Constable Defendants have not completed their investigation or analysis of the facts relating to this action nor has it completed its preparation for trial. Accordingly, the following objections and responses are given without prejudice to Constable Defendants' right to produce, disclose, or use, at some later date, subsequently discovered evidence. Constable Defendants further reserve the right to amend or supplement these objections and responses at any time.

Constable Defendants will respond to each Request, if at all, based upon their understanding of what is being requested and/or the facial scope of the Request. Constable Defendants expressly reserve the right to amend their response to any Request at any time to the extent Constable Defendants' understanding was mistaken.

## DEFINITIONS OF SPECIFIC OBJECTIONS

As used in Constable Defendants' objections to the below Requests, the following terms have the definitions respectively set forth as follows:

A.      "Vague" and/or "ambiguous" is/are defined to mean: Constable Defendants object on the basis that the Request is not drafted with sufficient precision to enable Plaintiffs to draft a reasonable response.

B.      "Overbroad" is defined to mean: Constable Defendants object on the basis that the Request calls for an expansive potential breadth of information or documents that is unreasonable in scope, parameter and/or time.

4892-7110-2093.v1

C.    "Irrelevant" is defined to mean: Constable Defendants object on the basis that the Request, as written, calls for information or production of documents irrelevant to the subject matter of this action and/or not reasonably calculated to lead to the discovery of admissible evidence.

D.    "Duplicative" is defined to mean: Constable Defendants object on the basis that the Request calls for disclosure of information or production of documents that is cumulative or duplicative of other discovery.

E.    "Unduly burdensome" is defined to mean: Constable Defendants object on the basis that the Request is so broad and/or uncertain that it creates an unreasonable and undue burden. "Unduly burdensome" is also defined to mean that Constable Defendants object to the Request because the information or documents sought is/are more readily obtainable through other more convenient, less burdensome, and less expensive sources, including public sources or discovery procedures.

F.    "Privileged" is defined to mean: Constable Defendants object on the basis that the Request calls for information or documents (1) protected by the attorney-client privilege; (2) protected by the work-product doctrine; (3) protected because it consists, in whole or in part, of trial preparation materials and/or contains mental impressions, conclusions, opinions, or legal theories of counsel; (4) otherwise protected under Rule 26 of the Federal Rules of Civil Procedure; and/or (5) protected under any other valid privilege.

G.    The phrase "subject to and without waiving their objections," or words having similar effect, is defined to mean: Notwithstanding the fact that Constable Defendants may

4892-7110-2093.v1

produce certain information or documents in response to a Request, information or documents sought by the Request that is/are covered by a specific objection may not be disclosed or produced.

H.      The phrase "is compound and/or contains multiple parts and/or subparts" is defined to mean: Constable Defendants object to the Request on the basis that it includes many subparts, each representing an individual request for either documents or information, and may render the Request unclear.  Constable Defendants reserve the right to count each distinct subpart against any limitation imposed on the number of Requests Plaintiff may serve.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**  Mountain Land Collections is a debt collector as defined by 15 U.S.C. § 1692a(6).

**RESPONSE:**  Constable Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, whether 15 U.S.C. § 1692a(6) applies.  Constable Defendants further object on the grounds that this Request is not directed at Constable Defendants, and therefore, they lack knowledge and can neither admit nor deny this Request.  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Unable to admit or deny.

**REQUEST NO. 2:**  Mountain Land Collections' principal business purpose is collecting debt.

**RESPONSE:**  Constable Defendants object on the grounds that this Request is not directed at Constable Defendants, and therefore, they lack knowledge and can neither admit nor deny this

4

Request.  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Unable to admit or deny.

**REQUEST NO. 3:**  Mountain Land Collections regularly collects debt.

**RESPONSE:**  Constable Defendants object on the grounds that this Request is not directed at Constable Defendants, and therefore, they lack knowledge and can neither admit nor deny this Request.  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Unable to admit or deny.

**REQUEST NO. 4:**  Mountain Land Collections regularly collects debt originally owed to others.

**RESPONSE:**  Constable Defendants object on the grounds that this Request is not directed at Constable Defendants, and therefore, they lack knowledge and can neither admit nor deny this Request.  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Unable to admit or deny.

**REQUEST NO. 5:** In the last year proceeding these requests, Mountain Land Collections commenced at least 4000 collection lawsuits to collect debt originally owed to someone else.

**RESPONSE:**  Constable Defendants object on the grounds that this Request is not directed at Constable Defendants, and therefore, they lack knowledge and can neither admit nor deny this Request.  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

4892-7110-2093.v1

Unable to admit or deny.

**REQUEST NO. 6:** Michael Erickson is a debt collector as defined by 15 U.S.C. § 1692a(6).

**RESPONSE:** Constable Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, whether 15 U.S.C. § 1692a(6) applies. Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Deny.

**REQUEST NO. 7:** Michael Erickson's principal business purpose is collecting debt.

**RESPONSE:** Constable Defendants object to this Request on the grounds that it is vague as to the phrase "principal business purpose," as Defendant Erickson is an individual. Constable Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, whether Constable Defendants are "debt collectors." Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Deny.

**REQUEST NO. 8:** Michael Erickson regularly collects debt.

**RESPONSE:** Constable Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, whether Constable Defendants are "debt collectors." Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Deny.

6

**REQUEST NO. 9:**  Michael Erickson regularly collects debt originally owed to others.

**RESPONSE:**  Constable Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, whether a debt is "owed" to others and whether Constable Defendants are "debt collectors." Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Deny.

**REQUEST NO. 10:**  In the last year proceeding these requests, Michael Erickson mailed at least 100 letters to debtors to collect judgments owed to someone else.

**RESPONSE:**  Constable Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, whether a judgment is "owed" to others.  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Deny.

