Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

---

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>Plaintiff,<br><br>vs.<br><br>ROB KOLKMAN, *et al*.<br><br>Defendants. | **MOTION IN LIMINE**<br><br>*(Bona Fide Error Defense)*<br><br>Case Number: 2:23-cv-00420-TS<br>Judge: Ted Stewart |

Plaintiff moves in limine for an order precluding Defendants from arguing, implying, or presenting evidence to the jury in support of the bona fide error defense under 15 U.S.C. § 1692k(c). This motion is based on this Court's prior ruling that the bona fide error defense does not apply to Defendants as a matter of law.[1]

In a prior ruling, this Court expressly found that the Constable Defendants failed to show that they followed specific procedures designed to prevent violations of the Fair Debt Collection Practices Act.[2] The Court further found that Defendants did not demonstrate that any such procedures were implemented or that they were reasonably adapted to prevent FDCPA violations. Based on that

---

[1] *Young v. Kolkman, et al*., No. 2:23-cv-420-TS-CMR, 2025 U.S. Dist. LEXIS 57625, *10 (D. Utah Mar. 25, 2025)
[2] *Young v. Kolkman, et al*., at *8-*11

analysis, the Court concluded that the bona fide error defense does not apply in this case as a matter of law.[3]

That determination resolved a legal defense and removed it from the case. Allowing Defendants to argue or present evidence suggesting that their conduct was the result of a bona fide error would directly contradict the Court's ruling and improperly invite the jury to reconsider a legal issue already decided.

This motion does not seek to exclude evidence of what Defendants did or how they conducted their operations. Rather, it seeks to prevent Defendants from characterizing their conduct as excusable, accidental, or the result of compliance procedures sufficient to invoke the bona fide error defense after this Court has already determined that the statutory requirements for that defense have not been satisfied as a matter of law.

Allowing Defendants to advance the bona fide error defense at trial would improperly invite jury confusion and improperly suggest that intent, good faith, or internal practices excuse FDCPA violations. That is not only contrary to this Court's prior ruling and governing law, but also contrary to the strict liability nature of the FDCPA itself. Defendants should therefore be precluded from arguing or implying that any alleged FDCPA violations resulted from a bona fide error, from presenting evidence offered for that purpose, or from otherwise suggesting that the bona fide error defense applies in this case.

DATED 1/13/2026                          /s/ Eric Stephenson
                                         *Attorney for the Plaintiff*

---

[3] *Id.*

MOTION IN LIMINE

— 2 —

CERTIFICATE OF SERVICE

I hereby certify that on 1/13/2026 I served the foregoing MOTION IN LIMINE to Defendants' counsel of record through this court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*