Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG, <br><br> Plaintiff, <br><br> vs. <br><br> ROB KOLKMAN, *et al*. <br><br> Defendants. | **MOTION IN LIMINE** <br><br> *(Criminal History)* <br><br> Case Number: 2:23-cv-00420-TS <br> Judge: Ted Stewart |

Plaintiff moves in limine for an order precluding Defendants from introducing evidence, argument, or testimony regarding Young's prior criminal history, including a felony charge that was resolved by plea in abeyance and an unspecified number of domestic misdemeanor charges.

ARGUMENT

Defendants explored Young's criminal history at his deposition, eliciting that he was charged with assault on a peace officer in approximately 1998, which was resolved through a plea in abeyance, and that he had been charged with an unspecified number of domestic misdemeanors, at least some of which may have resulted in convictions.[1] None of that history is admissible at trial under any applicable evidentiary rule and introducing it would serve no purpose other than to prejudice Young in the eyes of the jury.

---

[1] Young Dep. 15:16-16:12

Federal Rule of Evidence 609 governs the admissibility of prior criminal history for impeachment purposes. It permits impeachment by evidence of a prior criminal conviction—not a prior criminal charge. Young was never convicted of the felony assault charge since a plea in abeyance is not a conviction under Utah law.[2] Because there is no conviction, Rule 609 provides no basis for admission and the charge must be excluded.

Moreover, even if the Court were to treat the plea in abeyance as a conviction, the charge arose approximately twenty-five years ago. Rule 609(b) creates a strong presumption against admissibility of convictions more than ten years old unless their probative value, supported by specific facts and circumstances, substantially outweighs their prejudicial effect. No such showing can be made here. The alleged assault has no bearing on truthfulness and has no impeachment value while its prejudicial impact is obvious and substantial.

Even where a misdemeanor conviction exists, Rule 609(a)(2) limits admissibility to convictions for crimes that required proof of—or were a false statement or act of dishonesty as an element of—the offense. Domestic violence misdemeanors involve neither dishonesty nor false statement as an element. They therefore do not qualify for impeachment under Rule 609(a)(2) regardless of whether a conviction was entered.[3]

Misdemeanor convictions also cannot be admitted under Rule 609(a)(1) which is limited to felony convictions. Because the domestic charges are misdemeanors and do not involve dishonesty or false statement they are

---

[2] *See* Utah Code Ann. § 77-2a-3 (providing that upon successful completion of the terms of an abeyance agreement the charge is dismissed and no conviction is entered)
[3] *See United States v. Seamster*, 568 F.2d 188, 190 (10th Cir. 1978) (holding that only crimes involving dishonesty or false statement satisfy Rule 609(a)(2))

MOTION IN LIMINE

categorically inadmissible for impeachment under Rule 609 regardless of their disposition.

Even setting Rule 609 aside, Young's criminal history is inadmissible under Federal Rule of Evidence 404(b), which prohibits evidence of prior acts when offered to prove that a person acted in conformity with a character trait. Defendants have no legitimate non-propensity purpose for this evidence. The assault charge from 1998 and the domestic misdemeanors have no bearing on any fact of consequence in this FDCPA case as they do not tend to show motive, intent, knowledge, or any other permissible purpose under Rule 404(b)(2). Their only conceivable effect would be to suggest to the jury that Young is a person of bad character undeserving of the protections Congress enacted in the FDCPA. That is precisely the inference Rule 404(b) is designed to prevent.

Exclusion is independently required under Federal Rule of Evidence 403. Young's criminal history—particularly a decades-old felony charge that was dismissed and domestic misdemeanors bearing no relation to his FDCPA claims—carries no probative value on any disputed issue in this case. Its introduction would serve only to inflame the jury against Young, distract from the actual claims, and encourage a verdict based on character rather than the evidence. The danger of unfair prejudice substantially outweighs any conceivable probative value.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests an order precluding Defendants from introducing any evidence, argument, or testimony regarding Young's prior criminal history, including the felony assault charge

resolved by plea in abeyance and any domestic misdemeanor charges or convictions.

DATED 1/13/2026                          /s/ Eric Stephenson
                                        *Attorney for the Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on 1/13/2026 I served the foregoing MOTION IN LIMINE to Defendants' counsel of record through this court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*