Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

---

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>Plaintiff,<br><br>vs.<br><br>ROB KOLKMAN, *et al*.<br><br>Defendants. | **MOTION IN LIMINE**<br><br>*(Governmental Immunity)*<br><br>Case Number: 2:23-cv-00420-TS<br>Judge: Ted Stewart |

Plaintiff moves in limine for an order precluding Defendants from arguing, implying, or presenting evidence that they are entitled to governmental immunity under the Utah Governmental Immunity Act or any similar immunity doctrine based on their status as constables or alleged state officers.

ARGUMENT

Governmental immunity is not merely unsupported here—it is legally foreclosed. Any attempt by Defendants to argue or imply immunity would be improper, misleading, and directly contrary to this Court's prior ruling.

This Court has already determined that Defendants are "debt collectors" under the FDCPA and that "the individual constables exceeded the scope of their authority and do not fall under the FDCPA's state officer exemption."[1] That determination is dispositive and constitutes the law of the case. A party who, as a matter of law, acted outside the scope of any governmental authority cannot

---

[1] *Young v. Kolkman*, No. 2:23-cv-420, 2025 U.S. Dist. LEXIS 57625, at *8 (D. Utah Mar. 25, 2025)

simultaneously claim the protections afforded to government actors. Defendants are not entitled to relitigate that issue at trial.

Defendants' immunity argument is also procedurally barred. Governmental immunity is an affirmative defense that must be specifically pleaded and supported. Because Defendants failed to properly develop or support it, the argument is waived. A party may not introduce a new legal theory at trial—particularly one contradicting the Court's prior rulings—without having preserved it in the discovery and pretrial proceedings.

Governmental immunity is also a question of law for the Court, not a factual issue for the jury. There is no permissible basis for presenting such an argument at trial. Allowing Defendants to suggest immunity would invite the jury to decide a legal issue already resolved by this Court and beyond the jury's role. It would also mislead the jury into believing Defendants acted with governmental authority and are entitled to special legal protections. Neither is true. That risk is precisely what Rule 403 prohibits.

Even if the issue were properly before the Court, it fails on the merits. The FDCPA exempts only government officers acting within the scope of their official duties.[2] Courts consistently construe that exemption narrowly and reject its extension to private or commercial conduct.[3] It does not extend to independent contractors or private entities operating in a commercial capacity.[4] Defendants' activities—operating a debt collection business, sending collection communications, and collecting payments for private entities—are private conduct as a matter of law.

---

[2]  15 U.S.C. § 1692a(6)(C)
[3] *Brannan v. United Student Aid Funds, Inc.*, 94 F.3d 1260, 1263 (9th Cir. 1996); *Pollice v. Nat'l Tax Funding*, 225 F.3d 379, 406 (3d Cir. 2000)
[4] *See Gradisher v. Check Enf't Unit, Inc.*, 133 F. Supp. 2d 988, 992 (W.D. Mich. 2001)

Defendants also do not qualify as government actors under Utah law. Applicable county ordinances confirm that constables are not government employees or agents. Weber County Code § 5-7-4 expressly provides that no constable "shall be considered to be an agent, officer, or employee of the city." Salt Lake County ordinances likewise do not create any employment or agency relationship between constables and the County nor do they provide for County control over a constables' operations. The Utah Governmental Immunity Act also applies only to governmental entities and their employees.[5] Defendants are neither.

The Utah Legislature has since confirmed and extended this analysis. Utah Code Ann. § 17-78-603(8)-(9) now expressly provides that a constable "shall serve exclusively as an agent for" a contracting government entity, the appointing county, or a directing court, and "may not serve as an agent" for any other person. Either acting as a private debt collection agent was always unauthorized—or the Legislature acted specifically to prohibit what Defendants were doing. Either way, their conduct falls outside any official governmental role.

This Court has already expressed serious doubt about any theory that the mantle of a constable could be used to insulate debt collectors from federal law. In related litigation, the Court warned that allowing a debt collector to "hire a constable and direct the constable to violate state and federal law" and then claim immunity would risk "essentially nullifying a federal remedial statute intended to protect consumers from 'abusive, deceptive, and unfair debt collection practices.'"[6] That concern applies directly here.

---

[5] Utah Code Ann. § 63G-7-101 *et seq*.
[6] *Cordero v. Olson Assocs. P.C.*, 740 F. Supp. 3d 1117, 1138 n.9 (D. Utah 2024) (*quoting* 15 U.S.C. § 1692(a))

The nature of the conduct independently defeats any immunity claim. Utah law limited constables to attending courts, serving process, and executing writs.[7] It did not authorize a private debt collection enterprise. When constables exceed those limits, they forfeit any potential governmental protections.[8]

Defendants seek to argue a defense they do not have, based on a status they do not hold, for conduct this Court has already determined was outside any governmental authority. The Court should preclude that argument in its entirety.

CONCLUSION

For these reasons, the Court should preclude Defendants from arguing, implying, or presenting evidence that they are entitled to governmental immunity of any kind.

DATED 4/13/2026                         /s/ Eric Stephenson
                                        *Attorney for the Plaintiff*

---

[7] Utah Code Ann. § 17-25-1(1) (*repealed* 2025), *renumbered and amended at* Utah Code Ann. § 17-78-603(6) (eff. Nov. 6, 2025)

[8] *Sexton v. Poulsen & Skousen, P.C.*, 372 F. Supp. 3d 1307, 1318 (D. Utah 2019)

CERTIFICATE OF SERVICE

I hereby certify that on 4/13/2026 I served the foregoing MOTION IN LIMINE to Defendants' counsel of record through this court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*