Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>Plaintiff,<br><br>vs.<br><br>ROB KOLKMAN, *et al*.<br><br>Defendants. | **MOTION IN LIMINE**<br><br>*(Extension of Constable Status)*<br><br>Case Number: 2:23-cv-00420-TS<br>Judge: Ted Stewart |

Plaintiff moves in limine for an order precluding Defendants from arguing or implying to the jury that the Constable Defendants companies are exempt from the Fair Debt Collection Practices Act because of the individual constables' status or that they cannot qualify as a debt collector under the FDCPA.

### ARGUMENT

Defendants are expected to argue that because Rob Kolkman and Michael Erickson were sworn constables, their companies should share their status and any exemptions that flow from it. That argument has already been considered and rejected by this Court in a materially identical case involving these same Defendants and it is legally unsupported. The argument is also unduly prejudicial and confusing to the jury.

Under the plain language of the FDCPA, the state officer exemption applies to "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his

official duties."[1] By its plain terms, this exemption applies only to individual officers acting within the scope of their official duties. It does not apply to private business entities—especially when they are not collecting a debt on behalf of any governmental agency.

In *Hernandez v. Kolkman*, a materially identical case, the court expressly held that "there is no evidence in the record that provides a basis for Defendants' assertion that Mr. Kolkman's status as a constable can be extended to the LLC for purposes of the FDCPA exclusion the LLC invokes."[2] The court denied summary judgment on that basis and made clear that no legal or factual foundation supports extending Kolkman's individual constable status to the LLC.[3]

That reasoning applies with equal force here. The company Defendants are privately-owned companies. They hold no governmental authority, exercise no governmental powers, were never collecting for any governmental or official purpose, and are not sworn officers of anything. The FDCPA's state officer exemption is simply unavailable to the companies as a matter of law.

Beyond the exemption issue, the record establishes that each entity Defendant operated as a debt collector in its own right. The business Defendants each sent collection letters, made collection phone calls, demanded payment, accepted periodic payments, and negotiated payment arrangements with Young on behalf of Mountain Land Collections.[4] None of that activity constitutes the execution of official constable duties. On the contrary, that is all standard debt collection activity subject to the FDCPA on its face. Debt collection is not

---

[1] 15 U.S.C. § 1692a(6)(C)

[2] *Hernandez v. Kolkman*, No. 2:23-cv-00772-AMA-DAO, 2025 U.S. Dist. LEXIS 55599, at *6 (D. Utah Mar. 25, 2025)

[3] *Id.*

[4] Erickson Dep. 6:18-7:12, 8:16-9:3; Kolkman Second Dep. 50:8-13

incidental to the company Defendants' business activities—it is their only business. The FDCPA defines a debt collector as any person in a business whose principal purpose is debt collection or who regularly collects debts owed to others.[5] The company Defendants squarely satisfy both definitions independently.

Kolkman himself testified that his LLC never engages in traditional service of process but instead "mails letters, makes phone calls, collects money from debtors, and discusses payment arrangements with debtors."[6] His company employs five to seven people whose sole function is collection activity,[7] uses two software programs to monitor and track payments,[8] and over a two-year period received thousands of writs of execution from collection law firms and collected over 494 payments from debtors without ever seizing or selling a single piece of property.[9] Debt collection is not incidental to his company's business—it is its only business.[10] The same is true for Michael Erickson and his companies. His office mailed collection letters, handled collection calls, used template letters to collect, and employed a staff to handle the collection duties.[11] Erickson even conceded that he transferred his debt collection business operations—and only his collection operations—to Kolkman.[12]

Exclusion of any discussion about the company Defendants being exempt from the FDCPA because of the other Defendants' status as constables or that their businesses cannot be debt collectors under the FDCPA is also required under

---

[5]  15 U.S.C. § 1692a(6)
[6] Kolkman Second Dep. 50:8-13
[7] Kolkman Second Dep. 6:22-25, 7:9-8:13
[8] Kolkman Second Dep. 32:8-12
[9] *Hernandez*, 2025 U.S. Dist. LEXIS 55599, at *2-3
[10] Kolkman Dep. 10:4-9, 10:20-11:1
[11] Erickson Dep. 6:18-7:12, 8:16-9:3, 15:13-16:20, 21:5-23, 24:2-6, 36:25-37:4, 39:7-15, 43:3-8, 66:24-67:12, 72:4-13, 83:13-22, 107:4-108:10, 110:13-24
[12] Erickson Dep. 85:18-25

Rules 401 and 403. Permitting Defendants to argue to the jury that the company Defendants are not debt collectors, or that they share a constable's status, would confuse the jury and invite the jury to revisit a legal question that has already been resolved by this Court and foreclosed by the plain language of the statute. That argument is irrelevant under Federal Rule of Evidence 401 and should be excluded under Federal Rule of Evidence 403 because any marginal probative value is substantially outweighed by the risk of jury confusion and unfair prejudice to Plaintiff.

CONCLUSION

For the reasons discussed above, Plaintiff respectfully requests an order precluding Defendants from arguing or implying that the company Defendants are exempt from the FDCPA by virtue of Defendants' status as constables or that the company Defendants cannot qualify as a debt collectors under 15 U.S.C. § 1692a(6).

DATED 1/13/2026                   /s/ Eric Stephenson
                                  *Attorney for the Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on 1/13/2026 I served the foregoing MOTION IN LIMINE to Defendants' counsel of record through this court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*