Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG, | **MOTION IN LIMINE** |
| Plaintiff, | *(Mistake of Law)* |
| vs. | Case Number: 2:23-cv-00420-TS |
| ROB KOLKMAN, *et al*. | Judge: Ted Stewart |
| Defendants. | |

Plaintiff requests an order in limine precluding Defendants from arguing or implying that their mistaken interpretation of the Fair Debt Collection Practices Act constitutes a bona fide error or otherwise absolves them of liability. That argument is legally foreclosed and would improperly and prejudicially invite the jury to consider a defense that fails as a matter of law.

The United States Supreme Court has squarely held that mistakes of law, including incorrect interpretations of the FDCPA and its requirements, do not qualify for the bona fide error defense under 15 U.S.C. § 1692k(c).[1] As the Court explained;

This Court may not, however, read more into § 1692k(c) than the statutory language naturally supports. We therefore hold that the bona fide error defense in § 1692k(c) does not apply to a violation of the FDCPA

---

[1] *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.,* 559 U.S. 573, 574, 130 S. Ct. 1605 (2010)

resulting from a debt collector's incorrect interpretation of the requirements of that statute.[2]

This Court has also previously rejected that same position advanced by the Defendants in this and another relate case, including Defendants' reliance on *Johnson v. Riddle*, which was unequivocally overruled by *Jerman*.[3]

Defendants' attempt to place this issue before the jury would therefore be legally improper, misleading, confusing, and prejudicial. The argument fails as a matter of law and risks misleading jurors into believing that a good-faith misunderstanding of the FDCPA excuses noncompliance. This is especially true considering that the FDCPA is a strict liability statute that must be construed liberally in favor of the consumer.[4]

Because mistakes of law do not qualify for the bona fide error defense, Defendants should be precluded from arguing or implying that their subjective belief, misunderstanding, or interpretation of the FDCPA constitutes a bona fide error or otherwise negates liability. Mistakes of law do not qualify for the bona fide error defense.[5]

DATED 1/13/2026                          /s/ Eric Stephenson
                                         *Attorney for the Plaintiff*

---

[2] *Jerman v. Carlisle at* 604-605

[3] *Hernandez v. Kolkman, et al.* No. 2:23-cv-00772, 2025 U.S. Dist. LEXIS 55599, ¶¶ 10-12 (D. Utah Mar. 25, 2025); *Young v. Kolkman, et al.*, No. 2:23-cv-420-TS-CMR, 2025 U.S. Dist. LEXIS 57625, ¶¶ 9-11 (D. Utah Mar. 25, 2025)

[4] *Soren v. Equable Ascent Fin., LLC*, 2:12-cv-00038, 2012 WL 2317362 at *2 (*unpublished*) (D. Utah June 18, 2012) (*citing Billsie v. Brooksbank,* 525 F. Supp. 2d 1290, 1293 (D.N.M.2007); *Clark v. Capital Credit & Collection Serv., Inc*., 460 F.3d 1162, 1175 (9th Cir. 2006); *Randolph v. IMBS, Inc*., 368 F.3d 726, 729–730 (7th Cir. 2004); *Picht v. Hawks, Ltd.,* 236 F.3d 446, 451 (8th Cir. 2001))

[5] *Jerman v. Carlisle* at 574

CERTIFICATE OF SERVICE

I hereby certify that on 1/13/2026 I served the foregoing MOTION IN LIMINE to Defendants' counsel of record through this court's electronic filing system.

/s/ Eric Stephenson  
*Attorney for Plaintiff*