Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG, <br><br> Plaintiff, <br><br> vs. <br><br> ROB KOLKMAN, *et al*. <br><br> Defendants. | **MOTION IN LIMINE** <br><br> *(Unrelated Litigation)* <br><br> Case Number: 2:23-cv-00420-TS <br> Judge: Ted Stewart <br> Magistrate Judge: Cecilia M. Romero |

Plaintiff moves in limine for an order precluding Defendants from introducing evidence, argument, or testimony regarding Young's prior involvement in civil litigation, including his workers' compensation case and a car accident case in which he was a defendant.

## ARGUMENT

Young testified at deposition that he had previously been involved in two civil cases—a workers' compensation case that settled through mediation with the Utah Labor Commission, and a car accident case in Las Vegas approximately ten years ago in which he was a defendant.[1] Neither of those matters has any bearing on whether Defendants violated the FDCPA in this case.

This action concerns Defendants' conduct—their collection letters, their threats of property seizure, and their failure to provide required notices. Whether

---

[1] Young Dep. 7:1-13, 16:13-17:8

Young was previously involved in unrelated litigation does not make any fact of consequence in this case more or less probable. Accordingly, such evidence is irrelevant under Federal Rule of Evidence 401 and must be excluded under Rule 402.

The only conceivable purpose for introducing Young's prior litigation history would be to suggest that he is litigious, frequently involved in lawsuits, or otherwise prone to legal disputes. That is not a permissible evidentiary purpose. Prior involvement in civil litigation is not probative of truthfulness and therefore is not admissible for impeachment under Federal Rule of Evidence 608. Rule 404(b) prohibits other acts evidence when offered to prove a person acted in conformity with a character trait. Defendants have no legitimate non-propensity purpose for this evidence and none exists on this record.

Even if the Court were to conclude that Young's prior litigation history has marginal relevance, exclusion is still required under Federal Rule of Evidence 403. Permitting Defendants to reference Young's workers' compensation matter or decade-old car accident lawsuit would invite the jury to evaluate him based on unrelated legal history rather than the merits of his FDCPA claims. It would improperly encourage a credibility determination grounded in character inference rather than evidence of statutory compliance. The danger of unfair prejudice, confusion of the issues, and needless distraction substantially outweighs any conceivable probative value.

CONCLUSION

Plaintiff respectfully requests an order precluding Defendants from introducing any evidence, argument, or testimony regarding Young's prior

involvement in civil litigation, including his workers' compensation case and the car accident case in Las Vegas in which he was a defendant.

DATED 4/13/2026                    /s/ Eric Stephenson
                                   *Attorney for the Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on 4/13/2026 I served the foregoing MOTION IN LIMINE to Defendants' counsel of record through this court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*