Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

---

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>Plaintiff,<br><br>vs.<br><br>ROB KOLKMAN, *et al*.<br><br>Defendants. | **MOTION IN LIMINE**<br><br>*(State Officers)*<br><br>Case Number: 2:23-cv-00420-TS<br>Judge: Ted Stewart |

Plaintiff moves in limine for an order precluding Defendants from arguing or implying to the jury that their conduct fell within the lawful scope of a constable's authority under Utah law or that they are exempt from the Fair Debt Collection Practices Act under the FDCPA's state officer exemption.

In a prior ruling, this Court expressly found that the Constable Defendants did more than seize and sell property pursuant to writs of execution. The Court determined, based on undisputed evidence, that the Constable Defendants established payment plans with debtors, sent collection letters, and contacted debtors by telephone.[1] This Court further ruled that "creating payment plans does not fall within the authority granted to constables under Utah law" and that, by engaging in these additional collection activities, the Constable Defendants

---

[1] *Young v. Kolkman, et al*., No. 2:23-cv-420-TS-CMR, 2025 U.S. Dist. LEXIS 57625, ¶¶ 8-11 (D. Utah Mar. 25, 2025)

exceeded the scope of their lawful authority.[2] Based on those findings, this Court concluded that the constable Defendants exceeded the scope of their authority and therefore do not qualify for the FDCPA's state officer exemption as a matter of law.[3]

That determination resolved a legal issue that is not for the jury to revisit. Allowing Defendants to argue at trial that their conduct was authorized under Utah law or that they are exempt from the FDCPA would directly contradict the Court's prior ruling and improperly invite the jury to reconsider a legal issue already decided.

This motion does not seek to exclude evidence regarding what Defendants did or how they interacted with debtors. Plaintiff expects and intends to present evidence that Defendants set up payment plans, sent collection letters, made collection phone calls, and collected payments from debtors on behalf of others, as those facts are relevant to Plaintiff's claims. The purpose of this motion is solely to prevent Defendants from characterizing that conduct as authorized constable activity or from arguing that such conduct places them within the FDCPA's state officer exemption.

Permitting such argument would create a substantial risk of jury confusion by suggesting that the jury may decide whether Defendants acted within the scope of their authority or whether the FDCPA applies, when those issues have already

---

[2] *Young v. Kolkman, et al*., No. 2:23-cv-420-TS-CMR, 2025 U.S. Dist. LEXIS 57625, ¶ 8 (D. Utah Mar. 25, 2025)

[3] *Young v. Kolkman, et al.,* No. 2:23-cv-420-TS-CMR, 2025 U.S. Dist. LEXIS 57625, ¶¶ 8-11 (D. Utah Mar. 25, 2025); *See also Sexton v. Poulsen & Skousen P.C.,* 372 F. Supp. 3d 1307, 1319 (D. Utah 2019) (Holding that when a constable exceeds the scope of his authority, he is not entitled to the FDCPA's state officer exemption.)

been resolved by the Court as a matter of law. It would also unfairly prejudice Plaintiff by allowing Defendants to relitigate settled legal determinations through rhetoric rather than evidence.

Accordingly, Plaintiff respectfully requests an order precluding Defendants from arguing or implying that their conduct—including establishing payment plans, sending collection letters, collecting payments, or contacting debtors by phone—was within the lawful authority of a constable under Utah law or that such conduct qualifies them for the FDCPA's state officer exemption.

DATED 4/13/2026

/s/ Eric Stephenson
*Attorney for the Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on 4/13/2026 I served the foregoing MOTION IN LIMINE to Defendants' counsel of record through this court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*