Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

---

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG, <br><br> Plaintiff, <br><br> vs. <br><br> ROB KOLKMAN, *et al*. <br><br> Defendants. | **MOTION IN LIMINE** <br><br> *(Underlying Debt)* <br><br> Case Number: 2:23-cv-00420-TS <br> Judge: Ted Stewart |

Plaintiff moves in limine for an order precluding Defendants from introducing evidence, eliciting testimony, and from arguing or implying that the validity or amount of the underlying debt or Plaintiff's general financial condition is relevant to any element of Plaintiff's FDCPA claims or to any defense asserted by Defendants. Allowing such evidence would improperly invite the jury to excuse statutory violations based on perceived fault or indebtedness.

ARGUMENT

Any attempt to litigate or discuss the validity of the underlying debt or Plaintiff's general financial condition would confuse the issues, mislead the jury, and unfairly prejudice Plaintiff. This Court should therefore preclude any such attempts.

As this Court previously held in a nearly identical case, "the validity of the underlying debt has no relevance to the claims or defenses in this case."[1] FDCPA

---

[1] *Cordero v. Olson Assocs. P.C.*, No. 2:23-cv-00756, 2025 U.S. Dist. LEXIS 91994 at *11 (D. Utah May 13, 2025)

liability turns on how a debt collector attempted to collect—regardless of whether a valid debt actually exists.[2] Indeed, courts have consistently held that "[w]hether the debt itself is valid, and thus recoverable, is not relevant to Plaintiffs' FDCPA" claims.[3] Because evidence of the debt's validity is irrelevant under Federal Rule of Evidence 401 it must be excluded under Rule 402.

The same principle applies to Plaintiff's general financial condition. Allowing such evidence would improperly prejudice the jury against the Plaintiff without any probative reason for doing so. Even where Plaintiff seeks emotional distress damages, that "does not entitle [Defendant] to broadly inquire into [Plaintiff's] personal financial circumstances."[4] Plaintiff's financial status has no bearing on whether Defendants' collection conduct violated the FDCPA.

Even assuming arguendo that the validity of the debt or Plaintiff's financial condition had marginal relevance, any such relevance is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury under Federal Rule of Evidence 403. Allowing Defendants to present evidence or argument that Plaintiff owed the money would improperly shift the jury's focus from Defendants' statutory compliance to Plaintiff's financial circumstances. It would improperly invite the jury to excuse statutory violations based on perceived fault or indebtedness. It would also risk creating a

---

[2] *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982)(*citing* 1977 U.S. Code Cong. & Adm.News, 1695, 1696)

[3] *Cotte & Mercedes Hidalgo v. CVI SGP Acquisition Tr.*, No. 2:21-cv-00299, 2022 U.S. Dist. LEXIS 27981, at *8 (D. Utah Feb. 15, 2022) (*unpublished*); *see also, e.g., Rodriguez v. Cascade Collections LLC*, 532 F. Supp. 3d 1099, 1120 (D. Utah 2021) ("[L]iability for the underlying debt bears no relation to the issue of whether the [debt collector] violated the FDCPA."); *Krezic v. Advanced Endodontics of Buffalo, PC,* No. 1:20-cv-1166, 2022 U.S. Dist. LEXIS 79280, at *10-11 (W.D.N.Y. May 2, 2022) (*unpublished*) ("In FDCPA cases . . . the veracity of the underlying debt is wholly irrelevant in determining whether the debt collector's behavior violated the statute.")

[4] *Cordero v. Olson Assocs., P.C.*, No. 2:23-cv-00756, 2025 U.S. Dist. LEXIS 91994, at *12 (D. Utah May 13, 2025)

mini-trial on contract formation, billing history, or underlying liability—issues not before the Court and not relevant to Plaintiff's FDCPA claims.

Permitting Defendants to argue that Plaintiff owed the debt would also improperly suggest that unlawful collection practices are excused by the validity of the obligation. That is not the law. The FDCPA imposes strict standards on debt collectors regardless of whether the consumer ultimately owes the debt.[5] Defendants should therefore be precluded from introducing any evidence of the debt's validity, from suggesting that Plaintiff's payment history justifies the alleged conduct, or from implying that Plaintiff seeks to avoid a legitimate obligation. The probative value of such evidence is nonexistent while the risk of jury confusion and unfair prejudice is substantial.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests an order precluding Defendants from introducing evidence, eliciting testimony, or making argument regarding: (1) the validity or amount of the underlying debt, (2) whether Plaintiff actually owed the debt, or (3) Plaintiff's general financial condition.

DATED 4/13/2026                    /s/ Eric Stephenson
                                   *Attorney for the Plaintiff*

---

[5] *Young v. NPAS, Inc.*, 361 F. Supp. 3d 1171, 1188 (D. Utah 2019)

CERTIFICATE OF SERVICE

I hereby certify that on 4/13/2026 I served the foregoing MOTION IN LIMINE to Defendants' counsel of record through this court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*