Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>Plaintiff,<br><br>vs.<br><br>ROB KOLKMAN, *et al*.<br><br>Defendants. | **MOTION IN LIMINE**<br><br>*(Voluntary Payments)*<br><br>Case Number: 2:23-cv-00420-TS<br>Judge: Ted Stewart |

Plaintiff moves in limine for an order precluding Defendants from arguing, implying, or presenting evidence to the jury that any payments Plaintiff or any other debtor made to the constables were voluntary, consensual, or otherwise willingly made without coercion.

## ARGUMENT

The characterization that the Plaintiff's payments were somehow made voluntarily, consensually, or willingly is factually unsupported, legally incorrect, and would unfairly prejudice Plaintiff by inviting the jury to draw an inference that contradicts both the undisputed evidence and basic principles of economic coercion.

After Plaintiff received notice from the Defendants that they were holding a sale of his property, Plaintiff made multiple payments to the constable Defendants. Prior to that notice, Plaintiff did not make any payments to the constables. Defendants are expected to argue that Young made those payments voluntarily. That argument fails on the record and as a matter of law.

Young testified directly and unambiguously that he made those payments, and even borrowed money to make those payments, because he was threatened with the seizure and public sale of his personal property—including property inside his home.[1]

> Q.    And why did you decide to make payments?

> A.    To avoid having people coming to my house and take mine and other people's things and sell them for my bills.[2]

That is not voluntary. Young did not pay because he agreed with the amounts charged or because he had a meaningful choice. He paid because Defendants said in no uncertain terms that they were going to take his belongings and sell them if he did not pay. Young even had to borrow money from others to make those payments.[3] That is coercion.

The law does not treat payments extracted through threats as voluntary. A payment is voluntary when it is made freely, without compulsion, and with full knowledge of the circumstances. That standard is not met when a debtor pays to avoid having his personal property taken and sold by people holding themselves out as government agents. Like being robbed in the street, such economic coercion vitiates the voluntary nature of a payment that was made solely to avoid the threatened harm. Those payments were not at all consensual in any meaningful sense. Allowing Defendants to describe Young's payments as voluntary, consensual, or somehow based on his own free will would misstate the law, misrepresent the record, prejudice the Plaintiff, and confuse the jury.

---

[1] Young Dep. 48:1-49:3, 53:11-54:9, 56:6-9, 58:20-59:1, 74:4-11, 133:13-15
[2] Young Dep. 48:24-49:3
[3] Young Dep. 53:16-22

These principles are especially important in the FDCPA context. The entire purpose of 15 U.S.C. § 1692 is to protect consumers from exactly the kind of pressure tactics Defendants employed here—using the implicit and explicit threat of an intentionally coercive legal process to extract payments.[4] Permitting Defendants to reframe that coercion as willing cooperation would eviscerate the consumer protections Congress intended and reward the exact conduct the statute prohibits.

Beyond the legal deficiency, a voluntary characterization is unsupported by the undisputed facts. The constable Defendants never executed the Writ of Execution. They never scheduled a sale. They never seized any property. Instead, they used the Writ as leverage—threatening consequences they never intended to carry out—to induce Young to make periodic payments.[5] Even if they had executed the Writ, the threat was the coercive mechanism with payments being the result of that coercion. Calling that voluntary is not a characterization the evidence supports. A payment made to avoid property seizure is not voluntary.

In addition to being legally and factually incorrect, any argument or evidence characterizing Young's payments as voluntary is irrelevant under Federal Rule of Evidence 401. Whether a debtor's payments were voluntary is not a cognizable defense to FDCPA liability and does not render any fact of consequence more or less probable.

Exclusion is also warranted under Federal Rule of Evidence 403. Any probative value in characterizing Young's payments as voluntary is substantially outweighed by the risk of unfair prejudice, jury confusion, and waste of time. Allowing Defendants to suggest that Young paid of his own free will would

---

[4]  15 U.S.C. §§ 1692e(2), 1692e(4) 1692e(5), 1692e(6), 1692e(9), 1692e(10), 1692e(13), 1692f
[5] Admis. Nos. 70-74

distract the jury from the actual issues in this case and invite a sideshow on coercion that the evidence has already resolved.

CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests an order precluding Defendants from arguing or implying that Charles Young's payments to the Constable Defendants were voluntary, consensual, or otherwise willingly made without coercion.

DATED 4/13/2026     /s/ Eric Stephenson
               *Attorney for the Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on 4/13/2026 I served the foregoing MOTION IN LIMINE to Defendants' counsel of record through this court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*