Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>    Plaintiff,<br><br>vs.<br><br>ROB KOLKMAN *et al*.,<br><br>    Defendants. | **OBJECTIONS TO THE KOLKMAN DEFENDANTS' PROPOSED JURY INSTRUCTIONS**<br><br>Case Number: 2:23-cv-00420-TS<br>Judge: Ted Stewart |

Plaintiff respectfully objects to the Kolkman Defendant's proposed jury instructions.

ARGUMENT

**I.    The Kolkman Defendants' second submission was untimely.**

The Kolkman Defendants served two separate sets of proposed jury instructions. The first was served March 20, 2026. The second was served well-after the close of business on April 6, 2026—sixteen days after the Court's March 21, 2026 deadline—without leave of Court and without any showing of good cause. The Kolkman Defendants will likely argue the second submission was made in response to the parties' discussions regarding jury instructions.

That argument fails for two reasons. First, the second submission includes new instructions that were never discussed, never agreed to by Plaintiff, and never included in Defendants' original filing. Second, nothing in the parties' discussions gave Defendants an open-ended invitation to discard their prior

1

submission and start over. If anything, those discussions were aimed at narrowing and refining the instructions—not expanding them into a wholesale replacement. The Court should disregard the second submission in its entirety.

**II.      The Kolkman Defendants' instructions omit governing federal law.**

The Kolkman Defendants' instructions contain no substantive FDCPA instructions at all. That omission is not minor—it is dispositive. The jury cannot decide whether the FDCPA was violated without being instructed on what the statute requires and prohibits. Without instructions on strict liability, the least sophisticated consumer standard, and the specific provisions at issue under 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g, the jury is left without any legal framework for evaluating the core claims in this case. That alone renders the submission legally inadequate.

**III.     Instruction No. 51 is improper and contradicts the law of the case.**

Instruction No. 51 improperly tells the jury that conduct taken within the scope of a Writ of Execution cannot give rise to FDCPA liability. That is legally incorrect and directly conflicts with this Court's prior ruling.

This Court has already held that Defendants are debt collectors subject to the FDCPA, that they exceeded their official authority, and that they are not entitled to the bona fide error defense.[1] Instruction No. 51 attempts to bypass or relitigate those rulings by instructing the jury, as a matter of law, that Defendants are exempt from FDCPA liability whenever they act under writ authority. That issue has already been decided and has no place in the jury instructions.

---

[1] *See* Memorandum Decision at 6–9 (ECF No. 58)

Even setting the law of the case aside, the instruction misstates controlling law. The state officer exception under 15 U.S.C. § 1692a(6)(C) is narrow and does not create blanket immunity for all conduct taken under color of law. By its plain language, the exemption applies only "to the extent that collecting or attempting to collect any debt is in the performance of his official duties."[2] In other words, the statute does not extend to all conduct a constable is merely authorized to perform. It applies only when the conduct is actually performed as part of his official duties. Authorization is not the same as an official duty. Defendants' instruction ignores that distinction and instead treats writ authority as automatic immunity. As a result, Instruction No. 51 would effectively direct a verdict for the Kolkman Defendants on Plaintiff's FDCPA claims without any factual findings by the jury and in direct contravention of this Court's prior ruling.

## IV.    The Kolkman Defendants include instructions that do not apply to this case.

The submission includes instructions on apparent authority, actual authority, agency, and vicarious liability. Those doctrines are not at issue in this case and have no place in the jury charge.

Rob Kolkman is the sole owner of Constable Kolkman LLC. He testified in his depositions that he authorized and directed everything his company did in connection with this case. There is no dispute in the record—and no evidence— that any Defendant acted outside the scope of that authority or without Kolkman's approval. No party has raised that issue, and it is not a contested question of fact for the jury.

---

[2] 15 U.S.C. § 1692a(6)(C)

Including these instructions would therefore serve no purpose other than to suggest to the jury that authority and scope are disputed issues when they are not. That risks confusing the jury and prejudicing Plaintiff by shifting the jury's attention away from the actual issues in this case—the FDCPA violations and fraud claims at its core. Jury instructions should be confined to the issues the jury is actually being asked to decide. These are not appropriate instructions.

## V.  The Kolkman Defendants' submission is not usable in its current form.

As submitted, the instructions are not in a form suitable for jury use. Multiple instructions appear on the same page without clear separation and committee notes and drafting commentary are embedded throughout the text— materials that were never intended for a jury. Rather than reflecting a finalized set of jury instructions, the submission appears to have been taken from an external source and inserted without meaningful adaptation, editing, or review for trial use in this Court. As written, the submission would confuse rather than assist the jury. It is not ready for trial and should be disregarded.

DATED 4/13/2026                          /s/ Eric Stephenson

                                         *Attorney for the Plaintiff*

— 5 —

CERTIFICATE OF SERVICE

I hereby certify that on 4/13/2026 I served the foregoing OBJECTIONS TO THE KOLKMAN DEFENDANTS' PROPOSED JURY INSTRUCTIONS to Defendants' counsel of record through this Court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*