INSTRUCTION NO. 1

It will be your duty to find from the evidence what the facts are.   You, and you alone, are the judges of the facts.   You will then have to apply to those facts the law as the Court will give it to you.   You must follow that law whether you agree with it or not.

Nothing the Court may say or do during the course of the trial is intended to indicate nor should be taken by you as indicating what your verdict should be.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given in the instructions of the Court.

INSTRUCTION NO. 2

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other things received into the record as exhibits, and any facts the lawyers agree or stipulate to, or that the Court may instruct you to find.

Certain things are not evidence and must not be considered by you.   I will list them for you now:

1.   Statements, arguments and questions by lawyers are not evidence.

2.   Objections to questions are not evidence.   Lawyers have an obligation to their clients to make an objection when they believe evidence being offered is improper under the rules of evidence.   You should not be influenced by the objection or by the Court's ruling on it.   If the objection is sustained, ignore the question.   If it is overruled, treat the answer like any other.   If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.   Testimony that the Court has excluded or told you to disregard is not evidence and must not be considered.

4.   Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.   You are to decide the case solely on the evidence presented here in the courtroom.

INSTRUCTION NO. 3

This is a civil case.   Plaintiff has the burden of proving [his/her/its/their] case by what is called the preponderance of the evidence.   That means Plaintiff has to produce evidence which, considered in the light of all the facts, leads you to believe that what Plaintiff claims is more likely true than not.   To put it differently, if you were to put Plaintiff's and Defendant's evidence on opposite sides of the scales, Plaintiff would have to make the scales tip somewhat on [his/her/its/their] side.   If Plaintiff fails to meet this burden, the verdict must be for Defendant.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt.   That requirement does not apply to a civil case and you should therefore put it out of your mind.

INSTRUCTION NO. 4

The Jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony.   You should take into consideration their demeanor upon the witness stand, their apparent intelligence or lack of intelligence, their means of knowledge of the facts testified to, the interest, if any, which any witness may have in the outcome of this trial, the prejudice or motives, or feelings of revenge, if any, which have been shown by the evidence.   In so doing, you may take into consideration all of the facts and circumstances in the case and give such weight as you think the same are entitled to, in light of your experience and knowledge of human affairs.

INSTRUCTION NO. 5

During the trial it may be necessary for me to talk with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

INSTRUCTION NO. 6

Next, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone, including fellow jurors, or permit anyone to discuss it with you.   Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case.    Not talking about this case means not talking about it in any way, including by Internet, e-mail, text message and instant communication devices or services, such as cell phones, Blackberrys, iPhones, or electronic social networking websites or blogs including Google, Facebook, Twitter, My Space, Linkedin, YouTube, and so on.

Second, do not read or listen to anything touching on this case in any way.   Do not watch or listen to any news reports concerning this trial on television or on the radio, and do not read any news accounts of this trial in a newspaper, on the Internet, or on any instant communication device, again including Facebook, Twitter, and so on.   If anyone should try to talk to you about it, bring it to the Court's attention promptly.

Third, do not do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in.   Keep an open mind until you start your deliberations at the end of the case.

INSTRUCTION NO.7

At the end of trial, you must make your decision based on what you recall of the evidence.   You will not have a transcript of the trial.   I urge you to pay close attention to the testimony as it is given.

INSTRUCTION NO. 8

The trial will now begin.   First, each side may make an opening statement.   An opening statement is neither evidence nor argument; it is an outline of what that party intends to prove, offered to help you follow the evidence.

Next, Plaintiff will present [his/her/its/their] witnesses and defendant may cross-examine them.   Then Defendant will present [his/her/its/their] witnesses and Plaintiff may cross-examine them.

After that, the attorneys will make their closing arguments to summarize and interpret the evidence for you and the Court will give you instructions on the law.

You will then retire to deliberate on your verdict.

INSTRUCTION NO. 9

MEMBERS OF THE JURY:

Now that you have heard the evidence, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law to the facts as you find them from the evidence in the case.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court.   Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence of the case.

You are to disregard any evidence offered at trial and rejected by the Court. You are not to consider questions of counsel as evidence.   You are not to consider the opening statements and the arguments of counsel as evidence.   Their purpose is merely to assist you in analyzing and considering the evidence presented at trial.

The Court did not by any words uttered during the trial or in these instructions give or intimate, or wish to be understood by you as giving or intimating, any opinions as to what has or has not been proven in this case or as to what are or are not the facts of the case.

