Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>    Plaintiff,<br><br>vs.<br><br>ROB KOLKMAN *et al.*,<br><br>    Defendants. | **OBJECTIONS TO THE KOLKMAN DEFENDANTS' PROPOSED VERDICT FORM**<br><br>Case Number: 2:23-cv-00420-TS<br>Judge: Ted Stewart |

Plaintiff respectfully objects to the Kolkman Defendant's proposed verdict forms.

ARGUMENT

**I. The Kolkman Defendants' second verdict form is untimely.**

The Kolkman Defendants submitted two verdict forms. The first was served on March 20, 2026. The second was served on April 6, 2026—sixteen days after the Court's March 21, 2026 deadline—without leave of Court and without any showing of good cause. For the same reasons set forth in Plaintiff's objection to the untimely jury instructions, the second verdict form should be disregarded. Allowing Defendants to submit a new form after the deadline—and after the parties had already met and conferred on the original submission—would be prejudicial and undermine the orderly process set by the Court.

1

## II. The Kolkman Defendants' verdict form is unworkable.

The Kolkman Defendants' first submission spans 71 questions across 15 pages. Plaintiff will be candid: no jury is going to work through that carefully. The form is a maze of conditional instructions. Jurors are repeatedly told to answer one question only if they answered another a certain way, skip ahead depending on a different answer, and circle back based on yet another condition. That structure repeats across every defendant, every claim, and every category of damages.

A verdict form is supposed to guide deliberations, not derail them. This one would do the opposite. Jurors would spend more time trying to navigate the form than deciding the case. It is not a workable verdict form—it is an obstacle course.

## III. The Kolkman Defendants' second verdict form is also substantively flawed.

Even setting aside its untimeliness, the second submission has serious legal defects. It requires the jury to find that an FDCPA violation was a "proximate cause" of Plaintiff's damages. That is not the law. The FDCPA is a strict liability statute, and liability does not hinge on a proximate cause finding. Adding that requirement misstates the law and improperly raises Plaintiff's burden.

The form also omits Constable Kolkman LLC as a separately identified defendant on the FDCPA claims, despite its status as a named party subject to independent liability. Defendants cannot unilaterally absolve themselves of all liability by simply omitting themselves from the verdict form.

Defendants form also omits any question on punitive damages. That is patently improper. Plaintiff asserts a fraud claim and alleges unconscionable

collection conduct, which permits the jury to consider punitive damages under Utah law.[1] Omitting that issue from the verdict form removes a legally available remedy from the jury's consideration and renders the form incomplete.

**IV. Plaintiff's verdict form is clear, complete, and usable.**

Plaintiff's proposed verdict form accomplishes in 20 straightforward questions what Defendants attempted in 71. It is organized logically—FDCPA violations, attribution of liability, fraud, willfulness, and damages—and uses clear yes-or-no questions.

It avoids confusing conditional cross-referencing and instead walks the jury through the issues in a simple, linear progression. It correctly reflects the strict liability nature of the FDCPA, includes all defendants, and allows the jury to consider all available remedies, including punitive damages. Most importantly, it provides a workable path to a clear, complete, and enforceable verdict.

CONCLUSION

The Court should adopt Plaintiff's proposed verdict form and disregard both of the Kolkman Defendants' submissions.

DATED 4/13/2026                    /s/ Eric Stephenson
                                   *Attorney for the Plaintiff*

---

[1] Utah Code Ann. § 78B-8-201

— 4 —

CERTIFICATE OF SERVICE

I hereby certify that on 4/13/2026 I served the foregoing OBJECTIONS TO THE KOLKMAN DEFENDANTS' PROPOSED VERDICT FORM to Defendants' counsel of record through this Court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*