Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>     Plaintiff,<br><br>vs.<br><br>ROB KOLKMAN *et al*.,<br><br>     Defendants. | **OBJECTIONS TO THE ERICKSON DEFENDANTS' PROPOSED VERDICT FORM**<br><br>Case Number: 2:23-cv-00420-TS<br>Judge: Ted Stewart |

Plaintiff respectfully objects to the Erickson Defendant's proposed verdict forms.

ARGUMENT

**I. Erickson's verdict form imposes a proximate cause requirement that does not exist under the FDCPA.**

Question 3 asks whether any FDCPA violation was a "proximate cause" of Plaintiff's damages before the jury may award relief. That is not the law. The FDCPA is a strict liability statute. Causation is not an element of liability. Statutory damages are available upon proof of a violation regardless of whether the violation caused measurable harm. Importing a proximate cause gate before the jury may even consider damages misstates the governing standard and improperly raises Plaintiff's burden. The same defect appears in Question 8 for Rob Kolkman.

1

## II. Erickson's verdict form omits Constable Kolkman LLC entirely.

Constable Kolkman LLC is a named defendant in this case and a debt collector subject to independent liability under the FDCPA. That does not appear anywhere in Erickson's verdict form. A verdict form that omits a named defendant is incomplete and cannot support a full and final judgment in this case.

## III. Erickson's verdict form omits punitive damages.

Plaintiff asserts a fraud claim and alleges willful and malicious conduct that supports punitive damages under Utah law.[1] Erickson's form contains no punitive damages question. Omitting that issue removes a legally available remedy from the jury's consideration entirely and renders the form incomplete.

## IV. Erickson's fraud questions are legally deficient.

Questions 11 and 12 ask only whether Erickson made intentional misrepresentations or intentionally hid information. They omit the remaining elements of fraud entirely—reasonable reliance and resulting damages as distinct findings. They also omit the clear and convincing evidence standard which Utah law requires for fraud claims. A verdict form that omits required elements of a claim and the applicable burden of proof is legally inadequate.

## V. Plaintiff's verdict form is the correct one.

Plaintiff's proposed verdict form addresses all Defendants, all claims, all elements, and all available remedies in 20 clear questions. It correctly reflects strict liability under the FDCPA, includes the clear and convincing standard for fraud, and allows the jury to consider punitive damages. The Court should adopt Plaintiff's proposal as it is the most complete and legally sound option proposed.

---

[1] Utah Code Ann. § 78B-8-201

— 3 —

DATED 4/13/2026                    /s/ Eric Stephenson
                                   *Attorney for the Plaintiff*

— 4 —

CERTIFICATE OF SERVICE

I hereby certify that on 4/13/2026 I served the foregoing OBJECTIONS TO THE ERICKSON DEFENDANTS' PROPOSED VERDICT FORM to Defendants' counsel of record through this Court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*