Mark A. Nickel (14082)
Kyle C. Thompson (11424)
J. Tyler Martin (13551)
Charles W. Brown Jr (19386)
**GORDON REES SCULLY MANSUKHANI, LLP**
15 W. South Temple St., Suite 1600
Salt Lake City, Utah 84101
Telephone: (801) 204-9989
Facsimile: (385) 282-7590
mnickel@grsm.com
kcthompson@grsm.com
tymartin@grsm.com
cbrownjr@grsm.com

*Attorneys for Defendants Rob Kolkman and Constable Kolkman, LLC*

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH – CENTRAL DIVISION**

| | |
|---|---|
| CHARLES YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>ROB KOLKMAN, CONSTABLE KOLKMAN, LLC, and MICHAEL ERICKSON,<br><br>Defendants. | **MOTION IN LIMINE TO BIFURCATE CLAIM FOR PUNITIVE DAMAGES**<br><br>Civil No. 2:23-cv-00420-TS<br><br>District Judge: Ted Stewart<br><br>Magistrate Judge: Cecilia M. Romero |

Defendants Rob Kolkman, Constable Kolkman, LLC, and Michael W. Erickson (collectively "Defendants"), by and through counsel, hereby respectfully submits this Motion in Limine to Bifurcate Claim for Punitive Damages.

**RELIEF REQUESTED AND GROUNDS**

Pursuant to Rule 42 of the Federal Rules of Civil Procedure and Rule 403 of the Federal Rules of Evidence, Defendants respectfully request that this Court bifurcate Plaintiff's claim for punitive damages from liability so as to not tain the jury decision-making. In preparing the

Pretrial Order, Plaintiff's presented a draft Pretrial Order which contained the following assertion of purported fact from Plaintiff: "Over the years, the Defendants collected well over $3,500,000 from debtors in lieu of holding public auctions of their personal property." As a result, Defendants necessarily file this Motion to ensure that any such purported evidence, and anything similar –if the Court believes it to be relevant in the first place, which Defendants argue it is not (*see* concurrent Motion in Limine on Evidence Unrelated to Plaintiff)[--be bifurcated from the underlying issue of liability, as it may only, if at all, go to the issue of punitive damages.

### ARGUMENT

Kolkman Defendants, as constables, are accused by Plaintiff of identical breaches and causes of action, without differentiating between the co-defendants. As referenced in Defendant Michael W. Erickson's Motion in Limine to Bifurcate Claim for Punitive Damages [ECF No. 115], the Kolkman Defendants are similarly situated, and hereby join in and incorporate by reference, pursuant to DivR 7-1(a)(7) the legal arguments and authorities outlined in Defendant Michael W. Erickson's Motion in Limine to Bifurcate Claim for Punitive Damages [ECF No. 115], as if fully set forth herein.

Accordingly, Defendants respectfully request that the Court bifurcate the issue of punitive damages to avoid any potential for unfair prejudice to them in this case.

//

//

//

//

//

**DATED** this 13th day of April, 2026.

**GORDON REES SCULLY
MANSUKHANI, LLP**

*/s/ J. Tyler Martin*
Charles W. Brown Jr.
Mark A. Nickel
Kyle C. Thompson
J. Tyler Martin

*Attorneys for Defendants Rob
Kolkman and Constable Kolkman LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April, 2026, a true and correct copy of the foregoing **MOTION IN LIMINE TO BIFURCATE CLAIM FOR PUNITIVE DAMAGES** was filed with the Clerk of the Court using an approved electronic filing system, CM/ECF, which will automatically send notification of such filing to all counsel who have entered an appearance in this action.

*/s/ Serita Gomez*