Mark A. Nickel (14082)
Kyle C. Thompson (11424)
J. Tyler Martin (13551)
Charles W. Brown Jr (19386)
**GORDON REES SCULLY MANSUKHANI, LLP**
15 W. South Temple St., Suite 1600
Salt Lake City, Utah 84101
Telephone: (801) 204-9989
Facsimile: (385) 282-7590
mnickel@grsm.com
kcthompson@grsm.com
tymartin@grsm.com
cbrownjr@grsm.com

*Attorneys for Defendants Rob Kolkman and Constable Kolkman, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH – CENTRAL DIVISION**

| | |
|---|---|
| CHARLES YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>ROB KOLKMAN, CONSTABLE KOLKMAN, LLC, and MICHAEL ERICKSON,<br><br>Defendants. | **DEFENDANTS' ROB KOLKMAN AND CONSTABLE KOLKMAN, LLC'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**<br><br>Civil No. 2:23-cv-00420-TS<br><br>District Judge: Ted Stewart<br><br>Magistrate Judge: Cecilia M. Romero |

Defendants Rob Kolkman and Constable Kolkman, LLC, (collectively "Kolkman Defendants"), by and through undersigned counsel, hereby respectfully submits their Objections to Plaintiff's Proposed Jury Instructions, pursuant to the Court's January 20, 2026 Trial Order (ECF No. 79).

**OBJECTIONS**

PLAINTIFF'S INSTRUCTION NO. 26
**Nature of the Case**

*In this case the Plaintiff Charles Young seeks damages from the Defendants for violating the federal Fair Debt Collection Practices Ace and for fraud.*

*Defendants deny liability for their conduct.*

*This case involves natural persons and several companies. The fact that some parties are companies should not play any part in your deliberations. You must decide this case as if it were between individuals. Each company in this matter is considered a person for all purposes in this case and all persons are equal before the law. A Defendant may be liable even if acting together with others or through a business entity.*

**OBJECTION**: Mr. Erickson objects to the language, "[t]he fact that some parties are companies should not play any part in your deliberations[,]" and "[y]ou must decide this case as if it were between individuals." The Court specifically ruled in this case that "the individual constables, Michael Erickson and Rob Kolkman, are state officers[,]" and "Defendants Utah Process, Inc., and Constable Kolkman LLC, as business entities, are not state officers." *See* ECF No. 58 at 5-6. Thus, the distinction between the entities and the individual constables may be material as to deliberations of conduct under the FDCPA, and this language should therefore be stricken and not relayed to the jury.

PLAINTIFF'S INSTRUCTION NO. 27
**Plaintiff's Contentions**
**Fair Debt Collection Practices Act**

*Plaintiff contends that the Defendants violated the Fair Debt Collection Practices Act in the following particulars:*

1. *Defendants falsely represented the character, amount, or legal status of the debt in their communications with Plaintiff in violation of 15 U.S.C. § 1692e(2)(A).*

2. *Defendants used false representations and deceptive means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).*

3. *Defendants sought to collect an amount that was not authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C § 1692f(1).*

4. *Defendants failed to include a notice in a written communication that the communication was from a debt collector in violation of U.S.C. § 1692e(11).*

5. *Defendants did not send the written notice required by 15 U.S.C. § 1692g(a) within five days of their initial communication in violation of 15 U.S.C. § 1692g(a).*

6. *Defendants used the threat of criminal means to harm the Plaintiff's reputation or property in violation of 15 U.S.C. § 1692d(1).*

7. *Defendants used false representations or implications that they were vouched for by the State of Utah in violation of 15 U.S.C. § 1692e(1).*

8. *Defendants made false representations about the services rendered or compensation they may lawfully receive for the collection of a debt in violation of 15 U.S.C. § 1692e(2)(B).*

9. *Defendants made representations or implications that nonpayment of the debt would result in the seizure, garnishment, attachment, or sale of any property or wages of the Plaintiff when such action was not lawful or intended in violation of 15 U.S.C. § 1692e(4).*

10. *Defendants threatened to take action that could not be legally taken or was not intended to be taken in violation of 15 U.S.C. § 1692e(5).*

11. *Defendants made false representations or implications that a sale, referral, or other transfer of an interest in the debt would cause Plaintiff to lose his claims or defenses to payment of the debt or become subject to practices prohibited by the Fair Debt Collection Practices Act in violation of 15 U.S.C. § 1692e(6).*

