Mark A. Nickel (14082)
Kyle C. Thompson (11424)
J. Tyler Martin (13551)
Charles W. Brown Jr (19386)
**GORDON REES SCULLY MANSUKHANI, LLP**
15 W. South Temple St., Suite 1600
Salt Lake City, Utah 84101
Telephone: (801) 204-9989
Facsimile: (385) 282-7590
mnickel@grsm.com
kcthompson@grsm.com
tymartin@grsm.com
cbrownjr@grsm.com

*Attorneys for Defendants Rob Kolkman and Constable Kolkman, LLC*

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH – CENTRAL DIVISION**

| | |
|---|---|
| CHARLES YOUNG,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL W. ERICKSON, UTAH COUNTY CONSTABLE'S OFFICE, ROB KOLKMAN, OFFICE OF THE UTAH COUNTY CONSTABLE, LLC., UTAH PROCESS INC., CONSTABLE KOLKMAN LLC, THE CHERRINGTON FIRM, and JOHN DOES 1-5,<br><br>        Defendants. | **DEFENDANTS ROB KOLKMAN AND CONSTABLE KOLKMAN LLC'S TRIAL BRIEF**<br><br>Civil No. 2:23-cv-00420<br><br>Judge: Ted Stewart<br><br>Magistrate Judge: Cecilia M. Romero |

Defendants, Rob Kolkman and Constable Kolkman, LLC, hereby submit this Trial Brief in advance of trial.

/ / /

/ / /

1

## I.    INTRODUCTION

This case is not about whether Plaintiff owed a debt or whether a writ of execution was valid.  A Utah court entered judgment against Plaintiff, and a writ of execution issued.  Those facts are undisputed.  This case instead concerns what happened after Plaintiff was confronted with the lawful consequences of that judgment.

The evidence will show that Plaintiff elected to make payments toward the judgment rather than have his personal property seized and sold.  By the time Mr. Kolkman became involved, that payment arrangement already existed, and Plaintiff had already begun making payments.  Mr. Kolkman did not initiate the communications at issue, did not create the payment arrangement, and did not design any alleged collection strategy.  He simply continued an existing process tied to a valid writ.

The evidence will further show that Mr. Kolkman's, and his predecessor constable's conduct was consistent with thier statutory role, consistent with the writ, and devoid of deception, unfairness, or coercion.  Plaintiff's claims depend on recasting a lawful enforcement process as something improper.  The facts will not support that narrative.

Finally, Plaintiff cannot establish that any act attributable to the Kolkman Defendants caused him harm.  No property was seized.  No sale occurred. Plaintiff made payments he had already agreed to make.  His claimed damages are speculative and untethered to any conduct by Mr. Kolkman or Constable Erickson.

The jury should return a verdict in favor of the Kolkman Defendants.

## II.    ANTICIPATED FACTS TO BE PRESENTED AT TRIAL

1.    A judgment was entered against Plaintiff for unpaid medical debt.  A writ of execution subsequently issued.

2

2.  Initial communications regarding the writ, including notices referencing potential seizure and sale of property, occurred before Mr. Kolkman's involvement.  In response to those communications, Plaintiff agreed to a payment arrangement and began making payments toward the judgment.

3.  Thereafter, the matter was transferred, and Mr. Kolkman became involved in his capacity as a constable.  At that time, Plaintiff had already elected to proceed under a payment plan in lieu of seizure of his personal property.

4.  Mr. Kolkman's role was limited.

    a.  He did not initiate the communications Plaintiff challenges.

    b.  He did not create the payment arrangement.

    c.  He did not design or direct any alleged collection practices.

    d.  He continued an existing process tied to a court-issued writ and accepted payments that Plaintiff had already agreed to make.

5.  Plaintiff made multiple payments without contemporaneous objection

6.  No seizure or sale of property occurred at any time.

## III.  WITNESSES

1.  Defendant Rob Kolkman

2.  Corey Revill

3.  Defendant Michael W. Erickson

4.  Plaintiff Charles Young

## IV.  EXHIBITS

1.  Writ of Execution

2.  Account history Information (including payments) for Plaintiff;

3

3.      Account Notes;

4.      Judgment against Plaintiff

5.      Notice of Sale

6.      Mountain Land Collections letters of 4/15/2021, 5/15/2021, 6/6/2021, 9/10/2021, 11/10/2021.

7.      Mountain Land Collections letters re: Epic Emergency Physicians, Utah Valley Emergency Physicians,

8.      Mountain Land Summons/Complaint/Notice of Entry of Judgment

9.      8/2022 Michael Erickson Letter with Writ of Execution

10.     9/3/2022 Constable's Office Notice of Proposed Sale of Property and Notice of Sale.

11.     Michael W. Erickson, Letter re: Sale of Property and Notice of Sale

12.     10/25/2022 Michael W. Erickson, Letter re: Payment

13.     2/27/2023 New Constable Letter re: Rob Kolkman

14.     2/27/2023 Letter re: Payment

## V.      POSITIONS AT TRIAL

1.      <u>The Kolkman Defendants' Conduct Was Consistent with Their Statutory Role and Was Not False, Misleading, or Deceptive</u>

The FDCPA prohibits false, misleading, or deceptive representations, as well as unfair or unconscionable means of collecting a debt.  The statute targets abusive conduct, not lawful enforcement of court-issued judgments.

A constable's role is defined by statute.  Under Utah Code § 17-78-603, a constable "shall serve exclusively as an agent for … the court authorizing or directing the constable."  A constable

is further required to "execute, serve, and return all process directed or delivered to the constable" by a court or other competent authority.

