David P. Gardner (10096)
Zachary C. Lindley (17261)
**KIRTON McCONKIE**
301 North 200 East, Suite 3A
St. George, UT 84770
Telephone: (435) 574-5672
dgardner@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Defendant Michael W. Erickson*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>ROB KOLKMAN, CONSTABLE KOLKMAN, LLC, and MICHAEL ERICKSON,<br><br>Defendants. | **DEFENDANT MICHAEL ERICKSON'S REPLY TO PLAINTIFF'S OBJECTIONS TO JURY INSTRUCTIONS**<br><br>Case No. 2:23-cv-00420-TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

Defendant Michael W. Erickson ("Mr. Erickson"), by and through his counsel of record, respectfully submits his Reply to Plaintiff's Objections to Jury Instructions. The Court should accept all of Mr. Erickson's proposed instructions (ECF No. 91) for the following reasons: (1) Plaintiff failed to timely object per the Court's Trial Order; (2) Plaintiff failed to abide by the Court's Trial Order in attempting to object; and (3) Mr. Erickson's proposed instructions supplement the joint instructions agreed upon by the parties, as well as any instructions proposed by Plaintiff which remain after Mr. Erickson's (and other Defendants') objections to the same.

4914-9891-4978.v1

***First***, Plaintiff failed to timely object to the proposed Jury Instructions filed by Mr. Erickson. For convenience of the Court, here is brief statement of the relevant timeline of events and facts that support Mr. Erickson's position:

1.      The Court's Trial Order stated that "joint proposed instructions (along with the proposed instructions upon which the parties have been unable to agree) must be filed with the Court **at least fourteen (14) days before trial**." ECF No. 79 at 2 (emphasis in original).

2.      On April 6, 2026, Plaintiff filed the Joint Proposed Instructions and Plaintiff's Proposed Jury Instructions, in which Plaintiff included Proposed Joint Instructions Nos. 1-24, as the parties agreed. *See* ECF No. 88.

3.      On that same day, April 6, 2026, Mr. Erickson, and per the Court's Trial Order, filed his own *separate* proposed instructions, which included an additional nine (9) proposed instructions, separate from the Joint Instructions Nos. 1-24, filed by Plaintiff. *See* ECF No. 91.

4.      The Court's Trial Order also stated that the parties, "**no later than seven (7) days before trial**," were to file their objections to the "jury instructions proposed by any other party[.]" ECF No. 79 at 3 (emphasis in original).

5.      On April 13, 2026, rather than filing his objections to the proposed instructions submitted by Mr. Erickson on April 6, 2026 (ECF No. 91), Plaintiff filed "Objections to The Erickson Defendants' Proposed Jury Instructions," which appear to be objections to a draft that had been passed back-and-forth between the parties, but not ultimately filed by Mr. Erickson. *See* ECF No. 133.

Accordingly, Plaintiff failed to timely file any objections to the specific proposed instructions filed by Mr. Erickson back on April 6, 2026 (ECF No. 91), and therefore, Mr. Erickson's proposed instructions should be accepted in their entirety.

*__Second__*, even if the Court is inclined to view Plaintiff's objections as timely and somehow applicable to the actual proposed instructions filed by Mr. Erickson (it should not), Plaintiff failed to adhere to the Court's Trial Order in objecting generally. Specifically, the Trial Order stated that "[a]ny such objections must recite the proposed instruction in its entirety and specifically highlight the objectionable language contained therein." ECF No. 79 at 3. Further, "[t]he objection should contain both a concise argument why the proposed language is improper and citation to relevant legal authority." *Id.* Plaintiff did not follow those requirements at all. His arguments broadly address the instructions (the wrong instructions), he does not highlight any specific language, he does not recite the instructions verbatim, and he does not include any citation to authority as to why the instructions are improper. He simply states, conclusorily, that the Court should "adopt Plaintiff's proposed instructions in place of Erickson's incomplete submission," without any analysis or authority as to why Mr. Erickson's proposed instructions are "incomplete."

*__Third__*, and finally, the Court should accept all of Mr. Erickson's proposed instructions (ECF No. 91) because they are intended to supplement, and not replace wholesale (as Plaintiff is trying to do) the joint instructions and even Plaintiff's instructions—to the extent some or all of Plaintiff's proposed instructions remain after the Court reviews Mr. Erickson's (and other Defendants') respective objections. In other words, Mr. Erickson's proposed instructions are intended to work in harmony with, and not against, the other instructions given.

For the foregoing reasons, Mr. Erickson respectfully requests that the Court accept all of his proposed instructions (ECF No. 91) in their entirety.

4914-9891-4978.v1

DATED this 15th day of April 2026.

KIRTON McCONKIE

*/s/ David Gardner*
David P. Gardner
Zachary C. Lindley
*Attorneys for Defendant Michael W. Erickson*

4914-9891-4978.v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of April, 2026, I caused to be served the foregoing **DEFENDANT MICHAEL ERICKSON'S REPLY TO PLAINTIFF'S OBJECTIONS TO JURY INSTRUCTIONS** to counsel of record through the Court's electronic filing system.

*/s/ Zachary C. Lindley*
*Attorney for Defendant Erickson*

4914-9891-4978.v1