Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>    Plaintiff,<br><br>vs.<br><br>ROB KOLKMAN *et al*.,<br><br>    Defendants. | **MEMORANDUM IN IN OPPOSITION TO ERICKSON DEFENDANTS' OBJECTIONS TO PLAINTIFF'S JURY INSTRUCTIONS**<br><br>Case Number: 2:23-cv-00420-TS<br>Judge: Ted Stewart |

Plaintiff respectfully submits this response to Defendants objections to Plaintiff's Proposed Jury Instructions (ECF No. 109).

ARGUMENT

**Objection**

Defendants' objections were filed in violation of this Court's Trial Order. This Court ordered all defendants to submit unified objections to jury instructions and unified motions in limine. Defendants ignored that requirement and filed separately—doubling the filings and unduly burdening the Plaintiff.

This was not an oversight. It was a deliberate choice that wasted judicial resources and imposed unnecessary costs and burdens on Plaintiff's counsel mere days before trial. The Court should therefore disregard all of Defendants' objections for violating this Court's mandate.

## INTRODUCTION

Erickson's objections are substantively identical to those filed by the Kolkman Defendants. Rather than repeat the full analysis, Plaintiff incorporates by reference his Opposition to Defendants Rob Kolkman and Constable Kolkman LLC's Objections to Plaintiff's Proposed Jury Instructions, filed contemporaneously herewith, as if fully set forth here. The arguments apply with equal force to Erickson's objections.

The following addresses the one argument Erickson raises with particular emphasis—his claim that he is not a debt collector because he is a state officer.

### Instruction No. 26 — Nature of the Case

Erickson argues that because the Court identified him as a "state officer," the jury should be permitted to treat him differently from the other defendants and from the business entities in this case. That argument fails for the same reason it fails when Kolkman raises it. The Court's reference to constables as state officers addressed a discrete issue with no additional bearing on this matter. That reference did not create a liability hierarchy at trial and expressly rejected such a structure. More importantly, the Court already ruled that Defendants are debt collectors under the FDCPA.[1] That ruling is law of the case and forecloses any argument that Erickson's status as a state officer protects him from FDCPA liability. Merely being a state officer does not change this Court's ruling. He is a debt collector under federal law. The instruction as written by Plaintiff is correct.

---

[1] Memorandum Decision (ECF No. 58)

**Instructions No. 27 And 28 — Plaintiff's Contentions**

Every jury in a civil case is entitled to know what the plaintiff claims the defendant did wrong. Indeed, that is the purpose of trial. Without the contentions instruction the jury has no framework for evaluating the evidence or understanding what questions it is ultimately being asked to answer.

Defendants' objection rests on the idea that listing Plaintiff's contentions will cause the jury to assume they are true. That is not how juries are instructed and it is not what this instruction does. The instruction expressly states that these are Plaintiff's contentions that Defendants deny. If juries would be misled by presenting the parties contentions there would not be a standard jury instruction to do so. More importantly, the jury will be told—repeatedly—that Plaintiff bears the burden of proof. That message will come in voir dire, opening statements, closing argument, and the Court's instructions. A contentions instruction does not shift that burden. It simply frames the issues the jury is required to decide.

Erickson's reliance on *Ryan v. Beaver County* and *Fowler v. Medical Arts Building* is misplaced. *Ryan* did not disapprove contentions instructions.[2] It addressed a very different issue: whether the trial court could send the pleadings themselves to the jury room. The language Erickson quotes—"pleadings are for the court, not for the jury"—comes from a concurrence addressing that specific practice. The majority found no prejudice precisely because the trial court had fully summarized the parties' positions in the instructions—which is exactly what Plaintiff proposes here. Indeed, the concurrence used precisely this language, noting that the trial court "fairly stated the respective contentions of the parties."[3]

---

[2] *See Ryan v. Beaver County*, 82 Utah 27 (1933)
[3] *Ryan v. Beaver County*, 82 Utah 27, 37 (1933)

In other words, *Ryan* supports, rather than undermines, the use of a contentions instruction.

