Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>     Plaintiff,<br><br>vs.<br><br>ROB KOLKMAN *et al*.,<br><br>     Defendants. | **MEMORANDUM IN OPPOSITION TO KOLKMAN DEFENDANTS' OBJECTIONS TO PLAINTIFF'S JURY INSTRUCTIONS**<br><br>Case Number: 2:23-cv-00420-TS<br>Judge: Ted Stewart |

Plaintiff respectfully submits this response to Defendants' Objections to Plaintiff's Jury Instructions (ECF No. 143).

ARGUMENT

**Objection**

Defendants' objections were filed in violation of this Court's Trial Order. This Court ordered all defendants to submit unified objections to jury instructions and unified motions in limine. Defendants ignored that requirement and filed separately—doubling the filings and Plaintiff's burden in responding to each. This was not an oversight. It was a deliberate choice that wasted judicial resources and imposed unnecessary costs and burdens on Plaintiff's counsel only days before trial. The Court should therefore disregard all of Defendants' objections for violating this Court's mandate.

1

INTRODUCTION

Kolkman's objections are substantively identical to those filed by the Erickson Defendants. Rather than repeat the full analysis, Plaintiff incorporates by reference his Opposition to the other Defendants' Objections to Plaintiff's Proposed Jury Instructions, filed contemporaneously herewith, as if fully set forth here. The arguments apply with equal force to Kolkman's objections.

**Instruction No. 26 — Nature of the Case**

This instruction comes directly from MUJI CV103. It tells the jury what every jury in a case involving business entities is told. Companies are persons under the law and stand equal with individuals before it. That is accurate and appropriate.

Defendants argue their status as "state officers" changes the calculus. It does not. The Court's reference to constables as state officers addressed a discrete legal question with no additional bearing on this matter. That reference did not create a liability hierarchy at trial and expressly rejected such a structure. More importantly, the Court already ruled that Defendants are debt collectors under the FDCPA.[1] That ruling is law of the case. This standard instruction should be given to the jury.

**Instructions No. 27 AND 28 — Plaintiff's Contentions**

Contentions instructions exist precisely so the jury knows what it is being asked to decide. Instruction No. 27 lists Plaintiff's FDCPA claims. Instruction No. 28 lists his fraud contentions. Both close with the acknowledgment that Defendants deny those contentions. That is the standard format—and it is balanced, standard, and appropriate.

---

[1] Memorandum Decision (ECF No. 58)

Moreover, the parties met and conferred on this instruction and the Defendants agreed to it as written. They cannot now object to its content. The instructions should be given as proposed.

**Instructions No. 29 AND 30 — Utah Debt Collection Registration**

Defendants operated a debt collection business in Utah without being registered and served legal papers that were not prepared by an attorney as required by law. Both facts are undisputed. These instructions are relevant on multiple grounds. First, the fraud claim is built in part on Defendants holding themselves out as lawful actors while doing business illegally. Second, conduct that violates state law—particularly criminal law—is strong evidence that it is not only fraudulent but also unfair and deceptive under the FDCPA. Third, Defendants sent documents designed to look like court filings that were not prepared by attorneys. Under the statute, that is a criminal offense. The jury is entitled to know the legal context in which this conduct occurred. These instructions should be given.

**Instruction No. 31 — FDCPA Introduction and Congressional Findings**

Congress put its findings directly into the statute.[2] Those findings explain why the FDCPA was enacted and what harms it was designed to stop. A jury asked to apply this law is entitled to understand its purpose. Given the requirement to liberally construe the FDCPA in favor of consumers, and the historical relevancy of Congress' attempts to prohibit the specific conduct at issue here, this instruction is appropriate. It also correctly states that whether Plaintiff owed the debt is irrelevant to whether Defendants violated the law. That is settled. The instruction should be given.

---

[2] 15 U.S.C. § 1692

— 3 —

**Instruction No. 33 — Consumer Standard**

The Court has ruled that the reasonable consumer standard applies in this case. Plaintiff will conform Instruction No. 33 to that standard. The objection is moot.

**Instructions No. 34 Through 50 — "Strictly Prohibits"**

Defendants object to the phrase "strictly prohibits" in each of Plaintiff's FDCPA instructions. Removing the phrase "strictly prohibits" would not neutralize the instruction—it would affirmatively mislead the jury and misstate the law. The FDCPA is considered a strict liability statute since it "does not ordinarily require proof of intentional violation."[3] "Proof of one violation is sufficient to support a finding of summary judgment in favor of the Plaintiff in an FDCPA action."[4] Describing the statute as "strictly" prohibiting the conduct at issue is therefore not advocacy. It is an accurate explanation of the standard the jury must apply. Removing that language risks obscuring the nature of the law, not clarifying it.

