Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>    Plaintiff,<br><br>vs.<br><br>ROB KOLKMAN *et al.*,<br><br>    Defendants. | **MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE SEEKING TO EXCLUDE EVIDENCE OF OTHER CASES**<br><br>Case Number: 2:23-cv-00420-TS<br>Judge: Ted Stewart |

Plaintiff respectfully submits this opposition to the Defendants' Motions in Limine seeking to exclude evidence of other cases (ECF Nos. 111 and 139).

### OBJECTION

At the Final Pretrial Conference held on April 7, 2026, this Court ordered Defendants to file unified motions in limine. Defendants violated that order. Instead of unifying their motions, they filed separate motions seeking the same or similar relief in the same pattern of noncompliance that characterizes Defendants' other pretrial submissions. The Court should not reward that noncompliance. On the contrary, it should deny Defendants' submissions that violate this Court's mandate. Even so, Plaintiff objects and reserves the right to seek appropriate relief and attorney's fees. In the interest of efficiency, however, Plaintiff submits a single opposition addressing both filings.

ARGUMENT

Evidence of how Defendants actually ran their collection operation is central to this case. It shows fraud because they made the same false representations over and over to thousands of people who responded exactly as Plaintiff did—by calling and making payments to avoid the threatened sale. The evidence also shows intent because the volume and consistency make clear this was not a mistake—it was the plan. It shows knowledge because Defendants knew exactly what their letters said, what reaction they triggered, and that people paid in response to threats Defendants never carried out. The evidence also goes directly to statutory damages which require the jury to consider the frequency and persistence of violations under 15 U.S.C. § 1692k(b)(1). Evidence of other collection efforts also supports fraud and punitive damages because this conduct was willful, sustained for years, and deliberately handed off from one constable to the next as a functioning business. Just the fact that more than 10,000 other debtors were pursued the same way as the Plaintiff with the same result proves many of the elements of fraud. The Defendants' internal policy of never actually following through on the threatened action is also the very evidence that proves the § 1692e(5) violation, among others.

Courts have recognized that mass-produced form letters used in high-volume collection operations support an inference of knowing misrepresentation rather than isolated error.[1] Repeated threats of legal action that never manifested is also evidence that the threats were false.[2] That is exactly what happened here. Defendants used the same letters, made the same threats, and that produced the

---

[1] *See Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993)

[2] *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993); *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 25-26 (2d Cir. 1989)

same results thousands of times over more than a decade. That kind of pattern does not happen by accident. It happens by design.

The volume and effectiveness of those collections also goes directly to whether Plaintiff's response was reasonable. Thousands of other people received the same letters and reacted the same way—calling, negotiating, and paying. That is strong evidence that the letters worked as intended and that a reasonable person in Plaintiff's position would respond the same way. It corroborates Plaintiff's account, supports the fraud claim, and shows the deception was not subtle—it was effective.

The fact that Defendants never completed a single property sale—despite making those threats in thousands of collections over more than a decade—is especially telling. The FDCPA prohibits threatening action that is not actually intended.[3] A collector who threatens property sales in every case but never once follows through is not enforcing judgments—he is using the threat as leverage. That pattern is direct evidence of violations under §§ 1692e(4) and 1692e(5), and the jury is entitled to consider it.

The Court's October 15, 2024 discovery ruling does not change any of this. That ruling addressed a narrow issue—whether Defendants had to produce records about other individuals' claims. It did not address, and cannot reasonably be read to exclude, evidence about Defendants' own business, their own practices, or how this operation was structured and carried out. This is evidence about these Defendants, not about other people's claims.

This evidence is highly probative. Rule 403 does not exclude evidence simply because it is damaging. It applies only when unfair prejudice substantially

---

[3] 15 U.S.C. § 1692e(5)

outweighs probative value. That standard is not met here. The probative value is substantial—it goes to fraud, intent, knowledge, and damages. Defendants have not shown otherwise and have not carried their burden to justify exclusion.

CONCLUSION

The Court's discovery ruling addressed other individuals' claims in the context of discovery—not trial. That ruling did not preclude presentation of evidence of Defendants' own operations, practices, and patterns of conduct. That evidence is relevant to fraud, intent, knowledge, statutory damages, and punitive damages. It proves the threats were false. It corroborates Plaintiff's account. It is exactly what the jury needs to decide this case fairly. The motions should be denied.

DATED 4/15/2026

/s/ Eric Stephenson
*Attorney for the Plaintiff*

— 5 —

CERTIFICATE OF SERVICE

I hereby certify that on 4/15/2026 I served the foregoing MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE SEEKING TO EXCLUDE EVIDENCE OF OTHER CASES to Defendants' counsel of record through this Court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*