Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>　　　Plaintiff,<br><br>vs.<br><br>ROB KOLKMAN *et al.*,<br><br>　　　Defendants. | **MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE SEEKING TO EXCLUDE EVIDENCE OF PLAINTIFF'S DAMAGES**<br><br>Case Number: 2:23-cv-00420-TS<br>Judge: Ted Stewart |

Plaintiff respectfully submits this opposition to the Defendants' Motions in Limine seeking to exclude evidence of Plaintiff's damages (ECF Nos. 112 and 140).

### OBJECTION

At the Final Pretrial Conference held on April 7, 2026, this Court ordered Defendants to file unified motions in limine. Defendants violated that order. Instead of unifying their motions, they filed separate motions seeking the same or similar relief in the same pattern of noncompliance that characterizes Defendants' other pretrial submissions. The Court should not reward that noncompliance. On the contrary, it should deny Defendants' submissions that violate this Court's mandate. Even so, Plaintiff objects and reserves the right to seek appropriate relief and attorney's fees. In the interest of efficiency, however, Plaintiff submits a single opposition addressing both filings.

ARGUMENT

Plaintiff is the best witness to his own damages. He lived them. He experienced the stress, fear, humiliation, and disruption Defendants caused to his mental health and daily life. His testimony is not only admissible—it is exactly the kind of evidence the FDCPA was designed to address. Even the deposition testimony Defendants rely on confirms he experienced real symptoms and took concrete steps to deal with them. That is personal knowledge. That is competent testimony. That is what damages testimony looks like in FDCPA cases.

Defendants' position is contrary to how these cases are actually tried. Courts routinely permit plaintiffs to prove emotional distress through their own testimony, without medical records or expert witnesses.[1] Defendants' request would prevent the person who experienced the harm from describing it. Courts reject that approach because it would effectively eliminate emotional distress damages in FDCPA cases and undermine the statute's purpose.

"[G]arden variety emotional distress claims generally merit $30,000 to $125,000 awards."[2] And nothing more than Plaintiff's testimony is required. No federal court of appeals has held that FDCPA emotional distress requires medical corroboration. Defendants' own cited case, *Morgan* agrees and explicitly says medical evidence is **not** required.[3] Other courts recognize that "garden-variety"

---

[1] *See Llewellyn v. Allstate Home Loans, Inc*., 711 F.3d 1173, 1182–83 (holding emotional distress damages may be supported by plaintiff's testimony without medical evidence); *See McCollough v. Johnson, Rodenburg & Lauinger, L.L.C.*, 637 F.3d 939, 957 (upholding emotional distress damages based on plaintiff's testimony alone)

[2] *EEOC v. United Health Programs of Am., Inc*., 14-CV-3673 (KAM)(JO), 2020 U.S. Dist. LEXIS 39587, 2020 WL 1083771, at *13 (E.D.N.Y. Mar. 6, 2020)

[3] *Morgan v. Sec'y of Hous. & Urban Dev*., 985 F.2d 1451, 1459 (10th Cir. 1993)

emotional distress claims often rely solely on plaintiff testimony and do not require medical proof.[4]

Defendants' argument that words like "upset" or "devastated" are too vague misses the point. The issue is whether Plaintiff ties his distress to Defendants' conduct. Testimony describing anxiety, sleep disruption, fear of losing property, and distress caused by threatening collection activity is sufficient.[5]

Their reliance on deposition testimony is equally misplaced. Depositions are constrained by the questions asked. If Defendants wanted more detail, they could have asked for it. They cannot now rely on selective answers to claim vagueness. Any gaps in the record are of their own making.

At trial, Plaintiff will testify fully about the impact of being threatened with the seizure and sale of his property for a debt he never owed. That testimony will be specific and causal. The jury will decide what it is worth.

Defendants' remaining arguments go to weight, not admissibility. Whether Plaintiff's distress was caused or worsened by Defendants' conduct is a question for the jury. The fact that Plaintiff had prior counseling does not defeat causation. It raises, at most, an issue of aggravation—another classic jury question.

CONCLUSION

For the reasons stated herein, Defendants' request should be denied.

DATED 4/15/2026                          /s/ Eric Stephenson
                                         *Attorney for the Plaintiff*

---

[4] *Sooroojballie v. Port Auth. of N.Y. & N.J.*, 816 F. App'x 536, 546 (2d Cir. 2020) (*quoting Maher v. Alliance Mortg. Banking Corp.*, No. CV 06-5073(DRH)(ARL), 2010 U.S. Dist. LEXIS 145707, 2010 WL 3516153, at *2 (E.D.N.Y. Aug. 9, 2010), adopted, 2010 U.S. Dist. LEXIS 90725, 2010 WL 3521921 (E.D.N.Y. Sept. 1, 2010)
[5] *See Fini v. Dish Network, L.L.C.*, 955 F. Supp. 2d 1288, 1301

CERTIFICATE OF SERVICE

I hereby certify that on 4/15/2026 I served the foregoing MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE SEEKING TO EXCLUDE EVIDENCE OF PLAINTIFF'S DAMAGES to Defendants' counsel of record through this Court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*