Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>     Plaintiff,<br><br>vs.<br><br>ROB KOLKMAN *et al.*,<br><br>     Defendants. | **MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE SEEKING TO EXCLUDE PLAINTIFF'S WITNESSES**<br><br>Case Number: 2:23-cv-00420-TS<br>Judge: Ted Stewart |

Plaintiff respectfully submits this opposition to the Defendants' Motions in Limine seeking to exclude evidence of other cases (ECF Nos. 113 and 138).

OBJECTION

At the Final Pretrial Conference held on April 7, 2026, this Court ordered Defendants to file unified motions in limine. Defendants violated that order. Instead of unifying their motions, they filed separate motions seeking the same or similar relief in the same pattern of noncompliance that characterizes Defendants' other pretrial submissions. The Court should not reward that noncompliance. On the contrary, it should deny Defendants' submissions that violate this Court's mandate. Even so, Plaintiff objects and reserves the right to seek appropriate relief and attorney's fees. In the interest of efficiency, however, Plaintiff submits a single opposition addressing both filings.

ARGUMENT

Plaintiff's witnesses have exactly the personal knowledge Rule 602 requires. They do not need to know what happened to Plaintiff. They know what happened to them—and it is the same conduct. They received the same form letters, were threatened with the same property sales that never occurred, and responded the same way—by calling and paying. That is not background. It is the pattern that proves the case.[1]

Evidence of how Defendants actually ran their collection operation goes to the heart of Plaintiff's claims. It shows fraud because Defendants made the same false representations repeatedly and that people responded exactly as Plaintiff did—by paying to avoid a threatened sale that was never going to happen. It shows intent because the volume and consistency make clear this was not a mistake. It was the plan. And it shows knowledge because Defendants knew what their letters said, what reaction they triggered, and that people paid in response to threats they never carried out. Courts recognize that this kind of high-volume, form-letter practice supports an inference of knowing misrepresentation.[2]

Supporting witness testimony also goes directly to the reasonable reliance element of fraud. If a reasonable person receiving these letters would call and make arrangements to pay to avoid a threatened sale—and thousands did—that supports Plaintiff's account of these events and shows the representations were not ambiguous or harmless. On the contrary, other witnesses testifying about their own experience shows the threats worked for their intended purpose.

---

[1] Fed. R. Evid. 404(b)(2)

[2] *See Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993); *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 25-26 (2d Cir. 1989)

The evidence that Defendants never completed a single property sale, despite making those threats thousands of times over more than a decade, is especially essential. The FDCPA prohibits threatening action that is not actually intended.[3] It also prohibits false representations that nonpayment would result in seizure, sale, or other disposition when doing so is illegal.[4] These witnesses will testify that they received the same threats and that those threats were never carried out, whether they paid or not. That is direct evidence of violations under §§ 1692e(4) and 1692e(5) the jury is entitled to hear.

Defendants' reliance on the Court's prior discovery ruling is also misplaced. That ruling addressed a narrow discovery issue—whether Defendants had to produce records about other individuals' claims earlier in the development of the case. It did not address trial testimony and cannot be stretched to exclude witnesses with firsthand knowledge of the specific practices at issue. These witnesses are not offering evidence about other people's claims. They are testifying about Defendants' conduct that they personally experienced. They have personal knowledge of their own experiences.[5]

Defendants' Rule 403 argument fails for the same reason. This testimony is highly probative. It goes to fraud, intent, knowledge, pattern, statutory damages, and punitive damages. A risk of prejudice—if there even is any—does not even come close to substantially outweighing that probative value.

Finally, Defendants argue these witnesses should be excluded because they have filed their own lawsuits. That cuts the other way. Multiple lawsuits arising from the same conduct do not make the testimony less relevant. Other

---

[3] 15 U.S.C. § 1692e(5)
[4] 15 U.S.C. § 1692e(4)
[5] Fed. R. Evid. 602

— 4 —

lawsuits confirm the conduct was repeated, persistent, and effective. That is the point. This was not an isolated incident. It was a well-established pattern and business operation developed over more than a decade that these witnesses experienced first-hand. That shows a pattern and its effectiveness.

CONCLUSION

These witnesses have personal knowledge of Defendants' collection practices, the letters they sent, the threats they made, and the payments those threats produced. That testimony is relevant to fraud, intent, knowledge, reasonable reliance, statutory damages, and punitive damages. It corroborates Plaintiff's account and proves the conduct was systematic and persistent. The motion should be denied.

DATED 4/15/2026                         /s/ Eric Stephenson
                                        *Attorney for the Plaintiff*

— 5 —

CERTIFICATE OF SERVICE

I hereby certify that on 4/15/2026 I served the foregoing MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE SEEKING TO EXCLUDE PLAINTIFF'S WITNESSES to Defendants' counsel of record through this Court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*