Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>    Plaintiff,<br><br>vs.<br><br>ROB KOLKMAN *et al*.,<br><br>    Defendants. | **MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE SEEKING TO EXCLUDE EVIDENCE OF THE UNDERLYING DEBT**<br><br>Case Number: 2:23-cv-00420-TS<br>Judge: Ted Stewart |

Plaintiff respectfully submits this opposition to the Defendants' Motions in Limine seeking to exclude evidence of the underlying debt (ECF Nos. 114 and 141).

### OBJECTION

At the Final Pretrial Conference held on April 7, 2026, this Court ordered Defendants to file unified motions in limine. Defendants violated that order. Instead of unifying their motions, they filed separate motions seeking the same or similar relief in the same pattern of noncompliance that characterizes Defendants' other pretrial submissions. The Court should not reward that noncompliance. On the contrary, it should deny Defendants' submissions that violate this Court's mandate. Even so, Plaintiff objects and reserves the right to seek appropriate relief and attorney's fees. In the interest of efficiency, however, Plaintiff submits a single opposition addressing both filings.

ARGUMENT

The validity of the underlying debt cuts one way in this case—against Defendants. Plaintiff never legally owed this debt. It arose from a workplace injury covered by workers' compensation. That fact is relevant to the fraud claim, to the nature and extent of the harm, and to damages. It is not relevant to FDCPA liability, which turns entirely on how Defendants collected—not on whether the debt was valid. As this Court held in a nearly identical case, "the validity of the underlying debt has no relevance to the claims or defenses in this case" as they relate to the FDCPA.[1] Courts have consistently held that whether a debt is valid "is not relevant to Plaintiffs' FDCPA" claims.[2]

That principle works in Plaintiff's favor here and against Defendants. That is why Defendants are not seeking to exclude the debt's validity to protect Plaintiff, but are seeking to exclude it to protect themselves. Specifically, they want to prevent the jury from learning that they pursued Plaintiff for a debt he never legally owed. That is precisely the evidence the jury needs.

Defendants argue they had no duty to verify the underlying debt because constables are simply required to execute writs. That may be relevant to what Utah law requires of constables. It is not relevant to what the FDCPA requires of debt collectors. Defendants are subject to both. Their obligations under the FDCPA do not disappear because they were also acting as constables. The Court has already ruled they are debt collectors under the FDCPA and that ruling forecloses this argument.

---

[1] *Cordero v. Olson Assocs. P.C.,* No. 2:23-cv-00756, 2025 U.S. Dist. LEXIS 91994 at *11 (D. Utah May 13, 2025)

[2] *Cotte & Mercedes Hidalgo v. CVI SGP Acquisition Tr.,* No. 2:21-cv-00299, 2022 U.S. Dist. LEXIS 27981, at *8 (D. Utah Feb. 15, 2022)

The fraud claim also independently requires this evidence. Fraud requires a false representation of a material fact. Representing to Plaintiff that he owed a debt he did not legally owe—and then threatening to seize and sell his property to collect it—is a false representation of a material fact. The jury cannot evaluate the fraud claim without knowing the debt was invalid. Excluding that evidence would effectively gut the fraud claim before trial begins.

Defendants' Rule 403 argument fails for the same reason it fails in every other motion they have filed. The probative value of this evidence is substantial. It goes to fraud, to harm, and to damages. It also goes to pattern, practice, motive, opportunity, etc. Any marginal risk that the jury might conflate the debt's invalidity with Defendants' FDCPA liability can be addressed with a limiting instruction consistent with Plaintiff's own motion in limine on this issue. The jury can be told clearly that FDCPA liability turns on how Defendants collected—not on whether the debt was valid—while still being permitted to consider the debt's invalidity as it relates to fraud and damages.

## CONCLUSION

The validity of the underlying debt is relevant to the fraud claim and to damages. It is not a basis for excusing Defendants' conduct and Plaintiff is not offering it for that purpose. Defendants' attempt to exclude it entirely would deprive the jury of facts central to the fraud claim. The motions should be denied.

DATED 4/15/2026

/s/ Eric Stephenson
*Attorney for the Plaintiff*

— 4 —

CERTIFICATE OF SERVICE

I hereby certify that on 4/15/2026 I served the foregoing MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE SEEKING TO EXCLUDE EVIDENCE OF THE UNDERLYING DEBT to Defendants' counsel of record through this Court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*