Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>    Plaintiff,<br><br>vs.<br><br>ROB KOLKMAN *et al.*,<br><br>    Defendants. | **MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE SEEKING BIFURCATION OF DAMAGES**<br><br>Case Number: 2:23-cv-00420-TS<br>Judge: Ted Stewart |

Plaintiff respectfully submits this opposition to the Defendants' Motions in Limine seeking to bifurcate damages (ECF Nos. 115 and 142).

### OBJECTION

At the Final Pretrial Conference held on April 7, 2026, this Court ordered Defendants to file unified motions in limine. Defendants violated that order. Instead of unifying their motions, they filed separate motions seeking the same or similar relief in the same pattern of noncompliance that characterizes Defendants' other pretrial submissions. The Court should not reward that noncompliance. On the contrary, it should deny Defendants' submissions that violate this Court's mandate. Even so, Plaintiff objects and reserves the right to seek appropriate relief and attorney's fees. In the interest of efficiency, however, Plaintiff submits a single opposition addressing both filings.

ARGUMENT

Bifurcation is a rarely used procedure that is disfavored and not appropriate here. Rule 42(b) allows separate trials only "for convenience, to avoid prejudice, or to expedite and economize."[1] None of those elements are present here. On the contrary, bifurcating would be less convenient, less economical, and highly prejudicial—especially this close to trial when Plaintiff has zero opportunity to prepare and adjust his trial strategy, scheduled witnesses, and prepared evidence to accommodate such a drastic alteration of the process.

The premise for Defendants' request is also improper and collapses under scrutiny. Evidence of the $3.5 million Kolkman collected is not evidence of Defendants' net worth. Net worth evidence shows what a defendant has. This evidence shows what Defendants did. Evidence of the amount collected over a given period is evidence that the collection practices were repeated thousands of times and that the debtors paid because they believed the Defendants' threats were real. That has nothing to do with Defendants' financial condition or net worth.

The evidence also goes directly to reliance and effect—both central to Plaintiff's fraud theory. Defendants knew unequivocally that their false representations produced unprecedented results. That is information the jury is required to consider for both the fraud claim and to assess statutory damages under the FDCPA.[2] Bifurcating this evidence would therefore not reduce prejudice, but conversely, would prejudice the Plaintiff by removing relevant proof from the jury's consideration at precisely the moment it matters most.

---

[1] Fed. R. Civ. P. 42(b)
[2] 15 U.S.C. § 1692k(b)(1)

Defendants' argument also fails because the evidence does not separate cleanly into liability and punitive phases. The same witnesses will testify. The same documents will be used. The same conduct is at issue. The letters, the fees, the threats, and the structure of the collection operation are all part of one case. The proof on liability inextricably overlaps and intertwines with proof of damages. Bifurcating would therefore confuse the jury with artificial divisions that cannot be made separately. Bifurcation is most appropriate where issues are truly distinct and supported by different proof. That is not the case here.

On the contrary, this case is best understood as a continuous operation rather than a series of disconnected events. Erickson built a collection system over more than a decade. When he retired, instead of shutting it down, he transferred everything to Kolkman. The letters, the templates, the staff, and the procedures all moved over. Kolkman then continued the same practices without interruption. That continuity is not background detail. It is central to understanding both liability and punitive damages. It shows how the conduct developed, how it was maintained, and how it was passed along as an ongoing business.

Bifurcation would force an impossible split between liability and damages that distorts the record and prejudices the Plaintiff. The trial would simultaneously be more complicated, less economical, and largely duplicative. The liability phase would be incomplete while the punitive phase would require revisiting much of the same evidence. The result would not be clarity. It would be fragmentation. Defendants' cited cases do not change that result. They involve materially different facts or simply recognize that bifurcation is discretionary, not required. None mandates bifurcation here, especially where the same evidence goes to both liability and damages.

Even if the Court were concerned the jury might construe the $3.5 million figure as Defendants' own net worth, that does not merit bifurcation. If allowed, Defendants can clarify the matter with their testimony or in their closing arguments. Defendants do not explain why that approach would be insufficient here. Nor did they provide a limiting instruction that could have been incorporated to address the matter if it truly was of any concern. Those omissions matter because Rule 42(b) is not meant to replace ordinary evidentiary safeguards—especially on the eve of trial. Indeed, Defendants' failure to address this issue in a more efficient and timely way is alone grounds for denial.

Defendants' refusal to produce their own collection volume data also justifies denial. The Court surely should not reward Defendants for those refusals. In discovery, the Defendants were asked to provide information about the scope and volume of their collection efforts. That included evidence of the amounts collected and paid to others. Rather than produce that documentation, Defendants forced Plaintiff to obtain it is elsewhere through costly and time-consuming subpoenas and depositions. In the end, Defendants still never produced anything of substance to meaningfully respond to discovery.

To now argue that evidence of scale is too prejudicial to present to the jury cannot be reconciled with their refusal to produce evidence of the very amounts they now claim are too prejudicial to present to a jury. Given that the information doesn't even pertain to their own net worth or financial condition further overshadows any potential prejudice or confusion by the jury. A party does not get to withhold relevant evidence and then seek protection from its impact at trial. Granting bifurcation under these circumstances would reward that approach rather than punishing improper discovery obstructions.

CONCLUSION

Defendants have not met their burden under Rule 42(b). The evidence they seek to exclude is not net worth evidence—it is proof of how their operation worked, how long it ran, and how much damage it caused. That information squarely belongs in front of the jury.

Bifurcation would split a single story, duplicate evidence and testimony, create confusion, and deprive Plaintiff of any meaningful opportunity to adjust his trial preparation at this late stage. The motions should be denied.

DATED 4/15/2026                    /s/ Eric Stephenson
                                   *Attorney for the Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on 4/15/2026 I served the foregoing MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE SEEKING BIFURCATION OF DAMAGES to Defendants' counsel of record through this Court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*