Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG, <br><br> Plaintiff, <br><br> vs. <br><br> ROB KOLKMAN *et al*., <br><br> Defendants. | **OBJECTIONS TO DEFENDANTS' PROPOSED VOIR DIRE** <br><br> Case Number: 2:23-cv-00420-TS <br> Judge: Ted Stewart |

Plaintiff respectfully submits his Objections to Defendants' Proposed Voir Dire (ECF Nos. 110 and 116).

## OBJECTION

Defendants' proposed voir dire were filed in violation of this Court's Trial Order. This Court ordered all defendants to submit unified voir dire and motions in limine. Defendants ignored that requirement and filed separately—doubling the filings and Plaintiff's burden in responding to each. This was not an oversight. It was a deliberate choice that wasted judicial resources and imposed unnecessary costs and burdens on Plaintiff's counsel only days before trial. The Court should therefore disregard all of Defendants' objections for violating this Court's mandate.

## ARGUMENT

The purpose of voir dire is to identify bias and ensure jurors can follow the Court's instructions and evaluate evidence objectively.[1] It is not a vehicle for

---

[1] Fed. R. Civ. P. 47; Fed. R. Evid. 401, 403

previewing a defense, testing juror acceptance of contested legal theories, or conditioning the panel on disputed narratives—especially narratives that are legally incorrect. Rather than screening for bias, Defendants' questions repeatedly preview disputed merits theories, misstate governing federal law, and risk conditioning the panel to evaluate liability under frameworks inconsistent with the FDCPA and this Court's prior rulings. The Court should strike the offending questions and adopt Plaintiff's proposed voir dire.

The challenged questions share a common defect. Rather than merely inquiring into potential bias they instead embed disputed and incorrect factual assumptions and legal frameworks into jury selection. That effectively invites or even instructs jurors to evaluate the case through Defendants proposed narrative before the presentation of evidence or instruction on the law. That is not the function of voir dire under Rule 47 and violates the purposes for which voir dire is allowed.

I. ERICKSON'S VOIR DIRE (ECF No. 110)

**Questions 1–2 — Irrelevant Institutional Framing; Preconditioning**

Questions 1 and 2 ask jurors about their experiences with constables and their attitudes toward police officers. The framing is not neutral. It associates Erickson with law enforcement and invites jurors to extend the deference commonly afforded to police to a private actor engaged in civil debt collection for profit. Erickson is not a police officer. He is a private independent contractor who is not subject to any governmental protections as implied by these inquiries. These Defendants are debt collectors under the FDCPA.[2] Asking jurors to frame their evaluation of Erickson's conduct through a law enforcement lens is therefore

---

[2] Memorandum Decision at 9 (ECF No. 58)

irrelevant under Fed. R. Evid. 401 and risks unfair prejudice to Plaintiff under Fed. R. Evid. 403. These questions are improper and should be struck.

**Question 3 — Misstatement of Governing Law; Improper Commitment**

Question 3 asks jurors to pre-commit to applying a "reasonable standard of care" to Defendants' conduct. That directly violates the strict liability framework of the FDCPA.[3] The only defense the FDCPA contains is the narrow bona fide error defense under 15 U.S.C. § 1692k(c), which requires the defendant to show the violation resulted from a genuine mistake notwithstanding the maintenance of procedures reasonably adapted to avoid it. That is not a general reasonableness standard and it is not what Question 3 describes. Even if it was, this Court has already ruled that these Defendants did not satisfy the requirements of the bona fide error defense. By asking jurors to commit to an incorrect reasonableness framework before trial begins, Erickson asks them to apply a legal standard that does not govern this case. That is both a misstatement of the law and an improper commitment question. It should be struck.

**Questions 4–12 — Minimal Objections**

Plaintiff does not object to the remaining questions to the extent they are neutrally and clearly framed. Question 7 is inappropriate as this is not a case involving the use of force in a person's defense. Question 8 is confusing as worded. Question 12 contains unnecessary argumentative framing about sequencing that should be removed. Questions 7, 8, and 12 should therefore be struck or revised accordingly.

