Mark A. Nickel (14082)
Kyle C. Thompson (11424)
J. Tyler Martin (13551)
Charles W. Brown Jr (19386)
**GORDON REES SCULLY MANSUKHANI, LLP**
15 W. South Temple St., Suite 1600
Salt Lake City, Utah 84101
Telephone: (801) 204-9989
Facsimile: (385) 282-7590
mnickel@grsm.com
kcthompson@grsm.com
tymartin@grsm.com
cbrownjr@grsm.com

*Attorneys for Defendants Rob Kolkman and Constable Kolkman, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL W. ERICKSON, UTAH COUNTY CONSTABLE'S OFFICE, ROB KOLKMAN, OFFICE OF THE UTAH COUNTY CONSTABLE, LLC., UTAH PROCESS INC., CONSTABLE KOLKMAN LLC, THE CHERRINGTON FIRM, and JOHN DOES 1-5,<br><br>    Defendants. | **DEFENDANTS ROB KOLKMAN AND CONSTABLE KOLKMAN LLC'S RESPONSE TO MOTION IN LIMINE RE: ALLOCATION OF FAULT**<br><br>Civil No. 2:23-cv-00420<br><br>Judge: Ted Stewart<br><br>Magistrate Judge: Cecilia M. Romero |

Defendant Constable Kolkman, LLC and Rob Kolkman, by and through counsel, respectfully submit this Opposition to Plaintiff's Motion in Limine (Allocation) [Doc. 118]. Plaintiff seeks to preclude the jury from apportioning damages and requests a unified verdict.

Because the FDCPA and the evidence in this case require individualized determinations of liability and damages, the motion should be denied.

## ARGUMENT

**I. Individualized Liability is Required Under the FDCPA.** Contrary to Plaintiff's assertion that "unified" liability is required, the FDCPA is clear that liability and the resulting statutory damages are determined on a per-debt-collector basis. Under 15 U.S.C. § 1692k(a), "any debt collector who fails to comply with any provision" is liable to such person. The statute does not mandate joint and several liability; rather, it focuses on the conduct of the individual actor.

Furthermore, 15 U.S.C. § 1692k(b) requires the trier of fact to consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." Precluding the jury from allocating damages would prevent them from performing this defendant-specific analysis required by federal law.

**II. The Evidence Supports Individualized Determinations of Harm.** Plaintiff argues that the injury is "indivisible," yet the record demonstrates distinct roles and timelines for the various Defendants. Under Federal Rule of Civil Procedure 49, the Court has broad discretion to use special verdicts or interrogatories to ensure the jury makes specific findings as to each defendant.

The evidence will show that the parties had different levels of interaction with the Plaintiff. Jurors are routinely asked to apportion damages in multi-defendant litigation, and there is no "FDCPA exception" to the general rule that a defendant is only liable for the harm it actually caused or the statutory penalties justified by its specific actions.

**III. Preclusion of Allocation Would Violate Due Process.** Requiring a "unified" verdict form would force the jury to punish one defendant for the "frequency and persistence" of another defendant's conduct. This creates a substantial risk of an inflated, "one-size-fits-all" award that ignores the actual evidence of each parties' individual conduct. Under Federal Rule of Evidence 403, the danger of unfair prejudice to individual defendants by "grouping" them together far outweighs any alleged risk of "juror fatigue".

<b>CONCLUSION</b>

The jury must be permitted to evaluate each Defendant's conduct independently to comply with the mandates of 15 U.S.C. § 1692k. A unified verdict would be legally erroneous and factually unsupported. The Motion in Limine should be denied.

**DATED** this 15th day of April, 2026.

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ J. Tyler Martin*
Charles W. Brown Jr.
Mark A. Nickel
Kyle C. Thompson
J. Tyler Martin
Ryan Anderson
*Attorneys for Defendants Rob Kolkman and Constable Kolkman LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of April, 2026, a true and correct copy of the foregoing **DEFENDANTS ROB KOLKMAN AND CONSTABLE KOLKMAN LLC'S RESPONSE TO MOTION IN LIMINE RE: ALLOCATION OF FAUTL** was filed with the Clerk of the Court using an approved electronic filing system, CM/ECF, which will automatically send notification of such filing to all counsel who have entered an appearance in this action.

*/s/ Tyler Martin*