Mark A. Nickel (14082)
Kyle C. Thompson (11424)
J. Tyler Martin (13551)
Charles W. Brown Jr (19386)
**GORDON REES SCULLY MANSUKHANI, LLP**
15 W. South Temple St., Suite 1600
Salt Lake City, Utah 84101
Telephone: (801) 204-9989
Facsimile: (385) 282-7590
mnickel@grsm.com
kcthompson@grsm.com
tymartin@grsm.com
cbrownjr@grsm.com

*Attorneys for Defendants Rob Kolkman and Constable Kolkman, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL W. ERICKSON, UTAH COUNTY CONSTABLE'S OFFICE, ROB KOLKMAN, OFFICE OF THE UTAH COUNTY CONSTABLE, LLC., UTAH PROCESS INC., CONSTABLE KOLKMAN LLC, THE CHERRINGTON FIRM, and JOHN DOES 1-5,<br><br>    Defendants. | **DEFENDANTS ROB KOLKMAN AND CONSTABLE KOLKMAN LLC'S RESPONSE TO MOTION IN LIMINE RE: BONA FIDE ERROR DEFENSE**<br><br>Civil No. 2:23-cv-00420<br><br>Judge: Ted Stewart<br><br>Magistrate Judge: Cecilia M. Romero |

Defendants, Rob Kolkman and Constable Kolkman, LLC, hereby respond to Plaintiff's Motion in Limine regarding Defendants raising a bona fide error defense in response to Plaintiff's claims. Plaintiff seeks to prevent Defendants from "arguing, implying, or presenting evidence to the jury in support of the bona fide error defense."

1

I. The Evidence is Relevant to Intent and Statutory Damages Under 15 U.S.C. § 1692k. Plaintiff asserts that because *Jerman v. Carlisle* precludes a mistake of law from qualifying for the "bona fide error" defense, all evidence of Defendants' legal interpretation must be excluded. This argument incorrectly conflates liability with the assessment of damages. Even if a mistake of law does not provide a complete defense to liability, the FDCPA explicitly requires the trier of fact to consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional" when determining statutory damages. 15 U.S.C. § 1692k(b)(1) (emphasis added).

Evidence regarding Defendants' subjective belief and their efforts to comply with the law is directly relevant to the "intent" and "nature" of the alleged noncompliance. Precluding this evidence would prevent the jury from performing its statutory duty under § 1692k(b).

II. The Evidence Rebuts Allegations of Fraud and "Unconscionability." Plaintiff's complaint alleges that Defendants' conduct was "unfair," "unconscionable," and fraudulent. Under Federal Rule of Evidence 401, evidence is relevant if it has any tendency to make a fact of consequence more or less probable.

Defendants' evidence that they acted under a good-faith—even if mistaken—interpretation of their authority under the Utah Rules of Civil Procedure is relevant to rebutting the specific intent required for fraud and the "unconscionability" element of 15 U.S.C. § 1692f. The jury must be allowed to consider whether Defendants acted with a deceptive motive or a sincere, albeit contested, understanding of their official duties.

III. Exclusion Under Rule 403 is Unwarranted. Plaintiff argues that this evidence will confuse the jury by inviting them to consider an invalid defense. However, any risk of confusion can be easily cured through proper jury instructions that distinguish between the requirements for a liability defense and the factors for assessing damages.

Conversely, the categorical exclusion of this evidence would be highly prejudicial to Defendants, as it would present a distorted version of the facts to the jury, implying that Defendants' actions were a result of calculated malice rather than a professional interpretation of a complex statutory framework.

IV. On March 26, 2025, this Court issued its ruling denying Defendants' Motion for Summary Judgment and Plaintiff's Partial Motion for Summary Judgment. This Court's ruling found 1) that "Defendant Constable Kolkman LLC was not a state officer," 2) that the individual Defendants "exceeded the scope of their authority and do not fall under the FDCPA's state officer exemption," and 3) that the bona fide error defense "does not apply as a matter of law." To the extent that Plaintiff's Motion in Limine seeks to affirm this Court's prior ruling, Defendants do not oppose the motion here.[1] Defendants, however, do **not** concede that the actions taken by Defendants that are not subject to a bona fide error defense—setting up a payment plan[2], sending collections letters, and contacting Plaintiff over the phone—violate the FDCPA.

Defendants further contend that Plaintiff cannot bar Defendants from presenting their version of events through testimony and evidence, provided such recitation does not include any colorization of the facts, such as Defendants' actions are shielded by the bona fide error defense.

---

[1] Defendants have filed a Motion for Reconsideration to address this Court's rulings on Defendant's Motion for Summary Judgment.
[2] Defendants Constable Kolkman LLC and Rob Kolkman did not establish the payment plan.

However, this Court has not ruled that Defendants were not acting under color of authority. The FDCPA provides an exception to "any officer . . . of . . . any State to the extent that collecting or attempting to collect any debt is in the performance of the officer's duties." 12 CFR § 1006.2(i)(2)(iii). Defendants may have taken actions under the belief that any mistakes in execution of the writ would implicate the bona fide error defense because those actions were taken under color of authority. *See* Utah Code § 63G-7-702(3)(a) (stating that under Utah law, a person is a state actor if acting under color of authority). Thus, in determining whether raising the bona fide error defense for actions taken under color of authority of the constable's position is within the scope of the constable's authority, that is a question of fact for the jury. *See Doe v. Nebo Sch. Dist.*, 733 F. Supp. 3d 1139, 1149 (D. Utah 2024).

## CONCLUSION

To the extent Plaintiff's Motion in Limine seeks to preclude Defendants from asserting a bona fide error defense as a matter of law, Defendants do not oppose, as this Court has already ruled on that issue. However, Plaintiff's Motion goes further and improperly seeks to restrict Defendants from presenting admissible evidence and testimony regarding the circumstances of their actions.

Defendants are entitled to present their version of events and the factual context in which those actions were taken, including whether they acted under color of authority. That issue remains a question of fact for the jury and is distinct from the legal availability of the bona fide error defense.

Accordingly, Defendants respectfully request that the Court deny Plaintiff's Motion to the extent it seeks to exclude relevant evidence and testimony beyond the scope of this Court's prior ruling.

**DATED** this 15th day of April, 2026.

**GORDON REES SCULLY
MANSUKHANI, LLP**

*/s/ Charles W. Brown Jr.*
Charles W. Brown Jr.
Mark A. Nickel
Kyle C. Thompson
J. Tyler Martin
Ryan Anderson
*Attorneys for Defendants Rob
Kolkman and Constable Kolkman
LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of April, 2026, a true and correct copy of the foregoing

**DEFENDANTS ROB KOLKMAN AND CONSTABLE KOLKMAN LLC'S RESPONSE TO MOTION IN LIMINE RE: BONA FIDE ERROR** was filed with the Clerk of the Court using an approved electronic filing system, CM/ECF, which will automatically send notification of such filing to all counsel who have entered an appearance in this action.


*/s/ Tyler Martin*