Mark A. Nickel (14082)
Kyle C. Thompson (11424)
J. Tyler Martin (13551)
Charles W. Brown Jr (19386)
**GORDON REES SCULLY MANSUKHANI, LLP**
15 W. South Temple St., Suite 1600
Salt Lake City, Utah 84101
Telephone: (801) 204-9989
Facsimile: (385) 282-7590
mnickel@grsm.com
kcthompson@grsm.com
tymartin@grsm.com
cbrownjr@grsm.com

*Attorneys for Defendants Rob Kolkman and Constable Kolkman, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL W. ERICKSON, UTAH COUNTY CONSTABLE'S OFFICE, ROB KOLKMAN, OFFICE OF THE UTAH COUNTY CONSTABLE, LLC., UTAH PROCESS INC., CONSTABLE KOLKMAN LLC, THE CHERRINGTON FIRM, and JOHN DOES 1-5,<br><br>        Defendants. | **DEFENDANTS ROB KOLKMAN AND CONSTABLE KOLKMAN LLC'S RESPONSE TO MOTION IN LIMINE RE: COLLECTION AUTHORIZATION**<br><br>Civil No. 2:23-cv-00420<br><br>Judge: Ted Stewart<br><br>Magistrate Judge: Cecilia M. Romero |

Defendant Constable Kolkman, LLC and Rob Kolkman, by and through counsel, respectfully submits this Opposition to Plaintiff's Motion in Limine (Collection Authorization) [Doc. 120]. For the reasons set forth below, the Court should deny Plaintiff's request to preclude Defendants from arguing that their conduct was authorized by legal process.

1

## ARGUMENT

I. The Writ of Execution is the Foundation of Defendants' Legal Authority. Plaintiff seeks to bar any argument that the Writ of Execution authorized Defendants' activities. However, the Writ at issue explicitly directed the constables to "seize and sell enough of the judgment debtor's non-exempt property... to satisfy that amount". Under Federal Rule of Evidence 401, the Writ is inextricably relevant to the jury's understanding of why Defendants were interacting with Plaintiff in the first place.

While Plaintiff relies on this Court's prior ruling that "creating payment plans does not fall within the authority granted to constables", that ruling does not render the Writ itself—or the Defendants' reliance upon it—inadmissible. The jury must be permitted to hear the context of the underlying legal mandate to evaluate the "nature" of the alleged noncompliance under 15 U.S.C. § 1692k(b).

II. Utah Law Mandates Deference to the Debtor's Preference. Plaintiff argues that Utah law authorized "only" the seizure and sale of property. This ignores the affirmative obligation found in Utah Rule of Civil Procedure 69A(a), which states that an officer "must" seize property in the manner "as the defendant may indicate".

If the trial evidence shows that Plaintiff "indicated" a preference for a payment rather than continuous public sales or expected "seizure" of his cash to avoid the "seize and sell" command of the Writ, Defendants must be allowed to argue that their conduct was an attempt to comply with their duties under Utah law.[1] Utah courts have failed to define "seize" in this context.

---

[1] Defendants have filed a Motion for Reconsideration to address this Court's rulings on Defendant's Motion for Summary Judgment noting, among other things, specific changes to Utah Law on constable authority noting constables may enter into payment arrangments.

Precluding this argument would effectively direct a verdict for the Plaintiff on the issue of "unfair" or "unconscionable" means under the FDCPA.

III. Exclusion Would Result in Unfair Prejudice Under Rule 403. Excluding any mention of legal authorization would leave the jury with the false impression that Defendants were acting as rogue agents with no legal connection to the Plaintiff. This creates a high risk of unfair prejudice and jury confusion.

Defendants do not seek to relitigate the Court's prior legal determinations. However, Defendants are entitled to present evidence that they were acting pursuant to a court-issued Writ and that their communications—including collection letters and telephone contacts—were incidental to the lawful execution of that Writ. Whether those incidental acts exceeded the technical scope of the Writ is a question for the jury to consider when weighing the "intentional" nature of any violation.

## CONCLUSION

The Writ of Execution and the surrounding Utah statutes provide the essential context for Defendants' actions. Because this authority is central to the defenses of reasonableness and lack of intent, the Motion in Limine should be denied

**DATED** this 15th day of April, 2026.

> **GORDON REES SCULLY MANSUKHANI, LLP**
>
> */s/ Charles W. Brown Jr.*
> Charles W. Brown Jr.
> Mark A. Nickel
> Kyle C. Thompson
> J. Tyler Martin
> Ryan Anderson

*Attorneys for Defendants Rob
Kolkman and Constable Kolkman
LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of April, 2026, a true and correct copy of the foregoing **DEFENDANTS ROB KOLKMAN AND CONSTABLE KOLKMAN LLC'S RESPONSE TO MOTION IN LIMINE RE: Collection Authorization** was filed with the Clerk of the Court using an approved electronic filing system, CM/ECF, which will automatically send notification of such filing to all counsel who have entered an appearance in this action.

*/s/ Kelsie Eilers*