Mark A. Nickel (14082)
Kyle C. Thompson (11424)
J. Tyler Martin (13551)
Charles W. Brown Jr (19386)
**GORDON REES SCULLY MANSUKHANI, LLP**
15 W. South Temple St., Suite 1600
Salt Lake City, Utah 84101
Telephone: (801) 204-9989
Facsimile: (385) 282-7590
mnickel@grsm.com
kcthompson@grsm.com
tymartin@grsm.com
cbrownjr@grsm.com

*Attorneys for Defendants Rob Kolkman and Constable Kolkman, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL W. ERICKSON, UTAH COUNTY CONSTABLE'S OFFICE, ROB KOLKMAN, OFFICE OF THE UTAH COUNTY CONSTABLE, LLC., UTAH PROCESS INC., CONSTABLE KOLKMAN LLC, THE CHERRINGTON FIRM, and JOHN DOES 1-5,<br><br>        Defendants. | **DEFENDANTS ROB KOLKMAN AND CONSTABLE KOLKMAN LLC'S RESPONSE TO MOTION IN LIMINE RE: GOVERNMENTAL IMMUNITY**<br><br>Civil No. 2:23-cv-00420<br><br>Judge: Ted Stewart<br><br>Magistrate Judge: Cecilia M. Romero |

Defendants, Rob Kolkman and Constable Kolkman, LLC, hereby respond to Plaintiff's

Motion in Limine regarding Governmental Immunity. Plaintiff seeks to prevent Defendants from

"arguing, implying, or presenting evidence that they are entitled to governmental immunity."

1

On March 26, 2025, this Court issued its ruling denying Defendants' Motion for Summary Judgment and Plaintiff's Partial Motion for Summary Judgment. This Court's ruling found 1) that "Defendant Constable Kolkman LLC was not a state officer," 2) that the individual Defendants "exceeded the scope of their authority and do not fall under the FDCPA's state officer exemption," and 3) that the bona fide error defense "does not apply as a matter of law." To the extent that Plaintiff's Motion in Limine seeks to affirm this Court's prior ruling, Defendants do not oppose the motion here.[1] Defendants, however, do **not** concede that the actions taken by Defendants that preclude governmental immunity—setting up a payment plan[2], sending collections letters, and contacting Plaintiff over the phone—violate the FDCPA.

Defendants further contend that Plaintiff cannot bar Defendants from presenting their version of events through testimony and evidence, provided such recitation does not include any colorization of the facts, such as contentions that Defendants were actually acting with statutory authority at the time the acts were taken. *See*, e.g., *Cottrell v. Caldwell*, 85 F.3d 1480, 1488 (11th Cir. 1996) ("We do not mean to imply, of course, that district courts should submit the issue of whether a defendant is entitled to qualified immunity to the jury. Qualified immunity is a legal issue to be decided by the court, and the jury interrogatories should not even mention the term. Instead, the jury interrogatories should be restricted to the who-what-when-where-why type of historical fact issues.") (internal citations omitted); *see also Simmons v. Bradshaw*, 879 F.3d 1157, 1165 (11th Cir. 2018) (holding the same).

However, this Court has not ruled that Defendants were not acting under color of authority. The FDCPA provides an exception to "any officer . . . of . . . any State to the extent

---

[1] Defendants have filed a Motion for Reconsideration to address this Court's rulings on Defendant's Motion for Summary Judgment.
[2] Defendants Constable Kolkman LLC and Rob Kolkman did not establish the payment plan.

that collecting or attempting to collect any debt is in the performance of the officer's duties." §

1006.2(i)(2)(iii).  Defendants would qualify as state actors if the actions they took were "during

the performance of the employee's duties, within the scope of employment, or under color of

authority.  Utah Code § 63G-7-402.  Whether the constable's actions exceed the scope of the writ

is a question of fact for the jury.  *See Doe v. Nebo Sch. Dist.*, 733 F. Supp. 3d 1139, 1149 (D.

Utah 2024).  Therefore, the issue of whether the acts complained of are protected by color of

authority is an issue for the jury.

## CONCLUSION

For these reasons, Defendants do not oppose Plaintiff's Motion in Limine to the limited

extent it seeks to preclude argument that Defendants are entitled to governmental immunity in

light of the Court's prior ruling.  However, Plaintiff's motion should be denied to the extent it

seeks to exclude testimony and evidence regarding the circumstances under which Defendants

acted, including facts bearing on whether those actions were taken under color of authority or

within the scope of their duties.  Those are factual issues properly reserved for the jury.

Accordingly, Defendants respectfully request that the Court permit the introduction of evidence

and testimony concerning the who, what, when, where, and why of Defendants' conduct, as those

matters are within the province of the jury.

**DATED** this 15th day of April, 2026.

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Charles W. Brown Jr.*
Charles W. Brown Jr.
Mark A. Nickel
Kyle C. Thompson
J. Tyler Martin

Ryan Anderson
*Attorneys for Defendants Rob Kolkman and Constable Kolkman LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of April, 2026, a true and correct copy of the foregoing **DEFENDANTS ROB KOLKMAN AND CONSTABLE KOLKMAN LLC'S RESPONSE TO MOTION IN LIMINE RE: GOVERNMENTAL IMMUNITY** was filed with the Clerk of the Court using an approved electronic filing system, CM/ECF, which will automatically send notification of such filing to all counsel who have entered an appearance in this action.

<u>/s/ J. Tyler Martin</u>