Mark A. Nickel (14082)
Kyle C. Thompson (11424)
J. Tyler Martin (13551)
Charles W. Brown Jr (19386)
**GORDON REES SCULLY MANSUKHANI, LLP**
15 W. South Temple St., Suite 1600
Salt Lake City, Utah 84101
Telephone: (801) 204-9989
Facsimile: (385) 282-7590
mnickel@grsm.com
kcthompson@grsm.com
tymartin@grsm.com
cbrownjr@grsm.com

*Attorneys for Defendants Rob Kolkman and Constable Kolkman, LLC*

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH – CENTRAL DIVISION

---

| | |
|---|---|
| CHARLES YOUNG,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL W. ERICKSON, UTAH COUNTY CONSTABLE'S OFFICE, ROB KOLKMAN, OFFICE OF THE UTAH COUNTY CONSTABLE, LLC., UTAH PROCESS INC., CONSTABLE KOLKMAN LLC, THE CHERRINGTON FIRM, and JOHN DOES 1-5,<br><br>    Defendants. | **DEFENDANTS ROB KOLKMAN AND CONSTABLE KOLKMAN LLC'S RESPONSE TO MOTION IN LIMINE RE: UNRELATED LITIGATION**<br><br>Civil No. 2:23-cv-00420<br><br>Judge: Ted Stewart<br><br>Magistrate Judge: Cecilia M. Romero |

Defendants, Rob Kolkman and Constable Kolkman, LLC, oppose Plaintiff's Motion in Limine to the extent it seeks a categorical prohibition on any reference to Plaintiff's prior litigation. Plaintiff's motion is premised on the incorrect assumption that such evidence is uniformly inadmissible. It is not. The admissibility of prior litigation depends on the purpose for

1

which it is offered, and the Federal Rules of Evidence do not support the blanket exclusion Plaintiff requests. *See* Fed. R. Evid. 401, 402, 403, 608.

As an initial matter, Defendants do not dispute that prior civil litigation generally is not admissible to attack a witness's character for truthfulness under Rule 608(b) where it consists only of unproven allegations or matters that did not result in an adverse credibility finding, or may Defendants introduce extrinsic evidence of such matters for that purpose. *See* Fed. R. Evid. 608(b). To the extent Plaintiff's Motion is limited to precluding use of prior litigation as improper character evidence, Defendants do not oppose that relief.

Plaintiff's motion, however, goes far beyond Rule 608(b). It seeks to preclude any reference to prior litigation for any purpose. That request is inconsistent with the structure of the Federal Rules and the well-settled principle that different forms of impeachment are governed by different standards. Rule 608(b) addresses only character for truthfulness. It does not bar evidence offered to show bias, motive, interest, or inconsistent positions—each of which remains independently admissible subject to Rules 402 and 403. *See United States v. Presbitero*, 569 F.3d 691, 703 (7th Cir. 2009), *as amended* (June 26, 2009); *see also United States v. Johnson*, 469 F. Supp. 3d 193, 227 (S.D.N.Y. 2019)

Evidence of prior litigation may be probative of bias or motive where it demonstrates a financial interest, animus toward a party, or a stake in the outcome of the present case. That form of impeachment does not rely on Rule 608(b) and is not subject to its limitations on probative value or extrinsic evidence. Rather, it reflects the fundamental right to test a witness's credibility through exposure of bias. *See Presbitero* at 703. Plaintiff's motion fails to account for this distinction and improperly collapses all potential uses of prior litigation into a single, impermissible character theory.

Finally, Plaintiff's request for categorical exclusion is inconsistent with the role of the jury. Credibility determinations are the exclusive province of the jury, which must evaluate testimony based on the evidence presented at trial, including permissible impeachment. *See United States v. Scheffer*, 523 U.S. 303, 313, 118 S. Ct. 1261, 1266, 140 L. Ed. 2d 413 (1998). A blanket order foreclosing an entire category of potentially relevant impeachment evidence would improperly intrude on the jury's function and exceed the Court's gatekeeping role. *See Powers v. Cont'l Cas. Co.*, 301 F.2d 386, 388 (8th Cir. 1962).

The appropriate approach is not to preclude all reference to prior litigation in advance, but to address specific questions or evidence in context at trial. This allows the Court to evaluate the purpose for which the evidence is offered, determine whether a proper foundation exists, and conduct the required balancing under Rule 403.

/ / /

/ / /

/ / /

**CONCLUSION**

For these reasons, Defendants respectfully request that the Court deny Plaintiff's Motion in Limine to the extent it seeks a categorical prohibition on references to prior litigation and instead limit any exclusion to the narrow circumstances required by Rule 608(b), with all other issues to be addressed in context at trial.

**DATED** this 15th day of April, 2026.

**GORDON REES SCULLY
MANSUKHANI, LLP**

*/s/ Charles W. Brown Jr.*
Charles W. Brown Jr.
Mark A. Nickel
Kyle C. Thompson
J. Tyler Martin
Ryan Anderson
*Attorneys for Defendants Rob
Kolkman and Constable Kolkman
LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of April, 2026, a true and correct copy of the foregoing

**DEFENDANTS ROB KOLKMAN AND CONSTABLE KOLKMAN LLC'S RESPONSE**

**TO MOTION IN LIMINE RE: UNRELATED LITIGATION** was filed with the Clerk of the

Court using an approved electronic filing system, CM/ECF, which will automatically send

notification of such filing to all counsel who have entered an appearance in this action.


*/s/ J. Tyler Martin*