Mark A. Nickel (14082)
Kyle C. Thompson (11424)
J. Tyler Martin (13551)
Charles W. Brown Jr (19386)
**GORDON REES SCULLY MANSUKHANI, LLP**
15 W. South Temple St., Suite 1600
Salt Lake City, Utah 84101
(801) 204-9989
mnickel@grsm.com
kcthompson@grsm.com
tymartin@grsm.com
cbrownjr@grsm.com

*Attorneys for Defendants Rob Kolkman and Constable Kolkman, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH – CENTRAL DIVISION**

| | |
|---|---|
| CHARLES YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL W. ERICKSON, UTAH COUNTY CONSTABLE'S OFFICE, ROB KOLKMAN, CONSTABLE KOLKMAN LCC, OFFICE OF THE UTAH COUNTY CONSTABLE, LLC., UTAH PROCESS INC., THE CHERRINGTON FIRM, and JOHN DOES 1-5,<br><br>Defendants. | **DEFENDANTS ROB KOLKMAN AND CONSTABLE KOLKMAN LLC'S OBJECTION TO PLAINTIFF'S MOTION IN LIMINE (*Altruistic Intentions*)**<br><br>Civil No. 2:23-cv-00420<br><br>Judge: Ted Stewart<br><br>Magistrate Judge: Cecilia M. Romero |

Defendants, Constable Kolkman LLC and Rob Kolkman, by and through counsel,

respectfully submits this Opposition to Plaintiff's Motion in Limine (Altruistic Intentions)

[ECF 119]. Plaintiff seeks to preclude any evidence or argument that Defendants' use of

payment arrangements was reasonable or beneficial to the Plaintiff. Because this evidence

is essential to the jury's determination of "unconscionability" and "reasonableness" under the FDCPA, the motion should be denied.

## ARGUMENT

### I.      Evidence of Reasonableness is Relevant Under Rule 401.

Plaintiff's argument that the FDCPA is a "strict liability" statute does not render the context of the collection efforts irrelevant. To prevail on claims under 15 U.S.C. § 1692(f), a jury must determine whether a debt collector used "unfair or unconscionable means."

Evidence that Defendants provided a payment plan as an alternative to the forced seizure and sale of Plaintiff's household goods is directly relevant to whether their conduct was "unconscionable." If the jury finds that Defendants' actions provided a less destructive path that Plaintiff himself preferred, it has a direct tendency to rebut the allegation that the means used were "unfair."

### II.     Utah Law Requires Consideration of the Debtor's Preference.

Plaintiff suggests that Defendants had "no legal authority" to consider the benefit of the debtor. However, *Utah Rule of Civil Procedure 69A(a)* explicitly mandates that an officer executing a writ "must" seize the property "as the defendant may indicate" to satisfy the judgment.

The fact that Defendants utilized a payment plan, a method favored by the Plaintiff, in lieu of a forced sale, is evidence rebutting Plaintiff's claim that Defendants acted unfairly or unconscionably. Precluding this evidence would force the jury to view the case

in a vacuum, ignoring the legal obligations and professional standards that govern constables under Utah.

### III.    The Evidence is Not Prejudicial Under Rule 403.

Plaintiff claims that describing these arrangements as beneficial would "mislead the jury" or "generate sympathy." To the contrary, excluding this context would be highly prejudicial to Defendants. The jury is tasked with evaluating the "total context" of the interaction.

Denying the jury the ability to hear the circumstances would result in a one-sided presentation of the facts. Defendants do not seek to "excuse" a violation, but rather to show that their conduct does not rise to the level of a violation in the first instance.

### CONCLUSION

The nature and intent of the collection methods are core factual disputes. Plaintiff's attempt to characterize an unauthorized business decision as "altruism" is a matter for cross-examination and argument, not a basis for the wholesale exclusion of relevant facts. The Motion in Limine should be denied.

**DATED** this 15th day of April, 2026.

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Charles W. Brown Jr.*
Mark A. Nickel
Kyle C. Thompson
J. Tyler Martin
Charles W. Brown Jr.

*Attorneys for Defendants Rob Kolkman and Constable Kolkman LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 15, 2026, a copy of the foregoing **DEFENDANTS ROB KOLKMAN AND CONSTABLE KOLKMAN LLC'S OBJECTION TO PLAINTIFF'S MOTION IN LIMINE (Altruistic Intentions)** was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.

*/s/ J. Tyler Martin*