Mark A. Nickel (14082)
Kyle C. Thompson (11424)
J. Tyler Martin (13551)
Charles W. Brown Jr (19386)
**GORDON REES SCULLY MANSUKHANI, LLP**
15 W. South Temple St., Suite 1600
Salt Lake City, Utah 84101
(801) 204-9989
mnickel@grsm.com
kcthompson@grsm.com
tymartin@grsm.com
cbrownjr@grsm.com

*Attorneys for Defendants Rob Kolkman and Constable Kolkman, LLC*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH – CENTRAL DIVISION

---

| | |
|---|---|
| CHARLES YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL W. ERICKSON, UTAH COUNTY CONSTABLE'S OFFICE, ROB KOLKMAN, CONSTABLE KOLKMAN LCC, OFFICE OF THE UTAH COUNTY CONSTABLE, LLC., UTAH PROCESS INC., THE CHERRINGTON FIRM, and JOHN DOES 1-5,<br><br>Defendants. | **DEFENDANTS ROB KOLKMAN AND CONSTABLE KOLKMAN LLC'S OBJECTION TO PLAINTIFF'S MOTION IN LIMINE (*Mistake of Law)***<br><br>Civil No. 2:23-cv-00420<br><br>Judge: Ted Stewart<br><br>Magistrate Judge: Cecilia M. Romero |

Defendants, Constable Kolkman LLC and Rob Kolkman, by and through counsel, respectfully submits this Opposition to Plaintiff's Motion in Limine (Mistake of Law) [ECF 125]. For the reasons set forth below, the Court should deny Plaintiff's request to preclude evidence and argument regarding Defendants' understanding of the law.

## ARGUMENT

### I. The Evidence is Relevant to Intent and Statutory Damages Under 15 U.S.C. § 1692k.

Plaintiff asserts that because *Jerman v. Carlisle,* precludes a mistake of law from qualifying for the "bona fide error" defense, all evidence of Defendants' legal interpretation must be excluded. This argument incorrectly conflates liability with the assessment of damages. Even if a mistake of law does not provide a complete defense to liability, the FDCPA explicitly requires the trier of fact to consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and ***the extent to which such noncompliance was intentional***" when determining statutory damages. 15 U.S.C. § 1692k(b)(1) (emphasis added).

Accordingly, evidence regarding Defendants' subjective belief and their efforts to comply with the law is directly relevant to the "intent" and "nature" of the alleged noncompliance. Precluding this evidence would prevent the jury from performing its statutory duty under § 1692k(b).

### II. The Evidence Rebuts Allegations of Fraud and "Unconscionability."

Plaintiff's complaint alleges that Defendants' conduct was "unfair," "unconscionable," and "fraudulent." Under Federal Rule of Evidence 401, evidence is relevant if it has any tendency to make a fact of consequence more or less probable.

Here, Defendants' evidence that they acted under a good-faith—even if mistaken—interpretation of their authority under Utah law (including, without limitation, the Utah Rules of Civil Procedure) is relevant to rebutting the specific intent required for

fraud and the "unconscionability" element of 15 U.S.C. § 1692f. The jury must be allowed to consider whether Defendants acted with a deceptive motive or a sincere, albeit contested, understanding of their official duties.

### III.   Exclusion Under Rule 403 is Unwarranted.

Plaintiff argues that this evidence will confuse the jury by inviting it to consider an invalid defense. However, any risk of confusion can be easily cured through proper jury instructions that distinguish between the requirements for a liability defense and the factors for assessing damages.

Conversely, the categorical exclusion of this evidence would be highly prejudicial to Defendants, as it would present a distorted version of the facts to the jury, implying that Defendants' actions were a result of calculated malice rather than a professional interpretation of a complex statutory framework.

**CONCLUSION**

The Court should not use a motion in limine to strip the jury of the context necessary to evaluate the nature of the alleged violations and the appropriate measure of damages. The Motion in Limine should be denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**DATED** this 15th day of April, 2026.

**GORDON REES SCULLY
MANSUKHANI, LLP**

*/s/ Charles W. Brown Jr.*
Mark A. Nickel
Kyle C. Thompson
J. Tyler Martin
Charles W. Brown Jr.

*Attorneys for Defendants Rob
Kolkman and Constable Kolkman LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2026, a copy of the foregoing **DEFENDANTS ROB KOLKMAN AND CONSTABLE KOLKMAN LLC'S OBJECTION TO PLAINTIFF'S MOTION IN LIMINE (Mistake of Law)** was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.

*/s/ Charles W. Brown Jr.*
