Mark A. Nickel (14082)
Kyle C. Thompson (11424)
J. Tyler Martin (13551)
Charles W. Brown Jr (19386)
**GORDON REES SCULLY MANSUKHANI, LLP**
15 W. South Temple St., Suite 1600
Salt Lake City, Utah 84101
(801) 204-9989
mnickel@grsm.com
kcthompson@grsm.com
tymartin@grsm.com
cbrownjr@grsm.com

*Attorneys for Defendants Rob Kolkman and Constable Kolkman, LLC*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL W. ERICKSON, UTAH COUNTY CONSTABLE'S OFFICE, ROB KOLKMAN, CONSTABLE KOLKMAN LCC, OFFICE OF THE UTAH COUNTY CONSTABLE, LLC., UTAH PROCESS INC., CONSTABLE KOLKMAN LLC, THE CHERRINGTON FIRM, and JOHN DOES 1-5,<br><br>        Defendants. | **DEFENDANTS ROB KOLKMAN AND CONSTABLE KOLKMAN LLC'S OBJECTION TO PLAINTIFF'S MOTION IN LIMINE (*Voluntary Payments*)**<br><br>Civil No. 2:23-cv-00420<br><br>Judge: Ted Stewart<br><br>Magistrate Judge: Cecilia M. Romero |

Defendants, Constable Kolkman LLC and Rob Kolkman, respectfully submits this Opposition to Plaintiff's Motion in Limine (Voluntary Payments) [ECF 129]. For the reasons set forth below, the Court should deny Plaintiff's request to preclude evidence and argument regarding the nature of Plaintiff's payments.

**INTRODUCTION**

Plaintiff's motion seeks to bar the jury from hearing the very facts that define this dispute: that Plaintiff requested, preferred, and chose a payment plan over the statutory alternative of property seizure. Plaintiff characterizes his own choices as "coercion" and "robbery," yet his own deposition testimony confirms he made these payments specifically to avoid a more intrusive legal process. Whether these payments were "voluntary" or "consensual" is a quintessential question of fact for the jury to decide, not a matter of law to be excised from the trial via a motion in limine.

**ARGUMENT**

### I.    The Evidence is Relevant Under Rule 401.

Evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. Plaintiff's claims under the FDCPA and for fraud turn on whether Defendants used "false, deceptive, or misleading representations" or "unfair or unconscionable means."

The fact that Plaintiff affirmatively chose a payment plan—and testified that such a plan was "preferable" to having his personal property seized and sold—is directly relevant to whether Defendants' conduct was "unfair" or "unconscionable." If the jury determines that Plaintiff initiated or favored this arrangement to safeguard his possessions, that finding would directly refute Plaintiff's unsupported new narrative of "abusive" or "coercive" debt collection practices.

### II.    The Nature of the Payments is a Contested Issue of Fact.

Plaintiff's motion asks the Court to pre-judge the evidence. Plaintiff argues that his

payments were "extracted through threats" and compare the interactions to "being robbed in the street". Defendants, conversely, will present evidence that they acted at all times pursuant to a valid Writ of Execution and honored the "[d]ebtor's preference" as required by Utah R. Civ. P. 69A(a).

P plaintiff's motion seeks to have the court pre-judge the evidence presented in this case. Plaintiff contends that his payments were "extracted through threats" and likens the interactions to "being robbed in the street." Conversely, the defendants will present evidence that they acted in accordance with a valid Writ of Execution and adhered to the "[d]ebtor's preference" as required under Utah R. Civ. P. 69A(a).

Under Federal Rule of Civil Procedure 56, this Court previously determined that issues of material fact exist in this case. Plaintiff now attempts to use a motion in limine to bypass the jury's role in resolving those factual disputes. Whether Plaintiff acted out of "meaningful choice" or "compulsion" is a determination of credibility and weight for the jury, not a basis for exclusion.

### III.    Exclusion is Not Warranted Under Rule 403.

Plaintiff argues that the "voluntary" characterization will confuse the jury or cause unfair prejudice. To the contrary, excluding this evidence would be highly prejudicial to Defendants, as it would prevent them from explaining why they deviated from the standard seizure process—specifically, that they did so as an accommodation to Plaintiff.

The jury is perfectly capable of distinguishing between a payment made under the pressure of a legal judgment and one made through "willing cooperation". Defendants are

entitled to argue that their conduct was reasonable, lawful, and aligned with the Plaintiff's expressed preferences.

## CONCLUSION

Plaintiff's motion is a thinly veiled attempt to prevent Defendants from presenting their defense. Because the nature of Plaintiff's payments goes to the heart of the FDCPA "unconscionability" analysis and the credibility of Plaintiff's damage claims, the motion should be denied.

**DATED** this 15th day of April, 2026.

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Charles W. Brown Jr.*
Mark A. Nickel
Kyle C. Thompson
J. Tyler Martin
Charles W. Brown Jr.

*Attorneys for Defendants Rob Kolkman and Constable Kolkman LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 15, 2026, a copy of the foregoing **DEFENDANTS ROB KOLKMAN AND CONSTABLE KOLKMAN LLC'S OBJECTION TO PLAINTIFF'S MOTION IN LIMINE (Voluntary Payments)** was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.

*/s/ Charles W. Brown Jr.*