Mark A. Nickel (14082)
Kyle C. Thompson (11424)
J. Tyler Martin (13551)
Charles W. Brown Jr (19386)
**GORDON REES SCULLY MANSUKHANI, LLP**
15 W. South Temple St., Suite 1600
Salt Lake City, Utah 84101
(801) 204-9989
mnickel@grsm.com
kcthompson@grsm.com
tymartin@grsm.com
cbrownjr@grsm.com

*Attorneys for Defendants Rob Kolkman and Constable Kolkman, LLC*

<br>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL W. ERICKSON, UTAH COUNTY CONSTABLE'S OFFICE, ROB KOLKMAN, CONSTABLE KOLKMAN LCC, OFFICE OF THE UTAH COUNTY CONSTABLE, LLC., UTAH PROCESS INC., THE CHERRINGTON FIRM, and JOHN DOES 1-5,<br><br>        Defendants. | **DEFENDANTS ROB KOLKMAN AND CONSTABLE KOLKMAN LLC'S OBJECTION TO PLAINTIFF'S MOTION IN LIMINE (*Underlying Debt)*<br><br>Civil No. 2:23-cv-00420<br><br>Judge: Ted Stewart<br><br>Magistrate Judge: Cecilia M. Romero** |

Defendants, Constable Kolkman LLC and Rob Kolkman, by and through counsel, respectfully submits this Opposition to Plaintiff's Motion in Limine (Underlying Debt) [ECF 128]. For the reasons set forth below, the Court should deny Plaintiff's request to preclude evidence regarding the underlying debt and Plaintiff's financial condition.

## ARGUMENT

### I. The Underlying Debt is Relevant to the Context of the Collection Activity.

While Plaintiff correctly notes that FDCPA liability does not depend on the validity of a debt, the existence of a valid judgment and a corresponding writ of execution is fundamental to the jury's understanding of the case. Defendants were not acting as mere debt collectors, but as officers of the court executing a legal mandate. Under Federal Rule of Evidence 401, evidence of the underlying debt is relevant to establish the legal authority under which Defendants acted *and* to provide the jury with the necessary context to evaluate whether the collection methods used were "unfair" or "unconscionable."

### II. Plaintiff's Financial Condition is Relevant to Alleged Emotional Distress Damages.

Plaintiff's motion seeks to bar inquiry into his general financial condition. However, Plaintiff has placed his emotional state at issue by seeking compensatory damages for emotional distress. In the Tenth Circuit, a plaintiff seeking such damages must establish a "reasonable probability" that the distress resulted specifically from the defendant's wrongdoing rather than other life stressors.

Evidence of Plaintiff's general financial instability is directly relevant to rebutting causation. The jury must be permitted to consider whether Plaintiff's alleged distress was a result of the Defendants' specific conduct or the cumulative pressure of his pre-existing financial obligations and the underlying judgment itself. Excluding this evidence would unfairly prevent Defendants from challenging the "fact of damages" as required by Utah law.

### III.     The Evidence is Not Unfairly Prejudicial Under Rule 403.

Plaintiff argues that evidence of the debt will invite the jury to "excuse statutory violations." This risk is minimal and can be addressed through standard jury instructions regarding FDCPA liability. Conversely, the prejudice to Defendants is substantial; without this evidence, the jury is left with the false impression that Defendants were harassing Plaintiff without any legal justification or that Plaintiff's emotional distress occurred in a vacuum. The probative value of providing a complete factual narrative outweighs any potential for unfair prejudice.

### CONCLUSION

The underlying debt and Plaintiff's financial condition are inextricably linked to the issues of legal authority, reasonableness, and damages. Because this evidence is essential for a fair trial, the Motion in Limine should be denied.

**DATED** this 15th day of April, 2026.

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Charles W. Brown Jr.*
Mark A. Nickel
Kyle C. Thompson
J. Tyler Martin
Charles W. Brown Jr.

*Attorneys for Defendants Rob Kolkman and Constable Kolkman LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 15, 2026, a copy of the foregoing **DEFENDANTS ROB KOLKMAN AND CONSTABLE KOLKMAN LLC'S OBJECTION TO PLAINTIFF'S MOTION IN LIMINE (Underlying Debt)** was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.

*/s/ Charles W. Brown Jr.*