IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHARLES YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL W. ERICKSON; ROB KOLKMAN; OFFICE OF THE UTAH COUNTY CONSTABLE, LLC,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS IN LIMINE<br><br>Case No. 2:23-cv-420-TS-CMR<br><br>Judge Ted Stewart<br>Magistrate Judge Cecilia M. Romero |

This matter is before the Court on numerous Motions in Limine[1] filed by Plaintiff Charles Young. Defendant Michael W. Erickson did not respond to any of Plaintiff's Motions or join in the Kolkman Defendants' responses. As such, the Court will grant Plaintiff's Motions as to Defendant Erickson and he is prevented from presenting evidence or making argument on any of the issues raised in Plaintiff's Motions.[2] As for the Kolkman Defendants (hereinafter "Defendants"), the Court will grant in part and deny in part Plaintiff's Motions, as detailed below.

## I.  LEGAL STANDARDS

"A motion in limine is a 'pretrial request that certain inadmissible evidence not be referred to or offered at trial.'"[3] In making such a motion, "the movant should identify the

---

[1] Docket Nos. 118–129. Plaintiff's Motion regarding the underlying debt, Docket No. 128, is addressed by separate order.

[2] DUCivR 7-1(f).

[3] *Webb v. MDOW Ins. Co.*, No. CIV-24-00806-JD, 2026 WL 27170, at *1 (W.D. Okla. Jan. 5, 2026) (quoting *Edens v. Netherlands Ins. Co.,* 834 F.3d 1116, 1130 (10th Cir. 2016)).

particular evidence at issue and articulate with specificity the arguments supporting the position that the particular evidence is inadmissible on any relevant ground."[4] "A court is well within its discretion to deny a motion in limine that fails to identify the evidence with particularity or to present arguments with specificity."[5]

To the extent Plaintiff's Motions reference rules of evidence, he primarily seeks exclusion of evidence and argument as irrelevant or unfairly prejudicial. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[6] Rule 403 excludes otherwise relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or delay, waste of time, or needless presentation of cumulative evidence.

## II. DISCUSSION

a. *Docket No. 118*

Plaintiff seeks an order precluding Defendants from presenting any argument, evidence, or verdict form that allows the jury to allocate or apportion damages. Plaintiff has failed to describe any specific evidence to be excluded at trial, and the Court will accordingly deny the Motion. The parties have filed their respective proposed jury verdict forms and objections

---

[4] *United States v. Cline*, 188 F. Supp. 2d 1287, 1292 (D. Kan. 2002), *aff'd*, 349 F.3d 1276 (10th Cir. 2003); *see also United States v. Begay*, 497 F. Supp. 3d 1025, 1082 (D.N.M. 2020) ("The Court denies the [motion in limine] without prejudice, because [the defendant] does not identify the evidence that he wishes to exclude with specificity or justify his request."); *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d 1078, 1082 (D. Kan. 2000) ("The court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded.") (internal quotation marks and citation omitted).

[5] *Cline*, 188 F. Supp. 2d at 1292 (citing *National Union v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996)).

[6] *See* Fed. R. Evid. 401.

thereto. The Court will address the arguments made regarding the appropriate verdict form in a subsequent order. Should Defendants seek to introduce evidence that is not relevant to the issues for the jury's determination, Plaintiff may object at that time.

b. *Docket No. 119*

Plaintiff seeks an order precluding Defendants from "arguing or implying" that Defendants' methods of collection were less harmful than other alternatives. As above, Plaintiff does not identify any specific evidence sought to be excluded. The Court will accordingly deny the Motion. To the extent Defendants intend to present such evidence, it appears relevant to the question of whether Defendants' collection practices were "unfair or unconscionable."[7] However, as will be discussed below, the Court will not permit Defendants to present such evidence or argument in support of their assertion that their actions were permitted under Utah Rule of Civil Procedure 69A.

c. *Docket Number 120*

Plaintiff seeks an order "precluding Defendants from arguing or implying to the jury" that "the Writ of Execution or any other authority authorized their collection activities."[8] In support, Plaintiff cites to the Court's summary judgment order finding that Defendants' activities fell outside of the scope of the authority granted to them by the Writ. Defendants argue that the Court's ruling does not render the Writ and Defendants' reliance on it inadmissible.

Plaintiff has not identified specific evidence to be excluded, so the Court will deny the Motion. Of course, Defendants will not be permitted to argue and present evidence in support of

---

[7] 15 U.S.C. § 1692f.

[8] Docket No. 120.

legal theories the Court has previously foreclosed, such as arguing that the Writ authorized their collection activities.

Defendants' response to the Motion also raises arguments regarding their obligations under Utah Rule of Civil Procedure 69A(a), stating that "[w]hen there is more property than necessary to satisfy the amount due, the officer must seize such part of the property as the defendant may indicate. If the defendant does not indicate a preference, the officer must first seize personal property, and if sufficient personal property cannot be found, then the officer must seize real property." Defendants argue that "if the evidence shows that Plaintiff 'indicated' a preference for payment rather than continuous public sales or expected 'seizure' of his cash to avoid the 'seize and sell' command of the Writ, Defendants must be allowed to argue that their conduct was an attempt to comply with their duties under Utah law."[9]

The Court is not aware of any facts at issue that would make this debtor's preference rule relevant to the case at hand. The Court has ruled that setting up a payment plan is not a seizure.[10] Further, rule interpretation is not for the jury to decide. Defendants did not seize real or personal property. Accordingly, the Court will not allow Defendants to argue that their conduct was authorized by Utah's Rules of Civil Procedure.

   d. *Docket Numbers 121 and 123*

Plaintiff seeks an order precluding Defendants from arguing or presenting evidence of the bona fide error defense under 15 U.S.C. § 1692k(c),[11] or that they are entitled to governmental

---

[9] Docket No. 156, at 2.

