David P. Gardner (10096)
Zachary C. Lindley (17261)
**KIRTON McCONKIE**
301 North 200 East, Suite 3A
St. George, UT 84770
Telephone: (435) 574-5672
dgardner@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Defendant Michael W. Erickson*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>ROB KOLKMAN, CONSTABLE KOLKMAN, LLC, and MICHAEL ERICKSON,<br><br>Defendants. | **DEFENDANT MICHAEL ERICKSON'S OBJECTIONS TO PLAINTIFF'S DEPOSITION DESIGNATIONS**<br><br>Case No. 2:23-cv-00420-TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

Defendant Michael W. Erickson ("Mr. Erickson"), by and through his counsel of record, respectfully submits his Objections to Plaintiff's Deposition Designations.[1] Specifically, Mr. Erickson objects generally to the designated deposition portions cited in Plaintiff's Designations, which include citations to the following: (1) Heidi Cordero (dated June 10, 2025); (2) Rob Kolkman First Deposition (dated April 22, 2024); (3) Rob Kolkman Second Deposition (dated October 30, 2024); (4) Rob

---

[1] Plaintiff's Designations, served on Mr. Erickson on April 13, 2026, are attached hereto as **Exhibit A** ("Plaintiff's Designations").

Kolkman Third Deposition (dated February 10, 2025); and (5) Constable Kolkman LLC – 30(b)(6) (dated July 28, 2025).

Furthermore, Mr. Erickson objects generally to Plaintiff's deposition designations contained in the Amended Pretrial Order (ECF No. 170).

**<u>OBJECTIONS TO SPECIFIC PORTIONS DESIGNATED ON APRIL 13, 2026</u>**

**<u>*PROPOSED DEPOSITION DESIGNATION NO. 1: HEIDI CORDERO (dated June 10, 2025)*</u>**

<u>OBJECTION</u>: Mr. Erickson objects to the deposition designations for Ms. Heidi Cordero for several reasons. First, Ms. Cordero is a non-party and has no personal knowledge of any of the purported conduct or interactions between Plaintiff and Defendants in this case. *See* Fed. R. Evid. 602. Second, Mr. Erickson was not present and/or represented at the taking of the deposition of Ms. Cordero, as Mr. Erickson is not a party in her separate, pending lawsuit. *See* Fed. R. Civ. P. 32(a)(1). Third, even if present and testifying, Ms. Cordero's testimony in his case is irrelevant and would mislead and/or confuse the jury, as well as unfairly prejudice Mr. Erickson (in addition to the fact that she has no personal knowledge, *supra*). *See* Fed. R. Evid. 401-403. Specifically, the Court has already ruled in this case that "information related to Defendants' collection practices as to parties not named in this suit is not relevant." *See* ECF No. 54 at 7-8. All of the designated portions of Ms. Cordero's deposition testimony concern her and her purported interactions with Defendants and have nothing to do with Plaintiff in this case. Therefore, introducing this testimony would confuse and mislead the jury into thinking her interactions have any implication here, which they do not, which would unfairly prejudice Mr. Erickson. Fourth, the substance of Ms. Cordero's testimony is inadmissible hearsay, and does not fall within any exceptions. *See* Fed. R. Evid. 802. Fifth, the designated portions of the deposition transcript are cutoff and incomplete, and therefore, to the extent any such deposition

4911-6518-5698.v1

testimony is admitted (it should not be), the entirety of the deposition should be admitted. *See* Fed. R. Civ. P. 32(a)(6).

### *PROPOSED DEPOSITION DESIGNATION NO. 2: ROB KOLKMAN FIRST DEPOSITION (dated April 22, 2024)*

OBJECTION: Mr. Erickson objects to these deposition designations for Defendant Rob Kolkman for several reasons. First, Plaintiff fails to identify for the Court and parties in which case the deposition testimony was given by Mr. Kolkman, and therefore, a complete and full determination and evaluation of the testimony cannot be made by the parties nor the Court. Second, without knowing for sure to which deposition Plaintiff is referring specifically, Mr. Erickson was not present and/or represented at the taking of the deposition of any such deposition, as Mr. Erickson is not a party in any separate action, other than one. *See* Fed. R. Civ. P. 32(a)(1).[2] Third, much of the designated portions of Mr. Kolkman's deposition testimony is irrelevant and would mislead and/or confuse the jury, as well as unfairly prejudice Mr. Erickson. *See* Fed. R. Evid. 401-403. Specifically, the Court has already ruled in this case that "information related to Defendants' collection practices as to parties not named in this suit is not relevant." *See* ECF No. 54 at 7-8. Therefore, any testimony concerning any other writs and individuals is irrelevant. Fourth, the designated portions of the deposition transcript are cutoff and incomplete, and therefore, to the extent any such deposition testimony is admitted (it should not be), the entirety of the deposition should be admitted. *See* Fed. R. Civ. P. 32(a)(6).

---

[2] Case No. 1:23-cv-00025.

***PROPOSED DEPOSITION DESIGNATION NO. 3: ROB KOLKMAN SECOND DEPOSITION (dated October 30, 2024)***

OBJECTION: Mr. Erickson references and incorporates his objections to the designation of Rob Kolkman's First Deposition (dated April 22, 2024), as set forth above.

***PROPOSED DEPOSITION DESIGNATION NO. 4: ROB KOLKMAN THIRD DEPOSITION (dated February 10, 2025)***

OBJECTION: Mr. Erickson references and incorporates his objections to the designation of Rob Kolkman's First Deposition (dated April 22, 2024), as set forth above.

***PROPOSED DEPOSITION DESIGNATION NO. 5: CONSTABLE KOLKMAN LLC – 30(b)(6) DEPOSITION (dated July 28, 2025)***

OBJECTION: Mr. Erickson references and incorporates his objections to the designation of Rob Kolkman's First Deposition (dated April 22, 2024), as set forth above.

### OBJECTIONS TO GENERAL DESIGNATIONS IN AMENDED PRETRIAL ORDER

In addition to the foregoing objections to the specific designated transcript portions, Mr. Erickson also objects generally to the depositions designated in the Amended Pretrial Order (ECF No. 170). Plaintiff designates purported deposition testimony from several cases, which is improper for several reasons. First, Mr. Erickson was not present and/or represented at the taking of most of those depositions, with the exception of one,[3] which violates the requirements under FRCP 32. *See* Fed. R. Civ. P. 32(a)(1). Second, to the extent Plaintiff intends on using deposition testimony which concerns anyone or any information unrelated to the parties in this case, the Court has already ruled in this case that "information related to Defendants' collection practices as to parties not named in this suit is not relevant." *See* ECF No. 54 at 7-8. Third, based on the specifically designated portions

---

[3] Lacey Cherrington in Case No. 1:23-cv-00025.

4911-6518-5698.v1

of deposition testimony Plaintiff has produced, it is likely that any use of these other depositions will include only cutoff and incomplete transcripts, and therefore, to the extent any such deposition testimony is admitted (it should not be), the entirety of the deposition should be admitted. *See* Fed. R. Civ. P. 32(a)(6).

DATED this 17th day of April 2026.

KIRTON McCONKIE

*/s/ David Gardner*
David P. Gardner
Zachary C. Lindley
*Attorneys for Defendant Michael W. Erickson*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2026, I caused to be served the foregoing

**DEFENDANT MICHAEL ERICKSON'S OBJECTIONS TO PLAINTIFF'S DEPOSITION**

**DESIGNATIONS** to counsel of record through the Court's electronic filing system.


*/s/ Zachary C. Lindley*
*Attorney for Defendant Erickson*

4911-6518-5698.v1