David P. Gardner (10096)
Zachary C. Lindley (17261)
**KIRTON McCONKIE**
301 North 200 East, Suite 3A
St. George, UT 84770
Telephone: (435) 574-5672
dgardner@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Defendant Michael W. Erickson*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>Plaintiffs,<br><br>v.<br><br>ROB KOLKMAN, CONSTABLE KOLKMAN, LLC, and MICHAEL ERICKSON,<br><br>Defendant. | **DEFENDANT MICHAEL ERICKSON'S MOTION FOR RELIEF FROM ORDER ON MOTIONS IN LIMINE [ECF No. 173]**<br><br>Case No. 2:23-cv-00420-TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

Defendant Michael W. Erickson ("Mr. Erickson"), by and through counsel, hereby respectfully submits this Motion for Relief from Order on Motions in Limine [ECF No. 173], and asks this Court to consider Mr. Erickson as having joined in the oppositions, filed by Defendants Rob Kolkman and Constable Kolkman, LLC ("Kolkman Defendants"), to Plaintiff's Motions in Limine.

### RELIEF REQUESTED AND GROUNDS

Pursuant to both Rule 60(b) and this Court's bench order at the pretrial conference in this case, Mr. Erickson respectfully requests that this Court relieve Mr. Erickson from the Court's recent ruling that "Defendant Michael W. Erickson did not respond to any of Plaintiff's Motions or join in the

Kolkman Defendants' responses," and rule instead that Mr. Erickson is considered to have joined in Kolkman Defendants' oppositions to Plaintiff's motions in limine.

Mr. Erickson believed that he was abiding by what the Court had ordered the Defendants to do at this Court's pretrial conference. Specifically, the Court stated to the Defendants that they needed to "coordinate" the motions in limine so as to avoid unnecessary filings. Mr. Erickson, as well as Kolkman Defendants to Mr. Erickson's knowledge and based on communications and conduct between Defendants, took that to mean that Defendants were to coordinate _all_ of the motion in limine filings, _including_ any oppositions to Plaintiff's motions in limine. In fact, Mr. Erickson's counsel had specific conversations with counsel for Kolkman Defendants in which it was determined that Mr. Erickson would take the laboring oar in preparing affirmative motions in limine for the Defendants, while Kolkman Defendants would take the laboring oar in preparing responses to any motions in limine filed by Plaintiff. That is exactly what happened. Again, based on the Court's conversation at the pretrial conference with the parties, Mr. Erickson saw no need to file any sort of joinder[1] to any of the oppositions filed because that would have been contrary to the court's clear direction to avoid unnecessary filings.

Even more, it is made more apparent that this was Mr. Erickson's understanding, as he successfully filed his own "joinder" motion just recently to Kolkman Defendants' Motion for Reconsideration. _See_ ECF No. 169. Had he known that he was to file his own separate oppositions, or even just a "joinder," he certainly would have done so—although many of the oppositions were filed late into the evening, up to even 11:00PM, and it would have been unreasonable to ask that Mr. Erickson remain available at that time of night to do so.

---

[1] There is no "joinder" allowed, but rather, a separate filing incorporating arguments. _See_ DUCivR 7-1(a)(8).

Under Rule 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for … mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). A finding of excusable neglect generally depends on four factors: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489 (1993) (citation omitted). None of these factors come close to weighing against Mr. Erickson in this case. There is zero prejudice to Plaintiff because the Court was going to rule on Plaintiff's respective motions the way it did based on Kolkman Defendants' oppositions (which are the same as Mr. Erickson's). Mr. Erickson is filing this Rule 60(b) Motion almost immediately after the Court's entry of its Order which is the first time Mr. Erickson became aware of this issue, and the deadline to respond passed only one day ago (and trial still has not happened). Mr. Erickson had a good faith belief based on the Court's conversation with Defendants at the pretrial conference, as well as Mr. Erickson's conversation with Kolkman Defendants, that all of the motion in limine process was to be coordinated by Defendants in this case, which Mr. Erickson took to mean oppositions as well. Therefore, none of the factors weigh against Mr. Erickson.

Even more, the practical effect of this type of ruling in a jury trial would be highly prejudicial not only to Mr. Erickson, but also to Kolkman Defendants. Specifically, if Plaintiff is allowed to introduce certain evidence against one Defendant but not the other, the jury will be substantially confused, and there is little chance an unsophisticated juror will be able to separate that evidence when deliberating.

Accordingly, Mr. Erickson respectfully requests that the Court relieve it from the recent order and treat Mr. Erickson as having "joined" in the oppositions filed by Kolkman Defendants.

DATED this 17th day of April, 2026.

KIRTON McCONKIE

*/s/ David Gardner*
David P. Gardner
Zachary C. Lindley
*Attorneys for Defendant Michael W. Erickson*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of April, 2026, I caused to be served the foregoing **DEFENDANT MICHAEL ERICKSON'S MOTION FOR RELIEF FROM ORDER ON MOTIONS IN LIMINE [ECF No. 173]** on all parties of record through the Court's electronic filing system.

KIRTON McCONKIE

*/s/ David Gardner*
David P. Gardner
*Attorneys for Defendant Michael W. Erickson*