Mark A. Nickel (14082)
Kyle C. Thompson (11424)
J. Tyler Martin (13551)
Charles W. Brown Jr (19386)
**GORDON REES SCULLY MANSUKHANI, LLP**
15 W. South Temple St., Suite 1600
Salt Lake City, Utah 84101
(801) 204-9989
mnickel@grsm.com
kcthompson@grsm.com
tymartin@grsm.com
cbrownjr@grsm.com

*Attorneys for Defendants Rob Kolkman and Constable Kolkman, LLC*

---

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CHARLES YOUNG,<br><br>       Plaintiff,<br><br>v.<br><br>MICHAEL W. ERICKSON; UTAH COUNTY CONSTABLE'S OFFICE; ROB KOLKMAN; OFFICE OF THE UTAH COUNTY CONSTABLE, LLC; UTAH PROCESS INC.; CONSTABLE KOLKMAN LLC; MOUNTAIN LAND COLLECTIONS; and JOHN DOES 1-5,<br><br>       Defendants. | **CONSTABLE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S FRAUD CLAIM**<br><br>Case No. 2:23-cv-00420-TS<br><br>District Judge: Ted Stewart<br><br>Magistrate Judge: Cecilia M. Romero |

Pursuant to Fed. R. Civ. P. 12(c), Defendants Rob Kolkman and Constable Kolkman LLC ("Kolkman") (collectively, "Constable Defendants"), by and through counsel, respectfully submit this motion for judgment on the pleadings on Plaintiff's fraud claim due to the fact that this court lacks subject matter jurisdiction over that claim. Subject matter jurisdiction cannot be waived and

can be raised at any time. *See Arrington Dev., LLC v. Alonto*, 2:08-CV-00623CW, 2009 WL 257037, at \*1 (D. Utah Feb. 3, 2009) ("Because subject-matter jurisdiction is a limit on a court's authority to determine a case, challenges to subject matter jurisdiction may be raised at any time.") (internal quotation marks omitted).

This motion for judgment on the pleadings on Plaintiff's fraud claim is filed

### STATEMENT OF UNDISPUTED MATERIAL FACTS

Constable Defendants, pursuant to Federal Rules of Civil Procedure 10(c), hereby adopt and incorporate by reference the Statements of Undisputed Materials Facts from ECF 42, 43, 52, in addition to the following paragraphs.

1.      Plaintiff's fraud claim against Rob Kolkman and Constable Kolkman LLC, arose on February 27, 2023.

2.      Constable Rob Kolkman was appointed as a Constable by Ogden City, and was a constable under the authority of Ogden City at the time of the claim by Plaintiff.

3.      Constable Rob Kolkman has never been appointed as a constable by Utah County.

4.      Constable Rob Kolkman (and his business) were never provided a Notice of Claim from Plaintiff between February 27, 2023, and February 27, 2024.

5.      Ogden City was never provided a Notice of Claim from Plaintiff consistent with the *Utah Governmental Immunity Act* between February 27, 2023 and February 27, 2024

6.      Plaintiff did not produce a Notice of Claim consistent with the *Utah Governmental Immunity Act* in Initial Disclosures.

**7.**      Plaintiff did not produce a Notice of Claim consistent with the *Utah Governmental Immunity Act* during fact discovery.

**8.** Rob Kolkman and Constable Kolkman LLC's ("Kolkman Defendants") first contact with Plaintiff was on February 27, 2023. *See* Compl., ¶ 167.

**LEGAL ARGUMENT**

**I.    PLAINTIFF'S STATE LAW CLAIMS ARE BARRED BY THE UTAH GOVERNMENTAL IMMUNITY ACT**

Plaintiff's state law claims fail as a matter of law. Every act alleged in the Complaint arose from the Kolkman Defendants' performance of a governmental function and occurred under color of authority—precisely the circumstances in which the Utah Governmental Immunity Act ("UGIA") preserves immunity from suit. Because the Complaint itself establishes these facts, the Court may resolve the question on the pleadings and enter judgment for the Constable Defendants.

The UGIA grants governmental entities immunity "from suit for any injury that results from the exercise of a governmental function." Utah Code § 63G-7-201(1). That grant is deliberately broad. The Act "applies to all functions of government, no matter how labeled," *id.* § 63G-7-101(2), and "governs all claims against governmental entities or against their employees or agents arising out of the performance of the employee's duties, within the scope of employment, or under color of authority," *id.* § 63G-7-101(3). Immunity is separately preserved—and is not waived—for any injury arising from "the exercise or performance, or the failure to exercise or perform, a discretionary function, whether or not the discretion is abused." *Id.* § 63G-7-201(5)(a).

The "color of authority" prong is dispositive here. The Utah Supreme Court has squarely held that "color of authority" does not turn on whether the employer sanctioned the specific act; it turns on whether the conduct arose from the officer's position. In *Acor v. Salt Lake City School District*, 2011 UT 8, 247 P.3d 404, a public-school teacher sought indemnification for defense costs after she was charged with—and later acquitted of—sexually abusing her student aide. The

3

school district refused, arguing that sexual abuse could not possibly fall within the teacher's duties or authority. The Utah Supreme Court rejected that framing. It held that "color of authority" encompasses conduct that arises out of the officer's position of authority, even when the specific conduct is itself unauthorized. *See id.* ¶¶ 22, 24-26, 247 P.3d at 410. The teacher's duties, of course, did not include molesting her aide—but immunity applied because she was acting as a teacher at the time of the abuse. That was enough.

