David P. Gardner (10096)
Zachary C. Lindley (17261)
**KIRTON McCONKIE**
301 North 200 East, Suite 3A
St. George, UT 84770
Telephone: (435) 574-5672
dgardner@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Defendant Michael W. Erickson*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>      Plaintiff,<br><br>v.<br><br>ROB KOLKMAN, CONSTABLE KOLKMAN, LLC, and MICHAEL ERICKSON,<br><br>      Defendants. | **DEFENDANT MICHAEL ERICKSON'S OBJECTIONS TO JURY INSTRUCTIONS**<br><br>Case No. 2:23-cv-00420-TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

Defendant Michael W. Erickson ("Mr. Erickson"), by and through his counsel of record, and pursuant to the Court's order on April 21, 2026 at the conclusion of the second day of trial, submits his Objections to Jury Instructions.

### OBJECTIONS

As a threshold matter, Mr. Erickson objects generally to the Jury Instructions to the extent they do not include any of Mr. Erickson's Proposed Jury Instructions. *See* ECF 91. Mr. Erickson objects to the remaining Jury Instructions as follows:

**INSTRUCTION NO. 18:**

Mr. Erickson objects to the following language in Jury Instruction No. 18: "Falsely misrepresenting the character, amount, and legal status of the debt." In its Order on the parties' Motions in Limine, the Court "exclude[d] the evidence of the underlying validity and the amount of the debt for purposes of FDCPA liability." *See* ECF No. 174 at 10.

**INSTRUCTIONS NOS. 24-26:**

Mr. Erickson objects to the Jury Instructions Nos. 24-26 as being duplicative and cumulative of Jury Instruction No. 22.

**INSTRUCTIONS NO. 30:**

Mr. Erickson objects to the following language in Jury Instruction No. 30: "operating a debt collection agency that was not registered by the State of Utah." Up until the Court's determination in this case, Mr. Erickson did not believe he was a debt collector, nor was he at any time "operating a debt collection agency"—he was operating a constable service, which does not require any sort of registration. Mr. Erickson could not have had the required intent to commit fraud by "operating a debt collection agency that was not registered by the State of Utah," when he was unaware that he was required to do so in the first place.

**INSTRUCTION NO. 40:**

Mr. Erickson objects to the following language in Jury Instruction No. 40: "The alleged debt in this case arises from medical care Plaintiff received because of being injured at work. It was therefore for personal, family, or household purposes." In its Order on the parties' Motions in Limine, the Court "exclude[d] the evidence of the underlying validity and the amount of the debt for purposes of FDCPA liability." *See* ECF No. 174 at 10. As the Court pointed out, Plaintiff is "not complaining

2

about, seeking to overturn, or otherwise trying to have this Court alter the state court's judgment." *Id.* at 10. There is also no dispute that there was a valid Writ of Execution and that a valid default judgment was entered against Plaintiff for failing to respond to the underlying Complaint brought by Mountain Land.

**INSTRUCTION NO. 47:**

Mr. Erickson objects to the Jury Instructions Nos. 47-48, as no evidence has been admitted which would subject Mr. Erickson to punitive damages—certainly no evidence concerning "willful and malicious," or "intentionally fraudulent," or "reckless indifferen[t]" conduct.

DATED this 21st day of April 2026.

KIRTON McCONKIE

*/s/ David Gardner*
David P. Gardner
Zachary C. Lindley
*Attorneys for Defendant Michael W. Erickson*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April, 2026, I caused to be served the foregoing

**DEFENDANT MICHAEL ERICKSON'S OBJECTIONS TO JURY INSTRUCTIONS** to

counsel of record through the Court's electronic filing system.

_/s/ Zachary C. Lindley_____
_Attorney for Defendant Erickson_