IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

FILED IN U.S. DISTRICT COURT
DISTRICT OF UTAH .

APR 22 2026

GARY P. SEDAR
CLERK OF COURT
BY_____
DEPUTY CLERK

| | |
|---|---|
| CHARLES YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>ROB KOLKMAN, CONSTABLE KOLKMAN LLC, MICHAEL ERICKSON, and JOHN DOES 1–5,<br><br>Defendants. | JURY INSTRUCTIONS<br><br>Case No. 2:23-CV-00420-TS-CMR<br><br>Judge Ted Stewart<br>Magistrate Cecilia M. Romero |

INSTRUCTION NO. 1

It will be your duty to find from the evidence what the facts are. You, and you alone, are the judges of the facts. You will then have to apply to those facts the law as the Court will give it to you. You must follow that law whether you agree with it or not.

Nothing the Court may say or do during the course of the trial is intended to indicate nor should be taken by you as indicating what your verdict should be.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given in the instructions of the Court.

INSTRUCTION NO. 2

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other things received into the record as exhibits, and any facts the lawyers agree or stipulate to, or that the Court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1. Statements, arguments and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the Court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

INSTRUCTION NO. 3

This is a civil case. Plaintiff Charles Young has the burden of proving his case. Plaintiff brings two claims: First, Plaintiff alleges Defendants violated the Fair Debt Collections Practices Act, otherwise referred to as the "FDCPA." Second, Plaintiff alleges that Defendants committed fraud. Defendants deny both allegations.

To succeed on his FDCPA claim, Plaintiff has the burden of proving his claim by what is called the preponderance of the evidence. That means Plaintiff has to produce evidence which, considered in the light of all the facts, leads you to believe that what Plaintiff claims is more likely true than not. To put it differently, if you were to put Plaintiff's and Defendants' evidence on opposite sides of the scales, Plaintiff would have to make the scales tip somewhat on his side. If Plaintiff fails to meet this burden, the verdict must be for Defendants.

To succeed on his fraud claim, Plaintiff has the burden of proving his claim by a higher level of proof called clear and convincing evidence. That means the party must persuade you, by the evidence, to the point that there remains no serious or substantial doubt as to the truth of the fact.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case and you should therefore put it out of your mind. Proof by clear and convincing evidence requires a greater degree of persuasion than proof by a preponderance of the evidence but less than proof beyond a reasonable doubt.

INSTRUCTION NO. 4

The jury is the sole judge of the credibility of the witnesses and the weight given to their testimony.  You should take into consideration their demeanor upon the witness stand, their apparent intelligence or lack of intelligence, their means of knowledge of the facts testified to, the interest, if any, which any witness may have in the outcome of this trial, the prejudice or motives, or feelings of revenge, if any, which have been shown by the evidence.  In so doing, you may take into consideration all of the facts and circumstances in the case and give such weight as you think the same are entitled to, in light of your experience and knowledge of human affairs.

INSTRUCTION NO. 5

During the trial it may be necessary for me to talk with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

INSTRUCTION NO. 6

Next, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone, including fellow jurors, or permit anyone to discuss it with you.  Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case.   Not talking about this case means not talking about it in any way, including by Internet, e-mail, text message and instant communication devices or services, such as cell phones, Blackberrys, iPhones, or electronic social networking websites or blogs including Google, Facebook, X, TikTok, LinkedIn, Reddit, YouTube, and so on.

Second, do not read or listen to anything touching on this case in any way.  Do not watch or listen to any news reports concerning this trial on television or on the radio, and do not read any news accounts of this trial in a newspaper, on the Internet, or on any instant communication device, again including Facebook, X, and so on.  If anyone should try to talk to you about it, bring it to the Court's attention promptly.

Third, do not do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in.  Keep an open mind until you start your deliberations at the end of the case.

## INSTRUCTION NO. 7

At the end of trial, you must make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

INSTRUCTION NO. 8

In this case, Plaintiff Charles Young alleges that Defendants Michael Erickson, Rob Kolkman, and Constable Kolkman LLC, who are debt collectors, violated the FDCPA and committed fraud during the course of their efforts to collect on a judgment issued against Plaintiff.  Defendants deny the allegations.

## INSTRUCTION NO. 9

The trial will now begin.  First, each side may make an opening statement.  An opening statement is neither evidence nor argument; it is an outline of what that party intends to prove, offered to help you follow the evidence.

Next, Plaintiff will present his witnesses and Defendants may cross-examine them.  Then Defendants will present their witnesses and Plaintiff may cross-examine them.

After that, the attorneys will make their closing arguments to summarize and interpret the evidence for you and the Court will give you instructions on the law.

