IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHARLES YOUNG,<br><br>        Plaintiff,<br><br>v.<br><br>ROB KOLKMAN, CONSTABLE KOLKMAN, LLC, and MICHAEL ERICKSON,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER ON DEFENDANTS' MOTIONS FOR JUDGMENT AS A MATTER OF LAW<br><br><br>Case No. 2:23-cv-00420-TS-CMR<br><br>District Judge Ted Stewart<br>Magistrate Judge Cecilia M. Romero |

This matter is before the Court on Defendants Michael Erickson, Rob Kolkman, and Constable Kolkman, LLC's oral Motions for Judgment as a Matter of Law on Plaintiff's claim under the Fair Debt Collection Practices Act ("FDCPA") and fraud claim, and alternatively, on Plaintiff's request for compensatory damages and punitive damages. Defendants made their Motions orally at the conclusion of Plaintiff's case-in-chief on April 22, 2026. Following Defendants' arguments, the Court issued an oral ruling granting the Motions as to Plaintiff's fraud claim and request for punitive damages, and denying the Motions as to Plaintiff's FDCPA claim and request for compensatory damages. The Court now issues a written ruling on the Motions which includes a more detailed analysis.

Federal Rule of Civil Procedure 50(a)(1) provides:

If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
(A) resolve the issue against the party; and
(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

In reviewing a Rule 50 Motion, the Court should review all of the evidence in the record.[1] However, all reasonable inferences are drawn in favor of the nonmoving party and the Court may "not make credibility determinations or weigh the evidence."[2] Judgment as a matter of law is appropriate "only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position"[3] and "[i]f there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law."[4]

As stated above, Defendants moved for judgement as a matter of law on Plaintiff's FDCPA and fraud claims, and requests for compensatory and punitive damages. The Court's analysis of each is included below.

FDCPA

To succeed on a claim under the FDCPA, Plaintiff must prove that: (1) Plaintiff is a "consumer" under the FDCPA, (2) the "debt" arose out of a transaction entered into primarily for personal, family or household purposes, (3) Defendants are "debt collectors" as defined by the FDCPA, and (4) Defendants violated a provision of the FDCPA in attempting to collect a debt.[5] The first three elements are not in dispute. Plaintiff, therefore, needed only present evidence that Defendants violated a provision of the FDCPA.

---

[1] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

[2] *Id.*

[3] *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996) (quoting *Q.E.R., Inc. v. Hickerson*, 880 F.2d 1178, 1180 (10th Cir. 1989)).

[4] *Baty v. Willamette Indus., Inc.*, 172 F.3d 1232, 1241 (10th Cir. 1999) (quoting *Harolds Stores, Inc. v. Dillard Dep't Stores*, 82 F.3d 1533, 1546–47 (10th Cir. 1996)).

[5] *See* 15 U.S.C. § 1692a *et seq; see Tavernaro v. Pioneer Credit Recovery, Inc.*, 43 F.4th 1062, 1067 (10th Cir. 2022).

Section 1692e of the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representations or means in connection with the collection of any debt."[6] Failure to disclose in initial and subsequent communications that the communication is from a debt collector violates this section.[7] The FDCPA also requires that, within five days of the initial communication, a debt collector convey the following information to a consumer: the amount of debt; the name of creditor to whom debt is owed; a statement that a consumer has 30 days to dispute the validity of the debt and that the failure to do so will cause the debt to be assumed to be valid; and that upon a consumer's written request, the debt collector will provide the consumer with the name and address of the original creditor, if now different.[8]

Plaintiff admitted into evidence letters sent to him by both Defendant Erickson and Kolkman Defendants that did not include the required notice disclosures, as described above.[9] Based on that evidence, the Court finds that a reasonable jury could find that Defendants violated the FDCPA.

Fraud

To support a claim for fraud, Plaintiff must show that: (1) Defendants made a false statement about an important fact; (2) Defendants made the statement either knowing it was false, or recklessly and without regard for its truth; (3) Defendants intended that Plaintiff would rely on the statement; (4) Plaintiff reasonably relied on the statement; and (5) Plaintiff suffered damages as a result of relying on the statement.[10]

---

[6] *Id*. § 1692e.

[7] *Id*. § 1692e(11).

[8] *Id*. § 1692g(a).

[9] Plaintiff Ex. Nos. 11, 16.

[10] *See Armed Forces Ins. Exch. v. Harrison*, 2003 UT 14 ¶ 16, 70 P.3d 35 (simplified).

