Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL ERICKSON, *et al.*,<br><br>    Defendants. | **MOTION FOR ATTORNEY'S FEES**<br><br>Case Number: 2:23-cv-00420<br><br>Judge: Ted Stewart<br>Magistrate Judge: Cecilia M. Romero |

Plaintiff respectfully requests an award of his attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

### INTRODUCTION

Plaintiff Charles Young prevailed at trial. The jury found that all three Defendants—Michael Erickson, Rob Kolkman, and Constable Kolkman LLC—violated the Fair Debt Collection Practices Act. Prior to trial, this Court granted partial summary judgment, holding that Defendants are "debt collectors" under the FDCPA and that the bona fide error defense does not apply. The jury then resolved the remaining issues and returned a verdict in Plaintiff's favor. Once a Plaintiff prevails under the FDCPA, a mandatory award of reasonable attorney's fees and costs follows as a matter of law.[1]

---

[1] 15 U.S.C. § 1692k(a)(3)

## STANDARD OF REVIEW

The Fair Debt Collection Practices Act provides for a mandatory award of costs and "a reasonable attorney's fee" to a prevailing plaintiff.[2] In determining the appropriate fee, courts apply the lodestar method, calculating the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.[3] The resulting lodestar figure is presumed to be reasonable.[4]

A fee award under the FDCPA is not proportional to the damages recovered. On the contrary, Congress enacted the statute's fee-shifting provision to ensure that competent counsel will undertake these cases regardless of the amount in controversy. As the Seventh Circuit has explained, "[i]n order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases."[5] "Unlike most private tort litigants, a plaintiff who brings an FDCPA action seeks to vindicate important rights that cannot be valued solely in monetary terms, and Congress has determined that the public as a whole has an interest in the vindication of those statutory rights."[6]

## ARGUMENT

**Plaintiff's Hourly Rate is Presumptively Reasonable**

Plaintiff's counsel requests an hourly rate of $450.00. That rate is reasonable, conservative, and firmly supported by controlling benchmarks and case law.

---

[2] 15 U.S.C. § 1692k(a)(3)
[3] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010)
[4] *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010)
[5] *Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir. 1995)
[6] *Id. (internal citations omitted)*

The most direct indicator of the prevailing market rate in Utah is the Utah Supreme Court's recent amendment to Rule 73 of the Utah Rules of Civil Procedure, which establishes a presumptive hourly rate of $475.00. That rate applies uniformly to all licensed attorneys in Utah and constitutes *prima facie* evidence of the market rate. Plaintiff's counsel seeks compensation $25.00 below that presumptive benchmark. That reinforces the reasonableness of the request.

Independent judicial authority also confirms this conclusion. Federal courts in this District have approved comparable or identical rates for experienced consumer protection counsel. In *Morrison v. Express Recovery Servs., Inc.*, Judge Waddoups found $450.00 per hour reasonable for similar work in the Salt Lake City market.[7] Utah state courts have likewise approved similar ranges for Plaintiff's counsel specifically, including $450.00 to $550.00 in *Jackson v. Merrick Bank*, Case No. 180906822 and consistent awards in *Frontgate v. Thompson*, Case No. 219912409.[8]

Additional objective market evidence further supports the requested rate. Courts have recognized that an attorney's actual billing rate, when paid by clients in the market, is strong evidence of reasonableness.[9] Plaintiff's counsel is currently compensated by paying clients at or above the requested rate.[Decl. of Counsel ¶¶ 8 and 10] That confirms Plaintiff's requested rate reflects the operative market value.

