Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>     Plaintiff,<br><br>vs.<br><br>MICHAEL ERICKSON, *et al.*,<br><br>    Defendants. | **DECLARATION OF COUNSEL IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Case Number: 2:23-cv-00420<br><br>Judge: Ted Stewart<br>Magistrate Judge: Cecilia M. Romero |

The undersigned, Eric Stephenson, declares as follows:

1. I am counsel for Plaintiff Charles Young in this matter and have personal knowledge of the facts stated in this Declaration. I submit it in support of Plaintiff's Motion for Attorney's Fees and Costs pursuant to 15 U.S.C. § 1692k(a)(3) and Fed. R. Civ. P. 54(d).

2. I have been licensed to practice law since 2003. I have been admitted to practice law in five states and currently practice exclusively in Utah. I have never been professionally disciplined and I have never been sued for malpractice.

3. Over the past 22 years, I have represented thousands of clients in consumer and commercial matters. My practice is currently focused primarily on consumer protection litigation, including claims under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 et seq., and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., both of which involve highly specialized areas of law.

4.      To my knowledge, very few other attorneys practice in FDCPA and FCRA litigation. Most attorneys who handle these cases also maintain broader consumer, bankruptcy, and debt relief practices. As a result, there are relatively few attorneys in the state with sustained, dedicated experience in this specific and technical area of federal consumer protection law.

5.      As lead counsel, I have obtained numerous reported decisions, including:

- *Carvana v. MFG Financial, Inc.*, 547 F. Supp. 2d 1219 (D. Utah 2008)
- *Reid v. LVNV Funding LLC*, No. 2:14CV471DAK, 2015 WL 926146 (D. Utah Mar. 4, 2015)
- *Hilgenberg v. Elggren & Peterson*, No. 2:13-CV-1086, 2015 WL 4077765 (D. Utah July 6, 2015)
- *Gallegos v. LVNV Funding LLC*, 169 F. Supp. 3d 1235 (D. Utah 2016)
- *Naranjo v. Cherrington Firm, LLC*, 285 F. Supp. 3d 1242 (D. Utah 2018)
- *Young v. NPAS, Inc.*, 361 F. Supp. 3d 1171 (D. Utah 2019)

6.      I regularly collaborate with other counsel on consumer and commercial litigation matters, including class actions and cases involving multiple parties and complex legal issues. I have completed hundreds of hours of continuing legal education focused primarily on consumer protection, FDCPA litigation, and related practice areas.

7.      As part of my practice, I have authored consumer-facing publications, including *The Ultimate Credit Score Guide: Understanding and Increasing Your Credit Rating* and *Freezing Your Credit Reports*. I have also

DECLARATION OF COUNSEL IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS

written numerous articles and delivered live presentations on consumer protection law to attorneys and other professionals.

8.      My hourly rate in this matter was $450.00. That rate is consistent with prevailing market rates in Utah for attorneys with comparable skill, experience, and specialization. The Utah Supreme Court recently amended Rule 73 of the Utah Rules of Civil Procedure to establish a presumptive hourly rate of $475.00 for licensed attorneys in Utah regardless of experience. My current rate is below that benchmark despite having more than 22 years of experience.

9.      Courts have also found my rate to be reasonable. Judge Clark Waddoups approved $450.00 per hour for experienced consumer protection counsel in this District.[1] Utah state courts have likewise approved comparable rates in matters in which I served as counsel, including *Jackson v. Merrick Bank*, Case No. 180906822, and *Frontgate v. Thompson*, Case No. 219912409.

10.      My billing records reflect three rates. The majority of work was billed at my standard hourly rate of $450.00. Certain tasks that are clerical or paralegal in nature—including filing scheduling orders, drafting subpoenas, searching online databases, and coordinating printing—were billed at $125.00 per hour although I personally performed them.

