David P. Gardner (10096)
Zachary C. Lindley (17261)
**KIRTON McCONKIE**
301 North 200 East, Suite 3A
St. George, UT 84770
Telephone: (435) 574-5672
dgardner@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Defendant Michael W. Erickson*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>     Plaintiff,<br><br>v.<br><br>ROB KOLKMAN, CONSTABLE KOLKMAN, LLC, and MICHAEL ERICKSON,<br><br>     Defendants. | **DEFENDANT MICHAEL ERICKSON'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES [ECF NO. 199]**<br><br>Case No. 2:23-cv-00420-TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

Defendant Michael W. Erickson ("Mr. Erickson"), by and through his counsel of record, respectfully submits this Opposition to Plaintiff's Motion for Attorney's Fees (ECF No. 199). Defendant Erickson understands that counsel for Kolkman requested an extension to respond to the motion. Erickson's counsel requested a similar extension from counsel for Mr. Young, but the request has gone unanswered. For the sake of filing an objection to the motion for fees, Defendant Erickson submits the attached opposition and further joins in the arguments set forth by counsel for Kolkman in his anticipated opposition that will likely be filed in the next day or so.

4923-4081-2717.v1

## RELIEF REQUESTED AND GROUNDS

Mr. Erickson respectfully requests that the Court deny Plaintiff's Motion. Congress did not intend for plaintiffs' attorneys under the FDCPA's attorney fee provision to obtain *3,896%* more than a jury verdict awarded to a plaintiff, which is exactly what Mr. Stephenson is asking in this case.  The Court entered a judgment on the jury verdict for $4,000.00, and Mr. Stephenson is requesting a windfall of $155,877.50 be awarded to him, not his client, to compensate him for his alleged fees. The very notion of awarding attorney's fees to a prevailing party in a civil action is intended to reimburse a party for fees actually incurred and not overcompensate a lawyer whose own client receives a mere fraction of the relief that is sought.  While his own client only received 5% of what was requested at trial from the jury ($80,000), Mr. Stephenson now requests that the Court pay him the full value of his fees. There is nothing reasonable about the windfall he requests, especially because Mr. Stephenson and/or his client have acted unreasonably in failing to attempt a resolution of this case rather than proceeding to trial.  This is truly a case that should have been resolved months ago rather than proceed to trial.

The Motion fails to paint an accurate picture of the procedural and factual history of this case, the truth of which shows exactly why such a drastic and imbalanced attorney's fee award would be greatly unfair and unreasonable. Mr. Erickson tried to settle with Plaintiff several times before trial, including providing the following monetary offers: $7,500.00, on December 12, 2025 **Exhibit A**; $20,000.00 on February 11, 2026 **Exhibit B**, followed by an Offer of Judgment served on February 18, 2026 **Exhibit C**.  Even Mr. Erickson's lowest offer of $7,500.00, offered over 5 months ago, exceeds the judgment amount against Mr. Erickson by *$5,000.00*.  All the foregoing offers went completely unanswered by Plaintiff's counsel, and Mr. Erickson is not even sure if they were relayed

2

to Plaintiff, Charles Young, as required by the Utah Rules of Professional Conduct.  The failure of Plaintiff to make an counter-offer calls into question whether Mr. Young was ever given an opportunity to resolve this case.

Further, and importantly, Mr. Erickson is represented by counsel whom he pays, and has paid, *directly out of his own pocket*. He has no insurance in this case to help shoulder the burden of attorneys' fees that he has incurred and continues to incur to date. In fact, and based on his understanding, he may be the only party in this entire case that has such a burden.  Indeed, the Kolkman Defendants are represented by insurance defense counsel, and despite the representation by Plaintiff's counsel to the contrary in his filed Declaration (ECF No. 199-1 at ¶ 13), it is highly unlikely that Plaintiff is or ever has been responsible for paying his attorney's "hourly rate of $450.00" in this case.[1] Therefore, not only does Mr. Erickson have to pay for his own attorneys' fees out of his own pocket, but he also is now being asked to pay $155,877.50 for fees that Plaintiff may not be obligated to pay in the first place. This is all compounded by the fact that Mr. Erickson did prevail on Plaintiff's claim for fraud and obtained a jury verdict of only $1,000.00 for statutory damages, and only $1,500.00 for actual damages against him—when Plaintiff asked for $80,000.00 at trial. An award of any amount of attorney's fees against Mr. Erickson would therefore be wholly inequitable and unfair, but awarding Plaintiff $155,877.50 against him would be unbelievable.

---

[1] Mr. Erickson does not make this statement lightly. However, as neither the parties nor the Court have been presented with Plaintiff's fee agreement with his attorney, there has been no verification that Plaintiff is (or has been) obligated to pay his attorney's "hourly rate of $450.00." Indeed, where the statutory maximum penalty is only $1,000 on an FDCPA claim, and the likelihood of a high-dollar recovery for actual damages is low in these cases, combined with the fact that from trial, the parties and Court know that Plaintiff has (and has had) minimal monetary means, it is highly unlikely that Plaintiff would have agreed to pursue this case knowing that he may be on the hook for his attorney's fees in the amount of $155,877.50.

4923-4081-2717.v1

**ARGUMENT**

In addition to the foregoing, and pursuant to DUCivR 7-1(a)(8), Mr. Erickson hereby incorporates by reference the arguments set forth in the Opposition filed by Defendants Rob Kolkman and Constable Kolkman.

**CONCLUSION**

Based on the foregoing, Mr. Erickson respectfully requests that the Court deny Plaintiff's Motion.

DATED this 18th day of May, 2026.

KIRTON McCONKIE

*/s/ David Gardner*
David P. Gardner
Zachary C. Lindley
*Attorneys for Defendant Michael W. Erickson*

4

4923-4081-2717.v1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of May, 2026, I caused to be served the foregoing

**DEFENDANT MICHAEL ERICKSON'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES [ECF NO. 199]** to counsel of record through the Court's electronic filing system.

/s/ Mary Adamson
Legal Assistant

4923-4081-2717.v1