# EXHIBIT B

## David Gardner

| | |
|---|---|
| **From:** | Eric Stephenson <ericstephenson@utahjustice.com> |
| **Sent:** | Monday, February 16, 2026 1:02 PM |
| **To:** | David Gardner |
| **Subject:** | Re: Case 2:23-cv-00420-TS-CMR Young v. Erickson - Settlement Offer |

CAUTION: EXTERNAL

SETTLEMENT COMMUNICATION
PROTECTED BY RULE 408 OF THE FEDERAL RULES OF EVIDENCE

David,

Thank you for your settlement proposal. After consulting with my client he declines your $20,000 offer.

At this stage of litigation—with trial imminent—this proposal does not reflect a good-faith settlement position. The offer fails to account for the Court's prior rulings, the strength of Plaintiff's claims as they now stand, and the substantial attorney's fees and costs that have accrued under the FDCPA's mandatory fee-shifting provisions. The conditions you attached to the offer are also inappropriate in an FDCPA matter.

It is unfortunate that your client did not engage in meaningful settlement discussions earlier in this case when there was greater flexibility on both sides to reach a reasonable resolution.

If your client's financial constraints are genuine and material to settlement negotiations feel free to provide appropriate verification and we will reconsider our position. Absent such documentation we will proceed to trial as scheduled.

Sincerely,

**Eric Stephenson**
Managing Attorney

**STEPHENSON** LAW FIRM
(801) 386-5200 | Utahjustice.com

On 2/11/2026 4:24 PM, David Gardner wrote:

**RULE 408 CONFIDENTIAL SETTLEMENT COMMUNICATION**

Eric,

Now that we have some additional time to prepare for trial, my client wishes to make another attempt to settle this case. Please note that my client is not insured for this claim so any attempt to settle is coming out of his own pocket. Further, he has very limited resources to continue with this matter, and he wishes to get this case resolved.

1

You may recall my December 12 correspondence to you wherein we attempted to make a settlement offer for **$7,500**. To my knowledge, there has been no prior attempts to settle this claim with Mr. Erickson. As such, this was the only offer that was made in the case. If your client made a prior demand, I would appreciate knowing the amount.

You recently responded to this offer with a rejection from your client and no counteroffer. I find it hard to believe that your client was unwilling to make any counteroffer in the case, and I trust that you have properly advised your client of our offer and given him a chance to respond.

Mike is serious in that he wishes to resolve this matter and move on. As you know, Mike no longer engages in any of the "collection" activities you have identified in this case. He has very limited resources and no insurance to cover additional fees or costs litigating this matter. He is likely unable to pay a large judgment and would possibly be required to simply file for bankruptcy if the judgment is significant.

Typically, I do not allow my clients to "bid against themselves." In any event, my client wishes to make another offer to settle this case on a full and final basis by paying your client **$20,000**. In return for the settlement payment, my client requests that your client sign a Confidential Settlement Agreement and Release of Claims and be responsible to satisfy any subrogation claims, liens or claims for attorney's fees from the proceeds of the settlement. We will also request a dismissal with prejudice from the current lawsuit. The Release and Dismissal will pertain **only** to Michael Erickson and his related entities.

Mike sincerely requests that you convey this offer to your client and seriously consider either accepting the offer or making a counteroffer. Again, Mike has very limited resources and has done all he can to secure funds to make this attempt at resolution. If the offer is rejected, we will likely make the offer in the form of a formal Offer of Judgment to avoid paying costs associated with trying this case.

This offer will remain open until Friday, February 20, at which time, we will likely serve it as a formal Offer of Judgment. However, Mike would prefer to resolve this outside of a formal Offer if possible.

Please give me a call if you have any questions or need any additional information. I appreciate your consideration of this attempt to resolve this case.

Best regards,

Dave Gardner

**KIRTON | MᶜCONKIE**

St. George Office
301 N. 200 E., Ste. 3A
St. George, UT 84770
kirtonmcconkie.com

**David Gardner**
General Counsel

d 385.354.5473
dgardner@kmclaw.com

2

**CONFIDENTIALITY NOTICE:** This communication may contain attorney-client privileged information. If you received this communication in error, please alert me by replying to this email and delete it immediately. Do not misuse or transmit the information to anyone. Thank you.