# EXHIBIT C

## ANALYSIS AND BASIS OF ITEMIZED BILLING DEDUCTIONS

The burden rests with the fee applicant to show that the claimed hours are reasonable. *Blum,* 465 U.S. at 897, 104 S.Ct. at 1548. Attorneys "must keep meticulous, contemporaneous time records." *Ramos,* 713 F.2d at 553. "These records must reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks—for example, how many hours were spent researching, how many interviewing the client, how many drafting the complaint, and so on." *Id.* (footnote omitted). The records should be detailed enough for the court to separate out time spent on claims on which the party did not prevail, to identify hours that are unnecessary or excessive, and to determine if billing judgment was exercised. *See Hensley,* 461 U.S. at 434, 437, 103 S.Ct. at 1939–40, 1941.

| | | | |
|---|---|---|---|
| 3/17/2023 | **Outlined Complaint.  Reviewed documents from client.  Strategized what claims to include or exclude.**  This entry is not correctly itemized as required. DEDUCTION.  Approximately 75 percent of this Complaint is directed to non-FDCPA claims, or to Mountain Land Collections, who has already compensated Plaintiff's attorney for all fees associated with its claim.  Reasonably, 75 percent of the hours billed by Plaintiff for the Complaint should therefore be deducted. | -.9 | 1.2 |
| 3/17/2023 | **Reviewed documents from the client**.  Searched online to see what sales, if any, the constables have held in last two years.  Another sloppy compound entry. | | .50 |
| 3/17/2023 | **Drafted Complaint fact section.**  DEDUCTION.  Approximately 75 percent of this Complaint is directed to non-FDCPA claims, or to Mountain Land Collections, who has already compensated Plaintiff's attorney for all fees associated with its claim.  Within the fact section an even higher percentage is directed towards Mountain Land. Reasonably, 75 percent of the hours billed by Plaintiff for the Complaint should therefore be deducted. | -.4 | .50 |
| 3/20/2023 | **Drafted Complaint facts and legal claims.**  DEDUCTION. Approximately 75 percent of this Complaint is directed to non-FDCPA claims, or to Mountain Land Collections, who has already compensated Plaintiff's attorney for all fees associated with its claim.  When Plaintiff fails to break down tasks or provide any specificity, reasonably, 75 percent of the hours billed by Plaintiff for the Complaint should therefore be deducted. | -.5 | .70 |
| 3/21/2023 | **Drafted Complaint.**  DEDUCTION.  Approximately 75 percent of this Complaint is directed to non-FDCPA claims, or to Mountain Land Collections, who has already compensated Plaintiff's attorney | -.9 | 1.2 |

| | | | |
|---|---|---|---|
| | for all fees associated with its claim.  When Plaintiff fails to break down tasks or provide any specificity, reasonably, 75 percent of the hours billed by Plaintiff for the Complaint should therefore be deducted. | | |
| 3/22/2023 | **E-mail to Quinn Kofford.  No deduction.  Although it is unauthorized contact with a represented party in the lawsuit** | | .1 |
| 3/23/2023 | **Phone call with Quinn Kofford.** (contact with a represented party?) E-mail to client.  No deduction. | | .3 |
| 3/27/2023 | **Reviewed e-mails from client**.  No specific deduction. | | .2 |
| 3/28/2023 | **Reviewed additional documents from client**.  No deduction. | | .2 |
| 3/29/2023 | **Drafted Complaint after reviewing additional documents from the Plaintiff.**  Subject to the 75 percent Complaint deduction. | -1.5 | 2.0 |
| 3/29/2023 | **E-mail to outside counsel in New York about the case the various issues it raises.**  THIS IS NOT BILLABLE. | -.1 | .1 |
| 3/29/2023 | **Drafted Complaint.** DEDUCTION.  Approximately 75 percent of this Complaint is directed to non-FDCPA claims, or to Mountain Land Collections, who has already compensated Plaintiff's attorney for all fees associated with its claim.  When Plaintiff fails to break down tasks or provide any specificity, reasonably, 75 percent of the hours billed by Plaintiff for the Complaint should therefore be deducted. | -.4 | .50 |
| 4/19/2023 | **Reviewed case materials.  Drafted Complaint.** Poor timekeeping.  DEDUCTION.  Approximately 75 percent of this Complaint is directed to non-FDCPA claims, or to Mountain Land Collections, who has already compensated Plaintiff's attorney for all fees associated with its claim.  When Plaintiff fails to break down tasks or provide any specificity, reasonably, 75 percent of the hours billed by Plaintiff for the Complaint should therefore be deducted. | -1.1 | 2.3 |
| 4/21/2023 | **Email from Quinn Kofford on potential settlement**.  No deduction. | | .1 |
| 4/26/2023 | **Follow-up email from Quinn Kofford on settlement discussions**.  No deduction. | | .1 |
| 5/10/2023 | **Researched issues.  Drafted Notice of Claim.**  NON-BILLABLE.  The Notice of Claim is entirely related to the UGIA and Fraud claims against the constable defendants.  The UGIA does not apply to the FDCPA claims.  Therefore, all hours related to a Notice of Claim are not covered under the FDCPA attorney fee provision. | -.4 | .4 |
| 5/11/2023 | **Continued drafting Notice of claim.  Called POST to verify whether they wanted a copy of the notice.** The drafting and sending of the notice of claim is required under the Utah Government Immunity Act – for the fraud claim only.  Due to the Supremacy Clause, FDCPA claims are not subject to the Notice requirements of the UGIA.  The entire entry is therefore unrelated to the FDCPA and deducted. | -1.5 | 1.5 |

| 5/11/2023 | **Drafted Complaint**. DEDUCTION. Approximately 75 percent of this Complaint is directed to non-FDCPA claims, or to Mountain Land Collections, who has already compensated Plaintiff's attorney for all fees associated with its claim. When Plaintiff fails to break down tasks or provide any specificity, reasonably, 75 percent of the hours billed by Plaintiff for the Complaint should therefore be deducted. | -.3 | .4 |
|---|---|---|---|
| 5/13/2023 | **Phone call with outside counsel in New York about Notice of Claim, Section 1983 issues, and other similar issues.** This type of call is never billable. The Notice of Claim and Section 1983 issues are unrelated to the FDCPA claim. The entire entry should therefore be deducted. | -.5 | .5 |
| 5/15/2023 | **Finalized and served Notice of Claim by email. Also mailed a copy**. The entire entry concerns issues unrelated to the FDCPA claim. Therefore the entire entry should be deducted. | -.9 | .9 |
| 5/23/2023 | **E-mail to outside counsel in Connecticut.** No billing description or legitimate case related purpose is ascribed to this billing entry. NON BILLIABLE DEDUCTION | -.1 | .1 |
| 5/24/2023 | **Emails with client. He is having trouble sending me documents.** No deduction. | | .1 |
| 5/25/2023 | **Emails with Utah County Attorney's Office**. The entire billing entry is related to the UGIA and the Fraud claim. This is corroborated in the Complaint when Stephenson notes the response of the Utah County Attorney. Full deduction. | -.2 | .2 |
| 5/25/2023 | **Obtained and reviewed state case files.** This entry most likely refers to the original state case where the judgement debt was entered. It is not related to establishing an FDCPA case against the constables and is therefore not a valid attorney fee. | -.3 | .3 |
| 5/30/2023 | **Various e-mails with Utah County on GRAMA request.** They are having trouble sorting out the information. The billing entry is UGIA and FRAUD related. Full deduction. | -.1 | .1 |
| 6/1/2023 | **Reviewed records from GRAMA Request. Emails with client.** | | .2 |
| 6/14/2023 | **E-mailed Utah County for clarification on an issue.** This entry concerns the UGIA and the FRAUD claim. Full deduction. | -.1 | .1 |
| 6/21/2023 | Legal research, review of materials provided by outside counsel, reviewed e-mail from Utah County. This entry is UGIA and Fraud related. NON-BILLABLE | -.5 | .5 |
| 6/21/2023 | **Drafted Complaint**. DEDUCTION. Approximately 75 percent of this Complaint is directed to non-FDCPA claims, or to Mountain Land Collections, who has already compensated Plaintiff's attorney for all fees associated with its claim. When Plaintiff fails to break down tasks or provide any specificity, reasonably, 75 percent of the | -1.4 | 1.8 |

| | | | |
|---|---|---|---|
| | hours billed by Plaintiff for the Complaint should therefore be deducted. | | |
| 6/22/2023 | **Drafted Complaint to add in details about defendants' debt collection status.** DEDUCTION.  Approximately 75 percent of this Complaint is directed to non-FDCPA claims, or to Mountain Land Collections, who has already compensated Plaintiff's attorney for all fees associated with its claim.  When Plaintiff fails to break down tasks or provide any specificity, reasonably, 75 percent of the hours billed by Plaintiff for the Complaint should therefore be deducted. | -.2 | .3 |
| 6/26/2023 | **Last minute additions to Complaint.**  DEDUCTION.  Approximately 75 percent of this Complaint is directed to non-FDCPA claims, or to Mountain Land Collections, who has already compensated Plaintiff's attorney for all fees associated with its claim.  When Plaintiff fails to break down tasks or provide any specificity, reasonably, 75 percent of the hours billed by Plaintiff for the Complaint should therefore be deducted. | -.6 | .8 |
| 6/26/2023 | **E-mails with outside counsel in Utah about potentially collaborating.** This is an internal marketing and business call.  NOT BILLABLE DEDUCTION. | -.2 | .2 |
| 6/27/2023 | **Drafted Complaint.**  DEDUCTION.  Approximately 75 percent of this Complaint is directed to non-FDCPA claims, or to Mountain Land Collections, who has already compensated Plaintiff's attorney for all fees associated with its claim.  When Plaintiff fails to break down tasks or provide any specificity, reasonably, 75 percent of the hours billed by Plaintiff for the Complaint should therefore be deducted. | -.4 | .6 |
| 6/28/2023 | **Finalized and filed Complaint and cover sheet.  Prepared Summons for the Court clerks.** DEDUCTION.  Approximately 75 percent of this Complaint is directed to non-FDCPA claims, or to Mountain Land Collections, who has already compensated Plaintiff's attorney for all fees associated with its claim.  When Plaintiff fails to break down tasks or provide any specificity, reasonably, 75 percent of the hours billed by Plaintiff for the Complaint should therefore be deducted. | -.3 | .4 |
| 7/14/2023 | Emailed waiver of service to Mountain Land's counsel in response to request for same. NON-BILLABLE.  Plaintiff's attorney has already been compensated for these hours as part of their settlement. | -.1 | .1 |
| 7/17/2023 | **Received and reviewed signed waiver of service from David Grassi, counsel for MountainLand Collections.  Calendared response date.** NON-BILLABLE.  Plaintiff's attorney has already been compensated for these hours as part of their settlement with MLC. | -.1 | .1 |
| 8/17/2023 | **Drafted Amended Complaint to address anticipated issues**. | -.7 | .9 |

| | | | |
|---|---|---|---|
| | This is related to Stephenson's poor pleading in the Peretto case resulting in two successful 12(b)(6) motions. This correction is essentially a duplication of the amendments made in the Amended Peretto Complaint. DEDUCTION. Approximately 75 percent of this Complaint is directed to non-FDCPA claims, or to Mountain Land Collections, who has already compensated Plaintiff's attorney for all fees associated with its claim. When Plaintiff fails to break down tasks or provide any specificity, reasonably, 75 percent of the hours billed by Plaintiff for the Complaint should therefore be deducted. | | |
| 8/17/2023 | **Searched online sales** <br> Stephenson already billed for pulling this information on March 17, 2023. This is duplication for an irrelevant purpose. Full deduction | -.1 | .1 |
| 8/17/2023 | **Drafted Amended Complaint.** This is related to Stephenson's poor pleading in the Peretto case resulting in two successful 12(b)(6) motions. This correction is essentially a duplication of the amendments made in the Amended Peretto Complaint. DEDUCTION. Approximately 75 percent of this Complaint is directed to non-FDCPA claims, or to Mountain Land Collections, who has already compensated Plaintiff's attorney for all fees associated with its claim. When Plaintiff fails to break down tasks or provide any specificity, reasonably, 75 percent of the hours billed by Plaintiff for the Complaint should therefore be deducted. | -.6 | .9 |
| 8/18/2023 | **Worked on Amended Complaint.** This is related to Stephenson's poor pleading in the Peretto case resulting in two successful 12(b)(6) motions. This correction is essentially a duplication of the amendments made in the Amended Peretto Complaint. DEDUCTION. Approximately 75 percent of this Complaint is directed to non-FDCPA claims, or to Mountain Land Collections, who has already compensated Plaintiff's attorney for all fees associated with its claim. When Plaintiff fails to break down tasks or provide any specificity, reasonably, 75 percent of the hours billed by Plaintiff for the Complaint should therefore be deducted | -1.2 | 1.60 |
| 8/21/2023 | **Continued drafting Amended Complaint.** This is related to Stephenson's poor pleading in the Peretto case resulting in two successful 12(b)(6) motions. This correction is essentially a duplication of the amendments made in the Amended Peretto Complaint. DEDUCTION. Approximately 75 percent of this Complaint is directed to non-FDCPA claims, or to Mountain Land Collections, who has already compensated Plaintiff's attorney for all fees associated with its claim. When Plaintiff fails to break down tasks or provide any specificity, reasonably, 75 percent of the hours billed by Plaintiff for the Complaint should therefore be deducted | -.5 | .7 |
| 8/22/2023 | **Finished and filed Amended Complaint. Emailed opposing counsel to accept service of process. Emailed client.** | -1.5 | 2.00 |

| | | | |
|---|---|---|---|
| | This is related to Stephenson's poor pleading in the Peretto case resulting in two successful 12(b)(6) motions.  This correction is essentially a duplication of the amendments made in the Amended Peretto Complaint.  DEDUCTION.  Approximately 75 percent of this Complaint is directed to non-FDCPA claims, or to Mountain Land Collections, who has already compensated Plaintiff's attorney for all fees associated with its claim.  When Plaintiff fails to break down tasks or provide any specificity, reasonably, 75 percent of the hours billed by Plaintiff for the Complaint should therefore be deducted | | |
| 9/15/2023 | **Reviewed MLC's Motion to Dismiss.  Began Outlining Opposition Memorandum**. NON-BILLABLE.  Plaintiff's attorney has already been compensated as part of the settlement agreement with MLC. | -1.5 | 1.5 |
| 9/16/2023 | **Reviewed Motion to Dismiss. Researched issues. Started outlining response.** NON-BILLABLE.  Plaintiff's attorney has already been compensated as part of the settlement agreement with MLC. | -.4 | .4 |
| 9/18/2023 | **Worked on Opposition to Motion to Dismiss.** NON-BILLABLE.  Plaintiff's attorney has already been compensated as part of the settlement agreement with MLC. | -.9 | .9 |
| 9/19/2023 | **Drafted and researched Motion to Dismiss.** NON-BILLABLE.  Plaintiff's attorney has already been compensated as part of the settlement agreement with MLC. | -.7 | .7 |
| 9/21/2023 | **Drafted Opposition to Motion to Dismiss.** NON-BILLABLE.  Plaintiff's attorney has already been compensated as part of the settlement agreement with MLC. 50 percent deduction in hours for the Fraud claim would also apply to all Motions related to Complaint. | -1.5 | 1.5 |
| 9/25/2023 | **Worked on Opposition to Motion to Dismiss.**  NON-BILLABLE. Plaintiff's attorney has already been compensated as part of the settlement agreement with MLC. 50 percent deduction in hours for the Fraud claim would also apply to all Motions related to Complaint. | -.8 | .8 |
| 9/26/2023 | **Continued drafting opposition to MLC's attempt to dismiss the case.**  NON-BILLABLE.  Plaintiff's attorney has already been compensated as part of the settlement agreement with MLC. 50 percent deduction in hours for the Fraud claim would also apply to all Motions related to Complaint. | -2.4 | 2.4 |
| 9/27/2023 | **Drafted Memorandum in Opposition to MLC's Motion to Dismiss.** NON-BILLABLE.  Plaintiff's attorney has already been compensated as part of the settlement agreement with MLC. 50 percent deduction in hours for the Fraud claim would also apply to all Motions related to Complaint. | -.9 | .9 |
| 9/28/2023 | **Continued drafting opposition to motion to dismiss.** | -1.5 | 1.5 |

| Date | Description | | |
|---|---|---|---|
| | NON-BILLABLE.  Plaintiff's attorney has already been compensated as part of the settlement agreement with MLC. 50 percent deduction in hours for the Fraud claim would also apply to all Motions related to Complaint. | | |
| 9/29/2023 | **Received and reviewed Answer filed by the constable defendants**. Applying 50 percent Complaint deduction.  More than half of the Constable Answer to the Amended Complaint would have been addressing Paragraphs of allegations unrelated to their FDCPA claim. | -.1 | .3 |
| 10/3/2023 | **Finalized and filed Memorandum in Opposition to Motion to Dismiss.**  NON-BILLABLE.  Plaintiff's attorney has already been compensated as part of the settlement agreement with MLC. 50 percent deduction in hours for the Fraud claim would also apply to all Motions related to Complaint. | -1.2 | 1.2 |
| 10/17/2023 | **Drafted discovery requests.**  DEDUCTION.  There are several deductions for these discovery requests.  First, approximately 60 percent of the requests are unrelated to any element or factor needed to establish an FDCPA claim.  Second, these discovery requests are duplicative of a request format and question threads established in two prior FDCPA cases involving the same Constable defendants.  Factoring in the duplication of efforts and the quantity of written discovery requests unrelated to any FDCPA claim, a reduction of 75 percent is appropriate. | -2.25 | 3.0 |
| 10/17/2023 | **Reviewed Reply memorandum in support of motion to dismiss. Drafted and filed Request to submit.** NON-BILLABLE. Plaintiff's attorney has already been compensated as part of the settlement agreement with MLC. 50 percent deduction in hours for the Fraud claim would also apply to all Motions related to Complaint. | -.3 | .3 |
| 10/18/2023 | **Continued drafting discovery requests**.  Applying 75% deduction | -.1 | .2 |
| 10/18/2023 | Drafted and filed Request to Submit Motion to Dismiss This is the perfect example of work being created for billing purposes.  They have taught CLEs about the pointlessness of the Request to Submit filings.  FULL DEDUCTION | -.2 | .2 |
| 10/20/2023 | **Emailed opposing counsel to get case scheduled** | | .1 |
| 10/26/2023 | **Emailed opposing counsel.  Adjusted case schedule** | | .1 |
| 10/26/2023 | **Drafted discovery requests and initial disclosures.** The written discovery requests for Plaintiff's counsel were duplicative to the Requests for Admissions, Interrogatories, and Requests for Production generated in Stephenson's Peretto and Bonneville FDCPA cases.  In fact, Stephenson admitted in his arguments for his Short Form Discovery Motion and Motion to Compel that most of the requests pertained matters of third parties outside of the Young case. Furthermore, this Court found that | -.6 | .8 |

| Date | Description | | |
|---|---|---|---|
| | Stephenson's discovery requests in this case were not proportionate. The relevance arguments Stephenson made for the necessity of these written discovery requests were entirely related to information he claims was needed to litigate the fraud claims against the defendants in the case.  Therefore, we propose that because at least 75 percent of the time claimed by Stephenson for written discovery in this matter was entirely irrelevant to the Young case, or related to establishing the Fraud claim; and the written form questions were merely continuations or copies from the written discovery requests in Bonneville or Peretto, 75 percent of the time claimed by Stephenson should be deducted. | | |
| 10/28/2023 | **Finalized and served initial disclosures and first set of discovery requests.** The amount of time required to finalize basic initial disclosures and send the e-mail would be minimal.  3.0 of the 3.2 hours are related to the discovery requests, of which we are deducting 2.5 | -2.5 | 3.2 |
| 10/30/2023 | **Emails with opposing counsel** | | .2 |
| 10/30/2023 | **Filed IPT report and Proposed Scheduling Order.** This is secretarial or paralegal work.  The hourly rate should be $100 or less | | .1 |
| 10/31/2023 | **Filed Scheduling Order.**  This is secretarial/paralegal work.  Billed at $100 or less | | .1 |
| 11/2/2023 | E**-mail from opposing counsel providing initial disclosures from MLC**.  NON BILLABLE.  Receiving an e-mail is not a billable item that would ever be billed to a client.  In addition, this is MLC related and Plaintiff would have already been compensated. | -.1 | .1 |
| 11/6/2023 | **E-mails with outside counsel on potential issues that might arise during the case.**  NON BILLABLE.  This is not an item that would ever be billed to a client. | -.5 | .5 |
| 11/7/2023 | **Emails with outside counsel.**  NON BILLABLE.  This is not an item that would ever be billed to a client. | -.2 | .2 |
| 11/16/2023 | Reviewed defendants' initial disclosures | | .3 |
| 11/27/2023 | **Reviewed Mountain Land's discovery responses**.  NON BILLABLE to OTHER PARTIES.  Plaintiff already reached a settlement with Mountain Land which, considering Plaintiff has not requested attorney fees from Mountain Land Collections, would have included costs for attorney fees as part of the settlement.  Stephenson does not get to double bill for attorney fees already settled and paid. | -.5 | .5 |
| 11/27/2023 | **Reviewed constable discovery responses** | | .4 |
| 12/29/2023 | **Reviewed MLC's supplemental discovery responses.**  NON BILLABLE.  Plaintiff already reached a settlement with Mountain Land which, considering Plaintiff has not requested attorney fees from Mountain Land Collections, would have included costs for attorney fees as part of the settlement.  Stephenson does not get to double bill for attorney fees already settled and paid. | -.2 | .2 |

| 1/8/2024 | **Review Court's Order on MLC's Motion to Dismiss**. NON BILLABLE. Plaintiff already reached a settlement with Mountain Land which, considering Plaintiff has not requested attorney fees from Mountain Land Collections, would have included costs for attorney fees as part of the settlement. Stephenson does not get to double bill for attorney fees already settled and paid. | -.3 | .3 |
|---|---|---|---|
| 1/13/2024 | **Worked on Second Amended Complaint**. NON BILLABLE. This Amended Complaint was due to Mountain Land Successfully having the initial Complaint Dismissed. It is not the responsibility and not reasonable to request that the defendants pay attorney fees for the defective work of the Plaintiff's attorney. Furthermore, Plaintiff already reached a settlement with Mountain Land which, considering Plaintiff has not requested attorney fees from Mountain Land Collections, would have included costs for attorney fees as part of the settlement. Stephenson does not get to double bill for attorney fees already settled and paid. | -1.5 | 1.5 |
| 1/26/2024 | **Emailed opposing counsel to meet and confer** | | .1 |
| 1/30/2024 | **Continued drafting Second Amended Complaint.** NON BILLABLE. This Amended Complaint was drafted because Mountain Land successfully had the initial Complaint Dismissed. It is not the responsibility and not reasonable to request that the defendants pay attorney fees for the defective work of the Plaintiff's attorney. Furthermore, Plaintiff already reached a settlement with Mountain Land which, considering Plaintiff has not requested attorney fees from Mountain Land Collections, would have included costs for attorney fees as part of the settlement. Stephenson does not get to double bill for attorney fees already settled and paid. | -.6 | .6 |
| 1/31/2024 | **Drafted Amended Complaint to include needed factual allegations about the constable conduct, writ procedures, and FDCPA violations following the Court's partial dismissal order.** NON BILLABLE. This Amended Complaint was drafted because Mountain Land successfully had the initial Complaint Dismissed. It is not the responsibility and not reasonable to request that the defendants pay attorney fees for the defective work of the Plaintiff's attorney. Furthermore, Plaintiff already reached a settlement with Mountain Land which, considering Plaintiff has not requested attorney fees from Mountain Land Collections, would have included costs for attorney fees as part of the settlement. Stephenson does not get to double bill for attorney fees already settled and paid. | -2.3 | 2.3 |
| 1/31/2024 | **Searched Mountain Land Collections website and online ACA listing. Searched MLC's employees online.** NON BILLABLE. There is no legal reason for this labor listed. Furthermore, Plaintiff already reached a settlement with Mountain Land which, considering Plaintiff has not requested attorney fees from Mountain Land Collections, would have included costs for attorney fees as | -.3 | .3 |

| | | | |
|---|---|---|---|
| | part of the settlement.  Stephenson does not get to double bill for attorney fees already settled and paid. | | |
| 2/1/2024 | **Created Custom Xchange search.**  NON BILLABLE.  These matters are federal matters.  Xchange is a file system for Utah State Court. | -.2 | .2 |
| 2/1/2024 | **Continued drafting Second Amended Complaint.  Developed factual allegations on MLC's debt collection practices and constable coordination**.  NON BILLABLE.  This Amended Complaint was drafted because Mountain Land successfully had the initial Complaint Dismissed.  It is not the responsibility and not reasonable to request that the defendants pay attorney fees for the defective work of the Plaintiff's attorney.  Furthermore, Plaintiff already reached a settlement with Mountain Land which, considering Plaintiff has not requested attorney fees from Mountain Land Collections, would have included costs for attorney fees as part of the settlement.  Stephenson does not get to double bill for attorney fees already settled and paid. | -2.6 | 2.6 |
| 2/1/2024 | **Emails with David Gardner on meet and confer** | | .1 |
| 2/2/2024 | **Emailed client for case details** | | .1 |
| 2/2/2024 | **Continued drafting Second Amended Complaint to develop Section 1983 liability theory and FDCPA bona fide error claims**.  NON BILLABLE.  Hours spent on a failed 1983 liability theory cannot be claimed as FDCPA attorney fees, and the bona fide error description is non-sensical for a Complaint as this is a defense against an FDCPA claim, not a claim that can be made by a Plaintiff in a Complaint. | -1.5 | 1.5 |
| 2/3/2024 | **Continued drafting Second Amended Complaint.  Emailed client to confirm factual details needed for specific allegations.**  NON BILLABLE.  This Amended Complaint was drafted because Mountain Land successfully had the initial Complaint Dismissed.  It is not the responsibility and not reasonable to request that the defendants pay attorney fees for the defective work of the Plaintiff's attorney.  Furthermore, this entry does not list which claim or specific defendant this work pertained. | -.8 | .8 |
| 2/3/2024 | **Drafted Second Amended Complaint**.  NON BILLABLE. This Amended Complaint was drafted because Mountain Land successfully had the initial Complaint Dismissed.  It is not the responsibility and not reasonable to request that the defendants pay attorney fees for the defective work of the Plaintiff's attorney.  Furthermore, this entry does not list which claim or specific defendant this work pertained.  Plaintiff's attorney is REQUIRED to have these billing entries listed with specificity. | -1.5 | 1.5 |
| 2/5/2024 | **Emails with client to update on case strategy going forward** | | .1 |
| 2/5/2024 | **Legal research on tightening up stated claims and the necessary level of supporting allegations.**  NON BILLABLE.  This is a disguised and poorly detailed entry concerning the drafting of the | -2.0 | 2.0 |

| | | | |
|---|---|---|---|
| | Second Amended Complaint.  This Amended Complaint was drafted because Mountain Land successfully had the initial Complaint Dismissed.  It is not the responsibility and not reasonable to request that the defendants pay attorney fees for the defective work of the Plaintiff's attorney. | | |
| 2/5/2024 | **Continued drafting Second Amended Complaint.**  NON BILLABLE.  This Amended Complaint was drafted because Mountain Land successfully had the initial Complaint Dismissed.  It is not the responsibility and not reasonable to request that the defendants pay attorney fees for the defective work of the Plaintiff's attorney.  Furthermore, this entry does not list which claim or specific defendant this work pertained.  Plaintiff's attorney is REQUIRED to have these billing entries listed with specificity. | -1.0 | 1.0 |
| 2/6/2024 | **Continued drafting and revising Second Amendment Complaint to incorporate research on FDCPA violations, refined legal theories, and prepared exhibit list**.  NON BILLABLE.  This Amended Complaint was drafted because Mountain Land successfully had the initial Complaint Dismissed.  It is not the responsibility and not reasonable to request that the defendants pay attorney fees for the defective work of the Plaintiff's attorney.  Furthermore, this entry does not list which claim or specific defendant this work pertained. | -2.5 | 2.5 |
| 2/6/2024 | **Emails on attorney search.**  NON BILLABLE.  This is not pertinent to an FDCPA claim | -.1 | .1 |
| 2/6/2024 | **Emails on Custom Xchange Search.**  NON BILLABLE.  A court file service for Utah State Court is not pertinent to a Federal FDCPA claim. | -.2 | .2 |
| 2/7/2024 | **Finalized Second Amended Complaint.  Assembled, reviewed, and labeled exhibits.  Confirmed final factual details with client.  Filed with the Court.**  NON BILLABLE.  This Amended Complaint was drafted because Mountain Land successfully had the initial Complaint Dismissed.  It is not the responsibility and not reasonable to request that the defendants pay attorney fees for the defective work of the Plaintiff's attorney.  Furthermore, this entry does not list which claim or specific defendant this work pertained. | -1.8 | 1.8 |
| 2/7/2024 | **Received and reviewed email on defendant's supplemental discovery responses.**  This entry is non-specific and noncompliant with the required detail needed for asking attorney fees. | | .1 |
| 2/7/2024 | **Emails with client to update on the case** | | .1 |
| 2/9/2024 | **Emails with client to answer questions** | | .1 |
| 2/21/2024 | **Drafted meet and confer letter.  E-mailed opposing counsel to meet and confer.**  This is an excessive billing for writing an email demanding a meeting to discuss discovery | -.1 | .5 |
| 2/21/2024 | **Received and reviewed Answer filed by Mountain Land Collections.** NON BILLABLE.  Plaintiff already reached a settlement with Mountain Land which, considering Plaintiff has not | -.3 | .3 |

| | | | |
|---|---|---|---|
| | requested attorney fees from Mountain Land Collections, would have included costs for attorney fees as part of the settlement. Stephenson does not get to double bill for attorney fees already settled and paid. | | |
| 2/23/2024 | **Emailed client for deposition scheduling and preparation** | | .1 |
| 2/27/2024 | **Emails with client on deposition** | | .1 |
| 2/28/2024 | **Reviewed discovery responses from constables.  Drafted Motion to Compel.**  This is an improper blending of two distinct legal activities.  It does not provide enough detail as to which Constable or why a Motion to Compel would be needed.  Furthermore, Plaintiff's attorney failed with this motion. The failed motion requested that constables respond to discovery requests not related or relevant to Plaintiff's FDCPA claims.  Therefore, this line item consists of time spent on motions not related to an FDCPA claim and should receive no FDCPA attorney fee compensation.  Finally, this was a motion that would have been improperly filed because the necessary meet and confer elements had not been satisfied. | -.5 | 1.10 |
| 2/29/2024 | **Finalized and filed Motion to Compel.**  NON BILLABLE.  This is either a misplaced or fraudulent entry by Plaintiff's attorney.  According to the docket, the Motion to Compel was not filed until 5/11/2024. | -.6 | .6 |
| 3/5/2024 | **Drafted and emailed proposed order on Motion to Compel.**  NON BILLABLE.  This is either a misplaced or fraudulent entry by Plaintiff's attorney.  According to the docket, there was no Motion to Compel for another two months. | -.2 | .2 |
| 3/5/2024 | **Emailed client a case update** | | .1 |
| 3/6/2024 | **Emails back and forth with client** | | .2 |
| 3/13/2024 | **Emails with opposing counsel to meet and confer about their discovery responses.** | | .2 |
| 3/14/2024 | **Drafted Rule 30(b)(6) Notice of Deposition.  Emailed opposing counsel. Arranged for deposition court reporter.**  This entry is improper.  It does not indicate the defendant, and melds multiple lawyer and paralegal tasks into the same entry.  It is also a MLC entry and therefore NON-BILLABLE due to prior compensation being provided through the settlement agreement. | -.4 | .4 |
| 3/14/2024 | **Reviewed discovery in preparation for meet and confer. Decided to hold off and send second set of written discovery and schedule deposition.  Emailed opposing counsel.**  Hours accumulated due to the review of Mountain Land Collection are not billable as attorney fees due to the prior reimbursement for these fees as part of their  settlement agreement.  This is an improper billing entry because it doesn't indicate the necessary detail that would be expected of a billing entry sent to a client. | -.2 | .6 |
| 3/14/2024 | **Drafted second discovery requests.**  The written discovery requests for Plaintiff's counsel were duplicative to the Requests for Admissions, Interrogatories, and Requests for Production generated | -1.3 | 1.8 |

| | | | |
|---|---|---|---|
| | in Stephenson's Peretto and Bonneville FDCPA cases.  In fact, Stephenson admitted in his arguments for his Short Form Discovery Motion and Motion to Compel that most of the requests pertained to matters of third parties outside of the Young case. Furthermore, this Court found that Stephenson's discovery requests in this case were not proportionate.  The relevance arguments Stephenson made for the necessity of these written discovery requests were entirely related to information he claims was needed in order to litigate the fraud claims against the defendants in the case.  Finally, the settlement agreement with Mountain Land Collections was all inclusive, meaning that Plaintiff's attorney has already been compensated for the hours spend in litigation against Mountain Land Collections.  Therefore, we propose that because at least 75 percent of the time claimed by Stephenson for written discovery in this matter was entirely irrelevant to the Young case, or related to establishing the Fraud claim; or was directed to Mountain Land; and the written form questions were merely continuations or copies from the written discovery requests in Bonneville or Peretto, 75 percent of the time claimed by Stephenson should be deducted. | | |
| 3/18/2024 | **Emails with client to schedule his deposition preparation** | | .1 |
| 3/20/2024 | **Emails with client to explain next steps** | | .2 |
| 3/21/2024 | **Phone call and emails with client.**  DEDUCTION.  For such a large billing entry (1.5), no client would accept this complete lack of detail as to the reason for the call and the bill, or the FDCPA justification for the charge. | -.5 | 1.5 |
| 3/22/2024 | **Reviewed MLC's objections to the Rule 30(b)(6) deposition notice.  Drafted and emailed letter of response.  Reviewed the Defendant's answers to discovery requests and Answers filed in the case.  Drafted and served Amended Notice of Deposition.**  NON-BILLABLE.  Plaintiff reached a settlement agreement with Mountain Land Collections.  This agreement included attorney fees, as evidenced by the fact that Plaintiff's attorney is not seeking attorney fees from Mountain Land Collections.  Plaintiff's attorney Stephenson has therefore already been full compensated for any hours directed against Mountain Land Collections in this matter.  Any attempt to bill hours not broken down with specificity by defendant, we consider to be double billing. | -1.6 | 1.6 |
| 3/22/2024 | **Drafted and filed Request to Submit Discovery Motion.**  SECRETARIAL. | | .2 |
| 3/24/2024 | **Travel time from office to deposition.**  DEDUCTION.  It is not common to be charged full travel time, at full rate, by ones attorney. | -2.0 | 4.1 |
| 3/25/2024 | **Attended Charles Young Deposition** DEDUCTION.  A reduction of 1/3 has been made for the compensation already received by Plaintiff's attorney from the Mountain Land Collection settlement. | -3.8 | 5.8 |
| 3/25/2024 | **Spoke with client about deposition** | | .6 |

| | | | |
|---|---|---|---|
| 3/25/2024 | **Travel time from deposition to office**. It is not common to be charged full travel time, at full rate, by ones attorney. | -2.0 | 4.1 |
| 4/1/2024 | **Emails with court reporter to set up depositions.** SECRETARIAL | | .2 |
| 4/1/2024 | **Changed deposition location.  Emailed opposing counsel**. SECRETARIAL | | .1 |
| 4/2/2024 | **Reviewed email from opposing counsel and responded.  He is willing to have his client approximate the number of writs and other things in its deposition answers**.  NON-BILLABLE.  This time is directed to Mountain Land Collections, for which Plaintiff's attorney has already been compensated. | -.2 | .2 |
| 4/4/2024 | **Emails with opposing counsel about deposition issues** | | .1 |
| 4/12/2024 | **Emails with client on deposition corrections** | | .2 |
| 4/16/2024 | **Worked on outlines and exhibits for MLC deposition of Quinn Kofford**. NON-BILLABLE.  This time is directed to Mountain Land Collections, for which Plaintiff's attorney has already been compensated. | -1.5 | 1.5 |
| 4/17/2024 | **Emails with client.** | | .2 |
| 4/17/2024 | **Preparation for Quinn Kofford 30(b)(6) deposition. Drafted examination outline, organized exhibits, reviewed deposition transcript from client deposition, and prepared follow-up questions based on MLC's interrogatory responses.** NON-BILLABLE.  This time is directed to Mountain Land Collections, for which Plaintiff's attorney has already been compensated. | -2.6 | 2.6 |
| 4/18/2024 | **Continued preparation for Quinn Kofford 30(b)(6) deposition. Reviewed MLC's discovery responses and refined outline**. NON-BILLABLE.  This time is directed to Mountain Land Collections, for which Plaintiff's attorney has already been compensated. | -.8 | .8 |
| 4/19/2024 | **Deposition preparation for MLC Rule 30(b)(6) deposition**. NON-BILLABLE.  This time is directed to Mountain Land Collections, for which Plaintiff's attorney has already been compensated. | -.5 | .5 |
| 4/20/2024 | **Continued preparation for Quinn Kofford 30(b)(6) deposition. Prepared exhibits and finalized examination outline.** NON-BILLABLE.  This time is directed to Mountain Land Collections, for which Plaintiff's attorney has already been compensated. | -2.9 | 2.9 |
| 4/21/2024 | **Travel time to MLC deposition.** NON-BILLABLE.  This time is directed to Mountain Land Collections, for which Plaintiff's attorney has already been compensated. | -4.5 | 4.5 |
| 4/23/2024 | **Post-deposition conference with Mountain Land's attorney.** NON-BILLABLE.  This time is directed to Mountain Land Collections, for which Plaintiff's attorney has already been compensated. | -.2 | .2 |
| 4/23/2024 | **Final preparation for deposition. Conducted deposition of Quinn Kofford.** NON-BILLABLE.  This time is directed to | -3.2 | 3.2 |

| | | | |
|---|---|---|---|
| | Mountain Land Collections, for which Plaintiff's attorney has already been compensated. | | |
| 4/23/2024 | **Travel time from MLC deposition back to the office**. NON-BILLABLE.  This time is directed to Mountain Land Collections, for which Plaintiff's attorney has already been compensated. | -4.5 | 4.5 |
| 4/25/2024 | **Drafted and filed ex parte motion for more time to meet and confer.  Emailed opposing counsel's assistant**. | | .2 |
| 4/25/2024 | **Outlined and began drafting Motion for Summary Judgement**.  DEDUCTION.  This entry includes time for Mountain Land Collections, for which Plaintiff's attorney has already been compensated.  There were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, 50 percent of the hours would have necessarily been allocated to litigation of the fraud claim and not subject to the FDCPA attorney fees provision.  An additional 33 percent of the hours spent on litigation against Mountain Land Collections for FDCPA violations should also be reduced.  Therefore, reasonably, a 60-65 percent deduction should be applied to all hours claimed for this motion. | -.3 | .5 |
| 5/5/2024 | **Reviewed Quinn Kofford deposition.  Highlighted key admissions.  Catalogued responses.**  NON-BILLABLE.  This time is directed to Mountain Land Collections, for which Plaintiff's attorney has already been compensated. | -1.0 | 1 |
| 5/7/2024 | **Drafted motion for summary judgement.**  DEDUCTION. This entry includes time for Mountain Land Collections, for which Plaintiff's attorney has already been compensated.  There were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, 50 percent of the hours would have necessarily been allocated to litigation of the fraud claim and not subject to the FDCPA attorney fees provision.  An additional 33 percent of the hours spent on litigation against Mountain Land Collections for FDCPA violations should also be reduced.  Therefore, reasonably, a 60-65 percent deduction should be applied to all hours claimed for this motion. | -1.2 | 2.0 |
| 5/8/2024 | **Worked on Motion for Summary Judgement.** DEDUCTION. This entry includes time for Mountain Land Collections, for which Plaintiff's attorney has already been compensated.  There were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, 50 percent of the hours would have necessarily been allocated to litigation of the fraud claim and not subject to the FDCPA attorney fees provision.  An additional 33 percent of the hours spent on litigation against Mountain Land Collections for FDCPA violations should also be reduced.  Therefore, reasonably, a 60-65 percent deduction should be applied to all hours claimed for this motion | -.6 | .8 |

| | | | |
|---|---|---|---|
| 5/9/2024 | **Drafted Motion for Partial Summary Judgement.** DEDUCTION.  This entry includes time for Mountain Land Collections, for which Plaintiff's attorney has already been compensated.  There were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, 50 percent of the hours would have necessarily been allocated to litigation of the fraud claim and not subject to the FDCPA attorney fees provision.  An additional 33 percent of the hours spent on litigation against Mountain Land Collections for FDCPA violations should also be reduced.  Therefore, reasonably, a 60-65 percent deduction should be applied to all hours claimed for this motion | -1.9 | 2.6 |
| 5/10/2024 | **Organized exhibits.  Checked all citations.  Continued drafting Motion for Partial Summary Judgement.** DEDUCTION.  This entry includes time for Mountain Land Collections, for which Plaintiff's attorney has already been compensated.  There were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, 50 percent of the hours would have necessarily been allocated to litigation of the fraud claim and not subject to the FDCPA attorney fees provision.  An additional 33 percent of the hours spent on litigation against Mountain Land Collections for FDCPA violations should also be reduced.  Therefore, reasonably, a 60-65 percent deduction should be applied to all hours claimed for this motion | -1.4 | 2.1 |
| 5/13/2024 | **Finalized Motion for Summary Judgement.  Organized Exhibits.  Drafted Appendix.  Filed Motion.** DEDUCTION.  This entry includes time for Mountain Land Collections, for which Plaintiff's attorney has already been compensated.  There were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, 50 percent of the hours would have necessarily been allocated to litigation of the fraud claim and not subject to the FDCPA attorney fees provision.  An additional 33 percent of the hours spent on litigation against Mountain Land Collections for FDCPA violations should also be reduced.  Therefore, reasonably, a 60-65 percent deduction should be applied to all hours claimed for this motion | -2.3 | 3.5 |
| 5/13/2024 | **Worked on Motion for Partial Summary Judgement.  Built out the appendix.** DEDUCTION.  This entry includes time for Mountain Land Collections, for which Plaintiff's attorney has already been compensated.  There were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, 50 percent of the hours would have necessarily been allocated to litigation of the fraud claim and not subject to the FDCPA attorney fees provision.  An additional 33 percent of the hours spent on litigation against Mountain Land Collections for FDCPA violations should also be reduced. | -.6 | 1.0 |

| | | | |
|---|---|---|---|
| | Therefore, reasonably, a 60-65 percent deduction should be applied to all hours claimed for this motion | | |
| 5/14/2024 | **Email from opposing counsel with low ball settlement offer. Email to client on recommendations.** This appears to be an entry written for the Court after the fact. | | .1 |
| 5/16/2024 | **Phone call to client** | | .1 |
| 5/21/2024 | **Drafted Motion to Deem Requests for Admission Admitted.** NON-BILLABLE. This motion does not exist anywhere on the docket. There is no evidence of this motion ever being created or filed – at least not for this FDCPA case of Mr. Stephenson. The only Motion for Short Form Discovery was filed 10 days prior to this entry. | -2.5 | 2.5 |
| 5/21/2024 | **Reviewed Defendants' responses to Requests for Admissions. Outlined Motion to Deem Admissions Admitted.** NON-BILLABLE. This motion does not exist anywhere on the docket. There is no evidence of this motion ever being created or filed – at least not for this FDCPA case of Mr. Stephenson. The only Motion for Short Form Discovery was filed 10 days prior to this entry. | -.5 | .5 |
| 5/22/2024 | **Worked more on Motion to Deem Admitted the Requests for Admissions.** NON-BILLABLE. This motion does not exist anywhere on the docket. There is no evidence of this motion ever being created or filed – at least not for this FDCPA case of Mr. Stephenson. The only Motion for Short Form Discovery was filed 10 days prior to this entry. | -.9 | .9 |
| 5/22/2024 | **Emails with opposing counsel to arrange Erickson deposition** | | .2 |
| 5/22/2024 | **Researched and drafted motion to deem admissions admitted.** NON-BILLABLE. This motion does not exist anywhere on the docket. There is no evidence of this motion ever being created or filed – at least not for this FDCPA case of Mr. Stephenson. The only Motion for Short Form Discovery was filed 10 days prior to this entry. | -.3 | .3 |
| 5/23/2024 | **Emails with opposing counsel on status report and discovery matters** | | .4 |
| 5/25/2024 | **Email from David Gardner about our prior discussion** | | .1 |
| 5/28/2024 | **Continued drafting Motion seeking to deem requests for admissions admitted.** NON-BILLABLE. This motion does not exist anywhere on the docket. There is no evidence of this motion ever being created or filed – at least not for this FDCPA case of Mr. Stephenson. The only Motion for Short Form Discovery was filed 10 days prior to this entry. | -1.2 | 1.2 |
| 5/29/2024 | **Emailed David Gardner for approval on Motion to Dismiss Mountain Land. Received and read his email back** | | .1 |
| 5/29/2024 | **Emailed David Gardner with updated Dismissal filing** | | .1 |
| 6/3/2024 | **Filed Dismissal of Mountain Land Collections.** NON-BILLABLE. Plaintiff's attorney has already been compensated for all MLC charges. | -.1 | .1 |

| | | | |
|---|---|---|---|
| 6/10/2024 | **Reviewed Motion for Partial Summary Judgement and Opposition to Motion for Partial Summary Judgement.** DEDUCTION. There were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, 50 percent of the hours would have necessarily been allocated to litigation of the fraud claim and not subject to the FDCPA attorney fees provision and a reasonable deduction of 50 percent of these hours should be applied. | -.2 | .4 |
| 6/10/2024 | **Began outlining Opposition to Defendants' Motion for Summary Judgement.** DEDUCTION  There were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, 50 percent of the hours would have necessarily been allocated to litigation of the fraud claim and not subject to the FDCPA attorney fees provision. | -.8 | 1.5 |
| 6/10/2024 | **Drafted motion to deem admissions admitted**.  NON-BILLABLE.  This motion does not exist anywhere on the docket.  There is no evidence of this motion ever being created or filed – at least not for this FDCPA case of Mr. Stephenson.  The only Motion for Short Form Discovery was filed 10 days prior to this entry, which was lost by the Plaintiff.  These were frivolous actions taken more for the purpose of billing hours than progressing the client's case. | -.6 | .6 |
| 6/10/2024 | **Began drafting Reply on Motion for Partial Summary Judgement.** DEDUCTION. There were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, 50 percent of the hours would have necessarily been allocated to litigation of the fraud claim and not subject to the FDCPA attorney fees provision and a reasonable deduction of 50 percent of these hours should be applied. | -1.1 | 2.1 |
| 6/17/2024 | **Emailed opposing counsel for extension of time and proposed order.  Emails with opposing counsel.  Filed the motion with approval** | -.1 | .2 |
| 6/17/2024 | **Emailed client a case update** | | .1 |
| 6/19/2024 | **Call to client for information needed to answer discovery.  Incorporated those answers into the discovery response.** DEDUCTION.  50 percent of the written discovery sent to Plaintiff was directed to the defendant's defense against the Fraud claim brought by the Plaintiff.  Therefore, since Plaintiff's billing entries are all so generic as to not include any detail as to the specifics of the time spent, it is reasonable to reduce all hours by a flat 50 percent to account for the time not covered by the FDCPA attorney fee provision. | -1.0 | 2.0 |
| 6/20/2024 | **Phone call to client.  Left message on his voicemail.  Email to client** | | .2 |
| 6/21/2024 | **Email to client.  Drafted letter to client.  Additional emails with client.** DEDUCTION.  There needs to be details pertaining to some | -.3 | .5 |

| | | | |
|---|---|---|---|
| | aspect of the case.  It is not reasonable to bill $225 talking about the weather. | | |
| 6/21/2024 | **Prepared responses to discovery requests.** DEDUCTION.  50 percent of the written discovery sent to Plaintiff was directed to the defendant's defense against the Fraud claim brought by the Plaintiff. Therefore, since Plaintiff's billing entries are all so generic as to not include any detail as to the specifics of the time spent, it is reasonable to reduce all hours by a flat 50 percent to account for the time not covered by the FDCPA attorney fee provision. | -.8 | 1.5 |
| 6/21/2024 | **Researched legal issues for Motions for Summary Judgement. Drafted Reply Memorandum.** DEDUCTION. There were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, 50 percent of the hours would have necessarily been allocated to litigation of the fraud claim and not subject to the FDCPA attorney fees provision and a reasonable deduction of 50 percent of these hours should be applied. | -.8 | 1.6 |
| 6/21/2024 | **Continued drafting Reply Memo in Support of MSJ** DEDUCTION. There were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, 50 percent of the hours would have necessarily been allocated to litigation of the fraud claim and not subject to the FDCPA attorney fees provision and a reasonable deduction of 50 percent of these hours should be applied. | -.8 | 1.7 |
| 6/24/2024 | **Drafted Reply Memorandum in Support of MSJ.** DEDUCTION. There were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, 50 percent of the hours would have necessarily been allocated to litigation of the fraud claim and not subject to the FDCPA attorney fees provision and a reasonable deduction of 50 percent of these hours should be applied. | -.3 | .6 |
| 6/25/2024 | **Drafted Reply on Motion for Summary Judgement.** DEDUCTION. There were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, 50 percent of the hours would have necessarily been allocated to litigation of the fraud claim and not subject to the FDCPA attorney fees provision and a reasonable deduction of 50 percent of these hours should be applied. | -1.8 | 3.5 |
| 6/25/2024 | **Drafted Reply Memo for partial summary judgement** | -.4 | .8 |
| 6/26/2024 | **Researched Tenth Circuit FDCPA precedent on bona fide error defense and constable liability.** <COMMENT.  This research was already attributed and billed with the Complaint.> **Continued drafting Reply Memorandum in Support of Motion for Summary Judgement.** DEDUCTION to HALF of the ENTRY. There were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, 50 | -.7 | 2.7 |

| | | | |
|---|---|---|---|
| | percent of the hours would have necessarily been allocated to litigation of the fraud claim and not subject to the FDCPA attorney fees provision and a reasonable deduction of 50 percent of these hours should be applied. | | |
| 6/26/2024 | **Worked more on Reply Memorandum in Support of Motion for Partial Summary Judgement.** DEDUCTION. There were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, 50 percent of the hours would have necessarily been allocated to litigation of the fraud claim and not subject to the FDCPA attorney fees provision and a reasonable deduction of 50 percent of these hours should be applied. | -.6 | 1.2 |
| 6/27/2024 | **Legal research on issues raised by Defendants' opposition to MSJ.** DEDUCTION. There were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, 50 percent of the hours would have necessarily been allocated to litigation of the fraud claim and not subject to the FDCPA attorney fees provision and a reasonable deduction of 50 percent of these hours should be applied. | -1.3 | 2.6 |
| 6/27/2024 | **Drafted Reply on MSJ.** DEDUCTION. There were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, 50 percent of the hours would have necessarily been allocated to litigation of the fraud claim and not subject to the FDCPA attorney fees provision and a reasonable deduction of 50 percent of these hours should be applied. | -.5 | 1.00 |
| 6/28/2024 | **Drafted and researched Reply Memorandum on Motion for Partial Summary Judgement. Reviewed case file and evidence**. DEDUCTION. There were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, 50 percent of the hours would have necessarily been allocated to litigation of the fraud claim and not subject to the FDCPA attorney fees provision and a reasonable deduction of 50 percent of these hours should be applied. | -.9 | 1.90 |
| 6/29/2024 | **Continued drafting Reply Memorandum in Support of MSJ. Reviewed case record for factual citations.** DEDUCTION. There were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, 50 percent of the hours would have necessarily been allocated to litigation of the fraud claim and not subject to the FDCPA attorney fees provision and a reasonable deduction of 50 percent of these hours should be applied. | -.3 | .6 |
| 6/29/2024 | **Began drafting Opposition to Defendants' Cross Motion for Partial Summary Judgement. Legal research on cross-MSJ issues** | -.7 | 1.4 |
| 6/29/2024 | **Preparation for Hearing on Motion to Compel**. DEDUCTION. The Plaintiff's Short Form Discovery Motion consisted primarily of | -.6 | .8 |

| | | | |
|---|---|---|---|
| | requests for information irrelevant and unrelated to Young and his FDCPA case, as the Court noted in its Order on the matter on October 15, 2024.  Therefore, it is reasonable to reduce the majority of hours spent by the Plaintiff's attorney for these related motions by at least 75 percent, as they are not covered under the FDCPA attorney fee provisions. | | |
| 6/29/2024 | **Reviewed cross motion for summary judgement.  Began drafting opposition.**  DEDUCTION. There were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, 50 percent of the hours would have necessarily been allocated to litigation of the fraud claim and not subject to the FDCPA attorney fees provision and a reasonable deduction of 50 percent of these hours should be applied. | -.3 | .6 |
| 6/29/2024 | **Finalized and filed Reply Memorandum in Support of Motion for Partial Summary Judgement.**  DEDUCTION. There were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, 50 percent of the hours would have necessarily been allocated to litigation of the fraud claim and not subject to the FDCPA attorney fees provision and a reasonable deduction of 50 percent of these hours should be applied. | -.2 | .4 |
| 7/1/2024 | **Prepared for and attended hearing on Motion to Compel.** DEDUCTION.  The Plaintiff's Short Form Discovery Motion consisted primarily of requests for information irrelevant and unrelated to Young and his FDCPA case, as the Court noted in its Order on the matter on October 15, 2024.  Therefore, it is reasonable to reduce the majority of hours spent by the Plaintiff's attorney for these related motions by at least 75 percent, as they are not covered under the FDCPA attorney fee provisions. | -1.00 | 1.2 |
| 7/1/2024 | **Drafted Reply on MSJ and Opposition to Cross MSJ.** DEDUCTION. There were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, since Plaintiff's billing entries are all so generic as to not include any detail as to the specifics of the time spent, it is reasonable to reduce all hours by a flat 50 percent to account for the time not covered by the FDCPA attorney fee provision. | -.1 | .3 |
| 7/1/2024 | **Drafted opposition to cross motion for summary judgement.** DEDUCTION. There were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, since Plaintiff's billing entries are all so generic as to not include any detail as to the specifics of the time spent, it is reasonable to reduce all hours by a flat 50 percent to account for the time not covered by the FDCPA attorney fee provision. | -1.0 | 2.0 |
| 7/2/2024 | **Finalized and filed Reply on Partial Motion for Summary Judgement and Opposition Memorandum to Defendant's Cross Motion for Partial Summary Judgement.**  DEDUCTION. There | -.5 | .9 |

| | | | |
|---|---|---|---|
| | were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, since Plaintiff's billing entries are all so generic as to not include any detail as to the specifics of the time spent, it is reasonable to reduce all hours by a flat 50 percent to account for the time not covered by the FDCPA attorney fee provision. | | |
| 8/5/2024 | **Reviewed Defendants' Reply on Cross Motion for Summary Judgement.** DEDUCTION. There were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, since Plaintiff's billing entries are all so generic as to not include any detail as to the specifics of the time spent, it is reasonable to reduce all hours by a flat 50 percent to account for the time not covered by the FDCPA attorney fee provision. | -.1 | .2 |
| 9/11/2024 | **Filed request to submit motion for summary judgement** | | .1 |
| 10/15/2024 | **Reviewed order on discovery motions.** DEDUCTION. The Plaintiff's Short Form Discovery Motion consisted primarily of requests for information irrelevant and unrelated to Young and his FDCPA case, as the Court noted in its Order on the matter on October 15, 2024. Therefore, it is reasonable to reduce the majority of hours spent by the Plaintiff's attorney for these related motions by at least 75 percent, as they are not covered under the FDCPA attorney fee provisions. | -.1 | .2 |
| 10/31/2024 | **Emails with client** | | .1 |
| 2/17/2025 | **Drafted Motion for Judicial Notice. Organized exhibits.** NON-BILLABLE. This was a frivolous motion. It would be unreasonable to expect its payment. | -1.5 | 1.5 |
| 3/5/2025 | **Emailed opposing counsel for extension of time on Reply Memorandum** NON-BILLABLE. FRIVOLOUS` | -.1 | .1 |
| 3/8/2025 | **Reviewed opposition to motion for judicial notice. Outlined and researched reply. Began drafting memorandum.** NON-BILLABLE. This was a frivolous motion, so much so that the court never addressed it. It would be unreasonable to expect anyone to pay for this. | -1.9 | 1.9 |
| 3/10/2025 | **Finalized and filed Reply Memorandum in Support of Motion for Judicial Notice.** NON-BILLABLE. This was a frivolous motion, so much so that the court never addressed it. It would be unreasonable to expect anyone to pay for this, let alone allow to allow Stephenson to pass it off as $2-$3k in attorney fees necessary to litigate a FDCPA claim. | -3.4 | 3.4 |
| 3/26/2025 | **Reviewed Denial of Summary Judgement Motions. Strategized how to use the order going forward**. DEDUCTION. There were two claims made by the Plaintiff, only one of which is subject to the attorney fees provision of the FDCPA Therefore, since Plaintiff's billing entries are all so generic as to not include any detail as to the specifics of the time spent, it is reasonable to reduce all hours by a | -.2 | .5 |

| | | | |
|---|---|---|---|
| | flat 50 percent to account for the time not covered by the FDCPA attorney fee provision. | | |
| 3/26/2025 | **Prepared and filed Motion for Pretrial Conference and proposed order on same request** | | .1 |
| 5/20/2025 | **Emails with client about settlement options and damages** | | .3 |
| 5/21/2025 | **Emails with client on possible settlement** | | .2 |
| 5/22/2025 | **Emails with opposing counsel about discovery, and a status report** | | .1 |
| 5/22/2025 | **Drafted status report** | | .2 |
| 5/23/2025 | **Emails with opposing counsel. Amended Status Report. Filed Status Report** | | .2 |
| 6/5/2025 | **Emailed opposing counsel for deposition dates and discovery responses ordered by the court.** | | .1 |
| 6/24/2025 | **Emails with client** | | .1 |
| 6/24/2025 | **Phone call with opposing counsel about deposition of Michael Erickson and written discovery they must still produce** | | .1 |
| 6/24/2025 | **Worked on deposition outlines.** NON-BILLABLE. No deposition was scheduled. No request of any specific person to depose in the Young case was discussed. There could not possibly be any time related to a deposition without any date scheduled, and if the Court looks further in Plaintiff's entries, no deposition occurred. Yet Plaintiff's attorney claims more than 5.5 of billable hours to prepare for a non-existent deposition. | -3.0 | 3.0 |
| 6/25/2025 | **Worked on deposition outlines and prepared exhibits.** NON-BILLABLE. No deposition was scheduled. No request of any specific person to depose in the Young case was discussed. There could not possibly be any time related to a deposition without any date scheduled, and if the Court looks further in Plaintiff's entries, no deposition occurred. Yet Plaintiff's attorney claims more than 5.5 of billable hours to prepare for a non-existent deposition. | -2.5 | 2.5 |
| 7/1/2025 | **Emailed opposing counsel for production of discovery materials** | | .1 |
| 9/16/2025 | **Emailed client for settlement approval and authority** | | .1 |
| 10/6/2025 | **Emails with client** | | .1 |
| | | | |