IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHARLES YOUNG,<br><br>              Plaintiff,<br><br>v.<br><br>ROB KOLKMAN, CONSTABLE KOLKMAN, LLC, and MICHAEL ERICKSON,<br><br>              Defendants. | MEMORANDUM DECISION AND ORDER IMPOSING SANCTIONS<br><br><br>Case No. 2:23-cv-00420-TS-CMR<br><br>District Judge Ted Stewart<br>Magistrate Judge Cecilia M. Romero |

On April 20, 2026, the Court conducted a three-day jury trial in this matter. Only a few days before, on April 16, 2026, Kolkman Defendants filed a Motion for Reconsideration[1] of the Court's summary judgment order issued on March 26, 2025 ("Summary Judgment Order"). The same day, Defendant Erickson separately filed a Motion for Reconsideration incorporating by reference the entirety of Kolkman Defendants' Motion.[2]

In the Court's Summary Judgment Order, the Court ruled that Defendants exceeded the scope of their authority as constables by setting up payment plans with judgment debtors, and therefore, the Fair Debt Collection Practices Act's ("FDCPA") state officer exemption and the bona fide error defense did not apply to them as a matter of law. Defendants then conceded in the Pretrial Order that they were "debt collectors for purposes of this case under [FDCPA]."[3] In its

---

[1] Docket No. 168.

[2] Docket No. 169.

[3] Docket No. 170, at 3. "An order entered pursuant to Rule 16(e) supersedes the pleadings and controls the subsequent course of litigation." *Tyler v. City of Manhattan*, 118 F.3d 1400, 1403 (10th Cir. 1997). "Factual assertions in pleadings and pretrial orders, unless amended, are

1

Motions, Defendants' counsel argued the Court applied an unduly narrow interpretation of the FDCPA's state-officer exemption, failed to properly account for the undisputed evidence demonstrating that Defendants were acting within their official duties, and did not consider intervening legislative changes.

On April 18, 2026, the Court denied the Motions (the "Reconsideration Order").[4] Considering the apparent bad faith exhibited by the timing of the filings and the frivolity of the arguments raised therein, the Court ordered Defendants' counsel to show cause as to why they should not be sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure and the Court's inherent power to sanction abusive conduct. Before the start of the trial on April 20, Defendants' counsel appeared before the Court to show cause. Mark A. Nickel, speaking on behalf of counsel for Kolkman Defendants, stated that the issues raised in the Motion, particularly in relation to the recently passed Utah legislation, needed to be brought to the Court's attention and counsel was generally not sure of the appropriate time to raise the issues. He stated he could not speak as to why they were not brought to the Court's attention at the final pretrial conference. Mr. Nickel also reaffirmed his support of the arguments made in the Motions.

David P. Gardner, speaking on behalf of counsel for Defendant Erickson, stated they joined the Motion hoping it would facilitate settlement discussions, but did not review it as carefully as they should have. Mr. Gardner apologized for the untimeliness. After Plaintiff's

---

considered judicial admissions conclusively binding on the party who made them." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (internal quotation marks and citation omitted).

[4] Docket No. 182.

counsel spoke, Mr. Nickel stated that Kolkman Defendants did not bring the Motion for the purpose of pressuring settlement.

Rule 11 provides that by presenting a written motion to the court, "whether by signing, filing, . . . or later advocating it," an attorney "certifies that to the best of the person's knowledge, information, and belief," after reasonable inquiry, that: "it is not being presented for an improper purpose, such has to harass . . . ;" the "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law . . . ;" and "the factual contentions have . . . or will likely have evidentiary support."[5] Rule 11 permits the Court to impose sanctions, sua sponte, where it determines a party has violated Rule 11(b).[6] Additionally, the Supreme Court has held that "[f]ederal courts possess certain inherent powers, . .  to manage their own affairs so as to achieve the orderly and expeditious dispositions of cases . . . including the ability to fashion an appropriate sanction for conduct which abuses the judicial process."[7]

After considering the Motions for Reconsideration and counsels' representations and arguments at the show cause hearing, the Court finds that Mr. Gardner and Mr. Martin, as signors of the Motion, and Mr. Nickel, by affirming and advocating for the arguments made therein, violated Rule 11 and generally demonstrated abusive court practices, as further set forth below. Accordingly, the Court will impose sanctions.

First, the Court finds that Defendants' counsel misrepresented existing law. Defendants cited *Sexton v. Poulsen & Skousen, P.C.*,[8] as "controlling authority" that the FDCPA's state-

---

[5] Fed. R. Civ. P. 11(b)(1)–(3).

[6] *See* Fed. R. Civ. P. 11(c)(3).

[7] *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (internal quotation marks and citations omitted).

[8] 372 F. Supp. 3d 1307 (D. Utah 2019).

officer exemption is status-based and that Defendants are thus excluded from liability as a matter of law because constables' official duties include debt collection.[9] Defendants stated that the issue of the state-officer exemption "has already [been] resolved" when the court in *Sexton* found that constables were state officers "excluded from the definition of debt collector under the FDCPA," and further asserted that this holding "controls here."[10]

But, *Sexton* does not support Defendants' position because the *Sexton* court made the same determination as this Court.[11] While the Motion acknowledges that "*Sexton* observed that '[a] constable's official duties are defined by the orders and writs issued by a court or a court clerk authorizing the constable's actions,'"[12] it fails to disclose that the court in *Sexton*, after finding that a constable is a state officer excluded from the definition of debt collector, found the constable defendants were not entitled to summary judgment because there was "evidence that the constable defendants exceeded the scope of their authority under . . . the writ of execution."[13] In other words, *Sexton* squarely supports the Summary Judgment Order.

Defendants may take the view that the FDCPA's state officer exemption turns on status as opposed to whether specific conduct exceeded the scope of their authority. The argument becomes frivolous, however, by representing to the Court that this issue "has already been decided" by a "controlling authority" where neither of those assertions are true. Further, the Court finds that Mr. Nickel's assertions at the show cause hearing that when using the term "controlling," Kolkman Defendants "did not mean it in that manner" to be disingenuous.

---

[9] Docket No. 168, at 4.

[10] *Id.*

[11] Docket No. 182, at 4–5.

[12] Docket No. 168, at 4.

[13] 372 F. Supp. 3d at 1318.

4

Second, the Court finds that Defendants' counsels' representations and arguments regarding newly passed legislation were frivolous. In the Motion, Defendants argued the Utah Legislature's passing of Senate Bill 156 in the 2026 Legislative Session ("S.B. 156" or the "Bill") supported reconsideration.[14] S.B. 156 added language granting constables the authority to establish a payment schedule with an individual in lieu of sizing that individual's property. Defendants contended this change is clear evidence of what the Legislature has "*always* meant."[15] However, as explained in detail in the Reconsideration Order, Defendants failed to provide a basis for this assertion. And, significantly, a review of the legislative record supports that the Legislature did not take the view asserted by Defendants, but instead believed they were providing constables with an additional tool not previously allowed. Defendants also argued that S.B. 156 applied retroactively. Again, as discussed in the Reconsideration Order, there is not so much as a hint in the language of the Bill or the legislative record that S.B. 156 was intended to be applied retroactively.

At the show cause hearing, Mr. Nickel asserted that it was his understanding that certain constables had brought the issue to the legislature because of court rulings they viewed as incorrect, and to explicitly provide for a practice they had always done and believed to be correct. This basis should have been explained in the Motion. Instead, the Motion asserts that it was the *Legislature's* intent to correct wrongly decided court orders and to clarify that payment plans were always allowed by the statute. What the constables believed when bringing the issue to the Bill's sponsor is not the same as the Legislature's intent when passing the bill. As stated, a review of the publicly available legislative record supports the opposite of Defendants'

---

[14] S.B. 156, 66th Leg. Gen. Sess. (UT 2026) https://le.utah.gov/~2026/bills/static/SB0156.html.

[15] Docket No. 168, at 10.

assertions. Mr. Nickel's explanation, therefore, does not assuage the Court's concerns that the arguments raised regarding the newly passed legislation were an attempt to mislead the Court.

Third, the Court finds that the flagrant untimeliness of the Motion exhibited a bad faith attempt to harass opposing counsel. As the Court explained previously, most of the arguments and authority raised in Defendants' Motions were available since the issuance of the Summary Judgment Order—over one year ago, and S.B. 156 was passed by the Utah Legislature on March 10, 2026, over a month before the Motion was filed. When asked at the show cause hearing why Defendants did not alert the Court at the final pretrial conference that they believed recent legislative developments were grounds for reconsideration, Mr. Nickel stated that he could not speak to that. Notably, Defendants offered no reason or excuse for bringing this motion one business day before trial, after the parties had submitted numerous motions in limine, proposed jury instructions, and other filings in anticipation of trial.

Given the frivolousness nature and timing of the Motion, and the lack of acknowledgment or decent explanation at the show cause hearing, the Court finds that a referral to an attorney misconduct committee within the District of Utah is appropriate for the signors of the Kolkman Defendants' Reconsideration Motion. Because Mr. Gardner, representing Defendant Erickson, acknowledged the wrongdoing on his part in not reviewing the arguments contained in the Kolkman Defendants' Motion before joining it, as he should have, the Court will not refer him to the Committee, but will instead require that he complete two (2) additional credits of CLE courses.

It is therefore ORDERED that J. Tyler Martin and Mark A. Nickel are referred to an attorney misconduct committee within the United States District Court for the District of Utah. It is further

ORDERED that David P. Gardner successfully complete two (2) continued learning education (CLE) courses. It is further ORDERED that Mr. Gardner submit to the Court proof of successful completion within six (6) months from the date of this Order.

DATED May 22, 2026.

BY THE COURT:

_____

TED STEWART
United States District Judge