David P. Gardner (10096)
Zachary C. Lindley (17261)
**KIRTON McCONKIE**
301 North 200 East, Suite 3A
St. George, UT 84770
Telephone: (435) 574-5672
dgardner@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Defendant Michael W. Erickson*

<div align="center">

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

</div>

| | |
|---|---|
| CHARLES YOUNG, <br><br>     Plaintiff, <br><br> v. <br><br> ROB KOLKMAN, CONSTABLE KOLKMAN, LLC, and MICHAEL ERICKSON, <br><br>     Defendants. | **DEFENDANT MICHAEL ERICKSON'S OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW [ECF NO. 202]** <br><br> Case No. 2:23-cv-00420-TS-CMR <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Cecilia M. Romero |

Defendant Michael W. Erickson ("Mr. Erickson"), by and through his counsel of record, respectfully submits this Opposition to Plaintiff's Renewed Motion for Judgment as a Matter of Law (ECF No. 202).

<div align="center">

**PREFERRED RELIEF REQUESTED AND GROUNDS**

</div>

Based on the facts and arguments set forth herein, Mr. Erickson respectfully requests that the Court deny Plaintiff's Motion in its entirety. It is unclear what specifically Plaintiff seeks in his Motion, and on what basis. Plaintiff titles his Motion a "Renewed Motion for Judgment as a Matter of Law," but then asks the Court to "vacate its Rule 50(b) ruling on Plaintiff's fraud claim and request

for punitive damages" and presumably asks for the first time that the Court "enter judgment as a matter of law in Plaintiff's favor on the fraud claim." Motion at 1. He seeks further, in the alternative, that the Court "vacate its ruling and order a new trial on Plaintiff's fraud and punitive damages claim pursuant to Federal Rule of Civil Procedure 50(b)." *Id.*

Mr. Erickson presumes Plaintiff's Motion is based on Rules 50(d) and 59. Rule 50(d) provides: "Any motion for a new trial under Rule 59 by a party against whom judgment as a matter of law is rendered must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 50(d). Rule 59 then sets forth the grounds for a new trial. *See* Fed. R. Civ. P. 59(a). Mr. Erickson responds to Plaintiff's Motion according to the foregoing understanding.

## LEGAL ARGUMENT

Plaintiff provides nothing new that the Court did not already consider in granting Mr. Erickson's Motion for Judgment as a Matter of Law ("JMOL"), and his Motion should therefore be denied.

### I. The Court Correctly Found that Plaintiff Failed to Present Evidence Sufficient to Support His Claim for Fraud Under Any Purported Theory.

Plaintiff now attempts to cloud issues and criticize the Court's correct ruling by arguing that the Court somehow disregarded several different "theories" of fraud purportedly presented by Plaintiff at trial. In doing so, he reads out of the Court's ruling the very essence of the ruling itself: that Plaintiff's presented evidence (or lack thereof) was legally insufficient to show that Mr. Erickson never intended to conduct the sale nor that Erickson sent the letter with the intent to deceive Plaintiff. ECF No. 196 at 4-5. There is nothing complicated or incorrect about that ruling, irrespective of any purported "theory" of fraud.

2

To prove fraud, Plaintiff was required to show that: (1) Mr. Erickson made a false statement about an important fact; (2) Mr. Erickson made the statement either knowing it was false, or recklessly and without regard for its truth; (3) Mr. Erickson intended that Plaintiff would rely on the statement; (4) Plaintiff reasonably relied on the statement; and (5) Plaintiff suffered damages as a result of relying on the statement. *See* ECF No. 196 at 3 (citing *Armed Forces Ins. Exch. v. Harrison*, 2003 UT 14 ¶ 16, 70 P.3d 35).[1] Additionally, to prove a misrepresentation of an intended future performance, Plaintiff was required to "prove that the representor, at the time of the representation, did not intend to perform the promise and made the representation for the purpose of deceiving the promisee." *Id.* at 4 (citing *Andalex Res., Inc. v. Myers*, 871 P.2d 1041, 1047 (Utah Ct. App. 1994). He did not, and the Court considered all the foregoing elements in its ruling.

Specifically, the Court properly found that "Plaintiff failed to produce sufficient evidence that Erickson did not intent to follow through on the sale at the time the letter was sent out, or that Erickson sent letters with the intent to deceive Plaintiff." ECF No. 196 at 4. The Court further correctly found that evidence from Quinn Kofford that he "was not aware of Erickson conducting a sale," evidence from Andrea Croft that "the purpose of sending the notice of proposed sale was to encourage the debtor to contact the constables to make arrangements to resolve the debt," and evidence from Mr. Erickson that he "could recall the specific details of only two property sales he conducted on behalf of [MLC]," was "not legally sufficient such that a reasonable jury could conclude that, when sending the notice of proposed sale, Erickson never intended to conduct the sale nor that Erickson sent the

---

[1] Plaintiff misstates the standard of proof for his fraud claim. He argues that "[f]rom [the evidence purportedly presented], a reasonable jury could find that the threatened sales were not part of a genuine or regularly implemented enforcement process[.]" Motion at 4. Whether something was or was not a "part of a genuine or regularly implemented enforcement process" is not the standard for proving fraud.

3

letter with the intent to deceive Plaintiff." *Id.* at 4-5. There is no error in what the Court found based on the elements of a fraud claim.

The Court did not misapply the standard for proving fraud nor did it fail to "address Plaintiff's alternative theory that Defendants acted with reckless disregard for the truth of the sale representations." Motion at 4. The Court correctly identified the elements of a claim for fraud, which include whether Mr. Erickson "made the statement either knowing it was false, *or recklessly and without regard for its truth*." *See* ECF No. 196 at 3 (citing *Armed Forces Ins. Exch. v. Harrison*, 2003 UT 14 ¶ 16, 70 P.3d 35) (emphasis added). Additionally, the Court stated that to prove a misrepresentation of an intended future performance, Plaintiff was required to "prove that the representor, at the time of the representation, did not intend to perform the promise and made the representation for the purpose of deceiving the promisee." *Id.* at 4 (citing *Andalex Res., Inc. v. Myers*, 871 P.2d 1041, 1047 (Utah Ct. App. 1994). Plaintiff failed to carry his burden under any of the foregoing standards, which the Court considered.

In fact, and as stated below, the Court also made specific findings concerning Plaintiff's request for punitive damages, which require that Plaintiff prove "by clear and convincing evidence that Defendants' conduct was willful and malicious, or intentionally fraudulent, or manifested a knowing and *reckless indifference toward*, or a disregard of, the rights of the Plaintiff or others." ECF No. 196 at 6 (citing *Long v. Stutesman*, 2011 UT App 438 ¶ 36, 269 P.3d 178 (citing Utah Code Ann. § 78B-8-201(1)(a)) (emphasis added). The Court found expressly that "Plaintiff failed to present any evidence that Defendants' conduct amounted to such levels," and even more, "[b]y contrast, Quinn Kofford, who owned the underlying debt at issue, testified that it was his preference to set up payment plans because he believed it was a better and more fair approach for the consumer than taking their

4

non-exempt property." *Id.* If that was not enough, the Court also found that Defendants lacked knowledge that they were exceeding the scope of their authority or that they were debt collectors needing to comply with the FDCPA. None of the foregoing evidence, as the Court correctly held, shows any form of "recklessness" on behalf of Mr. Erickson.

Plaintiff's "nondisclosure theory" is no different from any other "theories" of fraud. Plaintiff failed to show through any evidence that Mr. Erickson never intended to conduct a sale or that by sending the letters he intended to deceive Plaintiff; plain and simple. Arguments concerning Rule 15(b)(2) and "implied consent" are nonsensical. Evidence (or a lack thereof) was presented at trial which the Court considered in granting Mr. Erickson's JMOL. The Court correctly found that Plaintiff failed to carry his burden at all with respect to fraud. There was no error—despite Plaintiff's circular and conclusory argument that "removal [of purported nondisclosure-theory-based jury instructions] was error because the Rule 50 ruling itself was error." *See* Motion at 8.

While Plaintiff's arguments concerning Exhibits 16 and 17 are directed at Kolkman Defendants and not Mr. Erickson, those arguments fair no better, and were properly considered by the Court. In fact, the Court, the parties, the witnesses, and the jurors, were shown *all* the letters *dozens* of times—so much so that Plaintiff's counsel even acknowledged that fact in his closing arguments to the jury. These letters, as with all the foregoing evidence presented and considered by the Court, fail for the same reason: they do not show that Mr. Erickson never intended to conduct a sale or that by sending the letters he intended to deceive Plaintiff. The argument that the Court's JMOL Order did not "reference" Exhibit 17 disregards the Court's attention to the evidence presented (over and over again) during the 3 days of trial.

4902-3926-4944.v1

Further, just because the Court denied Mr. Erickson's JMOL as to the FDCPA claim does not somehow put Mr. Erickson on the hook for fraud claims. Plaintiff argues that because the Court "permitted the FDCPA claim to proceed to the jury, and the jury found that both Erickson and Kolkman violated the FDCPA in attempting to collect a debt from Young," that means they also are liable for fraud. Motion at 12. He is way off. To be sure, Plaintiff's claim for fraud must be shown by "clear and convincing evidence." *See Bower v. Stein Eriksen Lodge Owners Ass'n, Inc.*, 201 F.Supp.2d 1134, (D. Utah 2002) (citations omitted). An FDCPA claim does not.

Even more, Plaintiff misrepresents the Court's JMOL ruling. Plaintiff argues the "Court found the evidence sufficient for a reasonable jury to conclude that Defendants' communications violated [the] standard [of false, deceptive, or misleading representations under the FDCPA]." Motion at 12. This is false. The Court specifically found (entirely verbatim):

> To succeed on a claim under the FDCPA, Plaintiff must prove that: (1) Plaintiff is a "consumer" under the FDCPA, (2) the "debt" arose out of a transaction entered into primarily for personal, family or household purposes, (3) Defendants are "debt collectors" as defined by the FDCPA, and (4) Defendants violated a provision of the FDCPA in attempting to collect a debt. The first three elements are not in dispute. Plaintiff, therefore, needed only present evidence that Defendants violated a provision of the FDCPA.
>
> Section 1692e of the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representations or means in connection with the collection of any debt." Failure to disclose in initial and subsequent communications that the communication is from a debt collector violates this section. The FDCPA also requires that, within five days of the initial communication, a debt collector convey the following information to a consumer: the amount of debt; the name of creditor to whom debt is owed; a statement that a consumer has 30 days to dispute the validity of the debt and that the failure to do so will cause the debt to be assumed to be valid; and that upon a consumer's written request, the debt collector will provide the consumer with the name and address of the original creditor, if now different.
>
> Plaintiff admitted into evidence letters sent to him by both Defendant Erickson and Kolkman Defendants ***that did not include the required notice disclosures***, as

6

> described above. ***Based on that evidence***, the Court finds that a reasonable jury could find that Defendants violated the FDCPA.

ECF No. 196 at 2-3 (citations omitted) (emphasis added). Plaintiff's argument is disingenuous.

Finally, that "Croft and Revill," both of whom are not the constables who were on trial in this case, purportedly testified that "they did not know how to carry out the threatened sales" (Mr. Erickson disputes that this was specifically their testimony) is irrelevant. They are not constables nor are they named parties in this case. *See* Motion at 4.

As the Court previously held in this case on the parties' respective motions for summary judgment, after considering the *same evidence and arguments as it did at trial*: "Although the record indicates that the Constable Defendants have never made a sale in any other debt collection action, that does not mean that they did not intend to do so here. And, that MLC never received information regarding a sale does not mean that a sale wasn't possible." ECF No. 58 at 13. Nothing changed at trial in the evidence (or lack thereof) that Plaintiff presented, and the Court was correct in finding that what Plaintiff did present was "not legally sufficient." ECF No. 196 at 5.

## II. The Court Correctly Found that Plaintiff Failed to Present Evidence Sufficient to Support His Requested Relief of Punitive Damages.

This is not even a close call. Yet, Plaintiff argues the Court got it wrong, as with its other correct findings. As with Plaintiff's fraud claim, and as the Court correctly noted, "[t]o recover punitive damages, Plaintiff must prove by clear and convincing evidence that Defendants' conduct was willful and malicious, or intentionally fraudulent, or manifested a knowing and reckless indifference toward, or a disregard of, the rights of the Plaintiff or others." *Long v. Stutesman*, 2011 UT App 438 ¶ 36, 269 P.3d 178 (citing Utah Code Ann. § 78B-8-201(1)(a)).

Without more, Plaintiff first argues simply that "[b]ecause the Rule 50 ruling on fraud was error for the reasons set forth above, the removal of punitive damages on that basis likewise cannot stand." Motion at 14. Mr. Erickson therefore references and incorporates his arguments above, and for those reasons, the Court did not error in finding in favor of his JMOL.

Plaintiff argues next that the record "was sufficient to satisfy" the heightened standard of proof for punitive damages, and then lists various reasons, all of which the Court addressed in its JMOL ruling. As stated above, the Court found that "Plaintiff failed to present any evidence that Defendants' conduct amounted to such levels," and even more, "[b]y contrast, Quinn Kofford, who owned the underlying debt at issue, testified that it was his preference to set up payment plans because he believed it was a better and more fair approach for the consumer than taking their non-exempt property." *Id.* If that was not enough, the Court also found that Defendants lacked knowledge that they were exceeding the scope of their authority or that they were debt collectors needing to comply with the FDCPA. *Id.* The Court then found that even looking at everything in the light most favorable to Plaintiff, Defendants' actions, "across roughly seven months, were comprised [only] of: in-person service of the Writ of Execution, three phone conversations regarding the payment plan, and seven letters send by Defendants to Plaintiff." *Id.* That evidence, in addition to all the other reasons the Court correctly gave, did not show by clear and convincing evidence that "Defendants' conduct was so outrageous or malicious that it warranted punishment in the form of punitive damages."[2]

---

[2] This is even more true given the verdict in this case. In closing arguments, Plaintiff asked for ***$40,000*** in damages against Mr. Erickson, in addition to the statutory maximum of $1,000. He received a damages award against Mr. Erickson of only ***$1,500***. Even if the question of punitive damage were presented to the jury—it correctly was not—there is no world a reasonable jury would have issued punitive damages in this case. The Court was correct in its ruling.

4902-3926-4944.v1

Therefore, and as Plaintiff has presented absolutely nothing new for the Court to consider, the JMOL ruling was proper.

### III. A New Trial is Not Warranted Here Under Rule 59.

The substance of Plaintiff's Motion reads more like a motion for new trial under Rule 59, and Plaintiff still nevertheless fails to support such request. "Motions for a new trial under Rule 59 also face a high bar for relief and are granted only 'with great caution.'" *John Bean Technologies Corporation v. B GSE Group, LLC*, 2023 WL 6163613 at *11 (D. Utah Sep. 21, 2023) (unpublished) (citing *Braun v. Medtronic Sofamor Danek, Inc.*, 141 F.Supp.3d 1177, 1992 (D. Utah 2015)).

First, there was nothing erroneous about the Court excluding irrelevant witnesses at trial. The Court previously ruled in this case (even under a much more liberal fact discovery standard) that "information related to Defendants' collection practices as to parties not named in this suit is not relevant." *See* ECF No. 54 at 7-8. At trial, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. As the Court correctly noted previously in this case, and as stated above: "Although the record indicates that the Constable Defendants have never made a sale in any other debt collection action, that does not mean that they did not intend to do so here. And, that MLC never received information regarding a sale does not mean that a sale wasn't possible." ECF No. 58 at 13. It is irrelevant whether a pattern may or may not show that notice given were not "genuine." What matters, as the Court understood in its JMOL ruling, is what Mr. Erickson intended in *this case* concerning *Plaintiff*. Anything else is irrelevant for purposes of Plaintiff's fraud claim.

Second, Plaintiff was not precluded from eliciting testimony concerning the scale and general operation of Defendants' collection practices. In fact, that testimony was elicited through various witnesses at trial. Indeed, and despite Mr. Erickson's objections (after several side-bars with the

9

Court), Plaintiff was able to elicit testimony concerning dollar amounts and total number of writs. He was nevertheless unable to carry his burden by clear and convincing evidence, as the Court correctly found.

Third, the Court correctly excluded Mr. Erickson's deposition testimony from an entirely separate case for the same reason as with the irrelevant witnesses: "information related to Defendants' collection practices as to parties not named in this suit is not relevant." *See* ECF No. 54 at 7-8. Regardless, and as stated, Plaintiff did elicit testimony concerning the scope and operation of Mr. Erickson's practices, both through Mr. Erickson and Defendant Kolkman, as well as through Quinn Kofford and others—this, again, was done over Mr. Erickson's objection. Even more, and again despite objection, Plaintiff was permitted to introduce other parties' deposition transcripts, which gave the jury the same type of information. And yet, after hearing and considering all such evidence, the Court correctly held that it was not sufficient in this case.

Fourth, and finally, the Court did not error in excluding introduction of certain purported Square payment information and a summary of the data (proposed Exhibits 2 and 44). As for Exhibit 44, no one at trial was present to authenticate or lay the proper foundation under Rules 602 and 901 of the Federal Rules of Evidence. As for Exhibit 2, Plaintiff's counsel represented to the Court that the "summary" was created using the information from Exhibit 44 (which was unauthenticated and lacked foundation). After taking Exhibit 2 back to chambers, along with Exhibit 44, the Court correctly ruled that the information in Exhibit 2 did not satisfy Rule 1006 of the Federal Rules of Evidence.

Specifically, Rule 1006 is subject to several limitations (all or nearly all of which were addressed by Mr. Erickson in his oral argument to the Court to have Exhibit 2 excluded): (1) the

10

underlying materials must be voluminous; (2) the underlying materials must themselves be admissible, even if not formally introduced; (3) the proponent bears the burden of establishing admissibility of the underlying evidence; (4) the proponent must make the originals or duplicates available to opposing parties at a reasonable time and place; (5) the summary must be accurate and non-argumentative; (6) the summary must be introduced through a witness who supervised its preparation; (7) the summary must satisfy Rule 403 balancing; and (8) when a summary involves specialized calculations, the introducing witness may need to qualify as an expert. *See generally* Fed. R. Evid. 1006; *see also generally U.S. v. Samaniego*, 187 F.3d 1222, 1223-1224 (10th Cir. 1999); *U.S. v. Dermen*, 143 F.4th 1148, 1206 (10th Cir. 2025); *U.S. v. Behrens*, 689 F.2d 154, 161 (10th Cir. 1982). Essentially none of the foregoing limitations were satisfied (any one of which would be grounds for exclusion). Plaintiff's counsel even conceded that he was the one who prepared the summary based on his purported extrapolation of "data" from Exhibit 44, which is grounds enough for excluding the exhibit.

Accordingly, there are no grounds for a new trial in this case. The Court considered the evidence that was presented to it over several days of trial, including most of the evidence that Plaintiff avers was not heard by the Court. The Court then reviewed and properly ruled that despite the evidence presented (or lack thereof), Plaintiff still had failed to show that any reasonable juror could find by *clear and convincing evidence* that Plaintiff is entitled to relief for his fraud and punitive damages claim.

## CONCLUSION

Based on the foregoing, Mr. Erickson respectfully requests that the Court deny Plaintiff's Motion in its entirety. Plaintiff's recourse is an appeal, which he still has time to file.

4902-3926-4944.v1

DATED this 28th day of May, 2026.

<div style="margin-left:50%">

KIRTON McCONKIE

*/s/ David Gardner*
David P. Gardner
Zachary C. Lindley
*Attorneys for Defendant Michael W. Erickson*

</div>

12

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May, 2026, I caused to be served the foregoing

**DEFENDANT MICHAEL ERICKSON'S OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW [ECF NO. 202]** to counsel of record

through the Court's electronic filing system.


*/s/ Mary Adamson*
Legal Assistant

13

4902-3926-4944.v1