Mark A. Nickel (14082)
Kyle C. Thompson (11242)
J. Tyler Martin (13551)
Charles W. Brown Jr (19386)
**GORDON REES SCULLY MANSUKHANI, LLP**
15 W. South Temple St., Suite 1600
Salt Lake City, Utah 84101
Telephone: (801) 204-9989
Facsimile: (385) 282-7590
mnickel@grsm.com
kcthompson@grsm.com
tymartin@grsm.com
cbrownjr@grsm.com

*Attorneys for Defendants Rob Kolkman and Constable Kolkman, LLC*

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH – CENTRAL DIVISION

---

| | |
|---|---|
| CHARLES YOUNG,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL W. ERICKSON, UTAH COUNTY CONSTABLE'S OFFICE, ROB KOLKMAN, OFFICE OF THE UTAH COUNTY CONSTABLE, LLC., UTAH PROCESS INC., CONSTABLE KOLKMAN LLC, THE CHERRINGTON FIRM, and JOHN DOES 1-5,<br><br>    Defendants. | **DEFENDANTS ROB KOLKMAN AND CONSTABLE KOLKMAN LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Civil No. 2:23-cv-00420<br><br>Judge: Ted Stewart<br><br>Magistrate Judge: Cecilia M. Romero |

Defendants Constable Kolkman, LLC and Rob Kolkman (the "Kolkman Defendants"), by and through their counsel of record, respectfully submit this Memorandum in Opposition to Plaintiff's Renewed Motion for Judgment as a Matter of Law (the "Motion") [Dkt. 202]. For the reasons set forth below, the Motion should be denied.

1

## ARGUMENT

### I.  This Court Never "Identified" a Question of Fraud

Plaintiff argues that certain evidence provided by witnesses Quinn Kofford, Andrea Croft, Cory Revill, Michael Erickson, and Rob Kolkman was sufficient to create a jury question with respect to Plaintiff's claims of common law fraud as to the Kolkman Defendants.  This is clearly not true.

In order to prove his fraud claims against a particular Defendant, Plaintiff needed to demonstrate, by clear and convincing evidence, that:  (1) the Defendant made a false statement concerning a material fact; (2) the Defendant made such a statement either knowing it to be false or recklessly and without regard for the truth of the statement; (3) the Defendant intended that Plaintiff rely upon the statement; (4)  Plaintiff did indeed rely upon the statement; and (5)  Plaintiff suffered damages due to his reliance upon the statement.  *See, e.g., Armed Forces Ins. Exch. v. Harrison*, 2003 UT 14, ¶ 16, 70 P.3d 35.  With respect to the issue of whether Plaintiff's fraud claims should be permitted to go to the jury, this Court determined that "Plaintiff failed to produce any evidence of a false statement made by the Kolkman Defendants."  (Dkt. No. 196 at p. 5.) None of the testimony cited by Plaintiff in Section I of the Motion demonstrates anything to the contrary.  Mr. Kofford's cited testimony pertained only to Defendant Michael Erickson.  (*See* the Motion at p. 4.)  Therefore, it obviously cannot demonstrate the making of any false statement by any of the Kolkman Defendants.  Ms. Croft's cited testimony was that the subject notices of sale were to encourage debtors to contact constables and pay their debts.  (*Id.*)  Plaintiff provides no explanation as to how this made the statements false.  The testimony cited from both Ms. Croft

and Mr. Revill was that they did not personally know, as employees of the constables, how to make a sale. (*Id*.). Again, this does not demonstrate that any false statement was made by any of the Kolkman Defendants. There is no indication from Plaintiff as to how Mr. Erickson's statements that he had actually made prior sales demonstrate that any of the Defendants made any false statement, and Mr. Kolkman's cited testimony that he had not actually made a prior sale do not demonstrate that any statement made by any Defendant was false or deceptive.

Further, this Court has expressly found that the "only communications between Kolkman Defendants and Plaintiff was a phone call to make a payment towards a debt and a letter . . . stating that Plaintiff had missed a payment." (*See* Dkt. 196 at p. 5.) Nothing in Plaintiff's argument concerning the cited testimony challenges that finding. Rather, Plaintiff argues that this testimony was sufficient to permit the jury to conclude "that the threatened sales were not part of a genuine or **regularly implemented** enforcement process" but rather served to create a "false impression that seizure and sale were imminent." (*See* Motion at p. 4) (emphasis added.) First of all, whether or not sales were "regularly implemented" is an entirely separate question from whether any general statements concerning the potential for sale were false. Second, if the cited testimony was sufficient to demonstrate some evidence of the making of a false statement, as Plaintiff contends, Plaintiff points to nothing that he contends demonstrates any other element of common law fraud against Defendants.

### II. Plaintiff Does Not Identify Any False Statement Made by Defendants

Again, this Court has ruled that the evidence presented during Plaintiff's case-in-chief did not demonstrate any false statement by Defendants. Plaintiff argues that trial Exhibits 16 and 17 create jury questions on the issue of fraud with respect to Defendants. This Court dealt expressly with Exhibit 16 in its prior ruling, finding that communication was limited to indicating to

3

Plaintiff that he had missed a payment.  In the Motion, Plaintiff admits that Exhibit 16 simply notified him that Defendants' "records reflected a missed payment and directed [Plaintiff] to call within ten days."  (*See* Motion at p. 6.)  Instead, Plaintiff focuses on Exhibit 17, which was not mentioned in the Court's ruling.  While Exhibit 17 was admitted into evidence, however, the testimony concerning it, which preceded from witness Cory Revill, was that the document was a template and **was not actually sent to Plaintiff**.  Further, while Plaintiff now contends that he introduced the document, he does not identify any testimony that suggests that he actually received the document.  Thus, it is Defendants' understanding that the state of the evidence with respect to the document at trial was that it never had been received by Plaintiff.  Thus, the evidence supports this Court's ruling concerning the nature of the communications received by Plaintiff.  Further, even if the document were received by Plaintiff, it does not demonstrate that there was no intent to follow through on any sale, nor that Plaintiff relied upon any statement in the document to his detriment.

### III.     Defendants Owed No Common Law Duty of Disclosure to an Adverse Debtor

Plaintiff's "Fraudulent Nondisclosure" argument, set forth in Section III of the Motion, invents a fiduciary duty where none exists. Under Utah law, an omission is only actionable as fraud if the defendant has an affirmative "duty to disclose." *Yazd v. Woodside Homes Corp.*, 2006 UT 47, ¶ 10, 143 P.3d 283.

Utah courts look to the relationship between the parties to find such a duty, typically found in developer-buyer dynamics, principal-agent dynamics, or fiduciary structures. There is no relevant authority establishing that an adversarial, third-party constable owes a common-law duty of disclosure to a defendant in connection with carrying out where the judge has already issued a writ of execution or a judgment.

#### IV. The Jury's FDCPA Verdict is distinct and widely distinguishable from claims of Fraud

Plaintiff asserts that the jury's ultimate verdict, which found violations of the FDCPA by the defendants, is "difficult to reconcile" with this Court's dismissal of Plaintiff's fraud claims at the conclusion of Plaintiff's case-in-chief. The reality is that there is no relationship between the jury's finding of an FDCPA violation or violations by the Kolkman Defendants and Plaintiff's fraud claims. Specifically, the jury made the following findings with respect to the FDCPA claims on the special jury verdict form:

1. Did Defendant Michael Erickson violate the Fair Debt Collection Practices Act in attempting to collect a debt from Charles Young?

   Yes__ X __                No_____

   *If "Yes," answer question 4, if "No," disregard question 4.*

2. Did Kolkman Defendants violate the Fair Debt Collection Practices Act in attempting to collect a debt from Charles Young?

   Yes__ X __                No_____

   *If "Yes," answer question 5, if "No," disregard question 5.*

Additionally, Plaintiff was required to demonstrate that said Defendant did not intend to perform in connection with any such false statement or representation and made such statement or representation for the purpose of deceiving Plaintiff. *See, e.g., Andalex Res. Inc. v. Myers*, 871 P.2d 1041, 1047 (Utah Ct. App. 1994). No portion of the special jury verdict form contains any finding that any Defendant made any misrepresentation or false statement of any kind under any standard of evidence, much less that Plaintiff relied upon any such statement or was damaged by any such statement as a matter of clear and convincing evidence. The jury simply found that the Defendants violated the FDCPA. While the making of a false statement is one way in which the FDCPA may be violated, there are multiple types of violations that do not involve false statements. Thus, contrary to Plaintiff's argument, there is no necessary

inconsistency between the jury's finding of FDCPA violations and the dismissal of the fraud claim.

Further, even if an FDCPA violation found by the jury was based upon a claimed misrepresentation, the finding of such a violation is not inconsistent with the dismissal of the fraud claims, as: (1) the elements for proving an FDCPA violation based upon a misrepresentation are different from those needed to prove a fraud claim under the common law of Utah; and (2) the standard of proof for proving such an FDCPA violation is far less stringent than proving a fraud claim. . The following chart demonstrates some of the key differences between the two types of claims.

| Element | FDCPA (15 U.S.C. §1692e) | Utah Common Law Fraud |
|---|---|---|
| Standard of Review | Evaluated from the perspective of the "least sophisticated consumer." | **Subjective:** Focuses strictly on the specific defendant's actual frame of mind. |
| Intent | **Strict Liability:** No proof of intent to deceive, malice, or recklessness required. | **Actual Intent or Recklessness:** Requires clear and convincing proof of intent to deceive. |
| Reliance & Harm | **None Required:** Statutory violations stand alone without proof of actual reliance. | **Justifiable Reliance:** Plaintiff must prove actual, customized reliance causing damage. |

### V.    THE COURT PROPERLY REFUSED PLAINTIFFS' PUNITIVE DAMAGES TO GO TO THE JURY

Finally, Plaintiff claims that the question of punitive damages should have gone to the jury based on negative inferences drawn from the low volume of physical property sales conducted over a multi-year period.

Utah Code § 78B-8-201 establishes the conditions under which punitive damages may be awarded. It requires a plaintiff to prove by clear and convincing evidence that the defendant's releveant conduct was willful, malicious, or intentionally fraudulent. Under Rule 50, a trial judge has to view the evidence through that heightened evidentiary standard. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986).

The Plaintiff's evidence consists of his own preferred negative inferences, *i.e.,* that the defendants in this action sent 10,000 letters  to various debtors but only did two sales, *therefore* any specific representations made to Plaintiff concerning the possibility of a sale were false.  For the reasons underlying this Court's decision on the motions for judgment as a matter of law made at trial, this is simply incorrect.  What is relevant here, as already determined by this Court, are the actual statements made by defendants to Plaintiff and the actual conduct of defendants with respect to Plaintiff.  As this Court already has determined, there was no evidence presented at trial of any false statement made by any Kolkman Defendant to Plaintiff.  Further, there was no evidence presented at trial of any conduct by any Kolkman Defendant that would meet the threshold for consideration of punitive damages.

### CONCLUSION

For the foregoing reasons, the Motion should be denied.

**DATED** this 28th[th] day of May, 2026.

**GORDON REES SCULLY
MANSUKHANI, LLP**

*/s/ J. Tyler Martin*
Charles W. Brown Jr.
Mark A. Nickel
Kyle C. Thompson
J. Tyler Martin
Ryan Anderson
*Attorneys for Defendants Rob
Kolkman and Constable Kolkman
LLC*

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May, 2026, a true and correct copy of the foregoing **DEFENDANTS ROB KOLKMAN AND CONSTABLE KOLKMAN LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**was filed with the Clerk of the Court using an approved electronic filing system, CM/ECF, which will automatically send notification of such filing to all counsel who have entered an appearance in this action.

*/s/ Tyler Martin*