Mark A. Nickel (14082)
Kyle C. Thompson (11424)
J. Tyler Martin (13551)
Charles W. Brown Jr (19386)
**GORDON REES SCULLY MANSUKHANI, LLP**
15 W. South Temple St., Suite 1600
Salt Lake City, Utah 84101
Telephone: (801) 204-9989
Facsimile: (385) 282-7590
mnickel@grsm.com
kcthompson@grsm.com
tymartin@grsm.com
cbrownjr@grsm.com

*Attorneys for Defendants Rob Kolkman and Constable Kolkman, LLC*

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH – CENTRAL DIVISION**

---

| | |
|---|---|
| CHARLES YOUNG,<br><br>     Plaintiff,<br><br>v.<br><br>MICHAEL W. ERICKSON, UTAH COUNTY CONSTABLE'S OFFICE, ROB KOLKMAN, OFFICE OF THE UTAH COUNTY CONSTABLE, LLC., UTAH PROCESS INC., CONSTABLE KOLKMAN LLC, THE CHERRINGTON FIRM, and JOHN DOES 1-5,<br><br>     Defendants. | **DEFENDANTS ROB KOLKMAN AND CONSTABLE KOLKMAN LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR A NEW TRIAL**<br><br>Civil No. 2:23-cv-00420<br><br>Judge: Ted Stewart<br><br>Magistrate Judge: Cecilia M. Romero |

Defendant Constable Kolkman, LLC and Rob Kolkman, by and through counsel, respectfully submit this Opposition to Plaintiff's Motion for New Trial ("Motion" or "The Motion") [Doc. 203].

1

## INTRODUCTION

This Court correctly determined that the trial record was entirely devoid of clear and convincing evidence to support a common law fraud claim or punitive damages, whereas Plaintiff's prior Motion for Renewed Judgment argued the record was sufficient to justify a ruling in his favor on the dismissed claims for fraud and punitive damages, Plaintiff argues that the evidence presented failed to establish fraud and punitive damages due to the court's pretrial evidentiary exclusions, excluding non-party witnesses, unlinked business statistics, and discovery in separate litigation, making the Rule 50 dismissal of fraud and punitive damages inevitable.

Plaintiff's motion for a new trial fails to establish error sufficient to justify a new trial. First, the Court's evidentiary rulings were not in error; they were straightforward applications of the Federal Rules of Evidence designed to prevent the unnecessary multi-day minitrials through Mr. Stephenson's other clients, parties with no knowledge of the case at hand. Second, even if Plaintiff could establish an evidentiary error, it would constitute harmless error under Rule 61. None of the excluded evidence would be sufficient to invalidate the Court's Rule 50(a) directed verdict: a complete failure to prove *subjective, individualized intent to defraud Charles Young*. The trial evidentiary rulings were fundamentally fair and correct, and the motion should be denied.

## ARGUMENT

### I.    Plaintiff fails to Meet The Legal Standard for a New Trial Based on Evidentiary Rulings

Under Federal Rule of Civil Procedure 59(a), a motion for a new trial based on the exclusion of evidence may only be granted if the moving party demonstrates that the court committed a manifest error of law *and* that the error affected the party's "substantial rights." *Fed. R. Civ. P. 61*; "In considering a motion for a new trial on the grounds of prejudicial

error, the alleged trial court errors must be clearly erroneous, as well as prejudicial and must have affected the substantial rights of the parties." *Atencio v. City of Albuquerque,* 911 F.Supp. 1433, 1437 (D.N.M.1995) (Vazquez, J.)(quoting *Rasmussen Drilling, Inc. v. Kerr–McGee Nuclear Corp.,* 571 F.2d 1144, 1148–49 (10th Cir.1978), *cert. denied,* 439 U.S. 862, 99 S.Ct. 183, 58 L.Ed.2d 171 (1978)). *Cited by* Guidance Endodontics, LLC v. Dentsply Int'l, Inc., 728 F. Supp. 2d 1170, 1185 (D.N.M. *2010*).

The Tenth Circuit reviews a trial court's evidentiary exclusions under a highly deferential abuse of discretion standard. The abuse-of-discretion standard is deferential, and we will not disturb the trial court's decision unless we have "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994) (quoting *McEwen v. City of Norman*, 926 F.2d 1539, 1553–54 (10th Cir. 1991)). *Chieftain Royalty Co. v. EnerVest Energy Institutional Fund XIII-A, L.P.,* 166 F.4th 34, 40 (10th Cir. 2026)

A new trial is an extraordinary remedy and cannot be granted if the excluded evidence would not have changed the legal inevitability of a directed verdict and in this case the excluded evidence was unnecessary prejudicial, duplicative, misleading the jury, needlessly presenting cumulative evidence and wasting time. Further its exclusion was not clearly erroneous nor an abuse of the court's discretion.

### II. THE COURT PROPERLY EXCLUDED HIGHLY PREJUDICIAL, NON-PARTY "PATTERN" WITNESSES UNDER RULES 403, 404(b), AND 406

Plaintiff contends that the Court erred in excluding the live testimony of four non-party consumers—Tara Peretto, Elizabeth Hernandez, Kendall Thomas, and Heidi

3

Cordero—who allegedly received similar collection letters from Defendants in unrelated matters. The Court's exclusion was entirely proper.

### A. The Proffered Testimony Fails the Strict Standards of Rule 406 "Habit" or "Routine Practice".

Plaintiff attempts to bypass the protections of the evidence rules by labeling Defendants' collection practices as an admissible "habit" or "routine practice" under FRE 406.

Under Tenth Circuit law, "habit" describes a non-reflective, semi-automatic, almost involuntary physical response to a specific stimulus (e.g., a person automatically using a turn signal or checking a rearview mirror). Enforcement of a writ by constables, by its very nature, is a highly individualized administrative process involving unique balances, differing writ issuance dates, varying court orders, and distinct consumer behaviors and consideration of non-exempt property. Sending correspondence based on separate writs of execution cannot legally constitute a Rule 406 "habit" or "routine practice".

### A.      The Evidence Was Properly Excluded as an Impermissible Propensity "Mini-Trial" Under Rules 404(b) and 403

Plaintiff claims that the exclusion of his additional client testimony would  witnesses show "intent" under Rule 404(b)(2), the true purpose was to establish a negative corporate propensity—to argue that because Defendants allegedly failed to complete sales for *other* individuals, they must have defrauded *this* Plaintiff. 404(b)(2) notes or prior bad acts "This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." However, Rule 403 provides some balance here noting:

4

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Allowing four separate individuals, with four separate writ's of executions, separate debts owed, individual financial circumstances, differing assessments of non-exempt property not subject to writ's of execution etc., to testify that they received similar correspondence but who also did not have property seized would have forced a series of exhausting "mini-trials" within the main action. For each non-party witness, the defense would have been required to cross-examine them on the specific history of their underlying debt, why their specific writ was or was not fully executed, whether they entered independent payment plans, and whether their specific property was exempt under Utah law. The Court properly recognized that under Rule 403, the danger of confusing the jury, misleading the issues, and causing a massive waste of trial time substantially outweighed any marginal probative value. Even with the exclusion of the duplicative witnesses the trial last several days and the scope of the testimony and the need to cross examine each witness on the issues noted above and the issues of Mr. Young in this place would have been largely irrelevant or duplicative.

1.    **III. THE COURT PROPERLY RESTRICTED DISCONNECTED BUSINESS OPERATIONS AND CAPPED CUMULATIVE INFERENCES**

Plaintiff objects to the Court's restriction on evidence regarding the Defendants' work with writ's of execution as whole, including gross regional revenue figures ($3.5 million) and the total number of writs generated across a decade (10,000+).

The Court's restriction was a standard exercise of its gatekeeping function. Macro-level statistics showing that an agency issues thousands of notices but completes few physical

sales might be relevant to a strict-liability statutory claim under the FDCPA—which is precisely why the Court permitted the FDCPA claim to reach the jury.

However, overarching statistics do not prove **individualized, common law fraud**. Under Utah law, fraud cannot be proven in the aggregate by pointing to an ambient pool of statistics and asking a jury to infer an individual state of mind. Plaintiff was required to show that when Defendants sent a notice to *Charles Young*, they possessed a specific, contemporaneous intent to deceive *him*. Ambient business metrics regarding other cases does not bridge this gap, and their introduction would serve no purpose other than to inflame the jury regarding the scale of the business. Its exclusion under Rule 403 was completely sound. Further the generalized evidence was admitted as conceded Plaintiff's own motion. Further, and important to this inquiry is that the jury was provided with evidence of the total number of writs, there was testimony that over 10,000 had been executed upon or provided to the constable defendants and there was evidence provided to the jury that the gross receipts from payments on the writs of execution was or exceeded 3.5 million. Plaintiff contends in his motion that

### IV. THE PRIOR DEPOSITION TESTIMONY WAS INADMISSIBLE UNDER RULES 613 AND 37

Plaintiff argues that he should have been allowed to use an isolated deposition transcript of Defendant Erickson taken from a completely separate lawsuit (*Cordero v. Olson Associates(Case No. 2:23-cv-00756)*) to "impeach" Erickson's trial testimony that he could not recall specific historical business volumes.

Plaintiff fails to mention that this deposition was never properly disclosed in pretrial disclosures for *this* case as required by Federal Rule of Civil Procedure 26(a)(3). A trial court is entirely justified under Rule 37(c)(1) in excluding any material or statement

6

that a party failed to properly disclose before trial. Rule 37(c)(1) of the Federal Rules of Civil Procedure enforces compliance with discovery obligations. It applies when a party fails to disclose information or materials that should have been provided under Rule 26(a) or fails to supplement prior disclosures under Rule 26(e) in a timely manner. In this case, the introduction of the prior testimony was not disclosed to the parties and was, in reality, not being used for impeachment purposes. A witness stating at trial that he "does not recall" a historical aggregate figure is not structurally or legally "inconsistent" under FRE 613(b) with a deposition in another case where he *did* recall a figure years prior. Human memory naturally fades over time. Rule 613(b) provides:

> "Unless the court orders otherwise, extrinsic evidence of a witness's prior inconsistent statement may not be admitted until after the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it."

Because there was no active contradiction, there was no foundation for impeachment, and the Court properly blocked the use of an undisclosed foreign record.  The use of previously undisclosed deposition testimony, which was not used for impeachment, was excluded and its exclusion was not clear error but was properly and judiciously excluded.

### V. BLOCK, INC. RECORDS FROM A SEPARATE SUBPOENA WERE PROPERLY EXCLUDED FOR PROCEDURAL DEFECT

Plaintiff objects to the exclusion of electronic payment records from Block, Inc. and an accompanying Rule 1006 summary exhibit summarizing aggregate transaction processing.

The record reveals that Plaintiff did not issue a trial or discovery subpoena for these records under the caption of *this* case. Instead, Plaintiff's counsel attempted to transport raw discovery data acquired via a third-party subpoena issued in a completely separate

action involving different parties. The court denied, after taking a break to assess the documents in chambers, the admission of the documents. Plaintiff indicated he did not have anyone to testify as to the validity or source of the documents. The exhibits were denied *See* Docket 185.

The denial was proper. It's admission otherwise violates the basic architecture of Federal Rule of Civil Procedure 45. A third party's production of documents in Case A does not grant a litigant a free pass to enter those documents into evidence in Case B without giving the defendants in Case B a fair, formal opportunity to object to the scope, proportionality, and protective parameters of that specific subpoena during the active discovery window of *their own case*. In this case the Court correctly refused admission of the evidence. Further, such admission would have been unnecessarily duplicative of information already admitted into evidence, as noted previously (ie..testimony that over 10,000 writs of execution were executed upon, and $3.5 million had been collected under the writs),  the block documents, a breakdown of payments received, and the Plaintiff's Summary of the documents, the Rule 1006 summary exhibit was breakdown of this information. For the purposes of Plaintiff's claim exclusion of these exhibits resulted in harmless error under Rule 61.

### VI. ANY PURPORTED ERROR WAS HARMLESS UNDER RULE 61

Even if this Court were to incredibly conclude that every single one of its evidentiary exclusions was an abuse of discretion, Plaintiff's Motion for a New Trial must still be denied because the information was duplicative of information already admitted into evidence (ie..testimony that over 10,000 writs of execution were executed upon, and $3.5 million

8

had been collected under the writs),  and the cumulative effect of this evidence remains legally toothless against the Court's Rule 50(a) ruling.

Rule 61 provides:

"Unless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order"

To survive a directed verdict on fraud under Utah law, a plaintiff must establish nine distinct elements by **clear and convincing evidence**, including:

1.  A material misrepresentation of *fact*;
2.  Subjective scienter or reckless disregard; and
3.  Actual, justifiable reliance by the plaintiff that proximately causes specific damage.

The excluded evidence—the non-party witnesses, the Block, Inc. transaction spreadsheets, the total gross revenue metrics—fails to establish the elements of fraud.

### INCORPORATION OF ARGUMENTS CONTAINED IN OPPOSITION TO PLAINTIFF'S MOTION FOR RENEWED JUDGMENT ON THE PLEADINGS AND CONSTABLE ERICKSON'S OPPOSITIONS TO THE SAME

These arguments are explored and analyzed in more detail in Kolkman Defendants Motion in Opposition to Plaintiff's Motion for Judgment as a matter of law, filed concurrently herewith, and with Defendant Michael Erickson's Opposition to Plaintiff's Motion for a New Trial and Opposition to Plaintiff's Renewed Motion for Judgment as a Matter of Law and those arguments, for simplicity sake and to avoid duplicative arguments, are incorporated herein by this reference.

Based upon these incorporated arguments, nothing in the excluded testimony or bank files would alter the fact that Young's payments were legally required by a court judgment, completely defeating any claim of independent, actionable "fraudulent reliance" or unique

tort damages under Utah law. Because the fraud claim would remain legally dead on arrival even with the excluded evidence, any error was entirely harmless under Rule 61.

## CONCLUSION

Plaintiff received a fair trial on his FDCPA claim and won a statutory verdict from the jury. He is not entitled to a new trial on a separate, high-intent state law tort merely because he failed to build a clear and convincing evidentiary record to support it. This Court's evidentiary rulings were well within its broad discretion and did not affect Plaintiff's substantial rights. Defendants respectfully request that Plaintiff's Motion for a New Trial be denied.

## CONCLUSION

Plaintiff's Motion for New Trial fails to demonstrate any clearly erroneous decisions on excluded evidence. Defendants respectfully request that this Court deny Plaintiff's Motion in its entirety.

**DATED** this 28th[th] day of May, 2026.

GORDON REES SCULLY
MANSUKHANI, LLP

*/s/ J. Tyler Martin*
Charles W. Brown Jr.
Mark A. Nickel
Kyle C. Thompson
J. Tyler Martin
Ryan Anderson
*Attorneys for Defendants Rob Kolkman and Constable Kolkman LLC*

10

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May, 2026, a true and correct copy of the foregoing **DEFENDANTS ROB KOLKMAN AND CONSTABLE KOLKMAN LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR NEW TRIAL** was filed with the Clerk of the Court using an approved electronic filing system, CM/ECF, which will automatically send notification of such filing to all counsel who have entered an appearance in this action.

*/s/ Tyler Martin*