APPEAL,CLOSED

Email All Attys

Email All Attys and Secondary Emails

## US District Court Electronic Case Filing System
## District of Utah (Central)
## CIVIL DOCKET FOR CASE #: <u>2:23−cv−00420−TS</u>

| | |
|---|---|
| Young v. Erickson et al | Date Filed: 06/28/2023 |
| Assigned to: Judge Ted Stewart | Date Terminated: 05/11/2026 |
| Demand: $900,000 | Jury Demand: Plaintiff |
| Cause: 15:1692 Fair Debt Collection Act | Nature of Suit: 480 Consumer Credit |
| | Jurisdiction: Federal Question |

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **Charles Young** | represented by | **Eric Stephenson** |
| | | STEPHENSON LAW FIRM |
| | | 250 N REDCLIFFS DR 4B STE 254 |
| | | SAINT GEORGE, UT 84790 |
| | | 801−386−5200 |
| | | Email: <u>eric@utahjustice.com</u> |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |
| | | *Bar Number: 9779* |
| | | *Bar Status: Active* |

V.

**<u>Defendant</u>**

| | | |
|---|---|---|
| **Michael W Erickson** | represented by | **Christopher S. Hill** |
| | | KIRTON MCCONKIE |
| | | PO BOX 45120 |
| | | SALT LAKE CITY, UT 84145−0120 |
| | | 801−328−3600 |
| | | Email: <u>chill@kmclaw.com</u> |
| | | *TERMINATED: 04/04/2025* |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |
| | | *Bar Number: 9931* |
| | | *Bar Status: Active* |
| | | |
| | | **David Paul Gardner** |
| | | KIRTON MCCONKIE |
| | | 301 N 200 E STE 3A |
| | | ST GEORGE, UT 84770 |
| | | 435−574−5672 |
| | | Email: <u>dgardner@kmclaw.com</u> |
| | | *LEAD ATTORNEY* |

*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Number: 10096*
*Bar Status: Active*

**Mark A. Nickel**
GORDON REES SCULLY
MANSUKHANI
15 W SOUTH TEMPLE STE 1600
SALT LAKE CITY, UT 84101
801–204–9990
Email: mnickel@grsm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 14082*
*Bar Status: Active*

**Marshall B. Hill**
LEWIS BRISBOIS BISGAARD &
SMITH
500 E SHORE DR 2ND FL
EAGLE, ID 83616
208–751–7341
Fax: 801–562–5510
Email: blake.hill@lewisbrisbois.com
*TERMINATED: 01/30/2026*
*LEAD ATTORNEY*
*Designation: Retained*
*Bar Number: 10941*
*Bar Status: Active*

**Zachary Clyde Lindley**
KIRTON MCCONKIE
301 N 200 E STE 3A
ST GEORGE, UT 84770
801–239–3160
Email: zlindley@kmclaw.com
*TERMINATED: 04/04/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 17261*
*Bar Status: Active*

**J. Tyler Martin**
GORDON REES SCULLY
MANSUKHANI
15 W SOUTH TEMPLE STE 1600
SALT LAKE CITY, UT 84101
480–313–9740
Email: tymartin@grsm.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

*Bar Number: 13551*
*Bar Status: Active*

**Ryan Anderson**
GORDAN REES SCULLY
MANSUKHANI LLP
1073 E QUARRY VIEW WY
SANDY, UT 84094
801−556−1003
Email: rlanderson@grsm.com
*TERMINATED: 11/04/2025*
*ATTORNEY TO BE NOTICED*
*Bar Number: 18670*
*Bar Status: Active*

**Defendant**

**Utah County Constable's Office**

**Defendant**

**Rob Kolkman**                    represented by   **Charles W. Brown , Jr**
GORDON REES SCULLY
MANSUKHANI
15 W SOUTH TEMPLE STE 1600
SALT LAKE CITY, UT 84101
480−313−9740
Email: cbrownjr@grsm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 19386*
*Bar Status: Active*

**Christopher S. Hill**
(See above for address)
*TERMINATED: 04/04/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Number: 9931*
*Bar Status: Active*

**David Paul Gardner**
(See above for address)
*TERMINATED: 04/04/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Number: 10096*
*Bar Status: Active*

**Kyle C. Thompson**
GORDON REES SCULLY

MANSUKHANI
15 W SOUTH TEMPLE STE 1600
SALT LAKE CITY, UT 84101
801−685−1185
Fax: 385−282−7590
Email: kcthompson@grsm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 11242*
*Bar Status: Active*

**Mark A. Nickel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 14082*
*Bar Status: Active*

**Marshall B. Hill**
(See above for address)
*TERMINATED: 01/30/2026*
*LEAD ATTORNEY*
*Designation: Retained*
*Bar Number: 10941*
*Bar Status: Active*

**Ryan Anderson**
(See above for address)
*TERMINATED: 11/04/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 18670*
*Bar Status: Active*

**Zachary Clyde Lindley**
(See above for address)
*TERMINATED: 04/04/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 17261*
*Bar Status: Active*

**J. Tyler Martin**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Number: 13551*
*Bar Status: Active*

<u>**Defendant**</u>

**Office of the Utah County Constable**

4

**<u>Defendant</u>**

**Utah Process Inc**                         represented by  **Christopher S. Hill**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Number: 9931*
*Bar Status: Active*

**David Paul Gardner**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Number: 10096*
*Bar Status: Active*

**Zachary Clyde Lindley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 17261*
*Bar Status: Active*

**<u>Defendant</u>**

**Constable Kolkman LLC**                    represented by  **Charles W. Brown , Jr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 19386*
*Bar Status: Active*

**Christopher S. Hill**
(See above for address)
*TERMINATED: 04/04/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Number: 9931*
*Bar Status: Active*

**David Paul Gardner**
(See above for address)
*TERMINATED: 04/04/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Number: 10096*
*Bar Status: Active*

**Kyle C. Thompson**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 11242*
*Bar Status: Active*

**Mark A. Nickel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 14082*
*Bar Status: Active*

**Marshall B. Hill**
(See above for address)
*TERMINATED: 01/30/2026*
*LEAD ATTORNEY*
*Designation: Retained*
*Bar Number: 10941*
*Bar Status: Active*

**Ryan Anderson**
(See above for address)
*TERMINATED: 11/04/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 18670*
*Bar Status: Active*

**Zachary Clyde Lindley**
(See above for address)
*TERMINATED: 04/04/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 17261*
*Bar Status: Active*

**J. Tyler Martin**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Number: 13551*
*Bar Status: Active*

**<u>Defendant</u>**

**Mountain Land Collections**                    represented by    **Chad Echols**
*TERMINATED: 06/04/2024*                                            FROST ECHOLS LLC
                                                                   PO BOX 12645
                                                                   ROCK HILL, SC 29730
                                                                   803–329–8970
                                                                   Email: chad.echols@frostechols.com
                                                                   *LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Number:*
*Bar Status: Phv*

**Chad S. Pehrson**
KNH
50 W BROADWAY STE 9TH FL
SALT LAKE CITY, UT 84101
801–994–4646
Fax: 801–531–1929
Email: cpehrson@knh.law
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 12622*
*Bar Status: Active*

**David A. Grassi , Jr**
FROST ECHOLS
PO BOX 12645
ROCK HILLS, SC 29731
803–329–8970
Email: david.grassi@frostechols.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Number:*
*Bar Status: Phv*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/28/2023 | 1 | Case has been indexed and assigned to Judge Ted Stewart. Plaintiff Charles Young is directed to E–File the Complaint  and cover sheet (found under Complaints and Other Initiating Documents) and pay the filing fee of $ 402. by the end of the business day. NOTE: The court will not have jurisdiction until the opening document is electronically filed and the filing fee paid in the CM/ECF system. Civil Summons may be issued electronically. Prepare the summons using the courts PDF version and email it to utdecf_clerk@utd.uscourts.gov for issuance. (ks) (Entered: 06/28/2023) |
| 06/28/2023 | 2 | COMPLAINT *and Jury Demand* against All Defendants (Filing fee $ 402, receipt number AUTDC–4728477) filed by Charles Young. (Attachments: # 1 Civil Cover Sheet) (Stephenson, Eric) (Entered: 06/28/2023) |
| 06/28/2023 | 3 | NOTICE OF MAGISTRATE JUDGE AVAILABILITY TO PRESIDE OVER CASE– Under 28 U.S.C. 636(c), Fed. R. Civ. P. 73, and DUCivR 72–4, you are hereby notified that a magistrate judge for the District of Utah may conduct any or all proceedings in this case, including a jury or bench trial and entry of a final judgment. Exercise of this jurisdiction by the magistrate judge is permitted only if all parties |

| | | |
|---|---|---|
| | | voluntarily sign and return the form. To consent, return the Consent Form to the clerk's office within 21 days via email at consents@utd.uscourts.gov or mail at the address on the form. **Please do not efile the Consent Form in the case.** Notice e−mailed or mailed to Plaintiff Charles Young. (Notice generated by Court) Form due by 7/19/2023. (ks) (Entered: 06/28/2023) |
| 06/28/2023 | 4 | RECEIVED Magistrate Availability Form from Plaintiff Charles Young. (alf) (Entered: 06/29/2023) |
| 06/30/2023 | 5 | ORDER REFERRING CASE to Magistrate Judge Cecilia M. Romero under 28:636 (b)(1)(A), Magistrate to hear and determine all nondispositive pretrial matters. Signed by Judge Ted Stewart on 6/30/2023. (rcw) (Entered: 06/30/2023) |
| 07/03/2023 | 6 | ORDER TO PROPOSE SCHEDULE – See order for details. Signed by Magistrate Judge Cecilia M. Romero on 7/3/2023. (mh) (Entered: 07/03/2023) |
| 07/14/2023 | 7 | Summons Issued Electronically as to Michael W Erickson. Instructions to Counsel: 1. Click on the document number. 2. If you are prompted for an ECF login, enter your 'Attorney' login to CM/ECF. 3. Print the issued summons for service. (haa) (Entered: 07/14/2023) |
| 07/14/2023 | 8 | Summons Issued Electronically as to Constable Kolkman LLC. Instructions to Counsel: 1. Click on the document number. 2. If you are prompted for an ECF login, enter your 'Attorney' login to CM/ECF. 3. Print the issued summons for service. (haa) (Entered: 07/14/2023) |
| 08/22/2023 | 9 | AMENDED COMPLAINT *and Jury Demand* against All Defendants with Jury Demand. filed by Charles Young. (Stephenson, Eric) (Entered: 08/22/2023) |
| 09/08/2023 | 10 | NOTICE of Appearance by Chad S. Pehrson on behalf of Mountain Land Collections (Pehrson, Chad) (Entered: 09/08/2023) |
| 09/08/2023 | 11 | MOTION for Admission Pro Hac Vice of David A. Grassi , Registration fee $ 50, receipt number AUTDC−4804741,<br><br>Attorneys awaiting Pro Hac Vice admission should immediately register to efile and receive electronic notification of case activity in the District of Utah at https://www.pacer.uscourts.gov/cmecf/dcbk.html. Registration requests will not be approved until the court has granted the pro hac vice motion. Instructions are available on the court's website at https://www.utd.uscourts.gov/cmecf−electronic−case−filing.<br><br>filed by Defendant Mountain Land Collections. (Attachments: # 1 Text of Proposed Order Granting Pro Hac Vice Admission of David A. Grassi)(Pehrson, Chad) (Entered: 09/08/2023) |
| 09/11/2023 | 12 | ORDER granting 11 Motion for Admission Pro Hac Vice of Attorney David A. Grassi for Mountain Land Collections.<br><br>*Attorneys admitted Pro Hac Vice must register to efile and receive electronic notification of case activity in the District of Utah at https://www.pacer.uscourts.gov/cmecf/dcbk.html. Instructions are available at https://www.utd.uscourts.gov/cmecf−electronic−case−filing.***A Pro Hac Vice** |

8

| | | |
|---|---|---|
| | | *Attorney who fails to register for CM/ECF access will not receive notifications of electronic filings.*<br><br>*Attorneys admitted Pro Hac Vice may download a copy of the District of Utahs local rules from the courts web site at https://www.utd.uscourts.gov/rules–practice.*<br><br>Signed by Magistrate Judge Cecilia M. Romero on 9/11/2023. (alf) (Entered: 09/11/2023) |
| 09/12/2023 | 13 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and Memorandum in Support filed by Defendant Mountain Land Collections. (Attachments: # 1 Exhibit A – Writ of Execution)(Pehrson, Chad) (Entered: 09/12/2023) |
| 09/29/2023 | 14 | ANSWER to 9 Amended Complaint filed by Constable Kolkman LLC, Michael W Erickson, Rob Kolkman, Utah Process Inc. Attorney Christopher S. Hill added to party Constable Kolkman LLC(pty:dft), Attorney Christopher S. Hill added to party Michael W Erickson(pty:dft), Attorney Christopher S. Hill added to party Rob Kolkman(pty:dft), Attorney Christopher S. Hill added to party Utah Process Inc(pty:dft)(Hill, Christopher) (Entered: 09/29/2023) |
| 10/03/2023 | 15 | Plaintiff's MEMORANDUM in Opposition re 13 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and Memorandum in Support filed by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 10/03/2023) |
| 10/17/2023 | 16 | REPLY to Response to Motion re 13 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and Memorandum in Support filed by Defendant Mountain Land Collections. (Pehrson, Chad) (Entered: 10/17/2023) |
| 10/18/2023 | 17 | REQUEST to Submit for Decision re 13 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and Memorandum in Support , 15 Memorandum in Opposition to Motion, 16 Reply Memorandum/Reply to Response to Motion filed by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 10/18/2023) |
| 10/18/2023 | 18 | MOTION for Admission Pro Hac Vice of Chad V. Echols , Registration fee $ 50, receipt number AUTDC–4845988,<br><br>Attorneys awaiting Pro Hac Vice admission should immediately register to efile and receive electronic notification of case activity in the District of Utah at https://www.pacer.uscourts.gov/cmecf/dcbk.html.<br>Registration requests will not be approved until the court has granted the pro hac vice motion. Instructions are available on the court's website at https://www.utd.uscourts.gov/cmecf–electronic–case–filing.<br><br>filed by Defendant Mountain Land Collections. (Pehrson, Chad) (Entered: 10/18/2023) |
| 10/19/2023 | 19 | ORDER granting 18 Motion for Admission Pro Hac Vice of Attorney Chad Echols for Mountain Land Collections.<br><br>*Attorneys admitted Pro Hac Vice must register to efile and receive electronic notification of case activity in the District of Utah at https://www.pacer.uscourts.gov/cmecf/dcbk.html. Instructions are available at https://www.utd.uscourts.gov/cmecf–electronic–case–filing.A Pro Hac Vice Attorney who fails to register for CM/ECF access will not receive notifications of* |

| | | |
|---|---|---|
| | | *electronic filings.*<br><br>*Attorneys admitted Pro Hac Vice may download a copy of the District of Utahs local rules from the courts web site at https://www.utd.uscourts.gov/rules-practice.*<br><br>Signed by Magistrate Judge Cecilia M. Romero on 10/19/23. (jrj) (Entered: 10/19/2023) |
| 10/30/2023 | 20 | STRICKEN REPORT OF ATTORNEY PLANNING MEETING. (Attachments: # 1 Text of Proposed Order)(Stephenson, Eric) Modified by striking event per Notice of Deficiency on 10/30/2023 (mh). (Entered: 10/30/2023) |
| 10/30/2023 | 21 | NOTICE OF DEFICIENCY re 20 Attorney Planning Meeting: The parties did not file a stipulated motion for scheduling order as required under paragraph 3 of the 6 Order to Propose Schedule. The clerk requests a party to file a stipulated motion for scheduling order. The new pleading will receive a new document number on the docket. (mh) (Entered: 10/30/2023) |
| 10/31/2023 | 22 | Stipulated MOTION Entry of for Scheduling Order and Memorandum in Support filed by Plaintiff Charles Young. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit) Motions referred to Cecilia M. Romero.(Stephenson, Eric) Modified by correcting event and text on 11/1/2023 (mh). (Entered: 10/31/2023) |
| 11/01/2023 | 23 | Modification of Docket re 22 MOTION : Error: Counsel filed Motion for Miscellanious Relief. Correction: Pleading corrected to Motion for Scheduling Order. No further action needed. (mh) (Entered: 11/01/2023) |
| 11/01/2023 | 24 | SCHEDULING ORDER granting 22 Motion for Scheduling Order. Amended Pleadings due by 2/28/2024. Joinder of Parties due by 2/28/2024. Expert Discovery due by 8/13/2024. Motions due by 11/11/2024. Signed by Magistrate Judge Cecilia M. Romero on 11/1/2023. (mh) (Entered: 11/01/2023) |
| 01/08/2024 | 25 | MEMORANDUM DECISION AND ORDER granting 13 Motion to Dismiss for Failure to State a Claim. Plaintiff is allowed thirty (30) days to amend his Complaint as specified. Signed by Judge Ted Stewart on 1/8/2024. (jwt) (Entered: 01/08/2024) |
| 02/07/2024 | 26 | AMENDED COMPLAINT against All Defendants with Jury Demand. filed by Charles Young. (Attachments: # 1 Exhibit P−1, # 2 Exhibit P−2, # 3 Exhibit P−3, # 4 Exhibit P−4, # 5 Exhibit P−5, # 6 Exhibit P−6, # 7 Exhibit P−7, # 8 Exhibit P−8, # 9 Exhibit P−9, # 10 Exhibit P−10, # 11 Exhibit P−11, # 12 Exhibit P−12) (Stephenson, Eric) (Entered: 02/07/2024) |
| 02/21/2024 | 27 | ANSWER to 26 Amended Complaint, filed by Mountain Land Collections.(Grassi, David) (Entered: 02/21/2024) |
| 02/21/2024 | 28 | ANSWER to 26 Amended Complaint, filed by Constable Kolkman LLC, Michael W Erickson, Rob Kolkman, Utah Process Inc. Attorney David Paul Gardner added to party Constable Kolkman LLC(pty:dft), Attorney David Paul Gardner added to party Michael W Erickson(pty:dft), Attorney David Paul Gardner added to party Rob Kolkman(pty:dft), Attorney David Paul Gardner added to party Utah Process Inc(pty:dft)(Gardner, David) (Entered: 02/21/2024) |
| 02/29/2024 | 29 | Plaintiff's MOTION for Short Form Discovery re: Responses to Interrogatories and Requests for Production , Plaintiff's MOTION to Expedite Hearing and Memorandum in Support filed by Plaintiff Charles Young. (Attachments: # 1 Exhibit |

| | | |
|---|---|---|
| | | Requests for Production, # 2 Exhibit Interrogatories) Motions referred to Cecilia M. Romero.(Stephenson, Eric) (Entered: 02/29/2024) |
| 03/05/2024 | 30 | RESPONSE to Motion re 29 Plaintiff's MOTION for Short Form Discovery re: Responses to Interrogatories and Requests for Production Plaintiff's MOTION to Expedite Hearing and Memorandum in Support filed by Defendants Constable Kolkman LLC, Michael W Erickson, Rob Kolkman, Utah Process Inc. (Attachments: # 1 Text of Proposed Order Proposed Order Denying Plaintiff's Motion)(Gardner, David) (Entered: 03/05/2024) |
| 03/22/2024 | 31 | REQUEST to Submit for Decision re 29 Plaintiff's MOTION for Short Form Discovery re: Responses to Interrogatories and Requests for Production Plaintiff's MOTION to Expedite Hearing and Memorandum in Support , 30 Response to Motion, filed by Plaintiff Charles Young. (Attachments: # 1 Text of Proposed Order)(Stephenson, Eric) (Entered: 03/22/2024) |
| 04/19/2024 | 32 | ORDER denying 29 Motion for Short Term Discovery. Signed by Magistrate Judge Cecilia M. Romero on 4/19/2024. (mh) (Entered: 04/19/2024) |
| 04/25/2024 | 33 | Ex Parte (Not Sealed) MOTION for Extension of Time Meet and Confer and Memorandum in Support filed by Plaintiff Charles Young. (Attachments: # 1 Text of Proposed Order) Motions referred to Cecilia M. Romero.(Stephenson, Eric) (Entered: 04/25/2024) |
| 04/29/2024 | 34 | ORDER granting 33 Motion for Extension of Time to Meet and Confer. The parties have until May 6, 2024, to meet and confer via Zoom or telephone to discuss the specific deficiencies of Defendants' discovery responses. Signed by Magistrate Judge Cecilia M. Romero on 4/29/24. (jrj) (Entered: 04/29/2024) |
| 05/01/2024 | 35 | STIPULATION of Dismissal *of the Fraud Claim against Mountain Land Only* by Charles Young. (Stephenson, Eric) (Entered: 05/01/2024) |
| 05/11/2024 | 36 | Plaintiff's MOTION for Short Form Discovery re: Responses to Interrogatories and Requests for Production , Plaintiff's MOTION to Expedite Motion to Compel and Memorandum in Support filed by Plaintiff Charles Young. (Attachments: # 1 Text of Proposed Order) Motions referred to Cecilia M. Romero.(Stephenson, Eric) (Entered: 05/11/2024) |
| 05/13/2024 | 37 | NOTICE of Appearance by Zachary Clyde Lindley on behalf of Constable Kolkman LLC, Michael W Erickson, Rob Kolkman, Utah Process Inc (Lindley, Zachary) (Entered: 05/13/2024) |
| 05/13/2024 | 38 | Plaintiff's MOTION for Partial Summary Judgment and Memorandum in Support filed by Plaintiff Charles Young. (Attachments: # 1 Appendix of Exhibits, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19)(Stephenson, Eric) (Entered: 05/13/2024) |
| 05/17/2024 | 39 | Defendant's RESPONSE to Motion re 36 Plaintiff's MOTION for Short Form Discovery re: Responses to Interrogatories and Requests for Production Plaintiff's MOTION to Expedite Motion to Compel and Memorandum in Support filed by Defendants Constable Kolkman LLC, Michael W Erickson, Rob Kolkman, Utah Process Inc. (Gardner, David) (Entered: 05/17/2024) |
| 06/03/2024 | 40 | |

11

| | | STIPULATION of Dismissal *of Mountain Land Collections* by Charles Young. (Stephenson, Eric) (Entered: 06/03/2024) |
|---|---|---|
| 06/04/2024 | 41 | NOTICE FROM THE COURT. On June 3, 2024, the parties filed their 40 Stipulation of Dismissal of Mountain Land Collections. Under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the stipulated dismissal is self−effectuating. The case is dismissed with prejudice per the terms of the stipulated dismissal with no fees, costs, or expenses awarded as to any party. No order will follow. (maa) (Entered: 06/04/2024) |
| 06/10/2024 | 42 | Defendant's MOTION for Partial Summary Judgment and Memorandum in Support filed by Defendants Constable Kolkman LLC, Michael W Erickson, Rob Kolkman, Utah Process Inc. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E)(Gardner, David) (Entered: 06/10/2024) |
| 06/10/2024 | 43 | Defendant's MEMORANDUM in Opposition re 38 Plaintiff's MOTION for Partial Summary Judgment and Memorandum in Support filed by Defendants Constable Kolkman LLC, Michael W Erickson, Rob Kolkman, Utah Process Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Gardner, David) (Entered: 06/10/2024) |
| 06/17/2024 | 44 | Stipulated MOTION for Extension of Time to File Response/Reply as to 38 Plaintiff's MOTION for Partial Summary Judgment and Memorandum in Support , 42 Defendant's MOTION for Partial Summary Judgment and Memorandum in Support and Memorandum in Support filed by Plaintiff Charles Young. (Attachments: # 1 Text of Proposed Order) Motions referred to Cecilia M. Romero.(Stephenson, Eric) (Entered: 06/17/2024) |
| 06/18/2024 | 45 | ORDER granting 44 Motion for Extension of Time to File Response/Reply 44 Stipulated MOTION for Extension of Time to File Response/Reply as to 38 Plaintiff's MOTION for Partial Summary Judgment and Memorandum in Support , 42 Defendant's MOTION for Partial Summary Judgment and Memorandum in Support. Replies due by 7/10/2024. Signed by Magistrate Judge Cecilia M. Romero on 6/18/24. (jrj) (Entered: 06/18/2024) |
| 06/18/2024 | 46 | ORDER Setting Hearing on Motion 36 Plaintiff's MOTION for Short Form Discovery re: Responses to Interrogatories and Requests for Production : Motion Hearing set for 7/1/2024 at 11:00 AM in US District Court−SLCU *virtual Court Via Zoom Conference* before Magistrate Judge Cecilia M. Romero. Signed by Magistrate Judge Cecilia M. Romero on 6/18/2024. (jfm) (Entered: 06/18/2024) |
| 07/01/2024 | 47 | Minute Entry for proceedings held before Magistrate Judge Cecilia M. Romero: Hearing held on 7/1/2024 re : 36 Plaintiff's MOTION for Short Form Discovery re: Responses to Interrogatories and Requests for Production. All parties appear via zoom. The court hears argument from both parties. For the reasons stated on the record, the court takes the matter under advisement. Written Order to follow: Yes. Attorney for Plaintiff: Eric Stephenson, Attorney for Defendants: David Gardner, Room: Electronic/Zoom.(Time Start: 11:00 AM, Time End: 12:02 PM, Room: Zoom.) (reb) (Entered: 07/01/2024) |
| 07/02/2024 | 48 | Plaintiff's REPLY to Response to Motion re 38 Plaintiff's MOTION for Partial Summary Judgment and Memorandum in Support filed by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 07/02/2024) |

| 07/02/2024 | 49 | Plaintiff's MEMORANDUM in Opposition re 42 Defendant's MOTION for Partial Summary Judgment and Memorandum in Support filed by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 07/02/2024) |
|---|---|---|
| 07/17/2024 | 50 | Stipulated MOTION for Extension of Time to Reply in Support of Motion for Summary Judgment and Memorandum in Support filed by Defendants Constable Kolkman LLC, Michael W Erickson, Rob Kolkman, Utah Process Inc. Motions referred to Cecilia M. Romero.(Gardner, David) (Entered: 07/17/2024) |
| 07/18/2024 | 51 | ORDER granting 50 Motion for Extension of Time. The court hereby GRANTS the Motion and ORDERS that the Constable Defendants shall have until August 2, 2024 to file their Reply. Signed by Magistrate Judge Cecilia M. Romero on 7/18/24. (jrj) (Entered: 07/18/2024) |
| 08/02/2024 | 52 | REPLY to Response to Motion re 42 Defendant's MOTION for Partial Summary Judgment and Memorandum in Support filed by Defendants Constable Kolkman LLC, Michael W Erickson, Rob Kolkman, Utah Process Inc. (Attachments: # 1 Exhibit F – Served Writ of Execution)(Gardner, David) (Entered: 08/02/2024) |
| 09/11/2024 | 53 | REQUEST to Submit for Decision re 48 Reply Memorandum/Reply to Response to Motion, 43 Memorandum in Opposition to Motion, 38 Plaintiff's MOTION for Partial Summary Judgment and Memorandum in Support filed by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 09/11/2024) |
| 10/15/2024 | 54 | ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFFS SHORT FORM DISCOVERY MOTION [ECF 36], AND STAYING PRODUCTION PENDING THE RULING ON THE CROSS MOTIONS FOR SUMMARY JUDGMENT – granting in part and denying in part 36 Motion for Short Term Discovery; granting 36 Motion to Expedite. See Order for details. Signed by Magistrate Judge Cecilia M. Romero on 10/11/24. (jrj) (Entered: 10/15/2024) |
| 02/17/2025 | 55 | Plaintiff's MOTION for Judical Notice and Memorandum in Support filed by Plaintiff Charles Young. (Attachments: # 1 Exhibit P–1 Writ of Execution, # 2 Exhibit P–2, # 3 Exhibit P–3, # 4 Exhibit P–4, # 5 Exhibit P–5, # 6 Exhibit P–6) Motions referred to Cecilia M. Romero.(Stephenson, Eric) (Entered: 02/17/2025) |
| 03/03/2025 | 56 | Defendant's RESPONSE to Motion re 55 Plaintiff's MOTION for Judical Notice and Memorandum in Support filed by Defendants Constable Kolkman LLC, Michael W Erickson, Rob Kolkman, Utah Process Inc. (Gardner, David) (Entered: 03/03/2025) |
| 03/10/2025 | 57 | Plaintiff's REPLY to Response to Motion re 55 Plaintiff's MOTION for Judical Notice and Memorandum in Support filed by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 03/10/2025) |
| 03/26/2025 | 58 | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS MOTION FOR SUMMARY JUDGMENT – denying 38 Motion for Partial Summary Judgment; denying 42 Motion for Partial Summary Judgment. See Order for details. Signed by Judge Ted Stewart on 3/25/25. (jrj) (Entered: 03/26/2025) |
| 03/26/2025 | 59 | Plaintiff's MOTION Schedule a Pretrial Conference and Memorandum in Support filed by Plaintiff Charles Young. (Attachments: # 1 Text of Proposed Order) Motions referred to Cecilia M. Romero.(Stephenson, Eric) (Entered: 03/26/2025) |
| 03/27/2025 | 60 | Motions No Longer Referred: 59 Plaintiff's MOTION Schedule a Pretrial Conference and Memorandum in Support . District Judge Ted Stewart will handle the motion. |

| | | |
|---|---|---|
| | | (jed) (Entered: 03/27/2025) |
| 04/04/2025 | 61 | SUBSTITUTION OF COUNSEL Mark A. Nickel replacing Zachary Clyde Lindley; David Paul Gardner and Christopher S. Hill as counsel on behalf of Constable Kolkman LLC, Michael W Erickson, Rob Kolkman. (Nickel, Mark) (Entered: 04/04/2025) |
| 04/14/2025 | 62 | NOTICE of Appearance by Ryan Anderson on behalf of Constable Kolkman LLC, Rob Kolkman (Anderson, Ryan) (Entered: 04/14/2025) |
| 05/19/2025 | 63 | STATUS REPORT ORDER. The Court orders the parties to submit a joint status report to include the anticipated length of trial and a list of potential trial dates. Status Report due by 6/2/2025. Signed by Judge Ted Stewart on 5/19/25.No attached document. (clm) (Entered: 05/19/2025) |
| 05/23/2025 | 64 | Motions No Longer Referred: 55 Plaintiff's MOTION for Judical Notice and Memorandum in Support . District Judge Ted Stewart will handle the motion. (jed) (Entered: 05/23/2025) |
| 05/23/2025 | 65 | STATUS REPORT by Charles Young. (Stephenson, Eric) (Entered: 05/23/2025) |
| 06/05/2025 | 66 | NOTICE of Appearance by Ryan Anderson on behalf of Constable Kolkman LLC, Michael W Erickson, Rob Kolkman (Anderson, Ryan) (Entered: 06/05/2025) |
| 07/28/2025 | 67 | **NOTICE OF HEARING**: (Notice generated by Chambers (rlr)). Final Pretrial Conference set for 2/3/2026 at 10:00 AM in Rm 8.300 before Judge Ted Stewart. 4–Day Jury Trial set to begin 2/17/2026 at 08:30 AM in Rm 8.300 before Judge Ted Stewart. (rlr) (Entered: 07/28/2025) |
| 11/04/2025 | 68 | SUBSTITUTION OF COUNSEL Marshall B. Hill replacing Ryan Anderson as counsel on behalf of Constable Kolkman LLC, Michael W Erickson, Rob Kolkman. (Hill, Marshall) (Entered: 11/04/2025) |
| 12/29/2025 | 69 | TRIAL ORDER with instructions to counsel: Final Pretrial Conference set for 2/3/2026 at 10:00 AM in Rm 8.300 before Judge Ted Stewart. 4 Day Jury Trial set to begin 2/17/2026 at 08:30 AM in Rm 8.300 before Judge Ted Stewart. See order for more deadlines and instructions. Signed by Judge Ted Stewart on 12/29/2025. (rlr) (Entered: 12/29/2025) |
| 01/13/2026 | 70 | **REQUEST FOR A JURY**<br>30–35 Jurors Needed for Voir Dire<br>Date Jurors Needed: 2/17/2026<br>Time Jurors Requested in the Courtroom: 9:30 a.m.<br>Length of Trial: 4 days<br>High Profile Case: NO<br>(rlr) (Entered: 01/13/2026) |
| 01/20/2026 | 71 | NOTICE of Appearance by David Paul Gardner on behalf of Michael W Erickson (Gardner, David) (Entered: 01/20/2026) |
| 01/20/2026 | 72 | MOTION to Continue Trial and Memorandum in Support filed by Defendant Michael W Erickson. (Attachments: # 1 Exhibit 1) Motions referred to Cecilia M. Romero.(Gardner, David) (Entered: 01/20/2026) |
| 01/21/2026 | 73 | DOCKET TEXT ORDER: Plaintiff and other Defendants are ordered to respond to 72 MOTION to Continue Trial and Memorandum in Support on or before |

| | | |
|---|---|---|
| | | 01/26/2026. Signed by Judge Ted Stewart on 01/21/2026. (jja) (Entered: 01/21/2026) |
| 01/26/2026 | 74 | Plaintiff's RESPONSE to Motion re 72 MOTION to Continue Trial and Memorandum in Support filed by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 01/26/2026) |
| 01/26/2026 | 75 | RESPONSE to Motion re 72 MOTION to Continue Trial and Memorandum in Support *Notice of Consent to Continuance* filed by Defendants Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 01/26/2026) |
| 01/27/2026 | 76 | Motions No Longer Referred: 72 MOTION to Continue Trial and Memorandum in Support . District Judge Ted Stewart will handle the motion. (jrm) (Entered: 01/27/2026) |
| 01/27/2026 | 77 | REPLY to Response to Motion re 72 MOTION to Continue Trial and Memorandum in Support filed by Defendant Michael W Erickson. (Gardner, David) (Entered: 01/27/2026) |
| 01/27/2026 | 78 | DOCKET TEXT ORDER granting 72 Motion to Continue Trial. All pre−trial related deadlines are hereby VACATED until a new trial date is scheduled. It is further ORDERED that all parties ensure the attorney of record for each party is accurate. Signed by Judge Ted Stewart on 01/27/2026.(jja) (Entered: 01/27/2026) |
| 01/28/2026 | 79 | TRIAL ORDER with instructions to counsel: 4 Day Jury Trial set to begin 4/20/2026 at 08:00 AM in Rm 8.300 before Judge Ted Stewart. Final Pretrial Conference set for 4/7/2026 at 10:00 AM in Rm 8.300 before Judge Ted Stewart. See order for more deadlines and information. Signed by Judge Ted Stewart on 1/28/2026. (rlr) (Entered: 01/28/2026) |
| 01/28/2026 | 80 | **REQUEST FOR A JURY CANCELLED** – Counsel filed a motion to continue. Trial has been continued to 4/20/2026. . (rlr) (Entered: 01/28/2026) |
| 01/29/2026 | 81 | CERTIFICATE OF SERVICE ~~NOTICE of Email Filing and Notification Form~~ by J. Tyler Martin (Martin, J.) Modified on 1/30/2026 by correcting title entry (mh). (Entered: 01/29/2026) |
| 01/30/2026 | 82 | Modification of Docket re 81 : Title entry corrected to CERTIFICATE OF SERVICE. No further action needed. (mh) (Entered: 01/30/2026) |
| 01/30/2026 | 83 | SUBSTITUTION OF COUNSEL Kyle C. Thompson replacing Marshall B. Hill as counsel on behalf of Constable Kolkman LLC, Rob Kolkman. Counsel selected to remove notice on this case as to the terminated attorney... (Thompson, Kyle) (Entered: 01/30/2026) |
| 03/25/2026 | 84 | **REQUEST FOR A JURY** 30−35 Jurors Needed for Voir Dire Date Jurors Needed: 4/20/2026 Time Jurors Requested in the Courtroom: 9:00 a.m. Length of Trial: 4 Days days High Profile Case: NO (rlr) (Entered: 03/25/2026) |
| 04/03/2026 | 85 | Emergency MOTION to Compel Contact Information or Acceptance of Subpoenas and Memorandum in Support filed by Plaintiff Charles Young. (Attachments: # 1 Exhibit P−1, # 2 Text of Proposed Order) Motions referred to Cecilia M. |

| | | |
|---|---|---|
| | | Romero.(Stephenson, Eric) (Entered: 04/03/2026) |
| 04/03/2026 | 86 | ERRATA to 85 Emergency MOTION to Compel Contact Information or Acceptance of Subpoenas and Memorandum in Support filed by Plaintiff Charles Young . (Stephenson, Eric) (Entered: 04/03/2026) |
| 04/03/2026 | 87 | Emergency MOTION to Expedite Motion to Compel and Memorandum in Support filed by Plaintiff Charles Young. (Attachments: # 1 Text of Proposed Order) Motions referred to Cecilia M. Romero.(Stephenson, Eric) (Entered: 04/03/2026) |
| 04/06/2026 | 88 | Plaintiff's Proposed Jury Instructions by Charles Young. (Stephenson, Eric) (Entered: 04/06/2026) |
| 04/06/2026 | 89 | Plaintiff's Proposed Jury Verdict by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 04/06/2026) |
| 04/06/2026 | 90 | **JURORS HAVE BEEN SENT A NOTICE TO APPEAR** by the Jury Office. Jurors to report on April 20, 2026 at 7:40 a.m. If a settlement is reached, counsel must immediately contact the Jury Administrator at tracey_hopkins@utd.uscourts.gov to minimize the risk of a cost assessment under DUCivR 41–1. (tlh) (Entered: 04/06/2026) |
| 04/06/2026 | 91 | Proposed Jury Instructions by Michael W Erickson. (Lindley, Zachary) (Entered: 04/06/2026) |
| 04/06/2026 | 92 | Proposed Jury Verdict by Defendant Michael W Erickson. (Lindley, Zachary) (Entered: 04/06/2026) |
| 04/06/2026 | 93 | Proposed Jury Instructions by Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 04/06/2026) |
| 04/06/2026 | 94 | Proposed Jury Verdict by Defendants Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 04/06/2026) |
| 04/07/2026 | 95 | Minute Entry for proceedings held before Judge Ted Stewart: Final Pretrial Conference held on 4/7/2026. Trial is set to begin 4/20/2026 and last 4 days. All parties stipulate to seating an eight person jury. The parties shall submit a joint pretrial order by the end of today, 4/7/2026, for the Court's signature. Trial briefs, voir dire, jury instructions, verdict form, and motions in limine are due by 4/13/2026. The Court urges the parties to submit a stipulation of uncontroverted facts that will be read to the jury and be listed as exhibit 1. Attorney for Plaintiff: Eric Stephenson, Attorney for Defendant: Tyler Martin, David Gardner. Court Reporter: Ed Young.(rlr) (Entered: 04/07/2026) |
| 04/07/2026 | 96 | DOCKET TEXT ORDER TO EXPEDITE BRIEFING. The court directs Defendants to submit a response to Plaintiff's Emergency MOTION to Compel Contact Information or Acceptance of Subpoenas 85 no later than April 8, 2026. No attached document. Signed by Magistrate Judge Cecilia M. Romero on 4/7/2026. (jrm) (Entered: 04/07/2026) |
| 04/07/2026 | 97 | ORDER – Court will permit Plaintiff a total of four (4) peremptory challenges, and Defendants a total of four (4) peremptory challenges. Defendant Erickson and the Kolkman Defendants may exercise the four challenges either separately or jointly, as they see fit. Signed by Judge Ted Stewart on 4/7/2026. (mh) (Entered: 04/07/2026) |

16

| 04/07/2026 | 98 | NOTICE of Proposed Pretrial Order by Charles Young re 79 Trial Order, (Stephenson, Eric) (Entered: 04/07/2026) |
|---|---|---|
| 04/07/2026 | 99 | ERRATA to 98 Notice (Other) filed by Plaintiff Charles Young . (Attachments: # 1 Exhibit Amended Pretrial Order)(Stephenson, Eric) (Entered: 04/07/2026) |
| 04/07/2026 | 100 | NOTICE of Amended Proposed Pretrial Order by Charles Young re 99 Errata (Stephenson, Eric) (Entered: 04/07/2026) |
| 04/08/2026 | 101 | NOTICE of Appearance by Charles W. Brown, Jr on behalf of Constable Kolkman LLC, Rob Kolkman (Brown, Charles) (Entered: 04/08/2026) |
| 04/08/2026 | 102 | Plaintiff's MOTION Judicial Notice and Memorandum in Support filed by Plaintiff Charles Young. (Attachments: # 1 Text of Proposed Order)(Stephenson, Eric) (Entered: 04/08/2026) |
| 04/08/2026 | 103 | Plaintiff's MOTION to Expedite Motion for Judicial Notice and Memorandum in Support filed by Plaintiff Charles Young. (Attachments: # 1 Text of Proposed Order) Motions referred to Cecilia M. Romero.(Stephenson, Eric) (Entered: 04/08/2026) |
| 04/09/2026 | 104 | Motions No Longer Referred: 103 Plaintiff's MOTION to Expedite Motion for Judicial Notice and Memorandum in Support . District Judge Ted Stewart will handle the motion. (mh) (Entered: 04/09/2026) |
| 04/09/2026 | 105 | DOCKET TEXT ORDER denying 102 Motion for Judicial Notice and denying 103 Motion to Expedite. Plaintiff's Motion is construed as a proposed jury instruction and will be addressed accordingly. As set forth in the 79 Trial Order, Parties may file objections, if any, to jury instructions proposed by another party no later than seven (7) days before trial. Any Party may submit a brief written reply in support of its proposed instructions no later than five (5) days before trial. Signed by Judge Ted Stewart on 04/09/2026. (jja) (Entered: 04/09/2026) |
| 04/10/2026 | 106 | MEMORANDUM DECISION AND ORDER granting in part and denying in part 85 Motion to Compel. IT IS FURTHER ORDERED that within twenty–four (24) hours of the entry of this Order, Defendants Rob Kolkman and Constable Kolkman LLC, through counsel, shall provide Plaintiff the last known contact information for Corey Revill and Andrea Croft, including their addresses and telephone numbers, no later than April 10, 2026. Signed by Magistrate Judge Cecilia M. Romero on 4/9/2026. (mh) (Entered: 04/10/2026) |
| 04/10/2026 | 107 | NOTICE OF FILING of CERTIFICATE OF SERVICE OF CONTACT INFORMATION FOR COREY REVILL AND ANDREA CROFT re 106 Order on Motion to Compel,,, Memorandum Decision,, filed by Defendants Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 04/10/2026) |
| 04/13/2026 | 108 | TRIAL BRIEF by Defendant Michael W Erickson. (Gardner, David) (Entered: 04/13/2026) |
| 04/13/2026 | 109 | Defendant's OBJECTIONS to 88 Proposed Jury Instructions filed by Michael W Erickson. (Gardner, David) (Entered: 04/13/2026) |
| 04/13/2026 | 110 | Proposed Voir Dire by Defendant Michael W Erickson. (Gardner, David) (Entered: 04/13/2026) |
| 04/13/2026 | 111 | MOTION in Limine and Memorandum in Support *on Evidence Unrelated to Plaintiff* filed by Defendant Michael W Erickson. (Gardner, David) (Entered: 04/13/2026) |

17

| 04/13/2026 | 112 | MOTION in Limine and Memorandum in Support *on Plaintiff's Damages* filed by Defendant Michael W Erickson. (Gardner, David) (Entered: 04/13/2026) |
|---|---|---|
| 04/13/2026 | 113 | MOTION in Limine and Memorandum in Support *on Plaintiff's Fact Witnesses* filed by Defendant Michael W Erickson. (Gardner, David) (Entered: 04/13/2026) |
| 04/13/2026 | 114 | MOTION in Limine and Memorandum in Support *on Pre–Writ of Execution Events* filed by Defendant Michael W Erickson. (Gardner, David) (Entered: 04/13/2026) |
| 04/13/2026 | 115 | MOTION in Limine and Memorandum in Support *on Punitive Damages* filed by Defendant Michael W Erickson. (Gardner, David) (Entered: 04/13/2026) |
| 04/13/2026 | 116 | Proposed Voir Dire by Defendants Constable Kolkman LLC, Rob Kolkman. (Brown, Charles) (Entered: 04/13/2026) |
| 04/13/2026 | 117 | TRIAL BRIEF *of Plaintiff Charles Young* by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 04/13/2026) |
| 04/13/2026 | 118 | Plaintiff's MOTION in Limine and Memorandum in Support filed by Plaintiff Charles Young. (Attachments: # 1 Exhibit P–1 Kolkman's Proposed Verdict Form)(Stephenson, Eric) (Entered: 04/13/2026) |
| 04/13/2026 | 119 | Plaintiff's MOTION in Limine and Memorandum in Support filed by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 04/13/2026) |
| 04/13/2026 | 120 | Plaintiff's MOTION in Limine and Memorandum in Support filed by Plaintiff Charles Young. (Attachments: # 1 Exhibit P–1 Writ of Execution, # 2 Exhibit Admissions Nos. 70–74)(Stephenson, Eric) (Entered: 04/13/2026) |
| 04/13/2026 | 121 | Plaintiff's MOTION in Limine and Memorandum in Support filed by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 04/13/2026) |
| 04/13/2026 | 122 | Plaintiff's MOTION in Limine and Memorandum in Support filed by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 04/13/2026) |
| 04/13/2026 | 123 | Plaintiff's MOTION in Limine and Memorandum in Support *on Immunity* filed by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 04/13/2026) |
| 04/13/2026 | 124 | Plaintiff's MOTION in Limine and Memorandum in Support *on Extension of Constable Status* filed by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 04/13/2026) |
| 04/13/2026 | 125 | Plaintiff's MOTION in Limine and Memorandum in Support *on Mistake of Law* filed by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 04/13/2026) |
| 04/13/2026 | 126 | Plaintiff's MOTION in Limine and Memorandum in Support *on Unrelated Litigation* filed by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 04/13/2026) |
| 04/13/2026 | 127 | Plaintiff's MOTION in Limine and Memorandum in Support *on State Officers* filed by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 04/13/2026) |
| 04/13/2026 | 128 | Plaintiff's MOTION in Limine and Memorandum in Support *on Underlying Debt* filed by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 04/13/2026) |
| 04/13/2026 | 129 | Plaintiff's MOTION in Limine and Memorandum in Support *on Voluntary Payments* filed by Plaintiff Charles Young. (Attachments: # 1 Exhibit P–1 Admissions)(Stephenson, Eric) (Entered: 04/13/2026) |

| 04/13/2026 | 130 | Plaintiff's OBJECTIONS *to Kolkman's Jury Instructions* filed by Charles Young. (Attachments: # 1 Exhibit P−1 Kolkman's Proposed Jury Instructions)(Stephenson, Eric) (Entered: 04/13/2026) |
| --- | --- | --- |
| 04/13/2026 | 131 | Oral OBJECTIONS *to Kolkman's Verdict Form* filed by Charles Young. (Attachments: # 1 Exhibit P−1 Kolkman's Proposed Verdict Form)(Stephenson, Eric) (Entered: 04/13/2026) |
| 04/13/2026 | 132 | Plaintiff's OBJECTIONS *to Erickson's Verdict Form* filed by Charles Young. (Attachments: # 1 Exhibit P−1 Erickson's Proposed Verdict Form)(Stephenson, Eric) (Entered: 04/13/2026) |
| 04/13/2026 | 133 | Plaintiff's OBJECTIONS *to Erickson's Jury Instructions* filed by Charles Young. (Attachments: # 1 Exhibit P−1 Erickson's Proposed Jury Instructions)(Stephenson, Eric) (Entered: 04/13/2026) |
| 04/13/2026 | 134 | Plaintiff's Proposed Voir Dire by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 04/13/2026) |
| 04/13/2026 | 135 | NOTICE of Service of Proposed Exhibit 1: Established Facts by Charles Young (Attachments: # 1 Exhibit P−1 Established Facts) (Stephenson, Eric) (Entered: 04/13/2026) |
| 04/13/2026 | 136 | NOTICE of Errata of Incorrect Service and Filing Dates by Charles Young re 119 Plaintiff's MOTION in Limine and Memorandum in Support , 125 Plaintiff's MOTION in Limine and Memorandum in Support *on Mistake of Law*, 122 Plaintiff's MOTION in Limine and Memorandum in Support , 124 Plaintiff's MOTION in Limine and Memorandum in Support *on Extension of Constable Status*, 121 Plaintiff's MOTION in Limine and Memorandum in Support , 120 Plaintiff's MOTION in Limine and Memorandum in Support (Stephenson, Eric) (Entered: 04/13/2026) |
| 04/13/2026 | 137 | NOTICE of Service of Plaintiff's Deposition Designations by Charles Young (Stephenson, Eric) (Entered: 04/13/2026) |
| 04/13/2026 | 138 | Defendant's MOTION in Limine *to Exclude Certain of Plaintiff's Fact Witnesses* filed by Defendants Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 04/13/2026) |
| 04/13/2026 | 139 | Defendant's MOTION in Limine *to Exclude Evidence Unrelated to Plaintiff* filed by Defendants Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 04/13/2026) |
| 04/13/2026 | 140 | Defendant's MOTION in Limine *to Exclude Certain Evidence Concerning Plaintiffs Claim for Compensatory Damages (General and Specific)* filed by Defendants Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 04/13/2026) |
| 04/13/2026 | 141 | Defendant's MOTION in Limine *to Exclude Evidence Concerning Pre−Writ of Execution Events Including Validity of Underlying Debt* filed by Defendants Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 04/13/2026) |
| 04/13/2026 | 142 | Defendant's MOTION in Limine *to Bifurcate Claim for Punitive Damages* filed by Defendants Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 04/13/2026) |
| 04/13/2026 | 143 | |

| | | |
|---|---|---|
| | | Defendant's OBJECTIONS to 88 Proposed Jury Instructions *of Plaintiff's* filed by Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 04/13/2026) |
| 04/14/2026 | 144 | TRIAL BRIEF *(Erroneously filed in Case No. 2:23cv00899 on April 13, 2026.)* by Defendants Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 04/14/2026) |
| 04/15/2026 | 145 | Defendant's RESPONSE re 133 Objections, filed by Michael W Erickson. (Gardner, David) (Entered: 04/15/2026) |
| 04/15/2026 | 146 | Plaintiff's RESPONSE re 109 Objections,*to Plaintiff's Proposed Jury Instructions* filed by Charles Young. (Stephenson, Eric) (Entered: 04/15/2026) |
| 04/15/2026 | 147 | Plaintiff's RESPONSE re 143 Objections,*to Plaintiff's Proposed Jury Instructions* filed by Charles Young. (Stephenson, Eric) (Entered: 04/15/2026) |
| 04/15/2026 | 148 | Plaintiff's MEMORANDUM in Opposition re 111 MOTION in Limine and Memorandum in Support *on Evidence Unrelated to Plaintiff*, 139 Defendant's MOTION in Limine *to Exclude Evidence Unrelated to Plaintiff* filed by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 04/15/2026) |
| 04/15/2026 | 149 | Plaintiff's MEMORANDUM in Opposition re 112 MOTION in Limine and Memorandum in Support *on Plaintiff's Damages*, 140 Defendant's MOTION in Limine *to Exclude Certain Evidence Concerning Plaintiffs Claim for Compensatory Damages (General and Specific)* filed by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 04/15/2026) |
| 04/15/2026 | 150 | Plaintiff's MEMORANDUM in Opposition re 113 MOTION in Limine and Memorandum in Support *on Plaintiff's Fact Witnesses*, 138 Defendant's MOTION in Limine *to Exclude Certain of Plaintiff's Fact Witnesses* filed by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 04/15/2026) |
| 04/15/2026 | 151 | Plaintiff's MEMORANDUM in Opposition re 141 Defendant's MOTION in Limine *to Exclude Evidence Concerning Pre−Writ of Execution Events Including Validity of Underlying Debt*, 114 MOTION in Limine and Memorandum in Support *on Pre−Writ of Execution Events* filed by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 04/15/2026) |
| 04/15/2026 | 152 | Plaintiff's MEMORANDUM in Opposition re 115 MOTION in Limine and Memorandum in Support *on Punitive Damages*, 142 Defendant's MOTION in Limine *to Bifurcate Claim for Punitive Damages* filed by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 04/15/2026) |
| 04/15/2026 | 153 | Plaintiff's OBJECTIONS to 110 Proposed Voir Dire, 116 Proposed Voir Dire filed by Charles Young. (Stephenson, Eric) (Entered: 04/15/2026) |
| 04/15/2026 | 154 | RESPONSE to Motion re 118 Plaintiff's MOTION in Limine and Memorandum in Support filed by Defendants Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 04/15/2026) |
| 04/15/2026 | 155 | RESPONSE to Motion re 121 Plaintiff's MOTION in Limine and Memorandum in Support filed by Defendants Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 04/15/2026) |
| 04/15/2026 | 156 | RESPONSE to Motion re 120 Plaintiff's MOTION in Limine and Memorandum in Support filed by Defendants Constable Kolkman LLC, Rob Kolkman. (Martin, J.) |

| | | |
|---|---|---|
| | | (Entered: 04/15/2026) |
| 04/15/2026 | 157 | RESPONSE to Motion re 123 Plaintiff's MOTION in Limine and Memorandum in Support *on Immunity* filed by Defendants Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 04/15/2026) |
| 04/15/2026 | 158 | RESPONSE to Motion re 122 Plaintiff's MOTION in Limine and Memorandum in Support filed by Defendants Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 04/15/2026) |
| 04/15/2026 | 159 | RESPONSE to Motion re 124 Plaintiff's MOTION in Limine and Memorandum in Support *on Extension of Constable Status* filed by Defendants Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 04/15/2026) |
| 04/15/2026 | 160 | RESPONSE to Motion re 127 Plaintiff's MOTION in Limine and Memorandum in Support *on State Officers* filed by Defendants Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 04/15/2026) |
| 04/15/2026 | 161 | RESPONSE to Motion re 126 Plaintiff's MOTION in Limine and Memorandum in Support *on Unrelated Litigation* filed by Defendants Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 04/15/2026) |
| 04/15/2026 | 162 | RESPONSE to Motion re 119 Plaintiff's MOTION in Limine and Memorandum in Support filed by Defendants Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 04/15/2026) |
| 04/15/2026 | 163 | RESPONSE to Motion re 125 Plaintiff's MOTION in Limine and Memorandum in Support *on Mistake of Law* filed by Defendants Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 04/15/2026) |
| 04/15/2026 | 164 | RESPONSE to Motion re 129 Plaintiff's MOTION in Limine and Memorandum in Support *on Voluntary Payments* filed by Defendants Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 04/15/2026) |
| 04/15/2026 | 165 | RESPONSE to Motion re 128 Plaintiff's MOTION in Limine and Memorandum in Support *on Underlying Debt* filed by Defendants Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 04/15/2026) |
| 04/16/2026 | 166 | Proposed Exhibit List by Defendant Michael W Erickson.. (Gardner, David) (Entered: 04/16/2026) |
| 04/16/2026 | 167 | Proposed Witness List by Michael W Erickson. (Gardner, David) (Entered: 04/16/2026) |
| 04/16/2026 | 168 | MOTION to Amend/Correct 58 Order on Motion for Partial Summary Judgment,,,, Memorandum Decision,,,, Terminate Motions, and Memorandum in Support filed by Defendants Constable Kolkman LLC, Rob Kolkman. Motions referred to Cecilia M. Romero.(Martin, J.) (Entered: 04/16/2026) |
| 04/17/2026 | 169 | MOTION to Amend/Correct 58 Order on Motion for Partial Summary Judgment,,,, Memorandum Decision,,,, Terminate Motions, and Memorandum in Support filed by Defendant Michael W Erickson. Motions referred to Cecilia M. Romero.(Gardner, David) (Entered: 04/17/2026) |
| 04/17/2026 | 170 | AMENDED PRETRIAL ORDER. Signed by Judge Ted Stewart on 4/17/2026. (alf) (Entered: 04/17/2026) |

| 04/17/2026 | 171 | Proposed Exhibit List by Plaintiff Charles Young.. (Stephenson, Eric) (Entered: 04/17/2026) |
|---|---|---|
| 04/17/2026 | 172 | Proposed Witness List by Charles Young. (Stephenson, Eric) (Entered: 04/17/2026) |
| 04/17/2026 | 173 | MEMORANDUM DECISION AND ORDER granting in part and denying in part Motions in Limine 118 , 119 , 120 , 121 , 122 , 123 , 124 , 125 , 126 , 127 and 129 . Signed by Judge Ted Stewart on 4/17/2026. (alf) (Entered: 04/17/2026) |
| 04/17/2026 | 174 | MEMORANDUM DECISION AND ORDER denying 111 Motion in Limine; denying 112 Motion in Limine; granting 113 Motion in Limine; granting 114 Motion in Limine; denying 115 Motion in Limine; granting 128 Motion in Limine; granting 138 Motion in Limine; denying 139 Motion in Limine; denying 140 Motion in Limine; granting 141 Motion in Limine; denying 142 Motion in Limine. Signed by Judge Ted Stewart on 4/17/2026. (alf) (Entered: 04/17/2026) |
| 04/17/2026 | 175 | CERTIFICATE OF SERVICE by Michael W Erickson *of USB Drives* (Gardner, David) (Entered: 04/17/2026) |
| 04/17/2026 | 176 | OBJECTIONS *to Plaintiff's Deposition Designations* filed by Michael W Erickson. (Attachments: # 1 Exhibit A)(Gardner, David) (Entered: 04/17/2026) |
| 04/17/2026 | 177 | MOTION Relief From Order on Motions in Limited re 173 Order on Motion in Limine,,,,,,,,,,,, Memorandum Decision and Memorandum in Support filed by Defendant Michael W Erickson. (Gardner, David) (Entered: 04/17/2026) |
| 04/17/2026 | 178 | MOTION for Judgment on the Pleadings *on Plainitff's Farud Claims* filed by Defendants Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 04/17/2026) |
| 04/17/2026 | 179 | DOCKET TEXT ORDER granting 177 Motion for Relief from Order on Motions in Limine; and denying 178 Motion for Judgment on the Pleadings on Plaintiff's Fraud Claim. Defendant Erickson will be considered to have joined Kolkman Defendants' responses to Plaintiff's Motions in Limine, and the rulings made in the Court's 173 Order will apply to Defendant Erickson as well as to Kolkman Defendants. The affirmative defense of governmental immunity raised in Kolkman Defendants' motion is untimely, not preserved in the Pretrial Order, and has thus been waived. Hart v. Salt Lake Cnty. Comm'n, 945 P.2d 125, 133 (Utah Ct. App. 1997). Signed by Judge Ted Stewart on 04/17/2026. (jja) (Entered: 04/17/2026) |
| 04/17/2026 | 180 | Proposed Exhibit List *Amended* by Plaintiff Charles Young.. (Stephenson, Eric) (Entered: 04/17/2026) |
| 04/17/2026 | 181 | Proposed Witness List *Amended* by Charles Young. (Stephenson, Eric) (Entered: 04/17/2026) |
| 04/18/2026 | 182 | ORDER denying 168 Motion to Amend/Correct; denying 169 Motion to Amend/Correct. It is further ordered that defendants counsel be prepared to show cause as to why the Court should not impose sanctions at 8:00 a.m. on April 20, 2026. Signed by Judge Ted Stewart on 4/18/2026. (rlr) (Entered: 04/18/2026) |
| 04/20/2026 | 183 | Minute Entry for proceedings held before Judge Ted Stewart: Voir Dire held on 4/20/2026. 34 prospective jurors are seated in the courtroom. The jury panel is sworn, answers are given to questions posed by the Court. At 11:05 am a jury of 8 members is selected. Jurors not chosen are thanked and excused from the Court. Prior to being sworn, juror #4 asks to be removed from the panel. After a sidebar with counsel, juror |

| | | |
|---|---|---|
| | | #4 is admonished and excused. The panel of 7 jurors are sworn in and preliminarily instructed.<br><br>Attorney for Plaintiff: Eric Stephenson, Attorney for Defendant: Charles Brown, Tyler Martin, David Gardner, Zachary Lindley. Court Reporter: Ed Young.(rlr) (Entered: 04/20/2026) |
| 04/20/2026 | 184 | Minute Entry for proceedings held before Judge Ted Stewart: Jury Trial held on 4/20/2026. Plaintiff invokes the Exclusionary Rule. Opening statements heard from all parties. Plaintiff calls witness Charles Young. Testimony is heard and evidence is entered into the record. Court adjourns at 1:30 p.m. to resume again tomorrow, 4/21/2026 at 8:30 a.m.. The Court instructs the jury to not talk to anyone nor do any research regarding this case or any matters discussed in the testimony heard.<br><br>Attorney for Plaintiff: Eric Stephenson, Attorney for Defendant: Charles Brown, Tyler Martin, David Gardner, Zachary Lindley. Court Reporter: Ed Young.(rlr) (Entered: 04/20/2026) |
| 04/21/2026 | 185 | Minute Entry for proceedings held before Judge Ted Stewart: Jury Trial held on 4/21/2026. Court resumes at 8:30 a.m. with matters heard outside the presence of the jury. The jury is brought in and continued testimony from Charles Young is heard. During a break, the Court rules that plaintiffs' exhibits 2 and 44 are inadmissible. Plaintiff calls witnesses Quinn Kofford and Corey Revill. Testimony is heard and evidence is entered into the record. Court adjourns at 1:30 p.m., to resume again tomorrow, 4/22/2026 at 8:30 a.m. The jury is again instructed to not discuss the case nor do any research regarding anything related to the case.<br><br>Attorney for Plaintiff: Eric Stephenson, Attorney for Defendant: Charles Brown, Tyler Martin, David Gardner, Zachary Lindley. Court Reporter: Ed Young.(rlr) (Entered: 04/21/2026) |
| 04/21/2026 | 186 | Defendant's OBJECTIONS *to Jury Instructions* filed by Michael W Erickson. (Gardner, David) (Entered: 04/21/2026) |
| 04/21/2026 | 187 | Plaintiff's OBJECTIONS filed by Charles Young. (Stephenson, Eric) (Entered: 04/21/2026) |
| 04/21/2026 | 188 | Proposed Jury Instructions by Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 04/21/2026) |
| 04/22/2026 | 189 | Minute Entry for proceedings held before Judge Ted Stewart: Jury Trial completed on 4/22/2026. Court resumes at 8:30 a.m. with continued testimony from witness Corey Revill. Plaintiff calls witness Andrea Croft. Testimony is heard and evidence is entered into the record. Outside the presence of the jury, counsel for defendant Michael Erickson makes an oral motion for a mistrial. Counsel for the Kolkman defendants join in the motion. The Court orally denies the motion for a mistrial. Trial resumes with the jury. Plaintiff calls witnesses Michael W. Erickson and Rob Kolkman. Testimony is heard and evidence is entered into the record. at 1:15 p.m. all parties rest their case. Outside the presence of the jury counsel for both defendants and the plaintiff orally make Rule 50 motions. After a break, the Court orally rules on the Rule 50 motions. A written order will be issued. At 2:30 p.m. the jury is instructed and closing arguments are heard from all the parties. Jury deliberations begin at 4:45 p.m. |

| | | |
|---|---|---|
| | | At 5:15 p.m. the Court receives a note from juror #1 stating he was leaving. Before the Court could address him he had left the building. The Court addressed the remaining jurors by note giving them options of continuing as a quorum of six or coming back tomorrow with juror #1 being present for a group of seven. The remaining jurors chose to continue deliberations as a group of six. Counsel was then contacted and informed of the situation.<br><br>At 6:45 p.m. the Court receives a note stating the jury had reached a verdict. At 7:05 Counsel reconvenes in the courtroom. A verdict in favor of Plaintiff is read. Plaintiff asks for the jury to be polled. The jury is thanked for their service and excused at 7:20 p.m. Court is adjourned.<br><br>Attorney for Plaintiff: Eric Stephenson, Attorney for Defendant: Charles Brown, Tyler Martin, David Gardner, Zachary Lindley. Court Reporter: Michelle Mallonnee / Ed Young.(rlr) (Entered: 04/23/2026) |
| 04/22/2026 | 190 | **SEALED DOCUMENT** Jury Panel Record. (rlr) (Main Document 190 replaced on 5/13/2026) (kec). (Entered: 04/23/2026) |
| 04/22/2026 | 191 | **SEALED DOCUMENT** Jury Seating Arrangement. (rlr) (Main Document 191 replaced on 5/13/2026) (kec). (Entered: 04/23/2026) |
| 04/22/2026 | 192 | Trial Witness and Exhibit List. (rlr) (Main Document 192 replaced on 5/1/2026) (kec). (Entered: 04/23/2026) |
| 04/22/2026 | 193 | Jury Instructions. (rlr) (Main Document 193 replaced on 5/1/2026) (kec). (Entered: 04/23/2026) |
| 04/22/2026 | 194 | JURY VERDICT for Plaintiff. (rlr) (Main Document 194 replaced on 5/1/2026) (kec). (Entered: 04/23/2026) |
| 04/22/2026 | 195 | **SEALED DOCUMENT** Jury Notes. (rlr) (Main Document 195 replaced on 5/13/2026) (kec). (Entered: 04/23/2026) |
| 04/28/2026 | 196 | MEMORANDUM DECISION AND ORDER on Defendant's Motion for Judgment as Matter of Law. The Court grants Defendants' Motions for Judgment as a Matter of Law as to Plaintiffs fraud claim and request for punitive damages, and denies the Motions as to Plaintiff's FDCPA claim and request for compensatory damages. Signed by Judge Ted Stewart on 4/28/2026. (mh) (Entered: 04/28/2026) |
| 05/04/2026 | 197 | BILL OF COSTS filed by Charles Young. (Stephenson, Eric) (Entered: 05/04/2026) |
| 05/04/2026 | 198 | Plaintiff's MEMORANDUM re 197 Bill of Costs filed by Charles Young. (Attachments: # 1 Affidavit of Counsel)(Stephenson, Eric) (Entered: 05/04/2026) |
| 05/04/2026 | 199 | Plaintiff's MOTION for Attorney Fees and Memorandum in Support filed by Plaintiff Charles Young. (Attachments: # 1 Affidavit of Counsel, # 2 Exhibit Time Sheet, # 3 Exhibit Bill of Costs, # 4 Exhibit Hotel Invoice, # 5 Exhibit Hotel Invoice, # 6 Exhibit Hotel Invoice, # 7 Exhibit Hotel Invoice) Motions referred to Cecilia M. Romero.(Stephenson, Eric) (Entered: 05/04/2026) |
| 05/05/2026 | 200 | Motion No Longer Referred: 199 Plaintiff's MOTION for Attorney Fees and Memorandum in Support . District Judge Ted Stewart will handle the motion. (jrm) (Entered: 05/05/2026) |
| 05/11/2026 | 201 | |

| | | |
|---|---|---|
| | | JUDGMENT shall be, and it hereby is, entered in favor of Plaintiff Charles Young and against Defendant Michael Erickson in the amount of $1,500 and against Kolkman Defendants (Rob Kolkman and Constable Kolkman, LLC) in the amount of $1,500 for actual damages; and $1,000 for statutory damages. Magistrate Judge Cecilia M. Romero no longer assigned to case. Case Closed. Signed by Judge Ted Stewart on 5/11/2026. (mh) (Entered: 05/11/2026) |
| 05/14/2026 | 202 | Plaintiff's MOTION for Judgment as a Matter of Law and Memorandum in Support filed by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 05/14/2026) |
| 05/14/2026 | 203 | Plaintiff's MOTION for New Trial and Memorandum in Support filed by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 05/14/2026) |
| 05/18/2026 | 204 | Defendant's RESPONSE to Motion re 199 Plaintiff's MOTION for Attorney Fees and Memorandum in Support filed by Defendant Michael W Erickson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Gardner, David) (Entered: 05/18/2026) |
| 05/18/2026 | 205 | Stipulated MOTION for Extension of Time to File Response/Reply *TO PLAINTIFFS MOTION FOR ATTORNEY FEES AND BILL OF COSTS* filed by Defendants Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 05/18/2026) |
| 05/19/2026 | 206 | DOCKET TEXT ORDER granting 205 Motion for Extension of Time to File Response/Reply to Plaintiff's Motion for Attorney Fees and Bill of Costs. Defendants shall file their response on May 19, 2026. Signed by Judge Ted Stewart on 05/19/2026. (jja) (Entered: 05/19/2026) |
| 05/19/2026 | 207 | RESPONSE to Motion re 199 Plaintiff's MOTION for Attorney Fees and Memorandum in Support filed by Defendants Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 05/19/2026) |
| 05/20/2026 | 208 | EXHIBITS filed by Constable Kolkman LLC, Rob Kolkman re 207 Response to Motion. (Attachments: # 1 Exhibit Exhibit B, # 2 Exhibit Exhibit C, # 3 Exhibit Exhibit D)(Martin, J.) (Entered: 05/20/2026) |
| 05/22/2026 | 209 | MEMORANDUM DECISION AND ORDER IMPOSING SANCTIONS – It is therefore ORDERED that J. Tyler Martin and Mark A. Nickel are referred to an attorney misconduct committee within the United States District Court for the District of Utah. It is further ORDERED that David P. Gardner successfully complete two (2) continued learning education (CLE) courses. It is further ORDERED that Mr. Gardner submit to the Court proof of successful completion within six (6) months from the date of this Order. Signed by Judge Ted Stewart on 5/22/2026. (mh) (Entered: 05/22/2026) |
| 05/28/2026 | 210 | Defendant's MEMORANDUM in Opposition re 202 Plaintiff's MOTION for Judgment as a Matter of Law and Memorandum in Support filed by Defendant Michael W Erickson. (Gardner, David) (Entered: 05/28/2026) |
| 05/28/2026 | 211 | Defendant's MEMORANDUM in Opposition re 203 Plaintiff's MOTION for New Trial and Memorandum in Support filed by Defendant Michael W Erickson. (Gardner, David) (Entered: 05/28/2026) |
| 05/28/2026 | 212 | MEMORANDUM in Opposition re 202 Plaintiff's MOTION for Judgment as a Matter of Law and Memorandum in Support filed by Defendants Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 05/28/2026) |
| 05/28/2026 | 213 | |

25

| | | |
|---|---|---|
| | | RESPONSE to Motion re 203 Plaintiff's MOTION for New Trial and Memorandum in Support filed by Defendants Constable Kolkman LLC, Rob Kolkman. (Martin, J.) (Entered: 05/28/2026) |
| 06/01/2026 | 214 | Stipulated MOTION for Extension of Time to File Response/Reply as to 204 Response to Motion, 207 Response to Motion and Memorandum in Support filed by Plaintiff Charles Young. (Attachments: # 1 Text of Proposed Order)(Stephenson, Eric) (Entered: 06/01/2026) |
| 06/02/2026 | 215 | <span style="color:red">DOCKET TEXT ORDER granting 214 Motion for Extension of Time to File Response/Reply as to 204 and 207 . Plaintiff shall file his Reply on or before June 11, 2026. Signed by Judge Ted Stewart on 06/02/2026. (jja) (Entered: 06/02/2026)</span> |
| 06/08/2026 | 216 | AO 436 ELECTRONIC SOUND/AUDIO RECORDING ORDER FORM filed by Constable Kolkman LLC, Rob Kolkman for proceedings held on 4/20/2026 – 4/22/2026 before Judge Ted Stewart. Name of Hearing Full Trial Audio. Time Start 8:00 AM 4/20/2026. Time End 7:00 PM 4/22/2026. (Audio Recording fee $ 34, receipt number AUTDC–5814523). (Anderson, Ryan) (Entered: 06/08/2026) |
| 06/09/2026 | 217 | Remark re 216 AO 436 Electronic Sound/Audio Recording Order Form. The clerk is unable to complete the request because a court reporter was at the hearing and the transcript is the official record available. The requestor was emailed this information on 6/9/2026. (kec) (Entered: 06/09/2026) |
| 06/09/2026 | 218 | AO 435 TRANSCRIPT REQUEST ORDER FORM *2–Hour Delivery* by Constable Kolkman LLC, Rob Kolkman for proceedings held on 4/20/2026 – 4/22/2026 before Judge Ted Stewart.. (Anderson, Ryan) (Entered: 06/09/2026) |
| 06/09/2026 | 219 | Plaintiff's REPLY to Response to Motion re 199 Plaintiff's MOTION for Attorney Fees and Memorandum in Support filed by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 06/09/2026) |
| 06/09/2026 | 220 | REQUEST to Submit for Decision re 197 Bill of Costs filed by Plaintiff Charles Young. (Attachments: # 1 Exhibit)(Stephenson, Eric) (Entered: 06/09/2026) |
| 06/10/2026 | 221 | NOTICE OF APPEAL as to 201 Judgment, filed by Constable Kolkman LLC, Rob Kolkman. Appeals to the USCA for the 10th Circuit. Filing fee $ 605, receipt number AUTDC–5817758. (Martin, J.) (Entered: 06/10/2026) |
| 06/11/2026 | 222 | Plaintiff's REPLY to Response to Motion re 203 Plaintiff's MOTION for New Trial and Memorandum in Support filed by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 06/11/2026) |
| 06/11/2026 | 223 | Plaintiff's REPLY to Response to Motion re 202 Plaintiff's MOTION for Judgment as a Matter of Law and Memorandum in Support filed by Plaintiff Charles Young. (Stephenson, Eric) (Entered: 06/11/2026) |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHARLES YOUNG,<br><br>     Plaintiff,<br><br>v.<br><br>MICHAEL W. ERICKSON; UTAH COUNTY CONSTABLE'S OFFICE; ROB KOLKMAN; OFFICE OF THE UTAH COUNTY CONSTABLE, LLC; UTAH PROCESS INC.; CONSTABLE KOLKMAN LLC; and JOHN DOES 1-5,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 2:23-cv-420-TS-CMR<br><br>Judge Ted Stewart<br>Magistrate Judge Cecilia M. Romero |

This matter comes before the Court on cross Motions for Summary Judgment filed by

Plaintiff Charles Young and Defendants Michael Erickson, Utah Process, Inc., Rob Kolkman,

and Constable Kolkman, LLC ("Constable Defendants"). For the reasons discussed below, the

Court will deny both Motions.

I.  BACKGROUND

Plaintiff's Complaint alleges the Constable Defendants violated the Fair Debt Collection

Practices Act ("FDCPA") and committed fraud.[1] The parties seek summary judgment on

Plaintiff's FDCPA claim.

Mountain Land Collections ("MLC"), a debt collection company, obtained a judgment on

June 28, 2022, against Plaintiff for delinquent medical debt.[2] After obtaining its judgment, MLC

---

[1] Docket No. 26.

[2] *Id.* ¶ 93.

obtained a Writ of Execution (the "Writ") on July 29, 2022.[3] MLC subsequently delivered the

Writ to the Constable Defendants to serve process and act as directed in the Writ.[4] On or about

August 18, 2022, Constable Michael Erickson mailed Plaintiff a collection letter that threatened

to seize and sell Plaintiff's personal property if he did not pay the judgment amount and

additional fees.[5] The fees included a $50 service fee, $105 mileage fee, $88.13 commission, and

$15 notice fee.[6] On September 13, 2022, Constable Erickson mailed a second collection letter

along with a notice of sale which stated Plaintiff's personal items would be auctioned on

September 30, 2022, absent further action from Plaintiff.[7] On September 23, 2022, Constable

Erickson mailed a third collection letter.[8] Plaintiff then made at least four payments to Constable

Erickson as part of a payment plan.[9] From October 2022 to February 2023, Constables Erickson

and Kolkman mailed five additional collection letters seeking full payment of the judgment.[10]

On June 28, 2023, Plaintiff filed the underlying FDCPA action against MLC, the

Constable Defendants, and unnamed individuals, claiming they violated the FDCPA in their

interactions with him.[11] He has since filed multiple Amended Complaints.[12]

---

[3] *Id.* ¶ 97.

[4] *Id.* ¶¶ 99–100.

[5] Docket No. 38 ¶ 16; Docket No. 38-5.

[6] Docket No. 38-5.

[7] Docket No. 38 ¶ 18; Docket No. 38-6.

[8] Docket No. 38-7.

[9] Docket No. 38-13 ¶¶ 48, 50, and 51.

[10] Docket No. 38 ¶ 25.

[11] Docket No. 2.

[12] Docket No. 9; Docket No. 26.

On May 13, 2024, Plaintiff filed a Motion for Partial Summary Judgment on his FDCPA claims.[13] On June 10, 2024, the Constable Defendants filed their Motion for Partial Summary Judgment, seeking summary judgment that they are exempt from the FDCPA because they interacted with Plaintiff as state officers in their official capacity.[14]

## II.    STANDARD OF REVIEW

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[15] In determining whether a genuine dispute of material fact exists, the Court considers whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[16] "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim."[17] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[18]

"The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact."[19] Once a movant has carried its initial burden, "the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that

---

[13] Docket No 38.

[14] Docket No. 42.

[15] Fed. R. Civ. P. 56(a).

[16] See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Clifton v. Craig, 924 F.2d 182, 183 (10th Cir. 1991).

[17] Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998).

[18] See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Wright v. Sw. Bell Tel. Co., 925 F.2d 1288, 1292 (10th Cir. 1991).

[19] Adler, 144 F.3d at 670–71.

would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[20]

## III.    DISCUSSION

Congress passed the FDCPA "to eliminate abusive debt collection practices by debt collectors."[21] To prevail on a FDCPA claim, a plaintiff must prove that: "(1) the plaintiff is a 'consumer' under [the Act]; (2) the debt at issue arose out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant is a debt collector under [the Act]; and (4) through its acts or omissions, the defendant violated [the Act]."[22] The parties' Motions concern the third and fourth factors.

Plaintiff argues that the Constable Defendants are debt collectors and violated the FDCPA in multiple ways.[23] The Constable Defendants argue they are precluded from FDCPA liability because they are state officials performing acts within the scope of their ordinary duties. In the alternative, they argue that even if the state official exception does not apply, the FDCPA's bona fide error defense shields them from liability.[24]

A. Constable Defendants' Motion for Summary Judgment

The Constable Defendants seek summary judgment on the FDCPA claims under the theory that they are not debt collectors but are instead state officers acting within the scope of their official duties.

---

[20] *Id.* at 671 (quoting FED. R. CIV. P. 56(e)).

[21] 15 U.S.C. § 1692(e).

[22] *Tavernaro v. Pioneer Credit Recovery, Inc.*, 43 F.4th 1062, 1067 (10th Cir. 2022); *see also Maynard v. Cannon*, 401 F. App'x 389, 393 (10th Cir. 2010); *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

[23] *See* Docket No. 38.

[24] Docket No. 42.

The FDCPA defines a debt collector as "any person" who regularly collects debt on behalf of another.[25] Exempted from this definition are, among other categories, "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties."[26] Under Utah law, constables may be appointed by cities or counties[27] and are authorized to "execute, serve, and return all process" on individuals when ordered by a court.[28] Thus, constables are "certified as . . . special function peace officer[s] in the state"[29] and are elsewhere defined as "special function officers."[30] There is no binding federal authority defining constables as state officers, although this Court has found that constables are state officers under Utah law.[31] However, neither federal nor Utah law includes constable LLCs or companies as state officers.

Both Michael Erickson and Rob Kolkman declare they are "sworn constable[s] of the state of Utah."[32] Michael Erickson presents evidence that he is certified as a constable in Utah County,[33] and Rob Kolkman presents evidence that he is certified as constable in Ogden City, that he has completed training as a Special Function Officer, and that he is trained as a Utah Law

---

[25] 15 U.S.C. § 1692a(6).

[26] *Id*. § 1692a(6)(C).

[27] UTAH CODE ANN. § 17-25a-1(1).

[28] *Id.* § 17-25-1(1)(b).

[29] *Id.* § 17-25a-2(1).

[30] *Id.* § 53-13-105.

[31] *See Sexton v. Poulsen & Skousen P.C.*, 372 F. Supp. 3d 1307, 1315–18 (D. Utah 2019) (finding that although constables were state officers, summary judgment was not appropriate when there was a factual dispute about whether constable defendants acted beyond the scope of their official duties).

[32] Docket No. 42-2, ¶ 7; Docket No. 42-3, ¶ 7.

[33] Docket No. 42-1, at 2.

Enforcement Officer.[34] Although Plaintiff includes additional state and local statutes to counteract this evidence, the undisputed facts show that the individual constables, Michael Erickson and Rob Kolkman, are state officers. However, Defendants Utah Process, Inc., and Constable Kolkman LLC, as business entities, are not state officers.

The next issue is whether the individual Constable Defendants acted within the performance of their official duties. The Constable Defendants argue they acted pursuant to their authority under the Writ to "seize and sell" Plaintiff's property when they canceled the sale of Plaintiff's property and created a payment plan.[35]

The Utah statute defining a constable's authority states that constables "shall" "attend [city or county] justice courts . . .; [and] execute, serve, and return all process directed or delivered to the constable."[36] Constables also may "serve any process throughout the state," "carry out all other functions associated with a constable."[37] Further, they must act as exclusive agents for the state, local government unit, or court with which they contract.[38] Constables are also allowed to collect fees for specific acts, including for serving documents and writs, taking property pursuant to a writ of execution order, advertising and executing sales of that property, and collecting payment for judgments within a writ of execution.[39] But constables' powers are limited to the court's order in the documents they serve.[40] This Court has denied summary

---

[34] *Id.* at 3–5.

[35] Docket No. 43, at 17–20.

[36] UTAH CODE ANN. § 17-25-1(1).

[37] *Id*. § 17-25-1(2).

[38] *Id*. § 17-25-1(3).

[39] *Id*. § 17-22-2.5.

[40] *Sexton*, 372 F. Supp. 3d at 1316 ("A constable's official duties are defined by the orders and writs issued by a court or a court clerk authorizing the constable's actions.").

judgment for constable defendants, even though they were state officers, when they "exceeded the scope of their authority under the writ of execution."[41]

Here, the Writ authorizes "any Sheriff or Constable having authority in the State of Utah . . . to seize and sell enough of the judgment debtor's non-exempt property . . . to satisfy the amount,"[42] which included "[a]ny cash on hand."[43] It is undisputed that the Constable Defendants did more than simply seize and sell Plaintiff's property. First, Plaintiff presented undisputed evidence that they set up a payment plan with him.[44] This Court has ruled that creating payment plans does not fall within the authority granted to a constable under Utah law.[45] Further, Plaintiff presented undisputed evidence that the Constable Defendants sent collection letters[46] and contacted Plaintiff over the phone.[47] Thus, the Court finds that the individual constables exceeded the scope of their authority and do not fall under the FDCPA's state officer exemption.

The Constable Defendants argue, in the alternative, that they are shielded from liability under the FDCPA's bona fide error defense. To succeed on a motion for summary judgment under this defense, defendant must "establish a bona fide error for each and every alleged

---

[41] *Id.* at 1317.

[42] Docket No. 38-5, at 1.

[43] Docket No. 42-4, at 3–4.

[44] *See* Docket No. 43, at 18–22.

[45] *See Campbell v. Olsen Assocs. P.C.*, No. 2:23-cv-00914-DBB-DAO, 2024 WL 3510313, at *3 (D. Utah July 23, 2024) ("No statutory authority states that a constable may enter into payment plans and accept payments from judgment debtors.") (internal quotation marks omitted) (denying a motion to certify to the Utah Supreme Court whether a writ's direction to "collect the judgment" allows the constable to collect via a payment plan).

[46] *See* Docket Nos. 38-5, 38-6, 38-7, 38-8, 38-9, 38-10, 38-11, & 38-12.

[47] *See* Docket No. 38, at 21.

violation of the FDCPA"[48] and must show by a preponderance of the evidence that the violation was (1) unintentional, (2) a bona fide error, and (3) made despite procedures reasonably adapted to avoid the violation.[49] Failing to meet any one of the three prongs bars the defense.[50] The first prong requires defendants to show that they did not intentionally violate the FDCPA under a subjective test.[51] The second and third prong are objective tests and often "merge" because "whether the debt collector's mistake was bona fide will often turn on the debt collector's due diligence practices" and "one inquiry [will] drive[] the other."[52] This process requires a two-step analysis: "whether the debt collector 'maintained'—*i.e.*, actually employed or implemented—procedures to avoid errors; and . . . whether the procedures were 'reasonably adapted' to avoid the specific error at issue."[53]

Regarding the first prong, the Constable Defendants argue that their attempt to "seize" Plaintiff's property through a payment plan was a mistake of law because they believed they were exempt from the FDCPA. They also argue that Utah law, which does not define "seize" and which also allows constables to serve writs per "debtor preference,"[54] indicates that their mistake of law was reasonable. However, the Constable Defendants ignore Supreme Court precedent, which states that "[t]he bona fide error defense . . . does not apply to a violation resulting from a

---

[48] *Caputo v. Prof. Recovery Servs., Inc.*, 261 F.Supp.2d 1249, 1259 (D. Kan. 2003).

[49] *See* 15 U.S.C. § 1692k(c); *see also Lupia v. Medicredit, Inc.*, 8 F.4th 1184, 1195 (10th Cir. 2021).

[50] *See Lupia*, 8 F.4th at 1195 (finding that because a debt collector failed the third prong, the court "needn't consider the first two prongs").

[51] *See Johnson v. Riddle*, 443 F.3d 723, 728–29 (10th Cir. 2006).

[52] *Id.* at 729.

[53] *Id.* (citations omitted).

[54] Utah R. Civ. P. 69A.

8

debt collector's mistaken interpretation of the legal requirements of the FDCPA" because "[a] violation resulting from a debt collector's misinterpretation of the legal requirements of the FDCPA cannot be 'not intentional.'"[55] Further, although the Tenth Circuit has not definitively ruled on the issue, "courts generally treat the FDCPA as a strict liability statute."[56]

Regarding the second and third prongs, the Constable Defendants argue that they employed procedures that prevented them from violating the law, including reviewing writs and statutes to ensure compliance, and that the writs they received were given to them in good faith. Congress has defined "procedure" as "a series of steps followed in a regular orderly definite way."[57] The Constable Defendants do not show that they followed specific procedures to prevent law violations, nor do they show that they implemented these procedures or show how these procedures are "reasonably adapted" to prevent a breach of the FDCPA. Based on the above analysis, the Court finds that the bona fide error defense does not apply as a matter of law.

Accordingly, the Court denies the Constable Defendants' Motion for Summary Judgment in its entirety. As these are the only arguments Defendants raised to suggest that they are not debt collectors, the Court concludes that they are debt collectors under the FDCPA.

B.  Plaintiff's Motion for Summary Judgment

Plaintiff argues the undisputed facts show the Constable Defendants violated the FDCPA in five ways: (1) they collected and attempted to collect unauthorized or prohibited amounts; (2)

---

[55] *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 574 (2010).

[56] *Soren v. Equable Ascent Fin., LLC*, 2:12-cv-00038, 2012 WL 2317362 at *2 (unpublished) (D. Utah June 18, 2012) (citing *Billsie v. Brooksbank*, 525 F. Supp. 2d 1290, 1293 (D.N.M.2007); *Clark v. Capital Credit & Collection Serv., Inc.*, 460 F.3d 1162, 1175 (9th Cir. 2006); *Randolph v. IMBS, Inc.*, 368 F.3d 726, 729–730 (7th Cir. 2004); *Picht v. Hawks, Ltd.,* 236 F.3d 446, 451 (8th Cir. 2001)).

[57] *Jerman*, 449 U.S. at 587 (citing 15 U.S.C. § 1692k(c)).

9

they made threats they did not intend to carry out; (3) they falsely represented the character, amount, and legal status of the debt; (4) they used and distributed written communications that looked like legal documents; and (5) they failed to provide Plaintiff with the FDCPA's notice requirements.[58] The Constable Defendants did not dispute Plaintiff's facts but respond with the blanket defense that they are exempt from the FDCPA.[59]

Under the FDCPA, "debt collectors cannot use false, deceptive, or misleading representations, or unfair or unconscionable means in attempting to collect a debt."[60] The FDCPA contains a non-exhaustive list of practices that are considered false, deceptive, or misleading and unfair or unconscionable.[61] In addition to showing that a debt collector's statements or practices are false, deceptive, or misleading, the Tenth Circuit has interpreted the FDCPA to require that a debt collector's actions be "material," meaning that the debt collector's actions are "capable of influencing the consumer's decision-making process."[62] A consumer is judged by the reasonable consumer standard, not the previously-applied least sophisticated consumer standard.[63]

First, Plaintiff argues that the Constable Defendants violated the FDCPA when they attempted to collect additional fees not authorized by the Writ because the Constable Defendants never actually levied the Writ. 15 U.S.C. § 1692f prohibits debt collectors from collecting "any amount (including any . . . fee . . . ) unless such amount is expressly authorized by the agreement

---

[58] *See* Docket No. 38, at 10–21.

[59] *See* Docket No. 43.

[60] *Tavernaro*, 43 F.4th at 1067 (citing 15 U.S.C. §§ 1692 et seq).

[61] 15 U.S.C. §§ 1692 et seq.

[62] *Tavernaro*, 43 F.4th at 1067 (quoting *Van Hoven v. Buckles & Buckles, P.L.C.*, 947 F.3d 889, 894 (6th Cir. 2020)).

[63] *Id.*

creating the debt or permitted by law."[64] Utah law permits constables to collect fees for specific actions,[65] including $50 for levying an execution,[66] $2.50 for each mile "necessarily traveled" from the courthouse up to 100 miles,[67] $15 for advertising, postponing, or canceling a sale,[68] and an additional prorated fee depending on the amount of a judgment the constable collects.[69]

It is undisputed that the Constable Defendants charged Plaintiff a total of $5,800.31 in their initial letter, about $250 more than the $5,542.18 judgment set forth in the Writ.[70] This extra amount was for fees, including a $50 service fee, a $105 mileage fee, an $88.13 commission, and a $15 notices fee.[71] Utah law allows constables to collect these fees, and the fees themselves do not violate the FDCPA. But these fees are authorized for levying an execution. While the statute does not define "levy," it is generally considered to be "[t]he legally sanctioned seizure and sale of property."[72] Here, the Constable Defendants never seized physical property and therefore could not receive the $50 for levying an execution. However, the facts relating to whether the Constable Defendants earned the remainder of the fees are disputed. Therefore, the Court will deny summary judgment on Plaintiff's first argument.

---

[64] 15 U.S.C. § 1692f(1).

[65] UTAH CODE ANN. § 17-25-2.

[66] *Id.* § 17-22-2.5(2)(d).

[67] *Id.* § 17-22-2.5(5)(a).

[68] *Id.* § 17-22-2.5(2)(f) and (k).

[69] *Id.* § 17-22-2.5(2)(m).

[70] Docket No. 38-5.

[71] *Id.*

[72] *Levy*, Black's Law Dictionary (12th ed. 2024); *see also* 80 C.J.S. *Sheriffs & Constables* § 493 (2024) ("To be entitled to the statutory fee for the service of a writ of execution, a sheriff must effect the serving of an execution, make an inventory, and return."); UTAH CODE ANN. § 78B-5-502(7) ("'Levy' means the seizure of property pursuant to any legal process issued for the purpose of collecting an unsecured debt.").

11

Second, Plaintiff argues that the Constable Defendants violated the FDCPA by making threats they never intended to carry out. Plaintiff argues that language in the debt collection letters threatened to "sell enough of [Plaintiff's] non exempt personal property to cover the judgment,"[73] but that the Constable Defendants never intended to seize or sell because they never advertised a sale or notified MLC of the sale.[74] The FDCPA prohibits debt collectors from representing or implying "that nonpayment of any debt will result in . . . the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action" or "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken."[75] As discussed above, the threats must be material, meaning they must cause a reasonable consumer to act.[76] Plaintiff testified that he made payments toward the payment plan "[t]o avoid having people coming to my house and take mine and other people's things and sell them for my bills."[77] However, the undisputed facts do not demonstrate that a reasonable consumer would similarly respond to Constable Defendants' threat of sale in their letters, nor that the Constable Defendants were not authorized to seize his property. Accordingly, the Court will deny summary judgment on Plaintiff's second argument.

Third, Plaintiff asserts that the Constable Defendants violated the FDCPA when they falsely represented the character, amount, and legal status of the debt when they threatened to seize and sell Plaintiff's property and tacked on additional fees to which they were not entitled.

---

[73] Docket No. 38-5.

[74] Docket No 38, at 13.

[75] 15 U.S.C. §§ 1692e(4), (5).

[76] *Tavernaro*, 43 F.4th at 1073.

[77] Docket No. 38-20, at 49:1–3.

The FDCPA prohibits debt collectors from falsely representing "the character, amount, or legal status of any debt,"[78] and prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."[79] As discussed above, whether the Constable Defendants intended to make a sale on the seizure of Plaintiff's property is disputed based on the facts presented. Although the record indicates that the Constable Defendants have never made a sale in any other debt collection action, that does not mean that they did not intend to do so here. And, that MLC never received information regarding a sale does not mean that a sale wasn't possible. Further, the fees were clearly marked as separate from the debt on the documents delivered to Plaintiff and as discussed above, could have been authorized under Utah law if the Constable Defendants properly served the Writ. Thus, the Court finds that Plaintiff is not entitled to summary judgment on his third argument.

Fourth, Plaintiff argues that the Constable Defendants violated the FDCPA when they used and distributed written communications that were styled as official court filings and other legal processes. The FDCPA prohibits "[t]he use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued or approved by an court, official, or agency of . . . any State, or which creates a false impression as to its source, authorization, or approval."[80] Similarly it penalizes "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer"[81] as well as "[t]he false representation or implication that documents are legal

---

[78] 15 U.S.C. § 1692e(2)(A).

[79] Id. § 1692e(10).

[80] Id. § 1692e(9).

[81] Id. § 1692e(10).

13

process."[82] Although some of the letters more closely resemble court filings than others, and Plaintiff stated he believed some of the letters he received were "court documents,"[83] the undisputed facts do not establish as a matter of law that these letters would make a reasonable consumer believe they were true court filings. Therefore, the Court will deny summary judgment as to Plaintiff's fourth argument.

Fifth, Plaintiff argues that the Constable Defendants violated the FDCPA when they failed to include specific information in their communications with him. Under the FDCPA, debt collectors are required to notify the debtor "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" every time they communicate with the debtor.[84] Debt collectors are also required to notify debtors in writing that they have thirty days to dispute to debt.[85] The collection letters do not make these showings,[86] but the undisputed facts do not show that the Constable Defendants never notified the Plaintiff in other ways. Thus, the Court will deny summary judgment for Plaintiff on his final argument.

IV.    CONCLUSION

It is therefore

ORDERED that Plaintiff Charles Young's Motion for Summary Judgment (Docket No. 38) is DENIED; It is further

ORDERED that the Constable Defendant's Motion for Summary Judgment (Docket No. 42) is DENIED.

---

[82] Id. § 1692e(13).

[83] Docket No. 38-20, at 51:14–19.

[84] 15 U.S.C. §1692e(11).

[85] Id. §1692g(a).

[86] See Docket Nos. 38-5, 38-6, 38-7, 38-8, 38-9, 38-10, 38-11, & 38-12.

14

DATED March 25th, 2025.

BY THE COURT:

_____

TED STEWART
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHARLES YOUNG,<br><br>Plaintiff,<br>v.<br><br>ROB KOLKMAN, CONSTABLE KOLKMAN, LLC, and MICHAEL ERICKSON,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTIONS TO RECONSIDER<br><br><br>Case No. 2:23-cv-00420-TS-CMR<br><br>District Judge Ted Stewart<br>Magistrate Judge Cecilia M. Romero |

This matter is before the Court on Defendants' Rob Kolkman, Constable Kolkman, LLC, and Michael Erickson's Motions for Reconsideration of the Court's Summary Judgment Order.[1] For the reasons discussed herein, the Court will deny the Motions and order Defendants to show cause as to why they should not be sanctioned.

## I.  BACKGROUND

Plaintiff Charles Young brings claims against Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA") and for fraud under Utah law. On March 26, 2025, the Court issued an Order denying both Plaintiff's and Defendants' Motions for Summary Judgment (the "Order").[2] Therein, the Court rejected Defendants' arguments that they are exempt from FDCPA liability because they sought to collect a debt from Plaintiff in their official capacity as state officials. The Court found that because Defendants acted outside the Writ of Execution by,

---

[1] Docket Nos. 168 and 169. Erickson joins the Kolkman Defendants' Motion and does not raise any additional or independent arguments.

[2] Docket No. 58.

42

among other things, setting up a payment plan, Kolkman and Erickson were not exempt from liability as state officers under the FDCPA.[3]

After denying summary judgment, the Court set a trial date, which was later continued. Trial is currently set to begin on Monday, April 20, 2026. The Court received Defendants' Motions on April 17, 2026, the business day before trial is scheduled to begin.[4]

## II.  DISCUSSION

Under Federal Rule of Civil Procedure 54(b), "any order . . . that does not end the action . . . may be revised at any time before the entry of judgment adjudicating all the claims." While there is no express procedural rule stating that a motion for reconsideration of an interlocutory order must be brought within a certain number of days from the issuance of the order, the Court finds the Motion shamelessly untimely.

The Court's Scheduling Order set November 11, 2024, as the dispositive motion deadline.[5] While the Court's Order was not issued until after the deadline passed, most the arguments and authority raised in Defendants' Motions have been available since the issuance of the Order—over one year ago. The Court finds that such a delay in raising known arguments is not excusable. Notably, Defendants do not assert any excuse for such a delay.

As for the more recent legislative developments cited by Defendants, the bill referenced by Defendants was passed by the Utah Legislature on March 10, 2026. If Defendants genuinely believed their arguments regarding the effect of the newly passed legislation had merit, which they do not, there is simply no reason Defendants could not have brought these issues to the

---

[3] 15 U.S.C. § 1692a(6)(C).

[4] The Kolkman Defendants' Motion was filed first around 11:57 p.m. on April 16, 2026.

[5] Docket No. 24.

Court sooner. At the very latest, Defendants should have alerted the Court at the final pretrial conference that they believed recent legislative developments were grounds for reconsideration.

Notably, Defendants offer no reason, excuse, or even acknowledgment for bringing this motion the day before trial, after the parties have submitted numerous motions in limine, proposed jury instructions, and other filings in anticipation of trial. The Court is concerned that the timing of the Motion evinces an improper attempt to harass and distract opposing counsel as he prepares for trial. This concern is further supported by the baselessness of the arguments raised in the Motions, which the Court will now discuss.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[6] "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[7]

Defendants argue that the Court should reconsider its order because the Court (1) "applied an unduly narrow interpretation of the FDCPA's state-officer exemption," (2) "failed to properly account for the undisputed evidence demonstrating that Defendants were acting within their official duties," and (3) "did not consider intervening legislative clarification confirming that such conduct falls squarely within those duties."[8]

---

[6] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[7] *Id.*

[8] Docket No. 168, at 2.

3

Defendants' arguments in support of their first two grounds for reconsideration do not involve an intervening change in the law or any previously unavailable evidence. Defendants must therefore convince the Court of clear error. The "clear-error standard is a high bar."[9] A decision is "'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[10]

Having reviewed Defendants' rehashed arguments and misrepresented case law, the Court is not convinced of any such error. Firstly, Defendants raise arguments either previously addressed or which could have been raised in their summary judgment motion, and are therefore not fit for a motion to reconsider. However, even considering the arguments anew, Defendants do not cite to any controlling case law that contradicts or invalidates the Court's disputed holding.

Defendants cite to *Sexton v. Poulsen & Skousen, P.C.*,[11] as "controlling authority" that "constables are 'officers of the state'—endowed 'with the authority to conduct official actions on behalf of a court that other private individuals cannot legally perform' and are therefore 'excluded from the definition of 'debt collector' under the FDCPA.'"[12] Counsel either failed to read the remainder of the decision or are attempting to mislead the Court because in the very next paragraph the *Sexton* decision states:

> This conclusion, however, does not automatically shield the constable defendants from liability. An officer of the state is immune from liability under the FDCPA only while collecting a debt in the performance of his or her official duties. A

---

[9] *Ramos v. Bondi*, 155 F.4th 1154, 1165 (10th Cir. 2025).

[10] *Id.* (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985)).

[11] 372 F. Supp. 3d 1307 (D. Utah 2019).

[12] Docket No. 168, at 4 (quoting *Sexton*, 372 F. Supp. 3d, at 1316).

4

constable's official duties are defined by the orders and writs issued by a court or a court clerk authorizing the constable's actions.[13]

The Court went on to find that the constable's actions in that case went beyond what was prescribed by Utah law, thereby preventing the application of the state actor exemption.[14] This Court reached the same conclusion in this case. Thus, Defendants' suggestion that its prior decision is somehow in conflict with *Sexton* is without merit.

Not only did Defendants misrepresent the law stated in *Sexton*, their understanding of what amounts to "controlling" authority needs refreshing. The cases cited in their Motion either support the Court's summary judgment ruling or are non-binding, inapposite, and unpersuasive. Contrary to Defendants' misrepresentations, the Court's finding that Defendants' acted outside the scope of their authority and are therefore not exempt from liability, is consistent with the findings of the other courts within this District.[15]

Defendants' third ground for reconsideration is based on the Utah Legislature's more recent passage of Senate Bill 156 in the 2026 Legislative Session ("S.B. 156" or "the Bill"),

---

[13] *Sexton*, 372 F. Supp. 3d at 1316.

[14] *Id.* at 1316–18 (concluding that "because there is evidence that the constable defendants exceeded their authority under the order of restitution and the writ of execution, they are not entitled to summary judgment under the officer of the state exemption to liability under 15 U.S.C. § 1692a(6)(C)").

[15] *See Campbell v. Olson Assocs. P.C.,* No. 2:23-CV-00914-DBB-DAO, 2024 WL 3510313 *3–4 (D. Utah July 23, 2024) ("No statutory authority states that a constable may 'enter into payment plans and accept payments from judgment debtors," and "rules governing such writs . . . [do] not confer freestanding and unfettered authority to collect the judgment by any means the constable wishes."); *Peretto v. Erickson*, No. 1:23-CV-00025-DBB-DBP, 2024 WL 555140, at *6 (D. Utah Feb. 12, 2024) (rejecting constable defendants' affirmative defense where they took a number of actions in pursuit of a debt, but never sought to seize and sell property, and then "point[ed] to nothing in the Utah Code that would authorize them to do anything other than serve the Writ of Execution and thereafter seize and sell . . . property"); *Sexton,* 372 F. Supp. 3d at 1316–18.

which is set to go into effect on May 6, 2026.[16] This bill modifies Utah Code § 17-78-603(7) by adding the langue underlined below to the existing statute:

> A constable, contracted or appointed, may: (a) serve any processes through the state; (b) with the approval of a party directing the constable to seize an individual's property, establish a payment schedule with the individual in lieu of seizing the individual's property; and (c) carry out all other functions associated with a constable.[17]

Defendants argue that this change to the Utah statute that defines the scope of a constable's authority is clear evidence of what the Legislature has "*always* meant."[18] More specifically, Defendants assert that

> The Legislature acted in direct response to district court decisions—including the order at issue here—that construed the prior version of the statute to exclude payment-plan negotiation from constables' official authority. By stepping in promptly to make that authority explicit, the Legislature signaled, as clearly as it can, that those decisions misread Utah law.[19]

Assuming the Court can consider subsequent legislation in its statutory analysis,[20] Defendants' provide no authority or evidence to support their self-serving representations that the purpose of S.B. 156 was to amend the law to clarify what the Utah Legislature intended or that the Legislature found it necessary to do so in response to district courts, like this one, getting the interpretation wrong. In fact, Defendants' assertions run contrary to the public record. Seemingly unknown to Defendants' counsel, the recordings of the Legislature's committee meetings and floor debates surrounding the Bill's consideration and passing are publicly

---

[16] S.B. 156, 66th Leg. Gen. Sess. (UT 2026) https://le.utah.gov/~2026/bills/static/SB0156.html.

[17] *Id.*

[18] Docket No. 168, at 10.

[19] *Id.*

[20] *See Bruesewitz v. Wyeth LLC*, 562 U.S. 223, 242 (2011) ("Post-enactment legislative history (a contradiction in terms) is not a legitimate tool of statutory interpretation.").

6

available.[21] The Court has reviewed those discussions and that review does not support

Defendants' representations, but instead supports the Court's prior holding. The sponsor of the

Bill makes clear to the considering body that the aim of the bill is to provide constables "with a

little bit *more* flexibility in handling debt collection by allowing them to establish a payment

schedule . . . *instead of* immediately seizing" property.[22] The legislators considering the Bill

therefore understood it to authorize constables use of an additional tool, not one that already

existed.

There is also no suggestion in legislative recordings that the Bill was necessary to correct

wrongfully decided court decisions. By contrast, in committee meeting recordings discussing the

Bill, the sponsor states that the Bill was brought by "constables who wanted a change in the law

to better collect debt."[23] There is not a single mention of the Bill being presented in response to

this Court's or any other courts' rulings. Defendants' assertions that the Utah legislature sought

to overturn this Court's prior rulings, unsupported by any factual support, appears to be made out

of whole cloth.

Defendants' falsehoods are further demonstrated by the fact that S.B. 156 was first

introduced in February 2025 as S.B. 313.[24] Yet this Court's decision on summary judgment was

---

[21] *See e.g.,* Utah State Legislature, *Senate – 2026 General Session – Day 25,* at 1:13 (Feb. 17, 2026), https://www.utleg.gov/event-streaming/floor/marker/134043.

[22] *Id.*

[23] *See e.g.,* Utah State Legislature, *Senate Judiciary, Enforcement, and Criminal Justice Committee – January 27, 2026,* at 1:34:40, https://www.utleg.gov/event-streaming/committee/timeline/290014.

[24] S.B. 313, 65th Leg. Gen. Sess. (UT 2025). S.B. 313 ultimately did not pass during the 2025 General Session so it was brought back in the 2026 General Session.

7

not issued until March 26, 2025.[25] It would be strange indeed for the legislature to react to a decision that had yet to be issued.

Setting aside the legislative history, the plain language of the Bill further supports both that the legislative intent was to add an additional tool not previously available, and that it was not the Legislature's intent for "seizure" to include a payment plan. The language to be added to § 17-78-603(7) provides a constable with authority to set up a payment plan "*in lieu* of" seizing property,[26] making clear that payment plans are a separate method of debt collection which does not fall within the scope of actions amounting to a "seizure." Additionally, the statute's requirement of approval by the party directing the constable to set up a payment plan supports that the Legislature never intended to grant constables with carte blanche authority to set up payment plans. In sum, Defendants' assertions regarding the legislative intent of S.B. 156 appear to be a baseless attempt to mislead the Court.

Lastly, and perhaps most egregiously, Defendants assert that S.B. 156 "applies retroactively to the conduct at issue here."[27] "[T]he presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic."[28] However, an amendment to a statute "can sometimes be given retroactive effect if the changes are clarifying rather than substantive."[29]

---

[25] Docket No. 58.

[26] S.B. 156, 66th Leg. Gen. Sess. (UT 2026).

[27] Docket No. 168, at 11.

[28] *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994); *see also Waddoups v. Noorda*, 2013 UT 64, ¶ 6, 321 P.3d 1108 (citing Utah Code Ann. § 68-3-3).

[29] *Dobbs v. Anthem Blue Cross & Blue Shield,* 600 F.3d 1275, 1282 (10th Cir. 2010) (internal quotation marks and citation omitted).

Defendants argue that the amended statute applies retroactively because "it does not enlarge, eliminate, or destroy any party's substantive rights." Instead, it "simply makes [the] authority [constables already have] explicit,"[30] and is therefore clarifying and not substantive. For the same reasons discussed above, the Court is firmly convinced this interpretation is erroneous. However, even if were not so convinced, the Tenth Circuit has cautioned that "[i]t is hazardous . . . to assume from the enactment of a 'clarifying' amendment that Congress necessarily was merely restating the intent of the original enacting Congress."[31] Therefore, "absent a clear indication that [the enacting legislature] intended the [a]mendments merely to clarify the proper interpretation of its prior [law], [courts are to] consider the [a]mendments to implement a change in the [the relevant law]."[32] The Supreme Court has also explained that, "[e]ven when [the legislative body] intends to supersede a rule of law embodied in [a court's] decision[] with what it views as a better rule . . . , its intent to reach conduct preceding the 'corrective' amendment must clearly appear."[33]

Simply stated, this is not a close call. There is not so much as a hint in the language of the Bill or the legislative record that the Legislature passed S.B. 156 as a means to clarify that constables always had authority to initiate payment plans in their debt collection efforts. Nor does the Legislature provide any indication that it intends the amendments to apply retroactively. The amendments are clearly substantive. Defendants' efforts to convince the Court otherwise are frivolous.

---

[30] Docket No. 168, at 12.

[31] *Fowler v. Unified Sch. Dist. No. 259, Sedgwick Cnty., Kan.*, 128 F.3d 1431, 1436 (10th Cir. 1997).

[32] *Id.*

[33] *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 313 (1994).

9

Defendants' Motions for Reconsideration are both untimely and without merit. Accordingly, the Court will deny them. Considering the apparent bad faith exhibited by the timing of the filing and the frivolity of the arguments raised therein, the Court will require Defendants' attorneys to show cause as to why they should not be sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure or the Court's inherent power to sanction abusive conduct.[34] Defendants should be prepared to do so orally on Monday at 8:00 a.m., before the trial begins.

III.  CONCLUSION

It is therefore

ORDERED that Defendants' Motions for Reconsideration (Docket Nos. 168, 169) are DENIED. It is further

ORDERED that Defendants' counsel be prepared to show cause as to why the Court should not impose sanctions at 8:00 a.m. on April 20, 2026.

DATED: April 18, 2026.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[34] *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) ("Federal courts possess certain inherent powers," including "the ability to fashion an appropriate sanction for conduct which abuses the judicial process.") (internal quotation marks and citations omitted).

10

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHARLES YOUNG,<br><br>        Plaintiff,<br><br>v.<br><br>ROB KOLKMAN, CONSTABLE KOLKMAN, LLC, and MICHAEL ERICKSON,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER ON DEFENDANTS' MOTIONS FOR JUDGMENT AS A MATTER OF LAW<br><br><br>Case No. 2:23-cv-00420-TS-CMR<br><br>District Judge Ted Stewart<br>Magistrate Judge Cecilia M. Romero |

This matter is before the Court on Defendants Michael Erickson, Rob Kolkman, and Constable Kolkman, LLC's oral Motions for Judgment as a Matter of Law on Plaintiff's claim under the Fair Debt Collection Practices Act ("FDCPA") and fraud claim, and alternatively, on Plaintiff's request for compensatory damages and punitive damages. Defendants made their Motions orally at the conclusion of Plaintiff's case-in-chief on April 22, 2026. Following Defendants' arguments, the Court issued an oral ruling granting the Motions as to Plaintiff's fraud claim and request for punitive damages, and denying the Motions as to Plaintiff's FDCPA claim and request for compensatory damages. The Court now issues a written ruling on the Motions which includes a more detailed analysis.

> Federal Rule of Civil Procedure 50(a)(1) provides:
>
> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> (A) resolve the issue against the party; and
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

1

In reviewing a Rule 50 Motion, the Court should review all of the evidence in the record.[1] However, all reasonable inferences are drawn in favor of the nonmoving party and the Court may "not make credibility determinations or weigh the evidence."[2] Judgment as a matter of law is appropriate "only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position"[3] and "[i]f there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law."[4]

As stated above, Defendants moved for judgement as a matter of law on Plaintiff's FDCPA and fraud claims, and requests for compensatory and punitive damages. The Court's analysis of each is included below.

<u>FDCPA</u>

To succeed on a claim under the FDCPA, Plaintiff must prove that: (1) Plaintiff is a "consumer" under the FDCPA, (2) the "debt" arose out of a transaction entered into primarily for personal, family or household purposes, (3) Defendants are "debt collectors" as defined by the FDCPA, and (4) Defendants violated a provision of the FDCPA in attempting to collect a debt.[5] The first three elements are not in dispute. Plaintiff, therefore, needed only present evidence that Defendants violated a provision of the FDCPA.

---

[1] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

[2] *Id.*

[3] *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996) (quoting *Q.E.R., Inc. v. Hickerson*, 880 F.2d 1178, 1180 (10th Cir. 1989)).

[4] *Baty v. Willamette Indus., Inc.*, 172 F.3d 1232, 1241 (10th Cir. 1999) (quoting *Harolds Stores, Inc. v. Dillard Dep't Stores*, 82 F.3d 1533, 1546–47 (10th Cir. 1996)).

[5] *See* 15 U.S.C. § 1692a *et seq; see Tavernaro v. Pioneer Credit Recovery, Inc.*, 43 F.4th 1062, 1067 (10th Cir. 2022).

2

Section 1692e of the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representations or means in connection with the collection of any debt."[6] Failure to disclose in initial and subsequent communications that the communication is from a debt collector violates this section.[7] The FDCPA also requires that, within five days of the initial communication, a debt collector convey the following information to a consumer: the amount of debt; the name of creditor to whom debt is owed; a statement that a consumer has 30 days to dispute the validity of the debt and that the failure to do so will cause the debt to be assumed to be valid; and that upon a consumer's written request, the debt collector will provide the consumer with the name and address of the original creditor, if now different.[8]

Plaintiff admitted into evidence letters sent to him by both Defendant Erickson and Kolkman Defendants that did not include the required notice disclosures, as described above.[9] Based on that evidence, the Court finds that a reasonable jury could find that Defendants violated the FDCPA.

Fraud

To support a claim for fraud, Plaintiff must show that: (1) Defendants made a false statement about an important fact; (2) Defendants made the statement either knowing it was false, or recklessly and without regard for its truth; (3) Defendants intended that Plaintiff would rely on the statement; (4) Plaintiff reasonably relied on the statement; and (5) Plaintiff suffered damages as a result of relying on the statement.[10]

---

[6] *Id.* § 1692e.

[7] *Id.* § 1692e(11).

[8] *Id.* § 1692g(a).

[9] Plaintiff Ex. Nos. 11, 16.

[10] *See Armed Forces Ins. Exch. v. Harrison*, 2003 UT 14 ¶ 16, 70 P.3d 35 (simplified).

3

During trial, Plaintiff argued that that Defendants committed fraud by using coercive, unlawful, deceptive, and manipulative methods to collect money from the Plaintiff, including by falsely representing they intended to conduct a sale of Plaintiff's property, which they never intended to do. To prove a misrepresentation of an intended future performance, Plaintiff must "prove that the representor, at the time of the representation, did not intend to perform the promise and made the representation for the purpose of deceiving the promisee."[11]

   a.  *Defendant Erickson*

Plaintiff testified that he made payments to Defendants to avoid a sale of his property. At trial, Plaintiff introduced two letters Defendant Erickson sent to Plaintiff containing statements regarding a proposed sale. The first letter gave notice of the proposed sale and included the date, time, and place it would occur.[12] The second letter stated that, to cancel the sale, Plaintiff must call to make payments or other arrangements.[13]

However, Plaintiff failed to produce sufficient evidence that Erickson did not intend to follow through on the sale at the time the letter was sent out, or that Erickson sent the letters with the intent to deceive Plaintiff.

At trial, Plaintiff introduced testimony from Quinn Kofford that he was not aware of Erickson conducting a sale, and from Andrea Croft that the purpose of sending the notice of proposed sale was to encourage the debtor to contact the constables to make arrangements to resolve the debt, including by setting up a payment plan, which was the preferred method of collecting on debts. Plaintiff also elicited testimony from Erickson that he could recall the

---

[11] *Andalex Res., Inc. v. Myers*, <u>871 P.2d 1041, 1047</u> (Utah Ct. App. 1994).

[12] Plaintiff Ex. No. 10.

[13] *Id*. No. 11.

specific details of only two property sales he conducted on behalf of Mountain Land Collections ("MLC"), the entity that owned the underlying debt in this case.

This evidence, alone, is not legally sufficient such that a reasonable jury could conclude that, when sending the notice of proposed sale, Erickson never intended to conduct the sale nor that Erickson sent the letter with the intent to deceive Plaintiff.

b. *Kolkman Defendants*

Plaintiff failed to produce any evidence of a false statement made by Kolkman Defendants. The evidence at trial supported that the only communications between Kolkman Defendants and Plaintiff was a phone call to make a payment towards the debt, and a letter sent by Kolkman Defendants to Plaintiff, stating that Plaintiff had missed a payment.[14] Therefore, unlike with Defendant Erickson, Plaintiff did not produce any evidence that the Kolkman Defendants made a false statement to Plaintiff that induced him to make payments.

c. *Compensatory Damages*

Plaintiff testified he made payments totaling around $400 and Defendants admitted to taking payments from Plaintiff via a payment plan. Further, Plaintiff testified that he experienced extreme stress and panic, which exacerbated pre-existing medical issues, had suicidal thoughts, and that some of his familial relationships suffered as a result of Defendants' debt collection efforts. This is sufficient evidence on which a reasonable jury could rely to award compensatory damages.

//

---

[14] *See* Plaintiff Ex. Nos. 16, 21.

### d. *Punitive Damages*

Punitive damages are available only in relation to Plaintiff's fraud claim. Because the Court granted Defendants' Rule 50 Motions as to Plaintiff's fraud claim, there was no basis to submit the issue of punitive damages to the jury. However, even if the fraud claim had survived, the Court finds that Plaintiff failed to present sufficient evidence of conduct warranting punitive damages.

To recover punitive damages, Plaintiff must prove by clear and convincing evidence that Defendants' conduct was willful and malicious, or intentionally fraudulent, or manifested a knowing and reckless indifference toward, or a disregard of, the rights of the Plaintiff or others.[15]

Plaintiff failed to present any evidence that Defendants' conduct amounted to such levels. By contrast, Quinn Kofford, who owned the underlying debt at issue, testified that it was his preference to set up payment plans because he believed it was a better and more fair approach for the consumer than taking their non-exempt property. Defendants also testified that they did not know their actions in setting up a payment plan exceeded the scope of their authority. Defendants further testified they did not believe that they were debt collectors under the FDCPA who needed to comply with the requirements therein. Evidence produced at trial supported that the extent of Defendants' interactions with Plaintiff, across roughly seven months, were comprised of: in-person service of the Writ of Execution, three phone conversations regarding the payment plan, and seven letters sent by Defendants to Plaintiff.[16]

In sum, punitive damages may be awarded only if they serve society's interest in "punishing and deterring outrageous and malicious conduct which is not likely to be deterred by

---

[15] *Long v. Stutesman*, 2011 UT App 438 ¶ 36, 269 P.3d 178 (citing Utah Code Ann. § 78B-8-201(1)(a)).

[16] *See* Plaintiff Ex. No. 21.

6

other means."[17] Plaintiff produced no evidence suggesting that Defendants' conduct was so outrageous or malicious that it warranted punishment in the form of punitive damages.

Based on the foregoing, the Court grants Defendants' Motions for Judgment as a Matter of Law as to Plaintiff's fraud claim and request for punitive damages, and denies the Motions as to Plaintiff's FDCPA claim and request for compensatory damages.

DATED April 28, 2026.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

[17] *Behrens v. Raleigh Hills Hosp., Inc.*, 675 P.2d 1179, 1186 (Utah 1983).

59

# United States District Court

## District of Utah

CHARLES YOUNG

          Plaintiff

        v.

ROB KOLKMAN, CONSTABLE
KOLKMAN, LLC, and MICHAEL
ERICKSON,

         Defendants.

**JUDGMENT IN A CIVIL CASE**

Case Number: 2:23-cv-00420-TS-CMR

This matter was tried by a jury before the Honorable Ted Stewart presiding, and the jury has rendered a verdict.

IT IS ORDERED AND ADJUDGED

that Judgment shall be, and it hereby is, entered in favor of Plaintiff Charles Young and against Defendant Michael Erickson in the amount of $1,500 and against Kolkman Defendants (Rob Kolkman and Constable Kolkman, LLC) in the amount of $1,500 for actual damages; and $1,000 for statutory damages.

DATED May 11, 2026.

60

BY THE COURT:

_____

TED STEWART
United States District Judge

Mark A. Nickel (14082)
Kyle C. Thompson (11242)
J. Tyler Martin (13551)
Charles W. Brown Jr (19386)
**GORDON REES SCULLY MANSUKHANI, LLP**
15 W. South Temple St., Suite 1600
Salt Lake City, Utah 84101
Telephone: (801) 204-9989
Facsimile: (385) 282-7590
mnickel@grsm.com
kcthompson@grsm.com
tymartin@grsm.com
cbrownjr@grsm.com

*Attorneys for Defendants Rob Kolkman and Constable Kolkman, LLC*

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH – CENTRAL DIVISION**

---

| | |
|---|---|
| CHARLES YOUNG, | **NOTICE OF APPEAL** |
| Plaintiff, | Civil No. 2:23-cv-00420-TS |
| v. | District Judge: Ted Stewart |
| ROB KOLKMAN, CONSTABLE KOLKMAN, LLC, and MICHAEL ERICKSON, | Magistrate Judge: Cecilia M. Romero |
| Defendants. | |

---

Notice is hereby given that Defendants Rob Kolkman and Constable Kolkman, LLC (collectively the "Kolkman Defendants") in the above-captioned matter hereby appeal to the United States Court of Appeals for the Tenth Circuit from the final Judgment in a Civil Case entered by the District Court on May 11, 2026 (ECF No. 201), which entered judgment in favor of Plaintiff, Charles Young, and against the Kolkman Defendants in the amount $1,500 for actual damages, and $1,000 for statutory damages.

61

This appeal is taken pursuant to Federal Rule of Appellate Procedure 3(c) and 4(a), and 28 U.S.C. § 1291. This appeal is taken from final judgment. Pursuant to Federal Rule of Appellate Procedure 3(c)(4), this appeal "encompasses all orders that, for purposes of appeal, merge into the designated judgment ….  Thus, the Kolkman Defendants appeal from the entirety of the final judgment, as well as all  rulings, orders, decisions, and instructions subsumed within or underlying the final judgment, including but not limited to any orders with respect to summary judgment, any post-trial motions, motions for directed verdict, any motions in limine, this Court's Memorandum Decision Denying Defendant's Motion for Summary Judgment [ECF No. 58], this Court's Order on Kolkman Defendants Motion to Amend/Correct [ECF No. 182], and this Court's Denial of Defendants' Motion for Judgment as a Matter of Law as to the FDCPA (ECF No. 196].

DATED this 10th day of June, 2026.

 **GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Kyle  C. Thomas*
Mark A. Nickel
Kyle C. Thompson
J. Tyler Martin
Charles W. Brown Jr.
*Attorneys for Defendants Constable Kolkman, LLC, and Rob Kolkman*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of June, 2026, a true and correct copy of the foregoing **NOTICE OF APPEAL** was filed with the Clerk of the Court using an approved electronic filing system, CM/ECF, which will automatically send notification of such filing to all counsel who have entered an appearance in this action.

*/s/ Halla Harris*