Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>    Plaintiff,<br><br>vs.<br><br>MOUNTAIN LAND<br>COLLECTIONS, *et al*.,<br><br>    Defendants. | **EX PARTE MOTION FOR<br>SUPPLEMENTAL<br>EXAMINATION**<br><br>Case Number: 2:23-cv-00420-TS<br>Judge: Ted Stewart |

Plaintiff respectfully requests an order requiring Defendants Rob Kolkman, Michael Erickson, and Constable Kolkman LLC to appear and submit to examination under oath regarding their assets, income, and financial affairs pursuant to Fed. R. Civ. P. 69(a)(2) and DUCivR 72-1(a)(2)(C). In support of this request, Plaintiff states as follows:

1. This Court entered judgment against all three Defendants on May 11, 2026, (ECF No. 201), following a jury verdict finding they violated the Fair Debt Collection Practices Act in their collection efforts against Plaintiff.

2. The jury awarded $1,500.00 in actual damages against Defendant Michael Erickson individually, $1,500.00 in actual damages against Defendants Rob Kolkman and Constable Kolkman LLC jointly, and $1,000.00 in statutory damages against all Defendants.[Jury Verdict (ECF No. 194)] The total judgment is $4,000.00, none of which has been paid.

3. The judgment, totaling $4,000.00, is final, valid, and fully enforceable, and it has not been satisfied, modified, or stayed.

4. The Defendants have refused to pay the judgment.

5. Plaintiff does not have sufficient information about the Defendants' property and income to fully collect the judgment.

6. Plaintiff requests that the Court order each of the following judgment debtors to appear at a date and time set by the Court and answer under oath questions about their property, income, and financial affairs, and to bring to that examination all records relating to employment, business financial accounts, vehicles, real property, cryptocurrency, business entities, tools, personal financial accounts, and all other property and income in which they have an interest or have had an interest in the last five years: (a) Rob Kolkman, individually; (b) Michael Erickson, individually; and (c) Constable Kolkman LLC, through a representative with full knowledge of the LLC's financial affairs.

7. Plaintiff also requests that the Court authorize Plaintiff to serve written discovery on the Defendants in aid of the judgment, including interrogatories and requests for production of documents, directed to the same subject matter as the examination—specifically assets, income, accounts, property, business records, and financial transactions—so that Plaintiff may obtain and review that information in advance of the examination.

8. Plaintiff requests that the Court order each judgment debtor to produce all responsive documents at least seven days before the scheduled examination. If a judgment debtor provides timely, complete, and

satisfactory answers to the written discovery and produces all requested documentation, Plaintiff will notify that debtor that their personal appearance at the examination is excused. If all three judgment debtors do so, Plaintiff will cancel the examination and notify all parties accordingly.

9. Plaintiff requests that the Court order the judgment debtors not to sell, transfer, encumber, or otherwise dispose of any non-exempt property with a value exceeding $500 pending completion of these supplemental proceedings and satisfaction of the judgment, consistent with the Court's authority under Fed. R. Civ. P. 69(a) and DUCivR 72-1(a)(2)(C)(iii).

10. Plaintiff requests that the Court order that if any judgment debtor fails to appear at the examination, fails to produce the required documentation, fails to respond to written discovery, or otherwise fails to cooperate in these proceedings, that debtor may be held in contempt of court and a bench warrant may issue for their arrest.

11. Plaintiff requests this relief *ex parte* because advance notice creates a meaningful risk that Defendants will transfer, conceal, or dissipate assets before the examination can occur. For the same reason, Plaintiff respectfully requests that the Court rule on this application on an expedited basis.

DATED 7/2/2026

Eric Stephenson
*Attorney for the Plaintiff*