David P. Gardner (10096)
Zachary C. Lindley (17261)
**KIRTON McCONKIE**
301 North 200 East, Suite 3A
St. George, UT 84770
Telephone: (435) 574-5672
dgardner@kmclaw.com
zlindley@kmclaw.com

*Attorneys for Defendant Michael W. Erickson*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| CHARLES YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>ROB KOLKMAN, CONSTABLE KOLKMAN, LLC, and MICHAEL ERICKSON,<br><br>Defendants. | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE FILINGS**<br><br>Case No. 2:23-cv-00420-TS-CMR<br><br>District Judge Ted Stewart<br>Magistrate Judge Cecilia M. Romero |

## RELIEF SOUGHT AND GROUNDS

Defendant, Michael Erickson, respectfully requests that the Court deny Plaintiff's Motion to Strike Filings (ECF No. 235). The motion is procedurally improper and untimely under DUCivR 7-1(b)(1): A motion to strike evidence offered in another party's motion, response, or reply is improper. Any evidentiary objection was required to be made in Plaintiff's reply or, in exceptional circumstances, in a separate filing made simultaneously with that reply. DUCivR 7-1(b)(2). Plaintiff instead waited approximately three months. The motion also fails on the merits because Federal Rule of Evidence 408 permits compromise evidence offered for a purpose other than

proving or disproving the merits or amount of the claim compromised. Defendant offered the challenged materials for the collateral purpose of assessing the reasonableness of Plaintiff's fee request, including whether claimed hours were necessary, whether counsel exercised billing judgment, and the degree of success obtained. The Rule 68 offer of judgment is likewise properly considered in that post-judgment fee analysis. Neither striking nor sealing is warranted.

## BACKGROUND

Plaintiff filed his Motion for Attorney's Fees on May 4, 2026. ECF No. 199. Michael Erickson filed an opposition on May 18, 2026, with Exhibits A and B. ECF Nos. 204, 204-1, 204-2. The Kolkman Defendants filed their opposition on May 19, 2026, with a supporting exhibit. ECF Nos. 207, 208-1. Those filings relied on the parties' settlement history and an offer of judgment only as evidence relevant to the fee request - not to relitigate liability or the amount of the underlying FDCPA claim.

Although Plaintiff objected to the proffered evidence in his reply, Plaintiff did not raise any separate Rule 408 objection or motion to strike when the exhibits were filed. On August 19, 2026, approximately three months after the challenged filings, Plaintiff filed the present motion seeking to strike both oppositions and their exhibits or, alternatively, to seal them. ECF No. 235.

## ARGUMENT

### I. THE MOTION IS PROCEDURALLY IMPROPER AND UNTIMELY.

The District of Utah's local rule directly resolves the procedural issue. DUCivR 7-1(b)(1) provides: "A motion to strike evidence offered in another party's motion, response, or reply is improper." If evidence is offered in a response, the opposing party must make any evidentiary objection in its reply. DUCivR 7-1(b)(2). Only in "exceptional circumstances" may the objection

be filed separately, and even then it must be filed "simultaneously with the response or reply." *Id*. The rule also provides that, unless ordered otherwise, the Court will not consider additional memoranda. DUCivR 7-1(a)(9).

Plaintiff did none of those things. The challenged exhibits were filed on May 18 and 19. Plaintiff had notice of them and a prescribed opportunity to object in his reply, which he did. The local rule does not authorize a free-standing evidentiary challenge months after the reply deadline. The delay is particularly prejudicial because it creates satellite litigation after the fee motion was fully briefed and asks the Court to excise the opposing parties' substantive memoranda rather than rule on a timely objection in the ordinary course.

Rule 12(f) supplies no alternative basis. It permits striking material from a "pleading," and Rule 7(a) identifies the filings that qualify as pleadings. Oppositions and exhibits are not pleadings. More importantly, the governing local rule expressly prescribes the procedure for evidentiary objections to motion papers and declares Plaintiff's chosen procedure improper. The Court's inherent docket-management authority does not excuse noncompliance with that rule or revive an objection Plaintiff allowed to lapse. The motion should be denied on this ground alone.

## II. RULE 408 DOES NOT BAR THE CHALLENGED MATERIALS FROM THE FEE PROCEEDING.

Rule 408 is a limited rule of admissibility, not a privilege or a rule of blanket confidentiality. It prohibits compromise evidence when offered to prove or disprove the validity or amount of the disputed claim that was the subject of compromise. Fed. R. Evid. 408(a). But it expressly permits such evidence when offered for "another purpose." Fed. R. Evid. 408(b). The examples listed in subsection (b) are illustrative, not exhaustive.

Defendants did not offer the correspondence to prove that Plaintiff did or did not establish an FDCPA violation, or to determine the amount of the underlying debt-collection claim. Those merits issues had been resolved. The materials were offered for a different, collateral purpose: to assist the Court in determining the reasonable fee under 15 U.S.C. section 1692k(a)(3). In an FDCPA fee proceeding, the lodestar inquiry follows *Hensley v. Eckerhart*, 461 U.S. 424 (1983), and asks whether the hours claimed were reasonably expended, with the results obtained remaining an important consideration. *Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 616 F.3d 1098, 1102-03 (10th Cir. 2010). Settlement history may illuminate whether further work was reasonably necessary, whether counsel exercised billing judgment, what relief Plaintiff sought, and how the ultimate result compares with the available result. Those are fee questions, not an attempt to disprove the underlying claim.

Appellate courts addressing this precise issue hold that Rule 408 does not prohibit consideration of settlement negotiations in determining a reasonable fee. In *Lohman v. Duryea Borough*, the Third Circuit held that settlement evidence may be considered as one indicator of the degree of success because that use does not prove or disprove the merits of the underlying claim. 574 F.3d 163, 167-69 (3d Cir. 2009). The Ninth Circuit adopted the same rule in *Ingram v. Oroudjian*, affirming a fee award that considered unreasonable settlement positions and resulting litigation work. 647 F.3d 925, 927 (9th Cir. 2011) (per curiam). *See also Moriarty v. Svec*, 233 F.3d 955, 967 (7th Cir. 2000). These decisions apply Rule 408 according to its text: compromise evidence is inadmissible for the prohibited merits purpose, but it may be considered for the distinct purpose of fixing a reasonable fee.

Plaintiff's reliance on *EEOC v. Gear Petroleum, Inc.*, 948 F.2d 1542 (10th Cir. 1991), does not change the result. Gear Petroleum addressed compromise evidence offered on the merits and emphasized the policy favoring candid negotiations. *Id*. at 1545-46. It did not hold that settlement communications are privileged, must be sealed, or may never be considered for a purpose expressly permitted by Rule 408(b). Applying Rule 408 to its stated limits preserves settlement candor without depriving the Court of information relevant to a collateral fee determination.

## III. THE OFFER OF JUDGMENT IS PARTICULARLY APPROPRIATE TO THE FEE ANALYSIS.

The challenged record includes a formal offer of judgment under Federal Rule of Civil Procedure 68. That matters. Rule 68 is designed to encourage settlement and permits post-judgment comparison of the offer with the judgment obtained. *See Marek v. Chesny*, 473 U.S. 1, 5-7 (1985). Defendants need not establish in this motion that every requested fee automatically became a Rule 68 "cost." The narrower point is that a formal offer of judgment is relevant evidence in deciding whether the hours and fees claimed after the offer were reasonable and proportionate to the result achieved.

Tenth Circuit precedent reinforces that distinction. In *Cooper v. Utah*, the court found a fee reduction based on informal settlement efforts "not well-founded" because the defendants had not used Rule 68. 894 F.2d 1169, 1172 (10th Cir. 1990). Here, by contrast, Defendants did avail themselves of Rule 68. *Cooper* therefore does not support excluding the offer; it confirms why the formal offer-of-judgment mechanism is pertinent when the Court evaluates the reasonableness of fees incurred in light of an available resolution.

The Court remains free to assign the offer and related discussions the weight they deserve in context. Defendants do not contend that an offer alone conclusively establishes a fee reduction.

They contend only that Plaintiff cannot remove relevant evidence from the Court's consideration merely by invoking Rule 408 after the time for objection has passed.

## IV. THE CIVILITY STANDARDS AND SEALING RULE DO NOT SUPPORT PLAINTIFF'S REQUEST.

Utah's Standards of Professionalism and Civility do not create an evidentiary privilege or supersede the Federal Rules of Evidence and this Court's local rules. Paragraph 12, on which Plaintiff relies, permits counsel correspondence to be presented when it is relevant to a pending issue and proper evidentiary foundations are satisfied. The reasonableness of Plaintiff's fee request was a pending issue, and the correspondence and Rule 68 offer were filed to address that issue. The Standards therefore do not justify striking the record.

Nor has Plaintiff justified blanket sealing. Court records are presumptively public, and sealing is highly discouraged. DUCivR 5-3(a)(1). A party seeking sealing must show good cause, narrowly identify the specific information entitled to protection, state the duration of the proposed seal, and support the request with legal authority. DUCivR 5-3(b)(2). A unilateral "confidential" label and a generalized reference to Rule 408 do not satisfy those requirements. Rule 408 regulates admissibility for specified purposes; it does not independently make settlement communications secret or overcome the presumption of public access.

Plaintiff's requested relief is also overbroad. He seeks to strike or seal entire oppositions, including legal arguments that are plainly part of the fee dispute. Even if the Court concluded that a particular statement should not be considered for a particular purpose, the appropriate response would be to disregard that use or require a narrowly tailored redaction - not to strike substantive opposition memoranda and supporting evidence wholesale.

## CONCLUSION

The Court should deny Plaintiff's Motion to Strike Filings (ECF No. 235). The motion is procedurally improper and untimely under DUCivR 7-1(b), and the challenged materials are properly considered for the limited and permissible purpose of determining a reasonable attorney's fee. Plaintiff has also failed to establish good cause for sealing. Alternatively, if the Court identifies any specific prohibited use or protectable information, it should address that matter narrowly without striking or sealing Defendants' oppositions in their entirety.

DATED this 26th day of August, 2026.

KIRTON McCONKIE

*/s/ David Gardner*
David P. Gardner
Zachary C. Lindley
*Attorneys for Defendant Michael W. Erickson*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of August, 2026, I caused to be served the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE FILINGS** to counsel of record through the Court's electronic filing system.

*/s/ Mary Adamson*
Legal Assistant