Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL ERICKSON, *et al.*,<br><br>Defendants. | **MOTION FOR RULE 58(e) TREATMENT OF ATTORNEY'S FEES MOTION**<br><br>Case Number: 2:23-cv-00420<br><br>Judge: Ted Stewart<br>Magistrate Judge: Cecilia M. Romero |

Plaintiff respectfully requests this Court to enter an order under Fed. R. Civ. P. 58(e) treating Plaintiff's pending Motion for Attorney's Fees (ECF No. 199) as having the same effect as a timely motion under Rule 59 for purposes of Fed. R. App. P. 4(a)(4), and further requests that the order be entered before, or concurrently with, the Court's ruling on the pending Motion for New Trial (ECF No. 203) and Renewed Motion for Judgment as a Matter of Law (ECF No. 202).

ARGUMENT

Plaintiff requests an order that will spare the parties and the Tenth Circuit from litigating this case in two separate appeals. His Motion for Attorney's Fees (ECF No. 199) remains pending and Rule 58(e) permits this Court to treat that motion as a timely Rule 59 motion so that any dispute over the fee award travels with the merits appeal already filed, rather than trailing behind it in a second appeal. That relief is available now and only now. The Kolkman Defendants'

notice of appeal has not yet become effective, and it will not become effective until this Court enters orders disposing of the two post-trial motions still pending decisions.

Rule 58(e) authorizes this specific relief on two conditions. The fee motion must be timely under Rule 54(d)(2) and the Court must act before the existing notice of appeal becomes effective. Both conditions are satisfied here.

First, the request for attorney's fees was timely. Judgment was entered May 11, 2026.[1] A week earlier, on May 4, 2026, Plaintiff filed his Motion for Attorney's Fees and that motion is still pending a decision.[2] Because the Motion for Attorney's Fees was filed within the 14-day deadline of Rule 54(d)(2)(B) and DUCivR 54-1, it is timely.

The second condition is satisfied because the notice of appeal is in abatement and therefore has not yet become effective. On June 10, 2026, the Kolkman Defendants filed a Notice of Appeal from the May 11, 2026 Judgment.[3] By then, Plaintiff's Motion for New Trial (ECF No. 203) and Renewed Motion for Judgment as a Matter of Law (ECF No. 202) had already been pending for nearly a month. A notice of appeal filed while a Rule 50(b) or Rule 59 motion remains undecided is not dead—it is dormant. Under Fed. R. App. P. 4(a)(4)(B)(i), it becomes effective only when the order disposing of the last such remaining motion is entered. That is why the Tenth Circuit has held this appeal in abatement pending disposition of Plaintiff's two motions. Because the notice of

---

[1] Judgment (ECF No. 201)
[2] Motion for Attorney's Fees (ECF No. 199)
[3] Notice of Appeal (ECF No. 221)

appeal has not yet become effective, jurisdiction has not passed to the court of appeals and this Court retains authority to act.[4]

The 1993 Advisory Committee Note to Rule 58 also confirms that this is the precise moment at which the Court must act. The Advisory Note explains that a district court may, in an appropriate case, delay the effectiveness of a notice of appeal so that a fee dispute can be resolved before the appeal proceeds, but that doing so "requires entry of an order by the district court before the time a notice of appeal becomes effective for appellate purposes."[5] The window Rule 58(e) requires is therefore still open.

Rule 58(e) provides the procedural exception to the rule the Supreme Court established in *Budinich v. Becton Dickinson & Co*. and reaffirmed in *Ray Haluch Gravel Co. v. Central Pension Fund of the International Union of Operating Engineers and Participating Employers*.[6] Both decisions hold that an unresolved request for attorney's fees—statutory or contractual—does not by itself prevent a merits judgment from becoming final. But Rule 58(e) gives the district court a way to depart from that ordinary sequence when doing so will allow the fee dispute to be resolved alongside the merits appeal rather than in a separate proceeding.

That is the situation presented here. The Kolkman Defendants have already appealed the entire judgment, including the FDCPA liability finding against them, and that appeal is in abatement pending resolution of ECF Nos. 202 and 203. Once those motions are decided, the notice of appeal becomes effective

---

[4] *Griggs v. Provident Consumer Discount Co*., 459 U.S. 56, 58 (1982)
[5] Fed. R. Civ. P. 58 advisory committee's note to 1993 amendment
[6] *Budinich v. Becton Dickinson & Co*., 486 U.S. 196 (1988); *Ray Haluch Gravel Co. v. Central Pension Fund of the Int'l Union of Operating Eng'rs & Participating Emp'rs*, 571 U.S. 177 (2014)

and the appeal proceeds to the Tenth Circuit whether or not the fee motion has been resolved. Accordingly, without this order, the parties and the Court risk doing the appellate work twice—once now and again later if the fee ruling becomes the subject of a separate appeal—instead of doing it once. Treating the fee motion as a timely Rule 59 motion avoids that unnecessary duplication and allows any dispute over the fee award to travel with the appeal already pending.

There is no reason to force the fee issue onto a separate appellate track when the merits appeal is already in abatement and cannot become effective until the Court resolves ECF Nos. 202 and 203. Granting the requested order allows any dispute over the fee award to travel with the appeal already pending. The Court should enter that order now, before the notice of appeal becomes effective.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court enter an order under Fed. R. Civ. P. 58(e) treating Plaintiff's Motion for Attorney's Fees (ECF No. 199) as having the same effect as a timely motion under Rule 59 for purposes of Fed. R. App. P. 4(a)(4) and that the Court enter the order before, or concurrently with, its ruling on ECF Nos. 202 and 203.

DATED 8/26/2026

Eric Stephenson
*Attorney for the Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on 8/26/2026 I served the foregoing MOTION FOR RULE 58(e) TREATMENT OF ATTORNEY'S FEES MOTION to all counsel of record through this Court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*