Mark A. Nickel (14082)
Kyle C. Thompson (11424)
Charles W. Brown Jr. (19386)
**GORDON REES SCULLY MANSUKHANI, LLP**
15 W. South Temple St., Suite 1600
Salt Lake City, Utah 84101
(801) 204-9989
mnickel@grsm.com
kcthompson@grsm.com
cbrownjr@grsm.com

*Attorneys for Defendants Rob Kolkman and Constable Kolkman, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH – CENTRAL DIVISION**

| | |
|---|---|
| CHARLES YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL W. ERICKSON, UTAH COUNTY CONSTABLE'S OFFICE, ROB KOLKMAN, OFFICE OF THE UTAH COUNTY CONSTABLE, LLC., UTAH PROCESS INC., CONSTABLE KOLKMAN LLC, THE CHERRINGTON FIRM, and JOHN DOES 1-5,<br><br>Defendants. | **KOLKMAN DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE FILINGS**<br><br>Civil No. 2:23-cv-00420<br><br>Judge: Ted Stewart<br><br>Magistrate Judge: Cecilia M. Romero |

Defendants Rob Kolkman and Constable Kolkman LLC (collectively the "Kolkman Defendants), by and through their counsel of record, hereby file this memorandum in opposition to Plaintiff's Motion to Strike Filings (Dkt. 235) (the "Motion").

**RELIEF SOUGHT AND GROUNDS FOR RELIEF**

Plaintiff's Motion should be denied on the following grounds:

1. The Motion is not procedurally proper, as DUCivR 7-1(b)(1) expressly provides that "[a] motion to strike evidence offered in another party's motion, response, or reply is

improper."

2. The Motion is untimely under DUCivR 7-1(b)(2) and (3) in that those rules provide that any evidentiary objection to a motion should be raised in the response or reply to said motion or, in exceptional circumstances, in a separate document filed with the response or reply, and that any evidentiary objection to a reply must be raised within seven days of the filing of the reply.

3. Federal Rule of Evidence 408 does not preclude use of evidence for a purpose other than proving or disproving the merits or amount of the claim compromised. Here, the subject evidence was offered on the issue of the reasonableness of Plaintiff's attorneys' fees incurred after Defendants' relevant settlement offers were made.

**RECITATION OF RELEVANT FACTS**

1. Plaintiff filed his Motion for Attorney's Fees on May 4, 2026. (*See* Dkt. 199.)

2. Defendant Michael Erickson filed a memorandum in opposition to the Motion for Attorney's Fees on May 18, 2026. (*See* Dkts. 204, 204-1, 204-2.)

3. The Kolkman Defendants filed a memorandum in opposition to the Motion for Attorney's Fees on May 19, 2026. (*See* Dkts. 207, 208-1.)

4. Both the Erickson and Kolkman opposition memoranda referenced the parties' settlement history as evidence regarding the reasonableness of the attorney's fees award sought in the Motion for Attorney's Fees.

5. Plaintiff objected to this evidence in the reply in support of the Motion for Attorney's Fees.

6. On August 19, 2026, Plaintiff filed the present Motion.

## ARGUMENT

### I. The Present Motion is Procedurally Improper

Motions "to strike evidence offered in another party's motion, response, or reply [are] improper." *See* DUCiv7-1(b)(1). The district court routinely cites this rule as a basis for denying motions to strike evidence similar to the present motion. *See, e.g., RaPower 3*, 2020 WL 5531563 at*18; *Navajo Nation*, 281 F.Supp.3d at 1159. Plaintiff does not provide any authority justifying the bringing of the procedurally improper present Motion. Therefore, Plaintiff's Motion, which is clearly procedurally improper, should be denied.

### II. The Present Motion Is Untimely

Even were the present Motion procedurally proper, or even arguably procedurally proper, which it is not, it is untimely. DUCivR-7(b)2) provides that objections to evidence contained in motions and responses be raised in the opposing party's respective response or reply and that objections to evidence contained in a reply memorandum be objected to within seven days of the filing of that reply memorandum. Here, Plaintiff waited months to bring a procedurally improper motion seeking to strike evidence cited in Defendants' respective responses to Plaintiff's Motion for Attorney's Fees. Again, Plaintiff provides no justification or explanation for the bringing of the procedurally improper present motion or its timing. The present motion should be denied as untimely on this basis.

### III. Federal Rule of Evidence 408 Permits Settlement Evidence for Use in Assessing the Reasonableness of Claimed Attorney's Fees

Plaintiff's argument for striking the subject motion fails on the merits. Plaintiff is correct in stating that Federal Rule of Evidence 408 precludes the use of compromise evidence "to prove or disprove the validity or amount of a disputed claim." But Plaintiff ignores that Rule 408 expressly permits courts to consider such evidence "for another purpose" and that courts have

widely recognized that the use of compromise evidence to attack the reasonableness of claimed attorney fees ***does not*** violate Rule 408. *See, e.g., Lohman v. Duryea Borough*, 574 F.3d 163, 167 (3d Cir. 2009) (holding that "[w]hile evidence of settlement negotiations is inadmissible to prove the merit or lack of merit of a claim, the use of such evidence as bearing on the issue of what relief was sought by a plaintiff does not offend the clear terms of Rule 408."); *In re Kekauoha-Alisa*, 674 F.3d 1083, 1094 (9th Cir. 2012) (recognizing that *Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011) (*per curiam)* adopted the reasoning of *Lohman* "and held that Rule 408 does not preclude admission of evidence of a settlement agreement for the purpose of calculation of attorney's fees."); *Justice v. Crown Cork & Seal Co.*, 2009 WL 10711012,*1 (D. Wyo. Dec. 3); *see also Dalal v. Alliant Techsystems, Inc.,* 182 F.3d 757 (10th Cir. 1999) (considering compromise evidence in the context of claimed attorney's fees under the ADEA); *Biery v. United States*, 07-675L, 2012 WL 4497656, at *3 (Fed. Cl. Sept. 27, 2012) ("FRE 408(b) serves only to illustrate specific circumstances in which FRE 408(a) will be inapplicable and does not limit the court's ability to consider settlement communications in determining attorneys' fees."); *Cellport Sys., Inc. v. Peiker Acustic GMBH & Co.*, 09-CV-01007-RBJ-MJW, 2016 WL 7375307, at *4 (D. Colo. Dec. 20, 2016) (rejecting "plaintiff's argument that defendants' failure to make an offer of judgment under Rule 68 precluded the district court from considering settlement negotiations in determining the degree of the plaintiff's success."); *Tapest v. PS Camping, Inc.*, 16-CV-01340-MSK-CBS, 2017 WL 11577362, at *6 (D. Colo. Oct. 24, 2017) (stating that "[d]efendants offered [settlement communications] not to prove or disprove the validity or amount of the [p]laintiffs' claims, but to establish that the amount the [p]laintiffs actually settled for was far below the amount they initially claimed, ostensibly demonstrating that they achieved only partial success in this matter. This is a purpose permitted under Rule 408.").

Not only is it clear that Rule 408 does not bar consideration of compromise evidence in the context of determining the reasonableness of attorney fees, Plaintiff's reasoning for applying Rule 408 here—that permitting the use of such evidence in attorney fee proceedings is against public policy would result in restricted settlement negotiations, has been squarely rejected by courts considering that issue.[1] The *Lohman* court, specifically, was confronted with this precise argument. *See* 574 F.3d at 168. The court acknowledged that "the asserted policy implications have superficial appeal" but that "upon reflection they are not convincing," finding that "[t]he concept of having reduced fees awarded on partial success is not a new one—indeed, it is well settled in our jurisprudence." *Id*. (*citing Hensley v. Eckerhart*, 461 U.S. 424, 436, 102 S.Ct. 1933). Additionally, the Court determined that "the thought that settlement discussions will not now occur because an attorney could be penalized if he or she achieves less than demanded makes little sense." *Id.* "In fact, permitting settlement negotiations to be considered would encourage reasonable and realistic settlement negotiations. . . . It comports with established law to consider what was sought as compared to what was awarded." *Id.* Accordingly, the court found, the appeal to concern for future settlement negotiations "lack a solid footing in any real policy" in the context of consideration of compromise evidence in assessing attorney fee awards. *See id.*

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Strike Filings should be denied.

/ / /

/ / /

[1] The Tenth Circuit authority cited by Plaintiff in support of this position, *EEOC v. Gear Petroleum, Inc.*, 948 F.2d 1542 (1991), is readily distinguishable because it did not consider the application of Rule 408 with respect to attorney fees proceedings but rather with respect to use of compromise evidence to impeach witnesses at trial. *See* 948 F.2d at 1545-46.

**DATED** this 26th day of August, 2026.

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Kyle C. Thompson*
Mark A. Nickel
Kyle C. Thompson
Charles W. Brown Jr.

*Attorneys for Defendants Rob Kolkman and Constable Kolkman LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April, 2026, a true and correct copy of the foregoing **KOLKMAN DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE FILINGS** was filed with the Clerk of the Court using an approved electronic filing system, CM/ECF, which will automatically send notification of such filing to all counsel who have entered an appearance in this action.

*/s/ Kyle C. Thompson*