Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| CHARLES YOUNG,<br>Plaintiff,<br>vs.<br>MOUNTAIN LAND COLLECTIONS, *et al.*,<br>Defendants. | **REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE FILINGS**<br><br>Case Number: 2:23-cv-00420-TS<br>Judge: Ted Stewart<br>Magistrate Judge: Cecilia M. Romero |

Plaintiff respectfully submits this Reply Memorandum in support of his request to strike from the record Defendant Michael Erickson's Opposition to Plaintiff's Motion for Attorney's Fees (ECF No. 204), including Exhibits A and B (ECF Nos. 204-1 and 204-2), and the Kolkman Defendants' Opposition (ECF No. 207), including ECF No. 208-1. Defendants placed settlement discussions before the Court and cherry-picked portions of those discussions to attack Plaintiff's fee claim and counsel's conduct. None of that material belongs in this record.

INTRODUCTION

Rule 408 was not enacted as a suggestion. It was enacted because litigation cannot function if lawyers are forced to negotiate with a gag in their mouths. Settlement discussions are only effective when counsel can speak plainly, test positions, and acknowledge risk without fearing that every candid word will later be paraded before the Court. Remove that protection and Rule 408 is not merely modified. It is gutted.

That is the result Defendants ask the Court to endorse. Their theory is simple. File what were supposed to be confidential settlement discussions on the public docket. Quote the

numbers. Attribute motives. Recast negotiation as professional misconduct. Then call it a fee dispute and insist that Rule 408 no longer applies. If that maneuver succeeds, the rule protects almost nothing. The lawyer who negotiates honestly becomes the lawyer who pays a price for doing so. Every offer becomes a liability. Every candid statement becomes an invitation to attack his personal and professional integrity. Every attempt to find common ground becomes ammunition for the other side.

The damage of blindsiding lawyers who thought they were negotiating in good faith and confidentially does not stop with this case. That damage informs and infects the next negotiation and the one after that. Lawyers remember when settlement communications are filed and used to attack counsel. They remember when candor becomes a risk. The next conversation becomes narrower. The next offer becomes smaller. The next case becomes harder to resolve. Not because the merits changed. Because the parties learned that speaking openly carries a cost.

Rule 408 was designed to prevent that result and foster open settlement communications. The question before the Court is not limited to whether Defendants may use these particular communications in this particular fee dispute. The question is whether settlement discussions remain a safe zone where lawyers can speak freely to resolve a case without wondering whether their words will later be used against them. If that protection disappears when the dispute turns to attorney fees, then the freedom to negotiate candidly is an illusion.

## ARGUMENT

Defendants assert three grounds for opposing Plaintiff's request. Each of those arguments fails and none addresses the fundamental concern presented by Defendants' position—that permitting the public use of settlement communications will undermine the candor Rule 408 is intended to protect. Defendants' authorities also focus on the narrow issue of considering settlement offers whereas Plaintiff's objection and request to strike more broadly encompass the verbatim publication of entire settlement discussions.

More importantly, Defendants never explain how their position preserves the candor Rule 408 is intended to protect. They explain why they believe the communications may be used. But they never explain why a lawyer should speak candidly in settlement negotiations if those same words may later be placed before the Court and used against him.

Despite Defendants' attempts to distract this Court from the true issues, Plaintiff's objection was timely and appropriate. Rule 408 does not permit settlement communications to be used as evidence against the validity of a disputed claim and Defendants' use of those communications goes well beyond the limited consideration recognized in the cases they cite.

**Plaintiff's Objection Was Timely**

Plaintiff objected to Defendants' improper presentation of settlement discussions on June 9, 2026—squarely within the deadline noted under DUCivR 7-1(b)(2).[1] Even Defendants concede that point. "Plaintiff objected to the proffered evidence in his reply."[2] Plaintiff's objection is therefore timely.

Filing this Motion to Strike after making that objection does not render the objection untimely. On the contrary, it simply asks the Court to rule on that pending objection. Even so, nothing in DUCivR 7-1(b) limits the Court's inherent authority over the material that remains on its docket whether an objection has been raised or not.[3]

Defendants' own cited authorities address a fundamentally different situation from the one presented here. Both cases involved freestanding motions to strike that attempted to raise evidentiary objections for the first time.[4] This case presents the opposite situation. Plaintiff raised his objection in his reply, exactly as DUCivR 7-1(b)(2) permits. This Motion asks the Court to

---

[1] Reply Memorandum in Support of Motion for Attorney's Fees (ECF No. 219)
[2] Opposition to Motion to Strike Filings at 2 (ECF No. 236)
[3] *See United States v. Schneider*, 594 F.3d 1219, 1226 (10th Cir. 2010) ("The power of district courts to manage their dockets is deeply ingrained in our jurisprudence.")
[4] *Navajo Nation Human Rights Comm'n v. San Juan County*, 281 F. Supp. 3d 1136, 1159 (D. Utah 2017); *United States v. RaPower-3, LLC*, 2020 WL 5531563 (D. Utah Sept. 15, 2020)

resolve that objection. In *Navajo Nation*, the court rejected "additional or otherwise expanded evidentiary objections" that had never been properly raised. In *RaPower-3*, the motion to strike was the movant's first and only attempt to object. Neither case addresses what happens when, as here, the objection was already timely made and remains unresolved.

This is especially true here, where an evidentiary objection alone cannot deliver the appropriate result Rule 408 requires. A mere evidentiary objection under DUCivR 7-1(b)(2), even if sustained, would only instruct the Court to disregard the challenged material. It would not remove the settlement communications from the docket. Those communications therefore be publicly available in perpetuity. Plaintiff is entitled to more than a ruling that the Court will look past this material—he is entitled to have it removed from a public record it should never have occupied.

Defendants offer nothing to counter that harm. They identify no prejudice, and they do not explain how publicly filing confidential settlement offers and entire negotiations serves any legitimate purpose. The also never address the chilling effect their position creates. Nothing Defendants offered provides the Court any reason not to exercise its inherent authority here.

**Defendants' Use of Settlement Communications Was Improper**

Defendants used the settlement communications to attack the validity and amount of Plaintiff's fee claim and the conduct of his counsel. In their own words, they published the communications for the "purpose of assessing the reasonableness of Plaintiff's fee request, including whether claimed hours were necessary, whether counsel exercised billing judgment, and the degree of success obtained."[5] That is precisely what Rule 408 prohibits.

Defendants rely primarily on *Lohman v. Duryea Borough* and *Ingram v. Oroudjian*, but neither case authorizes what Defendants did here. In *Lohman*, the Third Circuit held that a court

[5] Defendants' Opposition to Motion to Strike at 2 (ECF No. 236)

could consider a rejected settlement offer as one factor in comparing what a plaintiff sought with what the plaintiff recovered.[6] But the court was careful to define the limit of that holding. It explained that "the Rule clearly places settlement negotiations off limits where the validity of the claim is at issue."[7] It also described settlement evidence as "clearly only one factor to be considered in the award of fees" and recognized that a court remains "free to reject such evidence as not bearing on success."[8]

*Ingram* did not materially change that principle. The Ninth Circuit agreed with *Lohman*.[9] But neither *Lohman* nor *Ingram* holds that settlement communications in their entirety may be used to attack the legitimacy of a fee claim or the conduct of opposing counsel. And neither decision is binding on this Court.

The Tenth Circuit has not adopted the broad rule Defendants seek. In *Cooper v. Utah*, the Tenth Circuit reversed a downward fee adjustment based partly on settlement negotiations and stated that the reduction was "not well-founded."[10] *Cooper* provides no support for the broad use Defendants seek.

These distinctions matter because Defendants did something different. They filed entire email discussions between counsel and used them to argue that Plaintiff's fee claim "was not being pursued in his client's best interest but by his effort to recover his fees from multiple parties," and that counsel may have failed to convey offers.[11] Erickson's opposition separately accuses Plaintiff's counsel of failing to convey settlement offers to his client in violation of the Utah Rules of Professional Conduct.[12] Neither argument asks the Court merely to compare a specific settlement amount with the result obtained. Both accuse Plaintiff's counsel of unethical

[6] *Lohman v. Duryea Borough*, 574 F.3d 163, 167–69 (3d Cir. 2009)
[7] *Id*. at 167
[8] *Id*. at 169
[9] *Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011)
[10] *Cooper v. Utah*, 894 F.2d 1169, 1172 (10th Cir. 1990)
[11] Kolkman Defendants' Opposition to Motion for Attorney's Fees at 6 (ECF No. 207)
[12] Erickson Opposition to Motion for Attorney's Fees at 2–3 (ECF No. 204)

conduct and asks the Court to draw adverse conclusions based on those unsupported accusations. Neither *Lohman* nor *Ingram* authorizes that use of settlement communications.

Defendants' characterization of the settlement correspondence as necessary to evaluate Plaintiff's fee request does not withstand scrutiny. Whether particular hours were necessary and whether counsel exercised billing judgment must be evaluated from the work performed, the billing records, and the litigation itself. Settlement discussions have nothing to do with those inquiries. The degree of success is determined by what Plaintiff achieved in the litigation, not by what his counsel said while attempting to negotiate and resolve it. Defendants cannot evade Rule 408 by relabeling settlement positions as evidence of fee reasonableness.

More importantly, Defendants ask the Court to draw conclusions about Plaintiff's counsel's motives and professional conduct from positions taken during settlement negotiations. But a settlement position says nothing, by itself, about whether counsel acted in the client's best interest. A demand may reflect the client's objectives, counsel's reasoned assessment of risk, the value of avoiding further litigation, or any number of considerations wholly unrelated to the reasonableness of the fee request. The same is true when counsel rejects an offer.

The issue is not whether settlement communications have limited relevance to a fee proceeding, but whether that relevance permits public disclosure of the entire settlement process or allows parties to weaponize those discussions to attack counsel's motives, billing judgment, or professional conduct. Such a result would transform a narrow exception into a license to use settlement efforts against the lawyer who made them to resolve the case.

Kolkman Defendants separately argue that *Gear Petroleum* is inapplicable because it addressed impeachment at trial rather than a fee proceeding. That distinction does not help them. *Gear Petroleum* states the purpose behind Rule 408 generally—protecting the candor settlement negotiation requires—not a rule limited to trial impeachment.[13] Nothing in the Rule's text

---

[13] *EEOC v. Gear Petroleum, Inc.*, 948 F.2d 1542, 1546 (10th Cir. 1991)

confines that protection to one procedural context while withdrawing it in another. The same concern is present here. Defendants seek to take statements made during settlement negotiations and use them against the lawyer who made them. Plaintiff, by contrast, seeks to preserve the candor and integrity that settlement negotiations require.

Kolkman Defendants' remaining authorities do not change the analysis. In each, the court considered settlement information in the limited context of evaluating a fee award. None involved what Defendants did here—filing the parties' entire settlement discussions as exhibits and then using that correspondence to accuse opposing counsel of bad faith or improper and unethical conduct.[14] *Kekauoha-Alisa* itself also limited consideration of the settlement offer to the degree it was relevant to calculating reasonable fees.[15] Even *Biery v. United States*, the one decision permitting broader reference to settlement conduct, allowed only a general characterization of the opposing party's litigation strategy.[16] None of these authorities authorizes filing an opposing party's entire settlement correspondence to attack that counsel's integrity or professional judgment.

That is exactly what Defendants did here. The Kolkman Defendants' opposition not only mischaracterizes the facts, but also states that the way Plaintiff's counsel structured settlement demands is "[e]vidence that the claim was not being pursued in his client's best interest but by his effort to recover his fees from multiple parties," and calls that conduct "bad faith seeking a double recovery from the parties."[17] Defendants even mischaracterize Plaintiff's entirely appropriate request for a fee award as Plaintiff's counsel seeking a "windfall" despite the mandatory fee-shifting provision of the FDCPA that governs.[18]

---

[14] *See, e.g., In re Kekauoha-Alisa*, 674 F.3d 1083, 1094 (9th Cir. 2012); *Justice v. Crown Cork & Seal Co.*, 2009 U.S. Dist. LEXIS 143377 (D. Wyo. Dec. 3, 2009); *Cellport Sys., Inc. v. Peiker Acustic GmbH & Co. KG*, 2016 U.S. Dist. LEXIS 175791 (D. Colo. Dec. 20, 2016)
[15] *In re Kekauoha-Alisa*, at 1094
[16] *Biery v. United States*, 2012 U.S. Claims LEXIS 1184 (Fed. Cl. Sept. 27, 2012)
[17] Kolkman Defendants' Opposition to Motion for Attorney's Fees at 6 (ECF No. 207)
[18] *Id*.

Erickson's opposition goes further, suggesting Plaintiff's counsel never conveyed settlement offers to his client.[19] Erickson also echoes the additional personal attack on Plaintiff's counsel that he is somehow seeking a "windfall" by asking for a statutorily-mandated award of attorney's fees he fully earned. None of these statements address the reasonableness of the fee. They accuse counsel of acting against his client's interests and violating his professional obligations. No authority Defendants cite even implies that Rule 408 allows Defendants to turn the settlement process into a source of accusations and implications against the lawyer who participated in that process.

**Defendants' Position Undermines Rule 408's Protection**

Defendants' approach obliterates any meaningful protection Rule 408 purports to provide and chills any future settlement discussions from ever occurring. The Tenth Circuit has already explained why that matters. The philosophy of Rule 408 "is to allow the parties to drop their guard and to talk freely and loosely" during negotiation without fear that a concession will be used against them in later proceedings.[20] The Court cannot tell lawyers that Rule 408 protects candid negotiations while simultaneously allowing those negotiations to be used against them. Either the protection means something or it does not.

Utah's own court rules reflect the same policy. The Rules of Court-Annexed Alternative Dispute Resolution provide that judicial settlement proceedings "should proceed in a fashion that furthers the goals of the mediation process, preserves confidentiality, and encourages candor on the part of participating parties."[21] The rules protect information exchanged in confidence from disclosure precisely because confidentiality encourages parties to speak candidly.[22] The same principle is at stake here.

---

[19] Erickson Opposition to Motion for Attorney's Fees at 2 (ECF No. 204)
[20] *EEOC v. Gear Petroleum, Inc.*, 948 F.2d 1542, 1546 (10th Cir. 1991)
[21] Utah R. Ct.-Annexed ADR 101(c)
[22] Utah R. Ct.-Annexed ADR 101(d)

Defendants claim they provided the correspondence to assess "whether counsel exercised billing judgment."[23] That is fundamentally incorrect. The proper inquiry focuses on the specific hours recorded and the work performed. The billing records Plaintiff provided are the appropriate evidence for determining whether that time was reasonable, appropriate, and necessary. Statements made during settlement discussions have no bearing on the time Plaintiff's counsel incurred litigating this matter. Indeed, Defendants' oppositions identify nothing correlating the dates or content of those communications to the hours incurred. Defendants were free to challenge specific billing entries, rates, or work they believed unnecessary. Instead, they parsed settlement correspondence for statements from which they could infer bad faith or professional misconduct—an entirely improper use of those communications. The settlement discussions therefore add nothing to the billing-judgment calculus.

**The Rule 68 Offer is Not at Issue**

Defendants devote several pages to defending the Rule 68 Offer of Judgment even though Plaintiff did not move to strike that document.[24] Because that discussion does not address the motion before the Court, it does not require any response. If the Court nonetheless considers Defendants' Rule 68 arguments, Plaintiff respectfully requests an opportunity to respond in a separate briefing.

## CONCLUSION

There is one principle at stake here. Lawyers enter settlement negotiations with the expectation that they can speak candidly and that what they say during that process will be used solely for that process and remain confidential. They do not expect their settlement offers, concessions, or entire discussions to be taken out of that process and published on a public

[23] Opposition to Motion to Strike Filings at 1 (ECF No. 236).
[24] Defendant's Rule 68 Offer of Judgment to Plaintiff (ECF No. 204-3)

docket nor do they anticipate having those discussions used to attack their personal motivations or professional ethics. Rule 408 exists to protect those expectations.

Defendants did not merely misuse these communications. They inverted Rule 408's purpose, turning the candor the Rule exists to protect into evidence used to punish that condor. If that inversion stands, no lawyer can trust the settlement process. Counsel's ability to negotiate openly and honestly becomes a liability as statements made to resolve a case can later be recast as evidence of misconduct or an attack on professional judgment.

None of this was necessary. The Court has the billing records, the work performed, and the results obtained. Those are the factors that bear on a reasonable fee. The settlement communications add nothing to that calculus.

Plaintiff timely objected to Defendants' use of these communications and is simply asking the Court to enforce the protection Rule 408 provides. Nothing requires the Court to decide Plaintiff's fee motion using settlement communications that add nothing to the fee calculation but instead expose the settlement process and counsel to unnecessary attack. The Court can protect both the integrity of the settlement process and its ability to determine a reasonable fee by striking ECF Nos. 204, 204-1, 204-2, 207 and 208-1 from the record. Plaintiff respectfully requests that it do so.

DATED 8/28/2026

Eric Stephenson
*Attorney for the Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on 8/28/2026 I served the foregoing REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE FILINGS to Defendants' counsel of record through this Court's electronic filing system.

/s/ Eric Stephenson
*Attorney for Plaintiff*