**REQUEST NO. 11:**  Rob Kolkman is a debt collector as defined by 15 U.S.C. § 1692a(6).

**RESPONSE:**  Constable Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, whether 15 U.S.C. § 1692a(6) applies.  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Deny.

**REQUEST NO. 12:**  Rob Kolkman's principal business purpose is collecting debt.

7

**RESPONSE:**  Constable Defendants object to this Request on the grounds that it is vague as to the phrase "principal business purpose," as Defendant Kolkman is an individual.  Constable Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, whether Constable Defendants are "debt collectors."  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Deny.

**REQUEST NO. 13:** Rob Kolkman regularly collects debt.

**RESPONSE:**  Constable Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, whether Constable Defendants are "debt collectors."  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Deny.

**REQUEST NO. 14:** Rob Kolkman regularly collects debt originally owed to others.

**RESPONSE:**  Constable Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, whether a debt is "owed" to others and whether Constable Defendants are "debt collectors."  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Deny.

**REQUEST NO. 15:**  In the last year proceeding these requests, Rob Kolkman mailed at least 100 letters to debtors to collect judgments owed to someone else.

8

**RESPONSE:**  Constable Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, whether a judgment is "owed" to others.  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Deny.

**REQUEST NO. 16:**  The alleged debt the Defendants sought to collect from the Plaintiff was past due before any of the Defendants began attempting to collect it.

**RESPONSE:**  Constable Defendants object to this Request on the grounds that it is vague as to the terms "Defendants," "sought to collect," "past due," and "attempting to collect it." Constable Defendants object to this Request on the grounds that the subject Writ of Execution speaks for itself as to the judgment amount.  Constable Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, whether Constable Defendants are "debt collectors."  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants deny they are debt collectors.  Constable Defendants deny the remaining parts of this Request.

**REQUEST NO. 17:**  Michael Erickson collected payments from the Plaintiff on behalf of Mountain Land Collections.

**RESPONSE:**  Constable Defendants object to this Request on the grounds that it is vague as to the term "on behalf of," as it is unclear to what Plaintiff is referring as that term could carry several meanings, including the legal determination of whether someone is acting "on behalf of" someone else, and therefore, Constable Defendants are left to speculate.  Constable Defendants

9

object to this Request on the grounds that the subject Writ of Execution speaks for itself as to authority granted to Constable Defendants. Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Deny.

**REQUEST NO. 18:** Rob Kolkman collected payments from the Plaintiff on behalf of Mountain Land Collections.

**RESPONSE:** Constable Defendants object to this Request on the grounds that it is vague as to the term "on behalf of," as it is unclear to what Plaintiff is referring as that term could carry several meanings, including the legal determination of whether someone is acting "on behalf of" someone else, and therefore, Constable Defendants are left to speculate. Constable Defendants object to this Request on the grounds that the subject Writ of Execution speaks for itself as to authority granted to Constable Defendants. Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Deny.

**REQUEST NO. 19:** All of the amounts collected by the constable Defendants from the Plaintiff were owed to Mountain Land Collections.

**RESPONSE:** Constable Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, whether an amount is "owed" to others. Constable Defendants further object to this Request on the grounds that the subject Writ of Execution speaks for itself as to the judgment. Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Deny.

10

**REQUEST NO. 20:** All of the constable Defendants' efforts to collect and attempt to collect from the Plaintiff were authorized by Mountain Land Collections.

**RESPONSE:** Constable Defendants object to this Request on the grounds that the subject Writ of Execution speaks for itself as to authority granted to Constable Defendants. Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Deny.

**REQUEST NO. 21:** None of the acts and practices taken by the constable Defendants to collect from the Plaintiff were outside of the authority granted to them by Mountain Land Collections.

**RESPONSE:** Constable Defendants object to this Request on the grounds that it is vague as to the term "acts and practices taken," as it is unclear to what Plaintiff is referring as that could carry several meanings, and therefore, Constable Defendants are left to speculate. Constable Defendants object to this Request on the grounds that the subject Writ of Execution speaks for itself as to authority granted to Constable Defendants. Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants admit that their authority in this case derived from the underlying Writ of Execution. Constable Defendants deny the remaining parts of this Request.

**REQUEST NO. 22:** Over the last year proceeding these requests, Mountain Land Collections regularly hired Erickson to collect other debts in other cases.

**RESPONSE:** Constable Defendants object to this Request on the grounds that it is vague as to the terms "hired," "proceeding," and "regularly," as it is unclear to what Plaintiff is referring as those terms could carry several meanings, and therefore, Constable Defendants are left to

11

speculate.  Constable Defendants object to this Request on the grounds that the subject Writ of Execution speaks for itself as to authority granted to Constable Defendants.  Constable Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, whether Constable Defendants are "debt collectors."

Constable Defendants further object to this Request on the grounds that it purportedly requests that Constable Defendants admit to information that is not relevant to this matter and not likely to lead to the discovery of admissible evidence, and therefore, is improper and not proportional as pursuant to Rule 36(a)(1) of the Federal Rules of Civil Procedure.  Plaintiff alleges purported violative conduct by the Constable Defendants (and others) under claims of Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, Unjust Enrichment, Fraud, Invasion of Privacy, and the Civil Rights Act.  The purported information sought to be admitted concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove his case-in-chief under those claims.  Further, Constable Defendants object to this Request on the grounds that it purportedly requests that Constable Defendants admit confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Constable Defendants argue there is none) is greatly outweighed by the prejudice against Constable Defendants.  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants deny they are debt collectors.  Constable Defendants admit that Mountain Land Collections is a Plaintiff on many Court issued Writs of Execution Constable Defendants receive and execute.  Constable Defendants deny the remaining parts of this Request.

12

**REQUEST NO. 23:** Over the last year proceeding these requests, Mountain Land Collections regularly hired Kolkman to collect other debts in other cases.

**RESPONSE:** Constable Defendants object to this Request on the grounds that it is vague as to the terms "hired," "proceeding," and "regularly," as it is unclear to what Plaintiff is referring as those terms could carry several meanings, and therefore, Constable Defendants are left to speculate. Constable Defendants object to this Request on the grounds that the subject Writ of Execution speaks for itself as to authority granted to Constable Defendants. Constable Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, whether Constable Defendants are "debt collectors."

Constable Defendants further object to this Request on the grounds that it purportedly requests that Constable Defendants admit to information that is not relevant to this matter and not likely to lead to the discovery of admissible evidence, and therefore, is improper and not proportional as pursuant to Rule 36(a)(1) of the Federal Rules of Civil Procedure. Plaintiff alleges purported violative conduct by the Constable Defendants (and others) under claims of Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, Unjust Enrichment, Fraud, Invasion of Privacy, and the Civil Rights Act. The purported information sought to be admitted concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove his case-in-chief under those claims. Further, Constable Defendants object to this Request on the grounds that it purportedly requests that Constable Defendants admit confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Constable Defendants argue there is none) is greatly outweighed by the

13

prejudice against Constable Defendants. Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants deny they are debt collectors. Constable Defendants admit that Mountain Land Collections is a Plaintiff on many Court issued Writs of Execution Constable Defendants receive and execute. Constable Defendants deny the remaining parts of this Request.

**REQUEST NO. 24:** Mountain Land Collections delivered a letter to the Plaintiff on or around June 22, 2022.

**RESPONSE:** Constable Defendants object on the grounds that this Request is not directed at Constable Defendants, and therefore, they lack knowledge and can neither admit nor deny this Request. Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Unable to admit or deny.

**REQUEST NO. 25:** The document attached as Exhibit 001 is a true and correct copy of the letter Mountain Land Collections delivered to Plaintiff on or around June 22, 2022.

**RESPONSE:** Constable Defendants object on the grounds that this Request is not directed at Constable Defendants, and therefore, they lack knowledge and can neither admit nor deny this Request. Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Unable to admit or deny.

**REQUEST NO. 26:** The June 22, 2022 letter was Mountain Land Collections' first communication with the Plaintiff.

14

**RESPONSE:**  Constable Defendants object on the grounds that this Request is not directed at Constable Defendants, and therefore, they lack knowledge and can neither admit nor deny this Request.  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Unable to admit or deny.

**REQUEST NO. 27:** Michael Erickson sent a letter to the Plaintiff on or around August 23, 2022.

**RESPONSE:**  Constable Defendants object to this Request on the grounds that it is vague as to the terms "sent," "a letter," and "on or around," as it is unclear to what Plaintiff is referring as those terms could carry several meanings, and therefore, Constable Defendants are left to speculate.  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants admit that on August 23, 2022, the underlying Writ of Execution was served on Plaintiff.  Constable Defendants deny the remaining parts of this Request.

**REQUEST NO. 28:**  The document attached as Exhibit 002 is a true and correct copy of the letter Erickson sent to Plaintiff on or around August 23, 2022.

**RESPONSE:**  Constable Defendants object to this Request on the grounds that it is vague as to the terms "sent" and "on or around," as it is unclear to what Plaintiff is referring as those terms could carry several meanings, and therefore, Constable Defendants are left to speculate. Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

15

Constable Defendants admit that the Exhibit Plaintiff identifies as "002" is a true and correct copy of the underlying Writ of Execution that was served on Plaintiff on August 23, 2022. Constable Defendants deny the remaining parts of this Request.

**REQUEST NO. 29:** The August 23, 2022 letter was Erickson's first communication with the Plaintiff.

**RESPONSE:** Constable Defendants object to this Request on the grounds that it is vague as to the terms "[t]he August 23, 2022 letter" and "communication," as it is unclear to what Plaintiff is referring as that term could carry several meanings, and therefore, Constable Defendants are left to speculate. Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

To the extent "[t]he August 23, 2022 letter" refers to the Exhibit Plaintiff identifies as "002," Constable Defendants admit that the underlying Writ of Execution was served on Plaintiff on August 23, 2022. Constable Defendants deny the remaining parts of this Request.

**REQUEST NO. 30:** Michael Erickson sent Plaintiff a letter on or around September 13, 2022.

**RESPONSE:** Admit.

**REQUEST NO. 31:** The document attached as Exhibit 003 is a true and correct copy of the letter Erickson sent to Plaintiff on or around September 13, 2022.

**RESPONSE:** Admit.

**REQUEST NO. 32:** Erickson included the Notice of Sale attached to Exhibit P-3 with his September 13, 2022 letter.

16

**RESPONSE:** Constable Defendants object to this Request on the grounds that it is vague as to the term "attached to Exhibit P-3," as it is unclear to what Plaintiff is referring, as Constable Defendants are unable to locate an "Exhibit P-3." Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants admit that a Notice of Proposed Sale was included with the September 13, 2022 correspondence. Constable Defendants deny the remaining parts of this Request.

**REQUEST NO. 33:** The document attached to Exhibit 003 is a true and correct copy of the Notice of Sale Erickson mailed to Plaintiff.

**RESPONSE:** Admit.

**REQUEST NO. 34:** When Erickson mailed the Notice of Sale to the Plaintiff, Erickson had authority from Mountain Land Collections to collect the judgment from Plaintiff.

**RESPONSE:** Constable Defendants object to this Request on the grounds that the subject Writ of Execution speaks for itself as to authority granted to Constable Defendants. Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants admit that their authority in this case derived from the underlying Writ of Execution. Constable Defendants deny the remaining parts of this Request.

**REQUEST NO. 35:** Michael Erickson mailed Plaintiff a letter on or around September 23, 2022.

**RESPONSE:** Admit.

**REQUEST NO. 36:** The document attached as Exhibit 004 is a true and correct copy of the letter Erickson mailed to Plaintiff on or around September 23, 2022.

17

**RESPONSE:**  Admit.

**REQUEST NO. 37:** Michael Erickson mailed Plaintiff a letter on or around October 25, 2022.

**RESPONSE:**  Admit.

**REQUEST NO. 38:** The document attached as Exhibit 005 is a true and correct copy of the letter Erickson mailed to Plaintiff on or around October 25, 2022.

**RESPONSE:**  Admit.

**REQUEST NO. 39:** Michael Erickson mailed Plaintiff a letter on or around November 29, 2022.

**RESPONSE:**  Admit.

**REQUEST NO. 40:**  The document attached as Exhibit 006 is a true and correct copy of the letter Erickson mailed to Plaintiff on or around November 29, 2022.

**RESPONSE:**  Admit.

**REQUEST NO. 41:**  Erickson mailed Plaintiff a letter on or around December 28, 2022.

**RESPONSE:**  Admit.

**REQUEST NO. 42:**  The document attached as Exhibit 007 is a true and correct copy of the letter Erickson mailed Plaintiff a letter on or around December 28, 2022.

**RESPONSE:**  Admit.

**REQUEST NO. 43:**  Erickson mailed Plaintiff a letter on or around February 27, 2023.

**RESPONSE:**  Deny.

**REQUEST NO. 44:** The document attached as Exhibit 008 is a true and correct copy of the letter Erickson mailed Plaintiff a letter on or around February 27, 2023.

18

**RESPONSE:** Deny.

**REQUEST NO. 45:** Rob Kolkman mailed Plaintiff a letter on or around February 27, 2023.

**RESPONSE:** Admit.

**REQUEST NO. 46:** The document attached as Exhibit 009 is a true and correct copy of the letter Kolkman mailed to Plaintiff on or around February 27, 2023.

**RESPONSE:** Admit.

**REQUEST NO. 47:** Kolkman's February 27, 2023 letter was Kolkman's first communication with the Plaintiff.

**RESPONSE:** Deny.

**REQUEST NO. 48:** Plaintiff spoke to at least one of the constable Defendants by telephone.

**RESPONSE:** Admit.

**REQUEST NO. 49:** During their telephone conversations the constable Defendants threatened to seize and sell Plaintiff's personal property to pay the alleged debt.

**RESPONSE:** Constable Defendants object to this Request on the grounds that it is vague as to the terms "their telephone conversation" and "threatened," as it is unclear to what Plaintiff is referring, as those terms could carry several meanings, and therefore, Constable Defendants are left to speculate. Constable Defendants further object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, whether Plaintiff was "threatened" (undefined) and whether Constable Defendants are "debt

19

collectors." Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants deny they are debt collectors. Constable Defendants deny the remaining parts of this Request.

**REQUEST NO. 50:** Plaintiff made at least one payment to Erickson.

**RESPONSE:** Admit.

**REQUEST NO. 51:** Plaintiff made at least one payment to Kolkman.

**RESPONSE:** Admit.

**REQUEST NO. 52:** When they communicated with the Plaintiff, the constable Defendants had authority from Mountain Land Collections to collect the judgment.

**RESPONSE:** Constable Defendants object to this Request on the grounds that the subject Writ of Execution speaks for itself as to authority granted to Constable Defendants. Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants admit that their authority in this case derived from the underlying Writ of Execution. Constable Defendants deny the remaining parts of this Request.

**REQUEST NO. 53:** Each of the constables' communications with the Plaintiff were to persuade Plaintiff to make payment arrangements with the constables.

**RESPONSE:** Constable Defendants object to this Request on the grounds that it is vague as to the terms "communications" and "persuade," as it is unclear to what Plaintiff is referring, as those terms could carry several meanings, and therefore, Constable Defendants are left to speculate. Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

20

Deny.

**REQUEST NO. 54:** Defendants' letters to the Plaintiff were not legal pleadings or court filings.

**RESPONSE:** Constable Defendants object to this Request on the grounds that it is vague as to the terms "legal pleading" and "letter," as it is unclear to what Plaintiff is referring specifically, and what Plaintiff considers to be a "letter" or a "legal pleading." Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants admit that "letters," as that term is commonly used, were not filed with a court. As Constable Defendants are unsure to what Plaintiff considers to be a "legal pleading" or "letter," Constable Defendants deny the remaining parts of this Request.

**REQUEST NO. 55:** Defendants' Notice of Sale was not a legal pleading or court filing.

**RESPONSE:** Constable Defendants object to this Request on the grounds that it is vague as to the terms "legal pleading," as it is unclear to what Plaintiff is referring specifically, and what Plaintiff considers to be a "legal pleading." Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants admit that a Notice of Proposed Sale was not filed with a court. As Constable Defendants are unsure to what Plaintiff considers to be a "legal pleading," Constable Defendants deny the remaining parts of this Request.

**REQUEST NO. 56:** Defendants' verbal communications with Plaintiff were not legal proceedings or court filings.

**RESPONSE:** Constable Defendants object to this Request on the grounds that it is vague as to the terms "verbal" and "legal proceedings," as it is unclear to what Plaintiff is referring

21

specifically, and what Plaintiff considers to be a "verbal" communications and "legal proceedings." Constable Defendants further object on the grounds that to the extent this Request is not directed at Constable Defendants, they therefore lack knowledge and can neither admit nor deny this Request. Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants admit that their "verbal" communications (which Constable Defendants interpret as "oral" communications for purposes of this Request) do not constitute "legal proceedings" (which Constable Defendants interpret as in a court setting with an assigned judge for purposes of this Request). Constable Defendants admit that they communicated with Plaintiff in their execution of the underlying Writ of Execution in this case which granted them authority to do so.

**REQUEST NO. 57:** None of the constable Defendants ever notified Plaintiff that the constables were debt collectors and that any information they obtain would be used to collect the alleged debt.

**RESPONSE:** Constable Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, whether Constable Defendants are "debt collectors." Constable Defendants further object on the grounds that to the extent this Request is not directed at Constable Defendants, they therefore lack knowledge and can neither admit nor deny this Request. Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants admit that they did not "notify" Plaintiff that "any information they obtain would be used to collect the alleged debt." Constable Defendants deny they are "debt

22

collectors," which Plaintiff fails to define in the Request, and further deny any implication that they were under any obligation to "notify" Plaintiff that "any information they obtain would be used to collect the alleged debt." Constable Defendants deny the remaining parts of this Request.

**REQUEST NO. 58:** None of the Defendants' letters to the Plaintiff contained a notice that Plaintiff had 30 days to dispute the debt.

**RESPONSE:** Constable Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, determination of whether Plaintiff "had 30 days to dispute the debt" and whether Constable Defendants are "debt collectors." Constable Defendants further object on the grounds that to the extent this Request is not directed at Constable Defendants, they therefore lack knowledge and can neither admit nor deny this Request. Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants admit that they did not "notify" Plaintiff that he had "30 days to dispute the debt." Constable Defendants deny they are debt collectors, and deny that Plaintiff was allowed "30 days to dispute the debt." Constable Defendants further deny any implication that they were under any obligation to "notify" Plaintiff of any such purported "30 days to dispute the debt." Constable Defendants deny the remaining parts of this Request.

**REQUEST NO. 59:** None of the Defendants ever notified Plaintiff he had a 30-day period to dispute the debt.

**RESPONSE:** Constable Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, determination of whether Plaintiff "had 30 days to dispute the debt" and whether Constable

23

Defendants are "debt collectors."  Constable Defendants further object on the grounds that to the extent this Request is not directed at Constable Defendants, they therefore lack knowledge and can neither admit nor deny this Request.  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants admit that they did not "notify" Plaintiff that he had "30 days to dispute the debt."  Constable Defendants deny they are debt collectors, and deny that Plaintiff was allowed "30 days to dispute the debt."  Constable Defendants further deny any implication that they were under any obligation to "notify" Plaintiff of any such purported "30 days to dispute the debt."  Constable Defendants deny the remaining parts of this Request.

**REQUEST NO. 60:** When Mountain Land Collections hired the constable Defendants, it expected them to communicate with Plaintiff to collect the judgment.

**RESPONSE:**  Constable Defendants object to this Request on the grounds that it is vague as to the term "hired," as it is unclear to what Plaintiff is referring as that term could carry several meanings, and therefore, Constable Defendants are left to speculate.  Constable Defendants object to this Request on the grounds that the subject Writ of Execution speaks for itself as to authority granted to Constable Defendants.  Constable Defendants further object on the grounds that to the extent this Request is not directed at Constable Defendants, they therefore lack knowledge and can neither admit nor deny this Request.  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants admit that Mountain Land Collections is a Plaintiff on many Court issued Writs of Execution Constable Defendants receive and execute.  Constable Defendants are

4892-7110-2093.v1

unable to admit or deny the remaining parts of this Request because Constable Defendants do not have personal knowledge of Mountain Land Collections' purported "expectations."

**REQUEST NO. 61:**  When Mountain Land Collections hired the constable Defendants, it expected them to negotiate payment arrangements to collect the judgment.

**RESPONSE:**  Constable Defendants object to this Request on the grounds that it is vague as to the term "hired," as it is unclear to what Plaintiff is referring as that term could carry several meanings, and therefore, Constable Defendants are left to speculate.  Constable Defendants object to this Request on the grounds that the subject Writ of Execution speaks for itself as to authority granted to Constable Defendants.  Constable Defendants further object on the grounds that to the extent this Request is not directed at Constable Defendants, they therefore lack knowledge and can neither admit nor deny this Request.  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants admit that Mountain Land Collections is a Plaintiff on many Court issued Writs of Execution Constable Defendants receive and execute.  Constable Defendants are unable to admit or deny the remaining parts of this Request because Constable Defendants do not have personal knowledge of Mountain Land Collections' purported "expectations."

**REQUEST NO. 62:**  When Mountain Land Collections hired the constable Defendants, it expected them to accept and process payments on its behalf.

**RESPONSE:**  Constable Defendants object to this Request on the grounds that it is vague as to the term "hired," as it is unclear to what Plaintiff is referring as that term could carry several meanings, and therefore, Constable Defendants are left to speculate.  Constable Defendants object to this Request on the grounds that the subject Writ of Execution speaks for itself as to authority

4892-7110-2093.v1

granted to Constable Defendants.  Constable Defendants further object on the grounds that to the extent this Request is not directed at Constable Defendants, they therefore lack knowledge and can neither admit nor deny this Request.  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants admit that Mountain Land Collections is a Plaintiff on many Court issued Writs of Execution Constable Defendants receive and execute.  Constable Defendants are unable to admit or deny the remaining parts of this Request because Constable Defendants do not have personal knowledge of Mountain Land Collections' purported "expectations."

**REQUEST NO. 63:** When Mountain Land Collections hired the constable Defendants, it expected them to notify Plaintiff of a seizure and public sale of his property.

**RESPONSE:**  Constable Defendants object to this Request on the grounds that it is vague as to the term "hired," as it is unclear to what Plaintiff is referring as that term could carry several meanings, and therefore, Constable Defendants are left to speculate.  Constable Defendants object to this Request on the grounds that the subject Writ of Execution speaks for itself as to authority granted to Constable Defendants.  Constable Defendants further object on the grounds that to the extent this Request is not directed at Constable Defendants, they therefore lack knowledge and can neither admit nor deny this Request.  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants admit that Mountain Land Collections is a Plaintiff on many Court issued Writs of Execution Constable Defendants receive and execute.  Constable Defendants are unable to admit or deny the remaining parts of this Request because Constable Defendants do not have personal knowledge of Mountain Land Collections' purported "expectations."

4892-7110-2093.v1

**REQUEST NO. 64:** When Mountain Land Collections hired the constable Defendants, it did not expect them to notify Plaintiff of a seizure and public sale of his property.

**RESPONSE:** Constable Defendants object to this Request on the grounds that it is vague as to the term "hired," as it is unclear to what Plaintiff is referring as that term could carry several meanings, and therefore, Constable Defendants are left to speculate. Constable Defendants object to this Request on the grounds that the subject Writ of Execution speaks for itself as to authority granted to Constable Defendants. Constable Defendants further object on the grounds that to the extent this Request is not directed at Constable Defendants, they therefore lack knowledge and can neither admit nor deny this Request. Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants admit that Mountain Land Collections is a Plaintiff on many Court issued Writs of Execution Constable Defendants receive and execute. Constable Defendants are unable to admit or deny the remaining parts of this Request because Constable Defendants do not have personal knowledge of Mountain Land Collections' purported "expectations."

**REQUEST NO. 65:** When Mountain Land Collections hired the constable Defendants, it expected them to attempt to collect additional fees, costs, commissions, and other amounts.

**RESPONSE:** Constable Defendants object to this Request on the grounds that it is vague as to the term "hired," as it is unclear to what Plaintiff is referring as that term could carry several meanings, and therefore, Constable Defendants are left to speculate. Constable Defendants object to this Request on the grounds that the subject Writ of Execution speaks for itself as to authority granted to Constable Defendants. Constable Defendants further object on the grounds that to the extent this Request is not directed at Constable Defendants, they therefore lack knowledge and can

27

neither admit nor deny this Request. Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants admit that Mountain Land Collections is a Plaintiff on many Court issued Writs of Execution Constable Defendants receive and execute. Constable Defendants are unable to admit or deny the remaining parts of this Request because Constable Defendants do not have personal knowledge of Mountain Land Collections' purported "expectations."

**REQUEST NO. 66:** Mountain Land Collections authorized, approved of, or acquiesced to the acts and practices the constable Defendants engaged in to collect the judgment on its behalf.

**RESPONSE:** Constable Defendants object to this Request on the grounds that it is vague as to the terms "authorized, approved of, or acquiesced," "acts and practices," and "on its behalf," as it is unclear to what Plaintiff is referring as those terms could carry several meanings, including the legal determination of whether someone is acting "on behalf of" someone else, and therefore, Constable Defendants are left to speculate. Constable Defendants object to this Request on the grounds that the subject Writ of Execution speaks for itself as to authority granted to Constable Defendants. Constable Defendants further object on the grounds that to the extent this Request is not directed at Constable Defendants, they therefore lack knowledge and can neither admit nor deny this Request. Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants admit that the underlying Writ of Execution granted them authority. Constable Defendants are unable to admit or deny the remaining parts of this Request concerning what Mountain Land Collections did or did not do as related to "approving" or "acquiescing" to any purported "acts and practices," which are subject to Mountain Land Collections.

28

**REQUEST NO. 67:**  In the last year proceeding these requests, Mountain Land Collections regularly hired the constable Defendants to collect on its behalf.

**RESPONSE:**  Constable Defendants object to this Request on the grounds that it is vague as to the terms "hired," "proceeding," "regularly," and "on its behalf," as it is unclear to what Plaintiff is referring as those terms could carry several meanings, including the legal determination of whether someone is acting "on behalf of" someone else, and therefore, Constable Defendants are left to speculate.  Constable Defendants object to this Request on the grounds that the subject Writ of Execution speaks for itself as to authority granted to Constable Defendants.

Constable Defendants further object to this Request on the grounds that it purportedly requests that Constable Defendants admit to information that is not relevant to this matter and not likely to lead to the discovery of admissible evidence, and therefore, is improper and not proportional as pursuant to Rule 36(a)(1) of the Federal Rules of Civil Procedure.  Plaintiff alleges purported violative conduct by the Constable Defendants (and others) under claims of Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, Unjust Enrichment, Fraud, Invasion of Privacy, and the Civil Rights Act.  The purported information sought to be admitted concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove his case-in-chief under those claims.  Further, Constable Defendants object to this Request on the grounds that it purportedly requests that Constable Defendants admit confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Constable Defendants argue there is none) is greatly outweighed by the prejudice against Constable Defendants.  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

29

Constable Defendants deny they are debt collectors.  Constable Defendants admit that Mountain Land Collections is a Plaintiff on many Court issued Writs of Execution Constable Defendants receive and execute.  Constable Defendants deny the remaining parts of this Request.

**REQUEST NO. 68:**  In the last year proceeding these requests, Mountain Land Collections regularly received monetary payments from the constable Defendants for debts they collect on Mountain Land's behalf.

**RESPONSE:**  Constable Defendants object to this Request on the grounds that it is vague as to the terms "proceeding," "regularly," and "on Mountain Land's behalf," as it is unclear to what Plaintiff is referring as those terms could carry several meanings, including the legal determination of whether someone is acting "on behalf of" someone else, and therefore, Constable Defendants are left to speculate.  Constable Defendants object to this Request on the grounds that the subject Writ of Execution speaks for itself as to authority granted to Constable Defendants. Constable Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, whether Constable Defendants are "debt collectors."

Constable Defendants further object to this Request on the grounds that it purportedly requests that Constable Defendants admit to information that is not relevant to this matter and not likely to lead to the discovery of admissible evidence, and therefore, is improper and not proportional as pursuant to Rule 36(a)(1) of the Federal Rules of Civil Procedure.  Plaintiff alleges purported violative conduct by the Constable Defendants (and others) under claims of Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, Unjust Enrichment, Fraud, Invasion of Privacy, and the Civil Rights Act.  The purported information sought to be admitted concerning

any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove his case-in-chief under those claims. Further, Constable Defendants object to this Request on the grounds that it purportedly requests that Constable Defendants admit confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Constable Defendants argue there is none) is greatly outweighed by the prejudice against Constable Defendants. Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants deny they are debt collectors. Constable Defendants admit that Mountain Land Collections is a Plaintiff on many Court issued Writs of Execution Constable Defendants receive and execute. Constable Defendants deny the remaining parts of this Request.

**REQUEST NO. 69:** The Defendants never served Plaintiff with a Writ of Execution.

**RESPONSE:** Constable Defendants object on the grounds that to the extent this Request is not directed at Constable Defendants, they therefore lack knowledge and can neither admit nor deny this Request. Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Unable to admit or deny as to what other Defendants did or did not do. As to Constable Defendants, they deny this Request.

**REQUEST NO. 70:** The Defendants never seized or sold Plaintiff's property.

**RESPONSE:** Constable Defendants object on the grounds that to the extent this Request is not directed at Constable Defendants, they therefore lack knowledge and can neither admit nor deny this Request. Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

31

Unable to admit or deny as to what other Defendants did or did not do.  As to Constable Defendants, they admit this Request.

**REQUEST NO. 71:** The Defendants never advertised a sale of Plaintiff's property.

**RESPONSE:**  Constable Defendants object on the grounds that to the extent this Request is not directed at Constable Defendants, they therefore lack knowledge and can neither admit nor deny this Request.  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Unable to admit or deny as to what other Defendants did or did not do.  As to Constable Defendants, they admit this Request.

**REQUEST NO. 72:** In the last year proceeding these requests, the constable Defendants did not seize or sell any debtor's personal property on behalf of Mountain Land Collections.

**RESPONSE:**  Constable Defendants object to this Request on the grounds that it is vague as to the terms "proceeding," "any debtor's," "personal property," and "on behalf of," as it is unclear to what Plaintiff is referring as those terms could carry several meanings, including the legal determination of whether someone is acting "on behalf of" someone else, and therefore, Constable Defendants are left to speculate.  Constable Defendants object to this Request on the grounds that the subject Writ of Execution speaks for itself as to authority granted to Constable Defendants.

Constable Defendants further object to this Request on the grounds that it purportedly requests that Constable Defendants admit to information that is not relevant to this matter and not likely to lead to the discovery of admissible evidence, and therefore, is improper and not proportional as pursuant to Rule 36(a)(1) of the Federal Rules of Civil Procedure.  Plaintiff alleges

32

4892-7110-2093.v1

purported violative conduct by the Constable Defendants (and others) under claims of Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, Unjust Enrichment, Fraud, Invasion of Privacy, and the Civil Rights Act.  The purported information sought to be admitted concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove his case-in-chief under those claims.  Further, Constable Defendants object to this Request on the grounds that it purportedly requests that Constable Defendants admit confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Constable Defendants argue there is none) is greatly outweighed by the prejudice against Constable Defendants.  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants admit that their authority in this case derived from the underlying Writ of Execution and they did not act "on behalf of" (as they interpret that term given its lack of definition in the Request) Mountain Land Collections, and that they did not "seize or sell" any of Plaintiff's "personal property."  Constable Defendants deny the remaining parts of this Request.

**REQUEST NO. 73:** In the last year proceeding these requests, the constable Defendants did not seize or sell any debtor's personal property on behalf of anyone else.

**RESPONSE:**  Constable Defendants object to this Request on the grounds that it is vague as to the terms "proceeding," "any debtor's," "personal property," "anyone else," and "on behalf of," as it is unclear to what Plaintiff is referring as those terms could carry several meanings, including the legal determination of whether someone is acting "on behalf of" someone else, and specifically in this case, "on behalf of anyone else," and therefore, Constable Defendants are left

33

to speculate.  Constable Defendants object to this Request on the grounds that the subject Writ of Execution speaks for itself as to authority granted to Constable Defendants.

Constable Defendants further object to this Request on the grounds that it purportedly requests that Constable Defendants admit to information that is not relevant to this matter and not likely to lead to the discovery of admissible evidence, and therefore, is improper and not proportional as pursuant to Rule 36(a)(1) of the Federal Rules of Civil Procedure.  Plaintiff alleges purported violative conduct by the Constable Defendants (and others) under claims of Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, Unjust Enrichment, Fraud, Invasion of Privacy, and the Civil Rights Act.  The purported information sought to be admitted concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove his case-in-chief under those claims.  Further, Constable Defendants object to this Request on the grounds that it purportedly requests that Constable Defendants admit confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Constable Defendants argue there is none) is greatly outweighed by the prejudice against Constable Defendants.  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants admit that their authority in this case derived from the underlying Writ of Execution and that they did not "seize or sell" any of Plaintiff's "personal property." Constable Defendants deny the remaining parts of this Request.

**REQUEST NO. 74:** In the last year proceeding these requests, the only property the constable Defendants seized and sold were mobile homes and the property contained therein.

34

**RESPONSE:** Constable Defendants object to this Request on the grounds that it is vague as to the terms "proceeding," "mobile homes," and "property contained therein," as it is unclear to what Plaintiff is referring as those terms could carry several meanings, and therefore, Constable Defendants are left to speculate.

Constable Defendants further object to this Request on the grounds that it purportedly requests that Constable Defendants admit to information that is not relevant to this matter and not likely to lead to the discovery of admissible evidence, and therefore, is improper and not proportional as pursuant to Rule 36(a)(1) of the Federal Rules of Civil Procedure. Plaintiff alleges purported violative conduct by the Constable Defendants (and others) under claims of Fair Debt Collection Practices Act, Utah Consumer Sales Practices Act, Unjust Enrichment, Fraud, Invasion of Privacy, and the Civil Rights Act. The purported information sought to be admitted concerning any other matter not related to Plaintiff does not and cannot assist Plaintiff in any way to prove his case-in-chief under those claims. Further, Constable Defendants object to this Request on the grounds that it purportedly requests that Constable Defendants admit confidential and proprietary information that should not be available to public disclosure or disclosure to Plaintiff, and any purported benefit (Constable Defendants argue there is none) is greatly outweighed by the prejudice against Constable Defendants. Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Deny.

**REQUEST NO. 75:** In attempting to collect the alleged debt from the Plaintiff, the constables held themselves out as law enforcement officers acting under color of law.

35

**RESPONSE:**  Constable Defendants object to this Request on the grounds that it is vague as to the terms "held themselves out," "officers," and "acting under color of law," as it is unclear to what Plaintiff is referring as those terms could carry several meanings, and therefore, Constable Defendants are left to speculate.  Constable Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.,* whether Constable Defendants are "debt collectors," whether they "held themselves out," and whether they act under "color of law."  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants deny they are debt collectors.  Constable Defendants admit that constables are officers of the State of Utah, and they conduct themselves as such.  Constable Defendants are unable to admit or deny the remaining parts of this Request as to "under color of law," as that is a pure admission of law to which no response is required.

**REQUEST NO. 76:**  All of your conduct in collecting the alleged debt from the Plaintiff was intentional.

**RESPONSE:**  Constable Defendants object to this Request on the grounds that it is vague as to the terms "[a]ll of your conduct" and "intentional," as it is unclear to what Plaintiff is referring as those terms could carry several meanings, and Constable Defendants cannot discern on what specific conduct Plaintiff seeks an admission, and therefore, Constable Defendants are left to speculate.  Constable Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, whether Constable Defendants are "debt collectors."  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

36

Constable Defendants deny they are debt collectors.  Constable Defendants admit that they intentionally conducted themselves in accordance with the authority granted to them by the underlying Writ of Execution in this case.  Constable Defendants deny the remaining parts of this Request to the extent Plaintiff failed to identify specific "conduct" to which Constable Defendants could truthfully respond.

**REQUEST NO. 77:** You attempted to collect the alleged debt from the Plaintiff.

**RESPONSE:**  Constable Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, whether Constable Defendants are "debt collectors."  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants deny they are debt collectors.  Constable Defendants admit that they executed the underlying Writ of Execution in this case which granted them authority to do so.

**REQUEST NO. 78:**  You communicated with the Plaintiff to collect the alleged debt.

**RESPONSE:**  Constable Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, whether Constable Defendants are "debt collectors."  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants deny they are debt collectors.  Constable Defendants admit that they communicated with Plaintiff in their execution of the underlying Writ of Execution in this case which granted them authority to do so.

**REQUEST NO. 79:**  You were compensated for collecting money from Plaintiff.

4892-7110-2093.v1

**RESPONSE:** Constable Defendants object to this Request on the grounds that it is vague as to the term "compensated," as it is unclear to what Plaintiff is referring as that term could carry several meanings, and therefore, Constable Defendants are left to speculate. Constable Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, whether Constable Defendants are "debt collectors." Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants deny they are debt collectors. Constable Defendants admit that they incurred costs approved by the State of Utah in executing the underlying Writ of Execution in this case and money is applied to those costs. Constable Defendants deny the remaining parts of this Request.

**REQUEST NO. 80:** You did not commit any bona fide errors in attempting to collect debt from the Plaintiff.

**RESPONSE:** Constable Defendants object to this Request on the grounds that it is vague as to the term "bona fide errors," as it is unclear to what Plaintiff is referring as that term could carry several meanings, and therefore, Constable Defendants are left to speculate. Constable Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, whether Constable Defendants are "debt collectors" and what constitutes a "bona fide error." Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants deny they are debt collectors. Constable Defendants admit that they executed the underlying Writ of Execution in this case according to the authority granted to them

38

in the Writ of Execution and under applicable law.  Constable Defendants are unable to admit or deny the remaining parts of this Request as pertaining to "bona fide errors" because it has not yet been determined that they are subject to the Fair Debt Collection Practices Act in this case, which is an issue or pure law.

**REQUEST NO. 81:** You have no policies, procedures, trainings, testing, or compliance programs in place to avoid the legal violations alleged in this case.

**RESPONSE:**  Constable Defendants object to this Request on the grounds that it is vague as to the terms "avoid," "testing," "compliance programs," and "legal violations," as it is unclear to what Plaintiff is referring as those terms could carry several meanings, and therefore, Constable Defendants are left to speculate.  Constable Defendants object to this Request on the grounds that it calls for an admission of law, which is improper under Rule 36 of the Federal Rules of Civil Procedure, *i.e.*, what constitute "legal violations" and the application of those "legal violations."  Subject to and without waiving the foregoing objections, Constable Defendants respond as follows:

Constable Defendants admit that they conduct "training" for purposes of executing Writs of Execution.  Constable Defendants deny the remaining parts of this Request.

DATED this 27th day of November 2023.

KIRTON & McCONKIE

/s/ David P. Gardner
Christopher S. Hill
David P. Gardner
Zachary C. Lindley
*Attorneys for Defendants Michael Erickson, Utah Process Inc., Rob Kolkman, Constable Kolkman LLC*

39