INSTRUCTION NO. 10

Plaintiff Young has the burden of proving his claim by a preponderance of the evidence.   To prove by a preponderance of the evidence means to prove something is more likely so than not so.   It does not mean the greater number of witnesses or exhibits.   It means the evidence that has the more convincing force when taken on the whole compared to the evidence opposed to it.   It means the evidence that leads you the jury to find that the existence of the disputed fact is more likely true than not true.

Any finding of fact you make must be based on probabilities, not possibilities.   A finding of fact must not be based on speculation or conjecture.

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find" or "if you determine," I mean that you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

In determining whether any disputed fact has been proven by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits.

If a party fails to meet its burden of proof, or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must resolve the question against the party who has the burden of proof on that issue and in favor of the opposing party.

INSTRUCTION NO. 11

The fact that I have instructed you on damages does not mean that I am indicating that you should award any -- that is entirely for you, the jury, to decide.

Any damages you award must have a reasonable basis in the evidence. They need not be mathematically exact, but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guesswork.

The burden is upon Plaintiff to prove the existence and amount of [his/her/its/their] damages and that his damages were caused by the acts of Defendant. Similarly, on its counterclaim, the burden is on Defendant to prove that [his/her/its/their] damages were caused by the acts of Plaintiff. You are not permitted to award speculative damages.

INSTRUCTION NO. 12

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the complaint of Plaintiff, and the answer thereto of Defendant.   You are to perform this duty without bias or prejudice as to any party.   Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion.   Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

INSTRUCTION NO. 13

Unless you are otherwise instructed, the evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

Unless you are otherwise instructed, anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

INSTRUCTION NO. 14

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case.   One is direct evidence -- such as the testimony of an eyewitness.   The other is indirect or circumstantial evidence -- the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the Jury find the facts in accordance with the preponderance of all evidence in the case, both direct and circumstantial.

INSTRUCTION NO. 15

In determining the weight to be given to an opinion expressed by any witness who did not testify as an expert witness, you should consider his or her credibility, the extent of his or her opportunity to perceive the matters upon which his or her opinion is based and the reasons, if any, given for it.   You are not required to accept such an opinion but should give it the weight to which you find it entitled.

INSTRUCTION NO. 16

During the trial of this case, certain testimony has been presented to you by way of a deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.   The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in writing under oath or by video played on the screens before you.   Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by the jury, in so far as possible, in the same way as if the witness had been present, and had testified from the witness stand.

INSTRUCTION NO. 17

You, as jurors, are the sole judges of the credibility of witnesses and the weight their testimony deserves.   You may be guided by the appearance and conduct of the witnesses, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all of the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.   Consider each witness's intelligence, motive and state of mind, and demeanor and manner while on the stand.   Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters.   Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently and innocent misrecollection, like failure of recollection, is not an uncommon experience.   In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

INSTRUCTION NO. 18

It is the duty of the attorney on each side of the case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.   You should not show prejudice against any attorney or his or her client because the attorney has made objection.

Upon allowing testimony or other evidence to be introduced over the objection of any attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of any such evidence.   As stated before, the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely, and may draw no inference from the wording of it or speculate as to what the witness would have said if he or she had been permitted to answer any question.

INSTRUCTION NO. 19

During the course of the trial, I have occasionally asked questions of a witness. Do not assume that I hold any opinion on the matters to which my questions may relate. The Court may ask a question simply to clarify a matter -- not to help one side of the case or hurt another side.

INSTRUCTION NO. 20

Upon retiring to the jury room you must elect one of your members to act as your foreperson.   The foreperson will preside over your deliberations and will be your spokesperson here in court.

The verdict must represent the collective judgment of the jury.   In order to return a verdict, it is necessary that each juror agree to it.   Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.   In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.   But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors for the mere purpose of returning a unanimous verdict.

Remember at all times, you are not partisans.   You are judges - judges of the facts.   Your sole interest is to seek the truth from the evidence in the case.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered.   Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be.   Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should

return.   What the verdict shall be is the exclusive duty and responsibility of the jury.   As I have told you many times, you are the sole judges of the facts.

The Court has prepared a verdict form for your convenience.   You are instructed that your answers to the interrogatories on the verdict form must be consistent with the instructions I have given you and with each other.

When you have reached a unanimous agreement as to your verdict, your foreperson will fill in, date and sign the verdict form upon which you have unanimously agreed.   When you have reached unanimous agreement as to your verdict, the foreperson shall inform the court security officer and you shall return to the courtroom.

INSTRUCTION NO. 21

A copy of these instructions will also accompany you to the jury room.   Do not write on the instructions.   Do not concern yourselves with the number of the instructions, their sequence, or any gap in numbering.   Instructions are numbered only for clerical convenience while the Court prepares the instructions.

INSTRUCTION NO. 22

If it becomes necessary during your deliberations to communicate with the Court, you may send a note through the court security officer, signed by your foreperson or by one or more jurors.   No member of the jury should attempt to communicate with the Court by any means other than a signed writing; and the Court will never communicate with any member of the jury on any subject touching the merits of the case, otherwise than in writing or orally here in open court.

You will note from the oath the court security officer will take that he or she, as well as any other person, is also forbidden to communicate in any way with any juror about any subject touching the merits of the case.

Bear in mind also that you are not to reveal to any person – not even to the Court – how the jury stands numerically or otherwise until you have reached a unanimous verdict

INSTRUCTION NO. 23

The attitude and conduct of jurors at the outset of their deliberations are matters of considerable importance.   It is rarely productive or good for a juror, upon entering the jury room, to make an emphatic expression of his or her opinion on the case or to announce a determination to stand for a certain verdict.   When one does that at the outset, his or her sense of pride may be aroused, and he or she may hesitate to recede from an announced position if shown that it is wrong.

INSTRUCTION NO. 24

During your deliberations, you are able as a group to set your own schedule for deliberations.   You may deliberate as late as you wish or recess at an appropriate time set by yourselves.   You may set your own schedule for lunch and dinner breaks.

However, I do ask that you notify the court by a note when you plan to recess for the evening.

INSTRUCTION NO.25

A stipulation is an agreement. Unless I instruct you otherwise, when the lawyers on both sides stipulate or agree to a fact, you must accept the stipulation as evidence and regard that fact as proved.

The parties have stipulated to the following facts:

WE WILL ADD STIPULATED FACTS AS AGREED UPON.

Since the parties have agreed on these facts, you must accept them as true for purposes of this case.

**MUJI 124**

INSTRUCTION NO. 26

- **CV119 Evidence.**

"Evidence" is anything that tends to prove or disprove a disputed fact. It can be the testimony of a witness or documents or objects or photographs or certain qualified opinions or any combination of these things.

You must entirely disregard any evidence for which I sustain an objection and any evidence that I order to be struck.

Anything you may have seen or heard outside the courtroom is not evidence and you must entirely disregard it.

The lawyers might stipulate-or agree-to a fact or I might take judicial notice of a fact. Otherwise, what I say and what the lawyers say is not evidence.

You are to consider only the evidence in the case, but you are not expected to abandon your common sense. You are permitted to interpret the evidence in light of your experience.

INSTRUCTION NO. 27

- **CV129 Statement of opinion.**

Under limited circumstances, I will allow a witness to express an opinion. Consider opinion testimony as you would any other evidence, and give it the weight you think it deserves.

You may choose to rely on the opinion, but you are not required to do so.

If you find that a witness, in forming an opinion, has relied on a fact that has not been proved, or has been disproved, you may consider that in determining the value of the witness's opinion.

**Committee Notes:**

This instruction may be given if an expert or another witness is permitted to express an opinion on a matter that the jury is capable of deciding with or without expert testimony. This instruction should not be given if the jury is required to rely on expert testimony to establish the standard of care or some other fact. See, for example, Instruction CV 326. Expert testimony required..

If the jury is required to rely on expert testimony for some decisions and is allowed to decide other facts with or without expert testimony, the court's instructions should distinguish for the jury which matters the jury must decide based only on expert testimony and which matters they may decide by giving the expert testimony the weight they think it deserves.

INSTRUCTION NO. 28

**CV1801 Elements of fraud.**

Mr. Young claims that the Defendants defrauded [him] by making a false [oral/written], statement of fact that caused [him] harm. To succeed in this claim, Mr. Young must prove each of the following by clear and convincing evidence:

(1) the Defendant made a false statement about an important fact; and

(2) either the Defendant made the statement knowing it was false, or they made the statement recklessly and without regard for its truth; and

(3) the Defendant intended that Mr. Young would rely on the statement; and

(4) Mr. Young reasonably relied on the statement; and

(5) Mr. Young suffered damages as a result of relying on the statement.

I will provide you with more information about each of these in the following instructions.

**Committee Notes:**

This instruction and the instructions that follow use the term "important" rather than "material." The Committee made this change because jurors are more likely to understand the former term, and because Utah case law defines materiality in terms of importance. See, e.g., Yazd v. Woodside Homes Corp., 143 P.3d 283 ¶ 34 (Utah 2006) ("To be material, the information must be 'important.'").

Although some of the instructions in this section may be useful in negligent misrepresentation cases, they do not purport to comprise a complete set of instructions for such cases.

INSTRUCTION NO. 29

- **CV1804 Recovery for misrepresentation of fact.**

You must decide whether the defendant's statement was a representation of fact as opposed to an opinion. Generally, a plaintiff may recover for fraud only if the defendant's statements were misrepresentations of facts.

INSTRUCTION NO. 30

- **CV1805 Promises and statements of future performance.**

A promise about a future act is a false statement of fact if Mr. Young proves that the respective defendant:

(1) never intended to keep the promise; and

(2) made the promise for the purpose of deceiving Mr. Young.

## INSTRUCTION NO. 31

- **CV1806 Important statement of fact.**

A statement of fact is important if knowing that it is false would influence a reasonable person's judgment, or his decision to act or not to act.

## INSTRUCTION NO. 32

- **CV1810 Reasonable reliance.**

In deciding whether Mr. Young's reliance on the false statement was reasonable, you must take into account all relevant circumstances, such as his age, mental capacity, knowledge, experience, and his relationship to the respective defendant.

## INSTRUCTION NO. 33

- **CV1812 Compensatory damages.**

If you decide that the respective defendant defrauded Mr. Young, then you must also decide how much money is needed to fairly compensate Mr. Young for any damages caused by the fraud.

You may award damages for the harm Mr. Young experienced because of the respective defendant's fraud as long as you determine that the damages were reasonably foreseeable, and that Mr. Young has proven these damages with reasonable certainty. Mr. Young claims the following damages:

[(1) the difference between the value of the property that Mr. Young [bought/sold] and the value the same property would have had if the respective defendant's statements about it had been true.]

[(2) loss of good will;]

[(3) expenditures in mitigation of damages;]

[(4) lost earnings;]

[(5) loss of interest on loans required to finance [describe the loss]]

[(6) lost profits;]

[(7) emotional distress;][

[(8) describe other items claimed.]

**Committee Notes:**

The judge should instruct only on the damages for which there is evidence. The judge should describe for the jury which of these elements of damages are economic and which are non-economic so that the jury can differentiate them in the verdict form.

This instruction expands MUJI 17.11 to address a broader range of fraud cases. This instruction states the traditional measure of damages in fraud cases involving the purchase or sale of property, as recognized in Dugan v. Jones, 615 P.2d 1239 (Utah 1980) (real estate), Lamb v. Bangart, 525 P.2d 602 (Utah 1974) (livestock), Dilworth v. Lauritzen, 424 P.2d 136 (Utah 1967) (distributorship) and others.

The instruction also includes loss suffered in reliance on a fraudulent misrepresentation, even if there is not any purchase or sale between the plaintiff and defendant. This situation is presented in a variety of cases: e.g., where the plaintiff is fraudulently induced to extend money or credit, or where the plaintiff is fraudulently induced to purchase or use an article which is inappropriate for the intended use. See Restatement (Second) of Torts § 549, and comments thereto.

---

## INSTRUCTION NO. 34

- **CV2001 Introduction to tort damages. Economic and noneconomic damages introduced.**

I will now instruct you about damages. My instructions are given as a guide for calculating what damages should be if you find that Mr. Young is entitled to them. However, if you decide that Mr. Young is not entitled to recover damages, then you must disregard these instructions.

If you decide that the respective defendant's fault caused Mr. Young's harm, you must decide how much money will fairly and adequately compensate Mr. Young for that harm. There are two kinds of damages: economic and noneconomic.

**Committee Notes:**

This instruction should be given as a preliminary instruction to all personal injury damage instructions and should be modified to fit the particular situation. The case may be submitted to the jury on special verdict, general verdict, or stipulated liability.

The Advisory Committee recommends that the terms "special" and "general" damages not be used and that the terms "economic" and "noneconomic" damages are more descriptive. But they are intended as the equivalent of "special" and "general" damages. See, for example, Judd ex rel. Montgomery v. Drezga, 2004 UT 91, P4 (Utah 2004) and Utah Code Section 78B-3-410.

---

## INSTRUCTION NO. 35

- **CV2002 Proof of damages.**

To be entitled to damages, Mr. Young must prove two points:

First, that damages occurred. There must be a reasonable probability, not just speculation, that Mr. Young suffered damages from the respective defendant's fault.

Second, the amount of damages. The level of evidence required to prove the amount of damages is not as high as what is required to prove the occurrence of damages. There must still be

evidence, not just speculation, that gives a reasonable estimate of the amount of damages, but the law does not require a mathematical certainty.

In other words, if [name plaintiff] has proved that [he] has been damaged and has established a reasonable estimate of those damages, the respective defendant may not escape liability because of some uncertainty in the amount of damages.

---

## INSTRUCTION NO. 36

- **CV2003 Economic damages defined.**

Economic damages are the amount of money that will fairly and adequately compensate Mr. Young for measurable losses of money or property caused by the respective defendant's fault.

**Committee Notes:**

In the context of medical expenses, the measurable loss is limited to the amount the plaintiff or their insurer was or is actually obligated to pay. *Gardner v. Norman*, 2025 UT 47, ¶ 35 (holding that the difference between a hospital's "gross charge" and the "negotiated charge" (the insurance write-off) "is not a loss caused by the tortfeasor's conduct").

---

## INSTRUCTION NO. 37

- **CV2004 Noneconomic damages defined.**

Noneconomic damages are the amount of money that will fairly and adequately compensate Mr. Young for losses other than economic losses.

Noneconomic damages are not capable of being exactly measured, and there is no fixed rule, standard or formula for them. Noneconomic damage must still be awarded even though they may be difficult to compute. It is your duty to make this determination with calm and reasonable judgment. The law does not require the testimony of any witness to establish the amount of noneconomic damages.

In awarding noneconomic damages, among the things that you may consider are:

(1) the nature and extent of injuries;

(2) the pain and suffering, both mental and physical;

(3) the extent to which Mr. Young has been prevented from pursuing his ordinary affairs;

(4) the degree and character of any disfigurement;

(5) the extent to which Mr. Young has been limited in the enjoyment of life; and

(6) whether the consequences of these injuries are likely to continue and for how long.

While you may not award damages based upon speculation, the law requires only that the evidence provide a reasonable basis for assessing the damages but does not require a mathematical certainty.

I will now instruct you on particular items of economic and noneconomic damages presented in this case.

---

## INSTRUCTION NO. 38

- **CV2020 Mitigation of damages.**

Mr. Young has a duty to exercise reasonable diligence and ordinary care to minimize the damages caused by the respective defendant's fault. Any damages awarded to Mr. Young should not include those that Mr. Young could have avoided by taking reasonable steps. It is the respective defendant's burden to prove that Mr. Young could have minimized his damages, but failed to do so. If Mr. Young made reasonable efforts to minimize his damages, then your award should include the amounts that [he] reasonably incurred to minimize them.

---

## INSTRUCTION NO. 39

- **CV2025 Arguments of counsel not evidence of damages.**

You may consider the arguments of the attorneys to assist you in deciding the amounts of damages, but their arguments are not evidence.

---

## INSTRUCTION NO. 40

- **CV2026 Punitive damages. Introduction.**

In addition to compensatory damages, Mr. Young also seeks to recover punitive damages against the respective defendant. Punitive damages are intended to punish a wrongdoer for extraordinary misconduct and to discourage others from similar conduct. They are not intended to compensate Mr. Young for his loss.

Punitive damages may only be awarded if Mr. Young has proven by clear and convincing evidence that the respective defendant's conduct:

(1) was [willful and malicious]; or,

(2) was [intentionally fraudulent]; or,

(3) manifested a knowing and reckless indifference toward, and a disregard of, the rights of others, including Mr. Young.

"Knowing and reckless indifference" means that (a) the respective defendant knew that such conduct would, in a high degree of probability, result in substantial harm [to another] [to property]; and (b) the conduct must be highly unreasonable conduct, or an extreme departure from ordinary care, in a situation where a high degree of danger or harm would be apparent to a reasonable person.

[The committee was unable to reach a working definition for "willful and malicious conduct." For cases discussing these terms, please see Committee Note 1.]

[The committee was unable to reach a working definition for "intentionally fraudulent." For cases discussing these terms, please see Committee Note 2.]

[Punitive damages are not awarded for mere inadvertence, mistakes, errors of judgment and the like, which constitute ordinary negligence.]

[Some of the questions on the Special Verdict form will ask if Mr. Young has proved by clear and convincing evidence that the respective defendant's conduct (a) was [willful and malicious] [intentionally fraudulent], or (b) manifested a knowing and reckless indifference and disregard of Mr. Young's rights. If you answer "yes" to any of these questions, I will then give you further instructions.]

**Committee Notes:**

1. "Willful and malicious" conduct has not yet been well defined under Utah law, but several cases discuss what it could mean. For example, Gleave v. Denver & Rio Grande W. R. Co., 749 P.2d 660 (Utah Ct. App. 1988) discusses whether actual malice is required for punitive damages or whether implied malice is sufficient. See also Johnson v. Rogers, 763 P.2d 771 (Utah 1988) and Biswell v. Duncan, 742 P.2d 80, 84 (Utah Ct. App. 1987) (discussing whether actual malice is required). Clayton v. Crossroads Equip. Co., 655 P.2d 1125 (Utah 1982) refers to non-Utah case law to define "willful or malicious" conduct (emphasis added). And State v. Larsen, 865 P.2d 1355, n. 3 (Utah 1993), discusses what "willful" means. In the non-punitive damages context, Chang v. Soldier Summit Development, 1999 UT App 27 and Golding v. Ashley Cent. Irrigation Co., 793 P.2d 897, discuss "willful misconduct".

2. "Intentionally fraudulent" has not been defined by Utah case law. Counsel may review CV1801 (Elements of Fraud) and CV1809 (Intent) for a working definition and relevant case law.

3. The committee was divided on whether the last two paragraphs (in brackets) of this instruction should be given.

4. The statute requires bifurcation in all cases where punitive damages are sought at trial and evidence of wealth is introduced. The first phase will resolve the question of whether the plaintiff is entitled to punitive damages for the conduct alleged. If the jury determines that the plaintiff is so entitled, there will be a second phase. The second phase may include evidence of the defendant's wealth or financial condition (Section 78B-8-201(2)), with the jury answering only the question of what amount of punitive damages to award.

5. The committee did not feel that there is adequate legal direction to determine which punitive damages instructions should be given in the first phase and which should be given if there is a second phase. However, one option would be for 2026 (and/or 2033 and 2034) to be read in the first phase, with the remainder to be read during any second phase.

INSTRUCTION NO. 41

- **CV2027 Amount of punitive damages.**

Now that you have decided to award punitive damages, you must determine the amount. Punitive damages should be the amount necessary to fulfill the two purposes of punitive damages: to punish past misconduct and to discourage future misconduct. Your decision should not be arbitrary. The amount must be reasonable and bear some relationship to Mr. Young's harm. Whether or not to award a specific amount or any amount of punitive damages is left entirely up to you.

**Committee Notes:**

The Utah Supreme Court has opined regarding the ratios that apply in determining whether a punitive damage award is excessive. "The general rule to be drawn from our past cases appears to be that where the punitives are well below $100,000, punitive damage awards beyond a 3 to 1 ratio to actual damages have seldom been upheld and that where the award is in excess of $100,000, we have indicated some inclination to overturn awards having ratios of less than 3 to 1." Crookston v. Fire Insurance Exchange, 817 P.2d 789, 811 (Utah 1991).

The Crookston Court did not provide guidance on whether the presumptive ratios should be disclosed to the jury. The case law regarding presumptive ratios has been in the context of post-verdict motions addressed to the judge, and the committee felt that it did not provide guidance with regard to whether the ratio should be disclosed to the jury.

---

## INSTRUCTION NO. 42

- **CV2028 Punitive damages and harm to other people.**

In determining the amount of punitive damages, you may award punitive damages for the purpose of punishing the respective defendant only for [harm] [attempted harm] [damage] to Mr. Young. You may not award punitive damages for the purpose of punishing harm or attempted harm to other people.

---

## INSTRUCTION NO. 43

- **CV2029 Factors to consider in determining the amount of damages.**

In determining the amount of damages, you may also consider any evidence regarding the following: (1) the wealth or financial condition of the respective defendant; (2) the nature of the alleged misconduct; (3) the facts and circumstances surrounding such conduct; (4) the effect of the respective defendant's conduct on Mr. Young; (5) the probability of future reoccurrence of the misconduct toward Mr. Young or others; (6) the relationship of the parties; and (7) the amount of compensatory damages awarded.

---

## INSTRUCTION NO. 44

- **CV2030 Reprehensibility.**

In determining the amount of punitive damages that should be awarded, you should consider the reprehensibility of the respective defendant's conduct. Greater reprehensibility may justify a higher punitive damage award while lesser reprehensibility may justify a lower amount.

---

## INSTRUCTION NO. 45

- **CV2031 Reprehensibility. Similar Conduct Toward Other People.**

When determining the degree of reprehensibility, you may consider evidence of similar conduct by the respective defendant toward other people who are not in this lawsuit; however, I caution you that this evidence is to be considered only to determine reprehensibility. The actual harm to other people is not the measure of punitive damages in this case.

---

## INSTRUCTION NO. 46

- **CV2801 An organization acts through its agents.**

[Name of party] is a [corporation, partnership, joint venture, etc.] and acts or fails to act when [name of party]'s officers, employees, or agents act or fail to act within the scope of their duties or authority.

**Committee Notes:**

If the jury must decide whether a party is a corporation, partnership, or joint venture, then this instruction should not be given. Or phrased as "If you find that [name of party] is ...."

---

## INSTRUCTION NO. 47

- **CV2802 Actual authority.**

Mr. Young claims that [name of principal] is liable for [describe act or omission] by [name of officer/employee/agent]. To succeed on this claim, Mr. Young must prove that:

(1) [name of principal] granted [name of officer/employee/agent] the authority to [describe actual authority]; or

(2) [name of officer/employee/agent]'s conduct was necessary, usual, proper or incidental to the conduct that [name of principal] actually authorized.

**Committee Notes:**

The courts have adopted a specific test for cases involving scope of employment. If the relationship between principal and agent is a traditional employment relationship, the court

should use Instruction CV2805. Scope of employment. If the relationship is a traditional principal and agent relationship, the court should use this instruction.

---

## INSTRUCTION NO. 48

- **CV2803 Apparent authority.**

Mr. Young claims that [name of principal] is liable for [describe act or omission] by [name of officer/employee/agent]. To succeed on this claim, Mr. Young must prove all of the following:

(1) [name of principal] acted in a way that would cause a reasonable person to believe that [name of principal] consented to or knowingly permitted [name of officer/employee/agent]'s conduct; and

(2) at the time of [name of officer/employee/agent]'s conduct, Mr. Young knew of [name of principal]'s acts; and

(3) Mr. Young did in fact believe that [name of officer/employee/agent] had the authority to [describe act or omission].

However, if Mr. Young knew of the real scope of [name of officer/employee/agents]'s authority in time to avoid the harm, then [name of principal] is not liable for [name of officer/employee/agent]'s conduct.

---

## INSTRUCTION NO. 49

- **CV2804 Approval of conduct.**

Mr. Young claims that [name of principal] is liable for [describe act or omission] by [name of third party] because [name of principal] approved of [name of third party]'s conduct after the fact. To succeed on this claim, Mr. Young must prove that [name of principal] knew of [name of third party]'s conduct; and approved of it.

Mr. Young may prove that [name of principal] approved of [name of third party]'s conduct by any acts, words, or conduct, including silence, which, under the circumstances, indicate approval.

---

## INSTRUCTION NO. 50

- **CV2805 "Scope of employment" defined.**

Mr. Young claims that [name of employer] is liable for [describe act or omission] by [name of employee]. To succeed on this claim, Mr. Young must prove that [name of employee]'s conduct was within the scope of employment. "Scope of employment" means that the conduct:

(1) was of the general kind [name of employee] was [employed/authorized] to do; and

(2) occurred substantially within working hours and within the normal work area; and

(3) was motivated, at least in part, by the purpose of serving [name of employers]'s interest.

**Committee Notes:**

The courts have adopted a specific test in cases involving scope of employment. If the relationship between principal and agent is a traditional employment relationship, the court should use this instruction. If the relationship is a traditional principal and agent relationship, the court should use Instruction CV2802. Actual authority.

## INSTRUCTION NO. 51

Plaintiff claims that Constable Defendants are liable for violations of the Fair Debt Collection Practices Act. Defendants, however, contend that Constable Defendants cannot be held in violation of the Fair Debt Collection Practices Act as their actions were within the scope of the authority of the Writ of Execution under the law.