12. *Defendants used or distributed written communications that simulated or was falsely represented to be a document authorized, issued, or approved by any court, official, or*

*agency of the United States or any State, or which creates a false impression as to its source,*

*authorization, or approval in violation of 15 U.S.C. § 1692e(9).*

13. *Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt in violation of 15 U.S.C. § 1692d.*

14. *Defendants used false, deceptive, or misleading representations or means in connection with the collection of the debt in violation of 15 U.S.C. § 1692e.*

15. *Defendants used unfair or unconscionable means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.*

16. *Defendants' fraud also constitute per se violations of the Fair Debt Collection Practices Act. Defendants deny Plaintiff's contentions.*

**OBJECTION**: Mr. Erickson objects to the entirety of Plaintiff's proposed Instruction No. 27. The "contentions" contained in this proposed instruction are essentially a restatement of the allegations contained in Plaintiff's Complaint (as amended), and serve to confuse and mislead the jury into believing that Defendants acted according to what the instruction states. While there is a brief qualifier at the end stating, "Defendants deny Plaintiff's contentions," that does not alleviate the unfair prejudice created in reading to the jury the previous *sixteen (16) separate* "contentions." "Pleadings are for the court, not for the jury." *Ryan v. Beavery County*, 21 P.2d 858, 861 (Utah 1933) (Chief Justice Straup concurring opinion); *see also Fowler v. Medical Arts Bldg.*, 188 P.2d 711, 715 (Utah 1948) (finding it is error to simply "read almost verbatim the pleadings of the parties"). Jury instructions "may not serve to mislead the jury *in any way*." *See Dillard & Sons Const., Inc. v. Burnup & Sims Comtec, Inc.*, 51 F.3d 910, 915(10th Cir. 1995) (citation omitted) (emphasis added).

PLAINTIFF'S INSTRUCTION NO. 28
**Plaintiff's Contentions**
**Fraud**

*Plaintiff contends that the Defendants committed fraud in the following particulars:*

1. *Defendants operated a collection agency and collected debt when they were not registered as a debt collector by the State of Utah as required by law.*

2. *Defendants used coercive, unlawful, deceptive, and manipulative methods to collect money from the Plaintiff.*

3. *Defendants falsely represented they had a sale of Plaintiff's personal property scheduled.*

4. *Defendants falsely represented they had a legal right to seize and sell Plaintiff's property.*

5. *Defendants used their companies as their alter egos.*

6. *Defendants made other false representations to the Plaintiff.*

7. *Defendants added amounts to the debt that they were never allowed to include.*

8. *Plaintiff contends that Defendants committed fraud in other ways through the conduct, representations, omissions, and threats Defendants used to collect and attempt to collect a debt.*

*Defendants deny Plaintiff's contentions.*

**OBJECTION**: Mr. Erickson references and incorporates his objections to Plaintiff's Proposed Jury Instruction No. 27, above, as if fully set forth herein.

PLAINTIFF'S INSTRUCTION NO. 29
**Utah Debt Collection Agency Registration Requirement**

*Under Utah law no person can operate a collection agency, collection bureau, or collection office, or engage in the business of debt collection without having a registration on file with the Utah Division of Corporations and Commercial Code at the time of conducting that business. This includes soliciting business collecting debt, receiving an assignment of a debt for collections, and bringing suit as an assignee of the debt.*

*Any person, member of a partnership, or officer of any association or corporation operating a collection agency who fails to comply with this requirement is guilty of a class A criminal offense.*

**OBJECTION**: Mr. Erickson objects to the entirety of Plaintiff's proposed Instruction No. 29. This proposed instruction is irrelevant, as Plaintiff alleges two narrow causes of action in this case: (1) Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*); and (2) Fraud. Neither of these two causes of action concern purported "Utah law" concerning things such as purportedly "having a registration on file...," etc. Jury instructions "may not serve to mislead the jury in any way," and presenting an irrelevant jury instruction on irrelevant purported law will mislead and confuse the jury in this case into believing they should consider this "Utah law," which they should not. *See Dillard & Sons Const., Inc.*, 51 F.3d at 915, *supra.*

PLAINTIFF'S INSTRUCTION NO. 30
**Utah Debt Collection Agency Attorney Representation Requirement**

*Under Utah law all legal processes, pleadings, and court representations made by a collection agency, collection bureau, or collection office shall be prepared and conducted by a duly licensed attorney.*

*Any person, member of a partnership, or officer of any association or corporation operating a collection agency who fails to comply with this requirement is guilty of a class A criminal offense.*

**OBJECTION:** Mr. Erickson references and incorporates his objections to Plaintiff's Proposed Jury Instruction No. 29, above, as if fully set forth herein.

PLAINTIFF'S INSTRUCTIONS NO. 31
**Fair Debt Collection Practices Act**
**Introduction**

*Plaintiff brings this action against Defendants based on 15 U.S.C. § 1692, et seq., a federal law commonly known as the Fair Debt Collection Practices Act, which for convenience, I will refer to as the "FDCPA."*

*The FDCPA was originally enacted by Congress in 1978, and has been amended and broadened several times since then. In passing the FDCPA Congress made several findings and declared its purpose for enacting the statute. Those Congressional findings and declarations of purpose are as follows:*

*(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.*

*(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.*

*(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.*

*(d)  Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.*

*(e)  It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.*

*In evaluating whether any violations of the Fair Debt Collection Practices Act occurred, you should keep these Congressional findings and purpose in mind. As the jury, it is your obligations to sustain and promote those same considerations.*

*You must also keep in mind that whether Plaintiff owed the debt alleged to be due is not a factor in this proceeding. Regardless of whether Plaintiff owed the debt or not, Defendants must comply with the law in all respects. Accordingly, you may not consider whether or not the Plaintiff is indebted to the Defendants or anyone else when determining whether Defendants violated the Fair Debt Collection Practices Act. The law protects all consumers equally whether they owe a debt or not.*

*I will now introduce you to the specific sections of the Fair Debt Collection Practices Act Plaintiff contends the Defendants violated.*

**OBJECTION**: Mr. Erickson objects to the entirety of Plaintiff's proposed Instruction No. 31. First, none of the citations provided by Plaintiff contain any law concerning a jury's obligation to consider "Congressional findings" in deliberating the underlying issues. *See generally Baker v. G.C.*

*Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982) (cited by Plaintiff). Furthermore, jury instructions "may not serve to mislead the jury in any way," which is precisely what Plaintiff's proposed Instruction No. 31 does, as it confuses the jury into believing the "Congressional findings" are the law, and misleads the jury into believing they *should* find certain conduct in this case. *See Dillard & Sons Const., Inc.*, 51 F.3d at 915, *supra.* Finally, Congressional "findings" are not the law of the case, and jury instructions should be "short, concise, understandable, and *neutral statements of law*." *Chums, Ltd. v. Snugz/USA, Inc.*, 1995 WL 503975 at *2 (10th Cir. Aug. 25, 1995) (unpublished) (emphasis added).

PLAINTIFF'S INSTRUCTION NO. 33
**Least Sophisticated Consumer Standard**

*In determining whether the Defendants communications violated the Fair Debt Collection Practices Act you must apply the "least sophisticated consumer" standard. This law was not made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking and the credulous, and the fact that a false or misleading statement may be obviously false or misleading to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced.*

*In reaching your determination of whether Defendants' communications are false or deceptive you must view them not through your own eyes but through the eyes of the "least sophisticated consumer."*

**OBJECTION**: Mr. Erickson objects to the entirety of Plaintiff's proposed Instruction No. 33. The Court has previously held in this case that "[a] consumer is judged by the reasonable consumer standard, not the previously-applied least sophisticated consumer standard." ECF No. 58 at 10.

PLAINTIFF'S INSTRUCTION NO. 34
**False Representations or Implications of State Affiliation or Approval
15 U.S.C. § 1692e(1)**

*The Fair Debt Collection Practices Act strictly prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.*

*Making a false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof violates this section.*

**OBJECTION**: Mr. Erickson objects to the language "strictly," as 15 U.S.C. § 1692e(1) does not contain such language, and it may confuse or mislead the jury into attributing emphasis which may unfairly prejudice Mr. Erickson. *See Dillard & Sons Const., Inc.*, 51 F.3d at 915, *supra.*

PLAINTIFF'S INSTRUCTION NO. 35
**False Representation of the Character, Amount, or Legal Status of the Debt
15 U.S.C. § 1692e(2)(A)**

*The Fair Debt Collection Practices Act strictly prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.*

*Making false representations about the character, amount, or legal status of any debt violates this section.*

**OBJECTION**: Mr. Erickson objects to the language "strictly," as 15 U.S.C. § 1692e(2)(A) does not contain such language, and it may confuse or mislead the jury into attributing emphasis which may unfairly prejudice Mr. Erickson. *See Dillard & Sons Const., Inc.*, 51 F.3d at 915, *supra.*

PLAINTIFF'S INSTRUCTION NO. 36
**False Representation of the Services Rendered or Compensation Available
15 U.S.C. § 1692e(2)(B)**

*The Fair Debt Collection Practices Act strictly prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.*

*Making false representations of any services rendered or compensation which may be lawfully received by a debt collector for the collection of a debt violates this section.*

**OBJECTION**: Mr. Erickson objects to the language "strictly," as 15 U.S.C. § 1692e(2)(B) does not contain such language, and it may confuse or mislead the jury into attributing emphasis which may unfairly prejudice Mr. Erickson. *See Dillard & Sons Const., Inc.*, 51 F.3d at 915, *supra*.

PLAINTIFF'S INSTRUCTION NO. 37
**False Representations or Implication of Property Seizures**
**15 U.S.C. § 1692e(4)**

*The Fair Debt Collection Practices Act strictly prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.*

*The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action, violates this section.*

**OBJECTION**: Mr. Erickson objects to the language "strictly," as 15 U.S.C. § 1692e(4) does not contain such language, and it may confuse or mislead the jury into attributing emphasis which may unfairly prejudice Mr. Erickson. *See Dillard & Sons Const., Inc.*, 51 F.3d at 915, *supra*.

PLAINTIFF'S INSTRUCTION NO. 29
**Threats of Unlawful or Unintended Action**
**15 U.S.C. § 1692e(5)**

*The Fair Debt Collection Practices Act strictly prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.*

*The threat to take any action that cannot legally be taken or that is not intended to be taken violates this section.*

*Where the clear import of the collection communication is that the Defendants have already taken action or are about to do so and that such action can only be averted by payment of the debt, the debt collector's failure to take the threatened action violates the FDCPA. In evaluating whether the debt collector made any unlawful or unintended threats you are to analyze the allegation from the viewpoint of the least sophisticated consumer or debtor, which I explained to you earlier.*

**OBJECTION**: Mr. Erickson objects to the language "strictly," as 15 U.S.C. § 1692e(5) does not contain such language, and it may confuse or mislead the jury into attributing emphasis which may unfairly prejudice Mr. Erickson. *See Dillard & Sons Const., Inc.*, 51 F.3d at 915, *supra*. Further, Mr. Erickson objects to the language, "[in] evaluating whether the debt collector made any unlawful or unintended threats you are to analyze the allegation from the viewpoint of the least sophisticated consumer or debtor, which I explained to you earlier," as the Court previously held in this case that "[a] consumer is judged by the reasonable consumer standard, not the previously-applied least sophisticated consumer standard." ECF No. 58 at 10.

PLAINTIFF'S INSTRUCTION NO. 39
**False Representations or Implications of Loss of Legal Protection**
**15 U.S.C. § 1692e(6)**

*The Fair Debt Collection Practices Act strictly prohibits any false representations or implications that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to—*

(A) *lose any claim or defense to payment of the debt; or*

(B) *become subject to any practice prohibited by this subchapter. Representing or implying that a consumer loses any legal protections or rights as a result of an assignment or transfer of the debt to the debt collector violates this section.*

**OBJECTION**: Mr. Erickson objects to the language "strictly" and "[r]epresenting or implying that a consumer loses any legal protections or rights as a result of an assignment or transfer of the debt to the debt collector violates this section," as 15 U.S.C. § 1692e(6) does not contain such language, and it may confuse or mislead the jury into attributing emphasis or improper standards which may unfairly prejudice Mr. Erickson. *See Dillard & Sons Const., Inc.*, 51 F.3d at 915, *supra.*

PLAINTIFF'S INSTRUCTION NO. 40
**False Government Approval**
**15 U.S.C. § 1692e(9)**

*The Fair Debt Collection Practices Act strictly prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.*

*The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval violates this section.*

**OBJECTION**: Mr. Erickson objects to the language "strictly," as 15 U.S.C. § 1692e(9) does not contain such language, and it may confuse or mislead the jury into attributing emphasis which may unfairly prejudice Mr. Erickson. *See Dillard & Sons Const., Inc.*, 51 F.3d at 915, *supra.*

PLAINTIFF'S INSTRUCTION NO. 41
**False Representations or Deceptive Means**
**15 U.S.C. § 1692e(10)**

*The Fair Debt Collection Practices Act strictly prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.*

*The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer violates this section.*

**OBJECTION**: Mr. Erickson objects to the language "strictly," as 15 U.S.C. § 1692e(10) does not contain such language, and it may confuse or mislead the jury into attributing emphasis which may unfairly prejudice Mr. Erickson. *See Dillard & Sons Const., Inc.*, 51 F.3d at 915, *supra.*

PLAINTIFF'S INSTRUCTION NO. 42
**Failure to Provide "Mini-Miranda" Warnings**
**15 U.S.C. § 1692e(11)**

*The Fair Debt Collection Practices Act strictly prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.*

*The failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose violates this section.*

*The failure to disclose in subsequent communications that the communication is from a debt collector also violates this section.*

**OBJECTION**: Mr. Erickson objects to the language "Mini-Miranda Warnings" and "strictly," as 15 U.S.C. § 1692e(11) does not contain such language, and it may confuse or mislead the jury into attributing emphasis which may unfairly prejudice Mr. Erickson. *See Dillard & Sons Const., Inc.*, 51 F.3d at 915, *supra.*

PLAINTIFF'S INSTRUCTION NO. 43
**False Representations or Implication that Documents are Legal Process
15 U.S.C. § 1692e(13)**

*The Fair Debt Collection Practices Act strictly prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.*

*The false representation or implication that documents are legal process violates this section.*

**OBJECTION**: Mr. Erickson objects to the language "strictly," as 15 U.S.C. § 1692e(13) does not contain such language, and it may confuse or mislead the jury into attributing emphasis which may unfairly prejudice Mr. Erickson. *See Dillard & Sons Const., Inc.*, 51 F.3d at 915, *supra.*

PLAINTIFF'S INSTRUCTION NO. 44
**Use of any False Business, Company, or Organization Name
15 U.S.C. § 1692e(14)**

*The Fair Debt Collection Practices Act strictly prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.*

*The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization violates this section.*

**OBJECTION**: Mr. Erickson objects to the language "strictly," as 15 U.S.C. § 1692e(14) does not contain such language, and it may confuse or mislead the jury into attributing emphasis which may unfairly prejudice Mr. Erickson. *See Dillard & Sons Const., Inc.*, 51 F.3d at 915, *supra*.

PLAINTIFF'S INSTRUCTION NO. 45
**Collection of any Amount Not Authorized or Permitted**
**15 U.S.C. § 1692f(1)**

*The Fair Debt Collection Practices Act strictly prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.*

*The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law violates this section.*

**OBJECTION**: Mr. Erickson objects to the language "strictly," as 15 U.S.C. § 1692f(1) does not contain such language, and it may confuse or mislead the jury into attributing emphasis which may unfairly prejudice Mr. Erickson. *See Dillard & Sons Const., Inc.*, 51 F.3d at 915, *supra*.

PLAINTIFF'S INSTRUCTION NO. 46
**Threats or Criminal Means**
**15 U.S.C. § 1692d(1)**

*The Fair Debt Collection Practices Act strictly prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.*

*The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person violates this section.*

**OBJECTION**: Mr. Erickson objects to the language "strictly," as 15 U.S.C. § 1692d(1) does not contain such language, and it may confuse or mislead the jury into attributing emphasis which may unfairly prejudice Mr. Erickson. *See Dillard & Sons Const., Inc.*, 51 F.3d at 915, *supra*.

PLAINTIFF'S INSTRUCTION NO. 48<br>
**Harassment, Oppression, or Abuse**<br>
**15 U.S.C. § 1692d**

*The Fair Debt Collection Practices Act strictly prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.*

*Accordingly, any harassment, oppression, or abuse that occurs in connection with the collection of a debt violates this section.*

**OBJECTION**: Mr. Erickson objects to the language "strictly," as 15 U.S.C. § 1692d does not contain such language, and it may confuse or mislead the jury into attributing emphasis which may unfairly prejudice Mr. Erickson. *See Dillard & Sons Const., Inc.*, 51 F.3d at 915, *supra.*

PLAINTIFF'S INSTRUCTION NO. 49<br>
**False, Deceptive, or Misleading Representations**<br>
**15 U.S.C. § 1692e**

*The Fair Debt Collection Practices Act strictly prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.*

*Accordingly, the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt violates this section.*

**OBJECTION**: Mr. Erickson objects to the language "strictly," as 15 U.S.C. § 1692e does not contain such language, and it may confuse or mislead the jury into attributing emphasis which may unfairly prejudice Mr. Erickson. *See Dillard & Sons Const., Inc.*, 51 F.3d at 915, *supra.*

PLAINTIFF'S INSTRUCTION NO. 50<br>
**Unfair or Unconscionable Means**<br>
**15 U.S.C. § 1692f**

*The Fair Debt Collection Practices Act strictly prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt.*

*Accordingly, the use of any unfair or unconscionable means to collect or attempt to collect a debt violates this section.*

**OBJECTION**: Mr. Erickson objects to the language "strictly," as 15 U.S.C. § 1692f does not contain such language, and it may confuse or mislead the jury into attributing emphasis which may unfairly prejudice Mr. Erickson. *See Dillard & Sons Const., Inc.*, 51 F.3d at 915, *supra*.

PLAINTIFF'S INSTRUCTION NO. 54
**Established Facts**

*The following facts have been previously established as true for purposes of this trial. This means that you must accept the fact as true.*

1. *The Defendants are debt collectors under the Fair Debt Collection Practices Act.*

2. *None of the Defendants were registered as debt collectors with the State of Utah when they communicated with the Plaintiff.*

3. *The alleged debt in this case arises from medical care Plaintiff received because of being injured at work. It was therefore for personal, family, or household purposes.*

4. *Under Utah law, Plaintiff was not responsible for payment of those medical expenses because they arose out of a work injury.*

5. *Over the years, Defendants collected well-over $3,500,000.00 from debtors.*

**OBJECTION**: Mr. Erickson objects to points 1, 2, 4, and 5 in Plaintiff's proposed Instruction No. 54. As to point 1, Mr. Erickson maintains that he is not a debt collector under the FDCPA, and instead, and as the Court pointed out in this case, is a "state officer" (ECF No. 58 at 6), and Mr. Erickson maintains that he was acting within the performance of his official duties at all

times. As to point 2, Mr. Erickson references and incorporates his objections to Plaintiff's Proposed Jury Instruction No. 29, above, as if fully set forth herein. As to point 4, whether Plaintiff was or was not "responsible for payment" of the underlying debt is wholly irrelevant as it pertains to Mr. Erickson, as he, as a constable, had nothing to do with obtaining the underlying Writ of Execution against Plaintiff, nor does he, as a constable, have any duty to verify whether a writ of execution, as issued by a court, is valid. *See generally* Utah Code Ann. § 17-78-603. Point 4 will therefore improperly mislead and confuse the jury. *See Dillard & Sons Const., Inc.*, 51 F.3d at 915, *supra.* As to point 5, the Court has previously held in this case that "information related to Defendants' collection practices as to parties not named in this suit is not relevant." *See* ECF No. 54 at 7-8. Thus, a jury instruction concerning amounts purportedly collected from other "debtors" will improperly mislead and confuse the jury. *See Dillard & Sons Const., Inc.*, 51 F.3d at 915, *supra.*

PLAINTIFF'S INSTRUCTION NO. 55
**Actual Damages**

*If you find in favor of the Plaintiff in this case, you must determine an appropriate amount of actual damages to fairly compensate the Plaintiff as a result of the Defendants' conduct. There is no exact standard to apply but the award should be fair in light of the evidence. Actual damages not only include any out-of-pocket expenses but also damages for personal humiliation, embarrassment, mental anguish, and emotional distress.*

*You must determine a fair and adequate award of these items through the exercise of your judgment and experience in the affairs of the world after considering all the facts and circumstances presented during the trial of this case.*

**OBJECTION**: Mr. Erickson objects to the entirety of Plaintiff's proposed Instruction No. 55. For the reasons set forth in Defendants' Motion in Limine to Exclude Certain Evidence

Concerning Plaintiff's Claim for Compensatory Damages, which is referenced and incorporated herein, an instruction on actual damages is irrelevant because Plaintiff should not be entitled to such damages in this case.

PLAINTIFF'S INSTRUCTION NO. 57
**Punitive Damages – Introduction**

*In addition to compensatory damages, Plaintiff also seeks to recover punitive damages against Defendants. Punitive damages are not intended to compensate Plaintiff for his loss. They are intended to punish a wrongdoer for extraordinary misconduct and to discourage others from similar conduct.*

*Punitive damages may only be awarded if Plaintiff has proven by clear and convincing evidence that Defendants' conduct was:*

1. *willful and malicious; OR,*

2. *intentionally fraudulent; OR,*

3. *manifested a knowing and reckless indifference toward, or a disregard of, the rights of the Plaintiff or others.*

**OBJECTION**: Mr. Erickson objects to the entirety of Plaintiff's proposed Instruction No. 57. An instruction of punitive damages, generally, prior to a finding of liability, will be unfairly prejudicial to Mr. Erickson for the reasons set forth in Defendants' Motion in Limine to Bifurcate Claim for Punitive Damages, which is referenced and incorporated herein.

PLAINTIFF'S INSTRUCTION NO. 58
**Punitive Damages – Factors to Consider in Determining the Amount of Damages**

*Punitive damages should be awarded in the amount necessary to fulfill the two purposes of punitive damages: to punish past misconduct and to discourage future misconduct. Your*

*decision should not be arbitrary. The amount must be reasonable and bear some relationship to the Plaintiff's harm.*

*In determining the amount of punitive damages, you may also consider any evidence regarding the following factors:*

    *1. the wealth or financial condition of the Defendants;*

    *2. the nature of the misconduct;*

    *3. the facts and circumstances surrounding the misconduct;*

    *4. the effect of Defendants' conduct on the Plaintiff;*

    *5. the probability of future reoccurrence of the misconduct toward Plaintiff or others;*

    *6. the relationship of the parties; and*

    *7. the amount of compensatory damages awarded.*

**OBJECTION**: Mr. Erickson objects to the entirety of Plaintiff's proposed Instruction No. 58. An instruction of punitive damages, generally, prior to a finding of liability, will be unfairly prejudicial to Mr. Erickson for the reasons set forth in Defendants' Motion in Limine to Bifurcate Claim for Punitive Damages, which is referenced and incorporated herein.

PLAINTIFF'S INSTRUCTION NO. 59
**Punitive Damages – Reprehensibility**

*In determining the amount of punitive damages that should be awarded, you should consider the reprehensibility of Defendants' conduct. Greater reprehensibility may justify a higher punitive damage award while lesser reprehensibility may justify a lower amount.*

*When determining the degree of reprehensibility, you may consider the following:*

1. *whether the harm caused was physical as opposed to economic;*

2. *whether the conduct showed an indifference to or a reckless disregard for the health or safety of others;*

3. *whether the target of the conduct was financially vulnerable;*

4. *whether the conduct involved repeated actions or was an isolated incident; and*

5. *whether the harm was the result of intentional malice, trickery, or deceit, rather than mere accident.*

**OBJECTION**: Mr. Erickson objects to the entirety of Plaintiff's proposed Instruction No. 59. An instruction of punitive damages, generally, prior to a finding of liability, will be unfairly prejudicial to Mr. Erickson for the reasons set forth in Defendants' Motion in Limine to Bifurcate Claim for Punitive Damages, which is referenced and incorporated herein.

**DATED** this 13th day of April, 2026.

**GORDON REES SCULLY MANSUKHANI, LLP**

/s/ J. Tyler Martin
Charles W. Brown Jr.
Mark A. Nickel
Kyle C. Thompson
J. Tyler Martin

*Attorneys for Defendants Rob Kolkman and Constable Kolkman LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of April, 2026, a true and correct copy of the foregoing

**DEFENDANTS' ROB KOLKMAN AND CONSTABLE KOLKMAN, LLC'S**

**OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** was filed with the

Clerk of the Court using an approved electronic filing system, CM/ECF, which will automatically

send notification of such filing to all counsel who have entered an appearance in this action.

*/s/ Serita Gomez*