Mr. Kolkman's conduct must be evaluated within that framework. He did not act as an independent market participant or as a traditional debt collector devising collection strategies. He acted pursuant to a writ issued by a court and within a role defined by statute. By the time he became involved, Plaintiff had already chosen to satisfy the judgment through periodic payments rather than through seizure and sale of his property.

No reasonable consumer would view the continuation of an existing, accepted payment arrangement, one tied to a court-issued writ, as deceptive or misleading. The process reflected Plaintiff's own choice to avoid seizure of his personal property. Plaintiff's theory depends on conflating conduct across multiple actors and time periods. The evidence will instead show that Mr. Kolkman's involvement was limited and that his actions were consistent with a lawful enforcement process.

2.     <u>Plaintiff Cannot Establish That the Kolkman Defendants Made False Threats or Collected Unauthorized Amounts</u>

Plaintiff alleges that Defendants made threats they did not intend to carry out and attempted to collect unauthorized amounts. The evidence will not support those allegations as applied to the Kolkman Defendants.

Any communications referencing potential seizure or sale of property were tied to a lawful writ of execution. Such actions were legally available. The fact that a sale did not ultimately occur does not render references to that process false or deceptive.

Further, by the time Mr. Kolkman became involved, Plaintiff had already agreed to make payments. Mr. Kolkman did not initiate those communications or induce that agreement. He

relied on an existing process and continued it. The fees associated with execution of the writ were permitted under Utah law and tied to services performed in connection with the writ. Plaintiff's claims rely on speculation regarding intent and assumptions about what Defendants "never intended" to do. The evidence will show that the process was real, lawful, and contingent on Plaintiff's own decisions regarding payment.

3.     <u>Plaintiff Cannot Prove That Any Conduct by the Kolkman Defendants Caused Him Damages</u>

Plaintiff bears the burden of proving that he suffered damages and that those damages were caused by the conduct of the Kolkman Defendants. He cannot meet that burden. By the time Mr. Kolkman became involved, Plaintiff had already agreed to make payments toward the judgment. Any stress or concern associated with the existence of the judgment or earlier communications necessarily predates Mr. Kolkman's involvement. The evidence will show that Plaintiff made payments consistent with an arrangement he had already accepted. No property was seized. No sale occurred. Plaintiff retained possession of his personal property.

Plaintiff's claimed emotional distress is not attributable to any conduct by Mr. Kolkman. At the time of the events at issue, Plaintiff was already subject to a valid judgment entered against him. He was aware of that judgment, and with that awareness comes the reality that his property was subject to lawful collection efforts, including seizure or garnishment. Any stress or concern Plaintiff experienced flows from that underlying judgment and its consequences—not from anything Mr. Kolkman did.

Indeed, the evidence will show that Plaintiff was not subjected to seizure of his property. To the contrary, the continuation of a payment arrangement allowed Plaintiff to retain his property and avoid the very outcome he now claims to have feared. That was a benefit, not a

6

harm.  Absent that process, Plaintiff faced the lawful prospect of losing his property altogether.  Under these circumstances, Plaintiff cannot transform the consequences of his own debt and judgment into damages attributable to Mr. Kolkman.

    4.    <u>The Statutory Framework Confirms the Legitimacy of Resolving a Writ Through Payment Rather Than Seizure</u>

Recent legislative developments further confirm the reasonableness of the conduct at issue.  The Utah Legislature amended Utah Code § 17-78-603 to expressly provide that a constable may, with appropriate approval, "establish a payment schedule with the individual in lieu of seizing the individual's property."  Although this amendment takes effect after the events at issue, it reflects the Legislature's recognition that resolving a writ through voluntary payments rather than seizure of property is a legitimate method of carrying out a writ of execution.

Under Utah law, statutes that are procedural or remedial—those that do not "enlarge, eliminate, or destroy" substantive rights—may be applied to pending actions.  The amendment at issue does not create new rights or impose new liabilities.  Rather, it clarifies a method of executing an existing remedy: satisfaction of a judgment.

At minimum, the amendment confirms what the evidence will show in this case, that resolving a writ through voluntary payments in lieu of seizure is a reasonable and recognized approach.  Plaintiff's attempt to characterize that process as deceptive or coercive is inconsistent with the statutory framework and the Legislature's express recognition of this method.

## VI.    CONCLUSION

The evidence will show that the Kolkman Defendants did not engage in deceptive, unfair, or unlawful conduct.  Mr. Kolkman did not create the payment arrangement at issue, did not initiate the communications Plaintiff challenges, and did not cause Plaintiff any harm.  Plaintiff's

claims depend on speculation, conflation of multiple actors, and an attempt to recast a lawful enforcement process as something improper.  The facts will not support that narrative.

The jury should return a verdict in favor of the Kolkman Defendants.

**DATED** this 13th day of April, 2026.

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Charles W. Brown Jr.*
Charles W. Brown Jr.
Mark A. Nickel
Kyle C. Thompson
J. Tyler Martin
Ryan Anderson
*Attorneys for Defendants Rob Kolkman and Constable Kolkman LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April, 2026, a true and correct copy of the foregoing

**DEFENDANTS ROB KOLKMAN AND CONSTABLE KOLKMAN LLC'S TRIAL BRIEF**

was filed with the Clerk of the Court using an approved electronic filing system, CM/ECF, which

will automatically send notification of such filing to all counsel who have entered an appearance

in this action.

*/s/ J. Tyler Martin*