*Fowler v. Medical Arts Building*, 112 Utah 367 (1948), is equally inapplicable. There, the court criticized instructions that were confusing, technically written, and disconnected from the evidence at trial. It also faulted instructions that submitted issues not supported by the record. None of those concerns exist here. Plaintiff's contentions are written in plain language, accurately summarize the governing statutes at issue, track the evidence that will be presented at trial, and accurately reflect the issues the jury must decide. This is exactly what *Fowler* contemplated—not verbatim pleadings or legal clutter, but a clear and usable statement of the parties' positions tied to the evidence.

Indeed, *Fowler's* affirmative holding supports Plaintiff's proposed instruction. The court held that "the court should carefully analyze the pleadings and the evidence and determine therefrom the controverted issues of fact and submit for the jury's determination only such issues," stated "in simple, direct and concise language which laymen understand."[4] That is precisely what Plaintiff's contentions instruction does.

Finally, the instruction explicitly states that Defendants deny each contention. The Court also will separately and repeatedly instruct the jury that Plaintiff bears the burden of proof. There is therefore no risk of confusion or burden shifting.

It is also worth noting that Defendants agreed to the contentions format earlier in this litigation and have jointly proceeded under that structure. Having

---

[4] *Fowler v. Medical Arts Building*, 112 Utah 367, 379 (1948)

accepted that framework, they should not be permitted to object to its use at the final stage of trial.

For each of these reasons, the instructions should be given as proposed.

**Instructions No. 29 And 30 — Utah Debt Collection Registration**

Erickson was not registered as a debt collector in Utah and he was not an attorney. Despite that, he sent documents designed to look like court filings. The statutes addressed in these instructions prohibited and criminalized that conduct. The jury is entitled to understand that legal framework in which Erickson operated—including that what he was doing violated state law. These facts go directly to the fraud claim and to the jury's evaluation of punitive damages. These facts also support a showing of Defendants' pattern, practice, mode of operations, absence of mistake, etc. The instructions are appropriate.

**Instruction No. 31 — FDCPA Introduction and Congressional Findings**

Congress did not bury its findings in a committee report—it placed them directly into the statute.[5] Those findings reflect Congress's own assessment of abusive debt collection practices and the harms they cause. They also explain the problem the statute was designed to address. A jury tasked with applying the FDCPA is entitled to understand that context.

Erickson's objection is that the congressional findings will improperly suggest the jury must find a violation. That is not what the instruction does. The findings do not direct any result—they provide necessary background and explain the legal framework the jury is being asked to apply. There is nothing misleading about informing jurors why Congress enacted the FDCPA and how it was enacted

---

[5] 15 U.S.C. § 1692

in response to abusive and deceptive collection practices that cause real harm. That is not argument—it is the statute itself.

The Tenth Circuit has confirmed that the FDCPA is to be construed liberally in favor of consumers.[6] A jury cannot properly apply that principle without understanding the purpose behind the statute it is enforcing. Context is part of comprehension.

The instruction also correctly states that whether Plaintiff owed the underlying debt is irrelevant to whether the FDCPA was violated. That is black-letter law.[7] The statute regulates conduct, not the validity of the debt. A defendant does not gain license to violate federal law simply because a debt exists. Suggesting otherwise would be the real source of confusion.

For these reasons, this instruction should be given as Plaintiff proposed.

**INSTRUCTION NO. 33 — Consumer Standard**

The Court has ruled that the reasonable consumer standard applies in this case. Plaintiff will conform Instruction No. 33 to that standard. The objection is moot.

**INSTRUCTIONS NO. 34 THROUGH 50 — "Strictly Prohibits"**

Plaintiff incorporates by reference his response to the Kolkman Defendants' identical objections to Instructions No. 34 through 50 filed contemporaneously herewith. The arguments apply with equal force here. Plaintiff's instructions should be given as written. The FDCPA is a strict liability statute, the jury is required to apply that standard, and it would be improper,

---

[6] *Johnson v. Riddle*, 305 F.3d 1007, 1117 (10th Cir. 2002)
[7] *See* 15 U.S.C. § 1692k

misleading, confusing, legally incorrect, and prejudicial to remove that standard from the jury instructions.

**INSTRUCTION NO. 54 — Established Facts**

Plaintiff incorporates by reference his response to the Kolkman Defendants' identical objections to Points 1, 2, and 5 of Instruction No. 54 filed contemporaneously herewith. The arguments apply with equal force here.

As to Point 4, Erickson argues that because he had no duty to verify the validity of the underlying writ, the fact that Plaintiff was never legally responsible for the debt is irrelevant to him. That argument misses the point entirely. Point 4 is not about the writ. It is about the debt. Plaintiff was never legally obligated to pay the medical expenses Defendants pursued. That debt arose from a workplace injury, which means Plaintiff's employer's workers' compensation insurer was responsible—not him. That fact goes directly to the nature and extent of the harm Plaintiff suffered and to the jury's evaluation of damages.

Erickson's role in the collection chain does not insulate him from that reality. He participated in collecting a debt from a man who never owed it. The jury is entitled to know that. The instruction should be given.

**Instruction No. 55 — Actual Damages**

The FDCPA expressly authorizes actual damages.[8] Plaintiff has and will present evidence of emotional distress, humiliation, embarrassment, and financial harm and he is statutorily entitled to do in pursue of those damages. The instruction states the law accurately.[9] The objection should be overruled. There is

---

[8] 15 U.S.C. § 1692k(a)(1)
[9] *McCollough v. Johnson, Rodenburg & Lauinger, L.L.C.*, 637 F.3d 939, 957 (9th Cir. 2011)

no legitimate basis for prohibiting the jury from evaluating and determining Plaintiff's damages. On the contrary, the law requires that determination.

**Instructions No. 57, 58, and 59 — Punitive Damages**

Plaintiff is entitled to seek punitive damages. Bifurcation is neither necessary nor appropriate here. The fraud claim alone supports punitive damages and the evidence regarding how Defendants operated reinforces that conclusion. Erickson ran this collection operation for over a decade. When he retired, he did not shut it down—he handed it off. The letters, the templates, the employees, the systems—the entire operation transferred to Kolkman and continued without interruption. That continuity matters. It is not an isolated incident or a one-off mistake. It is evidence of a sustained and deliberate course of conduct carried forward over time across multiple actors. Erickson built the operation, ran it for years, and then passed it along as a functioning enterprise. Kolkman accepted it and continued the same practices.

That kind of knowing, repeated, and sustained conduct is exactly what punitive damages are meant to address. Utah Code Ann. § 78B-8-201 permits punitive damages where conduct is willful, malicious, or reflects a reckless indifference to the rights of others. The record here supports that standard.

Bifurcating punitive damages would artificially divide what is, in reality, a single story. The same evidence that explains how Defendants operated also explains why punitive damages are warranted. The jury should be able to see the full picture—how long this went on, how it was structured, and how it was continued—in order to fairly assess both liability and the appropriate remedy.

The instructions accurately state Utah law and are supported by the facts. Defendants' objections should therefore be overruled and bifurcation should be denied.

## CONCLUSION

Defendants filed these objections in violation of the Court's order requiring unified submissions. On the merits, they ask the Court to withhold the governing legal standard from the jury, eliminate an accurate description of strict liability, and keep the jury ignorant of the scope and nature of Defendants' decade-long operation. The Court should overrule the objections in full and give Plaintiff's proposed instructions.

DATED 4/15/2026                                    /s/ Eric Stephenson
                                                   *Attorney for the Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on 4/15/2026 I served the foregoing MEMORANDUM IN IN OPPOSITION TO ERICKSON DEFENDANTS' OBJECTIONS TO PLAINTIFF'S JURY INSTRUCTIONS to Defendants' counsel of record through this Court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*