If the jury is told only that the FDCPA "prohibits" certain conduct without being told that the prohibition is strict, jurors may naturally assume—as people do with most legal standards—that bad intent or knowledge is required. That assumption would be materially wrong and an instruction that produces it is misleading. Describing the statute as "strictly" prohibiting the conduct at issue is not emphasis or advocacy. It is the only accurate way to convey the standard the jury must apply. Defendants' objection, if sustained, would result in a legally

---

[3] *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010)(*citing* 15 U.S.C. § 1692k; *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010))
[4] *Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 62 (2nd Cir.1993); *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D.Conn.1990)

incorrect instruction that benefits only them by misstating the governing legal standard. Plaintiff's instructions should therefore be given as written.

**Instruction No. 54 — Established Facts**

Point 1. The Court has already ruled that Defendants are debt collectors under the FDCPA. That is law of the case and properly included in the instructions.

Point 2. It is undisputed that Defendants were not registered with the State of Utah. The instruction is accurate and should be given.

Point 4. Utah law prohibits billing a patient for medical expenses arising from a work injury. Plaintiff was therefore never legally obligated to pay this debt. It arose from a work injury and he properly reported it to his employer. The jury, in evaluating harm and damages, is entitled to understand that Defendants pursued payment from someone who did not owe the debt.

Point 5. The $3.5 million figure is not evidence about other debtors' claims—it is evidence about these Defendants. It goes directly to their financial condition, the scale of their operation, motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, and the reprehensibility of their conduct, all of which are proper considerations in assessing punitive damages under Utah Code Ann. § 78B-8-201.

The Court's prior ruling excluded evidence about how Defendants' practices affected non-parties. That ruling addressed individual claims and was narrowly focused on the effect of their collection practices, not on the scale of those practices. In other words, it did not address—and does not bar—evidence of how much money Defendants collected as part of their business. Those are fundamentally different categories of evidence.

The record shows that Kolkman collected more than $3.5 million in just two and a half years. Erickson operated for over a decade but refused to produce his collection figures in discovery. A jury asked to assess punitive damages is entitled to understand the financial reality of the defendants before it.

Allowing Defendants to withhold that information in discovery and then argue the jury lacks a basis to assess punitive damages would reward noncompliance and distort the record. That is neither fair nor required by law.

### Instruction No. 55 — Actual Damages

The FDCPA expressly authorizes actual damages.[5] Plaintiff has and will present evidence of emotional distress, humiliation, embarrassment, and financial harm and he is statutorily entitled to pursue those damages. The instruction states the law accurately.[6] The objection should be overruled.

### Instructions No. 57, 58, And 59 — Punitive Damages

Plaintiff is entitled to seek punitive damages, and bifurcation is neither necessary nor appropriate here. The fraud claim alone supports punitive damages, and the evidence regarding how Defendants operated reinforces that conclusion. Erickson ran this collection operation for over a decade. When he retired, he did not shut it down—he handed it off. The letters, the templates, the employees, the systems—the entire operation transferred to Kolkman and continued without interruption. That continuity matters. It is not an isolated incident or a one-off mistake. It is evidence of a sustained and deliberate course of conduct carried forward over time. Erickson built the operation, ran it for years, and then passed it

---

[5] 15 U.S.C. § 1692k(a)(1)
[6] *McCollough v. Johnson, Rodenburg & Lauinger, L.L.C.*, 637 F.3d 939, 957 (9th Cir. 2011)

along as a functioning enterprise. Kolkman accepted it and continued the same practices.

That kind of knowing, repeated, and sustained conduct is exactly what punitive damages are meant to address. Utah Code Ann. § 78B-8-201 permits punitive damages where conduct is willful, malicious, or reflects a reckless indifference to the rights of others. The record here supports that standard.

Bifurcating punitive damages would artificially divide what is, in reality, a single story. The same evidence that explains how Defendants operated also explains why punitive damages are warranted. The jury should be able to see the full picture—how long this went on, how it was structured, and how it was continued—in order to fairly assess both liability and the appropriate remedy.

The instructions accurately state Utah law. The objections should be overruled and bifurcation should be denied.

### CONCLUSION

Defendants filed these objections in violation of the Court's order requiring unified submissions. On the merits, they ask the Court to withhold the governing legal standard from the jury, eliminate an accurate description of strict liability, and keep the jury ignorant of the scope and nature of Defendants' decade-long operation. The Court should overrule the objections in full and give Plaintiff's proposed instructions.

DATED 4/15/2026                    /s/ Eric Stephenson
                                   *Attorney for the Plaintiff*

— 8 —

CERTIFICATE OF SERVICE

I hereby certify that on 4/15/2026 I served the foregoing MEMORANDUM IN OPPOSITION TO KOLKMAN DEFENDANTS' OBJECTIONS TO PLAINTIFF'S JURY INSTRUCTIONS to Defendants' counsel of record through this Court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*