---

[3] 15 U.S.C. § 1692k

**Questions 13–14 — Duplicative; Misstatement of Burden of Proof; Improper Legal Framing**

These two questions ask the same thing twice and neither states the law correctly. Both should be struck.

Question 14 asks whether jurors can return a verdict for Defendants if "the defendants are successful in proving their case." Defendants bear no burden of proof. The burden rests entirely with Plaintiff under the preponderance standard. A voir dire question that inverts the governing burden of proof is not neutral bias screening—it conditions the jury on an incorrect legal framework before trial begins.

Question 13 is equally flawed, confusing, legally incorrect, and prejudicial. It asks whether jurors can return a defense verdict if Plaintiff "fails to prove any aspect of his case." The FDCPA does not require Plaintiff to prove every aspect of every claim to recover. On the contrary, statutory damages are available upon proof of a single violation.[4] The existence of multiple violations is therefore not a shield Defendants can use in their defense. Conditioning jurors on an all-or-nothing standard the statute does not impose is a misstatement of governing law and should be struck.

Repetition compounds the problem. Asking the same question twice does not serve bias screening—it functions to embed the defense verdict as a concept in the panel's mind before a single witness takes the stand. If the Court permits any question on verdict capability, it should be a single neutrally drafted question that accurately reflects the applicable burden of proof.

---

[4] 15 U.S.C. § 1692k(a)(2)(A)

II. KOLKMAN'S VOIR DIRE (ECF No. 116)

**Questions 1–3 — Mischaracterization of Parties; Irrelevant Authority Framing**

Constable Kolkman LLC is a private limited liability company. It is not a government agency. It is not an enforcement authority in any legally cognizable sense. It is also a debt collector under the FDCPA as this Court previously ruled.[5] Despite that, Questions 1 through 3 ask whether jurors distrust "government or enforcement authority" and whether past experiences left them skeptical of people "acting in an official capacity." That framing has no factual basis in this record and no legal relevance to the claims at issue. It functions to generate deference to Kolkman through the false association with governmental authority that gave rise to this case and is contradicted by the facts and governing statute. These questions are therefore irrelevant, prejudicial, legally incorrect, and confusing.

**Questions 4–9 — Improper Commitment; Conflict with Prior Ruling**

These questions ask jurors to pre-accept that constables may deviate from court orders, exercise independent judgment in the field, and structure payment arrangements outside the scope of the writs they carry. This Court already foreclosed those arguments when it ruled that "constables' powers are limited to the court's order in the documents they serve" and that these constables exceeded their authority.[6] Questions premised on a theory this Court has rejected are not neutral voir dire—they are argument, and argument that conflicts with settled law in this case.

Beyond the improper commitment problem, these questions invite jurors to evaluate liability based on perceived justification or good intentions rather than

---

[5] Memorandum Decision at 9 (ECF No. 58)
[6] Memorandum Decision at 6-7 (ECF No. 58)

the statutory standard enacted by Congress. The FDCPA contains no exception for well-intentioned debt collection. Conditioning jurors during voir dire to weigh Defendants' subjective motivations against statutory liability asks them to apply a framework the statute does not recognize and fabricates a defense that does not exist.

Question 8 is particularly problematic because it does not merely embed a legal theory—it asserts a disputed fact as true by asking jurors to accept that the payment arrangement "allowed someone to keep their property," when the threat of having his property taken was never real. Defendants should not be allowed to present such a legally and factually unsupported position to the jury—especially in voir dire. These questions should be struck.

### Questions 10–12 — Preconditioning; Overbroad

These questions ask whether jurors believe debt collection is "generally unfair," whether they assume something improper is happening when someone is pursued for a debt, and whether past negative experiences with collectors would affect them. Question 11 is particularly objectionable because it asks jurors to pre-disclaim any suspicion that debt collection conduct may be improper—yet the FDCPA was enacted precisely because Congress found that improper debt collection was an industry-wide problem.[7] A juror who understands that history and applies the Court's instructions faithfully is not biased. They are informed.

The proper inquiry is whether jurors can follow the Court's instructions and apply the FDCPA as written. These questions go well beyond that standard. Framed as they are, they function to identify and exclude jurors who are familiar with or sympathetic to the purpose of consumer protection law—rather than to

---

[7] 15 U.S.C. § 1692(a)-(e)

screen for those who cannot follow instructions. That directly subverts the private attorney-general nature of the FDCPA and its remedial purpose. These questions should be struck.

### Questions 13–18 — Misstatement of Law; Improper Damages Conditioning

These six questions collectively condition the jury on the premise that actual, measurable harm is required before damages may be awarded. That is a direct misstatement of the FDCPA. The statute expressly authorizes statutory damages without any proof of actual harm.[8] Congress made that choice deliberately, recognizing that harm caused by unlawful debt collection is often real but difficult to quantify. Asking jurors whether they would "have difficulty" awarding damages for stress without "clear financial harm," or whether damages should only follow proven actual injury, plants a legally incorrect damages framework before trial begins. These questions do not identify bias—they condition the panel to apply a standard that contradicts the statute. None of these questions are proper and they should not be allowed.

### Questions 19–22 — Argumentative; Improper Emotional Framing

These questions ask whether jurors would hold a constable to a "higher standard," whether they would be "more critical" of someone acting under authority, and whether they would "naturally sympathize" with someone facing collection. This is not bias screening. Voir dire does not exist to pre-neutralize juror understanding of the law's purpose before evidence is heard. A juror who understands the FDCPA's purpose and applies the Court's instructions to the evidence is not biased. They are performing the exact function the law requires.

---

[8] 15 U.S.C. § 1692k(a)(2)(A)

These questions are argumentative, improperly framed, confusing, prejudicial, and should not be allowed.

**Questions 23–25 — Improper Commitment; Conflict with Prior Ruling**

Questions 23 through 25 return to the same improper payment arrangement theory discussed previously and ask jurors to evaluate that improper theory as a "reasonable way to handle enforcement." This Court has already defined the scope of constable authority and ruled that the constables exceeded the scope of that authority.[9] Jurors will be instructed on that authority at trial. Asking them during voir dire to pre-endorse conduct this Court has already ruled exceeded that authority is an improper commitment question that embeds a rejected legal theory directly into jury selection. These questions are also unacceptable as prejudicial, confusing, and factually unsupported.

III. PLAINTIFF'S VOIR DIRE (DOC. 134) SHOULD BE ADOPTED

Plaintiff's proposed questions are neutrally framed, legally accurate, and properly scoped to identify bias relevant to the actual claims and defenses in this case. They ask whether jurors can follow the Court's instructions on emotional damages, whether they believe methods matter independent of the debt owed, and whether they can evaluate accountability fairly. None assume disputed facts. None embed legal conclusions. None ask jurors to pre-commit to outcomes. They are exactly what voir dire is supposed to be. This Court should adopt them in full.

CONCLUSION

Defendants' proposed questions do not screen for bias—they function to build a defense narrative before trial begins. They misstate the FDCPA, contradict

---

[9] Memorandum Decision at 6-7 (ECF No. 58)

this Court's prior rulings, extract improper commitments, and condition jurors to evaluate liability under a good-intentions framework the strict liability FDCPA prohibits. Voir dire must remain focused on identifying bias and ensuring jurors can apply the Court's instructions. The Court should strike Defendants' offending questions and adopt Plaintiff's proposed voir dire in full.

DATED 4/15/2026                          /s/ Eric Stephenson
                                         *Attorney for the Plaintiff*

— 10 —

CERTIFICATE OF SERVICE

I hereby certify that on 4/15/2026 I served the foregoing OBJECTIONS TO DEFENDANTS' PROPOSED VOIR DIRE to Defendants' counsel of record through this Court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*