[10] Docket No. 54, at 7 ("It is undisputed that the Constable Defendants did more than simply seize and sell Plaintiff's property. . . . [T]hey set up a payment plan.").

[11] Docket No. 121.

immunity.[12] Again, Plaintiff fails to specify the evidence sought to be excluded and the Court will accordingly deny the Motions. However, as noted by Plaintiff, the Court previously ruled on summary judgment that "the bona fide error defense does not apply as a matter of law,"[13] and that Defendants failed to show they were entitled to governmental immunity. Moreover, Defendants did not include an immunity defense in the Pretrial Order, thereby waiving it.[14] Therefore, the question of whether Defendants' conduct is excused by the bona fide error defense or governmental immunity will not be presented to the jury. Should Defendants seek admission of evidence or testimony regarding issues foreclosed by the Court, Plaintiff should object at that time.

Defendants have asserted that evidence regarding their understanding and belief of the lawfulness of their actions is relevant to damages. The Court generally finds this argument persuasive and will admit evidence and testimony it finds relevant to the "nature of [Defendants' purported] noncompliance, and the extent to which such non compliance was intentional," which the fact-finder must consider in assessing statutory damages.[15]

Defendants also argue in their response that "whether raising the bona fide error defense for actions taken under color of authority of the constable's position is within the scope of the constable's authority" "is a question of fact for the jury."[16] The Court finds this argument is both

---

[12] Docket No. 123.

[13] Docket No. 58, at 9.

[14] *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) ("[C]laims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they appeared in the [pleadings].").

[15] 15 U.S.C. § 1692k(b)(1).

[16] Docket No. 155, at 3.

legally and procedurally deficient and foreclosed by the Court's summary judgment order. No such argument and supporting evidence will be allowed at trial.

### e. *Docket No. 122*

Plaintiff seeks an order precluding Defendants from presenting evidence of Plaintiff's criminal history, which includes a felony charge from 1998 and various domestic misdemeanor charges and convictions. Defendants do not oppose the Motion. Therefore, the Court will grant the Motion.

### f. *Docket Numbers 124, 125, and 127*

Plaintiff seeks orders precluding Defendants from "arguing or implying" that Defendants are exempt from the FDCPA,[17] that their "mistaken interpretation of the [FDCPA] . . . absolves them from liability," or that their conduct fell within the lawful scope of a constable's authority under Utah law.[18] Defendants respond that they do not oppose the Motions to the extent they seek compliance with the Court's summary judgment order. However, Defendants also argue that they cannot be precluded from arguing that they acted under color of authority and were therefore state officers at the time of the alleged acts, and therefore immune to liability. As above, the Court finds this argument is both legally and procedurally deficient and foreclosed by the Court's summary judgment order and precluded by the Pretrial Order. No such argument and supporting evidence will be allowed at trial. Accordingly, the Court will grant the Motions.

### g. *Docket No. 126*

Plaintiff seeks an order precluding Defendants from presenting evidence regarding Plaintiff's involvement in other civil litigation matters. Plaintiff testified in his deposition that he

---

[17] Docket No. 124.

[18] Docket No. 127.

was previously a plaintiff in a worker's compensation case, which settled before going to trial, and was a defendant in case regarding a car accident. Plaintiff argues that neither of those cases have "any bearing on whether Defendants violated the FDCPA."[19]

Federal Rule of Evidence 404(b) provides that "[e]vidence of any . . . act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[20] "Prior lawsuits may be deemed to be other acts, within the meaning of Rule 404(b). Accordingly, by operation of the rule, [D]efendants cannot admit evidence of plaintiff's prior lawsuits for the purpose of proving that plaintiff is litigious."[21]

Defendants' response correctly notes such evidence may be admitted for another proper purpose. However, Defendants do not assert a proper purpose for introducing such testimony in this case specifically. Instead, they generally object to a blanket prohibition on the grounds that such evidence *could* be admissible under various hypothetical scenarios, none of which appear to apply to the present case. The Court will accordingly grant the Motion.

   h.  *Docket No. 129*

Plaintiff seeks an order precluding Defendants from "arguing, implying, or presenting evidence to the jury" that the payments he made to Defendants were voluntary or otherwise uncoerced. In support, Plaintiff primarily cites to facts and issues disputed by the parties. He also argues that such testimony is irrelevant or unfairly prejudicial under Rule 403. Whether the funds were coerced or voluntary is an issue for the jury to determine and therefore relevant and

---

[19] Docket No. 126, at 1.

[20] Fed. R. Evid. 404(b)(1).

[21] *Van Deelen v. Johnson*, No. 05-4039-SAC, 2008 WL 4683022, at *2 (D. Kan. Oct. 22, 2008) (citing *Gastineau v. Fleet Mortgage Corp.,* 137 F.3d 490, 495–96 (7th Cir.1998); *Outley v. City of New York,* 837 F.2d 587, 592 (2nd Cir. 1988)).

improperly decided on a motion in limine. However, as discussed, Defendants will not be permitted to argue or present evidence that their actions were allowed by Utah law. Accordingly, the Court will deny the Motion.

## III. CONCLUSION

It is therefore

ORDERED that, as to Defendant Erickson, Plaintiff's Motions in Limine (Docket Nos. 118 to 129) are GRANTED. It is further

ORDERED that, as to the Kolkman Defendants, Plaintiff's Motions in Limine, Docket Nos. 118, 119, 120, 121, 123, and 129 are DENIED; It is further

ORDERED that, as to the Kolkman Defendants, Plaintiff's Motions in Limine Docket Nos. 122, 124, 125, 126, and 127 are GRANTED.

DATED April 17, 2026.

BY THE COURT:

_____

TED STEWART
United States District Judge