*Acor* controls this case. Plaintiff attempts to strip the Constable Defendants of immunity by recasting their conduct as a personal frolic outside the scope of their authority. But Plaintiff's own pleadings concede that the alleged conduct occurred while the Constable Defendants were carrying out their official role as constables, and that Plaintiff's claimed injuries flow directly from that role conferred. *See* Compl., ¶¶ 130-182. Under *Acor*, that is the end of the inquiry: the conduct arose from the Constable Defendants position of authority, and therefore, the UGIA applies.

This court has already found that constables are state officers under Utah law.[1] court in *Sexton* and this Court have already found that Constable Defendants are state officers. Constables are special function peace "Officers" of the State of Utah and should be afforded the protections of the UGIA.  In *Sexton*, Judge Parrish's analysis states: "While it appears that the Tenth Circuit has not addressed this issue, the Third Circuit has confirmed that individuals who perform the duties of a constables are officers of the state."[2] Judge Parrish stated: "This court agrees that a constable is an officer of the state who is excluded from the definition of "debt collector" under the FDCPA. Summary judgment was ultimately denied the Constables because Judge Parrish

---

[1] *See Sexton v. Poulsen & Skousen* P.C., 372 F. Supp. 3d 1307, 1315-18 (D. Utah 2019) (finding that constables were state officers); *Young v. Erickson,* 2024 WL 81303 (D. Utah Jan. 8, 2024).

[2] *Id*. (citing *Heredia v. Green*, 667 F.2d 392-94 (3rd Cir. 1981) (a landlord tenant Officer that performed many of the same duties as constable was an officer of the State).

found disputed facts but upheld the constable's status as "officer[s] of the state" exempt from FDCPA liability.[3]

Because the UGIA applies, this means that Plaintiff was required to serve a notice of claim within one year after a claim arose. *See* Utah Code § 63G-7-402.  The UGIA defines a claim and when it arises as "when the statute of limitations that would apply if the claim were against a private person begins to run." *See* Utah Code § 63G-7-401(2). Indeed, a claim[4] "is barred unless notice of claim is filed with the person and according to the requirements of Section 63G-7-401 within one year after the claim arises regardless of whether or not the function giving rise to the claim is characterized as governmental." Utah Code § 63G-7-402. In other words, there is a "one-year limitation period for claims brought against a government entity." *Busch v. Salt Lake Intern. Airport*, 921 P.2d 470, 471 (App. 1996). "[A] claim filed outside the time limits set forth in the Governmental Immunity Act is time-barred, and cannot be resurrected by the terms of the Savings Statute." *Craig v. Provo City*, 2016 UT 40, ¶ 26 (2016).

"Compliance with the [UGIA] is a prerequisite to vesting a district court with subject matter jurisdiction over claims against governmental entities." *Wheeler v. McPherson*, 2002 UT 16, ¶ 9, 40 P.3d 632, 635. The Utah Supreme Court has "consistently and uniformly held that suit may not be brought against the state or its subdivisions unless the requirements of the [UGIA] are strictly followed." *Id.* at ¶ 11, 40 P.3d at 635. "Failure to comply with the notice-of-claim provisions . . . deprives a court of subject matter jurisdiction to consider the claims in a subsequently-filed lawsuit." *Anderson v. Eyre*, 2015 UT App 148, ¶ 2, 353 P.3d 170, 171.

---

[3] *Id*.

[4] A claim is defined as "any asserted demand for or cause of action for money or damages, whether rising under the common law, under state constitutional provisions, or under state statutes, against a governmental entity or against an employee in the employee's personal capacity." Utah Code § 63G-7-102(2).

Here, the claims against Rob Kolkman and Constable Kolkman arise out of and relate to a Writ of Execution that was entered on July 28, 2022, and later assigned to the Constable Defendants on February 27, 2023. *See* Complaint, ¶ 97-99. Plaintiff alleges that the Kolkman Defendants' acts on February 27, 2023, their first contact with the Plaintiff consisting of the mailing him a letter, was an act of fraud. *See* Complaint, ¶ 99, 165-182, 261-284. Plaintiff's Notice of Claim against Kolkman Defendants was required to be served within one year of this first act but was never made.  Plaintiff alleges in the Second Amended Complaint that he served a notice of claim on Utah County on June 15, 2023. *See* Complaint, ¶ 202. Plaintiff alleges that Utah County responded by asserting that the Constable Defendants were "not appointed or contracted as a constable in Utah County." *Id.* at ¶ 204.  However, it is undisputed that the Kolkman Defendants were appointed by Ogden City[5]. It is also undisputed that a Notice of Claim was not served by Plaintiff upon Ogden City or the Kolkman Defendants[6].  As of today's date, Plaintiff has not filed a written Notice of Claim under the UGIA.

On this basis, Plaintiff's fraud claim is barred, and this Court's jurisdiction on this matter is lacking.

**CONCLUSION**

Based on the foregoing, Constable Defendants respectfully request that Plaintiff's fraud claim is dismissed with prejudice.

**DATED** this 17th day of April 2026.

**GORDON REES SCULLY**

---

[5] Undisputed Statement of Facts ¶ 2
[6] Undisputed Statement of Facts ¶¶ 4-7

**MANSUKHANI, LLP**

*/s/ Ty Martin*
Charles W. Brown Jr.
Mark A. Nickel
Kyle C. Thompson
J. Tyler Martin
Ryan L Anderson
*Attorneys for Defendants*
*Rob Kolkman and Constable Kolkman LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2026, a true and correct copy of the foregoing **DEFENDANTS ROB KOLKMAN AND CONSTABLE KOLKMAN LLC'S MOTION FOR RECONSIDERATION** was filed with the Clerk of the Court using an approved electronic filing system, CM/ECF, which will automatically send notification of such filing to all counsel who have entered an appearance in this action.

*/s/ Kelsie Eilers*