You will then retire to deliberate on your verdict.

INSTRUCTION NO. 10

MEMBERS OF THE JURY:

Now that you have heard the evidence, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law to the facts as you find them from the evidence in the case.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence of the case.

You are to disregard any evidence offered at trial and rejected by the Court. You are not to consider questions of counsel as evidence. You are not to consider the opening statements and the arguments of counsel as evidence. Their purpose is merely to assist you in analyzing and considering the evidence presented at trial.

The Court did not by any words uttered during the trial or in these instructions give or intimate, or wish to be understood by you as giving or intimating, any opinions as to what has or has not been proven in this case or as to what are or are not the facts of the case.

INSTRUCTION NO. 11

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the complaint of Plaintiff, and the answer thereto of Defendants. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

INSTRUCTION NO. 12

Unless you are otherwise instructed, the evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

Unless you are otherwise instructed, anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

INSTRUCTION NO. 13

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case.  One is direct evidence – such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence – the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the evidence in the case, both direct and circumstantial.

INSTRUCTION NO. 14

In determining the weight to be given to an opinion expressed by any witness who did not testify as an expert witness, you should consider his or her credibility, the extent of his or her opportunity to perceive the matters upon which his or her opinion is based and the reasons, if any, given for it.  You are not required to accept such an opinion but should give it the weight to which you find it entitled.

INSTRUCTION NO. 15

You, as jurors, are the sole judges of the credibility of witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witnesses, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all of the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor and manner while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

INSTRUCTION NO. 16

It is the duty of the attorney on each side of the case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  You should not show prejudice against any attorney or his or her client because the attorney has made an objection.

Upon allowing testimony or other evidence to be introduced over the objection of any attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of any such evidence.  As stated before, the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely, and may draw no inference from the wording of it or speculate as to what the witness would have said if he or she had been permitted to answer any question.

INSTRUCTION NO. 17

During the course of the trial, I have occasionally asked questions of a witness.

Do not assume that I hold any opinion on the matters to which my questions may relate.

The Court may ask a question simply to clarify a matter – not to help one side of the

case or hurt another side.

INSTRUCTION NO. 18

Plaintiff's claim is brought under a federal law called the Fair Debt Collection Practices Act, or FDCPA.  As I will instruct you in more detail shortly, the FDCPA provides that it is unlawful for a debt collector to use false, deceptive, misleading, or unfair representations or means to collect or attempt to collect any debt from a consumer.

Plaintiff alleges that Defendants violated the FDCPA by:

1.  Collecting or attempting to collect unauthorized or prohibited amounts, including fees.

2.  Threatening to take actions they did not intend to or were not authorized to carry out, including scheduled sales of Plaintiff's property and imposing additional fees.

3.  Falsely misrepresenting the character, amount, and legal status of the debt.

4.  Falsely implying governmental authority, including using and distributing written communications that were styled as official court filings and other legal processes.

5.  Failing to provide FDCPA notice requirements.

6.  Engaging in harassing or oppressive conduct.

Defendants deny Plaintiff's allegations.

INSTRUCTION NO. 19

Plaintiff has the burden of proving his FDCPA claim by a preponderance of the evidence. To prove by a preponderance of the evidence means to prove something is more likely so than not so. It does not mean the greater number of witnesses or exhibits. It means the evidence that has the more convincing force when taken on the whole compared to the evidence opposed to it. It means the evidence that leads you the jury to find that the existence of the disputed fact is more likely true than not true.

Any finding of fact you make must be based on probabilities, not possibilities. A finding of fact must not be based on speculation or conjecture.

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find" or "if you determine," I mean that you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

In determining whether any disputed fact has been proven by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits.

If a party fails to meet its burden of proof, or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must resolve the question against the party who has the burden of proof on that issue and in favor of the opposing party.

INSTRUCTION NO. 20

This case involves natural persons and a company.  The fact that one party is a company should not play any part in your deliberations.  The FDCPA does not differentiate between businesses and persons for purposes of imposing liability upon debt collectors.  Defendants may be liable even if acting together with others or through a business entity.

INSTRUCTION NO. 21

In order to prevail under the FDCPA, Plaintiff must prove by a preponderance of the evidence each of the following elements:

1.  Plaintiff is a "consumer" under the FDCPA.

2.  The "debt" arose out of a transaction entered into primarily for personal, family or household purposes.

3.  Defendant(s) are "debt collectors" as defined by the FDCPA; and

4.  Defendant(s) violated a provision of the FDCPA in attempting to collect a debt.

The first three elements have been settled: Plaintiff is a consumer under the FDCPA, the debt arose out of a transaction entered into primarily for personal, family, or household purposes, and Defendants Michael Erickson, Rob Kolkman, and Constable Kolkman, LLC are all debt collectors as defined by the FDCPA.

What remains for you to decide is the fourth element—whether Defendant(s) violated a provision of the FDCPA in attempting to collect a debt.

INSTRUCTION NO. 22

The FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.  The following conduct violates this prohibition:

A. Making a false representation or implying that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

B. Making false representations about the character, amount, or legal status of any debt.

C. Making false representations of any services rendered or compensation which may be lawfully received by a debt collector for the collection of a debt.

D. Representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

E. Threatening to take any action that cannot legally be taken or that is not intended to be taken.

F. Making false representations or implying that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to (a) lose any claim or defense to payment of the debt; or (b) become subject to any practice prohibited as being false, deceptive, or misleading.

G. Using or distributing any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court,

official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

H. Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

I. Failing to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

J. Failing to disclose in subsequent communications that the communication is from a debt collector.

K. Falsely representing or implying that documents are legal process.

L. Using any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

M. Engaging in any other conduct that constitutes false, deceptive, or misleading representations or means in connection with the collection of any debt.

INSTRUCTION NO. 23

In determining whether the Defendant(s)' representations were false, deceptive, or misleading, you must look at the representations through the eyes of the reasonable consumer.  In other words, a representation violates the FDCPA only if it is materially false, deceptive, or misleading to the reasonable consumer.

INSTRUCTION NO. 24

The FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.  The following conduct violates this prohibition:

A. The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

B. Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present intention to take possession of the property.

C. Engaging in any other conduct that constitutes unfair or unconscionable means to collect or attempt to collect a debt.

INSTRUCTION NO. 25

The FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  The following conduct violates this prohibition:

A.  Using or threatening to use violence or other criminal means to harm the physical person, reputation, or property of any person.

B.  Engaging in any other conduct that constitutes harassment, oppression, or abuse that occurs in connection with the collection of a debt.

INSTRUCTION NO. 26

The FDCPA requires debt collectors to notify a consumer and provide certain information in the debt collectors first communication with that consumer, or within five (5) days thereafter.  The following information must be provided:

The amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

The failure to provide any of these notices within five days of the debt collectors' initial communication violates the FDCPA.

INSTRUCTION NO. 27

The FDCPA is a strict liability statute. This means that a debt collector violates the FDCPA whenever its conduct falls within any of the prohibited categories, regardless of whether the debt collector intended to violate the law or knew its conduct was unlawful. In other words, you do not need to find that the Defendant(s) intended to violate the FDCPA. You need only find that the prohibited conduct occurred.

INSTRUCTION NO. 28

During all relevant times of the conduct that gave rise to this lawsuit, Utah law prohibited any person from engaging in the business of debt collection without having first registered with the State of Utah.

INSTRUCTION NO. 28A

Under Utah law, constables have authority to serve legal process, including writs of execution which authorize a constable to seize property, conduct a sale, and collect proceeds to satisfy a court-ordered judgment. Constables charge the following relevant fees:  $50 for serving a copy of any writ; $2.50 for each mile "necessarily traveled" from the courthouse (up to 100 miles); $15 for advertising, postponing, or canceling a sale; and for money collected on execution, 2% of the total amount up to the first $1,000 and 1.5% thereafter.

When serving legal process, a constable is required to prominently display a badge or other visible form of credentials and identification identifying the person as a constable, the person's name, and the county or municipality for which the constable is appointed.

INSTRUCTION NO. 28B

You have heard evidence and argument concerning allegedly fraudulent behavior. Plaintiff's fraud claim is no longer before you, so you will not decide that claim. Do not speculate as to the reason.

INSTRUCTION NO. 40

The following facts have been stipulated to, and you must accept them as true:

A.  Defendants are constables and were provided a writ and judgment against the Plaintiff.

B.  The Defendants in this case—Michael Erickson, Rob Kolkman, and Constable Kolkman LLC—are debt collectors for purposes of this case under the FDCPA.

INSTRUCTION NO. 41

I will now instruct you about damages. My instructions are given as a guide for calculating what damages should be if you find that Plaintiff is entitled to them. However, if you decide that Plaintiff is not entitled to recover damages, then you must disregard these instructions.

If you decide that Defendant(s) fault caused Plaintiff's harm, you must decide how much money will fairly and adequately compensate Plaintiff for that harm.

The fact that I am instructing you on damages does not mean that I am indicating that you should award any – that is entirely for you, the jury, to decide.

INSTRUCTION NO. 42

To be entitled to damages, Plaintiff must prove two points: First, that damages occurred. There must be a reasonable probability, not just speculation, that Plaintiff suffered damages from the respective Defendant's fault. Second, the amount of damages. The level of evidence required to prove the amount of damages is not as high as what is required to prove the occurrence of damages. There must still be evidence, not just speculation, that gives a reasonable estimate of the amount of damages, but the law does not require a mathematical certainty.

In other words, if Plaintiff has proved that he has been damaged and has established a reasonable estimate of those damages, the respective Defendant may not escape liability because of some uncertainty in the amount of damages.

I will instruct you on two types of damages: actual and statutory.

## INSTRUCTION NO. 43

There are two different types of actual damages: economic and noneconomic.

Economic damages are the amount of money that will fairly and adequately compensate Plaintiff for measurable losses of money or property caused by Defendant(s).

INSTRUCTION NO. 44

Noneconomic damages are the amount of money that will fairly and adequately compensate Plaintiff for losses other than economic losses.  Noneconomic damages are not capable of being exactly measured, and there is no fixed rule, standard or formula for them.

Noneconomic damages must still be awarded even though they may be difficult to compute. It is your duty to make this determination with calm and reasonable judgment. Types of noneconomic damages include personal humiliation, embarrassment, mental anguish, and emotional distress.

In awarding noneconomic damages, among the things that you may consider are:

1.  The nature and extent of injuries;

2.  The pain and suffering, both mental and physical;

3.  The extent to which Plaintiff has been prevented from pursuing his ordinary affairs;

4.  The extent to which Plaintiff has been limited in the enjoyment of life; and

5.  Whether the consequences of these injuries are likely to continue and for how long.

INSTRUCTION NO. 45

Plaintiff has a duty to exercise reasonable diligence and ordinary care to minimize the damages caused by the respective Defendant's fault. Any damages awarded to Plaintiff should not include those that Plaintiff could have avoided by taking reasonable steps. It is the respective Defendant's burden to prove that Plaintiff could have minimized his damages, but failed to do so. If Plaintiff made reasonable efforts to minimize his damages, then your award should include the amounts that he reasonably incurred to minimize them.

INSTRUCTION NO. 46

In addition to actual damages, and regardless of whether such damages are awarded, you may award statutory damages under the FDCPA in an amount not to exceed $1,000.00.

In determining the amount of statutory damages to be awarded, whether $1.00 or up to and including $1,000.00, you may consider among other relevant factors, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which noncompliance was intentional.

INSTRUCTION NO. 49

Upon retiring to the jury room you must elect one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

The verdict must represent the collective judgment of the jury.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors for the mere purpose of returning a unanimous verdict.

Remember at all times, you are not partisans.  You are judges - judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered.  Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be.  Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return.

What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

The Court has prepared a verdict form for your convenience. You are instructed that your answers to the interrogatories on the verdict form must be consistent with the instructions I have given you and with each other.

When you have reached a unanimous agreement as to your verdict, your foreperson will fill in, date and sign the verdict form upon which you have unanimously agreed. When you have reached unanimous agreement as to your verdict, the foreperson shall inform the court security.

## INSTRUCTION NO. 50

A copy of these instructions will also accompany you to the jury room. Do not write on the instructions. Do not concern yourselves with the number of the instructions, their sequence, or any gap in numbering. Instructions are numbered only for clerical convenience while the Court prepares the instructions.

INSTRUCTION NO. 51

If it becomes necessary during your deliberations to communicate with the Court, you may send a note through the court security officer, signed by your foreperson or by one or more jurors. No member of the jury should attempt to communicate with the Court by any means other than a signed writing; and the Court will never communicate with any member of the jury on any subject touching the merits of the case, otherwise than in writing or orally here in open court.

You will note from the oath the court security officer will take that he or she, as well as any other person, is also forbidden to communicate in any way with any juror about any subject touching the merits of the case.

Bear in mind also that you are not to reveal to any person – not even to the Court – how the jury stands numerically or otherwise until you have reached a unanimous verdict

INSTRUCTION NO. 52

The attitude and conduct of jurors at the outset of their deliberations are matters of considerable importance.  It is rarely productive or good for a juror, upon entering the jury room, to make an emphatic expression of his or her opinion on the case or to announce a determination to stand for a certain verdict.  When one does that at the outset, his or her sense of pride may be aroused, and he or she may hesitate to recede from an announced position if shown that it is wrong.

INSTRUCTION NO. 53

During your deliberations, you are able as a group to set your own schedule for deliberations. You may deliberate as late as you wish or recess at an appropriate time set by yourselves. You may set your own schedule for lunch and dinner breaks.

However, I do ask that you notify the court by a note when you plan to recess for the evening.