During trial, Plaintiff argued that that Defendants committed fraud by using coercive, unlawful, deceptive, and manipulative methods to collect money from the Plaintiff, including by falsely representing they intended to conduct a sale of Plaintiff's property, which they never intended to do. To prove a misrepresentation of an intended future performance, Plaintiff must "prove that the representor, at the time of the representation, did not intend to perform the promise and made the representation for the purpose of deceiving the promisee."[11]

    a.  *Defendant Erickson*

Plaintiff testified that he made payments to Defendants to avoid a sale of his property. At trial, Plaintiff introduced two letters Defendant Erickson sent to Plaintiff containing statements regarding a proposed sale. The first letter gave notice of the proposed sale and included the date, time, and place it would occur.[12] The second letter stated that, to cancel the sale, Plaintiff must call to make payments or other arrangements.[13]

However, Plaintiff failed to produce sufficient evidence that Erickson did not intend to follow through on the sale at the time the letter was sent out, or that Erickson sent the letters with the intent to deceive Plaintiff.

At trial, Plaintiff introduced testimony from Quinn Kofford that he was not aware of Erickson conducting a sale, and from Andrea Croft that the purpose of sending the notice of proposed sale was to encourage the debtor to contact the constables to make arrangements to resolve the debt, including by setting up a payment plan, which was the preferred method of collecting on debts. Plaintiff also elicited testimony from Erickson that he could recall the

---

[11] *Andalex Res., Inc. v. Myers*, 871 P.2d 1041, 1047 (Utah Ct. App. 1994).

[12] Plaintiff Ex. No. 10.

[13] *Id*. No. 11.

specific details of only two property sales he conducted on behalf of Mountain Land Collections ("MLC"), the entity that owned the underlying debt in this case.

This evidence, alone, is not legally sufficient such that a reasonable jury could conclude that, when sending the notice of proposed sale, Erickson never intended to conduct the sale nor that Erickson sent the letter with the intent to deceive Plaintiff.

### b. *Kolkman Defendants*

Plaintiff failed to produce any evidence of a false statement made by Kolkman Defendants. The evidence at trial supported that the only communications between Kolkman Defendants and Plaintiff was a phone call to make a payment towards the debt, and a letter sent by Kolkman Defendants to Plaintiff, stating that Plaintiff had missed a payment.[14] Therefore, unlike with Defendant Erickson, Plaintiff did not produce any evidence that the Kolkman Defendants made a false statement to Plaintiff that induced him to make payments.

### c. *Compensatory Damages*

Plaintiff testified he made payments totaling around $400 and Defendants admitted to taking payments from Plaintiff via a payment plan. Further, Plaintiff testified that he experienced extreme stress and panic, which exacerbated pre-existing medical issues, had suicidal thoughts, and that some of his familial relationships suffered as a result of Defendants' debt collection efforts. This is sufficient evidence on which a reasonable jury could rely to award compensatory damages.

//

---

[14] *See* Plaintiff Ex. Nos. 16, 21.

### d. *Punitive Damages*

Punitive damages are available only in relation to Plaintiff's fraud claim. Because the Court granted Defendants' Rule 50 Motions as to Plaintiff's fraud claim, there was no basis to submit the issue of punitive damages to the jury. However, even if the fraud claim had survived, the Court finds that Plaintiff failed to present sufficient evidence of conduct warranting punitive damages.

To recover punitive damages, Plaintiff must prove by clear and convincing evidence that Defendants' conduct was willful and malicious, or intentionally fraudulent, or manifested a knowing and reckless indifference toward, or a disregard of, the rights of the Plaintiff or others.[15]

Plaintiff failed to present any evidence that Defendants' conduct amounted to such levels. By contrast, Quinn Kofford, who owned the underlying debt at issue, testified that it was his preference to set up payment plans because he believed it was a better and more fair approach for the consumer than taking their non-exempt property. Defendants also testified that they did not know their actions in setting up a payment plan exceeded the scope of their authority. Defendants further testified they did not believe that they were debt collectors under the FDCPA who needed to comply with the requirements therein. Evidence produced at trial supported that the extent of Defendants' interactions with Plaintiff, across roughly seven months, were comprised of: in-person service of the Writ of Execution, three phone conversations regarding the payment plan, and seven letters sent by Defendants to Plaintiff.[16]

In sum, punitive damages may be awarded only if they serve society's interest in "punishing and deterring outrageous and malicious conduct which is not likely to be deterred by

---

[15] *Long v. Stutesman*, 2011 UT App 438 ¶ 36, 269 P.3d 178 (citing Utah Code Ann. § 78B-8-201(1)(a)).

[16] *See* Plaintiff Ex. No. 21.

other means."[17] Plaintiff produced no evidence suggesting that Defendants' conduct was so outrageous or malicious that it warranted punishment in the form of punitive damages.

Based on the foregoing, the Court grants Defendants' Motions for Judgment as a Matter of Law as to Plaintiff's fraud claim and request for punitive damages, and denies the Motions as to Plaintiff's FDCPA claim and request for compensatory damages.

DATED April 28, 2026.

BY THE COURT:

TED STEWART
United States District Judge

---

[17] *Behrens v. Raleigh Hills Hosp., Inc.*, 675 P.2d 1179, 1186 (Utah 1983).