Counsel's experience and specialization further justify the requested rate. He has more than 22 years of civil litigation experience and has developed a

---

[7] *Morrison v. Express Recovery Servs.,* No. 1:17-cv-51, 2020 U.S. Dist. LEXIS 119995 *9 (D. Utah July 7, 2020)
[8] Decl. of Counsel ¶ 9
[9] *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 407 (7th Cir. 1999)

concentrated practice in consumer protection law including federal litigation under the FDCPA and FCRA.[10] He is among a limited number of practitioners in Utah with sustained expertise in this area. His work includes complex multi-plaintiff litigation, legal presentations on consumer protection topics, and published writing in the field. He also tried this matter to a jury verdict in Plaintiff's favor. As the Supreme Court has explained, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."[11]

In sum, the requested hourly rate of $450.00 is well supported. It falls below the Utah Supreme Court's presumptive market rate, aligns with judicially approved rates in both federal and state courts in Utah, and reflects more than two decades of specialized litigation experience. No reduction is warranted.

**Plaintiff's Time Incurred was Reasonable and Necessary**

Plaintiff's counsel expended more than 369.90 hours on this matter. Those hours were reasonable, necessary, and directly attributable to the prosecution of Plaintiff's FDCPA claims against Defendants.

This was a heavily contested matter at every stage. Defendants attempted to dismiss the case early on and later forced Plaintiff to engage in sustained discovery resistance that necessitated motion practice to compel basic responses. The parties fully litigated cross-motions for summary judgment which required additional substantive briefing. The litigation extended more than two years from filing through jury verdict.

---

[10] Decl. of Counsel ¶¶ 2-7
[11] *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)

Discovery was extensive and contested. Plaintiff took a deposition of Mountain Land Collections and defended the deposition of his client, Charles Young. Written discovery required repeated meet-and-confer efforts and motion practice before Defendants produced meaningful responses. Preparing for and participating in these depositions required substantial attorney time that was reasonably incurred and those depositions were critical to resolving this matter.

The case also presented a novel and legally unsettled issue: whether Utah constables qualify as "debt collectors" under the FDCPA when they engage in traditional debt collection efforts. That question and others were litigated through multiple motions to dismiss, summary judgment briefing, and ultimately trial. It required significant legal research and development in an area with limited controlling authority within this Circuit.

The 369.90 hours reflected in counsel's billing records, attached as Exhibit 1 to the Declaration, are a conservative accounting of time expended. Duplicative, excessive, or unnecessary entries have been excluded. The billable rate for some of those hours were reduced to lower amounts. Some time was not billed at all. And the remaining hours were reasonably necessary to litigate this matter to a successful jury verdict against three actively defending defendants who vigorously contested liability throughout this matter.

**The Result Obtained and the Nature of This Litigation Support a Full Award**

The most important factor in any fee award is the degree of success obtained.[12] Here, that issue falls squarely in Plaintiff's favor as he fully prevailed after more than two years of litigation against three actively defending defendants,

---

[12] *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)

a federal jury returned a verdict in his favor on his FDCPA claims. That is an excellent result by any measure and it supports a fully compensatory fee.

Defendants will likely argue that Plaintiff did not prevail on every claim because his fraud and punitive damages claims were dismissed mid-trial on Defendants' mid-trial Rule 50 motion. That does not justify any reduction. Those claims arose from the same facts as the FDCPA claims on which Plaintiff prevailed. The same witnesses, documents, depositions, and legal research were all inseparably intertwined with Plaintiff's FDCPA claims. Courts have consistently held that where claims are based on the same facts and cannot reasonably be divided, fees should not be reduced simply because some theories do not survive.[13] The Rule 50 ruling does not diminish the result achieved.

The public interest also supports a full award. These defendants were constables, officers who carry the appearance of government authority, but who used that mantle of authority to pressure consumers into paying debts to a private collection operation. The central legal question in this case—whether Utah constables acting as independent contractors qualify as "debt collectors" under the FDCPA—had not been clearly resolved in this Circuit. Plaintiff's counsel developed and litigated that theory from the beginning through motion practice, summary judgment, and trial. The result provides guidance for Utah consumers who receive collection demands on official-looking letterhead from constables operating in a private capacity.

These types of cases are also not desirable, easy to pursue, or economically attractive in the ordinary sense. The FDCPA caps statutory damages at $1,000, and while actual damages may exist, they are often limited. Without the

---

[13] *Hensley*, 461 U.S. at 435

availability of fee shifting, most competent counsel would have no practical reason to take these cases. That is exactly why Congress made an award of a prevailing plaintiff's attorney's fees and costs mandatory. As one court has explained, "[t]he ability to recover attorney's fees encourages competent counsel to accept these representations in order to vindicate consumers' rights."[14] Reducing the fee here would undermine that purpose.

Counsel also devoted substantial time and outlay of expenses to this matter that could not be spent on other work. The hours required to investigate, brief, conduct discovery, and try this case represent a real opportunity cost, which courts recognize as part of the reason fee awards must be fully compensatory.[15] "Unlike most private tort litigants, [a plaintiff who brings an FDCPA action] seeks to vindicate important * * * rights that cannot be valued solely in monetary terms"[16] and congress has determined that the public as a whole has an interest in the vindication of the statutory rights without apportionment to the award of monetary damages.[17]

The novelty and difficulty of the questions posed in this case also justify a full award. The legal question at the center of this case—whether a Utah constable operating as an independent contractor qualifies as a "debt collector" under the FDCPA—was novel, vigorously contested, and carried real litigation risk. Prior to this case, no court outside this District had directly addressed the question. And within this District, the authority was limited and non-binding on the specific facts presented here. Defendants seized and attempted to exploit that uncertainty

---

[14] *Lee v. Javitch, Block & Rathbone, LLP*, 568 F. Supp. 2d 870, 875 (S.D. Ohio 2008)
[15] *Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir. 1995)
[16] *City of Riverside v. Rivera*, 477 U.S. 561, 106 S. Ct. 2686, 91 L. Ed. 2d 466, (1986)
[17] *Id.*

at every stage, arguing that the absence of controlling precedent meant they were free to operate outside the statute entirely.

Developing and sustaining the legal theory that constables fall within the FDCPA's definition required significant research, creative legal argument, diligent efforts, and the willingness to litigate a difficult question that had no guaranteed answer. This Court's ruling on summary judgment—and the jury's verdict confirming liability—did not happen by accident. They are the product of sustained legal work in unsettled territory. That novelty and difficulty are recognized factors supporting a full fee award.[18]

Indeed, although the novelty and difficulty of this case would support a request for an upward multiplier to the lodestar, Plaintiff is not seeking one. Nonetheless, he "should be appropriately compensated for accepting the challenge."[19] Courts have recognized that in cases presenting exceptional difficulty, undesirability, or groundbreaking legal questions, an enhancement above the lodestar may be warranted.[20] This case would certainly qualify. Plaintiff nonetheless requests only the lodestar amount. That restraint reflects counsel's confidence that the hours expended and the rate requested are fully supported by the record—and that no enhancement is needed to arrive at a reasonable and fully compensatory fee.

CONCLUSION

Over the past decade, courts, bar associations, and legislatures have consistently recognized that access to justice for consumers depends on

---

[18] *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974)

[19] *Johnson v. Ga. Highway Express, Inc*., 488 F.2d 714, 718 (5th Cir. 1974)

[20] *Perdue v. Kenny A.*, 559 U.S. 542, 554 (2010)

meaningful fee shifting when plaintiffs prevail in consumer matters. That principle is built into the FDCPA itself.

Plaintiff Charles Young prevailed at trial. A federal jury found that all three Defendants violated the Fair Debt Collection Practices Act. The lodestar calculation is reasonable, supported by the record, and reflects the work required to litigate this case to verdict. A full award is therefore appropriate.

Plaintiff therefore respectfully requests an award of $155,877.50 in attorney's fees against Michael Erickson, Rob Kolkman, and Constable Kolkman LLC, jointly and severally, pursuant to 15 U.S.C. § 1692k(a)(3). He further reserves the right to request an award of his costs pursuant to Rule 54 and DUCivR 54-1.

DATED 5/4/2026                          Eric Stephenson
                                        *Attorney for the Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on 5/4/2026 I served the foregoing MOTION FOR ATTORNEY'S FEES to all counsel of record through this Court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*