11.      Travel time was billed at $225.00 per hour—one-half my standard rate. This case required travel between my Saint George office and the Salt Lake City area on at least four separate occasions. One to defend Plaintiff's deposition on March 25, 2024, a second trip to hold the deposition of Mountain Land Collections on April 23, 2024, a third trip to attend the Final Pretrial Conference

---

[1] *Morrison v. Express Recovery Servs.,* No. 1:17-cv-51, 2020 U.S. Dist. LEXIS 119995 *9 (D. Utah July 7, 2020)

DECLARATION OF COUNSEL IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS

on April 7, 2026, and a fourth trip to try the case beginning April 20, 2026. Each leg of travel is separately reflected in my billing records at the reduced rate.

12.    My billing records also reflect some entries billed at $0.00. These represent attorney-client communications that I chose not to charge as a matter of professional judgment. They appear in my timesheet for completeness and to demonstrate that billing judgment was exercised throughout this representation, but they are not included in the fee total sought.

13.    I also represent clients on a non-contingent basis who pay my standard hourly rate of $450.00. That independently confirms that my rate reflects the prevailing market.

14.    Before accepting this case, I evaluated the claims, defenses, risks, and potential outcomes and developed an effective litigation strategy. The central legal issue was whether Utah constables acting as independent contractors qualify as debt collectors under the FDCPA. That question was novel and not well-settled in this or any other Circuit. It required ongoing research, analysis, discovery, and motion practice throughout the case to resolve that issue in my client's favor.

15.    Defendants also raised a variety of defenses and ancillary issues throughout the litigation including motions to dismiss and discovery matters. Plaintiff addressed each of those issues appropriately and ultimately obtained a verdict in his favor.

16.    All time for which I seek compensation was reasonably necessary to litigate this matter to successful completion. None of the work was unnecessary or duplicative. I also did not bill for certain incidental tasks, including brief emails, calls, and strategic evaluations and discussions even though they were part of the representation.

DECLARATION OF COUNSEL IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS

– 4 –

17.     I expended at least 369.90 hours prosecuting this case on Plaintiff's behalf. That work included investigation and case development, drafting pleadings, opposing multiple motions to dismiss, conducting and defending depositions, litigating discovery disputes, briefing and arguing cross motions for summary judgment, preparing for trial, trying the case, and preparing a Motion for Attorney's Fees. A true and correct copy of my billing records is attached to this Declaration.

18.     Based on my review of the time records and consideration of Rule 1.5 of the Utah Rules of Professional Conduct, a reasonable fee for the work I performed is $155,877.50.

19.     I also incurred $2,693.10 in taxable costs, including filing fees, deposition costs, and service fees.

20.     I also incurred an additional $1,222.60 for hotels incurred for necessary travel to prosecute this case. Invoices are attached.

21.     I am not seeking payment of both my time incurred traveling and my mileage incurred for that same travel. Nonetheless, I incurred mileage costs of $1,647.44 for four trips of necessary travel I incurred to successfully prosecute this case. The mileage for that travel is as follows:

March 24, 2024 to March 25, 2024, round trip of 602 miles at IRS mileage rate of .67 per mile = $403.34

April 20, 2024 to April 21, 2024, round trip of 554 miles at IRS mileage rate of .67 per mile = $371.18

April 6, 2026 to April 7, 2026, round trip of 602 miles at IRS mileage rate of .725 per mile = $436.46

April 19, 2026 to April 23, 2026, round trip of 602 miles at IRS mileage rate of .725 per mile = $436.46

DECLARATION OF COUNSEL IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS

I present this mileage information for the Court only in the alternative for this courts' awareness and consideration if it prefers to award my mileage instead of time expended for that travel.

22.    Because of the time required for this matter, I was necessarily precluded from accepting other work during portions of this case. During trial preparation alone, I rejected more than a dozen other matters as the trial preparations absorbed too much of my time to accept those new cases.

23.    The result I obtained in this matter was excellent. My client's case survived multiple motions to dismiss, the Court resolved key issues in my client's favor in summary judgment and a federal jury found that all three Defendants violated the FDCPA after more than two years of vigorously contested litigation.

24.    Throughout this matter, I represented Plaintiff competently and diligently and in full compliance with the Utah Rules of Professional Conduct.

I declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct.

DATED 5/4/2026                     Eric Stephenson
                                   *Attorney for the Plaintiff*

DECLARATION OF COUNSEL IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS